UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR<br><br>Defendants. | Civil Action No. 04-10353-PBS<br><br>**Request For Oral Argument** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY MEMORANDUM TO PLAINITFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS II, III, IV AND V OF THE COMPLAINT**

## INTRODUCTION

Defendants' Motion for Leave to file Reply Memorandum should be denied because counsel blatantly failed to adhere to the Court's Local Rule 7.1(A)(2) to confer on the filing of the Motion. In addition, Defendants' Reply is nothing more than a rehash of the arguments contained in its Memorandum in Support of its Motion to Dismiss and therefore provides no additional aid to the Court in its determination of the issues. As such, Defendants' Motion should be denied and the Reply should be stricken.

## ARGUMENT

**I.    The Court Should Not Condone Defendants' Blatant Disregard For the Court's Rule Requiring Counsel To Confer.**

Local Rule 7.1 is designed to encourage counsel to confer in an attempt to narrow the issues before the Court. The Local Rules are also designed to encourage cost effective practice

and promote the efficient administration of justice. Defendants' disregard for these judicial goals should not be allowed. Defendants had ample opportunity to confer with counsel before filing their motion and simply chose to disregard their obligations. Such conduct should not be rewarded.

## II. Defendants' Reply Memorandum Provides No Additional Assistance To The Court.

Perhaps Defendants failed to confer with counsel before filing its motion because the Reply contains nothing new upon which the parties could confer in an attempt to narrow the issues? It is clear that Defendants' Reply is nothing more than a rehash of the arguments asserted in their Memorandum In Support of Motion To Dismiss. In the Reply, as in the Memorandum in Support of the Motion, Defendants assert that Plaintiff states no new claim of misappropriation of trade secrets against Defendants. Reply at 2. Defendants' assertion is baseless as any plain reading of the Complaint bears out. The Complaint contains ample allegations of <u>continued violations</u> by the Defendants at a time when ScanSoft owned the intellectual property, trade secrets and good will associated with the assets it purchased from L&H in December 2001. See Complaint, ¶¶53 ("trade secrets acquired by ScanSoft are not readily available to its competitors or the general public"), 59 ("ELVIS has many of the capabilities and features as those found in ScanSoft's Manhattan and Phoenix Projects"), 61 (Defendants' intimate knowledge and disclosure of the confidential and proprietary information now owned by ScanSoft...undermines ScanSoft's business"), 69 ("The Scientists are bound by their ongoing obligations not to disclose proprietary information now owned by ScanSoft."), 70 (Defendants "used and disclosed ScanSoft's trade secrets through their employment with VST") 74 (VST has engaged in and continues to engage in unfair competition), 77 (Defendants have engaged and continue to engage in unfair competition ),

125 SUMMER STREET  BOSTON MA 02110-1618
T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✶ SUNSTEIN LLP

LISA M. FLEMING
T 617 443 9292 x248
LFLEMING@BROMSUN.COM

April 12, 2004

**By Messenger**

Civil Clerk
United States District Court
For the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA  02210

Re  *ScanSoft, Inc. v. Voice Signal Technologies, Inc. et al.*, Civil Action No. 04-10353 PBS
    Our File    2639/509

Dear Sir or Madam:

With regard to the above-referenced matter, enclosed for filing please find Plaintiff's Opposition to Defendants' Motion For Leave To File Reply Memorandum to Plaintiff's Opposition To Defendants' Motion To Dismiss Counts II, III, IV and V of the Complaint.

Thank you for your assistance.

Very truly yours,

Lisa M. Fleming

LMF/02639/00509  305153.1

Enclosure
Cc:  Paul D. Popeo, Esq.