UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIM

Defendant Voice Signal Technologies, Inc. ("VST") hereby answers the Complaint ("Complaint") of plaintiff ScanSoft, Inc. ("ScanSoft") as follows:

### The Parties

1. VST denies the allegations contained in paragraph 1 of the Complaint, except it is without knowledge of ScanSoft's state of incorporation. VST denies that ScanSoft purchased from Lernout & Hauspie Speech Products, N.V. ("L&H") any claims or causes of action L&H may have had against VST, and refers to the purchase agreement between ScanSoft and L&H for the contents thereof.

2. Admitted.

3. VST states that the Court's ruling on Defendants' Motion to Dismiss Counts II, III, IV, and V of the Complaint relieves it of an obligation to respond to paragraph 3 of the Complaint, and further states that Mr. Gillick is not now a defendant in the action.

4. VST states that the Court's ruling on VST's Motion to Dismiss Counts II, III, IV, and V of the Complaint relieves it of an obligation to respond to paragraph 4 of the Complaint, and further states that Mr. Roth is not now a defendant in the action.

5. VST states that the Court's ruling on VST's Motion to Dismiss Counts II, III, IV, and V of the Complaint relieves it of an obligation to respond to paragraph 5 of the Complaint, and further states that Mr. Yamron is not now a defendant in the action.

6. VST states that the Court's ruling on VST's Motion to Dismiss Counts II, III, IV, and V of the Complaint relieves it of an obligation to respond to paragraph 6 of the Complaint, and further states that Mr. Grabherr is not now a defendant in the action.

## Jurisdiction and Venue

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required.

## The Patent Infringed

9. VST denies that U.S. Patent No. 6,501,966 (the "'966 Patent") was duly and legally issued. VST refers to the copy of the '966 patent attached to the Complaint for the contents thereof.

10. VST is without knowledge or information concerning the nature of ScanSoft's rights, if any, relating to the '966 patent. VST admits that a copy of the '966 patent is attached to the Complaint.

11. Denied.

12-61.   The Court has granted the Defendants' Motion to Dismiss Counts II, III, IV and V of the Complaint.  Accordingly, no response to paragraphs 12-61 of the Complaint is required.

## COUNT I[1]
### Infringement of the '966 Patent (against VST)

62.   VST repeats and incorporates by reference its responses to the allegations of paragraphs 1-61 of the Complaint.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

### FIRST AFFIRMATIVE DEFENSE

VST has neither infringed nor induced the infringement of the '966 patent.

### SECOND AFFIRMATIVE DEFENSE

The '966 patent is invalid for failure to meet the conditions for patentability of 35 U.S.C. §§ 1 et seq.

### THIRD AFFIRMATIVE DEFENSE

ScanSoft's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

ScanSoft's claims are barred by the doctrine of estoppel or the doctrine of unclean hands.

---

[1] On April 14, 2004, the Court dismissed Counts II through V of the Complaint.

**COUNTERCLAIM – COUNT I**
**Declaratory Judgment of Invalidity of U.S. Patent No. 6,501,966**

1.  Counterclaim Plaintiff Voice Signal Technologies, Inc. ("VST") is a Delaware corporation. Its principal place of business is located at 300 Unicorn Park Drive, Woburn, Massachusetts.

2.  Counterclaim Defendant ScanSoft, Inc. ("ScanSoft") alleges that it is a Delaware corporation. Its principal place of business is located at 9 Centennial Drive, Peabody, Massachusetts.

3.  This counterclaim is for a declaratory judgment that VST has neither infringed, nor induced or contributed to the infringement of U.S. Patent No. 6,501,966 (the "'966 patent") and that the '966 patent is invalid.

4.  This counterclaim arises under the patent laws of the United States, 35 U.S.C., § 1 et seq., and 28 U.S.C. § 1338(a), 2201 and 2202. An actual controversy exists between VST and ScanSoft as to infringement and validity of the '966 patent.

5.  ScanSoft has alleged in this action that VST has infringed, and has induced or contributed to the infringement of, the '966 patent. VST has not, in fact, infringed, or induced or contributed to the infringement of, any claim of the '966 patent.

6.  VST has not infringed, and has not induced or contributed to the infringement of, the '966 patent. Therefore, an actual controversy exists between the parties.

7.  The claims of the '966 patent are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 1 et seq.

8.  VST is entitled to a declaratory judgment that it has not infringed, or induced or contributed to the infringement of, the '966 patent, and that the '966 patent is invalid.

## COUNTERCLAIM – COUNT II
**Infringement of United States Patent No. 6,594,630**

9.  VST repeats and incorporates by reference the allegations contained in paragraphs 1 and 8 of this Counterclaim.

10. VST is the owner by assignment of United States Patent No. 6,594,630 (the "'630 patent") entitled "Voice-Activated Control for Electrical Device" which the United States Patent and Trademark Office duly and legally issued on July 15, 2003.

11. Counterclaim Defendant ScanSoft has committed and continues to commit acts of infringement of the '630 patent and has induced others to infringe the '630 patent and has contributed to the infringement by others of the '630 patent.

12. Upon information and belief, said Counterclaim Defendant's infringement of the '630 patent has been and continues to be willful and deliberate.

13. As a result of the conduct alleged above, VST has suffered substantial damages and will continue to suffer irreparable harm unless ScanSoft's wrongful conduct is enjoined by this Court.

**PRAYER FOR RELIEF**

14. That under Count I of the Counterclaim, the Court:

    (a) Declares that VST has not infringed, or induced or contributed to the infringement of, any claim of the '966 patent;

    (b) Declares that the '966 patent is invalid;

    (c) Awards VST its costs, including a reasonable attorneys' fee in connection with the defense of this action and the prosecution of this Counterclaim; and

    (d) Grants VST such other and further relief as the Court deems just in the circumstances.

15. That under Count II of the Counterclaim, the Court:

    (a) Enters a preliminary and permanent injunction enjoining ScanSoft and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert with them, from infringing, inducing others to infringe, or contributing to the infringement of, the '630 patent;

    (b) Enters judgment that ScanSoft has infringed the '630 patent;

    (c) Awards VST compensatory damages plus interest and costs;

    (d) Awards VST treble damages for ScanSoft's willful infringement of the '630 patent;

    (e) Awards VST its reasonable attorneys' fees under 35 U.S.C. § 285; and

(f) Awards such other relief as the Court deems just in the circumstances.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, VST respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.

    Respectfully submitted,

    VOICE SIGNAL TECHNOLOGIES, INC.

    By their attorneys,

    _____/s/ Paul Bonanno_____
    Robert S. Frank, Jr. (BBO No. 177240)
    Sarah Chapin Columbia (BBO No. 550155)
    Paul D. Popeo (BBO No. 567727)
    Paul E. Bonanno (BBO No. 646838)
    CHOATE, HALL & STEWART
    Exchange Place
    53 State Street
    Boston, MA  02109
    (617) 248-5000

Dated:  April 26, 2004
3691474_1.DOC

7