## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | **Jury Trial Demanded** |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |
| ) | |

## AMENDED COMPLAINT

Plaintiff, ScanSoft, Inc. ("ScanSoft") brings this Amended Complaint ("Amended Complaint") against the defendants Laurence S. Gillick ("Gillick"), Robert S. Roth ("Roth"), Jonathan P. Yamron ("Yamron"), Manfred G. Grabherr ("Grabherr"), (collectively, the "Scientists"), and Voice Signal Technologies Inc. ("VST") (collectively with Scientists, "the Defendants"). By this action, ScanSoft seeks damages against the Defendant Voice Signal Technologies, Inc. based upon VST's infringing conduct in connection with the manufacture, sale and distribution of certain software products. ScanSoft seeks, *inter alia*, injunctive relief and damages for acts of patent infringement in violation of the United States patent law, 35 U.S.C. § 101 *et seq.,* and other applicable law. In addition, ScanSoft seeks damages and other remedies for the use, disclosure and misappropriation of ScanSoft's trade secrets and confidential and proprietary information by the Defendants.

**The Parties**

1.Plaintiff ScanSoft, Inc. is a Delaware corporation with a principal place of business at 9 Centennial Drive, Peabody, Massachusetts 01960.

2.Defendant VST is a Delaware corporation with a principal place of business at 150 Presidential Way, Woburn, Massachusetts. VST was founded in 1995.

3.On information and belief, defendant Gillick is an individual residing at 55 Esty Farm Road, Newton, Massachusetts.

4.On information and belief, defendant Roth is an individual residing at 508 Walnut Street, Newtonville, Massachusetts.

5.On information and belief, defendant Yamron is an individual residing at 511 Peakham Road, Sudbury, Massachusetts.

6.On information and belief, defendant Grabherr is an individual residing at 33 Brackett Street, Medford, Massachusetts.

**Jurisdiction and Venue**

7.This Court has subject matter jurisdiction over this action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). In addition, this Court has jurisdiction over the state law and common law claims under the doctrine of pendant jurisdiction.

8.Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**The Patent Infringed**

9.On December 31, 2002, United States Patent No. 6,501,966 was duly and legally issued in the names of Bernard F. Bareis, et al. for an invention entitled "Speech Recognition System For Electronic Switches in a Non-Wireline Communications Network" ("the '966 patent").

10.     ScanSoft is the owner of the entire right, title, and interest in and to the '966 patent. A copy of the '966 patent is attached to this Amended Complaint as Exhibit A.

11.     Defendant VST has and is engaged in acts of direct and contributory infringement and has and is actively inducing infringement of the '966 patent by making, using, offering to sell, and selling products using speech recognition technology which make use of one or more of the inventions claimed in the '966 patent. Upon information and belief, VST's infringing activity has taken place in Massachusetts.

### The Defendants' Trade Secret Violations and Acts of Unfair Competition

A.   The Business of L&H

12.     Foreign corporation Lernout & Hauspie Speech Products N.V.("L&H") was a world leader in the research, application and development of advanced speech and language technologies, products and services. L&H developed and manufactured a broad range of speech and language technology components, products and solutions for developers, OEMs, consumers and businesses. L&H's products and services originated from a number of core technologies: automatic speech recognition, natural language understanding, dialog systems, speaker verification, text-to-speech translation, and digital speech and music compression.

13.     In June 2000, L&H acquired all the assets of Dragon Systems, Inc. ("Dragon"), a leader in speech recognition research, development and products. Following this acquisition, L&H continued to develop speech recognition technologies, products and services.

B.   The Business of ScanSoft

14.     ScanSoft is a leader in the research, application and development of advanced speech and language technologies, products and services.

15.     ScanSoft's speech recognition products and applications are used in commercial and consumer electronic devices, including, but not limited to, computers, dictation machines, automobiles, personal digital assistants ("PDAs"), and mobile phones, and allow such devices to process a user's spoken words to control the device.

16.     ScanSoft researches and develops methods for improving the speed and accuracy of speech recognition technology, as well as for embedding speech recognition technology on smaller platforms, such as PDAs and mobile phones, to expand the market for the technology. For example, ScanSoft's product, Dragon PDsay™, is an application that adds voice control and speech capabilities to Microsoft® Windows® CE-based Pocket PC devices.  (A copy of the press release announcing the launch of Dragon PDsay is attached to this Amended Complaint as Exhibit B.)

17.     The success of ScanSoft's business depends on the confidential information and proprietary research, findings, intellectual property, strategic plans, manufacturing initiatives, financial information, and methods of operation owned by ScanSoft.  In addition to developing its own technologies, ScanSoft has acquired speech and voice recognition technologies from other voice recognition industry leaders including Dragon, L&H, and SpeechWorks.

