## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR )<br><br>Defendants. ) | Civil Action No. 04-10353-PBS<br><br>**Jury Trial Demanded** |

## PLAINTIFF'S REPLY TO VOICE SIGNAL TECHNOLOGIES, INC.'S COUNTERCLAIM AND COUNTERCLAIM-IN-REPLY

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby replies to the Counterclaim of Voice Signal Technologies, Inc. ("Voice Signal") as follows:

### COUNTERCLAIM COUNT I

1.    Admitted.

2.    Admitted.

3.    Paragraph 3 of Defendant's Counterclaim states a legal conclusion to which no responsive pleading is required.  To the extent this paragraph contains factual allegations, ScanSoft denies each of the allegations.

4.    The first sentence of paragraph 4 of Defendant's Counterclaim states a legal conclusion to which no responsive pleading is required.  ScanSoft denies the allegations contained in the second sentence of paragraph 4 of Defendant's Counterclaim.

5.    ScanSoft admits the allegations contained in the first sentence of paragraph 5 of Defendant's Counterclaim.  ScanSoft denies the allegations contained in the second sentence of paragraph 5 of Defendant's Counterclaim.

6.    ScanSoft admits that an actual controversy exists between the parties.  ScanSoft denies the remaining allegations contained in paragraph 6 of Defendant's Counterclaim.

7.    Denied.

8.    Denied.

## COUNTERCLAIM COUNT II

9.    ScanSoft repeats and incorporates by reference the responses contained in paragraphs 1 through 8 of this Reply.

10.    ScanSoft admits that United States Patent No. 6,594,630, issued on July 15, 2003, is entitled "Voice-Activated Control for Electrical Device" and that Voice Signal is identified as the assignee.  ScanSoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Defendant's Counterclaim and therefore denies same.

11.    Denied.

12.    Denied.

13.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of U.S. Patent No. 6,594,630 (the "'630 patent") are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. Section 101, et seq.

### THIRD AFFIRMATIVE DEFENSE

ScanSoft has not infringed, and is not infringing, any valid and enforceable claims of the '630 patent.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the doctrines of laches, estoppel, waiver and/or acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

By reason of the proceedings in the USPTO during the prosecution of the application for the '630 patent, and the admissions and representations made by Voice Signal and/or its attorneys, Voice Signal is estopped from claiming for the '630 patent a construction covering ScanSoft's' products.

### SCANSOFT, INC.'S COUNTERCLAIM-IN REPLY
### FOR DECLARATORY JUDGMENT

For its Counterclaim-in-Reply against Voice Signal, ScanSoft alleges as follows:

1.      ScanSoft, Inc. ("ScanSoft") is a Delaware corporation with a principal place of business at 9 Centennial Drive, Peabody, MA 01960.

2.      Upon information and belief, Voice Signal Technologies, Inc. ("Voice Signal") is a Delaware Corporation with a principal place of business of 300 Unicorn Park, Woburn, Massachusetts, 10801.

3.      This is an action for declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202.  This court has jurisdiction over this Counterclaim-in-Reply pursuant to 28 U.S.C. Section 1338(a).

## COUNT I

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,594,630

4.      ScanSoft incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 3 of ScanSoft's Counterclaim-in-Reply herein.

5.      Upon information and belief, Voice Signal, is the owner of U.S. Patent No. 6,594,630 (the "'630 Patent").

6.      As evidenced by Voice Signal's Answer and Counterclaim in this action and ScanSoft's reply thereto, there exists a real and actual controversy between ScanSoft and Voice Signal concerning the validity and alleged infringement of the '630 patent.

7.      ScanSoft is entitled to a declaratory judgment that all claims of the '630 patent are invalid for failing to meet the conditions for patentability set forth in 35 U.S.C. Section 101, et seq.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,594,630

8.      ScanSoft incorporates by reference and re-alleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 7 of ScanSoft's Counterclaim-in-Reply herein.

9.      ScanSoft is entitled to a declaratory judgment that ScanSoft has not infringed and is not infringing any claims of the '630 patent.

10.      ScanSoft is entitled to a declaratory judgment that ScanSoft has not induced infringement or contributed to infringement by any party of any claims of the '630 patent.

### JURY DEMAND

SpeechWorks hereby demands a jury trial on all issues so triable.

## CLAIM FOR RELIEF

WHEREFORE, ScanSoft requests that the Court enter a judgment and decree:

A.      Enter judgment in favor of ScanSoft on Voice Signal's Counterclaims and decree that those Counterclaims be dismissed with prejudice.

B.      Enter a declaratory judgment and decree:

1.      holding that all claims of the '630 patent are invalid;

2.      holding that all claims of the '630 patent are not and have not been infringed by ScanSoft.

C.      Awarding to ScanSoft its attorneys' fees and costs as allowed by law; and

D.      Granting ScanSoft such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, ScanSoft respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.


Dated:  May 14, 2004                                SCANSOFT, INC.,

By its attorneys,


/s/ Julia Huston
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston BBO #562160
Lisa M. Fleming, BBO #546148
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509  310032.1

5