UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-10353-PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
COUNTS II, III, IV AND V OF THE AMENDED COMPLAINT**

Defendants submit this Memorandum in Support of their Motion to Dismiss Counts II (misappropriation of trade secrets), III (unfair competition against Voice Signal Technologies, Inc.), IV (unfair competition against the individual defendants) and V (violation of G.L. c. 93A) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

ScanSoft, Inc. ("ScanSoft") filed its original complaint (the "Complaint") on February 20, 2004. This Court dismissed it on April 14, 2004. The State Law Claims in ScanSoft's amended complaint (the "Amended Complaint") recite the very same allegations, and assert the very same legal theories, as were asserted in ScanSoft's original Complaint. Those allegations relate to conduct which occurred (if at all) prior to the transfer of speech recognition assets from Lernout & Hauspie Speech Products ("L&H") to ScanSoft. They are the very same claims as

---

[1] Counts II, III, IV and V are referred to collectively as the "State Law Claims." Count I asserts an unrelated claim for patent infringement pursuant to 35 U.S.C. § 271.

were brought by L&H in previous litigation, settled and released. Furthermore, because the state law claims are completely unrelated to the patent claim (Count I), they threaten to expand discovery in this case exponentially. Counts II-V should, therefore, be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Voice Signal Technologies ("VST") is a small, private company established in 1995 and widely acknowledged for its technology innovation. It is focused on developing and marketing software specifically designed to reside in mobile telephones which enables the telephones to respond to voice commands. VST's software is currently licensed to Motorola, Samsung, Panasonic, Audiovox and Sendo.[2]

ScanSoft is a publicly traded corporation, with offices around the world.[3] ScanSoft is not an innovator of speech recognition technology. Rather, ScanSoft entered the speech technology market with its acquisition of L&H's speech recognition business out of bankruptcy in December 2001. It then used its considerable financial assets to consolidate other speech recognition technology manufacturers. Specifically, in the past year, ScanSoft has acquired Royal Philips Electronics ("Phillips") and SpeechWorks, two well known competitors in the general speech technology markets. In contrast to VST's unique software, the speech technology assets acquired by ScanSoft from L&H and others are not suitable to reside in mobile phones and therefore have not found a market among mobile phone manufacturers.

Laurence Gillick, Robert Roth, Jonathan Yamron, and Manfred Grabherr (the "Individual Defendants") are former employees of L&H. They left L&H and joined VST in 2000 and the first months of 2001. Amended Compl. ¶ 29; Compl. ¶¶ 55-56.

---

[2] *See* Ex. 1 to the Declaration of Paul D. Popeo, filed March 15, 2004 ("Popeo Decl.").

[3] Ex. 2, Popeo Decl.

Thereafter, on September 11, 2001, L&H filed a complaint in Massachusetts Superior Court seeking an injunction and unspecified damages against VST and the Individual Defendants[4] (the "L&H Complaint," the action generally, the "L&H Litigation").[5]  In the L&H Litigation, L&H alleged that VST was a competitor of L&H; that by virtue of their employment at VST, the Individual Defendants were in breach of the non-competition and non-disclosure provisions of their employment agreements with L&H and that they would "inevitably" disclose (unidentified) L&H trade secrets to VST.  L&H Compl.  ¶¶ 54, 57, 69, 79.  L&H further alleged that, in December 2000 or January 2001, VST induced the Individual Defendants to violate their obligations to L&H under their employment agreements, and asserted claims for "unfair competition at the common law" and violation of G.L. c. 93A.  *Id.* ¶¶ 83, 87, 90.  Each of those claims is identical to the state law claims asserted by ScanSoft in its Complaint and Amended Complaint in this action.

In December 2001, in the course of L&H's Bankruptcy proceedings, ScanSoft purchased certain of the operating and technology assets of L&H's speech and language business.[6]  The sale was approved by the Bankruptcy Court on December 11, 2001.  Thereafter, L&H and VST settled the L&H litigation, executed mutual releases and filed a stipulation of dismissal with prejudice.  The L&H Litigation was dismissed on February 11, 2003.

On March 20, 2004, ScanSoft sued VST, alleging infringement of U.S. Patent No. 6,501,966, which was assigned to ScanSoft in its recent acquisition of Phillips.  The original

---

[4] Ex. 4, Popeo Decl.  Manfred Grabherr was not named as an individual defendant in the L&H Complaint.

[5] It is well-established that a court may look to matters of public record, such as the L&H Complaint, in deciding a Rule 12(b)(6) motion.  *See, e.g., Colonial Mortgage Bankers Corp. v. Lopez-Stubbe*, 324 F.3d 12, 19 (1st Cir. 2003)*; Boateng v. Interamerican University, Inc.*, 210 F.3d 56, 69 (1st Cir. 2000); *Waterson v. Page*, 978 F.2d 1, 3-4 (1st Cir. 1993).

