UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>     Plaintiff,<br><br>    v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR,<br><br>     Defendants. | C.A. No. 04-10353-PBS |

## DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

Defendants hereby request sanctions pursuant to Rule 11 of the Federal Rules of
Civil Procedure. On April 12, 2004, the Court dismissed Counts II – V of ScanSoft's
Complaint. On May 12, 2004, ScanSoft filed a Motion for Leave to Amend the
Complaint. The proposed Amended Complaint, attached as an exhibit to the Motion,
relies on the same factual allegations and asserts the same legal theories as were held
insufficient less than a month earlier. The Proposed Amended Complaint is not
warranted by existing law. Fed. R. Civ. P. 11(b)(2). The Amended Complaint, if filed,
should be dismissed and ScanSoft should be sanctioned.

## BACKGROUND

In its original Complaint, ScanSoft alleged claims for patent infringement
(Count I), misappropriation of trade secrets (Count II), unfair competition (Counts III
and IV) and violations of M.G.L. c. 93A (Count V). Defendants filed a motion to dismiss

Counts II through V (the "State Law Claims") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  The defendants argued (1) that in a prior action in Massachusetts state court Lernout & Hauspie Speech Products ("L&H") had sued the defendants for misappropriation of trade secrets, (2) that ScanSoft had alleged in this case precisely the same claims as had been alleged by L&H, using exactly the same words in its Complaint as were used in L&H's state court Complaint; (3) that L&H did not transfer to ScanSoft, and ScanSoft did not own, those claims; (4) that, in any event, L&H had settled and released the claims now alleged by ScanSoft; and (5) that Counts III, IV and V independently failed as a matter of law.

On April 14, 2004, the Court conducted a hearing on the Motion To Dismiss.  A copy of the transcript is attached hereto as Exhibit A.  The Court made clear that ScanSoft "cannot sue for anything that predates [its] acquisition [of the L&H assets]." Tr., p. 4.  The Court observed that ScanSoft's Complaint merely repeated the allegations of L&H's prior state court Complaint, and thus stated claims that ScanSoft did not own and for which it could not recover.  Tr., p. 4.

The Court dismissed ScanSoft's State Law Claims without prejudice.  It issued a warning to ScanSoft's counsel.  It said:

> You think about whether or not, under Rule 11, and based on the information you have, you have a sufficient basis for repleading it for a violation of your trade secrets that post-dated the acquisition of those trade secrets.
>
> ****
>
> . . . you just have to be really clear in your mind, you've got a good faith basis for alleging misappropriation or misuse of trade secrets that post-dated the acquisition of the intellectual property.

2

Tr., pp. 5, 7. The Court said to ScanSoft's counsel: "You decide whether you want to replead and when in good faith you feel you can replead, *if at all*." Tr., p. 6.

### The Proposed Amended Complaint

In disregard of the Court's admonition, ScanSoft's proposed Amended Complaint alleges the same facts and advances the same legal theories as were asserted in ScanSoft's original Complaint.

The proposed Amended Complaint has the appearance of a new complaint. The allegations of the old Complaint have been rearranged, and some have been deleted. However, as is demonstrated by the chart attached as Exhibit B hereto, almost every allegation in the proposed Amended Complaint is found in the original Complaint.[1] There are no new allegations of substance.

In essence, ScanSoft's proposed Amended Complaint alleges -- as did its original Complaint -- that: (1) individual defendants Gillick, Roth and Yamron worked at Dragon Systems, Inc. ("Dragon"); (2) in June 2000, L&H acquired Dragon; (3) defendant Grabherr worked at L&H; (4) the individual defendants left L&H's employ in late 2000 or early 2001; (5) "shortly thereafter" the individual defendants went to work at Voice Signal Technologies; (6) in a press release dated September 6, 2001, Voice Signal Technologies announced the release of its Embedded Large Vocabulary Interface System ("ELVIS"); (7) ELVIS had "capabilities" which were similar to those of products on which the individual defendants worked while employed at L&H; and (8) ScanSoft purchased certain speech recognition assets of L&H out of bankruptcy on December 11, 2001.

---

[1] As defendants demonstrated in their original Motion To Dismiss, the original Complaint was virtually identical to L&H's Complaint in its now-settled state court action.

Defendants moved to dismiss the original Complaint because it was a literal restatement of the claims that L&H had asserted against the defendants. Claims arising from conduct which occurred prior to the transfer of speech recognition assets from L&H to ScanSoft were not acquired by ScanSoft. Because the Complaint in this case alleged the same pre-transfer conduct as L&H had alleged, the Complaint in this case failed to state a claim for which relief could be granted *to ScanSoft*. As the Court observed at the April 14 hearing: "no one's in disagreement, essentially, that they can't sue for something that wasn't theirs." Tr., p. 3. The Court granted defendants' motion without prejudice to replead if and when it could plead, with reasonable basis, that the defendants had misappropriated a trade secret at a time when ScanSoft owned that trade secret.

