# Commonwealth of Massachusetts
## County of Middlesex
## The Superior Court

CIVIL DOCKET# **MICV2001-03924**

**Lernout & Hauspie Speech Products, N.V. et al,**
    **Plaintiff(s)**

vs.

**Gillick et al,**
    **Defendant(s)**

TO: Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamrom & Voice Signal Technologies, Inc.

## **TEMPORARY INJUNCTION**

And your Agents, Attorneys and Councillors, and each and every of them,

**GREETING:**

**WHEREAS,** it has been represented unto us in our SUPERIOR COURT, by Lernout & Hauspie Speech Products, N.V. et al plaintiff(s), that they, said plaintiff(s), has filed a complaint in our said Court against you, the said **defendant(s) Laurence S Gillick, Robert S Roth, Jonathan P Yamron, Voice Signal Technologies, Inc.** wherein said plaintiff(s), among other things, pray for a Writ of Injunction against you, to restrain you and the persons before named from doing certain acts and things in said complaint set forth, and hereinafter particularly specified and mentioned.

We, therefore, in consideration of the premises, do strictly enjoin and command you, the said defendant(s), Laurence S. Gillick, Robert S. Roth and Jonathan P. Yamrom and **all and every the persons before named,** be and hereby are ordered

1. not work for or render services to Voice Signal Technologies, Inc. or any other competitor of L&H Holdings USA, Inc., nor directly or indirectly engage in any business which is or may be competitive with L&H Holdings USA, Inc., for a period of one year after the date(s) that Gillick, Roth and Yamron terminated

their employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., in accordance with the terms and conditions of their Invention, Non-Disclosure and Non-Competition Agreements with Dragon Systems, Inc. dated January 23, 1985 (Gillick), April 2, 1993 (Roth) and August 21, 1991 (Yamron);

2.  not recruit or otherwise solicit or induce any employee of L&H Holdings USA, Inc., to terminate his or her employment with, or otherwise cease his or her relationship with L&H Holdings USA, Inc. for a period of one year after the date(s) that Gillick, Roth and Yamron terminated their employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., in accordance with the terms and conditions of their Invention, Non-Disclosure and Non-Competition Agreements with Dragon Systems, Inc. dated January 23, 1985 (Gillick), April 2, 1993 (Roth) and August 21, 1991 (Yamron); and

3.  not use, distribute, disclose or disseminate any trade secrets or confidential and/or proprietary information owned by Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., including, but not limited to, any invention, formula, process, discovery, development, design, apparatus, equipment, research, report, technical data, know-how, discovery, development, improvement, customer list, business plan, and marketing plan or strategy communicated to, or made, conceived or first actually reduced to practice by Gillick, Roth and/or Yamron, alone or with others, in the course of their performance of their employment

with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., or their predecessor in interest, Dragon Systems, Inc., in accordance with the terms and conditions of their Invention, Non-Disclosure and Non-Competition Agreements with Dragon Systems, Inc. dated January 23, 1985 (Gillick), April 2, 1993 (Roth) and August 21, 1991 (Yamron).

It is further **ORDERED** that Voice Signal Technologies, Inc.

1. not employ Gillick, Roth and Yamron for a period of one year after the date(s) that Gillick, Roth and Yamron terminated their employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., in accordance with the terms and conditions of their Invention, Non-Disclosure and Non-Competition Agreements with Dragon Systems, Inc. dated January 23, 1985 (Gillick), April 2, 1993 (Roth) and August 21, 1991 (Yamron);

2. not employ any other employee of L&H Holdings USA, Inc. for a period of one year after the date(s) that Gillick, Roth and Yamron terminated their employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., but if and only if that employee was solicited or induced by Gillick,

Roth and/or Yamron to leave his or her employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc.; and

3. not use, distribute, disclose or disseminate any trade secrets or confidential and/or proprietary information owned by Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc.,

including, but not limited to, any invention, formula, process, discovery, development, design, apparatus, equipment, research, report, technical data, know-how, discovery, development, improvement, customer list, business plan, and marketing plan or strategy communicated to, or made, conceived or first actually reduced to practice by Gillick, Roth and/or Yamron, alone or with others, in the course of their performance of their employment with Lernout & Hauspie Speech Products N.V. and/or L&H Holdings USA, Inc., or their predecessor in interest, Dragon Systems, Inc., in accordance with the terms and conditions of their Invention, Non-Disclosure and Non-Competition Agreements with Dragon Systems, Inc. dated January 23, 1985 (Gillick), April 2, 1993 (Roth) and August 21, 1991 (Yamron).

until the further order of our Court, or some Justice thereof.

**Witness, Suzanne V. DelVecchio**, Chief Justice of the Superior Court, at Cambridge, Massachusetts this 11th of October, in the year of our Lord 2001.

.................................................................
                                                        Clerk

cvcpinj_1.wpd 479717 hrgpin mccannp