

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                           SUPERIOR COURT DEPARTMENT
                                         OF THE TRIAL COURT

|   |   |
|---|---|
| LERNOUT & HAUSPIE SPEECH PRODUCTS N.V. and L&H HOLDINGS USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and VOICE SIGNAL TECHNOLOGIES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 01-3924-C |

### DEFENDANTS' OPPOSITION TO SCANSOFT, INC.'S MOTION TO INVERVENE AS PARTY PLAINTIFF

Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Voice Signal Technologies, Inc. (collectively, the "Defendants") hereby oppose ScanSoft Inc.'s ("ScanSoft") Motion to Intervene as Party Plaintiff. The parties to this case reached a settlement on December 23, 2002. There is no longer a case in which ScanSoft can intervene. Moreover, if ScanSoft can allege a claim against Defendants, that claim is entirely distinct from the claims brought by Lernout & Hauspie Speech Products N.V. and L&H Holdings USA, Inc. (collectively, "L&H"), the plaintiffs in this action. Thus, the motion should be denied.

3494430v1

## ARGUMENT

I.  **ScanSoft Cannot Justify Intervening In A Case That Has Settled.**

ScanSoft cannot justify intervention at this time. Courts are justifiably reluctant to allow intervention into a case which is nearing completion. In the present action, all of the material discovery deadlines have long since expired, as has the time for amending the pleadings, and adding parties. The parties to the action have reached a settlement, and this case will be dismissed. ScanSoft can show no strong justification to enter the case at this date. See Motor Club of America Ins. Co. v. McCroskey, 9 Mass. App. Ct. 185, 188 (1980). While judgment has not formally entered, the case is over for all intents and purposes. The parties to this suit settled the case on December 23, 2002. A stipulation of dismissal has not yet been filed because L&H is in bankruptcy, and the settlement will need Bankruptcy Court approval. However, because approval is regularly given in cases such as this where the bankruptcy trustee has agreed to and is recommending the settlement, Defendants anticipate filing a stipulation of dismissal in the near future.

ScanSoft has offered no justification for intervention at this date. Indeed, this case has been pending since September 2001. ScanSoft purports to have purchased the intellectual property at issue in December 2001. It then waited over a year to file its motion to intervene. Intervention, at this point, will serve no purpose but to impede resolution of the underlying dispute. As stated below, ScanSoft can adequately protect its rights, if any, by filing a separate lawsuit.

II. **ScanSoft Can Adequately Protect Its Interests, If Any, By Filing A Separate Lawsuit.**

ScanSoft's claims against Defendants, if any exist, would be wholly distinct from those asserted by L&H. While L&H sold certain intellectual property to ScanSoft, it did not transfer to

2

3494430v1

ScanSoft the causes of action initiated by L&H in this case. The Complaint alleges that the Individual Defendants breached their non-competition agreements with L&H. That breach occurred (if at all) before ScanSoft purchased anything from L&H. The Complaint also alleges that the Defendants misappropriated L&H's trade secrets. Again, any such conduct occurred (if at all) prior to the L&H/ScanSoft transaction. While ScanSoft claims to have an interest in collecting damages for and protecting against misappropriations which may have occurred after the date of the L&H/ScanSoft transaction (e.g., December, 2001) – that independent interest has nothing to do with the claims L&H asserted against Defendants. As ScanSoft admits in its motion: "L&H's damages must be calculated from the date of the misappropriation of the trade secrets through the Acquisition and ScanSoft's damages do not arise until the Acquisition." (Mot. at 2; see also Mot. at 5.) Thus, if ScanSoft believes it has a viable claim, the proper course for it to take is to file a separate lawsuit, not intervene in a lawsuit that is already over.

## Conclusion

For the foregoing reasons, ScanSoft's Motion to Intervene as a Party Plaintiff should be denied.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

_____
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Mark S. Freeman (BBO No. 636290)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Dated: January 2, 2003

### CERTIFICATE OF SERVICE

I hereby certifiy that a true copy of the above document was served upon the attorney of record for each other party ~~by mail~~ (by hand) on 1-2-03

3494430v1