UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., ) LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR RULE 11 SANCTIONS**

**INTRODUCTION**

In the face of this Court's explicit statement that the Court was "not going to resolve this on a Motion to Dismiss," the Defendants filed a second dilatory Motion to Dismiss on June 14, 2004, and have followed up with the instant dilatory and unmeritorious motion for Rule 11 Sanctions, filed on June 22, 2004. Defendants have not gotten the message and appear to be engaged in a highly cynical maneuver to foreclose legitimate discovery into the claims specifically identified in ScanSoft's Amended Complaint and to divert the Court's attention from Defendants' continued unlawful use of ScanSoft's trade secrets. Defendants' underlying contentions that they have already settled trade secret claims with Lernout & Hauspie ("L&H") and that ScanSoft has no independent claim for continuing misappropriation and misuse provide no basis for a Rule 11 Motion and are instead arguments on the merits of ScanSoft's claims.

This Court should reject Defendants' Rule 11 Motion and the Defendants' continued efforts to block the pre-trial process in this case.

## BACKGROUND

At the April 14, 2004 hearing on Defendants' Motion to Dismiss Counts II, III, IV and V of the Complaint, the Court ruled from the bench that it would dismiss ScanSoft's claims of trade secret misappropriation, unfair competition and violations of Chapter 93A, but that it would permit ScanSoft to amend its complaint to make it clear that it was alleging trade secret violations from the time that ScanSoft acquired ownership of the trade secrets. Taking into account the Court's concerns, ScanSoft redrafted its complaint, and on June 2, 2004, the Court allowed ScanSoft's motion to amend the complaint.

During the April 14 hearing, the Court also emphasized that it would not decide these substantive matters on a motion to dismiss or in the absence of discovery.[1] *Transcript,* p. 4. Despite the Court's clear instruction, Defendants have not answered the state law claims included in the Amended Complaint and instead have filed a dilatory second motion to dismiss[2] and a further dilatory motion for Rule 11 sanctions.

## ARGUMENT

**I.    THERE IS NO BASIS FOR SANCTIONS AGAINST SCANSOFT**

Rule 11 sanctions are unjustified in the absence of a failure to make a reasonable inquiry into the facts and law before filing a claim. *Kale v. Combined Insurance Company of America,* 861 F.2d 746, 758 (1988); *Anderson v. Cryovac, Inc.,* 96 F.R.D. 431, 432 (D. Mass. 1983).

---

[1] A copy of the transcript of the April 14, 2004 hearing is attached hereto as *Exhibit 1*.

[2] Defendants' filed their second Motion to Dismiss on June 14, 2004, and ScanSoft filed its Opposition on June 28, 2004.

There is no basis whatsoever for Defendants' dilatory Rule 11 motion, because ScanSoft has well pleaded continuing misappropriations and misuse of its trade secrets dating from its acquisition of ownership in December 2001.

At the April 14 hearing, the Court said:

> So, let me just ask you this. Are you referring to misappropriation of trade secrets that occurred after the purchase of the assets?

ScanSoft replied to the Court's inquiry that it was indeed referring to misappropriation by the defendants <u>after</u> the purchase of the trade secrets and that the complaint itself alleges continuing violations. *Transcript,* p. 2. The Court responded:

> It just isn't clear from the complaint.
> Why don't you revise it to make it clear? *Transcript,* pp. 2, 3.

ScanSoft drafted its Amended Complaint with the Court's instruction in mind, paying particular attention to the allegations relating to Defendants' continued misuse of ScanSoft's trade secrets. Amended Complaint, ¶¶ 36 through 40, 48 and 50, attached hereto as *Exhibit 2*. ScanSoft moved to amend its Complaint and on June 2, the Court allowed ScanSoft's motion. In preparing and filing its Amended Complaint, ScanSoft has at all times acted in good faith in order to address the Court's concerns.

