Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.,<br><br>           Plaintiff,<br><br>    v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 04-10353-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' REPLY TO PLAINTIFF'S
## OPPOSITION TO MOTION TO DISMISS

Defendants Voice Signal Technologies, Inc. ("VST") and Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron and Manfred G. Grabherr (the "Individual Defendants") submit this Reply to ScanSoft, Inc.'s ("ScanSoft") Opposition to Defendants' Motion to Dismiss Counts II, III, IV and V of the Amended Complaint ("Opposition").

**I.    BECAUSE SCANSOFT HAS NOT ALLEGED ANY NEW CLAIMS AGAINST THE DEFENDANTS, COUNTS II, III, IV AND V MUST BE DISMISSED.**

    **A.    ScanSoft Has Not Met The Specificity Requirement Established By This Court.**

On April 14, 2004, this Court dismissed ScanSoft's original Complaint, finding that the factual allegations and legal theories asserted by ScanSoft were copied from Lernout & Hauspie Speech Products N.V.'s ("L&H") earlier state court complaint and alleged conduct that occurred prior to the transfer by L&H to ScanSoft of certain intellectual property assets.[1]    The Court

---

[1]    "THE COURT:  I understand why they were upset.   [ScanSoft's Complaint] just regurgitated an earlier complaint."  Tr. p. 2, ln. 24-25.

warned that if ScanSoft were to file an amended complaint, the Court would require "very specific" and "really clear" allegations that a trade secret was misappropriated at a time when ScanSoft owned the trade secret. Tr. p. 4, ln. 19; p. 7, ln. 14.[2]  ScanSoft's Amended Complaint not only fails to provide any such specificity, it contains virtually the same factual allegations as the original Complaint.[3]

In its Amended Complaint, ScanSoft merely adds the conclusory and entirely unsupported statement that defendants "continue to use and disclose" trade secrets allegedly misappropriated in early 2001.[4]  ScanSoft argues that, under the liberal notice pleading standard, it is only required to incant, in conclusory terms, the elements of a misappropriation of trade secrets claim. Opposition at 4. That is incorrect. A complaint must allege <u>facts</u> that sufficiently support "each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514-15 (1st Cir. 1988). "Bald assertions" and "unsupported conclusions" do not qualify as "well-pleaded" facts, and are of "no assistance to a plaintiff in defeating a motion to dismiss." *Varney v. R. J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 67 (D. Mass. 2000) (dismissing complaint as "failing to pass muster even under this indulgent [notice pleading] standard"), *citing Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996); *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 15 (1st Cir. 1989).

---

[2] "You think about whether or not, under Rule 11, and based upon the information you have, you have a sufficient basis for repleading it for a violation of your trade secrets that post-dated the acquisition of those trade secrets." Tr. p. 5, ln. 20-24.

[3] The chart attached to the Declaration of Paul Bonanno, filed with Defendants' Motion to Dismiss Counts II, III, IV and V of the Amended Complaint, demonstrates that the Amended Complaint is virtually identical to the original Complaint. Although the prior allegations were re-organized to give the appearance of a new Complaint, the Amended Complaint contains no new allegations of substance.

[4] The original Complaint alleged that defendants "used and disclosed" trade secrets that the Individual Defendants learned at L&H. The Amended Complaint alleges that defendants "used and disclosed and continue to use and disclose" ScanSoft trade secrets. *Compare* Compl. ¶ 70 *with* Am. Compl. ¶ 49. Paragraph 39 of the Amended Complaint similarly states "on information and belief," that the defendants are "continuing to use" unidentified "trade secrets" which they learned at L&H.

The Amended Complaint alleges <u>no</u> fact that supports its conclusory allegation that a misappropriation of trade secrets is "ongoing." Am. Compl. ¶ 49.[5] No trade secret is identified. No <u>fact</u> is alleged that would establish the use or misappropriation of any hypothetical trade secret <u>after</u> ScanSoft purchased that trade secret from L&H. *See Cambridge Internet Solutions, Inc. v. The Avicon Group*, 1999 WL 959673 (Mass. Super. Ct. Sept. 21, 1999) (dismissing complaint alleging misappropriation of trade secrets, and requiring a more definite statement of the specific trade secrets at issue under Mass. R. Civ. P. 12(e) where plaintiff failed to identify the trade secrets allegedly misappropriated); s*ee also Mai Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) ("[A] plaintiff who seeks relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist."); *Universal Analytics, Inc. v. MacNeal-Schwendler, Corp.*, 707 F. Supp. 1170, 1177 (C.D. Cal. 1989) (granting summary judgment for defendant where plaintiff's trade secret misappropriation claim was based upon speculation "that since the [plaintiff's] former employees are working in similar areas at [defendant company] and that after the employees began working [there, defendant company] announced improvements in its . . . products, therefore [defendant company] must be misappropriating . . . trade secrets). In this context, ScanSoft's Amended Complaint fails. *Id.*

