# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

Dated: July 15, 2004

*Counsel for Plaintiff*
*ScanSoft, Inc.*

## TABLE OF CONTENTS

PROCEDURAL HISTORY ......................................................................................................1

ARGUMENT ........................................................................................................................2

I.     VOICE SIGNAL REFUSES TO PRODUCE DOCUMENTS..........................................2

II.    VOICE SIGNAL'S GENERAL OBJECTIONS SHOULD BE
OVERRULED ..............................................................................................................2

     A.     Voice Signal Has Improperly Refused to Produce Documents
Related to ScanSoft's Trade Secret Claims ......................................................3

     B.     Voice Signal Uses an Incorrectly Narrow Definition of "VST
Speech Recognition Product" in Its Responses....................................................4

     C.     Voice Signal's Unilateral Decision to Withhold Documents
Generated Prior to December 31, 2002 is Unreasonable .....................................4

III.   VOICE SIGNAL HAS WRONGFULLY WITHHELD ENTIRE
CATEGORIES OF DOCUMENTS .....................................................................................5

     A.     Source Code ....................................................................................................5

     B.     Technical Development of Accused Products......................................................6

     C.     Other Patents, Patent Applications or Invention Disclosures ...............................6

     D.     Sales and Licensing of the '630 Patent ..............................................................7

     E.     Documents Related to Prior Art to the Patent in Suit ..........................................7

     F.     Prior Art as to Voice Signal's '630 Patent .........................................................8

     G.     Documents Related to Products Incorporating the '630 Patent ............................8

     H.     Documents Related to Investigation, Evaluation or Determination
of Infringement ...............................................................................................9

     I.     Communications Regarding the '630 Patent and the Present
Litigation .......................................................................................................9

     J.     Third Party Products as Non-Infringing Alternatives.........................................10

i

K.     Inducement and/or Contributory Infringement ...................................................10

L.     Effect of Infringing Sales on Other Sales ...........................................................10

M.    Organizational Charts .........................................................................................11

IV.    VOICE SIGNAL'S RESPONSES TO SCANSOFT'S FIRST SET OF INTERROGATORIES ARE NOT ADEQUATE...........................................................11

CONCLUSION ............................................................................................................12

## MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

In this action, Plaintiff ScanSoft, Inc. ("ScanSoft") seeks injunctive relief and damages for patent infringement, misappropriation of trade secrets, and other claims relating to voice recognition technology in mobile telephones and other small platform devices. Rather than adhering to either the letter or spirit of the Federal Rules of Civil Procedure, defendant Voice Signal Technologies, Inc. ("Voice Signal") has taken the extraordinary position in this litigation that it will not produce highly relevant documents it may have in its possession. For example, Voice Signal has flatly refused to produce any source code or technical development documents relating to the products accused of infringing ScanSoft's patent. Incredibly, although Voice Signal has asserted its own patent infringement claim against ScanSoft, it has refused to produce any documents regarding the embodiment of its own patent. Voice Signal also refuses to provide any documents whatsoever or to answer interrogatories related to ScanSoft's trade secret claims. Indeed, Voice Signal has failed to produce any responsive documents to date, despite the fact that documents were due on June 25, 2004 and ScanSoft has repeatedly requested their immediate production. For these reasons, and those set forth below, ScanSoft's motion to compel should be allowed.

## PROCEDURAL HISTORY

ScanSoft, Inc. ("ScanSoft") served its First Set of Document Requests and First Set of Interrogatories on Voice Signal on May 26, 2004. *See* Exhibits A and C. Voice Signal served its responses on June 25, 2004. *See* Exhibits B and D. In its responses Voice Signal specifically declined to produce highly relevant documents typically exchanged in discovery in patent infringement matters, for example, source code and documents related to technical development

of accused products. Even where it did indicate that it would produce responsive documents, Voice Signal has still not produced one sheet of paper in this litigation. Voice Signal's persistent attempts to stonewall discovery has forced ScanSoft to file the present motion.

