UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
VOICE SIGNAL TECHNOLOGIES, INC.**

Pursuant to Fed. R. Civ. P. 33 and the Local Rules of the District of Massachusetts, ScanSoft, Inc. requests that Voice Signal Technologies, Inc. answer separately and fully, in writing and under oath, within thirty (30) days of service, each of the interrogatories set forth below.

DEFINITIONS

1. The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated by reference into these requests.

2. As used herein, "document" shall mean, in addition to its other meanings, "documents and things."

3. As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

4. As used herein, "every" and "each" shall both mean "each and every."

5. As used herein, "Voice Signal" or "defendant" refers to the defendant Voice Signal Technologies, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

6. As used herein, "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

7. As used herein, "the '966 patent" or "the patent-in-suit" refers to U.S. Patent No. 6,501,966.

8. As used herein, "Speech Recognition Product" refers to any product or service incorporating speech recognition technology, including but not limited to speech recognition software embedded in portable devices, such as mobile telephones and PDA's.

9. As used herein, "VST Speech Recognition Product" refers to any Speech Recognition Product, as defined above, which has been made, used, licensed, offered for sale, or sold by, or on behalf of, Voice Signal, and any Speech Recognition Product incorporating technology developed, licensed or sold by Voice Signal. VST Speech Recognition Product shall include without limitation any product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E.

## INSTRUCTIONS

1. These interrogatories shall be deemed to be continuing to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

2. Unless otherwise specified, the time period applicable to these interrogatories shall be seven (7) years prior to the filing of the complaint in this action (i.e. February 20, 1997) and forward, continuing through to the termination of this litigation.

3. Each interrogatory must be answered with Voice Signal's entire knowledge, available from all sources, including all information and documents in defendant's possession or control, or in the possession or control of Voice Signal's agents, officers, employees, partners, representatives and attorneys, or otherwise available to Voice Signal. If any interrogatory has sub-parts, then answer each part separately and in full, and do not limit the answer to the interrogatory as a whole.

4. In answering these interrogatories, Voice Signal must make a diligent search of all records and other papers, documents, and materials in Voice Signal's possession, custody, or control, or available to Voice Signal from whatever source.

5. If Voice Signal objects to any part of any interrogatory, then answer all parts not objected to and state the precise nature of the objection to any unanswered part. If, in answering any of these interrogatories, Voice Signal asserts or relies upon any privilege or other rule protecting against disclosure of a document, communication, or other information, then specify the exact nature of such privilege or rule. With respect to each document or communication as to which Voice Signal asserts a privilege or other protection against disclosure, identify such document or communication and the basis for the asserted privilege.

6. If a complete answer to an interrogatory cannot be given due to privileged or other excludable subject matter, or if the answer is not completely known, answer the interrogatory to the extent possible and indicate those parts or portions of the interrogatory that Voice Signal cannot or will not answer and the reasons for not answering.

7. If a document identified in response to any interrogatory has been destroyed, then state the reason for its destruction, identify the person(s) having any knowledge of its destruction and each person responsible for its destruction.

8. If an answer to an interrogatory is qualified, please set forth the exact nature and extent of that qualification.

## INTERROGATORIES

1. Identify each VST Speech Recognition Product by model number, order number, list number, commercial name, trade name, trade designation, trademark, common name, serial number, and every other designation used by Voice Signal and/or its customers to refer to said products.

2. Identify, separately for each item, the person most knowledgeable regarding the conception, research, design, development, reduction to practice, testing, manufacture, technical specifications, material composition, use, marketing, public disclosure, distribution, importation into the U.S., offer of sale and/or sale of each VST Speech Recognition Product, and describe the knowledge of each such person.

3. Identify every sale, license, distribution or transfer of VST Speech Recognition Product, including the recipient's name and address, the number of said products sold, licensed, distributed or otherwise transferred, the place of transfer, the amount of any remuneration therefor, profit/loss realized by Voice Signal thereon, and every document concerning same.

4

4. State the gross revenue derived from, and profit/loss realized by Voice Signal for, the sale of each VST Speech Recognition Product in monetary value (e.g., U.S. dollars) and units of sales, from the date of first sale to the present, and identify every document concerning same and the persons with principal knowledge thereof.

