**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**RECEIVED**

JUN 28 2004

**BROMBERG & SUNSTEIN**

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) | |
| Defendants. | ) | |

**VOICE SIGNAL TECHNOLOGIES, INC.'S RESPONSE**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Voice Signal Technologies, Inc. ("VST") hereby responds, pursuant to Fed. R.

Civ. P. 33, to plaintiff ScanSoft, Inc.'s First Set of Interrogatories (the "Interrogatories") as

follows:

**GENERAL OBJECTIONS**

1.      VST objects to the "Definitions" and "Instructions" set forth in the Interrogatories

to the extent that those definitions and instructions purport to impose obligations upon VST

greater than or inconsistent with the obligations imposed by the Federal Rules of Civil

Procedure.

2.      VST objects to the definition of "VST Speech Recognition Product" set forth in

the Interrogatories.  For the purposes of these responses "VST Speech Recognition Product"

shall mean only the user interface module of VST's Speech recognition products, and shall not

include any speech engine associated with those products.

3.    VST objects to the definition of "Speech Recognition Product" on grounds that it is overly broad, as it omits limitations required by all independent claims of United States Patent No. 6,501,966 (the "'966 patent").

4.    VST objects to each specific interrogatory set forth in the Interrogatories to the extent that it seeks information protected by the attorney-client privilege, the work product privilege, or any other privilege.  VST relies upon and asserts any such privilege, and any production of privileged information is inadvertent and is not to be deemed as a waiver thereof.

5.    VST objects to each specific interrogatory set forth in the Interrogatories to the extent that it seeks information that is not relevant to Count I (Infringement of the '966 patent) of the Complaint.  The remaining counts of the Complaint were dismissed on April 14, 2004.  To the extent those counts have been reasserted in the Amended Complaint, they are the subject of VST's pending Motion to Dismiss, and are not an appropriate subject of discovery.

6.    VST objects to producing information concerning the use, manufacture, sale, or offer for sale of VST Speech Recognition Products before the issuance of the '966 patent on December 31, 2002, on the grounds that any interrogatory calling for such information is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Except where noted, VST will produce only information concerning its use, manufacture, sale, or offer for sale of VST Speech Recognition Products on or after December 31, 2002.

7.    Nothing in VST's responses should be construed as confirmation that documents exist.  Any statement that VST will produce documents means that responsive documents will be produced if located.

8.    VST objects to the production of confidential business and proprietary

information in response to the Interrogatories except pursuant to, and after the entry of, a

confidentiality stipulation and/or protective order to preserve the confidentiality of certain

documents.

9.    Except where specifically noted, VST incorporates each of its general objections

into each of its responses below as if set forth fully therein.

## SPECIFIC OBJECTIONS AND ANSWERS

**Interrogatory No. 1:**

Identify each VST Speech Recognition Product by model number, order number, list
number, commercial name, trade name, trade designation, trademark, common name, serial
number, and every other designation used by Voice Signal and/or its customers to refer to said
products.

**Answer No. 1:**

VST objects to Interrogatory No. 1 on the grounds that it is vague and overly broad.

Subject to and without waiving the forgoing objections or the General Objections set forth

above, VST states that it sold or supplied the following Speech Recognition Products on or after

December 31, 2002:  VSuite 1.0, VSuite 1.1, VSuite 1.2, VSuite 1.3.

**Interrogatory No. 2:**

Identify, separately for each item, the person most knowledgeable regarding the
conception, research, design, development, reduction to practice, testing, manufacture, technical
specifications, material composition, use, marketing, public disclosure, distribution, importation
into the U.S., offer of sale and/or sale of each VST Speech Recognition Product, and describe the
knowledge of each such person.

**Answer No. 2:**

The following persons have knowledge concerning the conception, research, design and

development of VST Speech Recognition Products:  William Barton, Vice-President,

3

Engineering; James Coughlin, Principal Software Engineer; Thomas Lazay, Vice-President, Product Management; and Daniel Roth, President.

The following persons have knowledge concerning the marketing, public disclosure, offer for sale and sales of VST Speech Recognition Products: Mark Fumari, Vice-President, Business Development; Mira Genser, PR Consultant; Richard Geruson, Chief Executive Officer; Thomas Lazay, Vice-President Product Management; Jan Panizar, Vice-President, Sales; Chris Reiner, Vice-President, Global Accounts; and Daniel Roth, President.

