UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>        Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR TUTORIAL IN ADVANCE OF SUMMARY JUDGMENT**

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby opposes the Request for Tutorial in Advance of Summary Judgment filed by defendant Voice Signal Technologies, Inc. ("VST").

VST's request for a tutorial is grossly premature and runs counter to the Scheduling Order entered by the Court (D.I. 41) upon which the parties previously agreed. As set forth in that scheduling order, the deadline for fact discovery is January 15, 2005, the deadline for expert discovery is March 15, 2005, and summary judgment and Markman motions are to be filed by March 30, 2005 and heard on May 26, 2005. In accord with this schedule, the parties are currently in the middle of fact discovery, and expert discovery has yet to begin. When summary judgment motions and Markman issues are heard on May 26, 2005, after an appropriate opportunity for fact and expert discovery as set forth by this Court's Scheduling Order, ScanSoft intends to work cooperatively with VST to ensure that the Court is educated as to the technology at issue to facilitate the Court's consideration and disposition of any pending motions. A tutorial

prior to that time, as requested by VST's motion, would be unnecessary, uninformative and untimely.[1]

Moreover, ScanSoft takes issue with VST's statement that it "intends to file an early motion for summary judgment." Any motion for summary judgment by VST prior to the close of discovery would be premature. The discovery process is critical in this complex patent infringement case, and VST offers no support for its assertion that the issues it plans to raise when it files for summary judgment "require[] no discovery and little or no claim construction." The fact that ART Advanced Recognition Technologies ("ART") filed a motion for Summary Judgment is of no moment, as that motion is also grossly premature. For the reasons set forth in ScanSoft's Memorandum in Opposition to ART's Motion for Summary Judgment (D.I. 28, Civil Action No. 10840-PBS), ScanSoft opposes any attempt by VST to have this matter peremptorily adjudicated without the legally sufficient evidence or the procedural and legal safeguards that ensure the fair and just resolution of patent cases.

Finally, VST's request should be denied because it is not clear what VST is proposing to do. VST's motion fails to identify what its proposed tutorial would consist of, the persons who would present the tutorial,[2] the documents that would be used at the tutorial, and the relevant topics upon which the tutorial would be focused. ScanSoft requested such information during the parties' teleconference pursuant to Local Rule 7.1, but VST declined to provide it.[3] Having

---

[1] The premature nature of VST's current request is also made clear by the fact that, despite its assertion that a tutorial would help the Court "to understand and decide Voice Signal's motion for Summary Judgment," VST has not yet filed a motion for summary judgment.

[2] As noted above, the parties have not begun expert discovery, neither side has designated expert witnesses at this point, and no depositions have been noticed or taken.

[3] In these circumstances, it is doubtful whether VST complied with Local Rule 7.1. Indeed, in a good faith effort to understand the basis for VST's motion, ScanSoft asked that VST show its motion to

failed to provide ScanSoft or the Court with any relevant details about the tutorial it requests, VST's motion should be denied.

For the foregoing reasons, ScanSoft respectfully requests that this Court deny VST's request for a tutorial in advance of summary judgment.

Dated:  October 21, 2004

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 340940.1

---

ScanSoft before filing, but VST refused.  As a result, prior to the filing of VST's request, ScanSoft was not given any meaningful opportunity to narrow the issues that request now raises before the Court.

3