# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCANSOFT, INC., )
  )
              Plaintiff, )
  )
         v. )   C.A. No. 04-10353-PBS
  )
VOICE SIGNAL TECHNOLOGIES, INC., )
  )
              Defendants. )

**DEFENDANTS' FIRST SET OF
DOCUMENT REQUESTS TO PLAINTIFF**

Defendant/counter-claim plaintiff, Voice Signal Technologies, Inc. ("VST") hereby requests, pursuant to Fed. R. Civ. P. 34, that plaintiff/counter-claim defendant, ScanSoft, Inc. ("ScanSoft") make the following documents and things available for inspection and copying at the offices of Choate, Hall & Stewart, 53 State Street, Boston, Massachusetts 02109 within (30) days receipt of this Request.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below.

1. The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

2. The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3. "VST" shall mean Voice Signal Technologies, Inc. and any and all predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

4. "ScanSoft," "you," and "your" shall mean ScanSoft, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

5. "'966 Patent" means United States Patent No. 6,501,966.

6. "'630 Patent" means United States Patent No. 6,594,630.

7. "Small Platform Voice Recognition System" means any system, process or product for analyzing a human voice for the purpose of controlling, affecting or implementing a function of an appliance, cell phone or wireless phone, personal digital assistant, automotive system, toy or any device that employs or provides voice control of a device.

8. "VCT" means Voice Control Technologies, Inc., and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents and attorneys.

9. "Phillips N.A." means Phillips Electronics North America Corporation, and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.V.

10. "Phillips N.V." means KoninKlijke Phillips Electronics N.V., and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.A.

11. "Phillips Electronics" means Phillips N.A. and Phillips N.V.

12. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) orally, in writing, in person, or by the use of any device.

13. The term "concerning" shall mean regarding, mentioning, referring to, relating to, memorializing, describing, evidencing, commenting on, constituting or containing.

14. "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to ScanSoft or within ScanSoft's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

15. The terms "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other form of legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, officials, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

16. The term "including" shall mean "including, but not limited to."

### INSTRUCTIONS

A. These requests require the production of documents in the possession, custody or control of ScanSoft, as defined above, and not merely ScanSoft, Inc.

B. These requests shall be deemed continuing, and ScanSoft is required to supplement its response with documents or things requested herein that presently are unavailable or unknown to ScanSoft, but which later become available or known to ScanSoft.

C. Each document request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

D. As to documents or portions of documents responsive to these requests for which ScanSoft asserts a privilege or which ScanSoft asserts are otherwise not subject to production, please identify each withheld document, stating with respect to each such document:

(a) the date of the document;

(b) the title of the document;

(c) the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

(d) the name, employer and title of the author(s) of the document;

(e) the name, employer and title of each person to whom the document was addressed and each person who was to receive or who actually did receive the document or a copy thereof;

(f) the subject matter of the document;

(g) the identity of each person having possession, custody or control of the document; and

(h) the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production with respect to the document.

E. The responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests. If there are no documents or things responsive to a specific request, ScanSoft shall so state in writing in its response.

F. Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

G. Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in

4

either ScanSoft's business files or in the personal files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

## REQUESTS

### REQUEST NO. 1

All documents concerning the '966 Patent.

### REQUEST NO. 2

All documents concerning the '630 Patent.

### REQUEST NO. 3

All documents concerning VST.

### REQUEST NO. 4

All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including, all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

### REQUEST NO. 5

All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

REQUEST NO. 6

All documents concerning any effort by ScanSoft to design, redesign, rework, change plans for, or modify any ScanSoft product in view of the '630 Patent.

REQUEST NO. 7

All analyses of the '630 Patent, including any legal opinion concerning the '630 Patent.

REQUEST NO. 8

All documents relating to the circumstances in which ScanSoft first became aware of the '630 Patent.

REQUEST NO. 9

All documents concerning the preparation, filing, prosecution, or disclosures of any application leading, directly or indirectly, to the issuance of the '966 Patent, any patent or patent application that claims priority to any such application (a "Related Patent/Application"), or any foreign counterpart of the '966 Patent ("'966 Foreign Counterpart").

