UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) |
| Defendants. | ) |

**VOICE SIGNAL TECHNOLOGIES, INC.'S REQUEST FOR TUTORIAL
IN ADVANCE OF ADJUDICATION OF DISCOVERY MOTIONS**

Defendant and counterclaim plaintiff Voice Signal Technologies, Inc. ("Voice Signal") requests the opportunity to present a tutorial to the Court on the technology underlying the patents in dispute in this case before the Court rules on the parties' respective motions to compel the production of documents.

Plaintiff and counterclaim defendant ScanSoft, Inc. ("ScanSoft") commenced this action alleging that Voice Signal infringes United States Patent No. 6,501,966 (the "'966 Patent"). Voice Signal has counterclaimed alleging that ScanSoft infringes United States Patent No. 6,594,630 (the "'630 Patent").

While both patents relate generally to speech recognition, they are fundamentally different. Voice Signal's '630 Patent pertains to the internal workings of a speech recognition system. Voice Signal's Patent claims, among other things, the use of a complex algorithmic model, called a "Hidden Markov Model," for comparing spoken commands to stored speech

recognition data.  In contrast, ScanSoft's '966 Patent pertains to an external user interface for a mobile telecommunications system.  ScanSoft's Patent claims a user interface for mobile telephones that requires a mobile phone user to state a command of a first type or second type to dial a phone number.

The parties have demanded the production of source code documents for each other's products.  Voice Signal needs ScanSoft's source code documents to determine whether ScanSoft's products employ an algorithmic model like the Hidden Markov Model claimed in Voice Signal's '630 Patent.

ScanSoft, in contrast, does _not_ need source code documents to determine whether Voice Signal's products employ the user interface claimed in the '966 Patent.  ScanSoft only needs documents describing how the user interface of Voice Signal's products functions.  Voice Signal has produced numerous such documents, including user interface specifications, design specifications, and flow diagrams.

This discovery dispute is of critical importance to Voice Signal.  As a small, private company focused on developing speech recognition software for mobile phones, Voice Signal's most important asset is its technology.  Its source code is its lifeblood.  Therefore, before the Court decides whether to compel Voice Signal to relinquish its source code to ScanSoft, Voice Signal respectfully requests that it be given the opportunity to describe the technology at issue in each patent and to explain why ScanSoft does not need Voice Signal's source code to determine whether Voice Signal's accused products infringe ScanSoft's Patent.

WHEREFORE, Voice Signal requests that the Court schedule a tutorial on the technology underlying the patents in dispute before ruling on the parties' motions to compel.

> Respectfully submitted,
>
> VOICE SIGNAL TECHNOLOGIES, INC.
>
> By its attorneys,
>
> /s/ Paul E. Bonanno
> Robert S. Frank, Jr. (BBO No. 177240)
> Sarah Chapin Columbia (BBO No. 550155)
> Paul D. Popeo (BBO No. 567727)
> Paul E. Bonanno (BBO No. 646838)
> CHOATE, HALL & STEWART
> Exchange Place
> 53 State Street
> Boston, MA  02109
> (617) 248-5000

Dated:  November 11, 2004

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for Voice Signal conferred telephonically with counsel for ScanSoft on November 10, 2004 in an effort to resolve the issues presented in this Request.  ScanSoft's counsel does not dispute that a tutorial will be needed, but does take the position that Voice Signal's Request is premature.

> /s/  Paul E. Bonanno
> Paul E. Bonanno

3767936_1.DOC