UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF VOICE SIGNAL TECHNOLOGIES, INC.'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant and counterclaim plaintiff Voice Signal Technologies, Inc. ("Voice Signal") submits this memorandum in support of its Motion to Compel Production of Documents.

**Background**

This is a patent infringement case. Plaintiff and counterclaim defendant ScanSoft, Inc. ("ScanSoft") commenced this action alleging that Voice Signal infringes United States Patent No. 6,501,966 (the "'966 Patent"). *See* Amended Complaint at 10.[1] Voice Signal has counterclaimed alleging that ScanSoft infringes United States Patent No. 6,594,630 (the "'630 Patent"). *See* Answer and Counterclaim at 5.

Voice Signal is a small, private company established in 1995 and widely acknowledged for its technology innovation. It is focused on developing and marketing software specifically

---

[1] ScanSoft also asserts several state law claims in its Amended Complaint. Those claims are the subject of a pending motion to dismiss and are unrelated to ScanSoft's patent infringement claim.

designed to reside in mobile telephones which enables the telephones to respond to voice commands.

Voice Signal's '630 Patent is for an invention called "Voice-Activated Control for Electrical Device." The invention enables the control of electronic devices through human speech. The '630 Patent claims, among other things, the use of a "Hidden Markov Model" for comparing spoken commands to stored speech recognition data. A Hidden Markov Model is a complex statistical model that uses algorithms to recognize patterns in data. Products incorporating the '630 Patent include a Hidden Markov Model in their software.

ScanSoft is a publicly traded corporation, with offices around the world. ScanSoft has used its considerable financial assets to consolidate speech recognition technology manufacturers. It has acquired speech technology assets from Lernout & Hauspie, Royal Philips Electronics, and SpeechWorks. ScanSoft was assigned the '966 Patent when it acquired Philips' assets.

The '966 Patent is for an invention called "Speech Recognition System for Electronic Switches in a Non-Wireline Communications Network." The '966 Patent claims a user interface for mobile telephones that requires a mobile phone user to state a command of a first type or second type. If a mobile phone user states a first command type (*e.g.*, the words "Digit Dial"), the claimed invention then collects spoken digits (*e.g.*, "555-1000") representing a telephone number. If a mobile phone user states a second command type (*e.g.*, the word "Call"), the claimed invention then matches the subsequent spoken keyword (*e.g.*, "Home") to a stored telephone number.

On May 26, 2004, Voice Signal served its First Set of Document Requests (the "Requests") on ScanSoft requesting, among other things, the production of documents relating to

the technical specifications for ScanSoft's products (Document Request Nos. 4 and 5), the loss of revenue or profits by ScanSoft by reason of Voice Signal's conduct (Document Request No. 24), and revenue received and costs incurred by ScanSoft in connection with the sale or licensing of its voice recognition systems (Document Request No. 25). A copy of the Requests is attached hereto as Exhibit A.

ScanSoft served its Response to Defendant's First Set of Document Requests (the "Response") on or about June 28, 2004. A copy of the Response is attached hereto as Exhibit B. In its Response, ScanSoft objected to producing several categories of documents on the grounds that Voice Signal had not produced similar documents in response to ScanSoft's document requests. Consistent with its objections, ScanSoft has failed to produce whole categories of responsive documents.

## Argument

**I.    ScanSoft Has Improperly Refused To Produce Technical Documents.**

Voice Signal Document Request No. 4 requests the production of:

> All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including, all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

Document Request No. 5 requests the production of:

> All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

*See* Requests at 5.

Voice Signal needs the technical documents described in Document Request Nos. 4 and 5 to determine whether ScanSoft's products infringe the '630 Patent. A ScanSoft product might infringe the '630 Patent if, for example, its software employs a Hidden Markov Model to compare spoken commands to stored speech recognition data. To determine whether the software of a ScanSoft product employs a Hidden Markov Model, Voice Signal must examine the source code listings for the product.

A number of ScanSoft products analyze human speech for the purpose of controlling an electronic device. Those products include Speech2Go, VoCon 3200, VoCon SF, and the ASR-1600. *See* ScanSoft's Answers to Voice Signal's Interrogatories, a copy of which is attached hereto as Exhibit C, at 6. Any of these ScanSoft products might infringe Voice Signal's '630 Patent by, among other things, employing a Hidden Markov Model. However, ScanSoft has not produced technical documents, including source code listings, for these products in response to Document Request Nos. 4 and 5.

ScanSoft argues that it does not have to produce technical documents because "[i]t would be unfair for ScanSoft to be forced to produce documents that Voice Signal refuses to produce, especially given that each party is asserting a patent infringement claim against the other in the same field." Response at 2.

ScanSoft's argument ignores the difference between the '630 Patent and the '966 Patent. The '630 Patent pertains to the inner workings of a speech recognizer. As explained above, Voice Signal's '630 Patent claims the use of a particular mathematical model – a Hidden Markov Model – to compare spoken commands to stored data. The only way Voice Signal can determine whether a ScanSoft product similarly employs a Hidden Markov Model is by examining the inner workings, *i.e.*, the source code, for ScanSoft's products. By refusing to produce source

4

code documents, ScanSoft has virtually precluded Voice Signal from establishing infringement of the '630 Patent.

In contrast, the '966 Patent pertains to the user interface for a speech recognition system. It claims a user interface which requires a mobile phone user to give a first command type or a second command type. Thus, to determine whether Voice Signal's products infringe the '966 Patent, ScanSoft does not need to review the products' source code. ScanSoft simply needs to examine the user interface of Voice Signal's products and determine whether it requires the user to give a first command type or second command type to dial a phone number. Voice Signal has produced numerous documents describing the user interface of its products, including user interface specifications, design specifications, and flow diagrams. As a result, ScanSoft has sufficient documents to determine whether Voice Signal's products infringe the '966 Patent.

In sum, Voice Signal legitimately needs the source code listings for ScanSoft's products to establish infringement of the '630 Patent. ScanSoft, on the other hand, does not need source code documents to determine whether the user interface of Voice Signal's products infringes the '966 Patent. ScanSoft's argument that it should not have to produce source code documents for its products until Voice Signal produces similar documents overlooks the fundamental difference between the '630 and '966 Patents. ScanSoft should be compelled to produce documents in response to Voice Signal Document Request Nos. 4 and 5.

## II. ScanSoft Has Failed To Produce Documents That Voice Signal Needs To Challenge ScanSoft's Damages Claim.

ScanSoft claims that it has suffered damages in an unspecified amount as a result of Voice Signal's alleged infringement of the '966 Patent. *See* Amended Complaint ¶ 45. In order to challenge ScanSoft's claim for damages, Voice Signal has requested that ScanSoft produce documents pertaining to the sale and licensing of its speech recognition products.

Document Request No. 24 requests the production of:

> All documents concerning any loss of revenues or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

Document Request No. 25 requests:

> All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra*.

Documents relating to the sale and license of ScanSoft's speech recognition products and the revenue generated from the same are clearly relevant to ScanSoft's damages calculations. Nonetheless, ScanSoft has failed to comply with these document requests. ScanSoft should be compelled to produce documents responsive to Document Request Nos. 24 and 25, or else be precluded from seeking damages on its claim for patent infringement.

**Conclusion**

For the reasons set forth above, Voice Signal's Motion to Compel Production of Documents should be granted.

Respectfully submitted,

Dated:  November 11, 2004

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

/s/ Paul E. Bonanno
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
53 State Street
Boston, MA  02109
(617) 248-5000

3765388_1.DOC