# Exhibit B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SCANSOFT'S RESPONSE TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to Defendants' First Set of Document Requests to Plaintiff propounded by Voice Signal Technologies ("Voice Signal"). ScanSoft reserves the right to amend or supplement these responses at a later time.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the request.

## GENERAL OBJECTIONS

General objections are set forth in full below. Where in response to a document request ScanSoft refers to one or more of the following general objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

1.    Privileged Information. ScanSoft objects to each request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of these objections. Without waiving the foregoing objection and subject thereto, ScanSoft identifies the following categories of documents as withheld on the basis of privilege: correspondence, notes and memoranda generated in the course of prosecution of the '966 patent and related patents; correspondence, notes and memoranda generated in anticipation of or in the course of this litigation; and correspondence, notes and memoranda generated in anticipation of

or in the course of any litigation that has been brought or may be brought in connection with the '966 patent.

2.    <u>Confidential Information</u>.  ScanSoft objects to each request to the extent it seeks information which is confidential and proprietary to ScanSoft.  All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection.  ScanSoft will only produce confidential information pursuant to an appropriate protective order.

3.    <u>Overbroad and Unduly Burdensome</u>.  ScanSoft objects to each request to the extent it is overbroad and unduly burdensome.

4.    <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence</u>. ScanSoft objects to each request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

5.    <u>Definition of Term "Small Platform Voice Recognition System."</u>  ScanSoft objects to definition of the term "Small Platform Voice Recognition System" on the grounds that defining the term to include "any device that employs or provides voice control of a device" is vague, ambiguous and overbroad.  For purposes of these requests, ScanSoft will consider the term "Small Platform Voice Recognition System" to mean any system, process or product for analyzing a human voice for the purposes of controlling, affecting or implementing a function of a small device, such as an appliance, cell phone or wireless phone, personal digital assistant, a device in an automobile, or toy.

6.    <u>Improper Limitations on Voice Signal's Discovery Responses.</u>  ScanSoft notes that, in Voice Signal's discovery responses dated June 25, 2004, Voice Signal improperly refused to respond to discovery on a number of grounds.  For example, Voice Signal refused to produce any source code, any documents regarding the technical development and features of its products, any documents relating to sales of products embodying the '630 patent, and any documents generated before December 31, 2002 (the date the '966 patent issued).  Further, Voice Signal improperly responded to discovery regarding "VST Speech Recognition Products" by responding only as to "the user interface module of VST's speech recognition products, and...not...any speech engine associated with those products."  Voice Signal's responses are grossly deficient, and ScanSoft intends to seek appropriate relief from the Court.  In the event that Voice Signal maintains its objections and refuses to comply with its discovery obligations, however, ScanSoft incorporates Voice Signal's objections into its own discovery responses.  It would be unfair for ScanSoft to be forced to produce documents that Voice Signal refuses to produce, especially given that each party is asserting a patent infringement claim against the other in the same field.

<u>NOTICE REGARDING THE PRODUCTION OF DOCUMENTS</u>

In response to Voice Signal's requests, ScanSoft indicates that certain documents will be produced.  All statements that documents will be produced shall include, as if fully set forth therein, the proviso, condition and limitation that only non-privileged, non-confidential

2

documents which are not subject to any protective order and which exist in ScanSoft's custody, control or possession will be produced; no statement that documents will be produced shall be read to include any privileged documents, confidential documents, or documents subject to any protective order, or documents not existing in ScanSoft's custody, control or possession, nor shall such statement be considered a waiver of privilege, confidentiality, or rights granted pursuant to protective order. No statement that documents or things will be produced shall be construed as a representation that any such documents exist. All responses are also subject to any other applicable objections.

For purposes of these responses, use of the term "documents" in a statement that "documents will be produced" includes documents and things.

All documents produced will be produced by either providing copies of the documents to Voice Signal's counsel or by permitting Voice Signal's counsel to inspect and copy the documents at the offices of Bromberg & Sunstein LLP or such other location as mutually agreed upon by the parties.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Request No. 1

All documents concerning the '966 Patent.

Response to Request No. 1:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 2

All documents concerning the '630 Patent.

Response to Request No. 2:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

Request No. 3

All documents concerning VST.

<u>Response to Request No. 3:</u>

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request relating to Voice Signal's speech recognition technology will be produced. Further answering, ScanSoft states that ScanSoft and Voice Signal have engaged in discussions relating to a possible merger, partnership, or other business combination, from time to time. ScanSoft expressly declines to produce any documents that reveal or relate to its business strategy with respect to these discussions.

<u>Request No. 4</u>

All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including all marketing materials, product descriptions, function specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

<u>Response to Request No. 4:</u>

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

<u>Request No. 5</u>

All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

<u>Response to Request No. 5:</u>

See General Objection Nos. 1-4. ScanSoft specifically objects to this overbroad request to the extent it seeks documents related to speech recognition technology unrelated to the claims or defenses in this litigation (including large vocabulary dictation systems, such as Dragon NaturallySpeaking). ScanSoft also objects to this request on the grounds that it is nonsensical and overbroad in that all automatic speech recognition products recognize pauses, or non-speech,

in some manner and consider them in relation to the surrounding words. Without waiving the foregoing objections and subject thereto, ScanSoft will produce representative non-privileged documents responsive to this request that relate to Small Platform Voice Recognition Systems.

Request No. 6

All documents concerning any effort by ScanSoft to design, redesign, rework, change plans for, or modify any ScanSoft product in view of the '630 Patent.

