# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR )<br><br>Defendants. ) | Civil Action No. 04-10353 PBS |

## SCANSOFT, INC.'S ANSWERS TO THE FIRST SET OF INTERROGATORIES (NOS. 1-5) OF VOICE SIGNAL TECHNOLOGIES, INC.

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to the First Set of Interrogatories (Nos. 1-5) of Voice Signal Technologies, Inc. ("Voice Signal"). ScanSoft reserves the right to amend or supplement these responses at a later time, consistent with the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

General Objections are set forth in full below. Where in response to an interrogatory ScanSoft refers to one or more of the following General Objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, it is because they are deemed to be particularly applicable to that interrogatory, and those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

1.    <u>Privileged Information.</u>  ScanSoft objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection.

2.    <u>Overbroad and Unduly Burdensome.</u>  ScanSoft objects to each interrogatory to the extent it is overbroad and unduly burdensome.

3.    <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.</u>
ScanSoft objects to each interrogatory to the extent it is not reasonably calculated to lead to the
discovery of admissible evidence.

4.    <u>Definition of Term "ScanSoft."</u>    ScanSoft objects to the definition of the term
"ScanSoft" on the grounds that it is overbroad and that it would be unduly burdensome to
respond to Voice Signal's discovery requests in accordance with the definition.    For purposes of
these requests, ScanSoft will consider the term "ScanSoft" to mean ScanSoft, Inc., its successors,
subsidiaries, divisions, parents, employees, officers, directors, agents, and legal representatives.

5.    <u>Definition of Term "Small Platform Voice Recognition System."</u>    ScanSoft
objects to definition of the term "Small Platform Voice Recognition System" on the grounds that
defining the term to include "any device that employs or provides voice control of a device" is
vague, ambiguous and overbroad.    For purposes of these requests, ScanSoft will consider the
term "Small Platform Voice Recognition System" to mean any system, process or product for
analyzing a human voice for the purposes of controlling, affecting or implementing a function of
a small device, such as an appliance, cell phone or wireless phone, personal digital assistant, a
device in an automobile, or toy.

6.    <u>Improper Limitations on Voice Signal's Discovery Responses.</u>    ScanSoft notes
that, in Voice Signal's discovery responses dated June 25, 2004, Voice Signal improperly
refused to respond to discovery on a number of grounds.    For example, Voice Signal refused to
produce any source code, any documents regarding the technical development and features of its
products, any documents relating to sales of products embodying the '630 patent, and any
documents generated before December 31, 2002 (the date the '966 patent issued).    Further,
Voice Signal improperly responded to discovery regarding "VST Speech Recognition Products"
by responding only as to "the user interface module of VST's speech recognition products,
and...not...any speech engine associated with those products."    Voice Signal's responses are
grossly deficient, and ScanSoft is seeking appropriate relief from the Court.    In the event that
Voice Signal maintains its objections and refuses to comply with its discovery obligations,
however, ScanSoft incorporates Voice Signal's objections into its own discovery responses.    It
would be unfair for ScanSoft to be forced to disclose information that Voice Signal refuses to
disclose, especially given that each party is asserting a patent infringement claim against the
other in the same field.

<b>NOTICE REGARDING THE PRODUCTION OF DOCUMENTS</b>

In response to certain interrogatories, ScanSoft may indicate that certain documents will
be produced.    In doing so, ScanSoft is producing said documents pursuant to Fed. R. Civ. P.
33(d) because the answer or a portion of the answer to the interrogatory may be derived or
ascertained from the documents produced, and the burden of doing so is substantially the same
for Voice Signal as for ScanSoft.    All statements that documents will be produced shall include,
as if fully set forth therein, the proviso, condition and limitation that only non-privileged, non-
confidential documents which are not subject to any protective order will be produced; no
statement that documents will be produced shall be read to include any privileged documents,
confidential documents, or documents subject to any protective order, nor shall such statement

be considered a waiver of privilege, confidentiality, or rights granted pursuant to a protective order. No statement that documents or things will be produced shall be construed as a representation that any such documents exist. All responses are also subject to any other applicable objections.

All documents produced in accordance with these answers will be produced by either providing copies of the documents to Voice Signal's counsel, or by permitting Voice Signal's counsel to inspect and copy the documents, at the offices of Bromberg & Sunstein LLP or another location as mutually agreed upon by the parties.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

Interrogatory No. 1

Identify each product made, used, offered for sale, sold or imported by VST and each method practiced by VST which you allege infringes or has infringed any claim of the '966 Patent. For each such product or method:

a.   identify each claim of the '966 Patent which you allege is or has been infringed;

b.   for each claim you allege is or has been infringed, state whether you contend VST's alleged infringement is (i) direct or by inducement, and (ii) literal or under the doctrine of equivalents;

c.   for each claim that you allege is or has been infringed and each product or method that you allege infringes or has infringed that claim, provide a claim chart that identifies each claim limitation that you contend is or has been met by the VST product or method and the elements of the accused product or steps of the accused method that you allege fall within the scope of that claim limitation; and

d.   identify any document or other evidence which you contend supports your claim of infringement.

