# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR | ) |
| | ) |
| Defendants. | ) |
| | ) |

## SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SCANSOFT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Plaintiff ScanSoft, Inc. ("ScanSoft") submits this Supplemental Memorandum to ScanSoft's Motion To Compel Production of Documents and Responses to Interrogatories. During a hearing on November 4, 2004, the Court urged the parties to confer in an attempt to resolve or narrow the issues raised in ScanSoft's Motion to Compel. Despite conferring on the issues raised in ScanSoft's Motion, Voice Signal continues to refuse to produce the requested information in blatant disregard for its disclosure obligations under Fed. R. Civ. P. 26(c). This Supplemental Memorandum is submitted in response to the Court's request for legal authority for the parties' positions on all issues remaining in dispute.

### I. VOICE SIGNAL'S SOURCE CODE IS HIGHLY RELEVANT TO SCANSOFT'S PATENT INFRINGEMENT CLAIM AND SHOULD BE PRODUCED IMMEDIATELY.

Pursuant to Fed. R. Civ. P. 26(b) (1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This discovery encompasses any matter that affects or could affect anything at issue in the litigation. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) ("The key phrase [contained in Rule 26(b)(1)] – "relevant to the subject matter involved in the pending action" – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). The party objecting to a discovery request bears the burden of demonstrating why such discovery is improper. *See e.g., Chicago Dist. Council of Carpenters Pension Fund v. D.P. Builders. Inc.,* 1997 WL 685021, *3 (N.D.Ill.1997); *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D.Wis. 1996) (citing 8 Wright and Miller, *Federal Practice and Procedure,* § 2173 at 543-544 (1970)). With respect to ScanSoft's repeated requests for the source code of Voice Signal's accused infringing product, VSuite, Voice Signal cannot meet this burden.

In an action for patent infringement concerning software, the source code of the accused infringing product is highly likely to contain relevant information. *See OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 478 (N.D.Ca. 2003) (considering cost shifting issues related to the discovery of the source code of an infringing software product and finding "the requested source code is highly likely to contain relevant information"). As the source code of Voice Signal's VSuite product is the infringing software product itself, there can be no question that the source code is relevant to both ScanSoft's claims of infringement and Voice Signal's defenses on that claim. *See id.* at 477-478 ("the requested source code for the minor upgrades in [the accused

infringing] products is relevant as it is the software product itself"); *see also Dynamic Microprocessor Assoc v. EKD Computer Sales*, 919 F. Supp. 101, 105 (E.D.NY) (finding source code to be a fundamental component of the structural parts of a computer program and granting motion to compel production of source code in copyright/trade secrets case where source code was subject to terms of protective order).

Not only is the VSuite source code relevant, ScanSoft's ability to prove the basic elements of its infringement case is jeopardized if not given access to the source code. Courts have explicitly held that marketing materials, presentations, and user-interface documents of the sort Voice Signal has provided are not an adequate substitute for the source code of an accused infringing product:

> The marketing and promotional documents . . . proffer[ed] do not disclose the accused product's source code. They do not provide technical details about the accused products operating steps . . . How an ordinary user perceives that an accused product works is not the test applied in a patent infringement action. Rather, the Court examines evidence concerning how the product actually operates. For example, with a computer product, the court examines its source code and related technical materials.

*Hilgraeve Corp. v. McAfee Assoc.*, 70 F. Supp.2d 738, 756 (E.D. Mich. 1999), *rev'd on other grounds,* 224 F.3d 1349 (Fed. Cir. 2000).

**II.   DOCUMENTS CONCERNING THE TECHNICAL DEVELOPMENT OF ACCUSED PRODUCTS ARE HIGHLY RELEVANT AND SHOULD BE PRODUCED**

Just as Voice Signal's source code is highly relevant to a determination of whether Voice Signal infringes ScanSoft's patent, so are Voice Signal's documents concerning the technical development of its accused products. ScanSoft's requests are limited to documents describing the accused products (Request Nos. 7, 10, 11). Again, such documents are relevant to both a

literal infringement analysis and an equivalents infringement analysis based on a function-way-result test. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 39 (1997)(equivalence is determined by applying a three-step "function-way-result" test).

The technical information sought by ScanSoft needs to be sufficient, at a minimum to test Voice Signal's contention of non-infringement and its assertion that it did not utilize the technology covered by the '966 patent.

