UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>        Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby opposes the Motion to Compel Production of Documents filed by defendant Voice Signal Technologies, Inc. ("VST"). Simply put, ScanSoft has already agreed to produce the documents VST seeks. As such, VST's motion to compel, submitted one day prior to the November 12, 2004 status conference before the Court, is a transparent, eleventh hour attempt to create a discovery dispute where none truly exists.

**Argument**

**I.  ScanSoft Has Agreed To Produce Technical Documents As Part Of A Mutual Exchange.**

In its motion to compel, VST seeks an Order from this Court compelling ScanSoft to produce technical documents, including the source code, for the ScanSoft products VST alleges infringe United States Patent No. 6,594,630 ("the '630 Patent"). As communicated to VST on numerous occasions, including the November 4, 2004 status conference and by letter on November 10, 2004 (attached as Exhibit A), ScanSoft is perfectly willing to produce the source

code VST seeks as part of a mutual exchange in which VST would also produce the source code for its VSuite line of products, which ScanSoft has accused of infringing United States Patent No. 6,501,966 ("the '966 Patent"). However, as its motion to compel makes clear, VST refuses to take part in a mutual exchange and insists that somehow only ScanSoft's source code is relevant to this litigation. VST's position is untenable.

To the extent the source code of ScanSoft's products is relevant to VST's claim of patent infringement and ScanSoft's defenses thereto, the source code for VST's accused infringing software product is equally relevant. *See OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 478 (N.D.Ca. 2003) (considering cost shifting issues related to the discovery of the source code of an infringing software product and finding "the requested source code is highly likely to contain relevant information"). Realizing the difficult position in which it places itself by demanding ScanSoft's source code while simultaneously seeking to preclude access to its own, VST relies on an extraordinary simplification in an attempt to reconcile these contradictory positions: VST claims that "ScanSoft simply needs to examine the user interface of VST's products" to determine infringement. *See* Memorandum in Support of VST's Motion to Compel at 5. VST's narrow view of ScanSoft's infringement case ignores ScanSoft's burden in proving literal infringement and/or infringement under the doctrine of equivalents and entirely disregards the complexity of the technology at issue. There is no distinction to be made between the relevance of ScanSoft's source code and the relevance of the source code of VST's VSuite software.

Given the relevance of the source code of <u>both</u> parties' accused infringing products, the sensitive and propriety nature of that source code, and the fact that VST and ScanSoft are direct competitors, VST should not be permitted to shield its own source code while simultaneously demanding access to ScanSoft's source code. A mutual exchange of source code, as previously offered by ScanSoft, would

allow the parties to move beyond the discovery impasse created by VST and proceed with developing the infringement claims and defenses which are the subject of this litigation.

**II.    ScanSoft Has Produced Documents Pertaining To The Sale And Licensing Of Its Speech Recognition Products And Agrees To Supplement As Necessary.**

With respect to VST's request for documents concerning licensing and sale of products covered by the '966 Patent, ScanSoft has produced the relevant responsive and non-privileged documents in its possession. Further, on November 10, 2004, ScanSoft agreed to supplement that production as necessary (*see* Exhibit A).

## Conclusion

For the foregoing reasons, ScanSoft respectfully requests that this Court deny VST's Motion to Compel Production of Documents.

Dated: November 19, 2004

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 346344.1