UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>    Defendants. | Civil Action No. 04-10353 PBS<br><br>**ORAL ARGUMENT**<br>**REQUESTED** |

**PLAINTIFF'S EMERGENCY MOTION FOR REMEDIES**
**FOR VIOLATION OF PROTECTIVE ORDER**

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby moves for remedies in connection with the defendants' unauthorized disclosure of ScanSoft documents designated "Highly Confidential: Attorneys' Eyes Only." Counsel for defendants disclosed these documents to Jordan Cohen, Chief Technology Officer of defendant Voice Signal Technologies, Inc. ("VST"), in clear violation of the protective order agreed upon by the parties. To determine the scope of this breach and to ensure that all reasonable measures are taken to remedy it to the fullest extent possible, ScanSoft requests an order compelling VST to take the following immediate actions: (1) provide full and complete answers to the accompanying special interrogatories (attached as Exhibit A) on or before December 1, 2004; (2) produce the documents specified in the accompanying special set of document requests (attached as Exhibit B) on or before December 1, 2004; (3) make Mr. Cohen available to be deposed regarding this breach of the protective order; and (4) make available for deposition one or more attorneys at Choate, Hall &

Stewart who are most knowledgeable regarding this breach of the protective order. Because VST's violation of the protective order constitutes an immediate and substantial potential harm to ScanSoft's business, ScanSoft respectfully requests that the schedule for VST's response be abbreviated and ScanSoft be granted a hearing on this motion as soon as is practicable for the Court.

## **Background**

Recognizing that discovery in this action would likely involve the disclosure of documents, things and information constituting or containing trade secrets or other confidential research, development, commercial, or proprietary information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."), by letter faxed on July 29, 2004 (attached as Exhibit C), ScanSoft and VST agreed to be bound by the terms of the protective order submitted to the Court by ScanSoft on June 18, 2004 (attached as Exhibit D). The provisions of that protective order seek to reasonably limit the distribution of the parties' confidential and proprietary information.

Only after reaching agreement on a protective order, ScanSoft began producing documents in response to VST's discovery requests on July 30, 2004. In accordance with the terms of the agreed upon protective order, ScanSoft documents containing proprietary or personal information which ScanSoft considered confidential were designated "CONFIDENTIAL," and confidential documents the disclosure of which would cause substantial and/or irreparable harm to ScanSoft's business operations or interests were designated "HIGHLY CONFIDENTIAL." ScanSoft also took the additional precaution of affixing an "ATTORNEYS' EYES ONLY" label to those documents it designated "HIGHLY CONFIDENTIAL."

2

Apparently, ScanSoft's diligent efforts to carefully protect its sensitive information pursuant to the terms of the agreed upon protective order were for naught. By letter dated November 22, 2004 (attached as Exhibit E), (but sent after 7 pm and not received until November 23), VST informed ScanSoft that ScanSoft documents produced to VST on August 9, 2004, three-and-a-half-month's ago, and designated "HIGHLY CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" were provided to Jordan Cohen, Chief Technology Officer of defendant VST. At no time had VST asked for permission to disclose these documents, totaling six hundred and thirty-three (633) pages, and in no way had ScanSoft ever indicated that such a disclosure was acceptable.

After reviewing the documents, ScanSoft's distress at this unauthorized disclosure only increased. The documents given to Mr. Cohen appear to be selectively culled from the thousands of documents produced by ScanSoft on August 9, 2004. Moreover, each of the documents selected for delivery to Mr. Cohen disclose competitive information of the most confidential nature, including a proposal and quotation for a major international customer from earlier this year. The fact that these highly confidential documents were provided to VST's Chief Technology Officer, the very individual charged with setting VST's business strategy causes enormous injury to ScanSoft and must be remedied. In addition, steps must obviously be taken to guarantee that such unauthorized disclosure will not happen again.

## Argument

As VST has often acknowledged, the parties to this action are not merely litigants, they are also direct competitors vying for advantage in a fiercely competitive, high technology market. In failing to comply with the terms of the agreed-upon protective order, VST has divulged some of ScanSoft's most sensitive business information to VST's own Chief

Technology Officer, one of the last people ScanSoft would allow access to such information. The documents wrongfully disclosed to Mr. Cohen include, *inter alia*, detailed ScanSoft responses to requests for quotations from customers, ScanSoft proposals to potential customers (as recent as March 29, 2004), and proprietary and highly sensitive technical documents regarding ScanSoft products.

There is the potential for significant harm to ScanSoft's business resulting from the misuse of the "HIGHLY CONFIDENTIAL" information disclosed to Mr. Cohen. As such, it is imperative that ScanSoft be allowed full discovery of the extent of the unauthorized disclosure and the circumstances under which both the letter and the spirit of the protective order came to be so thoroughly violated, and that appropriate measures be taken to limit any further damage to ScanSoft's business and to prevent a reoccurrence of any violation of the protective order.

## Conclusion

For the foregoing reasons, ScanSoft respectfully requests that this Court grant ScanSoft's Motion for Remedies for Violation of Protective Order.

## CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on November 24, 2004, counsel for the parties conferred in an effort to resolve the issues presented in this emergency motion, and that the parties were unable to resolve the issues in dispute.

Dated: November 24, 2004

SCANSOFT, INC.,
By its attorneys,

/s/ Lisa M. Fleming
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
lfleming@bromsun.com

2639/00509 348028.1