UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 04-10353 PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER

WHEREAS, the Court having found that the discovery in the above-captioned action may involve the disclosure of documents, things and information in the possession, custody or control of one or more party or non-parties that may constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Fed. R. Civ. Proc."); and

WHEREAS, the distribution of such information should reasonably be restricted, the Court finds that good cause exists for the entry of this Order.

THEREFORE, IT IS HEREBY ORDERED that the Parties, their employees, agents, attorneys and representatives, shall follow the procedures set forth herein with respect to certain documents and other information produced and/or disclosed in this action and all appeals or related proceedings taken or filed in connection therewith (the "Litigation"):

## Scope

1.  For purposes of this Order, PROTECTED INFORMATION means all documents, things, testimony and other information produced, provided or made available by a party or non-party to this litigation in the course of formal and informal discovery in this action, including but not limited to: (a) documents, tangible things, and computer-stored, magnetically-stored or electronically-stored information; (b) responses to requests to produce documents or other things, responses to interrogatories, responses to requests to admit, or other written responses to formal or informal discovery; (c) affidavits; (d) answers, information, and documents provided in the course of depositions, including the transcripts of such depositions; and (e) copies, extracts, summaries, compilations, designations and portions of (a)-(d) above, that are defined as PROTECTED INFORMATION in Paragraph 2 below and designated as such in accordance with Paragraph 3 below.

## Types of Protected Information

2.  There shall be two types of PROTECTED INFORMATION:

    a.  "CONFIDENTIAL INFORMATION" means (1) any proprietary or personal information, document, or thing which the producing party considers confidential and maintains as confidential which is not generally known and which the producing party has not made public; and (2) data derived from such information, document or thing, including any summaries, compilations, quotes, or paraphrases thereof.

    b.  "HIGHLY CONFIDENTIAL INFORMATION" means: (1) any type of proprietary or personal information, document, or thing that is "CONFIDENTIAL" as defined above, and the disclosure of which the producing party contends would cause substantial and/or irreparable harm to the producing party's business operations or interests or would divulge the personal affairs of the producing party or any third party; (2) data derived from such information including any summaries, compilations, quotes, or paraphrases thereof; and (3) any oral, written, or recorded material which

consists of or contains trade secrets, proprietary research or development data (as defined under applicable law).

### Designation of Protected Information

3. Any party may designate information as PROTECTED INFORMATION by the following means:

    a. **Documents Produced by Party or Non-Party Claiming Confidentiality:** Every page of a document that contains confidential information shall bear the legend identifying the type of confidential information (*i.e.*, "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL") contained on such page.

    b. **Responses To Interrogatories, Responses To Requests To Admit, or Other Written Responses To Discovery:** As to each specific response for which confidentiality is claimed, the responding party shall designate each such response as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." The first page of the responses shall state that the responses contain "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION."

    c. **Affidavits Provided in this Action:** As to each specific portion of an affidavit for which confidentiality is claimed, the party tendering the affidavit shall designate each such portion as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," and shall state on the first page of the affidavit that the affidavit contains "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL INFORMATION."

    d. **Answers, Information, and Documents Provided in the Course of Depositions, Including Transcripts of Such Depositions:** As to each specific portion of a deposition for which confidentiality is claimed, the party or non-party claiming confidentiality shall designate each such portion as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." Such designation shall be made by serving written notice to the other parties and the court reporter designating those portions of the transcript by page reference. All deposition testimony shall be treated as "HIGHLY CONFIDENTIAL" until the 15th day after the transcript is received from the court reporter. During the taking of a deposition, any party who believes in good faith that any testimony about to be elicited will contain information that such party will likely designate as "HIGHLY CONFIDENTIAL INFORMATION" or "CONFIDENTIAL

INFORMATION" may declare the deposition "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," at which time all persons who are not permitted to receive such information shall leave the deposition room while such testimony is being taken. Moreover, no attorney shall disclose, through questioning or otherwise, any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information that any person attending a deposition would not be permitted to receive under the terms of this Order. If a questioning attorney intends to disclose such information, the attorney shall state his or her intent and request that all persons who are not permitted recipients of such information leave the deposition room so that the examination may proceed, and such persons shall leave the room for the duration of such disclosure. Each deposition transcript, or any portion thereof, which has been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be so identified by the receiving party by affixing thereto the legend 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL' as appropriate.

### Inadvertent or Unintentional Production

4.      Any party that produces information which it inadvertently or unintentionally fails to designate as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" may so designate the information by notifying the receiving parties promptly upon discovery of the error. In addition, the inadvertent production of information subject to attorney-client privilege or work-product immunity, or the inadvertent failure to designate information as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information.

