# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim-Defendant | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim-Plaintiffs. | ) | |

## DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR REMEDIES FOR VIOLATION OF PROTECTIVE ORDER

Defendants/Counter-Claim Plaintiffs Voice Signal Technologies, Inc., Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron and Manfred G. Grabherr (collectively, "VST" or "Defendants") respectfully submit this Opposition to Plaintiff's Emergency Motion for Remedies for Violation of Protective Order.

On November 24, 2004, Plaintiff filed an "emergency" Motion seeking to compel responses to certain special interrogatories and special document requests within two business days[1]. The stated justification for the highly accelerated schedule demanded by Plaintiff was

---

[1] The Motion was electronically filed on the afternoon of November 24, 2004, the last business day before the Thanksgiving Day holiday. Plaintiffs also seek a deposition of Jordan Cohen, the VST employee to whom certain documents were erroneously provided, as well as the deposition of one or more Choate, Hall & Stewart attorneys. Defendants have agreed to make Mr. Cohen available for deposition. Defendants oppose ScanSoft's request to depose one or more Choate, Hall & Stewart lawyers because the information requested of these attorneys has already been provided to ScanSoft, or will be provided in response to ScanSoft's special discovery requests. ScanSoft has not provided a notice of deposition for any witness.

that, absent the relief requested, Plaintiff would suffer "an immediate and substantial potential harm". Because there is in fact no risk of harm to Plaintiff in allowing Defendants to respond to the special discovery requests under the customary time provided by the Rules, ScanSoft's Motion should be denied.

## **ARGUMENT**

ScanSoft's motion claims, in essence, that (a) a discrete set of documents erroneously provided by Choate Hall & Stewart ("Choate") to an individual VST employee contains "ScanSoft's most sensitive business information" (the "Documents"); (b) that the individual who received the Documents – VST Chief Technology Officer Jordan Cohen – is the "very individual charged with setting VST's business strategy"; and (c) only through a Court order obligating VST and Choate to respond to ScanSoft's special discovery requests by December 1, 2004 can "immediate and substantial harm" be prevented. Each of ScanSoft's arguments is without merit.

First, by letter dated November 24, 2004, Choate has already supplied ScanSoft with information it has requested, and with all assurances necessary to prevent <u>any</u> further harm – much less "substantial", "irreparable" or "immediate harm" to ScanSoft. <u>Exhibit 1</u>. Choate has confirmed that only one individual at VST – Mr. Cohen – reviewed the Documents. Choate has confirmed that the Documents have been retrieved from Mr. Cohen. Choate has further confirmed (as requested by ScanSoft) that Mr. Cohen will not use the information contained in the Documents in any way. Choate has volunteered to provide these assurances to ScanSoft under oath.

Second, Choate has already confirmed that Mr. Cohen is not "the very individual charged with setting VST's business strategy", as erroneously asserted by ScanSoft. Rather, Mr. Cohen

is not responsible for business strategy at VST. Choate has offered to make Mr. Cohen available for deposition, as requested by ScanSoft.

Finally, without diminishing ScanSoft's entitlement to reasonable discovery concerning the unintentional breach of the terms of the parties' protective order, the Documents do not in fact appear to contain "ScanSoft's most sensitive business information", as asserted by ScanSoft.[2] Rather, with one exception, the Documents generally consist of marketing or sales information – much of it quite old – relating to products manufactured by companies that no longer sell those products. None of the products described in the Documents compete with any product formerly or currently sold by VST.

Because the Documents have been retrieved from Mr. Cohen, because they were not shared with any other VST employee, and because Mr. Cohen has agreed not to use any information contained in the Documents in any way, there is no "immediate and substantial potential harm to ScanSoft's business" which could justify the highly accelerated discovery schedule requested in the Motion. All of ScanSoft's legitimate needs can be satisfied by

---

[2] The protective order in place in this litigation provides that documents may be designated as "highly confidential information" only where their disclosure "would cause substantial and/or irreparable harm…[to the producing party]". The Documents do not appear to meet that requirement. They are:

1. A sales quotation from SpeechWorks to Blaupunkt dated December 18, 2002;
2. A user's guide for a Lernout & Hauspie product dated June 2001;
3. A "Spelling API Function Reference" for a Lernout & Hauspie product dated June 2001;
4. An overview, dated January 9, 2003, of the resource manager module which was integrated into a Philips product;
5. An overview, dated January 9, 2003, about the development and integration of a Philips product;
6. A document entitled "Getting Started," intended as a "quick start software development kit and sample programs" related to a Philips product, dated January 9, 2003;
7. A document explaining the speech grammar format for a Philips product, dated January 9, 2003;
8. Various undated product information or marketing materials from Philips;
9. A proposal for Speech Components for Automotive Applications from ScanSoft to Siemens VDO dated March 29, 2004;

permitting VST to respond to the specific discovery requests in the ordinary fashion.  ScanSoft's

motion should be denied.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, MANFRED G.
GRABHERR and VOICE SIGNAL
TECHNOLOGIES, INC.

By their attorneys,


/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  November 29, 2004

4