## CHOATE, HALL & STEWART
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

PAUL D. POPEO, P.C.
DIRECT DIAL: (617) 248-4074
EMAIL: PPopeo@Choate.com

November 24, 2004

*VIA FACSIMILE AND*
*FIRST CLASS MAIL*

Lee Carl Bromberg, Esq.
Bromberg & Sunstein LLP
125 Summer Street Boston, MA  02110

      Re:   *ScanSoft, Inc. v. Voice Signal Technologies, Inc.*: Documents Labeled "Highly Confidential"

Dear Lee:

      This letter responds to your letter dated November 24, 2004, concerning certain documents designated by ScanSoft as "highly confidential" (the "Highly Confidential Documents"), and requesting certain information from Voice Signal Technologies ("VST") and Choate, Hall & Stewart ("Choate").

      First, as you have requested, I confirm the following: The Highly Confidential Documents were not shared with any person at VST other than Mr. Cohen. Further, I confirm that Mr. Cohen will not have further access to the Highly Confidential Documents, and he will not use the information contained in those documents in any fashion. Other than the Highly Confidential Documents, no document produced by ScanSoft in this litigation was provided to Mr. Cohen, or to any other VST employee. Significantly, you should know that Mr. Cohen is not "the very individual charged with setting VST's business strategy," as erroneously asserted in your Emergency Motion For Remedies For Violation Of Protective Order. Rather, Mr. Cohen is not responsible for business strategy at VST.

      As to the more general information requested in your letter, I confirm that Choate received the Highly Confidential Documents from ScanSoft on or about August 9, 2004. The documents were copied, and placed in a file cabinet at our offices. All or a portion of those documents were subsequently reviewed by the following Choate attorneys: Paul Bonanno, Sarah Columbia, Robert Frank, Don Muirhead and Paul Popeo.

      After reviewing the ScanSoft document production, various Choate attorneys determined that the Highly Confidential Documents were overly generalized and insufficiently detailed to

Lee Carl Bromberg, Esq.
November 24, 2004
Page 2

determine whether the products described in the Highly Confidential Documents infringed VST's '630 patent.[1] On or about the second week of October, the Highly Confidential Documents were sent to Mr. Cohen in error, with request that Mr. Cohen confirm that those documents did not provide a basis on which to determine whether the '630 patent was infringed. The documents were sent to Mr. Cohen at a residence in California, and not to VST.

Thereafter, our error was recognized. Mr. Cohen was immediately contacted, and the documents were returned to Choate. Mr. Cohen did not make or retain any copies of the Highly Confidential Documents, or copies of any portion of those documents.

You have requested that I identify any communication, memorandum or the like created by "Mr. Cohen or by anyone else at Voice Signal, which in any way discusses or relates to the content of the highly confidential documents . . . ." As stated above, no VST employee other than Mr. Cohen had access to the Highly Confidential Documents. Mr. Cohen did create one document which he addressed solely to Choate comparing the generalized product information of the Highly Confidential Documents with the claims of the '630 patent. No other document was created by Mr. Cohen concerning the Highly Confidential Documents.

If you desire that any of the information set forth above be provided to you under oath, we will accommodate that request. You have requested the opportunity to depose Mr. Cohen. We will accommodate that request. Because it is the day before Thanksgiving, I cannot provide you today with dates upon which Mr. Cohen can be available. I am happy to work with you to schedule that deposition for early December.

---

[1] I note that the Highly Confidential Documents do not appear to contain "competitive information of the most confidential nature" as claimed in your letter. Rather, with one exception, the Highly Confidential Documents generally concern marketing and sales information – much of it quite old – most of which relate to products manufactured by companies that no longer sell these products and only one of which was absorbed into ScanSoft. The products described in the Highly Confidential Documents do not compete with any product formerly or currently sold by VST. None of the Highly Confidential Documents contains source code of any product. The Highly Confidential Documents are:

1. A sales quotation from SpeechWorks to Blaupunkt dated December 18, 2002;
2. A user's guide for a Lernout & Hauspie product dated June 2001;
3. A "Spelling API Function Reference" for a Lernout & Hauspie product dated June 2001;
4. An overview, dated January 9, 2003, of the resource manager module which was integrated into a Philips product;
5. An overview, dated January 9, 2003, about the development and integration of a Philips product;
6. A document entitled "Getting Started," intended as a "quick start software development kit and sample programs" related to a Philips product, dated January 9, 2003;
7. A document explaining the speech grammar format for a Philips product, dated January 9, 2003;
8. Various undated product information or marketing materials from Philips;
9. A proposal for Speech Components for Automotive Applications from ScanSoft to Siemens VDO dated March 29, 2004;

Lee Carl Bromberg, Esq.
November 24, 2004
Page 3

      Finally, you request my assent to your Emergency Motion For Remedies For Violation Of Protective Order. Because the Highly Confidential Documents have been retrieved from Mr. Cohen, because they were not shared with any other VST employee, and because Mr. Cohen has agreed not to use any information contained in the documents in any way, there is in fact no "immediate and substantial potential harm to ScanSoft's business" as asserted in your Emergency Motion. Consequently, I cannot assent to the highly accelerated schedule requested in your Motion. I will, of course, respond as appropriate to your various discovery requests, and will make Mr. Cohen available for deposition as promptly as is reasonable.

      I trust these accommodations are sufficient. Please call me if you would like to discuss this matter further.

Sincerely,

Paul D. Popeo

PDP/slw:3772961