UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>   Plaintiff,<br><br>   v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>   Defendants. | Civil Action No. 04-10353 PBS<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION
FOR REMEDIES FOR VIOLATION OF PROTECTIVE ORDER**

Plaintiff ScanSoft, Inc. ("ScanSoft") submits this Reply to Defendant Voice Signal Technologies, Inc.'s ("Voice Signal") Opposition to ScanSoft's Emergency Motion for Remedies for Violation of Protective Order ("Opposition"). Counsel for defendants, Choate, Hall & Stewart ("Choate"), disclosed ScanSoft documents designated "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" to Voice Signal's Chief Technology Officer, Jordan Cohen. This unauthorized disclosure was a clear and inexplicable violation of the protective order agreed upon by the parties and poses an immediate and substantial potential harm to ScanSoft's business. So that measures can be taken to address the potential harm to ScanSoft, Voice Signal should be compelled to fully respond to ScanSoft's Special Interrogatories and Special Document Requests on a highly accelerated basis, not "in the ordinary fashion" as Voice Signal maintains. *See* Opposition at p. 4. Moreover, ScanSoft should be provided the opportunity to take the deposition of one or more attorneys at Choate who are

most knowledgeable regarding the breach of the protective order, in addition to the deposition of Mr. Cohen.

## Argument

First, contrary to Voice Signal's representations in its Opposition, it has <u>not</u> "already supplied ScanSoft with information [ScanSoft] has requested." *See* Opposition at 2. Instead of the detailed narrative ScanSoft requires, Voice Signal has provided a generalized and confusing description of the unauthorized disclosure of ScanSoft's Highly Confidential documents. Though Voice Signal's initial letter of November 22, 2004 and its Opposition characterize the disclosure as "inadvertent" or "erroneous," its letter of November 24, 2004 described a process by which Choate attorneys reviewed the Highly Confidential ScanSoft documents and "determined" that they "were overly generalized and insufficiently detailed to determine whether the products described in the Highly Confidential documents infringed VST's '630 patent." Thereafter, the documents at issue were sent to Mr. Cohen. Relying on this basic narrative, it would appear that the disclosure was not, in fact, inadvertent, but instead made as a result of a conscious decision to provide Mr. Cohen with the documents at issue.[1] Full and complete responses to ScanSoft's special discovery requests, along with depositions of Mr. Cohen and one or more Choate attorneys, are necessary to provide a detailed and clear picture of how ScanSoft's documents, obviously marked, "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY," came to be provided to Mr. Cohen.[2]

---

[1] As an initial matter, ScanSoft questions the stated reason for Choate's decision to share these Highly Confidential documents with Mr. Cohen. Nothing in ScanSoft's sales quotations to potential customers could reasonably be of assistance in determining whether ScanSoft's products infringed Voice Signal's '630 patent. Providing these "overly generalized and insufficiently detailed" documents to Mr. Cohen served no legitimate litigation purpose.

[2] Because the information Voice Signal has provided is insufficiently detailed and confusing, Voice Signal's offer to provide that information under oath does nothing to address ScanSoft's needs.

Second, Voice Signal's attempt to minimize the potential harm to ScanSoft by downplaying Mr. Cohen's role at Voice Signal is disingenuous. While Mr. Cohen may not be "the very individual charged with setting VST's business strategy," there can be no doubt that he is deeply involved in formulating and directing the growth of Voice Signal's business. Voice Signal's website has the following to say about Mr. Cohen's responsibilities at the company:

> "Jordan Cohen is responsible for guiding and focusing the Company's technical vision, identifying opportunities, creating technical partnerships and publicly expressing the Company's view of the future. Prior to joining VoiceSignal, Dr. Cohen was Director of Business Relations for Dragon Systems, Inc., a developer of commercial speech recognition software."

VoiceSignal Technologies – Company Profile (visited Nov. 30, 2004) http://www.voicesignal.com/company/profile.shtml. As such, Mr. Cohen is one of the last people ScanSoft would allow access to its Highly Confidential information.

As for Voice Signal's charge that "the Documents do not in fact appear to contain 'ScanSoft's most sensitive business information,'" this assertion is factually incorrect. For one, the Highly Confidential documents Choate provided to Mr. Cohen include two separate bids by ScanSoft to major customers or potential customers for substantial deals potentially generating millions in annual revenues. Each bid contains specific pricing quotes and details ScanSoft's selling strategy and product differentiation in the marketplace. Far from dated, the most recent proposal was delivered on March 29, 2004 and is currently in negotiation.

Mr. Cohen was also provided a highly sensitive "Spelling API Function Reference." That document is nearly one hundred pages in length and contains substantial details regarding a particular technical feature ScanSoft has that Voice Signal currently does not. Potentially, this document, taken together with the other Highly Confidential documents disclosed to Mr. Cohen, could give Voice Signal a significant head start in developing architecture for spelling capability

3

in a speech recognition product. The "Spelling API Function Reference" is protected by ScanSoft as an internal proprietary document and not shared with anyone outside the company, except for a very limited number of ScanSoft's partners on a confidential basis. Its disclosure to Mr. Cohen, the Voice Signal employee "responsible for guiding and focusing the Company's technical vision, identifying opportunities, [and] creating technical partnerships" is, to say the least, troubling.

Finally, Voice Signal's attack on ScanSoft's "HIGHLY CONFIDENTIAL" designation of the documents at issue is misplaced and ill-timed. If Voice Signal truly believed the documents at issue were incorrectly designated, the proper course of action would have been to challenge ScanSoft's designation pursuant to Paragraph 15 of the protective order. Of course, given the highly sensitive nature of the documents, ScanSoft would have vigorously opposed that challenge, and a ruling from the Court may have been required to resolve the dispute. However, under no circumstances do the terms of the protective order, to which Voice Signal agreed to be bound, allow for a party to decide, unilaterally, that a confidentiality designation is incorrect and that a document thereby falls outside the scope of the protections afforded by the protective order. Based on the generalized information with which ScanSoft has been provided, it appears that this is, in fact, what transpired. As such, ScanSoft requires full and detailed responses to its special discovery requests and testimony from Mr. Cohen and one or more Choate attorneys, on an accelerated schedule, to ascertain the extent of the harm or potential harm done to ScanSoft's business and to ensure that adequate measures are taken to prevent any further breaches of the protective order.

## Conclusion

For all the foregoing reasons, as well as those contained in ScanSoft's Motion for Remedies for Violation of Protective Order, Voice Signal should be compelled to fully respond, on an accelerated

5

schedule, to ScanSoft's special discovery requests and make available for deposition Mr. Cohen and one or more attorneys at Choate, Hall & Stewart who are most knowledgeable regarding the breach of the protective order. ScanSoft respectfully requests that this Court grant its Motion for Remedies for Violation of Protective Order.

Dated:  December 1, 2004

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
jschecter@bromsun.com

02639/00509  348948.1