UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    C.A. No. 04-10353-PBS <br> ) |
| VOICE SIGNAL TECHNOLOGIES, INC., <br> LAURENCE S. GILLICK, ROBERT S. <br> ROTH, JONATHAN P. YAMRON, and <br> MANFRED G. GRABHERR, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### VOICE SIGNAL TECHNOLOGIES, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER LIMITING THE SUBJECT MATTER OF SCANSOFT'S 30(b)(6) DEPOSITION AND <u>PRECLUDING THE DEPOSITIONS OF INDIVIDUAL DEFENDANTS</u>

Defendant Voice Signal Technologies, Inc. ("VST") hereby moves this Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order limiting the scope of plaintiff's 30(b)(6) deposition of VST and to prohibit ScanSoft from deposing the individual defendants until (1) VST's pending Motion to Dismiss Counts II, III, IV and V of the Amended Complaint has been ruled upon by this Court and (2) the parties' outstanding discovery motions have been decided by this Court. VST further moves that this Court enter a protective order prohibiting ScanSoft from deposing VST on two additional topics – (1) damages information that is unrelated to a claim for reasonably royalties and (2) claim construction contentions that are not an appropriate subject of a 30(b)(6) deposition. ScanSoft's deposition notices are blatant attempts to end-run the motions

currently pending before the Court.  This motion is filed as an emergency motion because the depositions at issue are noticed for January 5, 6, 7, 12 and 14, 2005.[1]

Of the forty-nine categories of information sought in the Rule 30(b)(6) notice, more than ten (nos. 18-29) seek information relating to ScanSoft's trade secrets and other state law claims.  VST has filed a motion to dismiss those claims, which the Magistrate Judge has taken under advisement.  The Magistrate Judge has expressly declined to consider those portions of ScanSoft's pending motion to compel discovery addressed to discovery into the trade secrets claims until VST's motion to dismiss has been decided.  ScanSoft also seeks the depositions of the individual defendants.  The individual defendants are named only in the claims which are the subject of the motion to dismiss.  Again, ScanSoft's deposition notices are attempts to gain through deposition testimony the precise discovery which it sought – and has not been granted – in its motion to compel.

Further, at least nine of the categories of the Rule 30(b)(6) Notice (nos. 1,2,5,6,7,8,10,11,12) are directed to discovery into areas of no relevance to its patent claim and which call for VST's most sensitive information: its source code, its development documents, the inner-most workings of its technology.   These are categories of discovery to which VST has objected and as to which ScanSoft has moved to compel.  That Motion has been briefed and heard by the Magistrate Judge, who has taken it under advisement.  ScanSoft should not be permitted to discover through deposition the very information which is subject to a pending motion to compel.

Finally, eight of the categories of the Rule 30(b)(6) Notice are directed to discovery that is either irrelevant to this litigation or inappropriate for discovery through a 30(b)(6) deposition.

---

[1] A copy of these notices of deposition are attached hereto as Exhibit A.  As of Monday, December 27, 2004, VST's counsel believed agreement had been reached with ScanSoft's counsel regarding this dispute.  That agreement fell apart at 5:00 p.m. Monday.

Categories 3,4 and 31 seek information concerning VST's claims construction contentions, which are not factual matters and are therefore not the proper subject matter for a 30(b)(6) deposition. Categories 13-15,44, and 46 seek information on damages that are outside the scope of ScanSoft's and VST's claims for reasonably royalty damages.

Of course, ScanSoft may and should go forward with its depositions in the categories not subject to dispute. VST has notified ScanSoft that it will make the individual defendants available on these topics and will put forward a 30(b)(6) witness(es) on those topics.

## BACKGROUND

### A. VST's Motion to Dismiss the State Law Claims

In its original Complaint, ScanSoft alleged claims for patent infringement (against VST only) (Count I), misappropriation of trade secrets (Count II), unfair competition (Counts III and IV) and violations of M.G.L. c.93A (Count V). Defendants filed a motion to dismiss counts II though V (the "State Law Claims") for failure to state a claim, demonstrating that: (1) the State Law Claims had been asserted against VST in a prior action in Massachusetts state court brought by ScanSoft's predecessor, Lernout & Hauspie Speech Products ("L&H"); (2) while ScanSoft bought certain L&H speech recognition assets from L&H, it did not buy the cause of action asserted by L&H against VST; (3) L&H settled and released the State Law Claims alleged by ScanSoft; and (4) the State Law Claims independently failed as a matter of law.

On April 14, 2004, the Court conducted a hearing on and granted VST's first Motion to Dismiss. The Court observed that ScanSoft's Complaint merely repeated the allegations of L&H's prior state court complaint. The Court dismissed the State Law Claims without prejudice, stating that ScanSoft could file an amended complaint if, in good faith, it could "very

3

specifically" allege a violation of its trade secrets that *post-dated* ScanSoft's acquisition of L&H's speech recognition assets.

