## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC.<br><br>            Plaintiff,<br><br>    v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>            Defendants. | Civil Action No. 04-10353 PBS |

## NOTICE OF RULE 30(b)(6) DEPOSITION OF
## VOICE SIGNAL TECHNOLOGIES, INC.

To:    Robert S. Frank, Jr., Esq.
       Sarah Chapin Columbia, Esq.
       Paul D. Popeo, Esq.
       Paul E. Bonanno, Esq.
       Wendy S. Plotkin, Esq.
       CHOATE, HALL & STEWART
       Exchange Place
       53 State Street
       Boston, MA 02109
       (617) 248-5000

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

counsel for ScanSoft, Inc. will take the deposition upon oral examination of Voice Signal

Technologies, Inc. ("Voice Signal") beginning at 10:00 a.m. on Thursday, January 6, 2005 at the

office of Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110, or at

such other time and place as may be agreed upon by counsel. The deposition will take place

before a Notary Public or other person authorized to administer oaths and will be recorded by

stenographic and/or video means. Attorneys may also use equipment for providing simultaneous stenography during the deposition.

Pursuant to Rule 30(b)(6), Voice Signal shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning each of the following matters set forth in Schedule A, attached hereto.

Dated: December 10, 2004

SCANSOFT, INC.,
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
jschecter@bromsun.com

2

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.    The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated by reference into these requests.

2.    As used herein, "document" shall mean, in addition to its other meanings, "documents and things."

3.    As used herein, the words "and" and "or" shall, where the context permits, be construed to mean "and/or."

4.    As used herein, "every" and "each" shall both mean "each and every."

5.    As used herein, "Voice Signal" or "defendant" refers to the defendant Voice Signal Technologies, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

6.    As used herein, "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parent, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

7.    As used herein, "the '966 patent" refers to U.S. Patent No. 6,501,966.

8.    As used herein, "the '630 patent" refers to U.S. Patent No. 6,594,630.

9.    As used herein, "Speech Recognition Product" refers to any product or service incorporating speech recognition technology, including but not limited to speech recognition software embedded in portable devices, such as mobile telephones and PDA's.

10.    As used herein, "VST Speech Recognition Product" refers to any Speech Recognition Product, as defined above, which has been made, used, licensed, offered for sale, or

sold by, or on behalf of, Voice Signal, and any Speech Recognition Product incorporating technology developed, licensed or sold by Voice Signal. VST Speech Recognition Product shall include without limitation any product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E.

## SUBJECT MATTER OF DEPOSITION

1.    The structure, operation, algorithms and source code of each version of Voice Signal's VSuite Speech Recognition Product, including but not limited to the technical specifications, performance and capabilities of each product.

2.    The conception, research, design, development, reduction to practice, testing, prototyping and manufacturing of each version of Voice Signal's VSuite Speech Recognition Product.

3.    United States Patent No. 6,501,966, including but not limited to Voice Signal's understanding of the technology described therein and Voice Signal's understanding of the meaning of the terms and phrases used in the specification and claims of the '966 patent.

4.    The alleged infringement by Voice Signal of the '966 patent, including any claims or contentions by Voice Signal that it does not infringe the '966 patent, and the basis for and facts supporting such contentions.

5.    The validity and enforceability of the '966 patent, including any claims or contentions by Voice Signal that the '966 patent is invalid or unenforceable, and the bases for and facts supporting such contentions.

6.    The identification of each prior art reference on which Voice Signal relies or intends to rely as showing the '966 patent is allegedly invalid.

4

7.    Speech recognition technology as it applies to VST Speech Recognition Products, including the state of the art, the level of skill in the art, and prior art devices and methods at or around April, 1992.

8.    Whether the methods and devices to which the '966 patent is directed meet a long-felt need.

9.    The popularity, utility, advantages over other devices, and nature or benefits to users, of each version of Voice Signal's VSuite Speech Recognition Product.

