UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS COUNTS II, III, IV AND V
OF THE AMENDED COMPLAINT
(Docket # 25)**

ALEXANDER, M.J.

The plaintiff in this case, ScanSoft, Inc., has brought claims of patent infringement, misappropriation of trade secrets, unfair competition, and unfair or deceptive conduct in violation of Mass. Gen. Laws ch. 93A against defendant Voice Signal Technologies ("VST"). On June 14, 2004, VST filed a motion to dismiss all but the patent infringement claim included in ScanSoft's amended complaint, and the matter is now before this Court pursuant to an Order of Reference requesting a Report and Recommendation on that motion. VST also

filed a related motion for Rule 11 sanctions, which this Court addresses in a separate Order issued today. A hearing on the motion to dismiss was held on November 4, 2004. This Court has carefully considered the parties' arguments, both written and oral, and for the reasons set forth more fully below, recommends that VST's motion to dismiss be DENIED in part and ALLOWED in part.

**RELEVANT BACKGROUND**

Factual Background

In deciding VST's motion to dismiss, this Court must accept as true all well-pleaded facts and extend ScanSoft the benefit of all reasonable inferences. Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 24 (D. Mass. 2000). With this standard in mind, the facts underlying this case, as taken from ScanSoft's complaint, are as follows.

ScanSoft and VST are competitors in the speech recognition technology market. ScanSoft describes itself as "a leader in the research, application and development of advanced speech and language technologies, products and services." VST describes itself as "a developer of speech solutions for use on mobile devices." Additionally, ScanSoft owns a patent related to speech recognition technology (the "'966 patent") that is the subject of ScanSoft's patent infringement claim against VST.

In December 2001, ScanSoft purchased "substantially all the assets of . . . [the] speech recognition technology division" of Lernout & Hauspie Speech Products N.V. ("L&H"), then a "world leader in the research, application and development of advanced speech and language technologies, products and services." Individual defendants Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr (collectively, the "individual defendants") were L&H employees involved with, and privy to information related to, L&H's speech recognition technology. That information included various trade secrets and confidential and proprietary information, and each of the defendants "agreed to protect L&H's proprietary information and trade secret information and to refrain from disclosing or using any of such information during and after their respective terms of employment with L&H." ScanSoft's Amended Complaint (Amended Compl.) ¶¶ 26, 27. The individual defendants left L&H in early 2001, and thereafter began working for VST. Shortly after the individual defendants began working at VST, VST announced the introduction of its Embedded Large Vocabulary Interface System ("ELVIS") in a September 6, 2001, press release. ELVIS has, according to ScanSoft, "strikingly similar purposes, features and functionalities as those developed

in . . . confidential and proprietary" L&H projects. Id. ¶ 31. After VST's announcement regarding ELVIS, L&H brought a lawsuit against VST in Massachusetts Superior Court alleging claims of misappropriation of trade secrets, unfair competition and a violation of Mass. Gen. Laws ch. 93A (the "state court litigation"). When ScanSoft purchased L&H's speech technology assets, L&H was still involved in the state court litigation. Additionally, L&H was involved in Chapter 11 bankruptcy proceedings in New York. L&H and VST settled the state court litigation in January 2002.

Procedural Background in the District Court

ScanSoft's original complaint against VST, filed in February 2004, contained claims for misappropriation of trade secrets, unfair competition and a violation of Mass. Gen. Laws ch. 93A (counts II, III, IV and V) identical to the claims brought by L&H against VST in the state court litigation. ScanSoft's complaint also included a patent infringement claim against VST (count I). In March 2004, VST filed a motion to dismiss counts II, III, IV and V on the basis that the claims, identical to the ones that VST had settled with L&H in the state court litigation, related to alleged conduct that occurred prior to the transfer of assets from L&H to ScanSoft (the "first motion to dismiss").[1] ScanSoft, therefore,

---

[1] VST did not move to dismiss the patent infringement claim.

