UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**ORDER ON
DEFENDANTS' MOTION FOR RULE 11 SANCTIONS
(Docket # 30)**

ALEXANDER, M.J.

The plaintiff in this case, ScanSoft, Inc., has brought claims of patent infringement, misappropriation of trade secrets, unfair competition, and unfair or deceptive conduct in violation of Mass. Gen. Laws ch. 93A against defendant Voice Signal Technologies ("VST"). VST filed a motion to dismiss the misappropriation of trade secrets, unfair competition and 93A claims in March 2004 (the "first motion to dismiss").[1] The District Court (Saris, J.) allowed VST's

---

[1] VST did not move to dismiss the patent infringement claim.

motion, without prejudice, and ScanSoft thereafter filed an amended complaint. VST again moved to dismiss, and also filed a related motion for Rule 11 sanctions. Both of those motions are now before this Court.[2]  In a separate Report and Recommendation on the motion to dismiss, issued today (the "Report and Recommendation"), this Court recommended to the District Court that it deny in part and allow in part VST's motion.  On the basis of the Report and Recommendation, and for the reasons set forth more fully below, this Court DENIES VST's motion for sanctions.

    The factual and procedural background of this case are fully set out in the Report and Recommendation and the Court will not reiterate them here.  VST's motion for sanctions is based on the District Court's admonition to ScanSoft at the hearing on the first motion to dismiss that if ScanSoft repled its complaint, ScanSoft should "think about whether or not, under Rule 11, and based on the information you have, you have a sufficient basis for repleading . . . a violation of your trade secrets . . . ." Transcript of Scheduling Conference, April 14, 2004, at 5.  VST asseverates, in its motion for sanctions, that ScanSoft's amended complaint alleges the same facts and advances the same legal theories as the

---

    [2]VST's motion for sanctions is dated May 27, 2004, but, according to the docket, was filed on June 22, 2004.

original complaint, that its claims are not warranted by existing law, and that its attempts to replead its unfair competition and 93A claims are "objectively frivolous." VST argues, in short, that ScanSoft did not heed the District Court's warning.

Given that the Report & Recommendation recommends that the District Court deny part of VST's motion to dismiss, this Court need not engage in a lengthy discourse regarding Rule 11 sanctions. ScanSoft repled its complaint with the District Court's suggestions in mind, and, at least for purposes of surviving a motion to dismiss, alleged sufficient facts in support of its misappropriation of trade secrets and Chapter 93A claims. In repleading its complaint, ScanSoft did not violate any of the provisions of Fed. R. Civ. P. 11(b). Had this Court recommended that the District Court allow VST's motion to dismiss in full, the result might have been different. The Court DENIES VST's motion for Rule 11 sanctions.

SO ORDERED.

| | |
|---|---|
| 12/28/04 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |