UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**ORDER ON**

**VOICE SIGNAL TECHNOLOGIES, INC.'S
EMERGENCY MOTION FOR A PROTECTIVE ORDER
LIMITING THE SUBJECT MATTER OF SCANSOFT'S
30(B)(6) DEPOSITION AND PRECLUDING THE
DEPOSITIONS OF INDIVIDUAL DEFENDANTS
(Docket # 65)**

ALEXANDER, M.J.

This case is before this Court for rulings on various discovery-related motions. This particular Order addresses an emergency motion for a protective order filed by defendant Voice Signal Technologies, Inc. ("VST"). Specifically, VST seeks a protective order to limit the scope of plaintiff ScanSoft's 30(b)(6) deposition of VST and to prohibit ScanSoft's depositions of the individual

defendants pending disposition of other motions pending before this Court. For the reasons discussed more fully below, the Court ALLOWS IN PART and DENIES IN PART VST's motion.

**Analysis**

    I.    ScanSoft's Depositions of the Individual Defendants

ScanSoft's suit against VST includes claims of patent infringement, misappropriation of trade secrets, unfair competition, and unfair or deceptive conduct in violation of Mass. Gen. Laws ch. 93A. Only the misappropriation of trade secrets and unfair competition claims apply to the individual defendants. VST filed a motion to dismiss those as well as the 93A claim (collectively, the "state law claims"), and now asserts that the Court should postpone the depositions of the individual defendants pending disposition of that motion.

This Court has broad discretion to manage the scope of discovery. See, e.g. Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt Assistant Auth., 201 F.R.D. 1, 2 (D. D.C. 2001). Furthermore, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Id. The motion to dismiss could dispose of the entire case against the individual defendants. The Court therefore ALLOWS

VST's motion to postpone the depositions of the individual defendants pending disposition of the motion to dismiss.[1,2]

II.     ScanSoft's Deposition of VST

VST also seeks to postpone the deposition of VST as to matters related to ScanSoft's state law claims, again subject to VST's motion to dismiss, as well as discovery of subject matter currently at issue in two motions to compel pending before this Court.  Although the Court has discretion to stay discovery pending determination of a dispositive motion, such a stay "is rarely appropriate when the pending motion will not dispose of the entire case."  Id. at 3.  VST's motion to dismiss does not include ScanSoft's patent infringement claim and can not, therefore, dispose of the entire case against VST.

As VST notes, however, the Court has previously indicated to the parties that while the motion to dismiss is pending, the Court would consider only those

---

[1] The motion to dismiss was also before this Court, pursuant to an Order of Reference from the District Court, and a Report and Recommendation was issued on December 28, 2004.  The time for filing objections to the Report and Recommendation has not yet expired, and the District Court has therefore neither accepted nor rejected the Report and Recommendation.

[2] VST notes in footnote 3 of its motion that it will make the individual defendants available if ScanSoft wishes to depose the individual defendants on issues relevant to the patent claim.  The Court's order allowing VST's motion to postpone the individual defendants' depositions pending disposition of the motion to dismiss extends only to ScanSoft's desire to depose the individual defendants on matters related to the claims pending against them.  In other words, VST must still do as it has offered if ScanSoft in fact wishes to depose the individual defendants on issues relevant to the patent claim.

portions of the motions to compel that relate to the patent infringement claims. Additionally, the Court agrees with VST that, in this case, discovery into issues subject to `the pending motions to compel should be postponed until disposition of those motions. For these reasons, the Court ALLOWS VST's motion for a protective order to postpone deposition discovery of VST of matters subject to either the motion to dismiss or the motions to compel.

Finally, VST seeks a protective order prohibiting ScanSoft from deposing VST on the topics of damages information unrelated to a claim for reasonable royalties and claim construction contentions. The Court will not issue an order prohibiting ScanSoft from deposing VST on these topics without first allowing ScanSoft an opportunity to respond, and, to that extent, the Court DENIES VST's motion for a protective order on these topics. Because, however, VST's deposition is currently scheduled for tomorrow, January 6, 2005, and ScanSoft has not yet had the full opportunity to respond to which it is entitled, the Court ORDERS a postponement of the deposition of VST on these topics.[3]

---

[3] To the extent that subject matter about which ScanSoft seeks to depose VST is not in dispute, VST's deposition should take place as scheduled unless the parties agree otherwise.

**Conclusion**

The Court therefore ALLOWS IN PART and DENIES IN PART VST's motion for a protective order.

SO ORDERED.

| | |
|---|---|
| 1/05/05 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |