UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**SCANSOFT'S OPPOSITION TO VOICE SIGNAL TECHNOLOGIES, INC.'S EMERGENCY MOTION FOR A PROTECTIVE ORDER LIMITING THE SUBJECT MATTER OF SCANSOFT'S 30(b)(6) DEPOSITION AND PRECLUDING THE DEPOSITIONS OF INDIVIDUAL DEFENDANTS**

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby opposes Voice Signal Technologies, Inc.'s ("VST") Emergency Motion for a Protective Order Limiting the Subject Matter of ScanSoft's 30(b)(6) Deposition and Precluding the Depositions of Individual Defendants. On January 5, 2005, this Court issued an Order (D.N. 72) allowing in part and denying in part VST's motion. The Court ruled that it would not issue a protective order prohibiting ScanSoft from deposing VST on certain topics of damages information and claim construction contentions without first allowing ScanSoft an opportunity to respond. ScanSoft responds as follows, respectfully requesting that VST's motion be denied to the extent not already allowed.

**Background**

Facing an impending January 15, 2005, deadline for fact discovery, ScanSoft prudently acted to preserve its rights by noticing the depositions of the individual defendants and a 30(b)(6)

representative of VST for early January. However, on December 30, 2004, the parties agreed, subject to the Court's approval, to extend that deadline and to narrow it to include only fact discovery not in dispute. As a result, on that same day, ScanSoft and VST also agreed to reschedule the dates of the individual defendants to a date as yet to be determined and to postpone the 30(b)(6) deposition to some time in February, also limiting its scope to topics of discovery not then in dispute.[1] The only issue unresolved with regard to VST's motion for a protective order is whether ScanSoft is entitled to inquire as to damages information and claim construction contentions.

## Argument

### I. THE DAMAGES CATEGORIES TO WHICH VST OBJECTS ARE DIRECLTY RELEVANT TO A DETERMINATION OF A REASONABLE ROYALTY.

VST seeks protection from several damages-related topics specified in the Rule 30(b)(6) deposition notice (nos. 13-15, 44 and 46), but these categories of discovery are directly relevant to the determination of a reasonable royalty rate in connection with ScanSoft's patent infringement claim and VST's patent infringement counterclaim. A reasonable royalty is the amount that a person, desiring to manufacture, use or sell a patented article, as a business proposition, would be willing to pay as a royalty and yet be able to make a reasonable profit. *See Trans-World Mfg. Corp. v. Al Nyman & Sons*, 750 F.2d 1552, 1568 (Fed. Cir. 1984). In determining a reasonable royalty rate, it is well-settled that the factors to consider include "[t]he established profitability of the product made under the patent; its commercial success; and its

---

[1] The Report and Recommendation of Magistrate Judge Alexander (D.N. 69), entered December 28, 2004, denied VST's motion to dismiss ScanSoft's claims for misappropriation of trade secrets and violation of Mass. Gen. Laws ch. 93A. So long as the Report and Recommendation is adopted, VST will have no basis to continue to resist ScanSoft's efforts to conduct appropriate discovery related to those pending claims, including depositions of the individual named defendants and a full and complete 30(b)(6) deposition on all topics noticed.

2

current popularity" and "[t]he portion of the realizable profit that should be credited to the invention[.]" *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified*, 446 F.2d 295 (2d Cir.1971), *cert. denied*, 404 U.S. 870 (1971). Each of the damages-related Rule 30(b)(6) topics to which VST objects is probative of the appropriate reasonable royalty rate.

Topic nos. 13-15 request testimony concerning revenue generating transactions relating to VSuite, including, *inter alia*, VST's sales, profitability, pricing and marketing of the accused VSuite product. Each of these topics is directly relevant in determining the profitability of the accused infringing product, its commercial success and its current popularity. Parts of these topics are also probative of the portion of the profit that should be credited to the invention of the '966 patent. Topic nos. 44 and 46 request similar testimony with respect to each product VST contends is covered by the claims of the '630 counterclaim patent.

These topics are relevant to the determination of a reasonable royalty rate, both on ScanSoft's claim for patent infringement and VST's counterclaim. A Protective Order is already in place to protect information which the parties deem to be confidential or highly confidential. The sensitivity of the damages information sought does not provide VST with a basis to resist this discovery.

