UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) **C.A. No. 04-10353-PBS**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF
MAGISTRATE JUDGE ON DEFENDANTS' MOTION TO DISMISS**

Defendants Voice Signal Technologies, Inc. ("VST") and Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron and Manfred G. Grabherr (the "Individual Defendants") submit this Objection to the portions of Magistrate Judge Alexander's Report and Recommendation, dated December 30, 2004, that recommend that the Defendants' Motion to Dismiss Count II (misappropriation of trade secrets) and Count V (Chapter 93A) of the Amended Complaint be denied. The Magistrate Judge incorrectly determined that the Amended Complaint sets forth new factual allegations sufficient to state a claim for which relief may be granted, and erroneously determined that G.L. c. 93A applies to disputes arising out of an employment relationship.[1]

---

[1] The Report recommends that Counts III and IV of the Amended Complaint be dismissed. For the reasons stated in VST's prior memoranda, and in the Report, these counts simply fail to allege conduct that constitutes unfair competition under Massachusetts law. The recommendation that these counts be dismissed should be adopted.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and Rule 3(c) of the Local Rules for the United States Magistrate Judges, Defendants make the following objections to the Magistrate Judge's Report:

1. The Magistrate Judge erred in recommending that the Defendants' Motion to Dismiss be denied with respect to ScanSoft's trade secrets misappropriation claim (Amended Complaint, Count II) because (a) ScanSoft's unsupported conclusory allegations are, in the circumstances of this case, insufficient to state a claim; and (b) contrary to the Court's express instruction, ScanSoft has failed to allege any new fact to support its allegation that the Defendants misappropriated any trade secret at a time when ScanSoft owned that trade secret.

2. The Magistrate Judge erred in recommending that the Defendants' Motion to Dismiss be denied with respect to ScanSoft's G.L. c. 93A claim (Amended Complaint, Count V) because claims arising from an employment relationship cannot give rise to c. 93A liability.

**ARGUMENT**

**I.     COUNT II MUST BE DISMISSED BECAUSE SCANSOFT HAS NOT ALLEGED ANY FACT TO SUPPORT ITS CLAIM OF "ONGOING" TRADE SECRET MISAPPROPRIATION.**

The original and amended Complaints in this action allege that the Individual Defendants were once employed by Lernout & Hauspie N.V. ("L&H"), that they left L&H and joined VST in or prior to February 2001, that they divulged unidentified L&H trade secrets to VST in violation of their obligations to L&H, and that VST has used those unidentified trade secrets. It is undisputed that L&H instituted a Massachusetts state court action against all Defendants (other than Defendant Grabherr) alleging a misappropriation of its (equally unidentified) trade secrets,

that L&H's trade secret misappropriation claim was not transferred to ScanSoft, and that L&H's state court action was later dismissed with prejudice.

The original Complaint in this case alleged that ScanSoft is now the owner of certain L&H intellectual property assets. It then repeated the allegations made by L&H in its state court case. On April 14, 2004, this Court dismissed ScanSoft's trade secret misappropriation claim on the ground that the factual allegations and legal theories asserted by ScanSoft were identical to those alleged by L&H in its prior state court action. This Court warned that if ScanSoft were to file an Amended Complaint, the Court would require "very specific" and "really clear" allegations that a trade secret was misappropriated at a time when ScanSoft owned that trade secret.[2] A month later, ScanSoft filed an Amended Complaint. Notwithstanding the Court's admonition, the Amended Complaint contains precisely the same factual allegations as appear in the original Complaint,[3] to which ScanSoft added only a conclusory, and entirely unsupported, assertion that, "on information and belief," defendants "continue to use and disclose" the trade secrets that allegedly were misappropriated in early 2001. Am. Compl. ¶ 49.

The Amended Complaint fails as a matter of law. A Complaint must allege <u>facts</u> that sufficiently support "each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). "Bald assertions" and "unsupported conclusions" do not qualify as "well-pleaded" facts, and are of "no assistance to a plaintiff in defeating a motion to dismiss." *Varney v. R. J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 67 (D. Mass. 2000) (dismissing complaint as "failing to pass muster even under this indulgent [notice pleading] standard"). One "material element necessary to sustain recovery" is that ScanSoft is

---

[2] *See* Declaration of Paul E. Bonanno ("Bonanno Decl."), filed on June 14, 2004, Ex. 1 at 4, 7.

[3] *See* Bonanno Decl., Ex. 2.

asserting a claim that it owns, not a claim that L&H owned (and did not transfer to Scansoft). No fact is alleged that supports that element of ScanSoft's case.

