UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

ORDER ON

SCANSOFT, INC.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND
RESPONSES TO INTERROGATORIES
(Docket # 36)

and

VOICE SIGNAL TECHNOLOGIES, INC.'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS
(Docket # 49)

ALEXANDER, M.J.

This case is before this Court for rulings on a number of discovery-related motions. This Order addresses two of those motions: a motion to compel responses to written discovery filed by plaintiff ScanSoft, Inc., and a motion to

compel responses to written discovery filed by defendant Voice Signal Technologies, Inc. ("VST"). The parties appeared before the Court on three separate occasions regarding their respective motions. Along the way, the parties were able to resolve some, but not all, of the issues in dispute. For the reasons set forth more fully below, the Court ALLOWS IN PART and DENIES IN PART ScanSoft's motion to compel and ALLOWS IN PART and DENIES IN PART VST's motion to compel.[1]

Prior to the parties' third appearance, which took place on December 8, 2004 (the "December hearing"), and at the behest of the Court, the parties filed a Joint Memorandum Regarding the Parties' Outstanding Discovery Motions (the

---

[1] ScanSoft's suit against VST includes claims of patent infringement, misappropriation of trade secrets, unfair competition, and unfair or deceptive conduct in violation of Mass. Gen. Laws ch. 93A. In addition to filing a counterclaim of patent infringement, VST filed a motion to dismiss all but ScanSoft's patent infringement claim. The Court indicated to the parties that while the motion to dismiss was pending, the Court would consider only those portions of the parties' respective motions to compel that relate to the patent infringement claims. The motion to dismiss was also before this Court, pursuant to an Order of Reference from the District Court, and a Report and Recommendation was issued on December 28, 2004. The time for filing objections to the Report and Recommendation has not yet expired, and the District Court has therefore neither accepted nor rejected the Report and Recommendation.

Because this Order addresses the motions to compel only to the extent that those motions involve issues related to the patent infringement claims, certain issues in the motions may yet be unresolved. If, following disposition of the motion to dismiss, issues raised in either motion to compel remain outstanding, and if the parties are unable to resolve those issues on their own, the parties should file supplemental motions to compel addressing the outstanding issues.

"Joint Memorandum") detailing the outstanding discovery issues. The Joint Memorandum identified five issues or categories of documents still in dispute, and the Court addresses each of those issues in turn.[2]

**Analysis**

ScanSoft and VST are competitors in the speech recognition technology market. More specifically, both companies have developed voice recognition software for use in mobile telephones. Claim 1 of ScanSoft's patent, for example, states that the patent claims "[a] speech recognition method for a mobile telecommunication system which includes a voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user . . ."

    I.    ScanSoft's Request for VST's source code

As part of its discovery requests to VST, ScanSoft seeks the source code of VST's allegedly infringing products. VST, however, has refused to produce the source code on the basis that the source code "is completely irrelevant to ScanSoft's infringement claim." Joint Memorandum at 4. Pursuant to Fed. R. Civ. P. 26(b)(1), parties may only obtain discovery "that is relevant to the claim or

---

[2] Both the Joint Memorandum and the informal tutorials presented by the parties during the December hearing were of great assistance to the Court.

3

defense of any party . . . ." ScanSoft asserts that "the source code of VST's VSuite product is the infringing software product itself" and that the source code is, therefore, quite relevant. Joint Memorandum at 2. VST, on the other hand, asseverates that ScanSoft can evaluate the alleged infringement using the flow chart diagrams and other documents that VST has already produced as well as by studying VST's accused product.

Under VST's theory, how the device operates is not relevant because ScanSoft's patent "neither claims nor describes the software used." Id. at 4. In other words, VST need not produce the source code, according to VST, because ScanSoft's patent makes no claims as to how the speech recognition process works. Instead, the claims relate to what happens when a mobile telephone equipped with ScanSoft's speech recognition technology receives a voice command. As ScanSoft points out, however, a patent infringement determination is not based on how an average user perceives a product works, but how the product actually operates. See Hilgraeve Corp. v. McAfee Assoc., 70 F. Supp. 2d 738, 756 (E.D. Mich. 1999), rev'd on other grounds, 224 F.3d 1349 (Fed. Cir. 2000). ScanSoft also asserts, and the Court agrees, that VST is asking the Court to construe ScanSoft's claims, which should not take place at this stage of the litigation.

