UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**ORDER ON**

**SCANSOFT, INC.'S MOTION TO COMPEL DEPOSITION
OF CHOATE, HALL & STEWART ATTORNEY
REGARDING VIOLATION OF PROTECTIVE ORDER
(Docket # 62)**

ALEXANDER, M.J.

This case is before this Court for rulings on various discovery-related motions. This particular Order addresses a motion by plaintiff ScanSoft, Inc., to take the deposition of Choate, Hall & Stewart, counsel for defendant Voice Signal Technologies, Inc. ("VST"). For the reasons set forth more fully below, the Court DENIES ScanSoft's motion.

**Relevant Background**

A brief recitation of the relevant events leading up to the current motion is as follows. ScanSoft and VST agreed to a protective order, certain provisions of which seek to limit distribution of the parties' respective confidential information. Pursuant to the protective order, certain documents produced by ScanSoft to VST were marked "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY." Some of these documents were, in turn, provided by VST's counsel to Jordan Cohen, VST's Chief Technology Officer. After realizing the infraction of the protective order, VST's counsel asked Mr. Cohen to return the documents to counsel's office. Mr. Cohen did so, but, it appears, not before reviewing at least some of the documents. After learning from VST's counsel that Mr. Cohen had been provided highly confidential documents, ScanSoft became, understandably, upset.

The parties exchanged written correspondence about the event, and then, on November 24, 2004, ScanSoft filed an emergency motion seeking remedies for VST's counsel's violation of the protective order. More specifically, ScanSoft sought an order compelling VST's counsel to answer special interrogatories and respond to a special set of document requests; make Mr. Cohen available for deposition; and make available for deposition "one or more attorneys at Choate, Hall & Stewart who are most knowledgeable regarding th[e] breach of the

protective order." Plaintiff's Emergency Motion for Remedies for Violation of Protective Order at 1-2. ScanSoft's motion was an "emergency" motion because ScanSoft sought an accelerated schedule for discovery. Although VST agreed to respond to ScanSoft's special written discovery requests and to make Mr. Cohen available for deposition, it opposed ScanSoft's motion on the basis that the discovery schedule did not need to be expedited. VST's counsel also stated, in a footnote, that it opposed ScanSoft's request to depose VST's counsel.

The Court allowed ScanSoft's motion, on November 30, 2004, but it did so "in light of" VST's response and allowed VST the time allowed by the federal rules to respond to ScanSoft's requests. Since that time, ScanSoft has deposed Mr. Cohen and VST has responded to ScanSoft's special interrogatories and document requests. VST has refused, however, to make counsel available for deposition, and it is on that issue that ScanSoft has filed the current motion. ScanSoft seeks, in particular, to depose both Donald Muirhead, the attorney who sent the privileged documents to Mr. Cohen, and the individual most knowledgeable about the violation of the protective order.

**Analysis**

Depositions of opposing trial counsel "should be employed only in limited circumstances." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir.

1987).  See also Dunkin' Donuts, Inc. v. Mandorico, 181 F.R.D. 208, 210 (D.P.R. 1998) (discussing Shelton).  A party seeking to depose opposing counsel must show that

> (1) no other means exist to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton, 805 F.2d at 1327 (citations omitted).  The three-part test set out in Shelton has been applied by numerous federal courts, see Dunkin' Donuts, 181 F.R.D. at 210, and provides appropriate guidance here.

ScanSoft asserts that it must depose VST's counsel in order to get a full explanation of why documents marked as highly confidential were provided to Mr. Cohen.  Additionally, ScanSoft seeks reassurance that such a breach of the protective order will not occur again.  VST's counsel are the only ones who can provide ScanSoft with the detailed information that it seeks, thus conceivably meeting the first part of the Shelton test.  The second and third parts of the Shelton test, however, prove problematic.  The information that ScanSoft seeks about the breach of the protective order does not appear to be either relevant to the underlying patent litigation or crucial to ScanSoft's preparation of its case.

ScanSoft's distress at VST's counsel's violation of the protective order is understandable, and VST would no doubt feel similarly if the roles were reversed. The Court does not believe, however, that deposing VST's counsel is a suitable remedy. VST has offered to respond to interrogatories directed at its counsel, and to provide an affidavit from Mr. Muirhead. Mr. Muirhead's affidavit could, as VST suggests and if ScanSoft so desires, respond to specific questions that ScanSoft might submit to him. The Court encourages ScanSoft accept VST's offer. The Court also strongly cautions VST that it must, in the future, use more care when working with confidential materials.

**Conclusion**

For these reasons, the Court DENIES ScanSoft's motion to compel the deposition of VST's counsel.

SO ORDERED.

| | |
|---|---|
| January 14, 2005 | /S/ Joyce London Alexander |
| Date | United States Magistrate Judge |