UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**SUPPLEMENTAL ORDER ON**

**VOICE SIGNAL TECHNOLOGIES, INC.'S
EMERGENCY MOTION FOR A PROTECTIVE ORDER
LIMITING THE SUBJECT MATTER OF SCANSOFT'S
30(B)(6) DEPOSITION AND PRECLUDING THE
DEPOSITIONS OF INDIVIDUAL DEFENDANTS
(Docket # 65)**

ALEXANDER, M.J.

On January 5, 2005, this Court issued an Order on an emergency motion for

a protective order filed by defendant Voice Signal Technologies, Inc. ("VST").

That Order allowed in part and denied in part VST's motion, and also stated that

the Court would not rule on that part of VST's motion that sought a

protective order prohibiting plaintiff ScanSoft, Inc., from deposing VST on the topics of damages and claim construction contentions without first allowing ScanSoft an opportunity to respond. ScanSoft has now done so, and the Court addresses those issues in this Supplemental Order. For the reasons set forth more fully below, this Court ALLOWS VST's motion on the claim construction issue and DENIES VST's motion on the damages issue.

VST and ScanSoft are embroiled in a patent dispute. ScanSoft has noticed the deposition of VST and seeks to depose VST about forty-nine different categories of information. Among those are categories 3, 4 and 31, which VST asserts improperly seek information on claim construction issues. Category 3, for example, seeks VST's "understanding of the technology described [in the '966 patent] and [VST's] understanding of the meaning of the terms and phrases used in the specification and claims of the '966 patent." As VST notes, however, "the construction of the terms in a patent is an issue of law for the court to decide" and a 30(b)(6) deposition may not be "appropriate on the topic of claim construction." Exxon Research & Eng'g Co. v. United States, 44 Fed. Cl. 597, 598, 599 (Fed. Cl. 1999).

ScanSoft does not disagree that a deposition on the topic of claim construction may not be appropriate, but avers that it can depose VST on the

factual bases of the topics in question without inquiring into VST's legal

positions.  ScanSoft provides no legal authority for its position nor does it explain

in any detail how deposing VST on its "understanding of the meaning of the terms

and phrases used in the specifications and claims" of the patents in dispute does

anything but ask VST to construe the claims.  VST's motion for a protective order

as to categories 3, 4 and 31 is therefore ALLOWED.

ScanSoft also seeks to depose VST on matters related to damages in

categories 13-15, 44 and 46.  The parties have agreed to pursue reasonable royalty

damages rather than lost profits and VST avers that the categories in question seek

information unrelated to reasonable royalty damages.  This time it is VST that fails

to provide any legal authority for its position or to make anything but general

averments that the categories seek information unrelated to reasonable royalty

damages.

ScanSoft, on the other hand, points to case law that delineates some of the

factors to consider in determining a reasonable royalty rate.  See, e.g., Trans-

World Mfg. Corp. v. Al Nyman & Sons, 750 F.2d 1552, 1568 (Fed. Cir. 1984);

Georgia Pac. Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y.

1970).  A reasonable royalty has been defined as

> the amount that a person, desiring to manufacture [, use, or] sell a patented article, as a business proposition, would be willing to pay as a royalty and yet be able to make [, use, or] sell the patented article, in the market, at a reasonable profit.

Paymaster Technologies, Inc., v. U.S., 61 Fed. Cl. 593, 611 (Fed. Cl. 2004) (citations omitted).

On the whole, the Court believes that the categories to which VST objects do seek information relevant to the calculation of a reasonable royalty rate. Although some of the categories may push the limits, nothing in VST's motion persuades the Court that ScanSoft should not be allowed to inquire about these categories. VST's motion for a protective order to prevent ScanSoft from deposing VST about categories 13-15, 44 and 46 is therefore DENIED.

**Conclusion**

The Court therefore ALLOWS IN PART and DENIES IN PART VST's motion for a protective order to the extent that it has not already done so by its January 5, 2005 Order.

SO ORDERED.

January 14, 2005                    /S/ Joyce London Alexander
Date                                United States Magistrate Judge