# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | **ORAL ARGUMENT** |
| ROTH, JONATHAN P. YAMRON, and ) | **REQUESTED** |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |

### SCANSOFT, INC.'S OBJECTIONS TO ORDER OF MAGISTRATE JUDGE DENYING IN PART SCANSOFT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES

Plaintiff ScanSoft, Inc. ("ScanSoft"), pursuant to Fed. R. Civ. P. 72(a) and Rule 2(b) of the Local Rules for the United States Magistrate Judges, submits the following Objections to certain portions of Magistrate Judge Alexander's Order (D.N. 75), dated January 14, 2005 (hereinafter "Magistrate Judge Order"), denying in part ScanSoft's Motion to Compel Production of Documents and Responses to Interrogatories (D.N. 36).[1]

1.  The Magistrate Judge erred in denying ScanSoft's motion to compel VST to produce technical documents and documents relating to the development of VSuite, the VST software product accused of infringing ScanSoft's '966 patent (Magistrate Judge Order at 5, Section III). Such documents are directly relevant to both a literal infringement analysis and an equivalents infringement analysis, and are clearly relevant to rebut any obviousness defense VST

---

[1] ScanSoft makes no objection to that portion of the Magistrate Judge's Order requiring production of source code.

may present. For example, the documents are relevant to show whether VST's development activities and its VSuite product incorporate one or more elements, or all elements, of the claims of the patent in suit. In addition, the requested technical and development documents are clearly relevant to ScanSoft's trade secrets and 93A claims. See Court's Order dated January 26, 2005, adopting Magistrate Judge's Report and Recommendations denying VST's Motion to Dismiss trade secrets and 93A claims.

2.  The Magistrate Judge erred in denying ScanSoft's motion to compel VST to produce its pending patent applications and related documents concerning the technology contained or embodied in, or used by, the accused infringing VSuite software product or other VST Speech Recognition Products (Magistrate Judge Order at 6, Section IV). Statements made by VST in those documents are directly relevant to ScanSoft's infringement claims because, *inter alia*, they are likely to provide evidence of the prior art, and whether the operation of the accused products employs one or more, or all elements, of any claim of the patent in suit. In addition, these applications and disclosures and any statements contained therein are highly relevant to whether VST misappropriated ScanSoft's trade secrets in the development and operation of VST's products.

**ARGUMENT**

**I.   THE ORDER DENYING SCANSOFT'S MOTION TO COMPEL PRODUCTION OF TECHNICAL AND DEVELOPMENT DOCUMENTS RELATING TO THE ACCUSED INFRINGING PRODUCTS IS CLEARLY ERRONEOUS**

In its first set of document requests to VST, served nearly eight months ago on May 26, 2004, ScanSoft made the routine request that VST produce documents relating to the technical specifications and development of the accused infringing products. Among the documents ScanSoft sought were documents concerning the research, design, development, specifications,

2

operating parameters and performance capabilities of the accused VSuite software product or any other VST Speech Recognition Products, including laboratory notebooks, reports and engineering logs (*see* Plaintiff's First Set of Document Requests, No. 7). In what has become the unfortunate norm for ScanSoft's discovery requests in this litigation, VST refused this standard request, and ScanSoft was forced to move to compel. In ruling on that motion to compel, the Magistrate Judge clearly erred in concluding that such technical and development documents are not relevant to a determination of whether the VSuite product, or other VST Speech Recognition Products, infringes ScanSoft's '966 patent. The Magistrate Judge's Order is also contrary to law because the requested documents are directly relevant to rebut VST's obviousness defense.

First, the Magistrate Judge's Order is in error because the technical and development documents ScanSoft seeks are relevant to both a literal infringement analysis and an analysis of infringement under the doctrine of equivalents. Literal infringement requires a direct comparison between the accused infringing products and the asserted claims of the patent, as construed by the Court. *See Markman v. Westview Instuments Inc.,* 517 U.S. 370, 374 (1996). Technical documents concerning the specifications, operating parameters and performance capabilities of the accused VSuite product, and other VST Speech Recognition Products, are clearly relevant to this comparison. Without these technical documents, ScanSoft is deprived of potential evidence of infringement, a result clearly not intended by the provisions governing discovery under the Federal Rules of Civil Procedure.

