**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SCANSOFT, INC., )<br>)<br>             Plaintiff, )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>             Defendants. )<br>) | **C.A. No. 04-10353-PBS** |

**DEFENDANTS' OBJECTION TO ORDER ON SCANSOFT, INC.'S**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**AND RESPONSES TO INTERROGATORIES**

Defendant Voice Signal Technologies, Inc. ("VST") submits this Objection to the portion of Magistrate Judge Alexander's Order, dated January 14, 2005, that obligates VST to produce "source code". A determination of whether the claims of the only ScanSoft patent-in-suit are infringed may be made without any analysis of source code. The Magistrate Judge's Order requiring that "source code" be produced is error. Moreover, the Order is unclear and potentially overbroad in that VST's products contain several types of source code, only one of which is even arguably relevant to the subject matter disclosed and claimed in the relevant patent.

Simultaneously with the filing of this Objection, defendants have filed a motion seeking clarification of the Magistrate Judge's Order. Resolution of the motion to clarify may obviate the need for this Objection, in which case the Objection will be withdrawn.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and Rule 2 of the Local Rules for the United States Magistrate Judges, defendants make the following objections to the Magistrate Judge's Report:

1.  The Magistrate Judge erred in ruling that VST must produce "source code" in response to discovery requests relating to ScanSoft's patent infringement claim. ScanSoft's U.S. Patent No. 6,501,966 (the "'966 patent") claims a speech recognition method for a mobile communications system. The method consists of four defined steps. The patent does not disclose, and does not claim, algorithms or other computer-related techniques that cause these steps to be performed. VST has produced extensive documentation that describes the steps that VST's products perform. The software whose production is requested will only disclose that which is not relevant to this case -- *i.e.*, algorithms or other techniques that cause these steps to be performed. Source code is not relevant to the particular claims of ScanSoft's patent-in-suit. It should not be produced.

2.  If source code is to be produced, the production should be limited to VST's user interface source code. No other VST source code is even arguably relevant to the claimed infringement. Insofar as the Magistrate Judge's Order requires greater production of source code, it is without basis.

**PRELIMINARY STATEMENT OF GROUNDS FOR THIS OBJECTION**

ScanSoft alleges that VST's products infringe the '966 patent. The '966 patent claims a speech recognition method for a mobile telecommunication system. The claimed method involves the steps of (1) receiving a command from a user; (2) determining whether a command is a first-type command (a string of spoken digits that correspond to a telephone number) or a second-type command (a keyword, like "home"); (3) if the command is a first-type command,

collecting the digits that represent the phone number; and (4) if the command is a second-type command, determining whether the keyword (*e.g.*, "home") is associated in memory with a telephone number.

No source code is needed to determine whether VST's accused products perform these steps. A determination may be made by examining the functioning of the product itself and the extensive documentation produced by VST that describes the steps performed by VST's accused product in precisely the detail that is provided in the '966 patent itself. The particular algorithms that cause a voice recognition system to do what it does are not disclosed or claimed in the '966 patent. They are not relevant to the subject matter of this case. VST's source code is highly proprietary. It contains VST's most valuable trade secrets. The Magistrate Judge's Order requiring the production of any source code is error because it requires production of materials that are not relevant to the infringement, or non-infringement, of the claims of the '966 patent.

Moreover, the Magistrate Judge's Order is overbroad. If source code is to be produced, it should be limited to VST's user interface source code -- the code that governs the types of actions that, ScanSoft alleges, are claimed in the '966 patent. Other source code -- for example, the source code that allows the product to "understand" the group of sounds that constitute a particular name ("John Smith"), or to recognize that a group of sounds correspond to a specific digit ("seven") is simply not relevant to this case. Insofar as the Magistrate Judge's Order requires, the production of source code that is not even arguably relevant to the patent-in-suit, it should be vacated.

## CONCLUSION

The Magistrate Judge has ordered VST to produce "source code." VST objects to that Order. It has also moved to clarify the Order so that it requires only the production of VST's

user interface source code, the code that causes the functions claimed in the '966 patent to be performed, or not performed. If the Order is clarified as requested by VST, this Objection will be withdrawn. If the Magistrate Judge denies the motion for clarification, VST will file a more extensive statement of the grounds for these Objections. Therefore, VST requests that the Court postpone action on these Objections pending a ruling on the motion for clarification.

    Respectfully submitted,

    LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

    By their attorneys,

    /s/ Paul D. Popeo
    Robert S. Frank, Jr. (BBO No. 177240)
    Sarah Chapin Columbia (BBO No. 550155)
    Paul D. Popeo (BBO No. 567727)
    Paul E. Bonanno (BBO No. 646838)
    Wendy S. Plotkin (BBO No. 647716)
    CHOATE, HALL & STEWART
    Exchange Place
    53 State Street
    Boston, MA  02109
    (617) 248-5000

Dated:  January 31, 2005

3794058v1