UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10353-PBS |

## DEFENDANTS' MOTION TO CLARIFY SCOPE OF DISCOVERY ORDER

Defendant Voice Signal Technologies, Inc. ("VST") submits this motion for clarification of the scope of the Magistrate Judge's January 14, 2005 Order On ScanSoft's Motion to Compel Production of Documents and Responses to Interrogatories ("Discovery Order"). The Discovery Order obligates VST to produce "source code." The Order is unclear and potentially overbroad in that VST's products contain several types of source code, only one of which (the user interface source code) is even arguably relevant to the claims of ScanSoft's patent-in-suit. VST respectfully requests that the scope of the Discovery Order be clarified, and limited to VST's user interface source code.

**ARGUMENT**

I. **DISCOVERY SHOULD BE LIMITED TO VST'S USER INTERFACE SOURCE CODE, BECAUSE THAT IS THE ONLY SOURCE CODE CONCEIVABLY RELEVANT TO THE CLAIMED INFRINGEMENT.**

ScanSoft alleges that VST's products infringe U.S. Patent No. 6,501,966 (the "'966 patent"). The '966 patent claims a voice recognition method for a mobile telecommunication system. The claimed method requires that an accused product perform four steps: (1) it must receive a command from a user; (2) it must determine whether the command is a "first" type command (a string of spoken digits corresponding to a telephone number) or a "second" type command (a keyword, like "home"); (3) if the command is a first-type command, the product must collect digits spoken by the user that constitute a telephone number; and (4) if the command is a second-type command (a keyword), it must determine whether that keyword is associated in memory with a previously-stored telephone number.

Claim 1 of the '966 patent is exemplary. Claim 1 requires a speech recognition method for a mobile telecommunication system that includes:

[1]   receiving a command from the mobile telecommunication user;

[2]   determining whether the command is a first or second command type;

[3]   if the command is the first command type, collecting digits representing a telephone number to be dialed received from the mobile telecommunication user; and

[4]   if the command is the second command type, determining whether a previously stored telephone number is associated with a keyword received from the mobile telecommunication user.

ScanSoft alleges that VST infringes this claim and certain claims that depend from it.

The scope of discovery is properly limited to the subject matter of these claims. The parties provided a technology tutorial at the Court's December 8, 2004 hearing. The Court may recall that VST's software performs several functions. Some functions relate generally to the

claims of the '966 patent; others do not. For example, VST's source code allows a cell phone to receive commands -- an action that is relevant to the claims of the '966 patent. However, other source code causes the synthesis of artificial speech which the cell phone uses to communicate to a user that it has deciphered the name of the intended recipient of a call -- a function that is wholly unrelated to the claims of the '966 patent. The Court's Order would require that both the possibly relevant, and the wholly irrelevant, source code be produced.

This motion seeks a clarifying order which would require VST to produce only its user interface source code. The user interface source code controls the way in which a cell phone operates on, and responds to, user commands. In general terms, when a user activates the voice control functionality of a phone equipped with VST's product, the user interface software replaces the phone's conventional user interface -- the phone keypad -- and allows the user to operate the phone with spoken commands, rather than by the use of the keypad. An examination of the user interface source code will reveal the steps that are performed by a VST product when it is operated by a user. This is the component of VST's source code that will allow ScanSoft and the Court to determine whether VST's product performs the steps that, ScanSoft asserts, are required by the '966 patent.

Other source code included in VST's product, such as the graphics screen software, the speech synthesis software, the pronunciation software, the lexicon (dictionary) software, and the hardware interface software, are wholly unrelated to the patent infringement issues in this case. Source code of this type does not conduct, or control, the steps performed by a phone in response to user commands. It is of no use in comparing VST's method to the method claimed in the '966 patent. In particular, the algorithms that disclose the way in which a mobile phone "understands" the group of sounds that constitute the name "John Smith", or interprets certain

sounds to be the number "seven", are not relevant to this case. The '966 patent neither discloses nor claims anything relating to the way in which sounds are deciphered by a voice recognition system.[1]

The Discovery Order states that "a patent infringement determination is not based upon how an average user perceives a product works, but how the product actually operates." (Discovery Order at 4.) How VST's product "actually operates" *in the ways that ScanSoft alleges are relevant to the claims of the '966 patent* can be conclusively determined by review of VST's user interface source code. Other source code is not helpful to that analysis. This irrelevant software includes VST's most sensitive, and most valuable, trade secrets. It should not be produced.

VST has produced documents that describe in detail the user interface of VST's products, including numerous flow charts and diagrams detailing exactly how the command structures of its software work. With the production by VST of its user interface source code, there can be no question remaining as to what VST's products do, and whether these products perform, or do not perform, the steps of the method claimed in the '966 patent.

---

[1] This is confirmed by the deposition testimony of Peter J. Foster, one of the inventors of the '966 patent. Foster testified that "our strategy was to focus on patenting applications of speech, rather than algorithms" Ex. A; Foster Dep. P.111, ln. 15-16.

4

## CONCLUSION

For the foregoing reasons, the Court should clarify that the Discovery Order applies only to the production by VST of its user interface source code, and not source code that is entirely unrelated to the claims of the '966 patent.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul D. Popeo
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  January 31, 2005