UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR <br><br> Defendants. | Civil Action No. 04-10353-PBS |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS
TO COURT ORDER COMPELLING VST TO PRODUCE ITS SOURCE CODE**

ScanSoft, Inc. ("ScanSoft") hereby responds to the Objections of defendant Voice Signal Technologies, Inc. ("VST") to the portion of Magistrate Judge Alexander's January 14, 2005 Order compelling VST to produce the source code of its accused infringing VSuite software product and other voice recognition products.

VST's Objections, filed only 28 days before the scheduled expiration of discovery, prolong its steadfast refusal to provide any meaningful discovery in this case, from June 25, 2004, the date its production was first due over seven months ago, to the present. VST's concealment of the very evidence most relevant to prove its infringement of ScanSoft's patent and its misappropriation of ScanSoft's trade secrets in its current product offerings forces the conclusion that the withheld evidence will prove its wrongdoing. VST's motive to continue to build its business on ScanSoft's intellectual property rights is transparent in its defiance of the discovery rules and the Magistrate Judge's Order.

VST's purported effort to obtain "clarification" of its obligations must be seen as a defiant attempt to run out the clock. Magistrate Judge Alexander's January 14, 2005 Order explicitly notes that "ScanSoft seeks the source code of VST's allegedly infringing products" (p. 3), including "the source code of VST's VSuite product" (p. 4), and then "**ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source code**" (p. 5). There is no ambiguity in the Order. It is not for VST to produce a portion of source code of its choosing in an ongoing effort to hide its infringement of ScanSoft's intellectual property rights

In addition, on January 26, 2005, this Court adopted the Magistrate Judge's Report and Recommendation and denied VST's motion to dismiss ScanSoft's trade secrets claims (and 93A claims). Because the source code of the VSuite product is unquestionably relevant to ScanSoft's trade secrets claims, the denial of VST's motion to dismiss those claims must put an end to VST's efforts to block production of that source code.

VST's effort to hide the evidence of its wrongdoing has been successful to date, but it must ultimately be required to comply with the Federal Rules of Civil Procedure and the Orders of this Court. ScanSoft respectfully asks that the Court deny VST's Objections, end VST's persistent attempt to block discovery, and order the production of the source code for VST's accused infringing products, including the VSuite product, without further delay.

## ARGUMENT

**I. THE MAGISTRATE JUDGE'S UNAMBIGUOUS ORDER COMPELLING PRODUCTION OF VST'S SOURCE CODE FOR THE ACCUSED INFRINGING PRODUCTS, INCLUDING THE VSUITE PRODUCT, IN CONNECTION WITH SCANSOFT'S PATENT INFRINGEMENT CLAIMS WAS CORRECT.**

Even setting aside the relevance of VST's product source code to ScanSoft's trade secrets claims, VST's Objections must fail because the Magistrate Judge was correct in ruling that the source code of the accused infringing products, including the VSuite product, is, indeed, relevant to ScanSoft's patent infringement claims. *See OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 478 (N.D.Ca. 2003) (considering cost shifting issues related to the discovery of the source code of an infringing software product and finding "the requested source code is highly likely to contain relevant information"). As the source code of the VSuite product is the infringing software product itself, that source code is relevant to both ScanSoft's claims of infringement and VST's defenses on those claims. *See id.* at 477-478 ("the requested source code for the minor upgrades in [the accused infringing] products is relevant as it is the software product itself").

As ScanSoft argued before the Magistrate Judge, in order to prove infringement, ScanSoft is entitled to have access to VST's source code so that ScanSoft may determine whether the language of the claims is met. For example, Claim 1 requires "receiving a command from the…user." '966 patent, Col.12, ll.27-28. Receiving a command invokes the operation of the speech recognition engine that is at the heart of VST's VSuite product, and likely its other products for use on a cellphone in "mobile telecommunication" as required by Claim 1. The source code for the speech recognition engine is the accused infringing product itself and likely the best evidence of whether this claim limitation is met, either literally or under the doctrine of

