UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | Civil Action No. 04-10353-PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CLARIFY
SCOPE OF DISCOVERY ORDER**

ScanSoft, Inc. ("ScanSoft") hereby opposes the Motion of defendant Voice Signal Technologies, Inc. ("VST"), which challenges Magistrate Judge Alexander's January 14, 2005 Order compelling VST to produce the source code for its accused infringing products.

VST's Motion To Clarify Scope of Discovery Order filed only 28 days before the scheduled expiration of discovery, prolongs its steadfast refusal to provide any meaningful discovery in this case. VST's purported effort to obtain "clarification" of its obligations is simply an attempt to run out the clock. This Court's January 14, 2005 Order explicitly states that "ScanSoft seeks the source code of VST's allegedly infringing products" (p. 3), including "the source code of VST's VSuite product" (p. 4), and then "**ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source code**" (p. 5). There is no ambiguity in the Order. VST may not produce a small portion of source code of its choosing in an ongoing effort to hide its infringement of ScanSoft's

intellectual property rights. VST must produce its source code to comply with this Court's Order.

In addition, on January 26, 2005, the Court adopted the Magistrate Judge's Report and Recommendation denying VST's motion to dismiss ScanSoft's trade secrets claims (and 93A claims). Because the source code of the VSuite product is unquestionably relevant to ScanSoft's trade secrets claims, VST should produce, without further delay, the source code for its voice recognition products.

At the end of the day, VST must be required to comply with the Federal Rules of Civil Procedure and the Orders of this Court. ScanSoft respectfully asks that the Court deny VST's motion for clarification, end VST's persistent attempt to block discovery, and order the production of the source code for VST's accused infringing products, including the VSuite product, without further delay.

**ARGUMENT**

I.  **THE ORDER COMPELLING PRODUCTION OF VST'S SOURCE CODE FOR THE ACCUSED INFRINGING PRODUCTS, INCLUDING THE VSUITE PRODUCT, NEEDS NO CLARIFICATION.**

Even setting aside the relevance of VST's product source code to ScanSoft's trade secrets claims, VST's motion should be denied because this Court's Order was correct and unambiguous. The Court ruled that the source code of the accused infringing products, as opposed to some subset of that source code, is, indeed, relevant to ScanSoft's patent infringement claims. *See OpenTV v. Liberate Technologies*, 219 F.R.D. 474, 478 (N.D.Ca. 2003) (considering cost shifting issues related to the discovery of the source code of an infringing software product and finding "the requested source code is highly likely to contain relevant information"). As the source code of the VSuite product is the infringing software

-2-

product itself, that source code is relevant to both ScanSoft's claims of infringement and VST's defenses on those claims. *See id.* at 477-478 ("the requested source code for the minor upgrades in [the accused infringing] products is relevant as it is the software product itself"). In purporting to seek a "clarification" of the Court's Order, VST rehashes its "user interface" argument which has already been presented to, and rejected by, this Court. This motion is simply another groundless attempt to delay the inevitable. The entire VST source code is relevant as it is the accused infringing software product itself. This Court accordingly ordered "VST to produce the source code."(Order at 5).

As ScanSoft argued previously, in order to prove infringement, ScanSoft is entitled to have access to the source code of VST's allegedly infringing products so that ScanSoft may determine whether the language of the claims is met. For example, Claim 1 requires "receiving a command from the…user." '966 patent, Col.12, ll.27-28. Receiving a command invokes the operation of the speech recognition engine that is at the heart of VST's VSuite product, and likely its other products for use on a cellphone in "mobile telecommunication" as required by Claim 1. The source code for the speech recognition engine is the accused infringing product itself and likely the best evidence of whether this claim limitation is met, either literally or under the doctrine of equivalents. Similarly, Claim 1 calls for "determining whether the command is a first or second command type." Col. 12, ll.28-29. Again, this is a procedure which must be built into the software of VST's products and the source code for that software is the best evidence of whether this claim limitation is met, either literally or under the doctrine of equivalents. Each other step in the method of claim 1 also implicates the operation of VST's software, and thus that software must be examined to determine whether each of the required elements is present for infringement. For example, the step of "collecting digits representing a telephone number to be

dialed," Col.12, ll.31-32, also happens at the source code level.  Although the operation of the user interface suggests that all of the claim limitations are met, ScanSoft is entitled to discover the most relevant evidence – the software product itself – and to present its proofs of infringement on the basis of the operation of that software as detailed in the source code.  VST's contention that "how VST's product actually operates in the ways that ScanSoft alleges are relevant to the claims of the '966 patent can be conclusively determined by review of VST's user interface source code" (VST's Motion at 4) is without merit.  "For purposes of Rule 26, relevant information includes any matter that is or may become an issue in the litigation." *Multi-Core, Inc. v. Southern Water Treatment Company,* 139 F.R.D. 262, 264 (D.Mass. 1991)(Bowler, M.J.).  The way VST's software works is relevant to infringement.

VST's argument that the January 14, 2005 Order compelling it to produce source code is somehow unclear in what it obligates VST to produce is groundless.  In the Order, the Court notes ScanSoft is requesting both "the source code of VST's allegedly infringing products"(Order at 3) and "the source code of VST's VSuite product" (Order at 4)[1] and "ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source code" (Order at 5).  This language is unambiguous, and VST's purported confusion is disingenuous at best.  In accord with the clear, correct language of this Court's Order, VST must produce the source code of its products including the VSuite product immediately.

---

[1] To date, VSuite is the only product VST has identified in its interrogatory responses.

**II.   VST'S SOURCE CODE IS DIRECTLY RELEVANT TO SCANSOFT'S TRADE SECRETS CLAIMS**

Now that the Court has adopted the Report and Recommendation on VST's Motion to Dismiss ScanSoft's trade secrets claim VST has no other basis upon which to refuse to produce the complete VST source code.  ScanSoft is entitled to that source code and VST must produce it on the independent basis of the trade secrets claims, because that source code is the best evidence that VST has misappropriated ScanSoft's trade secrets, including, *inter alia*, ASR algorithms, small platform optimization strategies, and strategies for selecting active ASR vocabularies for applications.  See Amended Complaint at paragraph 27.  VST's stonewalling on the source code has jeopardized ScanSoft's ability to secure a reasonable amount of time for analysis, including expert analysis, of this typically complex software technology.

VST should not be permitted to further delay the production of the its source code while it continues to quibble over the interpretation of an unambiguous Order that has been effectively endorsed and reinforced by the denial of VST's motion to dismiss ScanSoft's trade secrets claims.

## CONCLUSION

For the foregoing reasons, VST's Motion To Clarify Scope of Discovery Order should be denied and VST should be ordered to produce the source code for its speech recognition products, including the VSuite product, forthwith.

-6-

Dated: February 2, 2005                    SCANSOFT, INC.,
                                           By its attorneys,


                                            /s/ Jack C. Schecter
                                           Lee Carl Bromberg, BBO #058480
                                           Robert Asher, BBO #022865
                                           Julia Huston, BBO #562160
                                           Lisa M. Fleming, BBO #546148
                                           Jack C. Schecter, BBO #652349
                                           BROMBERG & SUNSTEIN LLP
                                           125 Summer Street
                                           Boston, Massachusetts 02110-1618
                                           (617) 443-9292


02639/00509   361617.1