# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) **ORAL ARGUMENT** |
| MANFRED G. GRABHERR | ) **REQUESTED** |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S EMERGENCY MOTION TO REVISE SCHEDULING ORDER

Plaintiff ScanSoft, Inc. ("ScanSoft") moves for an extension of the discovery deadline, now set for February 28 (i.e., 15 business days hence), and requests a brief status conference with the Court, on a shortened schedule, to address case management issues. Although this litigation began nearly a year ago, defendant, Voice Signal Technologies, Inc. ("VST") has refused to provide *any* discovery on ScanSoft's trade secrets claims, now unmistakably part of this case after this Court's Order of January 26, 2005, and has refused to provide any meaningful discovery on ScanSoft's patent claim, even after being ordered by Magistrate Judge Alexander to produce source code for its accused infringing products.

Review and analysis of complex voice recognition software source code and related technical and development documentation, all unmistakably relevant to Scansoft's claims, will take considerable time under the best of circumstances, including expert consultation and analysis. VST has produced *none* of these materials to date. Then, fact depositions of parties and witnesses must proceed after the documents have been produced. As a practical matter,

these steps will take several weeks once VST has complied with its discovery obligations and the Orders of this Court, which it has not done to date.

ScanSoft accordingly requests that the Court (1) schedule a brief status conference to address serious case management issues presented by the current schedule, (2) extend the discovery deadline by three months, and (3) revise the Scheduling Order to similarly extend all subsequent deadlines. A proposed revised Scheduling Order is set forth in the Conclusion below.

**DISCUSSION**

In the face of VST's intransigence on discovery and the February 28 deadline, ScanSoft has been forced to notice nine (9) depositions for February, all of which will be highly inefficient exercises in the absence of document and source code production by VST. ScanSoft has meanwhile cooperated in producing all three inventors and its 30(b)(6) witness for deposition by VST and has also cooperated in third party depositions noticed by VST. Nonetheless, the parties now have fourteen (14) depositions scheduled between now and February 28, and many of them cannot cover the required ground because VST has refused to provide meaningful discovery.

On May 26, 2004, ScanSoft served document requests and interrogatories on VST which sought information routinely requested and produced on claims for patent infringement and trade secret misappropriation. VST's voice recognition software is the accused product and its source code, technical documentation, development documentation and version control history are central, relevant evidence in this case. ScanSoft contends that evidence will prove ScanSoft's claims by showing that VST's software from 2001 and going forward employed ScanSoft's trade secrets, that VST's voice recognition products have been built upon and continue to exploit ScanSoft's trade secrets, and that VST's products also infringe ScanSoft's patent. VST no doubt

takes the contrary position, but the same evidence is therefore relevant to VST's defense. This central evidence must be examined and analyzed in order to adjudicate this case.

However, VST has refused to produce, *inter alia*, the source code and technical documentation for the accused infringing VST products and any and all information relevant to ScanSoft's trade secrets claim. VST has claimed, without justification, that the source code was not relevant to a determination of whether that software product infringes ScanSoft's patent. In response to each request seeking information relevant to ScanSoft's trade secrets claims, VST has simply refused to engage in discovery, stating, e.g., that the trade secrets claims were "the subject of VST's pending Motion to Dismiss, and [ ] not an appropriate subject for discovery" (VST's Response to Plaintiff's First Set of Interrogatories, ¶¶ 8, 9, 10, 12; VST's Response to Plaintiff's First Set of Document Requests, ¶¶ 32–36). On December 10, 2004, ScanSoft served a Rule 30(b)(6) deposition notice on VST, as well as deposition notices to the individual defendants, Messrs. Gillick, Roth, Yamron and Grabherr, on issues related to the trade secrets claims. VST refused to produce any of these witnesses on the trade secrets claims while its motion to dismiss was pending.

