UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10353-PBS |

### DEFENDANTS' EMERGENCY MOTION FOR ORDER EXPEDITING RESPONSES TO INTERROGATORIES

Defendant Voice Signal Technologies, Inc. ("VST") submits this emergency motion requesting an Order compelling ScanSoft, Inc. ("ScanSoft") to respond to VST's Second Set of Interrogatories and related document request ("Second Interrogatories") on or before February 11, 2005. Copies of the interrogatories and document request are attached. The Second Interrogatories were served upon ScanSoft on January 28, 2005. They request that ScanSoft identify the trade secrets that it alleges were misappropriated from Lernout & Hauspie Speech Products N.V. in January or February 2001, and which it alleges are being used by VST. Without this fundamental information (which ScanSoft has steadfastly refused to provide) neither the parties nor this Court have any basis to know what, if any, discovery is relevant to plaintiff's trade secret claim and VST will not be able to respond meaningfully to ScanSoft's pending discovery requests. Because the discovery period expires on February 28, 2005, and

because further discovery hinges on plaintiff's responses to the Second Interrogatories, expedited responses should be ordered.

## ARGUMENT

I. **SCANSOFT SHOULD BE COMPELLED TO IDENTIFY ON AN EXPEDITED BASIS THE TRADE SECRETS THAT IT ALLEGES WERE MISAPPROPRIATED.**

The Amended Complaint in this action alleges that, prior to 2001, the Individual Defendants were employed by Lernout & Hauspie N.V. ("L&H"), that they left L&H and joined VST, that they divulged unidentified L&H trade secrets to VST in violation of their obligations to L&H, and that VST is using those unidentified trade secrets. It is undisputed that L&H instituted a Massachusetts state court action against all Defendants (other than Defendant Grabherr) alleging a misappropriation of its (equally unidentified) trade secrets, that L&H's trade secret misappropriation claim was not transferred to ScanSoft, and that L&H's state court action was later dismissed with prejudice.

This action was commenced on February 20, 2004. The original Complaint in this case alleged that ScanSoft is now the owner of certain L&H intellectual property assets. It then repeated the allegations made by L&H in its state court case. The original Complaint alleged (as L&H had alleged in the dismissed state court case) that Defendants "used and disclosed" trade secrets that the Individual Defendants learned at L&H. On April 14, 2004, this Court dismissed ScanSoft's trade secret misappropriation claim on the ground that the factual allegations and legal theories asserted by ScanSoft were identical to those alleged by L&H in its prior state court action.

A month later, ScanSoft filed an Amended Complaint. The Amended Complaint contains precisely the same factual allegations as appear in the original Complaint, to which

2

ScanSoft added only a conclusory, and entirely unsupported, assertion that, "on information and belief," defendants "continue to use and disclose" the (unidentified) trade secrets which they supposedly learned at L&H. Factual support for this bald conclusion is not alleged. The basis for ScanSoft's "belief" is not stated.

On January 26, 2005, the Court, acting on the recommendation of the Magistrate Judge, denied defendants' Motion to Dismiss the Amended Complaint. Two days later, on January 28, VST served the Second Interrogatories which, in substance, require ScanSoft to identify with particularity the trade secrets that it alleges VST is misappropriating.

Discovery in this matter has been proceeding for months. All discovery is to be completed by February, 28, 2005. ScanSoft's failure to identify a particular trade secret that it alleges (a) is owned by ScanSoft, and (b) was misappropriated by a Defendant while that trade secret was owned by ScanSoft, has been a point of contention since the outset of this case. ScanSoft's continuing failure to identify the allegedly-misappropriated trade secrets is powerful evidence that its objective all along has been to survive a motion to dismiss so that it may conduct discovery of VST's trade secrets in the hope that it will find a claim.

