UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C.A. No. 04-10353-PBS |

**VOICE SIGNAL TECHNOLOGIES, INC.'S
SECOND SET OF INTERROGATORIES TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of the District of Massachusetts, defendant and counter-claim plaintiff Voice Signal Technologies, Inc. ("VST") requests that plaintiff and counter-claim defendant ScanSoft, Inc. ("ScanSoft") answer within thirty (30) days of service the following Interrogatories.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below.

1. "And" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the Interrogatories all responses that might otherwise be construed to be outside their scope, and to give each Interrogatory its broadest possible meaning.

2. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3. "Concerning" means regarding, mentioning, referring to, relating to, describing, memorializing, evidencing, commenting on, constituting or containing.

4. "Document," in the plural as well as in the singular, shall be construed in the broadest sense permissible under Federal Rule of Civil Procedure 34, and means all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to you or within your possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

5. "Identify" when used with respect to a document, as defined herein, means to state the type of document, the general subject matter of the document, the date of the document, and the author, addressee, recipient and current custodian and location of the document.

6. "Identify" when used with respect to a person, as defined herein, means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.

7. "ScanSoft," "you," and "your" shall mean ScanSoft, Inc. and any and all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

8. "VST" shall mean Voice Signal Technologies, Inc. and any and all of its predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

## INSTRUCTIONS

1.  In answering the following Interrogatories, furnish all available information, including information in the possession, custody, or control of any of your attorneys, directors, officers, agents, employees, representatives, associates, investigators, divisions, affiliates, partnerships, parents, subsidiaries, and persons under your control. If you cannot fully respond to any Interrogatory after exercising due diligence to secure the information requested thereby, so state, and specify the portion of the Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely, and state what knowledge, information or belief you have concerning the unanswered portion of the Interrogatory.

2.  If any information requested is claimed to be privileged, please provide all information falling within the scope of the Interrogatory that is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel.

3.  If your response to any Interrogatory is a statement that you lack the ability to comply with the Interrogatory, specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been or is no longer in your possession, custody, or control, in which case identify the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information.

4.  If, in answering any Interrogatory, you claim there is any ambiguity in the Interrogatory or an applicable definition or instruction, you shall not use such claim as a basis for

3

refusing to respond, but shall state in your response the language you deem ambiguous and the interpretation used in responding to the Interrogatory.

5. Your obligation to respond to these Interrogatories is continuing and your responses must be supplemented to include subsequently acquired information.

## INTERROGATORIES

Interrogatory No. 1:

Identify with particularity each trade secret that ScanSoft alleges defendants Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr used and disclosed for the benefit of VST. For each such trade secret, state the subject matter, content, function, method of operation, creator(s), and date of conception of the trade secret, and identify all documents that describe, embody, constitute, or contain the trade secret.

Interrogatory No 2:

Excluding the trade secret(s) identified in response to Interrogatory No. 1, identify with particularity any confidential and proprietary information that ScanSoft alleges defendants Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr used and disclosed for the benefit of VST. For any item of confidential and proprietary information identified, state the subject matter, content, function, method of operation, creator(s), and date of conception of the confidential and proprietary information, and identify all documents that describe, embody, constitute, or contain the confidential and proprietary information.

Interrogatory No. 3:

Identify each ScanSoft product that implements, embodies, contains, or employs the trade secret(s) or confidential and proprietary information identified in response to Interrogatory Nos. 1 and 2, or, if no such products exist, state how ScanSoft uses the trade secret(s) and confidential and proprietary information.

Interrogatory No. 4:

Identify the steps taken by Lernout & Hauspie Speech Products N.V. to protect from disclosure the trade secret(s) and confidential and proprietary information identified in response to Interrogatory Nos. 1 and 2.

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

_____
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place, 53 State Street
Boston, MA 02109
(617) 248-5000

Dated: January 28, 2005
3793381_2.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON

DATE 1/28/05  SIGNATURE _____

5