UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| Defendants. | ) |

**VOICE SIGNAL TECHNOLOGIES, INC.'S SECOND
DOCUMENT REQUEST TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules of the District of Massachusetts, defendant and counter-claim plaintiff Voice Signal Technologies, Inc. ("VST") hereby requests that plaintiff and counter-claim defendant ScanSoft, Inc. ("ScanSoft") make the following documents and things available for inspection and copying at the offices of Choate, Hall & Stewart, 53 State Street, Boston, Massachusetts 02109 within (30) days of service of this Second Document Request to Plaintiff.

**DEFINITIONS**

As used herein, the following terms shall have the meanings set forth below.

1. The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

2. The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3. "VST" shall mean Voice Signal Technologies, Inc. and any and all predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

4. "ScanSoft," "you," and "your" shall mean ScanSoft, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

5. "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to ScanSoft or within ScanSoft's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

## INSTRUCTIONS

1. This document request requires the production of documents in the possession, custody or control of ScanSoft, as defined above, and not merely ScanSoft, Inc.

2. This document request shall be deemed continuing, and ScanSoft is required to supplement its response with documents or things requested herein that presently are unavailable or unknown to ScanSoft, but which later become available or known to ScanSoft.

3. As to documents or portions of documents responsive to these requests for which ScanSoft asserts a privilege or which ScanSoft asserts are otherwise not subject to production, please identify each withheld document, stating with respect to each such document:

(a) the date of the document;

(b) the title of the document;

(c) the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

(d) the name, employer and title of the author(s) of the document;

(e) the name, employer and title of each person to whom the document was addressed and each person who was to receive or who actually did receive the document or a copy thereof;

(f) the subject matter of the document;

(g) the identity of each person having possession, custody or control of the document; and

(h) the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production with respect to the document.

4. The responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests. If there are no documents or things responsive to a specific request, ScanSoft shall so state in writing in its response.

5. This document request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

6. This document request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in either ScanSoft's business files or in the personal files of its officers, directors, agents or

3

employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

## DOCUMENT REQUEST

Request No. 1

All documents identified in ScanSoft's responses to VST's Second Set of Interrogatories to Plaintiff.

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

/s/ Paul Bonanno

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place, 53 State Street
Boston, MA 02109
(617) 248-5000

Dated: January 28, 2005
3793770_1.DOC

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/~~HAND~~ ON

DATE 1/28/05  SIGNATURE /s/ Paul Bonanno

4