UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## VOICE SIGNAL TECHNOLOGIES' REPLY-MOTION TO CLARIFY THE COURT'S ORDER REGARDING SOURCE CODE

This memorandum is filed in reply to ScanSoft's Response to Defendants' Opposition To Defendants' Motion To Clarify Scope of Discovery Order. ScanSoft argues that it should be permitted to examine all parts of the source code for VST's VSuite product, whether or not particular parts are relevant to the asserted claims of ScanSoft's U.S. Patent No. 6,501,699 (the "'699 patent"). ScanSoft's arguments are without merit.

**1.    Patent-Related Discovery**. ScanSoft alleges that claims 1-6 of the '699 patent are infringed. The asserted claims refer to a speech recognition method for a mobile telecommunications system that includes four defined steps (*e.g.,* "receiving a command from a mobile telecommunications user"). The instant motion asks the Court to clarify a prior discovery order so that the defendants are required to produce the source code sufficient to allow the plaintiff to determine whether the claimed steps are performed (*e.g.,* whether VST's source code

causes VST's product to "receive a command"), but the defendants are not required to produce source code that relates to other, wholly-separate functions that have nothing to do with the asserted claims of the '699 patent (*e.g.*, source code that synthesizes speech).

The plaintiff asserts the conclusion that the "entire VST source code is relevant" (Opposition, p. 3), but it never states any reason for that conclusion. The plaintiff argues (Opposition, pp. 3-4) that the source code that implements the claimed steps should be produced. However, that contention does explain why *other* source code should be produced. VST has represented that its user interface source code is the software that will allow the plaintiff to determine whether the accused product performs the steps claimed in the '699 patent. The plaintiff asserts that this representation is "without merit" (Opposition, p. 4), but the plaintiff does not cite any evidence, or state any ground, for its contention.

In sum, there is no reason -- and plaintiff has stated no reason -- why VST should be compelled to produce highly proprietary source code that is irrelevant to plaintiff's patent claims. VST asks that the outstanding discovery order be clarified (1) to require VST to produce source code for VSuite -- the accused product -- sufficient to allow the plaintiff to determine whether the steps recited in the asserted claims of the '699 patent are, in fact, performed; and (2) to confirm that other, unrelated source code need not be produced.

    **2.** **<u>Trade Secret Discovery</u>**. Plaintiff argues that otherwise irrelevant source code should be produced because the plaintiff might find in that source code "algorithms" or "strategies" that plaintiff will then allege are misappropriated trade secrets. The response to this contention is straightforward. First, the Court has not made any determination with respect to the scope of permissible discovery regarding plaintiff's trade secret claim. Second, Massachusetts law is clear that before a plaintiff may conduct discovery of a defendant's trade

secrets, the plaintiff must first identify, with particularity, the trade secret or secrets that it alleges were misappropriated by the defendants. *L-3 Communications v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 *13 (Mass. Super.)(van Gestel, J.); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 *2 (Mass. Super.)(Quinlan, J.); *Microwave Research Corp. v. Sanders Associates, Inc.*, 110 F.R.D. 669 (D. Mass. 1986)(Collings, M.J.)  *See* Defendants' Emergency Motion for Order Expediting Responses to Interrogatories, filed February 4, 2005. The plaintiffs have consistently refused to identify the particular trade secrets that they allege are the subject of their claim.  Therefore, they are not presently entitled to any trade secret-related discovery.  The plaintiffs are not entitled to rummage around in VST's confidential materials in the hope that they will find something that they can later claim to be a misappropriated trade secret.

VST's Motion to Clarify should be allowed.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul D. Popeo
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  February 4, 2005
3805097_1.DOC