C.     ScanSoft Acquires L&H Speech Recognition Technologies

18.     In November 2000, L&H filed for protection under federal bankruptcy laws. Under its reorganization plan, L&H proposed to sell its speech and language division to a successful bidder.  ScanSoft became that successful bidder and the bankruptcy court approved the sale of L&H's speech recognition technology division to ScanSoft.

19.     On or about December 11, 2001, ScanSoft purchased substantially all the assets of L&H's speech recognition technology division, including without limitation, all the assets of

4

Dragon. (A copy of the Asset Purchase Agreement Dated December 7, 2001 is attached to this Amended Complaint as Exhibit C.)

20. ScanSoft has invested millions of dollars in connection with the development of its technologies and to compile the trade secrets and confidential and proprietary information associated with those speech and voice recognition technologies. Those expenditures and efforts include the acquisition of the trade secrets and intellectual property from L&H, research and development, product development, solutions, applications, sales and marketing. The trade secrets and confidential and proprietary information acquired by ScanSoft are not readily available to its competitors or to the general public.

21. ScanSoft has also taken reasonable precautions to protect its trade secrets and the confidentiality of its proprietary information, including, but not limited to, requiring its employees to sign restrictive covenants regarding confidentiality, non-competition and non-solicitation, utilizing computer security protocols, and counseling new employees with respect to their obligations to maintain the confidentiality of ScanSoft's proprietary information and trade secret information.

D. <u>Voice Signal Competes With ScanSoft</u>

22. VST is a competitor of ScanSoft in the speech recognition technology marketplace. Among its activities, VST develops speech recognition technologies for the recognition, synthesis, and representation of human speech and markets products for various platforms based on those technologies.

23. VST describes itself as a developer of speech solutions for use on mobile devices. VST and ScanSoft compete for many of the same customers. (A copy of a description of VST's business and customers from VST's Internet web site is attached hereto as Exhibit D.)

E.  The Scientists

24. Defendants Laurence Gillick, Robert Roth, Jonathan Yamron, and Manfred Grabherr were employed by L&H. Defendants Gillick, Roth and Yamron were employed by Dragon before being transferred to L&H when L&H acquired Dragon in June 2000.

25. At L&H, Gillick was responsible for overseeing all aspects of large vocabulary dictation systems, command-and-control speech user interfaces, and compact versions of speech recognition technology intended for small platforms such as PDAs. Roth was given a broad range of responsibilities, including conducting research in speech decoder architectures with a particular focus on memory optimization for mobile devices. Yamron supervised and directed the efforts of L&H's Language Modeling Group. Grabherr directed projects designed to place speech recognition software on small platforms and developed algorithms aimed to put large vocabulary speech recognition on hand-held PDA technology.

26. As part of their employment obligations with L&H, Gillick, Roth, Yamron and Grabherr each agreed to protect L&H's proprietary information and trade secret information and to refrain from disclosing or using any of such information during *and after* their respective terms of employment with L&H.

27. During the course of their employment with L&H, the Scientists had access to and became intimately familiar with various trade secrets and confidential and proprietary information of L&H, including, among other matters, speech recognition technology strategies, speech application design and development, ASR algorithms, small platform optimization strategies, data collection methods and strategies, strategies for selecting active ASR vocabularies for applications, methods for benchmarking, characterizing and improving recognition accuracy, names of key customers, information disclosed in patent applications or

6

invention disclosures that are either pending or in progress, information provided to customers, product strategy, proprietary market information, competitive positioning and other confidential information.

28.    During their employment with L&H, the Scientists were given access to intimate details regarding all of L&H's research and development projects, including, but not limited to, how L&H's voice recognition algorithms functioned and the substantial research and development that went into the creation of voice recognition software. Specifically, Gillick and Roth were given access to L&H's confidential and proprietary "NAK Project," an effort to downsize L&H's large platform dictation systems onto smaller platforms, such as PDAs. L&H's NAK Project paralleled a similar confidential project, the "Manhattan" project, which Roth supervised while employed by Dragon. Yamron was given access to intimate details regarding all of L&H's research and development projects, including, but not limited to, L&H's efforts in the field of natural language understanding, statistical language modeling, and the substantial research and development that went into the creation of voice recognition software. Grabherr was given access to L&H's confidential and proprietary "Phoenix" project, creating speech recognition software for small platforms and developing algorithms aimed to put large vocabulary speech recognition on hand-held PDA technology.