[6] Ex. 8, Popeo Decl.  The relevant asset purchase documents need not be considered in order to decide this motion.  They are referenced to demonstrate that ScanSoft's pleading failures cannot be cured.

Complaint also alleged a number of state law claims wholly unrelated to the patent infringement allegation. Those state law claims were identical (literally) to the allegations by L&H in the L&H litigation. Defendants moved to dismiss the non-patent claims in the original Complaint, pointing out that they were nothing more than a literal copy of the L&H Complaint. Defendants also demonstrated that Counts III, IV and V independently failed as a matter of law.

After a hearing on April 14, 2004, this Court granted defendants' motion without prejudice and dismissed the state law claims in the original Complaint. The Court held that ScanSoft could permissibly file an amended complaint if, in good faith, it could "very specifically" allege a violation of its trade secrets that post-dated the acquisition of those trade secrets from L&H. Tr. p. 4, ln. 19.[7] This Court admonished that ScanSoft must "think about whether or not, under Rule 11, and based upon the information you have, you have a sufficient basis for repleading it for a violation of your trade secrets that post-dated the acquisition of those trade secrets." Tr. p. 5, ln. 20-24. The Court instructed ScanSoft's counsel, "[Y]ou just have to be really clear in your mind, you've got a good faith basis for alleging misappropriation or misuse of trade secrets that post-dated the acquisition of the intellectual property." Tr. p. 7, ln. 14-17.

On May 12, 2004 (less than one month after the hearing on defendants' Motion to Dismiss, and prior to any discovery in the litigation) ScanSoft filed the Amended Complaint.[8] The Amended Complaint has the appearance of a new compliant. The allegations of the old Complaint have been rearranged, and some have been deleted. However, as is demonstrated by

---

[7] A copy of the transcript of the April 14, 2004 hearing is attached as Ex. 1 to the Declaration of Paul E. Bonanno ("Bonanno Decl.") filed herewith.

[8] On May 27, 2004 the defendants served ScanSoft's counsel with a motion for sanctions pursuant to Fed. R. Civ. P. 11, which includes the chart attached as Ex. 2 to the Bonanno Decl. To date, ScanSoft has not withdrawn or appropriately corrected its Amended Complaint as contemplated by the Rule.

4

the chart attached as Exhibit 2 to the Bonanno Decl., filed with this Memorandum, almost every allegation in the Amended Complaint is found in the original Complaint. There are no new allegations of substance.

The State Law Claims, first asserted by L&H, and now twice asserted by ScanSoft, are <u>wholly</u> <u>unrelated</u> to the patent infringement allegation asserted by ScanSoft. It is already evident that the State Law Claims will materially expand the scope of discovery in this case, and substantially increase the complexity and expense of the litigation.[9] Within days after filing its Amended Complaint, ScanSoft served its First Requests for Production of Documents. More than a dozen of those requests are specifically directed at fishing for discovery relating to the (never identified) trade secrets allegedly misappropriated by defendants.[10]

Because the State Law Claims in the Amended Complaint allege the same pre-transfer conduct as alleged in the original Complaint (and in L&H's yet earlier state court complaint), they should be dismissed. In addition, Counts III and IV (for unfair competition) and V (93A) fail to state a claim as a matter of law. For this additional reason, Counts III, IV and V should be dismissed.

---

[9] The State Law Claims are different in every respect from the patent infringement allegation. The claims relate to different technologies, involve different companies and different time periods, and are dependent upon evidence from different documentary sources and different witnesses.

[10] As argued to the Court at the April 14, 2004 hearing, ScanSoft's assertion of an unidentified trade secret claim -- without adequate pleading basis -- in order to conduct discovery in an effort to find a secret, is improper. Nowhere in the Amended Complaint does ScanSoft (1) identify any trade secret allegedly misappropriated; (2) demonstrate any post-acquisition misappropriation or misuse; or (3) demonstrate that whatever secret it alleges was misappropriated was still a secret when that alleged misappropriation occurred – now at least three years after the Individual Defendants (and thousands of others) left L&H.