As shown in Exhibit B, ScanSoft alleges in the proposed Amended Complaint that defendants misappropriated trade secrets learned while the individual defendants were employed at L&H and that VST introduced its ELVIS product (a product which ScanSoft alleges had "capabilities" that were similar to those of certain L&H products) in September *2001* -- the same claim that was made in ScanSoft's original Complaint and in L&H's yet earlier state court Complaint. There is no allegation of fact in the Amended Complaint that would support a reasonable belief that any defendant misappropriated a trade secret owned by ScanSoft after the acquisition by ScanSoft of any L&H speech technology asset. No trade secret is identified. No post acquisition conduct is alleged.

Moreover, in their prior Motion To Dismiss, the defendants demonstrated that Counts III and IV of the Complaint failed to state cognizable claims for an entirely separate reason. Under Massachusetts law, the tort of common law unfair competition

(Counts III and IV) is limited to "palming off" and other false designations of origin which lead to consumer confusion. It does not encompass trade secret misappropriation

## ARGUMENT

### I.    Rule 11 Sanctions are Appropriate

When a lawyer files a pleading on behalf of a client, that lawyer certifies that, after reasonable inquiry, he or she has reached three conclusions: (1) that the pleading is not being filed for an improper purpose; (2) that the claims within the pleading have legal merit; and (3) that there is evidentiary support for the allegations and factual contentions in the pleading. Fed. R. Civ. P. 11(b). If an attorney fails to comply with any of these requirements, Rule 11 provides that the Court may sanction "the attorneys, law firms, or parties" responsible. Fed. R. Civ. P. 11(c). The "appropriate standard for measuring whether a party and his or her attorney has responsibly initiated and/or litigated a cause of action in compliance with Rule 11...is an objective standard of reasonableness under the circumstances." *Cruz v. Savage*, 896 F. 2d 626,631 (1st Cir. 1990). Subjective bad faith is not a predicate to the imposition of sanctions. *Id.* At 631-32.

Here, ScanSoft's proposed Amended Complaint not only fails to state a claim upon which relief can be granted, it asserts exactly the same claims based upon exactly the same factual allegations as it advanced before -- claims that the defendants had previously asserted, and the Court had previously determined, must be dismissed. *Divot Golf Corporation v. Citizen's Bank of Massachusetts*, 2003 WL 61287 *4 (D. Mass.) (Saris, J.) (". . . the Court views the Amended Complaint's . . . claims more harshly given that defendants had earlier put plaintiffs on notice of the fatal defects in these claims").

**II.    The State Law Claims Fail to State a Claim for Relief to ScanSoft**

Counts II through V of the Proposed Amended Complaint are based on precisely

the same factual allegations as were stated by L&H in the L&H Complaint.  ScanSoft

does not allege (and cannot in good faith allege) that it owns those claims.  ScanSoft has

not alleged (and cannot in good faith allege) any fact that would support a claim that any

defendant misappropriated any trade secret owned by ScanSoft at any time after ScanSoft

acquired certain L&H assets.  When the same facts were alleged in the original

Complaint in this case, the Court held them to be insufficient, as a matter of law.

ScanSoft has ignored the Court's admonition to replead only if and when it could, with

reasonable basis, allege a "misappropriation or misuse of trade secrets that post-dated the

acquisition of the intellectual property."  Tr., p. 7.  Therefore, ScanSoft's claims are not

warranted by existing law.  Fed. R. Civ. P. 11(b)(2).

**III.    ScanSoft's Attempt to Replead Its Claims for Unfair Competition Despite
Being Put on Notice Of their Legal Insufficiencies Violates Rule 11**

In briefing the motion to dismiss ScanSoft's original complaint, defendants put

ScanSoft on notice that its claims for common law unfair competition (Counts III and IV)

and for violations of Chapter 93A (Count V) simply failed to state causes of action as a

matter of law.  As set forth in defendants' moving papers, under Massachusetts law an

alleged misappropriation of trade secrets does not constitute unfair competition.  *See*

*Open Software Foundation, Inc. v. United States Fid. and Guar. Co.*, 307 F.3d 11, 17 (1st

Cir. 2002); *Kazmaier v. Wooten*, 761 F.2d 46, 52 (1st Cir. 1985); *Datacomm Interface,*

*Inc. v. Computerworld, Inc.*, 396 Mass. 760, 768-69 (1986); *American Tel. & Tel. Co. v.*

*IMR*

*Capital Corp.*, 888 F. Supp. 221, 246-47 (D. Mass. 1995). ScanSoft's attempt to replead

these causes of action is objectively frivolous and should be sanctioned under Rule 11.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S.
ROTH, JONATHAN P. YAMRON,
MANFRED G. GRABHERR and VOICE
SIGNAL TECHNOLOGIES, INC.

By their attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  May 27, 2004

3702182_1.DOC