### A. <u>ScanSoft Has Stated A Viable Claim for Misappropriation of Trade Secrets</u>

An action lies for trade secret misappropriation when a defendant uses plaintiff's protected trade secrets without permission or obtains the secrets by improper means. *Jet Spray Cooler, Inc. v. Crampton,* 377 Mass. 159, 385 N.E. 2d 1349 (1979). ScanSoft's Amended Complaint specifically alleges that (i) ScanSoft owns rights in subject matter that is protectable as a trade secret (Amended Complaint ¶¶ 19, 36); (ii) ScanSoft has taken steps adequate under the circumstances to protect and preserve the subject matter as a trade secret (Amended

Complaint ¶¶ 21, 38); and (iii) Defendants have acquired the trade secrets through improper means (Amended Complaint ¶¶ 31, 32, 39). The Amended Complaint specifies that since ScanSoft acquired from L&H certain trade secrets related to speech recognition technology for small platforms, the Defendants have made continued unlawful use of those trade secrets. Amended Complaint ¶ 40 ("ScanSoft has independent claims for trade secret misappropriation against the Defendants to the extent defendants are continuing to unlawfully disclose and use for their own benefit, the trade secrets acquired by ScanSoft in and after December 2001."). ScanSoft also alleges in its Amended Complaint that prior to Defendant Voice Signal Technologies' ("VST's") announcement of the ELVIS product, VST did not have the capabilities to develop a modular scalable platform for speech recognition application on small mobile devices.[3]

In support of its allegations, ScanSoft's Amended Complaint makes specific reference to the September 2001 press release announcing VST's ELVIS technology ("ELVIS press release")[4] which describes projected speech recognition capabilities suspiciously comparable to the capabilities ScanSoft acquired from L&H and has developed since the acquisition. Amended

---

[3] In a *Boston Globe* article dated June 7, 2004, VST acknowledges that the development of its small platform technology "has taken nine years of effort by a phalanx of Voice Signal's PhDs." – an obvious reference to Defendants Gillick, Roth, Yamron and Grabherr, all of whom are working for VST in speech recognition technology, were previously employed by L&H working on voice recognition technology for small platforms, and had access to ScanSoft's trade secrets. A true copy of the *Boston Globe* article is attached to the Declaration of Lisa M. Fleming filed with ScanSoft's Opposition to Defendants' Motion To Dismiss Counts II, III, IV and V of the Amended Complaint filed on June 28, 2004.

[4] A copy of the ELVIS press release is attached to the Declaration of Lisa M. Fleming filed with ScanSoft's Opposition to Defendants' [second] Motion to Dismiss, and filed with the Court on June 28, 2004.

Complaint ¶ 31. This evidence of matching capabilities in technologies and applications is sufficient to establish a good faith basis upon which ScanSoft asserts a claim of trade secret misappropriation. *Anderson v. Cryovac*, 96 F.R.D. 431 (D. Mass. 1983); *see also Kale v. Combined Insurance Company of America*, 861 F. 2d 746 (1st Cir. 1988). Such circumstantial evidence is more than sufficient to establish a good faith basis to assert a claim for misappropriation of trade secrets. 861 F. 2d at 760 (Court refused to impose sanctions on the grounds that the inquiry is not whether plaintiff's assertions are weighty enough to survive a summary judgment motion and noting that sanctions should not be imposed where a plausible good faith argument can be made).[5]

### B.  ScanSoft's Claims for Unfair Competition and Violations of Chapter 93A Are Supported in Law and Fact

As more fully set forth in ScanSoft's Opposition to Defendants' first and second motions to dismiss, ScanSoft states valid claims for unfair competition and violations of Chapter 93A violations.[6] The Defendants well know that during the April 14 hearing, the Court did not address the substance of ScanSoft's claims of unfair competition and violations of Massachusetts

---

[5] Defendants' reliance on this Court's decision in *Divot Golf Corporation v. Citizens Bank of Massachusetts,* 2003 WL 61287 (D. Mass. 2003), as their sole support for Rule 11 sanctions is misplaced. In *Divot*, the Court found sanctions appropriate where the plaintiff's amended complaint alleged the same <u>factual misstatements</u> contained in the original complaint, despite being made aware of the factual misrepresentations by the defendant and the Court. In the instant case, Plaintiff's allegations of trade secret theft and continued misuse stand uncontradicted, and must be accepted as true for purposes of determining the sufficiency of the pleading under Fed. R. Civ. P. 8. *See, Washington Legal Foundation v. Massachusetts Bar Foundation,* 993 F.2d 962, 971 (1st Cir 1993).