In its Opposition, ScanSoft contends that a 2001 VST press release announcing its E.L.V.I.S. speech solution "establishes a sound, good faith basis for ScanSoft's claim of continuing trade secret misappropriation." Its contention is without merit. Opposition at 6.

---

[5] ScanSoft offers no explanation for why the *very same* factual allegations asserted by L&H and by ScanSoft in the original Complaint are now sufficient to support a brand new allegation of <u>ongoing</u> use and misappropriation. Nor does ScanSoft offer any explanation for why, if it had a good faith basis to assert such an allegation, it did not do so in its original Complaint. ScanSoft's inclusion of this bare, conclusory statement in its Amended Complaint falls grossly short of the mark.

First, a press release issued in 2001 says nothing about what the defendants did after ScanSoft acquired assets from L&H, much less what they are doing in 2004. Second, the 2001 E.L.V.I.S. press release offers no support for the contention that trade secrets were misappropriated from L&H. ScanSoft theorizes that because E.L.V.I.S. has "many of" the "capabilities" of products that were in development at L&H in 2000, it therefore contains L&H trade secrets. Am. Compl. ¶ 31. The fact that a product (here, computer software) performs some of the functions that were performed by another product that was in development at a potential competitor does not establish that the commercial product utilizes trade secrets embodied in the development product. There is more than one solution to any technical challenge. Third, the allegation concerning the E.L.V.I.S. press release is not new. The very same allegation was made by L&H in its state court complaint, and by ScanSoft in the original (dismissed) Compliant in this case. It cannot form the basis for a "new" claim, or provide the specific factual predicate for the allegation of *post acquisition* misconduct that this Court required when it dismissed the original Complaint.[6]

ScanSoft has not made a factual allegation (and cannot in good faith make a factual allegation) that at any time after ScanSoft purchased certain L&H assets any defendant took, used or disclosed any item of information or technique that was once a secret at L&H, that thereafter was maintained as secret by L&H (no such allegation is made even in conclusory terms), and that remains a secret (even though thousands of employees left L&H as it collapsed). This deficiency is not curable by repleading. Precisely because ScanSoft cannot identify a

---

[6] ScanSoft's opposition also references a recent Boston Globe article as "proof" of VST's trade secret misappropriation. ScanSoft's characterization of its claims, based upon facts not alleged in the Amended Complaint, may not properly be considered on a motion to dismiss. Also, a reference to a newspaper article is not an adequate basis for avoiding a motion to dismiss. *See Glaros v. Perse,* 628 F.2d 679, 681 (1st Cir. 1980) (disregarding allegations in brief and considering only allegations contained in complaint for purposes of motion to dismiss).

unique item of information or novel technique that was developed at L&H and is now being used by VST, it cannot allege, in good faith, that this information or technique was retained in secret at L&H, was still a secret at the time of the L&H/ScanSoft transaction, and remained a secret thereafter. Counts II-V should, therefore, be dismissed. *See Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995).[7]

## II.    SCANSOFT'S UNFAIR COMPETITION AND 93A CLAIMS MUST BE DISMISSED FOR THE ADDITIONAL REASON THAT THEY FAIL TO STATE A CLAIM AS A MATTER OF LAW.