## ARGUMENT

### I.    VOICE SIGNAL REFUSES TO PRODUCE DOCUMENTS

Even though more than two weeks have elapsed since Voice Signal's responses to ScanSoft's discovery requests were due, and ScanSoft specifically requested that the responsive documents be served with the responses, Voice Signal has still not produced <u>any</u> documents. In addition, Voice Signal refuses to provide ScanSoft with any date certain by which documents will be produced. Voice Signal's documents were due on June 25, 2004, and it certainly ought to have commenced its document production by now.[1] Its continued refusal to do so is inexcusable. Furthermore, the protection of confidential information is not an issue as ScanSoft proposed a protective order on June 2, 2004, the terms of which were agreeable to Voice Signal.[2]

### II.    VOICE SIGNAL'S GENERAL OBJECTIONS SHOULD BE OVERRULED

Voice Signal has scripted its general objections to ScanSoft's discovery requests so as to improperly narrow the scope of discovery. These objections significantly affect each of Voice Signal's responses and should be overruled.

---

[1]  By contrast, ScanSoft was ready, willing and able to produce documents responsive to Voice Signal's discovery requests on the June 28, 2004 due date, and will produce those documents as soon as Voice Signal complies with its discovery obligations.

[2]  ScanSoft filed its proposed Protective Order with the Court on June 18, 2004, when Voice Signal failed to respond to ScanSoft's proposal. Voice Signal's counsel has since indicated in a telephone conversation that the terms are agreeable, but has not indicated that to the Court. The deadline for opposing ScanSoft's motion for a Protective Order has now passed, and Voice Signal has taken no action in connection with the motion.

**A.     Voice Signal Has Improperly Refused to Produce Documents Related to ScanSoft's Trade Secret Claims**

Pursuant to General Objection No. 5, Voice Signal refuses to provide any discovery whatsoever in connection with ScanSoft's trade secret claims. This limitation is inappropriate. The Federal Rules of Civil Procedure require production of responsive documents that are relevant to the claims or defenses in the litigation. ScanSoft specifically alleges that Voice Signal has wrongfully misappropriated ScanSoft's trade secrets. Consequently, Voice Signal has no basis for withholding documents related to ScanSoft's trade secret claims.

Voice Signal cannot resist discovery on the trade secret claim just because it is subject to Voice Signal's pending motion to dismiss. A party must produce responsive documents relevant to a claim, even if that claim is subject to a pending motion to dismiss. *See In re Lotus Dev. Corp. Sec. Litig.*, 875 F.Supp. 48, 51 (D. Mass. 1995) (Saris, J.) (stating that pending motion to dismiss does not supplant disclosure requirements). *See also*, Wright and Miller, *Federal Practice and Procedure* § 2208 ("Discovery is not be denied because it relates to a claim or defense that is being challenged as insufficient"). If that were not the case, a party would be able to avoid discovery merely by filing a dispositive motion, however meritless, and tie up litigation for months or perhaps even years.

In this case, the pending motion is Voice Signal's second motion to dismiss. It was filed after the Court indicated that it was not inclined to dismiss the claims without discovery, and after the Court allowed ScanSoft's motion to amend its complaint alleging continuing misappropriation of trade secrets. Voice Signal's pending motion to dismiss is not a basis for Voice Signal's refusal to produce documents responsive to ScanSoft's requests. The objection should be overruled, and Voice Signal should be ordered to produce documents relevant to

ScanSoft's trade secret claims, and in particular documents responsive to ScanSoft Document Request Nos. 27 and 32-36, and to answer Interrogatory Nos. 8, 9, 10 and 12.

**B.    Voice Signal Inappropriately Narrows the Definition of "VST Speech Recognition Product" in Its Responses**

In General Objection No. 2, Voice Signal limits the term "VST Speech Recognition Product,"[3] to mean only the "user interface module" of VST products and not to include speech engines or voice recognizers. Voice Signal apparently relies upon this objection to avoid producing source code and other technical documents regarding the accused products. This limitation is inappropriate. The user interface module and underlying speech recognition technology are inextricably linked in a speech recognition product. In essence, the user interface module is part of a larger speech recognition system comprising of a number of steps or commands exemplifying the voice recognition technologies ScanSoft alleges Voice Signal infringes. Indeed, it would not be possible to understand how the product works (including how the system responds to commands received through the user interface) unless the entire product is produced; not just the user interface module in isolation. Voice Signal's objection should be overruled.