5. With respect to each VST Speech Recognition Product, state the standard manufacturing costs and the basis for computation of profit, and identify each direct or indirect expense Voice Signal will claim as a charge against revenue, including raw materials, labor, general and administrative expense and the like, state the basis for computing charges against revenue, and identify each person who calculated or is knowledgeable regarding Voice Signal's profits and charges against revenue, and identify each document which relates to the calculation of profits and charges against revenue.

6. Identify all agreements between Voice Signal and any person regarding the conception, research, design, development, testing, manufacture, use, marketing, sale, offer of sale, distribution, importation into the U.S., or other transfer of each VST Speech Recognition Product (including but not limited to any license agreements, indemnification agreements, sales agreements, agreements concerning patents and applications therefor, trade secrets, research and development, design, and/or distribution agreements), identify every document concerning same, and identify the persons with principal knowledge thereof.

7. Identify the date and means by which Voice Signal first learned of the existence of the patent-in-suit or application therefor, every document concerning same, and the persons with principal knowledge of same.

8. Identify all trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie) that were in the possession of or known to

Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr at the time they became employees of Voice Signal. For each such trade secret, state whether and how it was disclosed to Voice Signal, whether and how it was used by Voice Signal, whether and how each of those four individuals and/or Voice Signal took any steps to prevent such disclosure or use, and identify any discussions and/or communications between Voice Signal and the individual defendants regarding those trade secrets.

9. Identify every document, including but not limited to documents in electronic format and/or source code, in the possession of Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr at the time they became employees of Voice Signal that were related to their employment at Dragon Systems and/or Lernout & Hauspie and/or their work on Speech Recognition Products at those companies.

10. Identify every VST Speech Recognition Product worked on by the individual defendants at Voice Signal, including without limitation, the product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E, and specify the contribution(s) of each individual defendant to the conception, research, design, development, reduction to practice, testing, offer of sale and/or sale of those products.

11. Identify every disclosure or communication of any kind between Voice Signal and any other person for determination of whether any features of any of VST's Speech Recognition Products infringe the patent-in-suit, or whether the patent-in-suit is valid and enforceable, and with regard to each such disclosure or communication, identify each document relating thereto, including but not limited to any opinions of counsel, prior art patents, printed publications, and other documents related thereto.

12. Identify every disclosure or communication of any kind between Voice Signal and any other person for determination of whether any features of any of VST's Speech Recognition Products contain or utilize any trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie), and with regard to each such disclosure or communication, identify each document relating thereto, including but not limited to any opinions of counsel.

13. State the basis for the contention in Voice Signal's first affirmative defense and first counterclaim that it has not infringed or induced infringement of the '966 patent, and for each VST Speech Recognition Product, identify separately (i) each reason said product or service does not infringe any valid claim of the patent-in-suit, and, (ii) for each claim of the patent-in-suit, each reason why said product or service does not contain every element of the claim literally or by doctrine of equivalents, and for each reason provided in your answer to parts (i) and (ii) of this interrogatory, state the full particulars of all facts concerning said reason (including identification of each element or limitation of the claims in the patent-in-suit allegedly not included in each VST Speech Recognition Product), and identify (a) the statutory, regulatory or other provision relating thereto, (b) each person with knowledge concerning said reason, (c) each document concerning said reason, and (d) each communication between Voice Signal and any other person concerning said reason.

14. If Voice Signal contends that any claim or portion thereof of the patent-in-suit is limited by its terms, by the prior art, by amendments made to the claims, and/or by assertions or representations made to the United States Patent and Trademark Office during the prosecution of the underlying patent application, for each such contention identify separately each reason for Voice Signal's contention, state the basis for each such reason, and for each such reason identify

(a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reasons), and (c) each communication between Voice Signal and any other person concerning said reason.

15. State the basis for Voice Signal's second affirmative defense and first counterclaim, and identify each claim or portion thereof of the patent-in-suit which Voice Signal alleges is invalid, unenforceable, or otherwise fails to comply with the provisions of 35 U.S.C. §§ 101, 102 or 103, identify separately each reason the claim or portion thereof is allegedly invalid or unenforceable, or otherwise fails to comply with those provisions, state the basis for each such reason, and for each such reason identify (a) each such claim or portion thereof (e.g., by column and line number); (b) each person with knowledge concerning said reason, (c) each document concerning said reason, including without limitation specific prior art references; and (d) each communication between Voice Signal and any other person concerning said reason.