**Interrogatory No. 3:**

Identify every sale, license, distribution or transfer of VST Speech Recognition Product, including the recipient's name and address, the number of said products sold, licensed, distributed or otherwise transferred, the place of transfer, the amount of any remuneration therefor, profit/loss realized by Voice Signal thereon, and every document concerning same.

**Answer No. 3:**

VST objects to Interrogatory No. 3 on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections or the General Objections set forth above, VST states that, to date, it has entered into license agreements with the following companies for its products: Curitel, Motorola, Panasonic, Samsung and Sendo. If and to the extent that ScanSoft makes a specific and reasonable allegation that a particular VST Speech Recognition Product infringes a particular claim of the '966 patent, at a mutually agreeable time, and in accordance with VST's Response Nos. 13, 14, 15, 16 and 18 to Plaintiff's First Set of Document Requests, VST will cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents sufficient to determine the profits earned and losses incurred with respect to VST Speech Recognition Products.

**Interrogatory No. 4:**

State the gross revenue derived from, and profit/loss realized by Voice Signal for, the sale of each VST Speech Recognition Product in monetary value (e.g., U.S. dollars) and units of sales, from the date of first sale to the present, and identify every document concerning same and the persons with principal knowledge thereof.

**Answer No. 4:**

VST objects to Interrogatory No. 4 on the grounds that it is vague, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections set forth above, VST

refers to and incorporates by reference its response to Interrogatory No. 3. The persons within

VST most knowledgeable regarding VST's licenses of its Speech Recognition Products and the

attendant revenues and expenses, are: Richard Geruson, Chief Executive Officer; Thomas

Lazay, Vice-President Product Management; Jan Panizar, Vice-President, Sales; and Daniel

Roth, President.

**Interrogatory No. 5:**

With respect to each VST Speech Recognition Product, state the standard manufacturing costs and the basis for computation of profit, and identify each direct or indirect expense Voice Signal will claim as a charge against revenue, including raw materials, labor, general and administrative expense and the like, state the basis for computing charges against revenue, and identify each person who calculated or is knowledgeable regarding Voice Signal's profits and charges against revenue, and identify each document which relates to the calculation of profits and charges against revenue.

**Answer No. 5:**

VST objects to Interrogatory No. 5 on the grounds that it is vague, overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections or the General Objections set forth above, and in

accordance with VST's Response Nos. 13, 14, 15, 16 and 18 to Plaintiff's First Set of Document

Requests, if and to the extent that ScanSoft makes a specific and reasonable allegation that a

particular VST Speech Recognition Product infringes a particular claim of the '966 patent, VST
will cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents
sufficient to determine the profits earned and losses incurred with respect to VST Speech
Recognition Products from December 31, 2002 to the present.

**Interrogatory No. 6:**

Identify all agreements between Voice Signal and any person regarding the conception,
research, design, development, testing, manufacture, use, marketing, sale, offer of sale,
distribution, importation into the U.S., or other transfer of each VST Speech Recognition Product
(including but not limited to any license agreements, indemnification agreements, sales
agreements, agreements concerning patents and applications therefor, trade secrets, research and
development, design, and/or distribution agreements), identify every document concerning same,
and identify the persons with principal knowledge thereof.

**Answer No. 6:**

VST objects to Interrogatory No. 6 on the grounds that it is vague, overly broad, unduly
burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.
Subject to and without waiving these objections or the General Objections set forth above, VST
states that, to date, it has entered into license agreements with the following companies for its
products:  Curitel, Motorola, Panasonic, Samsung and Sendo.  The persons within VST with
principle knowledge of these agreements are:  Mark Fumari, Vice-President, Business
Development; Richard Geruson, Chief Executive Officer; Jan Panizar, Vice-President, Sales;
Chris Reiner, Vice-President, Global Accounts; and Daniel Roth, President.  VST also has sales
agency agreements with Semicon Networks Co., Ltd., Techmosa, Kaizen, Longterm Electronics
Co., Ltd., and Advent Electronics Pte Ltd.  VST reserves the right to supplement this answer at
an appropriate time.

**Interrogatory No. 7:**

Identify the date and means by which Voice Signal first learned of the existence of the
patent-in-suit or application therefor, every document concerning same, and the persons with
principal knowledge of same.

**Answer No. 7:**

VST Objects to Interrogatory No. 7 to the extent that it is vague and overly broad.