REQUEST NO. 10

All documents concerning any prior art search performed in connection with any application leading, directly or indirectly, to the issuance of the '966 Patent, to any Related Patent/Application or any '966 Foreign Counterpart.

REQUEST NO. 11

All documents concerning any device, publication or activity that has been identified by anyone as prior art in relation to the '966 patent, any Related Patent/Application or '966 Foreign Counterpart, and all documents concerning any such device, publication or activity.

REQUEST NO. 12

All documents concerning the manufacture, use, licensing, offer for sale, sale, display or capabilities of voice recognition technology in connection with (a) a cellular telephone, wireless telephone or cellular or wireless communication system, or (b) the placing of any telephone call of any kind, prior to April 13, 1992.

REQUEST NO. 13

All documents that constitute, contain, or refer to, any publication by any of the named inventors of the '966 Patent relating to voice recognition technology.

REQUEST NO. 14

All documents relating to any sale, offer for sale, licensing, offer to license or demonstration of voice recognition technology developed (in whole or in part) by VCT, or any use of such technology by, or in the presence of, persons who were not VCT employees.

REQUEST NO. 15

All documents concerning any licensing of, or offer to license, voice recognition technology by, or to, VCT, Phillips Electronics or ScanSoft.

REQUEST NO. 16

All documents concerning the actual, potential or proposed transfer (a) between Phillips N.A. and Phillips N.V. or (b) by Phillips N.A. and/or Phillips N.V., or any related entity, to ScanSoft, of the '966 Patent, any Related Patent/Application or any '966 Foreign Counterpart, including documents concerning any analysis of the '966 Patent, any Related Patent/Application or any '966 Counterpart Patent, provided to, or performed by or at the request of, ScanSoft in connection with any such actual or proposed transfer.

### REQUEST NO. 17

All documents concerning any communication or agreement between ScanSoft and Bernard F. Bareis, Peter J. Foster or Thomas B. Schalk.

### REQUEST NO. 18

All documents concerning payment of reduced fees under 37 C.F.R. 1.27 in connection with the prosecution of any application leading to the '966 Patent.

### REQUEST NO. 19

All documents concerning the discovery, development, or use, by or at Texas Instruments of any subject matter disclosed or claimed in the '966 Patent.

### REQUEST NO. 20

All documents concerning any civil or criminal action to which any of Bernard J. Bareis, Peter J. Foster or Thomas B. Schalk was a party, or to any testimony by affidavit, at a deposition or at trial, in any civil or criminal action by any of Messrs. Bareis, Foster or Schalk.

### REQUEST NO. 21

All documents concerning any actual, proposed or potential marketing, sale, lease, license, offer for sale, offer for lease or offer for license by ScanSoft of any Small Platform Voice Recognition System in the United States, including all proposals made, and contracts entered into, by ScanSoft concerning the sale, lease or license of a ScanSoft Small Platform Voice Recognition System.

### REQUEST NO. 22

All documents concerning any consideration or analysis of any VST product or process, the question whether any such product or process infringes a patent owned by or licensed to

8

ScanSoft, or the effect that the sale or licensing of any such VST product, or the use of any such process, has or has had on sales or licensing of any ScanSoft product.

### REQUEST NO. 23

All documents concerning any analysis of the possible infringement of the '966 Patent by any product or process of any person other than VST.

### REQUEST NO. 24

All documents concerning any loss of revenues or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

### REQUEST NO. 25

All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra*.

### REQUEST NO. 26

All documents that ScanSoft intends to use as evidence at trial.

### REQUEST NO. 27

All documents concerning ScanSoft's decision to bring suit against VST.

### REQUEST NO. 28

All documents concerning any communications between ScanSoft and VST.

REQUEST NO. 29

All documents concerning the civil action entitled *Lernout & Hauspie Speech Products N.V. et al. v. Gillick, et al"*, Middlesex Superior Court C.A. No. 01-3924, excluding only pleadings in the public file of that case.

REQUEST NO. 30

All documents concerning any actual, potential or proposed communication by ScanSoft with any person or entity other than VST regarding this action or any fact or conduct alleged by any party in this action.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

_____
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place/53 State Street
Boston, MA 02109
(617) 248-5000

Dated: May 26, 2004
3698498_1.DOC

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 5/26/04 _____

10