Response to Request No. 6:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 7

All analyses of the '630 Patent, including any legal opinion concerning the '630 Patent.

Response to Request No. 7:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 8

All documents relating to the circumstances in which ScanSoft first became aware of the '630 Patent.

Response to Request No. 8:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 9

All documents concerning the preparation, filing, prosecution, or disclosures of any application leading, directly or indirectly, to the issuance of the '966 Patent, any patent or patent application that claims priority to any such application (a "Related Patent/Application"), or any foreign counterpart of the '966 Patent (the "'966 Foreign Counterpart").

Response to Request No. 9:

See General Objection Nos. 1-3. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 10

All documents concerning any prior art search performed in connection with any application leading, directly or indirectly, to the issuance of the '966 Patent, to any Related Patent/Application or any '966 Foreign Counterpart.

Response to Request No. 10:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 11

All documents concerning any device, publication or activity that has been identified by anyone as prior art in relation to the '966 Patent, any Related Patent/Application or '966 Foreign Counterpart, and all documents concerning any such device, publication or activity.

Response to Request No. 11:

See General Objection Nos. 1-3. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 12

All documents concerning the manufacture, use, licensing, offer for sale, sale, display or capabilities of voice recognition technology in connection with (a) a cellular telephone, wireless telephone or cellular or wireless communications system, or (b) the placing of any telephone call of any kind, prior to April 13, 1992.

Response to Request No. 12:

See General Objection Nos. 1-4. This request is overbroad, as it requests documents concerning voice recognition technology developed or used by any party, in connection with any telephone call, made at any time prior to April 13, 1992, anywhere in the world. ScanSoft also objects to this request on the grounds that it does not provide any definition of the term "voice

6

recognition technology." Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 13

All documents that constitute, contain, or refer to, any publication by any of the named inventors of the '966 Patent relating to voice recognition technology.

Response to Request No. 13:

See General Objection Nos. 1-4. ScanSoft also objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 14

All documents relating to any sale, offer for sale, licensing, offer to license or demonstration of voice recognition technology developed (in whole or in part) by VCT, or any use of such technology by, or in the presence of, person who were not VCT employees.

Response to Request No. 14:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 15

All documents concerning any licensing of, or offer to license, voice recognition technology by, or to, VCT, Phillips Electronics or ScanSoft.

Response to Request No. 15:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 16

All documents concerning the actual, potential or proposed transfer (a) between Phillips N.A. and Phillips N.V. or (b) by Phillips N.A. and/or Phillips N.V., or any related entity, to ScanSoft, of the '966 Patent, any Related Patent/Application or any '966 Foreign Counterpart, including documents concerning any analysis of the '966 Patent, any Related Patent/Application of any '966 Counterpart Patent, provided to, or performed by or at the request of, ScanSoft in connection with any such actual or proposed transfer.

Response to Request No. 16:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 17

All documents concerning any communication or agreement between ScanSoft and Bernard F. Bareis, Peter J. Foster and Thomas B. Schalk.

Response to Request No. 17:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 18

All documents concerning payment of reduced fees under 37 C.F.R. 1.27 in connection with the prosecution of any application leading to the '966 Patent.

8

Response to Request No. 18:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 19:

All documents concerning the discovery, development, or use, by or at Texas Instruments of any subject matter disclosed or claimed in the '966 Patent.

Response to Request No. 19:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 20

All documents concerning any civil or criminal action to which any of Bernard J. Bareis, Peter J. Foster or Thomas B. Schalk was a party, or to any testimony by affidavit, at a deposition or at trial, in any civil or criminal action by any of Messrs. Bareis, Foster or Schalk.

Response to Request No. 20:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 21

All documents concerning any actual, proposed or potential marketing, sale, lease, license, offer for sale, offer for lease or offer for license by ScanSoft or any Small Platform Voice Recognition System in the United States, including all proposals made, and contracts entered into, by ScanSoft concerning the sale, lease or license of a ScanSoft Small Platform Voice Recognition System.

Response to Request No. 21:

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 22

All documents concerning any consideration or analysis of any VST product or process, the question whether any such product or process infringes a patent owned by or licensed to ScanSoft, or the effect that the sale or licensing of any such VST product, or the use of any such process, has or has had on sales or licensing of any ScanSoft product.

Response to Request No. 22:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 23

All documents concerning any analysis of the possible infringement of the '966 Patent by any product or process of any person other than VST.

Response to Request No. 23:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 24

All documents concerning any loss of revenue or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

Response to Request No. 24:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject

thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 25:

All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra*.

Response to Request No. 25:

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 26

All documents that ScanSoft intends to use as evidence at trial.

Response to Request No. 26:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request to the extent it is premature in that ScanSoft cannot, at this initial stage of discovery, specifically identify the entire universe of documents it intends to use at trial. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 27

All documents concerning ScanSoft's decision to bring suit against VST.

Response to Request No. 27:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 28

All documents concerning any communications between ScanSoft and VST.

Response to Request No. 28:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 29

All documents concerning the civil action entitled *Lernout & Hauspie Speech Products N.V. et al. v. Gillick, et al",* Middlesex Superior Court C.A. No. 01-3924, excluding only pleadings in the public file of that case.

Response to Request No. 29:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 30

All documents concerning any actual, potential or proposed communications by ScanSoft with any person or entity other than VST regarding this action or any fact or conduct alleged by any party in this action.

Response to Request No. 30:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject

thereto, representative non-privileged documents responsive to this request will be produced.

Dated:  June 28, 2004

SCANSOFT, INC.,
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

Julia Huston

02639/00509  319520.1

13