Response to Interrogatory No. 1:

See General Objection 6. Without waiving the foregoing objection and subject thereto,

by making, using, offering to sell, or selling the Voice Signal VSuite product within the Samsung

VGA1000 cell phone, Voice Signal infringes, contributorily infringes and induces infringement,

either literally or under the doctrine of equivalents, at least claims 1 - 6 of the '966 patent as set

forth in the following claim chart:

| | |
|---|---|
| 1. A speech recognition method for a mobile telecommunication system which includes a voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user, the method comprising the steps of: | The Voice Signal product provides a speech recognition module in a mobile cellular phone. The Voice Signal product r ecognizes c ommands s uch a s "Digit Dial" and "Name Dial" and all digits between 0 and 9 received from the cellular phone user. |
| receiving a command from the mobile telecommunication user; | Voice Signal's product in the handset of the cellular phone receives commands from cellular phone users. |
| determining whether the command is a first or second command type; | Voice Signal's product determines what type of command was received. |
| if the command is the first command type, collecting digits representing a telephone number to be dialed received from the mobile telecommunication user; and | If the command is "Digit Dial", the Voice Signal product collects a digit string of 7, 10 or 11 digits long. (It will not recognize strings of lengths not corresponding to valid telephone numbers.) |
| if the command is the second command type, determining whether a previously stored telephone number is associated with a keyword received from the mobile telecommunication user. | If the command is "Name Dial", the Voice Signal product determines whether a previously stored telephone number is associated with a keyword received from the cellular phone user. |
| 2. The method according to claim 1, wherein the keyword is a name. | If the command is "Name Dial", the Voice Signal product determines whether a previously stored telephone number is associated with a name received from the cellular phone user. |
| 3. The method according to claim 1, wherein the keyword is a name. | If the command is "Name Dial" and a name received form the cellular phone user is a ssociated w ith m ore t han o ne telephone number, the Voice Signal product asks, "Which number?" If the keyword received is "Home," " Work" or "Mobile," the Voice Signal product determines whether a previously stored number is associated with said keyword. "Home" and "Work" are location modifiers. |
| 4. The method according to claim 3 wherein the location modifier is home, work or office. | See claim 3 wherein the location modifier may be "Home" or "Work." |

| 5. The method according to claim 1, further comprising the step of verifying the command and initiating a telecommunication call with the mobile telecommunication system. | Upon collecting a string of 7, 10 or 11 digits, the Voice Signal product asks "Did you say [digit string]" and initiates a telephone call upon receiving "Yes" from the user. |
|---|---|
| 6. The method according to claim 1, further comprising the step of prompting the mobile telecommunication user to enter information needed for the first or the second command type. | After holding the TALK key on the cellular phone, the Voice Signal product prompts "Command please." |

The above claim chart is supported by the following documents and things: SS008073A, SS008073B, and SS008073D.

On information and belief, Voice Signal makes and sells additional products for voice activated dialing that infringe the '966 patent. ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 2

For each VST product or method identified in response to Interrogatory No. 1, state with particularity all damage or loss that you contend that you suffered or are suffering as a result of the alleged infringement by that product or method, and state the nature of the damage or loss, the amount of the damage or loss, the method by which the damage or loss was calculated, the measure of damages that would be adequate to compensate the loss, and the period of time during which you contend the damage or loss occurred.

Response to Interrogatory No. 2:

See General Objection 6. Without waiving the foregoing objection and subject thereto, ScanSoft seeks damages in the form of a reasonable royalty for all infringing activities taking place after the issuance of the '966 patent. ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 3

Identify by model number, order number, commercial name, trade name, trade designation, trademark, serial number, and every other designation each ScanSoft product and each product that incorporates a ScanSoft product that is, embodies, or implements a Small Platform Voice Recognition System.

Response to Interrogatory No. 3:

See General Objections 2-6. ScanSoft further objects to the extent that this interrogatory

seeks immaterial information regarding ScanSoft products not at issue in this litigation. Without

waiving the foregoing objections and subject thereto, ScanSoft's products which are, are

incorporated into, embody, or implement a Small Platform Voice Recognition System include

Speech2Go, VoCon 3200, VoCon SF, and ASR-1600. ScanSoft reserves the right to supplement

or amend its response to this interrogatory as additional information becomes available through

discovery or otherwise.

Interrogatory No. 4

Identify the person most knowledgeable regarding each of the conception, design, development, reduction to practice, testing, manufacture, technical specifications, material composition, use, marketing, public disclosure, distribution, importation into the U.S., offer of sale and sale of each product identified in response to Interrogatory No. 3.

Response to Interrogatory No. 4:

See General Objections 2-6. Without waiving the foregoing objections and subject

thereto, ScanSoft answers as follows: Michael Phillips, Chief Technical Officer for ScanSoft,

Inc. and Alan Schwartz, VP & General Manager of Embedded Speech Products for ScanSoft,

Inc.

Interrogatory No. 5

Identify e ach s ale, l icense, dis tribution o r o ther t ransfer o f e ach p roduct ide ntified in response to Interrogatory No. 3, including the transferee's name and address, the dollar amount and number of units of each product sold, licensed, distributed or otherwise transferred, the place

and date of each sale, license, distribution or other transfer, and every document concerning the same.

Response to Interrogatory No. 5:

See General Objections 2-6. In addition, ScanSoft objects to this interrogatory on the grounds that Voice Signal has yet to respond to ScanSoft's interrogatories seeking information concerning the sales and licensing of Voice Signal Speech Recognition products. As a result, ScanSoft has been forced to file a motion to compel Voice Signal to produce this information, and that motion is currently pending before the Court. Until the issues raised by ScanSoft's pending motion to compel are resolved, ScanSoft expressly declines to provide such information about its own products in response to Voice Signal's interrogatory.

## DECLARATION OF MICHAEL PHILLIPS

I, Michael Phillips, declare under the penalty of perjury that I have reviewed Voice Signal Technologies, Inc.'s First Set of Interrogatories to Plaintiff, herein and have answered the same, based on my own personal knowledge or information provided in or derived from the business records of ScanSoft, Inc. The foregoing answers are true and correct.

Executed at _____Boston_____, Massachusetts, on this 27th day of September, 2004.

_____
Michael Phillips

-7-

Dated: September 27, 2004

As to Objections,

SCANSOFT, Inc.
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

Jack C. Schecter

02639/00509 330465.11

-8-