### III. PATENTS, PATENT APPLICATIONS AND INVENTION DISCLOSURES FOR SPEECH RECOGNITION TECHNOLOGY OWNED BY VOICE SIGNAL ARE HIGHLY RELEVANT AND SHOULD BE PRODUCED

Voice Signal persists in its refusal to produce any patent application or invention disclosure embodying the technology contained in Voice Signal's VSuite line of speech recognition products. "Generally, the courts have employed a balancing test in determining whether or not to permit discovery of a patent application, weighing the requesting party's interest in the materials against the objector's legitimate interest in the secrecy." *In re: Columbia University Patent Litigation*, 330 F. Supp.2d 18, 20 (D.Mass. 2004) (Wolf, J.). Because the information sought here is highly relevant to ScanSoft's patent infringement claims, and because a protective order will appropriately limit access to this sensitive information, the requested patent applications and invention disclosures should be produced.

First, ScanSoft's discovery request is limited to patent applications and related materials embodying the technology of the infringing VSuite products. Statements made and positions taken by Voice Signal in those patent applications are directly relevant to ScanSoft's infringement claims because, *inter alia*, they are likely to provide evidence of the prior art and the operation of the accused products. *See Paper Converting Machine Co. v. Magna-Graphics Corp.,* 207 U.S.P.Q. 1136 (E.D.Wis. 1980) ("There is no question that the patent application is

-4-

reasonably calculated to lead to the discovery of admissible evidence since it contains a full description of the allegedly infringing machine and a statement of the prior art."). The direct relevance of the information sought weighs heavily in favor of disclosure. *See id.*; *see also In re: Columbia Patent Litigation*, 330 F. Supp.2d at 20.

Second, although ScanSoft and Voice Signal are direct competitors, Voice Signal's business concerns regarding the confidentiality of the information contained in its pending patent applications are fully addressed by the protective order to which the parties have stipulated. *See Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1186 (D.S.C. 1974) (holding, where a sufficient showing of relevancy has been made, the disclosure of pending patent applications may be compelled under a protective order).

## IV.   PRIOR ART IS DISCOVERABLE IN A PATENT INFRINGEMENT CASE AND SHOULD BE PRODUCED

ScanSoft's Request Nos. 28 and 29 seek prior art documents with respect to the '966 patent. Voice Signal refuses to produce any such documents. Voice Signal seeks to defer document production of these documents until at least 30 days prior to trial in accordance with 35 U.S.C. §282. To the extent that Voice Signal intends to challenge the validity of the '966 patent, it must certainly rely upon prior art documents. The discovery process has as its purpose the exchange of facts, such as essential prior art, so that each party can evaluate and prepare its position. *Vectra Fitness, Inc. v. Icon Health & Fitness, Inc.* 288 F.Supp.2d 1155, 1161 (W.D. Washington 2003) ("35 U.S.C. §282 does not preclude the court from requiring the disclosure of prior art within the discovery deadline set by the court, well before the statutory limit"). Prior art patents and publications that manifest any aspect of the challenged invention are facts; and if known by VST, they must be produced during discovery.

**V. WITH REGARD TO VOICE SIGNAL'S COUNTERCLAIM OF INFRINGEMENT, FACTS RELATING TO CONCEPTION AND REDUCTION TO PRACTICE OF VOICE SIGNAL'S '630 PATENT ARE DISCOVERABLE**

Voice Signal inexplicably contends that it need not answer any interrogatories regarding the date of conception of its '630 patent or when reduction to practice first occurred. ScanSoft has a right to discovery regarding the circumstances surrounding the conception and reduction to practice of the patent asserted by Voice Signal's counter-claim. *See Bayer AG v. Sony Electronics, Inc.,* 202 F.R.D. 404, 408 (D. Delaware 2001) (motion to compel allowed where plaintiff seeks production of items which relate, reflect or refer to conception and reduction to practice of patent-in-suit). *See also Natta v. Zletz,* 405 F.2d 99 (7th Cir. 1968) (allowing discovery on material showing date of conception or reduction to practice as relevant and within the purview of Rule 26(b)).

**CONCLUSION**

For all the foregoing reasons, as well as those contained in ScanSoft's Memorandum of Law and Reply Memorandum In Support Of ScanSoft's Motion To Compel Production of Documents and Responses To Interrogatories, Voice Signal should be compelled to produce all documents and things in its possession, custody or control that are responsive to ScanSoft's First Set of Document Requests and to respond fully to ScanSoft's First Set of Interrogatories.

-7-

Dated: November 12, 2004                          SCANSOFT, INC.,
                                                  By its attorneys,


                                                  s/ Lisa M. Fleming
                                                  Lee Carl Bromberg, BBO #058480
                                                  Robert Asher, BBO #022865
                                                  Julia Huston, BBO #562160
                                                  Lisa M. Fleming, BBO #546148
                                                  John F. Ward, BBO #646689
                                                  BROMBERG & SUNSTEIN LLP
                                                  125 Summer Street
                                                  Boston, Massachusetts 02110-1618
                                                  (617) 443-9292