### Use and Disclosure of Protected Information

5.      The parties shall use PROTECTED INFORMATION only for the purpose of this litigation.

4

6. CONFIDENTIAL INFORMATION shall be disclosed only to the following persons and entities:

   a. Court personnel;

   b. Court reporters engaged to render reporting services in this action;

   c. Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

   d. PERMITTED EXPERTS (as defined in paragraph 8, below), including their employees, assistants, and clerical personnel, subject to the provisions of paragraph 10, below;

   e. PERMITTED REPRESENTATIVES (as defined in paragraph 9, below); and

   f. In-house counsel for the parties who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel.

7. HIGHLY CONFIDENTIAL INFORMATION shall be disclosed only to the following persons and entities:

   a. Court personnel;

   b. Court reporters engaged to render reporting services in this action;

   c. Counsel of record, and other counsel employed by counsel of record's law firm(s) who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel;

   d. PERMITTED EXPERTS (as defined in paragraph 8, below) including their employees, assistants, and clerical personnel, subject to the provisions of paragraph 10, below; and

   e. In-house counsel for the parties who are actively involved in the above-entitled litigation, and the paralegals, secretaries, assistants and support personnel of such counsel.

8. A PERMITTED EXPERT is an independent expert not regularly employed by or associated with a party hereto and whose advice and opinions are being or will be used by a party hereto only in connection with preparation for trial or trial of this action.

9. A PERMITTED REPRESENTATIVE is an officer, employee, or director of a corporate party to this action who is actively assisting in the litigation of, or wholly or partially responsible for making decisions concerning, this action, provided that the person agrees in writing before such access is given to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A. Each corporate party to this action may designate up to two (2) PERMITTED REPRESENTATIVES. A party who wishes to designate a person as a PERMITTED REPRESENTATIVE shall disclose to all other counsel, in writing, the person's name, and title.

10. In the event that one party to this action shall desire to provide access to HIGHLY CONFIDENTIAL information hereunder to a PERMITTED EXPERT, that party must first notify in writing the disclosing party and (1) identify the PERMITTED EXPERT; (2) identify with particularity HIGHLY CONFIDENTIAL information the party desires to provide the PERMITTED EXPERT; and (3) allow the disclosing party seven (7) days in which to object thereto. No HIGHLY CONFIDENTIAL information shall be provided to the PERMITTED EXPERT during the seven (7) days following a timely objection. In the event the parties are unable to resolve the objection, the objecting party may file a motion for an order preventing the disclosure of information within seven (7) days after such objection is made. Following the filing of a timely motion for an order preventing the disclosure of information, unless and until the motion is withdrawn or until the Court enters an Order to the contrary, no HIGHLY CONFIDENTIAL information shall be disclosed to the PERMITTED EXPERT. The failure of a

party to object or file a motion as and when provided for in this paragraph shall be deemed approval by that party to the designation of the PERMITTED EXPERT as a person to whom the identified HIGHLY CONFIDENTIAL information may be disclosed, provided that the person agrees in writing before such access is given to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A.

      11.    In the event that one party to this action shall desire to provide access to PROTECTED INFORMATION to anyone other than those identified in paragraphs 6 or 7 herein, that party must first notify in writing the other party to this action and (1) identify the person to whom disclosure is sought; (2) identify the PROTECTED INFORMATION the party desires to provide that identified person; and (3) allow the disclosing party seven (7) days in which to object thereto. No PROTECTED INFORMATION shall be provided to the identified person during the seven (7) days following a timely objection. In the event the parties are unable to resolve the objection, the non-objecting party may file a motion for an order permitting the disclosure of information within seven (7) days after such objection is made. Following the filing of a timely motion for an order permitting the disclosure, unless and until the Court enters an Order to the contrary, no PROTECTED INFORMATION shall be disclosed to the identified person. The failure of a party to object as and when provided for in this paragraph shall be deemed approval by that party to the designation of the identified person as a person to whom the identified PROTECTED INFORMATION may be disclosed, provided that the person agrees in writing before such access is given to be bound by the terms of this Protective Order by executing the undertaking attached hereto as Exhibit A.

12. The disclosure of PROTECTED INFORMATION to the person or entities identified in Paragraphs 6, 7, and 12 shall be limited to the disclosure reasonably necessary for such person's or entity's activities in connection with this action.