On May 12, 2004, ScanSoft filed an Amended Complaint with the Court that alleged the same facts and asserts the same legal theories as were found in ScanSoft's original Complaint. While the Amended Complaint has the *appearance* of a new complaint, ScanSoft has merely rearranged the allegations of the old Complaint. Contrary to the Court's instructions, ScanSoft failed to allege any misappropriation of trade secrets that occurred after ScanSoft's acquisition of VST. Therefore, on June 14, 2004, VST moved to dismiss ScanSoft's Amended Complaint. VST's Motion to Dismiss was referred to the Magistrate Judge for Report and Recommendation. The Magistrate Judge heard argument on the motion on November 4, 2004, and took the motion under advisement.

### B.     The Pending Discovery Motions

ScanSoft's First Set of Document Requests and First Set of Interrogatories sought, among other things, extremely broad categories of documents relating to ScanSoft's State Law Claims. In addition, they sought extensive information concerning (1) VST's source code, (2) the technical development of the accused products, (3) VST's patent applications and invention disclosures regardless of whether any such document was related to a claim of ScanSoft's '966 patent, and (4) VST's prior art analysis concerning the '966 patent. The Defendants served responses to ScanSoft's discovery requests, objecting to the production of documents related to the State Laws Claims and to the four categories listed above. In response to VST's objections, ScanSoft filed a Motion to Compel and VST filed an opposition to the Motion to Compel. VST argued that (1) it should not be compelled to produce documents relevant only to the State Law Claims until its Motion to Dismiss has been decided; and (2) the documents that fell into the four

categories listed above were either irrelevant to the patent claims or protected by the attorney work product privilege. An additional series of briefs on these discovery issues were filed in November 2004. After a hearing before this Court on November 10, 2004, the parties conferred and attempted to resolve numerous discovery disputes, including discovery concerning the four categories of documents cited above. The parties were unable to resolve their dispute concerning these categories of documents, and further argument before this Court was held on December 8, 2004. The Court took the issues under advisement. Despite the fact that the Court has not issued a decision on the Motion to Dismiss or the discovery motions, ScanSoft now presses its 30(b)(6) Notice requesting information concerning the very topics that are the subject of those pending motions.

## ARGUMENT

Through the 30(b)(6) Notice, ScanSoft has completely ignored the pending motions and is attempting to obtain information from VST before the Court has ruled on the propriety of the discovery. ScanSoft should not be permitted discovery on the subject matter of the pending motions before this Court has ruled.

It is within the discretion of this court to postpone discovery of issues pending resolution of a potentially dispositive motion, if such procedure will prevent the waste of time and effort of all concerned and will make more efficient use of judicial resources. See Britamco Underwriters, Inc. v. B&D Milmont Inn, Inc., 1996 WL 476624 (E.D. Pa. 1996). See also Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (2001) (The entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of trial court's discretion to manage the conduct of discovery); Landy v. D'Alessandro, 316 F.Supp.2d 49, 55 (D.Mass.

3780952v1

2004) (court granted stay of discovery pending motion to dismiss.) It further follows that it is within this Court's discretion to stay discovery on issues which are the subject matter of a pending discovery dispute.[2]

Here, this Court should exercise its discretion and issue a protective order: (1) postponing any discovery on ScanSoft's State Law Claims until VST's Motion to Dismiss has been ruled upon; and (2) postponing any discovery into subject matter currently at issue in the motion to compel before the Court. With respect to the 30(b)(6) Notice, categories 18 through 29 of the 30(b)(6) Notice relate only to the State Law Claims. For example, Paragraph 18 requests that VST provide information concerning "the alleged misappropriation by Voice Signal of Scan Soft's trade secrets and confidential and proprietary information." Further, Paragraph 29 requests information concerning "the action entitled *Lernout & Hauspie Speech Products N.V., et al, v. Gillick, et al,* Civil Action No. 01-3924 (Mass. Super. 2001), including but not limited to the claims, settlement and dismissal of that action."

This Court made clear at each of the last several hearings that, until the Court ruled on the pending Motion to Dismiss the State Law Claims, the parties should focus only on discovery relevant to ScanSoft's patent claim (Count I). For that reason alone, neither those portions of the 30(b)(6) relating to the State Law Claims nor the individual depositions should go forward.[3] Furthermore, it would be unfair to submit VST and the Individual Defendants to expensive

---

[2] Fed. R. Civ. P. 26(c) provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…" See also America Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 192 (1st Cir. 2001). The district court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required…" Poliquin v. Garden Way, Inc., 989 F.2d 527, 532 (1st Cir. 1993). In determining whether a protective order is appropriate, district courts generally weigh whether the "burden or expense or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources and the importance of the proposed discovery in resolving issues." 6 Moore's Federal Practice and Procedure 3d §26.60[5].

[3] VST assumes ScanSoft has noticed the depositions of the individual defendants to discover into its State Law Claims. If, instead, ScanSoft chooses to take their depositions on issues relevant to the patent claim and not presently subject to the motions pending before the Court, VST will make them available.

discovery on claims that may be dismissed.  Finally, there is a real risk here that ScanSoft will attempt to use these depositions as a fishing expedition to try to find support for its State Law Claims that it should not be permitted to do.  *See* Microwave Research Corp. v. Sanders Assoc. Inc., 110 F.R.D. 669, 670 (D. Mass. 1986) (Collings, M.J.) (denying motion to compel discovery of defendants' trade secrets and holding that plaintiff may not obtain discovery of defendants' trade secrets and confidential information "in order to discover whether or not any of the corporate plaintiff's trade secrets have been appropriated and used by the corporate defendants.")