10.    Any allegations by Voice Signal that the '966 patent is unenforceable due to inequitable conduct, misuse, laches, and/or estoppel, including the bases for and facts supporting such contentions.

11.    Voice Signal's knowledge, study, review, examination, and/or consideration of the '966 patent, including any prior art search and any validity, patentability, and/or infringement study with respect to the '966 patent and any communications between Voice Signal and any person relating to a determination whether any features of any version of Voice Signal's VSuite Speech Recognition Product infringes the '966 patent and whether the '966 patent is valid and enforceable.

12.    The identification, location, and custody of patents or patent applications owned by Voice Signal or employees or officers of Voice Signal, embodying the technology included in each version of Voice Signal's VSuite Speech Recognition Product.

13.    The offer for sale, sale, license, lease, distribution, transfer, and/or other revenue generating transactions relating to each version of Voice Signal's VSuite Speech Recognition Product.

5

14.    The marketing, advertising, promotion, test marketing, target markets, market penetration, customer demand, customer purchasing motivation, and decision to manufacture each version of Voice Signal's VSuite Speech Recognition Product.

15.    The expected sales and sales revenue, forecasted sales and sales revenue, projected sales and sales revenue, actual sales and sales revenue, market share, price, pricing policies, price discount structures and policies, price markup structures and policies; rebate policies, dealer/direct agreements, price supports, guarantees, credit policies, and average selling price of each version of Voice Signal's VSuite Speech Recognition Product.

16.    The appropriate measure and level of damages that may be incurred as a result of Voice Signal's alleged infringement of the '966 patent.

17.    The royalty rates paid by licensees under patents directed to Speech Recognition Products or features thereof; the portion of the profit and of the selling price customary in the Speech Recognition Product business to allow for use of patents for Speech Recognition Products or features thereof; and the portion of profit that should be credited to patents for Speech Recognition Products or features thereof, including the '966 patent.

18.    The alleged misappropriation by Voice Signal of ScanSoft's trade secrets and confidential and proprietary information.

19.    The recruitment and hiring of Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron and Manfred G. Grabherr by Voice Signal.

20.    Agreements relating to the employment of Messrs. Gillick, Roth, Yamron and Grabherr by Voice Signal.

21.    Voice Signal's knowledge related to the responsibilities of Messrs. Gillick, Roth, Yamron and Grabherr while employed at Dragon Systems, Inc. and at Lernout & Hauspie Speech Products N.V.

22.    Voice Signal's knowledge related to the work assignments and research projects to which Messrs. Gillick, Roth, Yamron and/or Grabherr contributed while employed at Dragon Systems, Inc. and at Lernout & Hauspie Speech Products N.V., including but not limited to the subject matter, funding and results of those assignments and projects.

23.    Voice Signal's knowledge of the fiduciary obligations and restrictive covenants prohibiting Messrs. Gillick, Roth, Yamron and Grabherr from disclosing the confidential and proprietary information to which they had access while employed at Dragon Systems, Inc. and at Lernout & Hauspie Speech Products N.V.

24.    The responsibilities of Messrs. Gillick, Roth, Yamron and Grabherr at Voice Signal.

25.    The work assignments and research projects to which Messrs. Gillick, Roth, Yamron and/or Grabherr contributed at Voice Signal, including but not limited to the subject matter, funding and results of those assignments and projects.

26.    The evolution of Voice Signal's presence in the market for Speech Recognition Products, including but not limited to Voice Signal's plans and efforts to enter the market for speech recognition software embedded in portable devices, such as mobile telephones and PDA's.

27.    The conception, research, design, development, reduction to practice, testing, prototyping and manufacturing of Voice Signal's Embedded Large Vocabulary Interface System

7

("ELVIS"), including but not limited to any contribution made to the ELVIS project by Messrs. Gillick, Roth, Yamron and Grabherr.

28.    The structure and operation of each of Voice Signal's ELVIS products, including but not limited to the technical specifications, performance and capabilities of each product.