4

according to VST, had no basis for its claims because the conduct did not occur while ScanSoft owned the technology. The District Court (Saris, J.) agreed, and after a hearing on April 14, 2004, dismissed counts II, III, IV and V of ScanSoft's complaint. The District Court did so, however, without prejudice.

ScanSoft argued that its claims were valid because it was alleging on-going violations (e.g., that any misappropriation of trade secrets continued to occur after ScanSoft purchased the technology from L&H). The District Court told ScanSoft at the hearing that it did not believe that ScanSoft's complaint clearly alleged on-going violations, and stated that ScanSoft's original complaint simply "regurgitated" the claims made by L&H in the state court litigation. In granting the motion to dismiss without prejudice, the District Court told ScanSoft that if it repled the complaint, it should "think about whether or not, under Rule 11 . . . [ScanSoft] had sufficient basis for repleading . . . for a violation of . . . trade secrets that post-dated the acquisition of those trade secrets." Transcript of Scheduling Conference, April 14, 2004, (Tr.) at 5. The District Court also stated, however, assuming correctly that VST would file a new motion to dismiss if ScanSoft repled the complaint, that the District Court doubted that it would resolve the dispute on a motion to dismiss.

Less than a month after the District Court granted VST's motion to dismiss the original complaint, ScanSoft amended its complaint, repleading the dismissed claims and again including a patent infringement claim. VST's current motion to dismiss, which excludes the patent infringement claim, is in response to ScanSoft's amended complaint.

**ANALYSIS**

The purpose of a motion to dismiss is to determine whether a complaint, in accordance with Fed. R. Civ. P. 8(a)(2), contains "a short and plain statement of the claim showing that the pleader is entitled to relief." E.g., Raytheon Co., 123 F. Supp. 2d at 26. Pursuant to this standard, a plaintiff need not "set out in detail the facts upon which he bases his claims." Id. at 27 (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).

It is well established that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Castegneto v. Corporate Express, Inc., 13 F. Supp. 2d 114, 116 (D. Mass. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "'[T]he issue is not whether the plaintiff will ultimately prevail, but whether that party is entitled to offer evidence to support its claims.'" Raytheon, 123 F. Supp. 2d at 27 (quoting Day v. Fallon

Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996)). Therefore, the District Court may only dismiss ScanSoft's claims if, extending every reasonable inference in ScanSoft's favor, it finds that ScanSoft's claims are legally insufficient to state a claim. Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). With this standard in mind, the Court turns to VST's arguments in favor of dismissal, addressing separately VST's arguments as to each of ScanSoft's claims.

### Misappropriation of Trade Secrets (Count II)

VST argues that ScanSoft's amended complaint includes the same claims as the original complaint – claims that are, again, related to alleged conduct that occurred prior to ScanSoft's acquisition of L&H's speech technology assets. ScanSoft, according to VST, has failed to allege any facts that support its claims that VST engaged in misconduct after ScanSoft's acquisition of L&H's assets despite the District Court's admonition to ScanSoft that it needed to be "very specific" that it was alleging continuing misconduct. To its credit, VST undertook a careful examination of ScanSoft's original and amended complaints. The Court does not agree, however, that ScanSoft has failed to make the necessary allegations to support its claim of on-going misappropriation of trade secrets in the face of a motion to dismiss.

ScanSoft need not, at this stage, do more than include in its complaint "a short and plain statement of the claim showing that [it] is entitled to relief." E.g., Raytheon Co., 123 F. Supp. 2d at 26. This Court has found nothing to suggest that the standard for a claim of misappropriation of trade secrets requires anything different. See, e.g., Moridge Mfg., Inc. v WEC Co., No. 94-2428, 1995 WL 520030, *3 (D. Kan. 1995) (discussing notice pleading in context of motion to dismiss misappropriation of trade secrets claim and denying motion); United Parcel Service General Services Co. v. Chandler, No. 91-4336, 1992 WL 233806, *3 (D.N.J. 1992) (denying plaintiffs' motion to dismiss defendants' counterclaim for misappropriation of trade secrets where counterclaim includes "short and plain statement of the claim").