## II. SCANSOFT SHOULD BE PERMITTED TO DEPOSE VST ON THE FACTUAL BASES FOR ITS CLAIM CONSTRUCTION POSITIONS.

Topic nos. 3 and 4 of the Rule 30(b)(6) notice seek testimony concerning the '966 patent, VST's understanding of the technology described in that patent, the meaning of the terms of that patent, and VST's claim that the patent is not infringed by VSuite. Topic no. 31 seeks similar information with respect to the '630 patent asserted in VST's counterclaim. ScanSoft should be

3

permitted to depose a 30(b)(6) representative of VST on the factual bases for each of these categories and can do so without inquiry into VST's legal positions on these matters.

### III. MANY OF THE CATEGORIES OF DISCOVERY FROM WHICH VST NOW SEEKS PROTECTION ARE CLEARLY RELEVANT AND NOT IN DISPUTE.

Finally, in its continued attempt to stonewall, VST has used an unreasonably broad brush in characterizing a number of categories of the Rule 30(b)(6) notice as irrelevant to ScanSoft's patent claim and "in dispute." Of the nine categories of discovery VST asserts are irrelevant and disputed, only three (nos. 2, 6, and 12) are actually the subject of prior VST objections and ScanSoft's pending motion to compel. Contrary to VST's representations in its motion for a protective order, topic nos. 1, 5, 7, 8, 10, and 11 of the Rule 30(b)(6) notice are both relevant to ScanSoft's patent infringement claim and undisputed, either in part or in whole. In accord with the Court's Order, ScanSoft should be allowed to proceed immediately with the Rule 30(b)(6) deposition on these topics.

Topic no. 1 requests testimony on the structure and operation of the allegedly infringing product, VST's VSuite software, including the performance and capabilities of VSuite.[2] There can be no question that discovery seeking information on the performance and capabilities of the accused infringing product is relevant to ScanSoft's claim for patent infringement. VST has not objected to this category of discovery, and, in fact, has argued repeatedly (albeit incorrectly) that it is excused from providing the VSuite source code <u>because</u> it has agreed to respond to discovery on the performance and capabilities of the VSuite product.

---

[2] To the extent topic no. 1 requests testimony on the algorithms and source code of VSuite, ScanSoft agrees that this category of discovery is in dispute.

4

Topic no. 5 seeks the factual basis for VST's assertion that the '966 patent is invalid or unenforceable. To the extent this topic goes to VST's defense that the '966 patent is invalid or unenforceable, the relevance of this topic to ScanSoft's patent claim is apparent.

Topic no. 7 requests testimony on speech recognition technology as it applies to VSuite, including the state of the art, level of skill in the art, and prior art devices and methods at or around April, 1992, the priority date of the '966 patent. Topic no. 8 involves the question of whether the methods and devices to which the '966 patent is directed meet a long-felt need. Both of these topics are standard areas for discovery, clearly relevant to the obviousness inquiry.

Topic no. 10 seeks testimony on the factual basis for VST's allegation that the '966 patent is unenforceable due to, *inter alia*, inequitable conduct. To the extent this topic goes to VST's defense that the '966 patent is unenforceable, the relevance of this topic to ScanSoft's patent claim is, again, apparent.

Lastly, topic no. 11 covers VST's knowledge, study, review, examination, and/or consideration of the '966 patent.[3] In addition to providing necessary background information regarding the allegedly infringing activities, this routine area of discovery is directly relevant to the question of whether VST's alleged infringement was willful.

Discovery covering each of these categories is standard practice for a patent infringement suit. None of these categories of discovery is the subject of a prior VST objection or a pending motion to compel. As such, to the extent the Court has allowed VST's motion for a protective order to postpone deposition discovery of VST of matters subject to either the motion to dismiss

---

[3] To the extent topic no. 11 requests testimony on VST's prior art searches, ScanSoft agrees that this category of discovery is in dispute.

5

or the motions to compel, ScanSoft understands it is not precluded from going forward with the undisputed portions of topic nos. 1, 5, 7, 8, 10, and 11.

## **Conclusion**

For the foregoing reasons, to the extent not already allowed, ScanSoft respectfully requests that this Court deny VST's Emergency Motion for a Protective Order Limiting the Subject Matter of ScanSoft's 30(b)(6) Deposition.

Dated: January 6, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 355297.1