The Magistrate Judge found that ScanSoft's conclusory assertions were legally sufficient to state a claim because they disclose a "general theory of recovery." Report at 8. The Report does not address the Court's statement that "clear" and "specific" factual allegations should be made. Instead, it cites paragraphs 39 and 40 of the Amended Complaint and states they are sufficient to defeat the Motion to Dismiss.

The original Complaint alleged (as L&H had alleged in the dismissed state court case) that Defendants "used and disclosed" trade secrets that the Individual Defendants learned at L&H. Compl. ¶ 70. This Court held that allegation to be inadequate to establish that ScanSoft owns the claim that it is asserting. Paragraph 39 of the Amended Complaint substitutes for old paragraph 70. It states, "**on information and belief,**" the defendants are "continuing to use" (unidentified) "trade secrets" which they learned at L&H. Factual support for this bald conclusion is not alleged. The basis for ScanSoft's "belief" is not stated.

Paragraph 40, cited in the Report, adds nothing. It states a further unsupported conclusion. It asserts that "**to the extent** the defendants are continuing to" use and disclose trade secrets, ScanSoft has "claims for trade secret misappropriation." That is a hypothesis, not an allegation of fact. As a matter of law, it is insufficient to state a claim.[4]

---

[4] The Magistrate Judge also quoted (Report at 8) from paragraph 31 of the Amended Complaint, apparently as factual support for ScanSoft's new claim of continuing trade secret misappropriation. That paragraph, which was copied from L&H's state court Complaint into the original Complaint (¶ 59) in this case and then into the Amended Complaint, references a **September 6, 2001** VST press release in which VST announced the introduction of a product that is alleged to have "[c]apabilities . . . identical to many of the capabilities in products developed by L&H under the direction of Gillick, Roth and Yamron." This precise allegation was held insufficient by this Court when it dismissed ScanSoft's first Complaint. It simply does not support a claim of misappropriation of a trade secret at a time when that trade secret was owned by ScanSoft and it does not distinguish ScanSoft's present claim from L&H's now-dismissed claim. *See* L&H Complaint ¶ 57 ("[c]abilities . . . identical to many of the capabilities present in [products] developed in the organization lead by Gillick, Roth and Yamron") and Complaint ¶ 59

4

In *Gooley v. Mobil Oil Corp.*, 851 F.2d 513 (1st Cir. 1988), the Court noted that the "minimal requirements" for notice pleading "are not tantamount to non-existent requirements. The threshold may be low, but it is real -- and it is the plaintiff's burden to take the step which brings his case safely to the next stage of litigation." *Id.* at 514. The Court held that, although the Complaint set forth plaintiff's theory of recovery, it relied on "naked conclusion," "unanchored in any meaningful set of factual averments." The Court stated that "modern notions of 'notice pleading' notwithstanding, a plaintiff . . . is . . . required to set forth factual allegations . . . respecting each material element necessary to sustain recovery under some actionable legal theory." *Id.* at 515; *see also Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996); *Varney v. R. J. Reynolds Tobacco Co.*, 118 F. Supp. 2d 63, 67 (D. Mass. 2000).

The Magistrate Judge grounded her recommendation on two unpublished opinions rendered in other jurisdictions. Neither arises in the unusual factual and procedural context presented in this case, and neither assists in the analysis of the question presented in this case. In *United Parcel Service General Services Co. v. Chandler*, 1992 WL 233806, *3 (D.N.J. 1992), the court denied a motion to dismiss because it found that "[counterclaim] defendants *have* alleged the *factual requirements* for the cause of action." (emphasis added). The opinion does not describe those allegations in sufficient detail to determine whether they are comparable to the allegations in the Amended Complaint. And, the case does not involve the issue presented here. The question presented in this case is whether ScanSoft has sufficiently alleged a claim *that it owns*. Similarly, in *Moridge Mfg., Inc. v. WEC Co.*, 1995 WL 520030, *3 (D. Kan. 1995), the court found that the plaintiff had pleaded a sufficient factual basis to support its claim,

---

("[c]abilities . . . identical to many of the capabilities present in products developed by L&H under the direction of Gillick, Roth and Yamron").

5

notwithstanding that the complaint contained "more conclusory allegations than well-pleaded facts." The well-pled facts are not described. The plaintiff did not purchase the trade secret after it was allegedly misappropriated.