4

The Court understands that VST's source code is valuable, but is not persuaded by VST's arguments that the source code is not relevant. Furthermore, the source code will be produced subject to the protective order that exists in this case and it is therefore protected in that regard. The Court therefore ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source code.

II.  VST's Request for ScanSoft's Source Code

Although ScanSoft has, so far, refused to produce its own source code to VST, ScanSoft has also indicated that it is amenable to a mutual exchange. Because this Order directs VST to produce its source code, ScanSoft must now complete the mutual exchange. The Court therefore ALLOWS VST's motion to compel to the extent that it seeks ScanSoft's source code and ORDERS ScanSoft to produce its source code.

III.  ScanSoft's Request for Documents Concerning the Technical Development of the Accused Products

ScanSoft asserts that documents concerning the technical development of VST's accused products are relevant to a determination of whether VST's products infringe upon ScanSoft's patent. VST avers, in response, that ScanSoft need only examine VST's products as they exist today to determine whether VST

5

has infringed ScanSoft's patent. Technical documents such as inventors' notes and design documents reflecting methods tested during the development process that are not now part of the accused products can not infringe ScanSoft's patent, and are therefore irrelevant. The Court agrees and therefore DENIES ScanSoft's motion to compel documents concerning the technical development of VST's accused products. VST must, however, produce the documents pre-dating the April 1992 priority date of ScanSoft's patent that VST offered to produce during the December hearing.

    IV.    ScanSoft's Request for Patents, Patent Applications and Invention Disclosures for Speech Recognition Technology Owned by VST

Here, ScanSoft seeks VST's patents, patent applications and invention disclosures for any speech recognition technology owned by VST. "Information contained in a patent application may have some relevance in a patent infringement action." In re Columbia Univ. Patent Litigation, 330 F. Supp. 2d 18, 20 (D. Mass. 2004). Because, however, materials relating to patent applications are confidential, a

> heightened relevancy standard must be applied to patent applications and materials related thereto.
>     Generally, the courts have employed a balancing test in determining whether or not to permit discovery of a patent application, weighing the requesting party's interest in the materials against the objector's legitimate

> interest in the secrecy. A demonstration of direct relevancy will tip the scale in favor of disclosure. On the other hand, the fact that the parties are competitors is a matter which weighs against disclosure.

Id. (internal citations omitted).

VST asserts, and the Court agrees, that ScanSoft has not met the required heightened relevancy standard required. ScanSoft states that the documents should be produced because "they are likely to provide evidence of the prior art and the operation of the accused products." Joint Memorandum at 11. ScanSoft should be able to ascertain the "operation of the accused products" from the documents previously produced by VST and the source code that this Order directs VST to produce. The Court therefore DENIES ScanSoft's motion to compel VST's patent applications and related materials. Again, however, VST must produce the documents related to its patent applications that it offered to produce during the December hearing – that is, any statements in its patent applications that describe or address ScanSoft's patent.

V.  ScanSoft's Request for Prior Art

Finally, ScanSoft seeks prior art documents with respect to its patent. Neither party disputes that, by statute, VST is required to produce its prior art documents at least 30 (thirty) days prior to trial. See 35 U.S.C. §282. The parties

7

disagree, however, as to whether VST should be compelled to produce those documents now. Specially, the parties disagree as to whether the results of VST's prior art searches constitute attorney work product. VST asserts that the prior art searches were conducted after ScanSoft filed its lawsuit against VST. Joint Memorandum at 14. ScanSoft, on the other hand, avers that although VST's prior art searches and the analytical results of those searches may be privileged work product, the "factual underpinnings" of VST's prior art searches are not protected. Id. The Court is not convinced by ScanSoft's arguments. Furthermore, the prior art itself is equally available to ScanSoft. ScanSoft need only conduct its own prior art searches. The Court therefore DENIES ScanSoft's motion to compel VST's prior art documents.

**Conclusion**

    For the reasons stated above, the Court ALLOWS IN PART and DENIES IN PART both parties' motions to compel to the extent that those motions seek the documents discussed herein.

SO ORDERED.

| January 14, 2005 | /S/ Joyce London Alexander |
|---|---|
| Date | United States Magistrate Judge |