The requested documents are also relevant to an analysis of infringement under the doctrine of equivalents which requires an element-by-element inquiry applying a three-step "function-way-result" test. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997). Under this test, the "way" that an accused product performs substantially the same

3

"function" as in each element of an asserted claim is analyzed, as is the "result" achieved by the invention. *Id.* Here, development documents such as laboratory notebooks and engineering reports describing the design of the accused infringing VSuite product, and other VST Speech Recognition Products, would likely contain relevant information regarding the way these products were designed to function and the results the developers of these products were able to achieve. Such documents are relevant and should be produced.

Indeed, even if the documents reflected methods that did infringe, but were later dropped from VST's products, they would prove infringement, contrary to the Order objected to (See p.6, earlier abandoned methods "can not infringe ScanSoft's patent"). Whoever "makes" or "uses" the patented invention during the development phase infringes during the term of the patent, even if such action is subsequently halted. See 35 U.S. C. Sec. 271(a).

Second, the development documents ScanSoft seeks are highly relevant to rebut VST's obviousness affirmative defense. VST has contested the validity of ScanSoft's '966 patent by asserting that the invention of the '966 patent would have been obvious to one of skill in the art on the priority date of the patent, April 13, 1992. To the extent that ScanSoft demonstrates that the VSuite product is covered by the claims of the '966 patent, any obstacles, challenges, or difficulties encountered in the development of that product are highly relevant and would undermine VST's obviousness defense. The development documents ScanSoft seeks, including scientists' notebooks, status reports and the like, are the most likely documentary source of this relevant information and are discoverable. Denying ScanSoft access to these documents as irrelevant is clearly erroneous.

In reaching the conclusion that the technical and development documents of the accused infringing products are not relevant to infringement, the Magistrate Judge adopted VST's

4

position that "ScanSoft need only examine VST's products as they exist *today* to determine whether VST has infringed ScanSoft's patent." (Magistrate Judge Order at 5-6) (emphasis added). VST's position on this point is simply incorrect, and the Magistrate Judge erred in ruling that documents concerning the technical specifications and development of the accused products are not relevant to the infringement inquiry. Moreover, the Magistrate Judge's Order appears to be based solely on the incorrect determination that such documents are irrelevant to the infringement inquiry. The Magistrate Judge's Order fails to address ScanSoft's position that such documents are also directly relevant to the obviousness inquiry. ScanSoft's requests for documents concerning the technical development of VST's accused infringing products seek information highly relevant to ScanSoft's infringement claim and VST's defenses thereto. *See*, 8 Wright & Miller, *Federal Practice and Procedure* § 2043 (1970); *Multi-Core, Inc. v. Southern Water Treatment Company,* 139 F.R.D. 262, 264 (D. Mass. 1991) (Bowler, M.J.) ("For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation."). The Order denying ScanSoft access to these documents is clearly erroneous.

The technical and development documents are also highly relevant to whether VST's products contain ScanSoft's trade secrets. ScanSoft seeks technical documents concerning the research, design, development, specification, operating parameters and performance capabilities including laboratory notebooks, engineering logs, and reports. These documents will likely contain information about whether VST misappropriated ScanSoft's trade secrets in developing its products. There simply is no other basis upon which to discover this information and ScanSoft has an absolute right to this discovery in order to pursue it trade secrets claims.