equivalents. Similarly, Claim 1 calls for "determining whether the command is a first or second command type." Col. 12, ll.28-29. Again, this is a procedure which must be built into the software of VST's products and the source code for that software is the best evidence of whether this claim limitation is met, either literally or under the doctrine of equivalents. Each other step in the method of claim 1 also implicates the operation of VST's software, and thus that software must be examined to determine whether each of the required elements is present for infringement. For example, the step of "collecting digits representing a telephone number to be dialed," Col.12, ll.31-32, also happens at the source code level. Although the operation of the user interface suggests that all of the claim limitations are met, ScanSoft is entitled to discover the most relevant evidence – the software product itself – and to present its proofs of infringement on the basis of the operation of that software as detailed in the source code. VST's contention that "no source code is needed to determine whether VST's accused products perform these steps" (VST's Objections at 3) is without merit. "For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation." *Multi-Core, Inc. v. Southern Water Treatment Company,* 139 F.R.D. 262, 264 (D.Mass. 1991)(Bowler, M.J.). The way VST's software works is relevant to infringement.

Similarly groundless is VST's argument that the Magistrate Judge's Order is somehow unclear in what it obligates VST to produce. In the Order, Magistrate Judge Alexander notes ScanSoft is requesting both "the source code of VST's allegedly infringing products"(Order at 3) and "the source code of VST's VSuite product" (Order at 4)[1] and "ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source

---

[1] VSuite is the only product VST identified in its interrogatory responses.

code" (Order at 5). This language is unambiguous. VST must produce the source code of its products including the VSuite product. VST's purported confusion over this language is disingenuous at best. Alternatively, VST argues that production of the VSuite source code should be limited to the user interface portion of the source code because only that portion of the source code is relevant to ScanSoft's patent infringement claim. As set forth above, this argument is simply another attempt to delay the inevitable. Because the entire VSuite source code is relevant to both ScanSoft's infringement claim <u>and</u> its trade secrets claims and because those trade secrets claims remain in this case, that source code must be produced in its entirety.

## II.   VST'S SOURCE CODE IS DIRECTLY RELEVANT TO SCANSOFT'S TRADE SECRETS CLAIMS

This Court's Order denying VST's motion to dismiss the trade secrets claims eliminates even VST's prior flimsy excuses for refusing to produce the VST source code (excuses which Magistrate Judge Alexander rejected based on the patent claim alone; see Order at 2, fn. 1). ScanSoft is entitled to that source code and VST must produce it on the independent basis of the trade secrets claims, because that source code is the best evidence that VST has misappropriated ScanSoft's trade secrets, including, *inter alia*, ASR algorithms, small platform optimization strategies, and strategies for selecting active ASR vocabularies for applications. See Amended Complaint at paragraph 27. VST's stonewalling on the source code has jeopardized ScanSoft's ability to secure a reasonable amount of time for analysis, including expert analysis, of this typically complex software technology.

VST's objections to the Magistrate Judge's Order and motion for "clarification" are plainly another delaying tactic, furthering its apparent motive to hide its wrongdoing and hoping to run out the clock before ScanSoft can obtain the discovery to which it is entitled under Rule

26 and this Court's Orders, which will prove VST's infringing misuse of ScanSoft's intellectual property.

VST should not be permitted to further delay the production of the VSuite source code while it continues to quibble over an Order that has been effectively endorsed and reinforced by this Court's denial of VST's motion to dismiss ScanSoft's trade secrets claims. ScanSoft respectfully requests that this Court put a stop to VST's stonewalling and command VST to produce the source code for its infringing speech recognition products, including the VSuite product, forthwith, as already ordered by Magistrate Judge Alexander in connection with the patent infringement claims.

## CONCLUSION

For the foregoing reasons, VST's Objections to the Magistrate Judge's Order compelling VST to produce the source code of its infringing software products, including the VSuite product, must fail. ScanSoft respectfully requests that this Court put an end to VST's delaying tactics and Order the production of that source code forthwith.

Dated: February 1, 2005            SCANSOFT, INC.,
                                   By its attorneys,

                                    /s/ Jack C. Schecter
                                   Lee Carl Bromberg, BBO #058480
                                   Robert Asher, BBO #022865
                                   Julia Huston, BBO #562160
                                   Lisa M. Fleming, BBO #546148
                                   Jack C. Schecter, BBO #652349
                                   BROMBERG & SUNSTEIN LLP
                                   125 Summer Street
                                   Boston, Massachusetts 02110-1618
                                   (617) 443-9292

02639/00509 361087.1