Fact discovery is scheduled to close on February 28, fifteen (15) business days hence, but VST has frustrated SanSoft's attempts to obtain the evidence most relevant to ScanSoft's claims. Despite Magistrate Judge Alexander's Order to produce its source code, VST refuses to do so. Despite the denial of VST's motion to dismiss ScanSoft's trade secrets claims, VST has not responded to any of ScanSoft's discovery requests related to those claims. VST's actions are in defiance of its obligations under the Federal Rules of Civil Procedure and the Orders of this Court.

VST apparently intends to continue to build its business on ScanSoft's intellectual property rights while obstructing discovery in this litigation. Thus VST has been moving forward aggressively to introduce to market new voice recognition software products such as the VST software implemented in the recently announced Samsung p207 cell phone. *See* "Voice Signal Wants You to Talk to Your Phone," http://www.voicesignal.com/news/articles/2005-01-06.html (January 6, 2005) (Printout Attached as Exhibit A). In its limited responses to ScanSoft's discovery requests, VST failed to identify its voice recognition software product implemented in this new Samsung phone and has produced no information on that product.[1]

Despite VST's discovery intransigence, ScanSoft has worked to facilitate discovery and move this case along. In addition to providing prompt and full responses to VST's discovery requests, ScanSoft has worked cooperatively with VST in responding to VST's deposition notices. As a result, VST has already taken the depositions of two of the three named inventors of ScanSoft's '966 patent, with the third and final inventor's deposition scheduled and confirmed for February 11, 2005. Although each of the named inventors is a non-party to this case and resides in the Dallas, TX, area, ScanSoft has accepted service of VST's subpoenas on behalf of the inventors and has arranged for each to travel to Boston to be deposed at the offices of VST's counsel. ScanSoft has also worked with VST to respond to VST's 30(b)(6) deposition notice to ScanSoft, and ScanSoft's 30(b)(6) designee will be deposed on February 8, 2005. In other words, as of next week, VST will have taken five depositions with ScanSoft's cooperation, while ScanSoft has been unable to take a single deposition due to VST's blocking tactics.[2]

---

[1] Though VST has agreed to supplement its discovery responses, it has yet to do so.

[2] ScanSoft was able to take the deposition of one VST witness limited to the collateral issue of VST's violation of the Protective Order.

As a result of VST's persistent stonewalling, ScanSoft has been denied critical discovery, including the source code and technical documentation for the infringing product, and has been blocked from taking a single substantive deposition in this case. At this point, with less than a month of fact discovery remaining, even if VST were to reverse course and engage in discovery, ScanSoft would be severely prejudiced. The remaining window of time before fact discovery is scheduled to close does not allow ScanSoft adequate time to conduct the depositions it has already noticed or the additional depositions it will likely require once VST has fully responded to ScanSoft's discovery requests. Moreover, when VST finally complies with its discovery obligations and this Court's Orders and produces its source code and technical documentation, it will take ScanSoft's expert several weeks to conduct a proper analysis of that source code.

## CONCLUSION

For the reasons stated above, ScanSoft requests that the Court schedule a brief status conference to address case management issues, and order the following revisions to the current Scheduling Order:

| Event: | Current Date: | Proposed Date: |
| --- | --- | --- |
| Fact Discovery Deadline (excluding discovery on damages) | February 28, 2005 | May 30, 2005 |
| Initial Expert Reports due (for parties with burden of proof) | March 14, 2005 | June 14, 2005 |
| Rebuttal Expert Reports due | March 29, 2005 | June 29, 2005 |
| Expert Discovery Deadline | April 26, 2005 | July 26, 2005 |
| Summary Judgment and Markman Motion Filing Deadline | May 11, 2005 | August 11, 2005 |
| Opposition to Summary Judgment And Markman Motions | May 27, 2005 | August 27, 2005 |

5

| | | |
|---|---|---|
| Hearing on Markman, Summary Judgment or Pretrial Conference | July 7, 2005 | October 7, 2005 (or as soon thereafter as permitted by the Court's schedule) |

CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that counsel for the parties conferred on February 4, 2004 in an effort to resolve the issues presented in this motion but could not reach agreement.

Dated: February 4, 2005                    SCANSOFT, INC.,

By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
jschecter@bromsun.com

02639/00509 361810.1