A plaintiff may not allege a misappropriation of trade secrets in wholly conclusory terms, and then walk through the defendants' files, which contain confidential and competitively-sensitive materials, in the hope of finding something that the plaintiff may then argue is the trade secret that was referenced all along (but never identified) in the Complaint. *See Xerox Corporation v. International Business Machines Corp.*, 64 F.R.D. 367, 372 (S.D.N.Y. 1974) ("[a]t the very least, a defendant is entitled to know the bases for plaintiff's charges against it. The burden is on the plaintiff to specify those [trade secret] charges, not upon the defendant to guess what they are"); *Microwave Research Corp. v. Sanders Assocs. Inc.*, 110 F.R.D. 669, 670

3

(D. Mass. 1986) (Collings, M.J.) (denying motion to compel discovery of defendant's trade secrets and holding that plaintiff may not obtain discovery of defendant's trade secrets and confidential information "in order to discover whether or not any of the corporate plaintiff's trade secrets have been appropriated and used by the corporate defendant").

An identification of the specific trade secret that was allegedly misappropriated "is necessary to ensure that a plaintiff is not using an unmeritorious lawsuit to discover a competitor's trade secrets." *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super.) (Quinlan, J.). Otherwise, "it would be a simple matter to obtain one's trade secret by the mere assertion of a claim. The end result of disclosure, where ultimately it develops that the asserted claim is without substance, may be so destructive of the interest of the prevailing party that more is required than mere allegation to warrant pretrial disclosure." *Microwave Research Corp.* 110 F.R.D. at 670 (quoting *Ray v. Allied Chemical Corp.*, 34 F.R.D. 456, 457 (S.D.N.Y. 1964)).

As a result, Massachusetts courts require that a trade secret plaintiff identify, with specificity, the trade secrets that it claims were misappropriated "before any discovery may be had on those claims." *L-3 Communications Corp. v. Reveal Imaging Technologies*, 2004 WL 2915743 *13 (Mass. Super.)(van Gestel, J.) ("Both for the defendants to respond to the charges against them, and for the Court to make appropriate findings and rulings in this case, there must be a clear designation that distinguishes unique or proprietary materials from the vast body of [information alluded to in the Amended Complaint], and apprises a person what trade secrets . . . the plaintiff claims are to be found in [defendant's product]") quoting *Staffbridge, Inc. v. Gary D. Nelson Associates, Inc.*, Suffolk Sup. Ct. No. 02-4912 BLS; *Cambridge Internet Solutions v. The Avicon Group*, 1999 WL 959673 *2 (Mass. Super.).

To date, ScanSoft has been unwilling to identify anything that was and remains a commercially-valuable secret and was misappropriated by a defendant at a time when that secret was owned by ScanSoft. As a result, ScanSoft has neither demonstrated that there is a basis for a trade secret claim nor provided the information necessary to determine what discovery is relevant to any such claim. That is the information sought by the Second Interrogatories. Unless and until ScanSoft identifies in detail the specific trade secrets it alleges were misappropriated, "neither the court nor the parties can know, with any degree of certainty, whether discovery [into VST's trade secrets] is relevant or not". *See Xerox Corporation v. International Business Machines Corp.*, 64 F.R.D. 367, 372 (S.D.N.Y. 1974). The sooner that identification (or ScanSoft's inability to make an identification) is disclosed, the sooner the parties can determine what information is relevant, and engage in meaningful and productive discovery.

**CONCLUSION**

For the foregoing reasons, the Court should Order that ScanSoft be compelled to respond to the Second Interrogatories on or before February 11, 2005.

> Respectfully submitted,
>
> LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.
>
> By their attorneys,
>
> /s/ Paul D. Popeo
> Robert S. Frank, Jr. (BBO No. 177240)
> Sarah Chapin Columbia (BBO No. 550155)
> Paul D. Popeo (BBO No. 567727)
> Paul E. Bonanno (BBO No. 646838)
> CHOATE, HALL & STEWART LLP
> Exchange Place
> 53 State Street
> Boston, MA  02109
> (617) 248-5000

Dated:  February 4, 2005

**Certification Pursuant to Local Rule 7.1.**

I, Paul D. Popeo, counsel for Voice Signal Technologies, Inc., hereby certify that I conferred with counsel for ScanSoft, Inc., and that we were not able to reach resolution on the issues raised in this motion.

> /s/ Paul D. Popeo

3799811v1