29.    On information and belief, the Scientists voluntarily left their employment with L&H in early 2001, and shortly thereafter began working for VST in Woburn, Massachusetts in the field of speech recognition technology.

F.    The Defendants' Unauthorized Use of Trade Secrets

30.    Shortly after the Scientists were hired by VST, the company announced the introduction of VST's Embedded Large Vocabulary Interface System ("ELVIS") in a press

7

release on September 6, 2001. VST describes ELVIS as a modular scalable platform for assembling state-of-the-art speech recognition engines for mobile devices. (A copy of the press release and a description of ELVIS from Voice Signal's Internet web site are attached hereto as Exhibit E.)

31.   On information and belief, prior to VST's announcement of the ELVIS product, VST did not have the capabilities to develop a modular scalable platform for speech recognition application on small mobile devices. Indeed, ELVIS has strikingly similar purposes, features and functionalities as those developed in the confidential and proprietary L&H's Manhattan and Phoenix Projects. The capabilities of the speech recognizer described in the ELVIS product are identical to many of the capabilities present in the products developed at L&H under the direction of Gillick, Roth, and Yamron. ELVIS also has many of the capabilities present in the ASR 1600 product to which Gillick and Roth had access.

32.   Prior to hiring Gillick, Roth, Yamron and Grabherr, VST knew or should have known that each of these defendants had executed restrictive covenants prohibiting the disclosure of trade secret information to anyone during or after their employment with L&H.

G.   <u>L&H Files Suit Against VST and the Scientists</u>

33.   On or about September 2001, two months prior to ScanSoft's acquisition of the L&H speech technology assets, L&H brought suit against VST and individual defendants Gillick, Roth and Yamron for unlawful disclosure of trade secrets, violations of non-compete agreements, unfair competition, and unfair and deceptive business practices in violation of M.G.L. c. 93A. In connection with that lawsuit, the court granted L&H's motion for a preliminary injunction barring defendants from using the trade secrets and enforcing the individual defendants' non-compete agreements.

34. During the pendency of the litigation between L&H and the defendants, on or about December 11, 2001, ScanSoft purchased substantially all the assets of L&H's speech recognition technology division. See, supra ¶ 19. While ScanSoft was not a party to the litigation between L&H and the defendants, it did participate in the development of litigation strategy with L&H in order to protect its newly acquired rights in the intellectual property it purchased from L&H.

35. In January 2002, without ScanSoft's knowledge, L&H reached a settlement agreement with the defendants and entered into a stipulation to dismiss the lawsuit. ScanSoft was not a party to the settlement agreement and received no benefit from that agreement.

H.  ScanSoft Has Enforceable Rights In The Intellectual Property It Purchased From L&H

36. Since December 2001, ScanSoft has owned the trade secrets and intellectual property associated with the speech recognition technologies previously owned by L&H.

37. ScanSoft continues to invest millions of dollars in connection with the development of its technologies and to compile and protect the trade secrets and confidential and proprietary information associated with those technologies.

38. ScanSoft takes reasonable precautions to protect its trade secrets and the confidentiality of its proprietary information, including, but not limited to, requiring its employees to sign restrictive covenants regarding confidentiality, non-competition and non-solicitation, utilizing computer security protocols, and counseling new employees with respect to their obligations to maintain the confidentiality of ScanSoft's proprietary information and trade secret information.

39. On information and belief, the defendants are continuing to use the trade secrets they acquired as a result of the Scientists' work at L&H - the very trade secrets and confidential information now owned by ScanSoft.

40. ScanSoft has independent claims for trade secret misappropriations against VST and the Scientists to the extent the defendants are continuing to unlawfully disclose and use for their own benefit, the trade secrets acquired by ScanSoft in and after December 2001.

## COUNT I
### INFRINGEMENT OF THE '966 PATENT (against VST)

41. ScanSoft realleges and incorporates paragraphs 1 through 40 of its Amended Complaint as if set forth fully herein.

42. In violation of 35 U.S.C. §§ 271(a) and (c), VST has and is engaged in acts of direct and contributory infringement of the '966 patent, by making, using, selling and/or leasing within the United States, products embodying the inventions claimed in the '966 patent and will continue to do so unless enjoined by this Court.

43. In violation of 35 U.S.C. § 271(b), VST has and is actively inducing infringement of the '966 patent, and will continue to do so unless enjoined by this Court.

44. Upon information and belief, VST's infringement of the '966 patent has been and continues to be willful.

45. ScanSoft has been and continues to be damaged and irreparably harmed by the defendants' infringement of the '966 patent.