**ARGUMENT**

I. **BECAUSE SCANSOFT HAS NOT ALLEGED ANY NEW CLAIMS AGAINST THE DEFENDANTS, COUNTS II, III, IV AND V MUST BE DISMISSED.**

   A. **ScanSoft Does Not Allege Misconduct Which Post-Dates Its Acquisition Of The (Unidentified) L&H Trade Secrets.**

ScanSoft's Amended Complaint alleges -- as did its original Complaint -- that: (1) defendants Gillick, Roth and Yamron worked at Dragon Systems, Inc. ("Dragon"); (2) in June 2000, L&H acquired Dragon; (3) defendant Grabherr worked at L&H; (4) the Individual Defendants left L&H's employ in late 2000 or early 2001; (5) "shortly thereafter" the Individual Defendants went to work at Voice Signal Technologies; (6) in a press release dated September 6, 2001, Voice Signal Technologies announced the release of its Embedded Large Vocabulary Interface System ("ELVIS"); (7) ELVIS had (undefined) "capabilities" which were similar to those of products on which the Individual Defendants worked while employed at L&H; and (8) ScanSoft purchased certain speech recognition assets of L&H out of bankruptcy on December 7, 2001.

There is no allegation of fact in the Amended Complaint which would support a claim that any defendant misappropriated a trade secret owned by ScanSoft after the acquisition by ScanSoft of any L&H speech technology asset. In fact, the Amended Complaint fails to identify *any* trade secret allegedly misappropriated by *any* defendant.

At the April 14, 2004 hearing on defendants' Motion to Dismiss, the Court admonished ScanSoft that it would need to be "very specific" and "really clear" that a misappropriation or misuse of trade secrets occurred *after* ScanSoft bought the trade secrets from L&H. Tr. p. 4, ln. 19; p. 7, ln. 14. Rather than provide the specificity prescribed by the Court, the Amended Complaint again relies upon a single press release issued by VST on September 6, 2001, concerning its ELVIS product. The Amended Complaint proclaims -- as did the original

6

Complaint -- that ELVIS had "capabilities" similar to projects the Individual Defendants worked on at L&H. *Compare* original Complaint ¶ 59 *with* Amended Complaint ¶ 31. Even if that claim were true, it is not a new claim. The very same allegation was contained in the L&H Complaint and the original ScanSoft Complaint.[11] It was settled and released by L&H. Therefore, the State Law Claims here, which are based on the same allegations, must be dismissed.

## II. SCANSOFT'S UNFAIR COMPETITION AND 93A CLAIMS MUST BE DISMISSED FOR THE ADDITIONAL REASON THAT THEY FAIL TO STATE A CLAIM AS A MATTER OF LAW.

### A. Under Massachusetts Law, An Unfair Competition Claim Requires A Showing Of Consumer Confusion.

ScanSoft's common law claims are governed by Massachusetts law. Under Massachusetts law, "unfair competition" is limited to "palming off" and other conduct that promotes consumer confusion. *See Open Software Found., Inc. v. United States Fid. and Guar. Co.*, 307 F.3d 11, 17 (1st Cir. 2002); *Kazmaier v. Wooten*, 761 F.2d 46, 52 (1st Cir. 1985); *American Tel. & Tel. Co. v. IMR Capital Corp.*, 888 F. Supp. 221, 246-47 (D. Mass. 1995); *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 768-69 (1986).

The "unfair competition" allegation asserted by ScanSoft in the Amended Complaint (Counts III and IV) is a precise repetition of the unfair competition allegation from ScanSoft's original Complaint.[12] ScanSoft previously asserted in its Opposition to Defendants' Motion to

---

[11] In fact, the misappropriation of trade secrets allegation in the Amended Complaint (Count II) differs from the misappropriation of trade secrets allegation of the original Complaint (Count II) in only two respects -- where Count II of the original Complaint alleged that the Defendants "used and disclosed" ScanSoft's trade secrets, Count II of the Amended Complaint alleges that the Defendants "used and disclosed ***and continue to use and disclose***" ScanSoft's trade secrets (emphasis added). Count II of the Amended Complaint also repeats a reference to the 2001 VST press release. In all other respects Count II of the Amended Complaint is, word-for-word, identical to Count II of the original Complaint. There is no fact alleged to support the conclusory allegation of continued use and disclosure.

[12] The post-dismissal reassertion of these counts -- *in haec verba* -- from the original Complaint, and the L&H Complaint, is unfounded.

Dismiss that its unfair competition claim was "premised on the Defendants' collective actions to misappropriate ScanSoft's trade secrets and use the information to gain unlawful competitive advantage." Opposition to Defendants' Motion to Dismiss Counts II, III, IV and V of the Complaint at 11. Assuming, *arguendo*, that the Amended Complaint could be so interpreted, ScanSoft's unfair competition claims should still be dismissed. Under Massachusetts law, misappropriation of trade secrets and "unfair competition" are separate torts. One is not a subset of the other. *American Tel. & Tel. Co.*, 888 F. Supp. at 246-47 (dismissing complaint where plaintiff alleged improper and "unfair" business acts, but did not allege "passing off" or consumer confusion); *Datacomm Interface*, 396 Mass. at 768-69 ("the gravamen of an unfair competition claim is the likelihood of consumer confusion as to the source of the goods or services").