[6] ScanSoft's Opposition To Defendants' first Motion To Dismiss Counts II, III, IV, and V of the Complaint was filed on March 26, 2004, and ScanSoft's Opposition To Defendants' second Motion to Dismiss Counts II, III, IV and V of the Amended Complaint was filed on June 28, 2004.

General Laws Chapter 93A.  Rather, the colloquy was limited solely to ScanSoft's claim for misappropriation of trade secrets and the Court's concern that ScanSoft had not been clear that it was seeking relief only for misappropriations <u>after</u> ScanSoft acquired the trade secrets from L&H.[7]  The Court did not address in any fashion ScanSoft's other state law claims of unfair competition and 93A violations.  Rather, the Court explicitly invited the filing of an amended complaint in order to clarify ScanSoft's claim for misappropriation of trade secrets.

Defendants stretch the Court's colloquy too far in asserting that their challenge to ScanSoft's state law claims was successful.  The Court did not rule on the substance of ScanSoft's state law claims of unfair competition and 93A violations and to suggest otherwise is misleading.  ScanSoft's claims of unfair competition and 93A violations are supported by the relevant authority contained in ScanSoft's papers and the fact that Defendants disagree with ScanSoft's arguments does not provide a sound basis for sanctions under Rule 11.

## II.     <u>DEFENDANTS MAY NOT USE RULE 11 TO AVOID LITIGATION</u>

Defendants have gone to great lengths to avoid addressing the merits of ScanSoft's claims.  Although Defendants' discovery responses were due on June 25, 2004, Defendants have not yet produced a single document (despite ScanSoft's repeated requests) and explicitly refused to produce <u>any</u> documents or answer <u>any</u> interrogatory questions relating to ScanSoft's trade secret claims.  Moreover, Defendants improperly refuse to provide certain discovery relevant to the parties' patent infringement claims, which would also be highly relevant to ScanSoft's trade

---

[7] *Exhibit 2,* (Hearing Transcript) p. 2, line 10 to p. 8, line 8.

secret claims.[8]  Further, in addition to the filing of two motions to dismiss, Defendants now seek to use Rule 11 to stall the case.

Massachusetts courts do not allow parties to use Rule 11 as a tool to avoid substantively responding to good faith allegations.  Just as this Court held in *Anderson*, these Defendants should not be allowed to use Rule 11 as a means to short circuit the legitimate discovery and pre-trial process. *Anderson v. Cryovac, Inc.*, 96 F.R.D. 431, 431 (D. Mass 1983) ("Rule 11 should not be used…to harass the serious litigant whose claim may depend upon circumstantial evidence and may not be fully developed at the time that the complaint is filed."). *See also, U.S. Funding, Inc. of America v. Bank of Boston Corp.,* 551 N.E. 2d 922, 926 (Mass. App. Ct. 1990) (Rule 11 sanction of dismissal held inappropriate where the result is a record devoid of a factual basis for concluding that the plaintiff's claim is either frivolous or improperly motivated). *See also, Wright & Miller, Federal Practice & Procedure* § 1334 (Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion for summary judgment).

---

[8] For example, Defendants improperly refused to produce any source code, any documents regarding the technical development and features of its products, any documents relating to sales of products embodying Voice Signals' patent, and any documents generated before December 31, 2002 (the date ScanSoft's patent issued).  Further, Voice Signal improperly responded to discovery regarding "VST Speech Recognition Products" by responding only as to "the user interface module of VST's speech recognition products, and…not…any speech engine associated with those products."  Voice Signal's responses are grossly deficient, and ScanSoft intends to seek appropriate relief from the Court.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion For Rule 11 Sanctions should be denied and ScanSoft should be awarded its costs in opposing this frivolous motion.

Dated:  July 6, 2004                                       SCANSOFT, INC.,
                                                                                  By its attorneys,


                                                                                   /s/Julia Huston
                                                                                  Lee Carl Bromberg, BBO #058480
                                                                                  Robert Asher, BBO #022865
                                                                                  Julia Huston, BBO #562160
                                                                                  Lisa M. Fleming, BBO #546148
                                                                                  John F. Ward, BBO #646689
                                                                                  BROMBERG & SUNSTEIN LLP
                                                                                  125 Summer Street
                                                                                  Boston, Massachusetts 02110-1618
                                                                                  (617) 443-9292


02639/00509   319287.1