### A.    Under Massachusetts Law, An Unfair Competition Claim Requires A Showing Of Consumer Confusion.

It is undisputed that ScanSoft's common law claims are governed by Massachusetts law. In its Opposition, ScanSoft declares "Defendants' argument that unfair competition in Massachusetts is limited to 'palming off' or the creation of consumer confusion is plain wrong." Opposition at 7. ScanSoft cites a Federal Circuit case interpreting federal law, a forty-year old Ninth Circuit decision interpreting 28 U.S.C.A. § 1338(b) and applying federal law, and two hornbooks -- neither of which addresses Massachusetts law. ScanSoft does not explain why the cases cited by the defendants -- which establish that, under Massachusetts law, "unfair competition" is limited to "palming off" and other conduct that promotes consumer confusion -- do not apply. *See Open Software Found., Inc. v. United States Fid. and Guar. Co.*, 307 F.3d 11, 17 (1st Cir. 2002); *Kazmaier v. Wooten*, 761 F.2d 46, 52 (1st Cir. 1985); *American Tel. & Tel. Co. v. IMR Capital Corp.*, 888 F. Supp. 221, 246-47 (D. Mass. 1995) (dismissing complaint where plaintiff alleged improper and "unfair" business acts but did not allege "palming off" or consumer confusion); *Datacomm Interface, Inc. v. Computerworld, Inc.*, 396 Mass. 760, 768-69

---

[7]    ScanSoft's re-assertion of state law claims originally brought by L&H will expand discovery in this case exponentially, if those claims survive beyond the pleading stage. The claims are unrelated to the patent dispute between the parties. The state law claims relate to different technologies, involve different companies and different time periods, and are dependent upon evidence from different documentary sources, and different witnesses.

(1986) ("the gravamen of an unfair competition claim is the likelihood of consumer confusion as to the source of the goods or services").

The facts alleged in the Complaint simply do not constitute unfair competition, as that tort is defined in Massachusetts. For this separate reason, Counts III and IV of the Amended Complaint should be dismissed.

**B.    Chapter 93A Does Not Apply To Employment Relationships.**

Chapter 93A does not apply to disputes arising from an employment relationship. *Manning v. Zuckerman*, 388 Mass. 8, 13-14 (1983). Because the allegation made by ScanSoft is that VST induced the Individual Defendants to breach their employment-based obligations of confidentiality, and because those breaches are not actionable under Chapter 93A, ScanSoft's Chapter 93A claim fails.[8] Am. Compl. ¶¶ 26, 59, 80. *See, e.g., Informix, Inc. v. Rennell*, 41 Mass. App. Ct. 161, 162-63 (1996) (holding that Chapter 93A does not apply to former employee's post-employment breach of employment obligations).[9] For this independent reason, Count V of the Amended Complaint must be dismissed.

_____

[8] *See Thermo Web Systems, Inc. v. Beebe*, 2001 WL 311295, *3 (D. Mass. Mar. 15, 2001) (Gorton, J.) (noting that Chapter 93A does not apply to remedy misappropriation of trade secrets, unfair competition, and other alleged conduct by former employee because "as a matter of law . . . Massachusetts courts have held that employment agreements and disputes arising therefrom . . . do not constitute either 'trade' or 'commerce'"); *Intertek Testing Servs. NA, Inc. v. Curtis-Strauss LLC*, 2000 WL 1473126, *11 (Mass. Super. Ct. Aug. 8, 2000) (Gants, J.) (holding that where the actual willful breach of an employment agreement by an employee is not actionable under Chapter 93A because the claim arose from the employment relationship, "the conduct of a third party to induce such a breach must also not be actionable because this claim, too, arose from the employment relationship"); *Oceanair, Inc. v. Katzman*, 14 Mass. L. Rptr. 414, 420 (Mass. Super. Ct. 2000) (Van Gestel, J.) (holding Chapter 93A does not apply to claim that third party induced breach of employment contract).

[9] The cases cited by ScanSoft in support of its Chapter 93A claim are not on point. None holds that an inducement to breach employment-based obligations constitutes a Chapter 93A violation. *See Cahna v. LaRoche*, 1996 WL 1186959, *3 (Mass. Super. Ct. Aug. 12, 1996) (rejecting as a basis for Chapter 93A liability plaintiff's claim to be a third-party beneficiary to a non-disclosure/non-competition agreement, but finding alternative "unfair and deceptive act" allegations to constitute a well pled Chapter 93A claim); *Peggy Lawton Kitchens, Inc. v. Hogan*, 18 Mass. App. Ct. 937 (1984) (no breach of employment obligations alleged); *Augat, Inc. v. Aegis, Inc.* 409 Mass. 165 (1991) (breach of fiduciary duty); *Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153 (1999) (breach of fiduciary duty).

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss Counts II, III, IV and V of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul E. Bonanno
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  July 7, 2004
3675918_3.DOC