**C.    Voice Signal's Unilateral Decision to Withhold Documents Generated Prior to December 31, 2002 is Unreasonable**

In General Objection No. 6, Voice Signal refuses to produce any documents regarding the manufacture, use or sale of its products generated before December 31, 2002, the date that

---

[3]  ScanSoft has defined that term in its Requests as "any Speech Recognition Product… which has been made, used, licensed, offered for sale, or sold by, or on behalf of, Voice Signal, and any Speech Recognition Product incorporating technology developed, licensed or sold by Voice Signal." The term Speech Recognition Product was in turn defined as "any product or service incorporating speech recognition technology, including but not limited to speech recognition software embedded in portable devices, such as mobile telephones and PDA's."

ScanSoft's patent issued. Voice Signal's attempt to preclude discovery on the manufacture, use or sale of products prior to December 31, 2002, is an improper limitation on discovery. While the date of issuance of the patent in suit is related to the issue of damages, it does not provide an absolute shield from document production. The technical development of the accused product(s) is certainly relevant, even if occurring before the issuance date. For example, manufacture, use and sale before the issuance date may demonstrate the date of first infringing activity (which is relevant to a reasonable royalty determination) as well as demonstrate the value of the accused technology. Voice Signal should be ordered to produce all documents generated prior to December 31, 2002, that relate to the manufacture, use and sale of infringing products, including documents responsive to ScanSoft Document Request Nos. 12 through 18.

### III. VOICE SIGNAL HAS WRONGFULLY WITHHELD ENTIRE CATEGORIES OF DOCUMENTS

Voice Signal states that it does not intend to produce any documents in response to certain document requests that are highly relevant to the claims and defenses in this litigation. Voice Signal's blanket refusal extends to the following categories of document requests by ScanSoft.

#### A. Source Code

Document Request No. 5 specifically asks for "source code… of each different version of each VST Speech Recognition Product." *See* Exhibit B at 4. Voice Signal has declined to

produce the source code in connection with its accused products, claiming, among other things, that the source code is not relevant.[4]

Both parties manufacture products in the field of speech recognition technology, and have brought patent infringement claims against the other in this action. The suggestion that source code from accused software products is not relevant has absolutely no merit. The source code should be produced.

### B.    Technical Development of Accused Products

Document Request Nos. 7, 10 and 11 seek, generally, documents related to the technical development of Voice Signal's accused products. *See* Exhibit B at 5-7. Certainly, a party's records in connection with the development of accused products are relevant in a patent infringement action. Yet, Voice Signal has refused to produce <u>any</u> documents related to the development of the products ScanSoft alleges as infringing. In addition, to the extent these products embody the invention(s) claimed in Voice Signal's own patent, they are relevant to Voice Signal's counterclaim. Such documents are routinely produced in patent infringement litigation, and Voice Signal's claim that the documents are irrelevant is baseless.

### C.    Other Patents, Patent Applications or Invention Disclosures

Request No. 21 seeks patents, patent applications and invention disclosures "owned or licensed by Voice Signal" with respect to any inventions or technology contained or embodied in

---

[4]  Although counsel for Voice Signal has represented to ScanSoft orally that it will produce source code and technical development documents to ScanSoft related to "user interface modules," Voice Signal has neither produced such source code nor withdrawn its objections. Moreover, Voice Signal still refuses to produce the source code relating to "speech engines" or "voice recognizers," or any other aspect of its products other than the user interface module. As discussed above, Voice Signal is obligated to produce the entire product, and not just the interface module so that ScanSoft can determine whether Voice Signal is infringing ScanSoft's patent and using ScanSoft's trade secrets. *See supra*, II.B. at 4.