16. With respect to Voice Signal's contentions in its third and fourth affirmative defenses that ScanSoft is barred from asserting the claims of the patent-in-suit under the doctrines of laches, estoppel and unclean hands, state the basis for said contention, and identify each person with knowledge concerning said contention.

17. Identify any reasons other than those specified in answers to previous interrogatories, on which Voice Signal will rely as showing that any claim of the patent-in-suit is invalid, unenforceable, or not infringed, and for each such reason, fully summarize all facts relevant to such reason, identify all documents which contain any facts pertaining to or reflecting on such reason, and identify all persons having knowledge of such facts.

18. State the basis for Voice Signal's second counterclaim (infringement of U.S. Patent No. 6,594,630), identify each ScanSoft product or process that you contend infringes any claim of the '630 Patent, and for each such product or process, provide an infringement claim chart that identifies and explains how each element of each asserted claim is met by said product or process, including but not limited to whether the alleged infringement is literal or by the doctrine of equivalents, and state for each asserted claim whether you contend the alleged infringement is direct or by active inducement or by contributory infringement. If you allege the claim includes elements subject to 35 U.S.C. § 112(6), identify the "corresponding structure, material, or acts described in the specification" and explain, for each such element, why the "corresponding structure, material, or acts described in the specification" are the same as, or equivalent to, specifically identified "structure, material, or acts" in the accused product(s). Identify the nature and amount of damages which Voice Signal has allegedly suffered in connection with ScanSoft's alleged conduct giving rise to that claim, identify all documents concerning the facts stated or identified in your answer to this interrogatory, and identify all persons having knowledge of such facts.

19. Separately identify each and every claim of the '630 Patent that you allege is infringed by ScanSoft, and provide a detailed claim interpretation for each limitation of each such claim, including, for any elements alleged to be expressed in means plus function language provided for by 35 U.S.C. §112 ¶6, the corresponding structure, material or acts disclosed in the specification of the patent in suit and all equivalents thereof. Provide in detail all support for each interpretation including, but not limited to, references to column and line number of the patent specification, references to specific elements in the figures, references to page and paragraph of the prosecution history, and references to any other fact or contention in support of

that interpretation. Separately identify each and every person who has personal knowledge or information about each of the facts set forth in response to this interrogatory, the individuals whom you believe to be most knowledgeable about the subject matter of this interrogatory and each and every document and thing which in any way supports each part of your answer in response to this interrogatory.

20. For each claim of the '630 Patent you allege is infringed by ScanSoft, state the following information regarding conception and/or reduction to practice:

    a. the date, place and circumstances under which the subject matter of that claim was conceived;

    b. the identity of all persons who participated in, observed, witnessed or were otherwise involved in the conception of the subject matter of that claim;

    c. the identity of all documents recording, referring to, or otherwise relating to the conception of the subject matter of that claim;

    d. the date, place and circumstances under which the subject matter of that claim was first reduced to practice, either actually or constructively;

    e. the identity of all persons who participated in, observed, witnessed or were otherwise involved in the first actual or constructive reduction to practice of the subject matter of that claim; and,

    f. the identity of all documents recording, referring to, or otherwise relating to the first actual or constructive reduction to practice of the subject matter of that claim.

21. Identify each person who may be used at trial to present evidence under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence, and with respect to each such person, identify all opinions to be expressed, the basis and reasons for said opinions, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of said persons (including a list of all publications authored by said persons within the preceding ten (10) years, the compensation to be paid to the

witness, if any, for said services, and a listing of any other cases in which they have testified under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence at trial or by deposition with the preceding four (4) years), and the compensation to be paid to said persons for their study and testimony.

Dated: May 26, 2004                                        SCANSOFT, INC.,

                                                           By its attorneys,

                                                           _____
                                                           Lee Carl Bromberg, BBO #058480
                                                           Robert Asher, BBO #022865
                                                           Julia Huston BBO #562160
                                                           Lisa M. Fleming, BBO #546148
                                                           John F. Ward, BBO #646689
                                                           BROMBERG & SUNSTEIN LLP
                                                           125 Summer Street
                                                           Boston, Massachusetts 02110-1618
                                                           (617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

_____
Julia Huston

02639/00509 310285.1