Subject to and without waiving the forgoing objections or the General Objections set forth

above, VST states that it first became aware of the '966 patent on or about February 23, 2004

when it read a press release issued by ScanSoft announcing the instant litigation.

**Interrogatory No. 8:**

Identify all trade secrets of ScanSoft (or its predecessors, including without limitation
Dragon Systems and Lernout & Hauspie) that were in the possession of or known to Laurence S.
Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr at the time they became
employees of Voice Signal. For each such trade secret, state whether and how it was disclosed
to Voice Signal, whether and how it was used by Voice Signal, whether and how each of those
four individuals and/or Voice Signal took any steps to prevent such disclosure or use, and
identify any discussions and/or communications between Voice Signal and the individual
defendants regarding those trade secrets.

**Answer No. 8:**

VST objects to Interrogatory No. 8 on the grounds that it is vague, overly broad, and not

reasonably calculated to lead to the discovery of admissible evidence. VST further objects to

Interrogatory No. 8 on the grounds that the claims relating to allegations of misappropriation of

trade secrets were dismissed on April 14, 2004. To the extent those counts have been reasserted

in the Amended Complaint, they are the subject of VST's pending Motion to Dismiss, and are

not an appropriate subject of discovery.

**Interrogatory No. 9:**

Identify every document, including but not limited to documents in electronic format
and/or source code, in the possession of Laurence S. Gillick, Robert S. Roth, Jonathan P.
Yamron, or Manfred G. Grabherr at the time they became employees of Voice Signal that were
related to their employment at Dragon Systems and/or Lernout & Hauspie and/or their work on
Speech Recognition Products at those companies.

**Answer No. 9:**

VST objects to Interrogatory No. 9 on the grounds that it is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Interrogatory No. 9 on the grounds that the claims relating to allegations of misappropriation of trade secrets were dismissed on April 14, 2004. To the extent those counts have been reasserted in the Amended Complaint, they are the subject of VST's pending Motion to Dismiss, and are not an appropriate subject of discovery.

**Interrogatory No. 10:**

Identify every VST Speech Recognition Product worked on by the individual defendants at Voice Signal, including without limitation, the product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E, and specify the contribution(s) of each individual defendant to the conception, research, design, development, reduction to practice, testing, offer of sale and/or sale of those products.

**Answer No. 10:**

VST objects to Interrogatory No. 10 on the grounds that it is vague, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Interrogatory No. 10 on the grounds that the claims relating to allegations of misappropriation of trade secrets were dismissed on April 14, 2004. To the extent those counts have been reasserted in the Amended Complaint, they are the subject of VST's pending Motion to Dismiss, and are not an appropriate subject of discovery.

**Interrogatory No. 11:**

Identify every disclosure or communication of any kind between Voice Signal and any other person for determination of whether any features of any of VST's Speech Recognition Products infringe the patent-in-suit, or whether the patent-in-suit is valid and enforceable, and with regard to each such disclosure or communication, identify each document relating thereto, including but not limited to any opinions of counsel, prior art patents, printed publications, and other documents related thereto.

**Answer No. 11:**

VST objects to Interrogatory No. 11 to the extent that is seeks discovery of information

protected from disclosure by the attorney-client privilege and/or work-product privilege, and

seeks information that is not reasonably calculated to lead to the discovery of admissible

evidence. If and to the extent that VST chooses to rely upon the advice of counsel, it will

supplement this interrogatory accordingly. There are no other disclosures or communications

that are responsive to this Interrogatory.

**Interrogatory No. 12:**

Identify every disclosure or communication of any kind between Voice Signal and any
other person for determination of whether any features of any of VST's Speech Recognition
Products contain or utilize any trade secrets of ScanSoft (or its predecessors, including without
limitation Dragon Systems and Lernout & Hauspie), and with regard to each such disclosure or
communication, identify each document relating thereto, including but not limited to any
opinions of counsel.

**Answer No. 12:**

VST objects to Interrogatory No. 12 on the grounds that it is vague, overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence. VST

further objects to Interrogatory No. 12 on the grounds that claims relating to allegations of

misappropriation of trade secrets were dismissed on April 14, 2004. To the extent those counts

have been reasserted in the Amended Complaint, they are the subject of VST's pending Motion

to Dismiss, and are not an appropriate subject of discovery. VST further objects to Interrogatory

No. 12 to the extent that it seeks discovery of information protected from disclosure by the

attorney-client privilege and/or work-product privilege.