### Certification of Persons to Whom Protected Information Is Disclosed

13. Disclosure of PROTECTED INFORMATION to PERMITTED EXPERTS and PERMITTED REPRESENTATIVES is permitted only after such persons have signed an undertaking in the form attached hereto as Exhibit A, the original or a copy of which must be retained by the counsel in this action who facilitates disclosure of the information to such persons.

### Filing of Protected Information

14. Any party filing with the Court any motion, brief, exhibit, or other document in this action that incorporates, contains, or discloses the contents of PROTECTED INFORMATION shall mark such document in accordance with subparagraph 3d above, and shall file the document under seal, pursuant to Local Rule 7.2.

### Challenges to Designation of Protected Information

15. Any party may challenge, at any time, a designation of any information as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION. A challenge may be made by serving written objections to the party asserting the designation. Counsel shall confer in good faith and use reasonable efforts to resolve any disagreement over whether the information is in fact HIGHLY CONFIDENTIAL or CONFIDENTIAL. If resolution without Court intervention is impossible, the objecting party, by motion, may apply to the Court for a ruling that the information or material shall not be treated as HIGHLY CONFIDENTIAL or CONFIDENTIAL. In seeking such a ruling, the moving party shall have

the initial burden of persuading the Court that there is good cause to remove or reduce a confidentiality designation. If the moving party fails to meet that burden, the confidentiality designation shall remain. If the moving party meets that burden, the party asserting confidentiality shall then have the burden of persuading the Court that there is good cause to retain the confidentiality designation. If the party asserting confidentiality meets that burden, the confidentiality designation shall remain. If the party asserting confidentiality fails to meet that burden after a showing of good cause by the party opposing the confidentiality designation, the Court may reduce or remove the confidentiality designation. Unless and until the Court enters an order to the contrary, the information in dispute shall be treated as designated by the party asserting confidentiality (i.e. as HIGHLY CONFIDENTIAL or CONFIDENTIAL, as the case may be).

## Miscellaneous Provisions

16.     This Order shall be served upon any non-party from which documents or information is sought by a party in connection with this Litigation. All rights conferred by this Order upon a party are also conferred upon any non-party that produces documents or information in this Litigation.

17.     Nothing in this Order shall preclude any party from seeking a modification of this Order, provided that any modification related to the treatment of PROTECTED INFORMATION produced or provided by a non-party shall not take place without notice and an adequate opportunity to be heard by such non-party.

18.     Nothing in this Protective Order, nor any action taken in compliance herewith, shall (i) operate as an admission by any party that any particular information is, or is not, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, or (ii)

operate as an admission by any party that any particular HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION is, or is not, admissible in evidence at the trial or other proceeding in this action. This Order shall not be construed to require production of documents, tangible things, or information for which any common law or statutory attorney-client privilege, work-product immunity, or other privilege or immunity from compelled disclosure is asserted.

19. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client, and in the course thereof, relying generally on his or her examination of PROTECTED INFORMATION; provided, however, that in rendering such advice or otherwise communicating with such client, counsel shall not disclose the actual contents of any document marked as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, except pursuant to the procedures otherwise set forth in this Order.

20. This Order shall survive the termination of this action and the protection afforded by this Order shall remain in effect until limited or terminated by a written agreement of the parties or by an order the Court.

21. Within sixty (60) days after final judgment or final appeal in this action (if an appeal is taken), each party shall return to the producing party all documents and tangible materials, items or things that constitute, comprise or contain PROTECTED INFORMATION, and shall destroy in whatever form stored or reproduced, all other documents and tangible materials, items or things, including, but not limited to, pleadings, correspondence, memoranda, notes and other work-product materials, which contain or refer to PROTECTED INFORMATION. All PROTECTED INFORMATION not embodied in documents or tangible

materials, items or things, shall remain subject to this Order. Notwithstanding the foregoing, counsel of record shall be entitled to maintain, within its own internal files, a single archival copy of all PROTECTED INFORMATION furnished by the producing party, and a reasonable number of copies of all transcripts, pleadings and any exhibits introduced at trial of this action. All documents prepared by counsel of record or PERMITTED EXPERTS, containing summaries, abstracts or quotations from documents designated by a party as protected by this Order, shall be destroyed or kept within the internal files of the counsel of record for the parties and their PERMITTED EXPERTS.

22. In addition to the persons authorized in paragraphs 6, 7, and 12, documents designated as PROTECTED INFORMATION also may be disclosed during a deposition or at trial to persons listed on the face of such document as the author, addressee or carbon copy recipient.