In addition, ScanSoft should not be permitted to depose VST on the very issues that VST has argued in its opposition to ScanSoft's Motion to Compel are irrelevant to its patent claim and/or protected from disclosure.  ScanSoft has blatantly attempted to make an end run around the pending discovery motions.  For example, Category 1 seeks information concerning "the structure, operation algorithms and *source code* of each version of Voice Signal's VSuite Speech Recognition Product…"  Category 2 requests information concerning "the conception, research, design, development, reduction to practice, testing, protyping and manufacturing of each version of Voice Signal's VSuite Speech Recognition Product."  ScanSoft also requests information concerning VST's patent applications and prior art searches concerning the '966 patent.  These are exactly the categories of documents which are the subject of the motions the Court has taken under advisement.

As this Court knows, VST's objections to the production of documents or other information concerning these topics has been thoroughly briefed and argued before this Court.  ScanSoft's attempt to circumvent this Court's authority should be denied and this Court should stay the deposition of VST on these topics until the resolution of ScanSoft's Motion to Compel.

Finally, ScanSoft should not be permitted to depose VST on its claim construction position or on damages matters that are outside the scope of a claim for reasonably royalties. First, categories 3,4 and 31 of the 30(b)(6) Notice call for information concerning VST's legal contentions pertaining to the claim construction of the two patents in dispute. For example, category 3 requests information concerning "United States Patent No. 6,501,966, including but not limited to Voice Signal's understanding of the technology described therein and Voice Signal's understanding of the meaning of the terms and phrases used in the specification and claims of the '966 patent." This category clearly requests VST's legal positions rather than any factual information. Courts have held that a Rule 30(b)(6) deposition is not an appropriate method of discovery of claim construction issues. See Exxon Research and Engineering Co. v. U.S., 44 Fed. Cl. 597, 602 (Fed.Cl. 1999). See also Smithkline Beecham Corp. v. Apotex Corp., 2004 WL 739959 (E.D. Pa. 2004) (holding that 30(b)(6) deposition was not the proper framework for discovery on claim construction issues).[4]

Second, categories 13-15,44, and 46 seek information that is unrelated to ScanSoft's or VST's claim for reasonably royalty damages. For example, category 14 is directed to information concerning "the marketing, advertising, promotion, test marketing, target markets, market penetration, customer demand, customer purchasing motivation, and decision to manufacture each version of Voice Signal's VSuite Recognition Product." Category 46 is directed to information concerning "the computation of profits and/or losses generated by, or

---

[4] The court in Exxon reasoned that under the Markman framework, claim construction is a matter of law for the court to decide and therefore a 30(b)(6) deposition, which is directed towards factual issues and witnesses, does not provide an appropriate forum for the disclosure of a party's legal contentions. The Court in Exxon instead ordered the parties to serve and respond to contention interrogatories concerning claim construction issues. Here, the Court's scheduling order sets forth a schedule for Markman proceedings on claim construction. ScanSoft should not be permitted to jump the gun and force VST to disclose its legal positions in an improper forum. Therefore, this Court should enter a protective order prohibiting ScanSoft from deposing VST on its legal contentions related to claim construction.

8

attributable to, the manufacture, marketing and sale of each product Voice Signal contends is covered by the claims of the '630 patent."

Both ScanSoft and VST have chosen to pursue reasonably royalty damages rather than lost profits. Only VST's actual revenues and expected sales and revenues at the time of the first alleged infringement are relevant to a reasonably royalty damages analysis. Once again, ScanSoft should not be permitted to engage in a fishing expedition to discover highly sensitive information concerning VST's commercial position through these overly broad categories in the 30(b)(6) Notice. This Court should enter a protective order limiting the ScanSoft's 30(b)(6) Notice to damages information that is relevant to a reasonably royalties damages analysis.

**WHEREFORE**, for the reasons set forth above, VST moves that this Court enter a Protective Order limiting the scope of ScanSoft's 30(b)(6) Notice as argued above and staying the deposition of the Individual Defendants until this Court has ruled on VST's Motion to Dismiss.

        Respectfully submitted,

        VOICE SIGNAL TECHNOLOGIES, INC.

        By its attorneys,

        /s/ Wendy S. Plotkin
        Robert S. Frank, Jr. (BBO No. 177240)
        Sarah Chapin Columbia (BBO No. 550155)
        Paul D. Popeo (BBO No. 567727)
        Paul E. Bonanno (BBO No. 646838)
        Wendy S. Plotkin (BBO No. 647716)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, MA  02109
        (617) 248-5000

Dated:  December 29, 2004

3780952v1

CERTIFICATE PURSUANT TO LOCAL RULE 37.1

I certify that counsel for Voice Signal conferred with counsel for ScanSoft on December 27, 2004 in a good faith effort to resolve the issues presented in this motion, and that the parties were unable to reach an accord.

/s/  Wendy S. Plotkin
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

3780952v1