29.    The action entitled *Lernout & Hauspie Speech Products N.V., et al, v. Gillick, et al*, Civil Action No. 01-3924 (Mass. Super. 2001), including but not limited to the claims, settlement and dismissal of that action.

30.    The allegations in Voice Signal's counterclaims, including the bases for, and the facts supporting, those allegations.

31.    United States Patent No. 6,594,630, including but not limited to Voice Signal's understanding of the technology described therein and Voice Signal's understanding of the meaning of the terms and phrases used in the specification and claims of the '630 patent.

32.    The conception, research, design, development, reduction to practice, testing, prototyping and manufacturing of the invention claimed in the '630 patent.

33.    The prosecution of the '630 patent.

34.    The validity and enforceability of the '630 patent.

35.    The application of the claims of the '630 patent to any accused product of ScanSoft and the structure and operation of each Speech Recognition Product of ScanSoft that Voice Signal contends is an infringement (or when used, is an infringement) of any claim of the '630 patent.

36.    Voice recognition technology as it applies to the '630 patent, including the state of the art and level of skill in the art at or around November, 1999, and prior art devices and methods.

8

37.    Whether the methods and devices to which the '630 patent is directed meet a long-felt need.

38.    The popularity, utility, advantages over other devices, and nature or benefits to users, of the invention claimed in the '630 patent.

39.    Voice Signal's knowledge, study, review, examination, and/or consideration of the '630 patent, including any prior art search and any validity, patentability, and/or infringement study with respect to the '630 patent and any communications between Voice Signal and any person relating to a determination whether any feature of a ScanSoft Speech Recognition Product infringes the '630 patent and whether the '630 patent is valid and enforceable.

40.    All products covered by the claims of the '630 patent.

41.    The marking of the '630 patent number on products.

42.    The offer for sale, sale, license, lease, distribution, transfer, and/or other revenue generating transactions relating to each product Voice Signal contends is covered by the claims of the '630 patent.

43.    The marketing, advertising, promotion, test marketing, target markets, market penetration, customer demand, customer purchasing motivation, and decision to manufacture each product Voice Signal contends is covered by the claims of the '630 patent, and the marketplace of products competing with those covered by any of the claims of the '630 patent.

44.    The expected sales and sales revenue, forecasted sales and sales revenue, projected sales and sales revenue, actual sales and sales revenue, market share, price, pricing policies, price discount structures and policies, price markup structures and policies; rebate policies, dealer/direct agreements, price supports, guarantees, credit policies, and average selling price of each product Voice Signal contends is covered by the claims of the '630 patent.

9

45.    The appropriate measure and level of damages that may be incurred as a result of ScanSoft's alleged infringement of the '630 patent.

46.    The computation of profits and/or losses generated by, or attributable to, the manufacture, marketing, and sale of each product Voice Signal contends is covered by the claims of the '630 patent.

47.    The royalty rates paid by licensees under patents directed to Speech Recognition Products or features thereof; the portion of the profit and of the selling price customary in the Speech Recognition Product business to allow for use of patents for Speech Recognition Products or features thereof; and the portion of profit that should be credited to patents for Speech Recognition Products or features thereof, including the '630 patent.

48.    The information contained in the documents, or regarding the things, produced by Voice Signal in response to ScanSoft's Requests for Production of Documents and Things and the information disclosed in response to ScanSoft's Interrogatories to Defendants.

49.    The identification of each person with knowledge or information, and the location and custody of documents, concerning, evidencing, regarding, or relating to the subject matter set forth in each of the numbered paragraphs above.

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by facsimile and first class mail.

_____
Jack C. Schecter

02639/00509  349130.1

11

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |
| ) | |

To:   Robert S. Frank, Jr., Esq.
      Sarah Chapin Columbia, Esq.
      Paul D. Popeo, Esq.
      Paul E. Bonanno, Esq.
      Wendy S. Plotkin, Esq.
      CHOATE, HALL & STEWART
      Exchange Place
      53 State Street
      Boston, MA 02109
      (617) 248-5000

### NOTICE OF DEPOSITION OF LAURENCE S. GILLICK

Please take notice that counsel for ScanSoft, Inc. will take the deposition upon oral examination of Laurence S. Gillick, beginning at 10:00 a.m. on Friday, January 7, 2005 at the office of Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110, or at such other time and place as may be agreed upon by counsel. The deposition will take place before a Notary Public or other person authorized to administer oaths and will be recorded by stenographic and/or video means. Attorneys may also use equipment for providing simultaneous stenography during the deposition.

Dated: December 10, 2004

SCANSOFT, INC.,

By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by facsimile and first class mail.

Jack C. Schecter

02639/00509 349598.1

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

To:   Robert S. Frank, Jr., Esq.
      Sarah Chapin Columbia, Esq.
      Paul D. Popeo, Esq.
      Paul E. Bonanno, Esq.
      Wendy S. Plotkin, Esq.
      CHOATE, HALL & STEWART
      Exchange Place
      53 State Street
      Boston, MA 02109
      (617) 248-5000

### NOTICE OF DEPOSITION OF ROBERT S. ROTH

Please take notice that counsel for ScanSoft, Inc. will take the deposition upon oral examination of Robert S. Roth, beginning at 10:00 a.m. on Wednesday, January 12, 2005 at the office of Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110, or at such other time and place as may be agreed upon by counsel. The deposition will take place before a Notary Public or other person authorized to administer oaths and will be recorded by stenographic and/or video means. Attorneys may also use equipment for providing simultaneous stenography during the deposition.

Dated:  December 10, 2004

SCANSOFT, INC.,

By its attorneys,


Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, a true and correct copy of the foregoing

document was served upon opposing counsel by facsimile and first class mail.


Jack C. Schecter

02639/00509  349601.1

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-10353 PBS

To:    Robert S. Frank, Jr., Esq.
Sarah Chapin Columbia, Esq.
Paul D. Popeo, Esq.
Paul E. Bonanno, Esq.
Wendy S. Plotkin, Esq.
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

### NOTICE OF DEPOSITION OF JONATHAN P. YAMRON

Please take notice that counsel for ScanSoft, Inc. will take the deposition upon oral examination of Jonathan P. Yamron, beginning at 10:00 a.m. on Thursday, January 13, 2005 at the office of Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110, or at such other time and place as may be agreed upon by counsel. The deposition will take place before a Notary Public or other person authorized to administer oaths and will be recorded by stenographic and/or video means. Attorneys may also use equipment for providing simultaneous stenography during the deposition.

Dated:  December 10, 2004                    SCANSOFT, INC.,

By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by facsimile and first class mail.

Jack C. Schecter

02639/00509  349603.1

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SCANSOFT, INC.

      Plaintiff,

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S.
ROTH, JONATHAN P. YAMRON, and
MANFRED G. GRABHERR

      Defendants.

Civil Action No. 04-10353 PBS

To:   Robert S. Frank, Jr., Esq.
      Sarah Chapin Columbia, Esq.
      Paul D. Popeo, Esq.
      Paul E. Bonanno, Esq.
      Wendy S. Plotkin, Esq.
      CHOATE, HALL & STEWART
      Exchange Place
      53 State Street
      Boston, MA 02109
      (617) 248-5000

## NOTICE OF DEPOSITION OF MANFRED G. GRABHERR

Please take notice that counsel for ScanSoft, Inc. will take the deposition upon oral examination of Manfred G. Grabherr, beginning at 10:00 a.m. on Friday, January 14, 2004 at the office of Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110, or at such other time and place as may be agreed upon by counsel. The deposition will take place before a Notary Public or other person authorized to administer oaths and will be recorded by stenographic and/or video means. Attorneys may also use equipment for providing simultaneous stenography during the deposition.

Dated: December 10, 2004

SCANSOFT, INC.,

By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2004, a true and correct copy of the foregoing document was served upon opposing counsel by facsimile and first class mail.

Jack C. Schecter

02639/00509 349604.1

2