ScanSoft alleges, in ¶¶ 27-31 of its amended complaint, that the individual defendants had access to trade secrets, and that shortly after the individual defendants commenced working for VST, VST announced its ELVIS product that has "capabilities . . . identical to many of the capabilities present in the products developed by L&H" under the direction of three of the individual defendants. Additionally, ScanSoft's amended complaint includes the following allegations:

> ¶ 39   On information and believe, the defendants are continuing to use the trade secrets they acquired as a result of the [individual defendants'] work at

8

>               L&H - the very trade secrets and confidential
>               information now owned by ScanSoft.
>
> ¶ 40   ScanSoft has independent claims for trade secret
>        misappropriation against VST and the [individual
>        defendants] to the extent the defendants are
>        continuing to unlawfully disclose and use for their
>        own benefit, the trade secrets acquired by
>        ScanSoft in and after December 2001.

These allegations sufficiently state ScanSoft's general theory of recovery, and this Court can not, at this stage, determine beyond a doubt that ScanSoft cannot prove any set of facts which would entitle it to relief.  See Moridge, 1995 WL 520030 at * 3 (citing Conley v. Gibson, 355 U.S. at 45-46).  For this reason, this Court RECOMMENDS that the District Court DENY VST's motion to dismiss count II of ScanSoft's amended complaint.[2]  This recommendation, made on the basis that ScanSoft has met the pleading requirements of the federal rules, does not, of course, suggest a view one way or the other as to the likelihood of ScanSoft's success on the merits of its misappropriation of trade secrets claim.

---

[2] In recommending that the District Court deny VST's motion to dismiss ScanSoft's misappropriation of trade secrets claim, this Court is not ignoring the District Court's cautionary words to ScanSoft that in repleading its claims ScanSoft should be "clear in [its] mind" that it has a good faith basis for misappropriation post-dating the acquisition of L&H's assets.  Tr. at 7.  This Court finds that ScanSoft does have a good faith basis for its claim.  Additionally, the District Court told ScanSoft "[i]f you've got it, plead it" and, further, that it was not likely to determine the issues on a motion to dismiss.

Unfair Competition (Counts III & IV)

A review of the transcript of the hearing on the first motion to dismiss reveals that the District Court focused its discussion with the parties on ScanSoft's misappropriation claim. No mention appears to have been made of the unfair competition and Mass. Gen. Laws ch. 93A claims, for which VST has provided specific arguments in favor of dismissal in addition to its more general argument that ScanSoft does not allege any misconduct post-dating ScanSoft's acquisition of L&H's assets.

Under Massachusetts law, a plaintiff claiming unfair competition "may recover by showing '*either* "palming off" *or* that the features of the product ... [or service] acquired' a secondary meaning such that confusion as to its source is likely to arise if the defendant is allowed to copy them." Datacomm Interface v. Computerworld, 396 Mass. 760, 768-69 (1986) (quoting Pic Design Corp. v. Bearings Specialty Co., 436 F.2d 804, 807 (1st Cir. 1971) (emphasis in original). "'Palming off' or 'passing off' is an attempt to deceive the public into believing it is trading with one person when in fact it is dealing with another." Id. at 769.

ScanSoft argues that Massachusetts law does not limit unfair competition to "palming off" or the creation of consumer confusion – that unfair competition has a broader scope – but fails to provide any Massachusetts law, nor has this Court

found any, in support of that argument. "'[T]he gravamen of an unfair competition claim is the likelihood of consumer confusion as to the source of . . . goods or services.'" Am. Tel. & Tel. Co. v. IMR Capital Corp., 888 F. Supp. 221, 246 (D. Mass. 1995) (quoting Datacomm, 396 Mass. at 769-770).  ScanSoft has, quite simply, failed to allege any facts that would entitle it to relief on such a claim.  For this reason, this Court RECOMMENDS that the District Court ALLOW VST's motion to dismiss counts III and IV of ScanSoft's amended complaint.

Violation of Mass. Gen. Laws ch. 93A (Count V)

ScanSoft's final claim is that VST engaged in unfair or deceptive conduct in trade or commerce in violation of Mass. Gen. Laws ch. 93A, § 11.  Chapter 93A provides a private cause of action to

> [a]ny person who engages in the conduct of any trade or commerce and who suffers any loss of money or property, real or personal, as a result of the use or employment by another person who engages in any trade or commerce of any unfair method of competition or an unfair or deceptive act or practice . . . .

Section 11 does not, however, apply to disputes between employers and employees.  E.g., Informix, Inc. v. Rennell, 41 Mass. App. Ct. 161, 162-63 (1996) (citing Manning v. Zuckerman, 388 Mass. 8, 14 (1983).  Additionally, the

employment relationship need not be ongoing for a dispute to fall outside the scope of § 11.  Id.

VST argues, therefore, that because ScanSoft's Chapter 93A claim arises entirely from the individual defendants' employment relationship with L&H, and their alleged breach of fiduciary obligations and restrictive covenants not to disclose confidential and proprietary information, the claim falls outside Chapter 93A's scope.  While this may be true to the extent that ScanSoft's claim of unfair and deceptive acts arises from the individual defendants' breach of their employment agreements with L&H, the law is not so clear when it comes to the misappropriation of trade secrets by a former employee.  At least one Massachusetts court has held that Chapter 93A, § 11, does apply to the misappropriation of trade secrets by a former employee.  Peggy Lawton Kitchens, Inc. v. Hogan, 18 Mass. App. Ct. 937, 940 (1984).

The defendant in that case, Terence Hogan, while employed by plaintiff Peggy Lawton Kitchens ("Kitchens"), gained access to a recipe for chocolate chip cookies that Kitchens carefully guarded.  Id. at 938.  Hogan left Kitchens' employ and organized a new business, which, among other things, made chocolate chip cookies.  Id.  The trial judge found that the cookies made by Hogan used the Kitchens recipe, which the judge also found to be a trade secret.  Id. at 938-39.

The Appeals Court held, *inter alia*, that Hogan's use of Kitchens' trade secret "was made when he was no longer an employee of Kitchens," and that Chapter 93A did apply to the dispute. Id. at 141.

A later Massachusetts Appeals Court decision, and one relied upon by VST, that states, specifically, that disputes between employees and employers fall outside the scope of Chapter 93A, distinguishes Peggy Lawton Kitchens on the basis that the "objectionable conduct" in Peggy Lawton Kitchens "consisted of the theft of trade secrets." Informix, 41 Mass. App. Ct. at 164 n. 2. "To the extent that such conduct was actionable under c. 93A, it was independent of and did not arise from the former employment relationship between Hogan and Peggy Lawton Kitchens." Id. The Informix decision also specifically states that the facts of that case did not involve the theft of trade secrets or other confidential information, but, rather, a former employee's violation of a noncompete agreement. Id. at 161-62.

The alleged actions of VST are more akin to the actions of the Peggy Lawton Kitchens defendant than to the actions of the Informix defendant. ScanSoft's claim of unfair or deceptive conduct thus does not fall outside of the scope of Chapter 93A. The next step, then, is to determine whether ScanSoft has alleged facts in support of its Chapter 93A claim sufficient to withstand VST's

13

motion to dismiss that claim. "The standards for finding misappropriation of a trade secret provide the criteria for finding an unfair or deceptive act" under Chapter 93A. Prescott v. Morton International, Inc., 769 F. Supp. 404, 407 (D. Mass. 1990). Therefore, because, as explained above, ScanSoft's misappropriation of trade secrets claim can withstand VST's motion to dismiss, so too can its claim pursuant to Chapter 93A. This Court thus RECOMMENDS that the District Court DENY VST's motion to dismiss count V of ScanSoft's complaint.

**CONCLUSION**

For the foregoing reasons, this Court RECOMMENDS that the District Court DENY VST's motion to dismiss counts II and V and ALLOW VST's motion to dismiss counts III and IV.

SO ORDERED.


12/28/04                                          /S/ Joyce London Alexander
Date                                              United States Magistrate Judge