The absence of a "meaningful set of *factual averments*" (*Gooley*, 851 F.3d at 515) is particularly striking in the circumstances of this case. This action was commenced on February 20, 2004. Discovery with respect to ScanSoft's patent claim is ongoing and is to be completed by the end of February, 2005. ScanSoft's failure to identify a particular trade secret that it alleges (a) is owned by ScanSoft, and (b) was misappropriated while it was owned by ScanSoft, has been a point of contention since the outset of this case. ScanSoft's continuing failure -- even after amending its complaint -- to advance anything other than the most general conclusion (and based only on "information and belief") is powerful evidence that its objective is to survive a motion to dismiss so that it may conduct yet further and more intrusive and burdensome discovery of a commercial rival in the hope that it will find a claim. Any such effort is a misuse of the litigation process. *See Microwave Research Corp. v. Sanders Assocs. Inc*., 110 F.R.D. 669, 672 (D. Mass. 1986) (refusing to permit discovery into defendant's trade secrets absent showing of factual basis for misappropriation claim); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes is viable without discovery, not to find out if it has any basis for a claim.").

The circumstances of this case are unusual. The unidentified "trade secrets" are said to have been created by L&H, not ScanSoft. L&H sued for misappropriation of its trade secrets. It did not transfer its claim to Scansoft. The original Complaint was held inadequate precisely because it was a simple repetition of L&H's state court Complaint. The Amended Complaint

6

does not allege a single new fact that, if proven, would establish that Scansoft has a viable, *independent* claim or that ScanSoft is asserting a claim that is not barred by *res judicata*. Therefore, Count II should be dismissed.

## II. SCANSOFT'S 93A CLAIM MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AS A MATTER OF LAW.

### A. Chapter 93A Does Not Apply To Employment Relationships.

The Report states, erroneously, that G.L. c. 93A may apply to allegations of misappropriation of trade secrets which arise out of an employment relationship. Report at 12. Chapter 93A does not apply to disputes arising from (1) an employment relationship; (2) an employee's (alleged) post-termination disclosure of trade secrets learned as an employee; or (3) the alleged inducement by a subsequent employer of a breach of an obligation arising out of an employee's former employment, including the employee's confidentiality obligations. *Manning v. Zuckerman*, 388 Mass. 8, 13-14 (1983); *Informix, Inc. v. Rennell*, 41 Mass. App. Ct. 161, 162-63 (1996); *Intertek Testing Servs. NA, Inc. v. Curtis-Strauss LLC*, 2000 WL 1473126, *11 (Mass. Super. Ct. 2000); *Harvard Translation, Inc. v. Heuberger*, 1999 WL 967569, *2 (Mass. Super. Ct. 1999).

ScanSoft alleges that the Individual Defendants were employees of L&H who, in breach of their employment-based obligations of confidentiality to L&H, disclosed to VST the unidentified L&H trade secrets. VST is accused of inducing a breach of that employment-based obligation of confidentiality (in 2001 before ScanSoft owned any L&H assets). Am. Compl. ¶ 59.[5] These allegations, if assumed to be true, fail as a matter of law to state a claim upon which relief may be granted. *See, e.g.*, *Thermo Web Systems, Inc. v. Beebe*, 2001 WL 311295, *3 (D.

---

[5] Paragraph 59 asserts "VST's knowing and willful conduct of inducing Gillick, Roth, Yamron and Grabherr to breach their fiduciary obligations [to L&H] and restrictive covenants [contained in their L&H employment agreements] not to disclose confidential and proprietary information constitutes a knowing and willful use of an unfair method of competition and unfair or deceptive act or practice . . ." in violation of Chapter 93A.

7

Mass. 2001) (holding Chapter 93A does not apply to remedy misappropriation of trade secrets by a former employee or the company that he founded because "as a matter of law . . . Massachusetts courts have held that employment agreements and disputes arising therefrom . . . do not constitute either 'trade' or 'commerce'"); *Informix, Inc. v. Rennell*, 41 Mass. App. Ct. 161, 162-63 (1996) (holding Chapter 93A does not apply to former employee's post-employment breach of employment obligations); *Oceanair, Inc. v. Katzman,* 14 Mass. L. Rptr. 414, 420 (Mass. Super. Ct. 2000) (holding Chapter 93A does not apply to claim that third party induced breach of employment contract); *Intertek Testing Servs. NA, Inc. v. Curtis-Strauss LLC,* 2000 WL 1473126, *11 (Mass. Super. Ct. 2000) (holding that where the actual willful breach of an employment agreement by an employee is not actionable under Chapter 93A because the claim arose from the employment relationship, "the conduct of a third party to induce such a breach must also not be actionable because this claim, too, arose from the employment relationship").

The Report places emphasis on *Peggy Lawton Kitchens, Inc. v. Hogan*, 18 Mass. App. Ct. 931 (1984). However, it improperly analyzes that case. In *Peggy Lawton*, a former maintenance worker gained access to the Peggy Lawton facility on a false pretext and stole -- literally -- a secret cookie recipe from the company vault or an executive's locked desk. *Peggy Lawton*, 18 Mass. App. Ct. at 938. The alleged wrong was separate from the defendant's prior employment relationship. When the defendant was employed by Peggy Lawton, he was excluded from access to the relevant trade secrets. *Id.* The alleged "misappropriation" was the result of a post-employment burglary.

In its later decision in *Informix, Inc. v. Rennell*, 41 Mass. App. Ct. 161 (1996), the Appeals Court held that an employee's post-employment breach of obligations arising out of his prior employment relationship was not actionable under Chapter 93A. It distinguished *Peggy*

8

*Lawton* precisely because, in *Peggy Lawton*, the former employee's wrongful conduct "was independent of and did not arise from the former employment relationship between [the former employee] and Peggy Lawton." *Id.* at 163 n.2.

*Harvard Translation, Inc. v. Heuberger*, 1999 WL 967569 (Mass. Super. Ct. 1999), is instructive. There, an employer sued its former employee alleging that (1) the former employee had access to the former employer's trade secrets in the course of his former employment; (2) that the former employee voluntarily left his job; and (3) thereafter formed a competing company which "used and disclosed" trade secrets learned by the former employee during his former employment. The court held that the alleged conduct, if proven, would not violate Chapter 93A. It said that *Peggy Lawton* was inapplicable because "that dispute did not arise out of the employment relationship because the defendant was no longer employed by the company when he began to misappropriate the information." *Id.* at *2. The court rejected the former employer's argument that Chapter 93A applied because its claim was not merely based upon a violation of Heuberger's employment-based obligations "but [was] also based on common law and statutory prohibitions against the theft of trade secrets." *Id.* The court held that "[i]nvocation of common law and statutory prohibitions against the theft of trade secrets does not affect the controlling principle: disputes which grow out of the employment relationship, particularly contract disputes, 'are principally private in nature and do not occur in the ordinary conduct of any trade or business as contemplated by the statute.'" *Id.,* quoting *Manning v. Zuckerman*, 338 Mass. 8, 14 (1983).

The same analysis has since been applied to claims that a successor employer induced a breach of an obligation arising from an employee's former employment. In *Intertek Testing Serv. NA, Inc. v. Curtiss-Strauss LLC*, 2000 WL 1473126, *11 (Mass. Super. Ct. 2000), a former

9

employer (Intertek) sued four former employees and their new employer (Curtiss-Straus) for breaches of the former employees' non-disclosure and non-compete obligations. Curtiss-Strauss was alleged to have violated Chapter 93A by inducing the former employees to breach their employment obligations and fiduciary duties owed to Intertek. The court dismissed the claim, stating "since employment agreements between an employee and his employer do not constitute either 'trade' or 'commerce,' . . . and the breach of employment agreements is also neither 'trade' nor 'commerce,' then inducing the breach of employment agreements must also not constitute 'trade' or 'commerce.'" 2000 WL 1473126, *11 (Mass. Super. Ct. 2000)(Gants, J.); *see also*, *Oceanair, Inc. v. Katzman*, 2002 WL 532475 (Mass. Super.) (Van Gestel, J.) (93A does not apply to allegation that employer induced breach of employment agreements).

In the case at bar, ScanSoft alleges that the Individual Defendants were entrusted with L&H trade secrets in the course of their employment by L&H. Am. Compl. ¶¶ 25-29. Each Individual Defendant signed an employment agreement obligating him not to disclose L&H confidential or proprietary information. Am. Compl. ¶¶ 21, 26, 28, 48. The supposed 93A violation is VST's "knowing and willful conduct of inducing [the Individual Defendants] to breach their fiduciary duties and *restrictive covenants* not to disclose confidential and proprietary information . . . ." Am. Compl. ¶ 59. The claim alleged by ScanSoft "arises out of" the employment relationship between the Individual Defendants and L&H. As a matter of law, G.L. c. 93A does not apply.

**CONCLUSION**

For the foregoing reasons, Count II and Count V of the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**REQUEST FOR ORAL ARGUMENT**

VST respectfully requests oral argument on the objections presented herein.

> Respectfully submitted,
>
> LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.
>
> By their attorneys,
>
> /s/ Paul D. Popeo
> Robert S. Frank, Jr. (BBO No. 177240)
> Sarah Chapin Columbia (BBO No. 550155)
> Paul D. Popeo (BBO No. 567727)
> Paul E. Bonanno (BBO No. 646838)
> Wendy S. Plotkin (BBO No. 647716)
> CHOATE, HALL & STEWART
> Exchange Place
> 53 State Street
> Boston, MA  02109
> (617) 248-5000

Dated:  January 13, 2005
3785859v1