II.  **THE ORDER DENYING SCANSOFT'S MOTION TO COMPEL PRODUCTION OF VST'S PATENT APPLICATIONS AND RELATED DOCUMENTS CONCERNING TECHNOLOGY CONTAINED OR EMBODIED IN, OR USED BY, THE ACCUSED INFRINGING PRODUCTS IS A CLEAR ERROR OF LAW.**

The Magistrate Judge's Order also errs in denying ScanSoft's motion to compel VST to produce its patent applications and invention disclosures concerning technology contained or embodied in, or used by, the accused infringing products. Also a standard request in a patent infringement action, patent applications related to the technology of the patent-in-suit are commonly discoverable. *See e.g., In re: Columbia University Patent Litigation*, 330 F. Supp. 2d 18, 21 (D. Mass, 2004); *Stepan Co. v. Oxid L.P.*, 2003 WL 22742451 at * 1 (N.D. Ill. 2003); *Caliper Tech. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 561 (N.D. Cal. 2003); *Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., et al.*, 132 F.R.D. 204, 212-13 (N.D. Ind. 1990). Specifically, in denying ScanSoft's motion to compel, the Magistrate Judge erred in ruling that ScanSoft had not met the "required heightened relevancy standard" necessary to compel the production of such documents in light of their confidential nature. (Magistrate Judge Order at 7).

As ScanSoft argued in support of its motion to compel, statements made and positions taken by VST in patent applications concerning technology contained or embodied in, or used by, the accused VSuite product and other VST Speech Recognition Products are directly relevant to the infringement inquiry. In addition to having a high degree of relevance to claim construction arguments VST is likely to make with respect to the claim language of the '966 patent, VST's statements in the requested pending patent applications may provide important evidence regarding the design and functional capabilities of the technology contained in the accused infringing VSuite product and other infringing VST Speech Recognition Products, and concerning the level of ordinary skill in the art. *See Caliper Tech.*, 213 F.R.D. at 561 (patent

6

applications describing technology very similar to that in suit shed light on the technology claimed in the patent-in-suit as well as the language used to claim it); *see also Golden Valley Microwave Foods*, 132 F.R.D. at 221-13 (ordering production of unfiled drafts of patent applications where validity of patent-in-suit was in question and documents requested could establish level of ordinary skill in the art and prior attempts and failures of others, including accused infringer, to address a long-felt need in the industry).

ScanSoft is also entitled to VST's patent applications and information disclosures as the documents are highly relevant to its trade secrets claim.  If, as VST states in the Joint Memorandum Regarding The Parties' Outstanding Discovery Motions, these documents contain evidence of what VST tried and tested during the development process, the evidence is directly related to whether VST used ScanSoft's trade secrets in that development process.  Even if a method tested during the VST development process did not make its way into VST's final products, it is nevertheless relevant to whether VST misappropriated ScanSoft's trade secrets.

Importantly, ScanSoft's request is appropriately tailored to patent applications and related documents concerning technology contained or embodied in, or used by, the infringing VSuite software product or other VST Speech Recognition Products.  Further, the confidential nature of any such applications will be safeguarded by the terms of the protective order to which the parties have previously agreed.  These measures ensure that VST's legitimate interest in preserving the confidentiality of its pending patent applications and related documents will be protected at the same time that ScanSoft's right to discover materials directly relevant to its trade secret and patent infringement claims is recognized  *See In re Columbia*, 330 F. Supp. 2d at 20 (balancing test required discovery of patent application, where the "direct relevancy" of the materials sought outweighs the objector's legitimate interest in secrecy).

7

Because the requested documents have direct relevance to the issues involved in the present litigation and VST's interest in maintaining their confidentiality will be safeguarded under the terms of an agreed upon protective order, the Magistrate Judge erred in denying ScanSoft's motion to compel. VST should be ordered to produce these materials immediately.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Order denying ScanSoft's motion to compel production of development documents and patent applications was clearly erroneous and contrary to law. In addition, in light of the Court's Order denying VST's Motion to Dismiss ScanSoft's trade secret and 93A claims, VST should be compelled to produce documents responsive to ScanSoft's requests for technical and development documents (Plaintiff's First Set of Document Requests, Nos. 7, 10 and 11) and ScanSoft's request for patent applications and related documents concerning technology contained or embodied in, or used by, the accused infringing VSuite product or other VST Speech Recognition Products (Plaintiff's First Set of Document Requests, No. 21).

Dated:  January 28, 2005

SCANSOFT, INC.,
By its attorneys,


/s/ Lisa M. Fleming
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
lfleming@bromsun.com

02639/00509 359598.1