## COUNT II

## MISAPPROPRIATION OF TRADE SECRETS AND
## CONFIDENTIAL AND PROPRIETARY INFORMATION (against all defendants)

46.     ScanSoft restates and incorporates by reference all of the allegations in paragraphs 1 through 45 of the Amended Complaint as if set forth fully herein.

47.     By virtue of their employment with L&H, Gillick, Roth, Yamron, and Grabherr acquired access to the trade secrets and confidential and proprietary information owned by ScanSoft and described above, including, but not limited to, information regarding ScanSoft's speech recognition research and development projects.

48.     The Scientists are bound by their restrictive covenants and ongoing obligations not to disclose or make use of proprietary and confidential information obtained through their work at L&H and now owned by ScanSoft.

49.     As evidenced by the announcement of VST's ELVIS product, Gillick, Roth, Yamron, and Grabherr used and disclosed and continue to use and disclose ScanSoft's trade secrets and confidential and proprietary information to and for the benefit of VST.

50.     Any use and disclosure of such information by VST constitutes an unauthorized disclosure and misappropriation of trade secrets and confidential and proprietary information in violation of M.G.L. c. 93, §§ 42 and 42A, and common law.

51.     As a result ScanSoft has suffered monetary damages in an amount to be proven at trial.

## COUNT III
## UNFAIR COMPETITION (against VST)

52.     ScanSoft restates and incorporates by reference all of the allegations in paragraphs 1 though 51 of the Amended Complaint as if set forth fully herein.

11

53. By its actions, as set forth above, VST has engaged and continues to engage in unfair competition prohibited by the common law.

54. As a result of VST's actions, ScanSoft has suffered monetary damages in an amount to be proven at trial.

## COUNT IV
### UNFAIR COMPETITION (against Gillick, Roth, Yamron, and Grabherr)

55. ScanSoft restates and incorporates by reference all of the allegations in paragraphs 1 though 54 of the Amended Complaint as if set forth fully herein.

56. By their actions, as set forth above, Gillick, Roth, Yamron, and Grabherr have engaged and continue to engage in unfair competition prohibited by the common law.

57. As a result of Gillick's, Roth's, Yamron's, and Grabherr's actions, ScanSoft has suffered monetary damages in an amount to be proven at trial.

## COUNT V
### VIOLATION OF M.G.L. c. 93A (against VST)

58. ScanSoft restates and incorporates by reference all of the allegations in paragraphs 1 through 54 in the Complaint as if set forth fully herein.

59. By its actions, as set forth above, VST, which is engaged in trade or commerce within the Commonwealth of Massachusetts, has engaged in unfair and/or deceptive conduct in trade or commerce in violation of M.G.L. ch. 93A §§ 2 and 11. VST's knowing and willful conduct of inducing Gillick, Roth, Yamron, and Grabherr to breach their fiduciary obligations and restrictive covenants not to disclose confidential and propriety information constitutes a knowing and willful use of an unfair method of competition and an unfair or deceptive act or practice in the conduct of a trade or business within the meaning of M.G.L. c. 93A, § 2, entitling

ScanSoft to injunctive relief, the trebling of its actual damages as are proved at trial, and its attorneys' fees.

### **Claim for Relief**

WHEREFORE, ScanSoft requests that the Court enter a judgment and decree:

A. Holding that Voice Signal Technologies, Inc. has infringed one or more claims of the '966 patent;

B. Preliminarily and permanently enjoining Voice Signal Technologies, Inc. from continuing to infringe the '966 patent;

C. Awarding to ScanSoft damages arising from such infringement, and treble damages for willful infringement, together with interest and costs;

D. Awarding to ScanSoft damages arising from Defendants' misappropriation of trade secrets and acts of unfair competition, plus interest;

E. Awarding to ScanSoft treble damages for VST's willful misconduct, as provided by M.G.L. c. 93A, §§ 2 and 11;

F. Awarding to ScanSoft its attorneys' fees and costs as allowed by law; and

G. Granting ScanSoft such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38, ScanSoft respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.

Dated:  May 12, 2004                                    SCANSOFT, INC.,
                                                        By its attorneys,


                                                         /s/ Lisa M. Fleming
                                                        Lee Carl Bromberg, BBO #058480
                                                        Robert Asher, BBO #022865
                                                        Julia Huston, BBO #562160
                                                        Lisa M. Fleming, BBO #546148
                                                        John F. Ward, BBO #646689
                                                        BROMBERG & SUNSTEIN LLP
                                                        125 Summer Street
                                                        Boston, Massachusetts 02110-1618
                                                        (617) 443-9292


02639/00509 307808.1