The facts alleged in the Amended Complaint simply do not constitute unfair competition, as that tort is defined in Massachusetts. Consequently, Counts III and IV of the Amended Complaint should be dismissed.

**B.     Chapter 93A Does Not Apply To Employment Relationships.**

Chapter 93A does not apply to disputes arising from an employment relationship. *Manning v. Zuckerman*, 388 Mass. 8, 13-14 (1983). Because the Chapter 93A violation asserted by ScanSoft is alleged to have resulted (if at all) from the breach of the Individual Defendants' *employment obligations*, that claim is barred. Amended Compl. ¶¶ 26, 59; *Thermo Web Systems, Inc. v. Beebe*, 2001 WL 311295, *3 (D. Mass. March 15, 2001) (Gorton, J.) (noting that Chapter 93A does not apply to remedy misappropriation of trade secrets, unfair competition, and other alleged conduct by former employee because "as a matter of law . . . Massachusetts courts have held that employment agreements and disputes arising therefrom . . . do not constitute either 'trade' or 'commerce' . . . ."); *Informix, Inc. v. Rennell*, 41 Mass. App. Ct. 161, 162-63 (1996)

8

(holding that Chapter 93A does not provide a remedy to an employer for its former employee's alleged post-employment breach of a non-competition agreement); *Intertek Testing Servs. NA, Inc. v. Curtis-Strauss LLC,* 2000 WL 1473126, *11 (Mass. Super. Ct. Aug. 8, 2000) (Gants, J.) (holding that where the actual willful breach of an employment agreement by an employee is not actionable under Chapter 93A because the claim arose from the employment relationship, "the conduct of a third party to induce such a breach must also not be actionable because this claim, too, arose from the employment relationship"); *Oceanair, Inc. v. Katzman,* 14 Mass. L. Rptr. 414, 420 (Mass. Super. Ct. 2000) (Van Gestel, J.) (holding Chapter 93A does not apply to claim that third party induced breach of employment contract).

In apparent recognition of this well-established principle, ScanSoft modified its characterization of VST's alleged misconduct in its Amended Complaint -- substituting "VST's knowing and willful conduct of inducing Gillich, Roth, Yamron and Grabherr *to breach their fiduciary obligations and restrictive covenants* constitutes a knowing and willful use of an unfair method of competition," Amended Compl. ¶ 59, in place of "VST's knowing and willful conduct of inducing Gillich, Roth, Yamron and Grabherr *to breach their employment obligations and covenants* constitutes a knowing and willful method of unfair competition." Compl. ¶ 80 (emphasis added).

ScanSoft's self-serving re-classification of the identical alleged misconduct as constituting a "breach of fiduciary obligations and restrictive covenants" rather than as a "breach of employment obligations and covenants" does not salvage Count V from dismissal. A party may not cast particularized conduct as constituting one tort rather than another in order to survive a motion to dismiss. *See Royal-Globe Ins. Co. v. Craven*, 411 Mass. 629, 636 (1992) ("determination of [cause of action] is controlled by essential nature of a party's claim");

9

*Pagliuca v. City of Boston*, 35 Mass. App. Ct. 820, 823 (1994) (holding that party may not escape statute of limitations bar by framing allegation as one cause of action rather than another, "the gravemen of the complaint" controls). ScanSoft alleges wrongful conduct stemming from the Individual Defendants' employment contracts with L&H. That conduct is not actionable under 93A.

In any event, the Amended Complaint does not allege that any defendant maintained a fiduciary relationship to ScanSoft at any time. Nor can any such allegation be made in good faith. *See Dushkin v. Desai*, 18 F. Supp. 2d 117, 121 (D. Mass. 1998) (fiduciary duty requires demonstrated relationship of "faith, confidence and trust in another's judgment and advice"). No defendant in fact has had *any* relationship with ScanSoft at *any* time – and certainly no fiduciary relationship. No Individual Defendant has ever been employed by ScanSoft. Each Individual Defendant left L&H and joined VST more than three years ago, and was employed by VST during the period that any theoretical misconduct asserted in the Amended Complaint is alleged to have occurred. But for their relationship as litigation adversaries, the Individual Defendants and ScanSoft are complete strangers to each other.

**CONCLUSION**

For all of the foregoing reasons, Counts II, III, IV and V of the Amended Complaint should be dismissed.

        Respectfully submitted,

        LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

        By their attorneys,

        /s/ Paul E. Bonanno
        Robert S. Frank, Jr. (BBO No. 177240)
        Sarah Chapin Columbia (BBO No. 550155)
        Paul D. Popeo (BBO No. 567727)
        Paul E. Bonanno (BBO No. 646838)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, MA  02109
        (617) 248-5000

Dated:  June 14, 2004

3707275_3.DOC