Voice Signal's speech recognition products. As it has in connection with source code and technical documents, Voice Signal refuses to produce any documents in connection with this request unless they are related to the user interface module. This approach is wholly unsatisfactory and without merit.

### D. Sales and Licensing of the '630 Patent

Voice Signal has refused to produce license agreements of its own patent, U.S. Patent No. 6,595,630 (the "'630 Patent"), or documents related to sales of products embodying the claimed invention of the '630 Patent. *See* Request Nos. 54 and 56, Exhibit B at 28-29. Voice Signal's response to Document Request No. 56, that it will not produce any documents regarding sales, pricing, profits, or costs in connection with the '630 Patent (the patent it is asserting against ScanSoft), is unreasonable.[5] The Court should order Voice Signal to produce all documents responsive to Document Request Nos. 54 and 56, or else be precluded from seeking damages on its patent infringement claim at trial.

### E. Documents Related to Prior Art to the Patent in Suit

Prior art analysis is a key element in a patent infringement suit. As such, ScanSoft has requested documents related to prior art searches with respect to ScanSoft's patent, U.S. Patent No. 6,501,966. *See* Request No. 28, Exhibit B at 15. Yet, Voice Signal has refused to produce any documents responsive to this request. Clearly, documents considered prior art, or otherwise relating to validity or infringement, are relevant in a patent infringement suit and must be produced.

---

[5] Voice Signal does state that it will produce documents "sufficient to determine VST's licensing and/or sales relating to the '630 Patent," but it has represented that it will not provide entire license agreements to ScanSoft, without offering any details as to what documents it might eventually produce.

7

### F.    Prior Art as to Voice Signal's '630 Patent

Voice Signal refuses to produce all the responsive documents it has in connection with prior art of its own patent.  In its response to Document Request No. 43, Voice Signal asserts that it will limit its production to documents constituting art or prior art of the '630 Patent.  *See* Exhibit B at 22-23.  This response is not adequate.  The request also seeks documents "related to art or prior art" or "evaluated or considered art or prior art."  It is not limited to only those documents Voice Signal has concluded are prior art.  Any and all documents that Voice Signal considered in prosecuting its patent as possible art is relevant to the patentability, enforceability, and validity of the '630 patent.

Voice Signal also expressly declines to produce documents supporting any claims of validity of the '630 patent.  *See* Request No. 45, Exhibit B at 24.  ScanSoft's request seeks documents relevant to Voice Signal's claim of infringement and ScanSoft's affirmative defense of invalidity.  There is simply no basis for withholding such documents.

### G.    Documents Related to Products Incorporating the '630 Patent

Document Request Nos. 50 and 51 seek documents related to, among other things, design, development, trial and testing of products embodying or incorporating the alleged invention(s) of the '630 Patent.  *See* Exhibit B at 26-27.  These documents are relevant to the technical development, value and commercial success of the patented invention, and thus to both validity and damages.  Such documents may also shed light on Voice Signal's interpretation of the scope of the claims of the patents.  Voice Signal should be required to produce any responsive documents it has.

**H.    Documents Related to Investigation, Evaluation or Determination of Infringement**

Document Request No. 55 requests all documents regarding, among other things, the manufacture, use or sale of any product or process that embodies or falls within the scope of Voice Signal's '630 Patent (including without limitation Voice Signal's accused products). *See* Exhibit B at 28.   Similarly, Document Request No. 57 seeks all documents related to any investigation, allegation or assertion of infringement of the Voice Signal '630 Patent, either by ScanSoft or a third party.  *See* Exhibit B at 29-30.

Documents related to any alleged infringement by ScanSoft are clearly relevant to the underlying basis for Voice Signal's claims.  Documents related to possible infringement by third parties are also relevant to infringement and damages.  Such documents may contain information or evaluations regarding products that Voice Signal believes either do or do not fall within the scope of the patents in suit.  The documents may also show whether Voice Signal has chosen to enforce the '630 Patent against other parties.  Additionally, the documents may shed light on what value Voice Signal places on the alleged invention.

Rather than produce these documents, however, Voice Signal states that it will produce only documents demonstrating any evaluation of whether products fall within the scope of the '630 Patent or its analysis that ScanSoft infringes the '630 Patent.  ScanSoft's requests seek more than just this limited scope of documents and are perfectly reasonable and common in patent infringement actions.

**I.    Communications Regarding the '630 Patent and the Present Litigation**

Document Request No. 58 seeks documents regarding any communication or meeting between Voice Signal and any third party regarding the '630 Patent and any public communications regarding the present litigation.  *See* Exhibit B at 30.  Such documents are

relevant to infringement and validity. By way of example, the documents may provide information regarding Voice Signal's interpretation of scope of the claims of the patents. Voice Signal has only agreed to produce documents related to public communications. ScanSoft is entitled to all documents responsive to this request.

### J.  Third Party Products as Non-Infringing Alternatives

Document Request No. 8 seeks documents concerning third party products reviewed tested or evaluated by Voice Signal in connection with the design and development of Voice Signal's products. *See* Exhibit B at 6. For its part, Voice Signal has declined to produce such documents. These documents, however, are relevant to infringement analysis and on the issue of non-infringing alternatives. They should be produced.

### K.  Inducement and/or Contributory Infringement

Document Request No. 9 requests documents concerning components or services provided by others for use in connection with VST Speech Recognition Products. *See* Exhibit B at 6. Once again, Voice Signal refuses to produce documents responsive to this request, even though these documents are relevant to such issues as inducement and/or contributory infringement.

### L.  Effect of Infringing Sales on Other Sales

Voice Signal also refuses to produce documents related to "convoyed sales." *See* Document Request No. 20, Exhibit B at 11. ScanSoft's request seeks documents concerning the effect of sales of Voice Signal Speech Recognition Products upon the sale of other Voice Signal products. These documents are relevant to damages in showing if infringing sales by Voice Signal led to other sales, increasing the benefit to Voice Signal of its infringing activity.

10

### M.    Organizational Charts

Voice Signal has even refused to produce organizational charts reflecting the individuals involved in the conception, development or distribution of is speech recognition products.  *See* Request No. 6, Exhibit B at 5.  Voice Signal apparently believes the documents are not relevant to the claims and defenses in this litigation.  In fact, these documents are obviously relevant and would provide ScanSoft with information as to the individuals with knowledge of Voice Signal's products and sales.  Organizational charts should be produced.

### IV.    VOICE SIGNAL'S RESPONSES TO SCANSOFT'S FIRST SET OF INTERROGATORIES ARE NOT ADEQUATE

Voice Signal has not fully responded to ScanSoft's First Set of Interrogatories.  Voice Signal has flatly refused to respond to any interrogatories relating to ScanSoft's trade secret claims.  *See* Interrogatory Nos. 8, 9, 10 and 12, Exhibit D at 7-9.  As discussed above, however, Voice Signal cannot avert legitimate discovery through strategic use of motion practice.  The Court should order Voice Signal to answer these interrogatories fully.

Additionally, Voice Signal improperly refuses to answer Interrogatory No. 20.  *See* Exhibit D at 18-19.  This interrogatory seeks facts regarding the conception and/or reduction to practice of any of claims of the Voice Signal patent that Voice Signal claims is infringed by ScanSoft.  Voice Signal's failure to answer is a transparent attempt to avoid providing discovery related to its conception of its "invention" in order to prevent facts becoming known related to ScanSoft's trade secret claim.  Voice Signal's cannot avoid answering on this topic merely because it wishes it so.  The Court should order a full response.

## <u>CONCLUSION</u>

For the foregoing reasons, Voice Signal should be compelled to produce all documents and things in its possession, custody or control that are responsive to ScanSoft's First Set of Document Requests and to respond fully to ScanSoft's First Set of Interrogatories.

Dated:  July 15, 2004

SCANSOFT, INC.,
By its attorneys,


s/ Lisa M. Fleming
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509  321087.1

12