**Interrogatory No. 13:**

State the basis for the contention in Voice Signal's first affirmative defense and first
counterclaim that it has not infringed or induced infringement of the '966 Patent, and for each
VST Speech Recognition Product, identify separately (i) each reason said product or service does
not infringe any valid claim of the patent-in-suit, and, (ii) for each claim of the patent-in-suit,

9

each reason why said product or service does not contain every element of the claim literally or by doctrine of equivalents, and for each reason provided in your answer to parts (i) and (ii) of this interrogatory, state the full particulars of all facts concerning said reason (including identification of each element or limitation of the claims in the patent-in-suit allegedly not included in each VST Speech Recognition Product), and identify (a) the statutory, regulatory or other provision relating thereto, (b) each person with knowledge concerning said reason, (c) each document concerning said reason, and (d) each communication between Voice Signal and any other person concerning said reason.

**Answer No. 13:**

VST objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects to providing a claim analysis as to any VST Speech Recognition Product unless and until ScanSoft has made a specific and reasonable allegation that the particular VST Speech Recognition Product infringes the particular claim. (Under no circumstances should VST's production of responsive information concerning any VST Speech Recognition Product or claim be deemed an admission by VST that ScanSoft states a reasonable basis for alleged infringement.) VST further objects to Interrogatory No. 13 on the grounds that it is premature, as the Court has scheduled a claim construction hearing which is not to be held until May 26, 2005. Subject to and without waiving the foregoing objections or the General Objections set forth above, VST will provide responsive information with respect to allegedly infringing VST Speech Recognition Products sold on or after December 31, 2002 once ScanSoft provides specific and reasonable basis for alleged infringement, and adequate confidentiality protections have been established with respect to such information.

By way of further response, VST states that its Speech Recognition Products do not infringe any claim of the '966 patent for at least the following reasons: (1) no VST Speech Recognition Product uses a speech recognition method for a mobile telecommunication system;

(2) no VST Speech Recognition Product is a system associated with a mobile telecommunication

switch.

VST expressly reserves its right to supplement this interrogatory answer at an appropriate

time.

**Interrogatory No. 14:**

If Voice Signal contends that any claim or portion thereof of the patent-in-suit is limited by its terms, by the prior art, by amendments made to the claims, and/or by assertions or representations made by the United States Patent and Trademark Office during the prosecution of the underlying patent application, for each such contention identify separately each reason for Voice Signal's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reasons), and (c) each communication between Voice Signal and any other person concerning said reason.

**Answer No. 14:**

VST objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, and is

premature, as discovery has only begun in this matter (ScanSoft has yet to identify which claims

it believes are infringed or why it believes that any such claim is infringed), and a claim

construction hearing is not scheduled for the '966 patent until May 26, 2005.  VST further

objects to Interrogatory No. 14 to the extent it seeks the disclosure of the thought process of

counsel, or discovery of information otherwise protected from disclosure by the attorney-client

privilege and/or work doctrine.

**Interrogatory No. 15:**

State the basis for Voice Signal's second affirmative defense and first counterclaim, and identify each claim or portion thereof of the patent-in-suit which Voice Signal alleges is invalid, unenforceable, or otherwise fails to comply with the provisions of 35 U.S.C. §§ 101, 102 or 103, identify separately each reason the claim or portion thereof is allegedly invalid or unenforceable, or otherwise fails to comply with those provisions, state the basis for each such reason, and for each such reason identify (a) each such claim or portion thereof (e.g., by column and line number); (b) each person with knowledge concerning said reason, (c) each document concerning said reason, including without limitation specific prior art references; and (d) each communication between Voice Signal and any other person concerning said reason.

**Answer No. 15:**

VST objects to Interrogatory No. 15 on the grounds that questions as to both invalidity and unenforceability constitute two separate interrogatories.

With respect to invalidity, VST objects to Interrogatory No. 15 on the grounds that it is premature. VST will respond in accordance with 35 U.S.C. § 282, as agreed by the parties, or as instructed by the Court. In addition, VST objects on grounds that adequate confidentiality protections have not yet been established with respect to such information.

With respect to unenforceability, VST objects to Interrogatory No. 15 on the grounds that it is premature, and discovery is still ongoing. VST further objects to Interrogatory No. 15 to the extent it seeks to discover the thought process of counsel, or the production of information otherwise protected from disclosure by the attorney client privilege and/or work product doctrine.

**Interrogatory No. 16:**

With respect to Voice Signal's contentions in its third and fourth affirmative defenses that ScanSoft is barred from asserting the claims of the patent-in-suit under the doctrines of laches, estoppel and unclean hands, state the basis for said contention, and identify each person with knowledge concerning said contention.

**Answer No. 16:**

VST objects to Interrogatory No. 16 on the grounds that questions as to the basis of multiple affirmative defenses constitute multiple, separate, interrogatories. VST further objects to Interrogatory No. 16 on the basis that it is premature, as discovery in this action is in the earliest stages (no documents have yet been produced by ScanSoft). VST further objects to Interrogatory No. 16 on the grounds that it improperly calls for a legal conclusion, seeks disclosure of the thought process of counsel, and otherwise seeks discovery of information protected from disclosure by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving the foregoing objections or the General Objections set forth above, VST states that ScanSoft's assertion of the '966 patent against VST is not in good faith, and is instead intended to interfere with VST's legitimate business interests. The patent describes and claims the invention of a mobile telecommunication system comprising a voice recognizer located at or in association with a central switch, and no VST Speech Recognition Product comprises (a) a mobile telecommunication system, or (b) a voice recognizer located at or in association with a central switch. VST further states that if ScanSoft has a good faith basis to assert infringement by VST of the '966 patent, ScanSoft is barred from doing so due to its unreasonable delay in asserting its patent rights.

**Interrogatory No. 17:**

Identify any reasons other than those specified in answers to previous interrogatories, on which Voice Signal will rely as showing that any claim of the patent-in-suit is invalid, unenforceable, or not infringed, and for each such reason, fully summarize all facts relevant to such reason, identify all documents which contain any facts pertaining to or reflecting on such reason, and identify all persons having knowledge of such facts.

**Answer No. 17:**

VST objects to Interrogatory No. 17 on the grounds that it is premature in that discovery in this action is in the earliest stages (ScanSoft has yet to produce any documents), and that it is duplicative of other Interrogatory Requests. VST further objects to Interrogatory No. 17 on the grounds that it improperly calls for a legal conclusion, seeks disclosure of the thought process of counsel, or otherwise seeks discovery of information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections or the General Objections set forth above, VST refers ScanSoft to its Answers Nos. 13, 14, 15 and 16.

**Interrogatory No. 18:**

State the basis for Voice Signal's second counterclaim (infringement of U.S. Patent No. 6,594,630), identify each ScanSoft product or process that you contend infringes any claim of the '630 Patent, and for each such product or process, provide an infringement claim chart that identifies and explains how each element of each asserted claim is met by said product or process, including but not limited to whether the alleged infringement is literal or by the doctrine of equivalents, and state for each asserted claim whether you contend the alleged infringement is direct or by active inducement or by contributory infringement. If you allege the claim includes elements subject to 35 U.S.C. § 112(6), identify the "corresponding structure, material, or acts described in the specification" and explain, for each such element, why the "corresponding structure, material, or acts described in the specification" are the same as, or equivalent to, specifically identified "structure, material, or acts" in the accused product(s). Identify the nature and amount of damages which Voice Signal has allegedly suffered in connection with ScanSoft's alleged conduct giving rise to that claim, identify all documents concerning the facts stated or identified in your answer to this interrogatory, and identify all persons having knowledge of such facts.

**Answer No. 18:**

VST objects to Interrogatory No. 18 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST also objects on the grounds that Interrogatory No. 18 is premature since information responsive to this interrogatory is in the possession, custody or control of ScanSoft, and ScanSoft has yet to produce documents in this matter. Subject to and without waiving the forgoing objections or the General Objections set forth above, VST states that, based on currently available information, such as ScanSoft's marketing material, presentation material and website, at least the ASR-1600, ASR-3200, VoCon 3200 and VoCon SF products infringe, both literally and under the doctrine of equivalents, one or more claims of the '630 patent. VST reserves the right to supplement this response and/or to add additional claims as discovery in this case continues. Based upon currently available public information, ScanSoft's' infringement of independent claims 7 and 16 of the '630 patent (depicted in the claim chart below) is representative:

14

| Claim | '630 Patent | Accused Product |
|---|---|---|
| 7. | A method of activating an electrical device through at least one audio command from a user, the method comprising the steps of: | ScanSoft's infringing products activate an electrical device through voice commands (product literature available in ScanSoft's web site describes its automated speech recognition ("ASR") products as controlling devices, such as wireless phones, automobile electronics, and automated banking machines, through voice commands). |
| | recording speech recognition data having a command word portion and a pause portion, each of the speech recognition data portions being at least one syllable in length; | ScanSoft's infringing products recognize speech utterances which, on information and belief, work due to a command word portion and a pause portion and in which the command word portion and the pause portion are at least one syllable in length. |
| | receiving at least one audio command from a user, the at least one audio command having a command word portion and a pause portion, each of the audio command portions being at least one syllable in length; | ScanSoft's infringing products receive audio commands from a user, which, on information and belief, have a command word portion and a pause portion, and in which the command word portion and the pause portion are at least one syllable in length |
| | comparing said command word portion and said pause portion of said at least one received audio command with said command word portion and said pause portion, respectively, of said speech recognition data; | ScanSoft's infringing products compare speech commands with acoustic models for speech and pause. |
| | generating at least one control signal based on said comparison; | This recited claim step refers to generating a result from the comparison of the previous step; ScanSoft's infringing products generate at least one control signal based on the comparison of speech commands and acoustic models. |
| | controlling power delivered to an electrical device in response to said at least one control signal for operating the electrical device in response to said at least one received audio command; | ScanSoft's infringing products control power to an electrical device based upon the results of the comparison of the received audio command and the acoustic models. |

| | | |
|---|---|---|
| | analyzing the pause portion of the received audio command for spectral content; and | On information and belief, ScanSoft's infringing products analyze the spectral content of the pause portions during commands in order to determine the spectral content of such portions. |
| | preventing operation of the electrical device when the spectral content is dynamic. | On information and belief, ScanSoft's infringing products prevent operation of the electrical device if the pause portion during, before or after a command has dynamic content indicating noises or other events. |
| 16. | A method of activating an electrical device through at least one audio command from a user, the method comprising the steps of: | ScanSoft's infringing products activate an electrical device through voice commands (product literature available in ScanSoft's web site describes its automated speech recognition ("ASR") products as controlling devices, such as wireless phones, automobile electronics, and automated banking machines, through voice commands). |
| | recording speech recognition data having a command word portion and a pause portion, each of the speech recognition data portions being at least one syllable in length; | ScanSoft's infringing products recognize speech utterances which, on information and belief, work due to a command word portion and a pause portion and in which the command word portion and the pause portion are at least one syllable in length. |
| | receiving at least one audio command from a user, the at least one audio command having first and second command word portions and a first, second and third pause portion, each of the audio command portions being at least one syllable in length, said second pause portion having one syllable in duration before said first command word portion and said third pause portion having one syllable in duration after said second command word portion; | ScanSoft's infringing products can receive multi-word audio commands from a user. Each audio command is at least one syllable in length. On information and belief, there may be pauses before, during and after a multi-word command utterance, the length of these pauses consistently exceeds one syllable in length. |

| | comparing said command word portion and said pause portion of said at least one received audio command with said command word portion and said pause portion, respectively, of said speech recognition data; | ScanSoft's infringing products compare speech commands with acoustic models for speech and pause. |
|---|---|---|
| | generating at least one control signal based on said comparison; | This recited claim step refers to generating a result from the comparison of the previous step; ScanSoft's infringing products generate at least one control signal based on the comparison of speech commands and acoustic models. |
| | controlling power delivered to an electrical device in response to said at least one control signal for operating the electrical device in response to said at least one received audio command. | ScanSoft's infringing products control power to an electrical device based upon the results of the comparison of the training word(s) and the received audio command (the at least one control signal from the previous step). |

ScanSoft also infringes claims that depend from claims 7 and 16.

**Interrogatory No. 19:**

Separately identify each and every claim of the '630 Patent that you allege is infringed by ScanSoft, and provide a detailed claim interpretation for each limitation of each such claim, including, for any elements alleged to be expressed in means plus function language provided for by 35 U.S.C. § 112 ¶ 6, the corresponding structure, material or acts disclosed in the specification of the patent in suit and all equivalents thereof. Provide in detail all support for each interpretation including, but not limited to, references to column and line number of the patent specification, references to specific elements in the figures, references to page and paragraph of the prosecution history, and references to any other fact or contention in support of that interpretation. Separately identify each and every person who has personal knowledge or information about each of the facts set forth in response to this interrogatory, the individuals whom you believe to be most knowledgeable about the subject matter of this interrogatory and each and every document and thing which in any way supports each part of your answer in response to this interrogatory.

**Answer No. 19:**

VST objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST

also objects on the grounds that Interrogatory No. 19 is premature since information responsive

17

to this interrogatory is in the possession, custody or control of ScanSoft, and ScanSoft has yet to

produce documents in this matter. Subject to and without waiving the forgoing objections or the

General Objections set forth above, VST states that based on publicly available information,

such as newspaper articles, ScanSoft marketing material and websites, at least the ASR-1600,

ASR-3200, VoCon 3200 and VoCon SF infringe, both literally and by the doctrine of

equivalents, one or more claims of the '630 patent. ScanSoft's infringement of independent

claims 7 and 16 of the '630 patent (described in the claim chart in Answer No. 18) is

representative.

**Interrogatory No. 20:**

For each claim of the '630 Patent you allege is infringed by ScanSoft, state the following
information regarding conception and/or reduction to practice:

    a.    the date, place and circumstances under which the subject matter of that
    claim was conceived;

    b.    the identity of all persons who participated in, observed, witnessed or were
    otherwise involved in the conception of the subject matter of that claim;

    c.    the identity of all documents recording, referring to, or otherwise relating
    to the conception of the subject matter of that claim;

    d.    the date, place and circumstances under which the subject matter of that
    claim was first reduced to practice, either actually or constructively;

    e.    the identity of all persons who participated in, observed, witnessed or were
    otherwise involved in the first actual or constructive reduction to practice
    of the subject matter of that claim; and,

    f.    the identity of all documents recording, referring to, or otherwise relating
    to the first actual or constructive reduction to practice of the subject matter
    of that claim.

**Answer No. 20:**

VST objects to Interrogatory No. 20 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In

particular, VST objects to this interrogatory on the grounds that it does not seek relevant

information insofar as ScanSoft has not identified any purported prior art under 35 U.S.C.

§§ 102(a), (e) or (g) that might implicate dates of conception and reduction to practice. In the

event that ScanSoft identifies any such alleged prior art, VST will supplement this answer to the

extent necessary and appropriate. Subject to and without waiving the foregoing objections or the

General Objections set forth above, VST states that it will produce documents in response to

ScanSoft's First Set of Document Requests sufficient to identify the dates of first conception of

the invention and the date of first reduction to practice.

**Interrogatory No. 21:**

Identify each person who may be used at trial to present evidence under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence, and with respect to each such person, identify all opinions to be expressed, the basis and reasons for said opinions, the data or other information considered by the witness in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of said persons (including a list of all publications authored by said persons within the preceding ten (10) years, the compensation to be paid to the witness, if any, for said services, and a listing of any other cases in which they have testified under Rule 701, 702, 703 or 705 of the Federal Rules of Evidence at trial or by deposition with the preceding four (4) years), and the compensation to be paid to said persons for their study and testimony.

**Answer No. 21:**

VST objects to Interrogatory No. 21 on the grounds that it is overly broad, unduly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST

also objects on the grounds that Interrogatory No. 21 is premature since information responsive

to this interrogatory is in the possession, custody or control of ScanSoft, and ScanSoft and has

yet to produce documents in this matter.  VST will make appropriate disclosures for each witness

it intends to call at trial in the manner and at the time prescribed by the Court.

As to objections:

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
**CHOATE, HALL & STEWART**
Exchange Place/53 State Street
Boston, MA  02109
(617) 248-5000

*Attorneys for Voice Signal Technologies, Inc.*

Dated:  June 25, 2004
3708962_4.DOC

I, Daniel Roth, state under penalties of perjury that: I am the president of Voice Signal Technologies, Inc. ("VST"); I have read the foregoing answers to interrogatories and know the contents thereof; that said answers were prepared with the assistance and advice of counsel and employees of VST; that answers set forth herein, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently collected and thus far discovered in the course of the preparation of these answers; that VST reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein, these answers are true to the best of my knowledge, information and belief.

Interrogatory answers signed under the pains and penalties of perjury this 25th day of June, 2004.