23. The restrictions and obligations set forth in this Order relating to PROTECTED INFORMATION shall not apply to any information which: (i) the parties agree, or the Court rules, is already public knowledge; (ii) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure of the receiving party; or (iii) the parties agree, or the Court rules, has come into the receiving party's legitimate possession independently of the producing party. Nothing in this Order shall be deemed to prohibit discussions of any PROTECTED INFORMATION with any person if said person already has legitimate possession thereof.

24. If PROTECTED INFORMATION in the possession or control of any party in this action is subpoenaed, requested or demanded in another action or proceeding, the party receiving such subpoena, request, or demand shall (a) promptly give notice thereof to the party that

11

produced the PROTECTED INFORMATION, and (b) object to the production of the PROTECTED INFORMATION by setting forth the existence of this Order. The party asserting the confidentiality designation shall thereafter bear the burden of objecting to or defending against any such subpoena, request or demand.

25.  Neither the provisions of this Order, nor any designation or failure to designate any particular information as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION under this Order, shall constitute a waiver of any party's assertion of confidentiality with respect to any document, tangible thing, or information in any other action or proceeding.

26.  Notwithstanding any other provision of this Order, all of the parties in this action may by joint written agreement designate any document, tangible thing, or information that does not fall into the definitions of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION as being confidential and subject to the general protections afforded by this Order.

27.  Nothing in this Order shall prohibit a reference to or summary of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION in briefs, motions or memoranda of facts or law filed in this action; provided, however, that the reference to or summary of such HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION must be classified as and treated as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION in accord with this Order.

28.  The provisions of this Protective Order apply to all proceedings in this action, including all appeals, arbitrations, settlement proceedings, and proceedings on remand.

**SO ORDERED:**

_____
The Honorable Patti B. Saris
UNITED STATES DISTRICT JUDGE

Date: _____

02639/00509 312313.1

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**UNDERTAKING OF** _____

The undersigned, hereby acknowledges that he or she has read the Protective Order entered in connection with the case of *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.*, Civil Action No. 04-CV-10353 PBS, that he or she understands the provision prohibiting the disclosure or use of protected information for any purpose or in any manner not connected with the prosecution or defense in this case, and that he or she agrees to be bound by all provisions of the aforesaid Protective Order, and that he or she submits to the jurisdiction of the United States District Court for the Massachusetts for purposes of enforcement of the undertakings he or she has made herein.

_____
Name:
Title:
Company:

**Joanne Creedon**

---

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Friday, June 18, 2004 4:37 PM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:04-cv-10353-PBS ScanSoft, Inc. v. Voice Signal Technologies, Inc. et al "Motion for Protective Order"


```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.

United States District Court
District of Massachusetts

Notice of Electronic Filing
The following transaction was received from Huston, Julia  entered on 6/18/2004 at 4:36 PM
EDT and filed on 6/18/2004


Case Name: ScanSoft, Inc. v. Voice Signal Technologies, Inc. et al Case Number: 1:04-cv-
10353 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?90944

Document Number: 29
Copy the URL address on the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?29,90944,,95459521,

Docket Text:
  MOTION for Protective Order by ScanSoft, Inc.. (Attachments: # (1))(Huston, Julia)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/18/2004] [FileNumber=566782-0]
[0073c4f546cc98515ecf68f7f4f160ad1ac3e32a0c237b952578d434c682821ee3a4c56daffa1ca511f97981b
ac03a1305009a384d6a5bd9c055cc535a6ec9aa]]
Document description:
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/18/2004] [FileNumber=566782-1]
[b6c090ab49aefa3209439fcd4de37e5d8af9dd29568c593b88b18c3bf3bb9c9816d08e7cb52abd07b4397bd1d
ba35c4d9e97174df06b9868be39f644f7b06b01]]


1:04-cv-10353 Notice will be electronically mailed to:
```

Robert M. Asher                                                          rasher@bromsun.com

Paul E. Bonanno                                                          pbonanno@choate.com

Lee C. Bromberg                                                          lbromberg@bromsun.com,
jcreedon@bromsun.com

Sarah C. Columbia                                                        scolumbia@choate.com

Lisa M. Fleming                                                          lfleming@bromsun.com,
jcreedon@bromsun.com

Robert S. Frank                                                          rfrank@choate.com

Julia  Huston                                                            jhuston@bromsun.com,
chiggins@bromsun.com

Paul D. Popeo                                                            Ppopeo@choate.com

1

John F. Ward                                                    jward@bromsun.com,
chiggins@bromsun.com

1:04-cv-10353 Notice will not be electronically mailed to: