UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., </br></br> Plaintiff, </br></br> v. </br></br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, </br></br> Defendants. | C.A. No. 04-10353-PBS |

## AMENDED ANSWER AND COUNTERCLAIM

Defendants Voice Signal Technologies, Inc. ("VST"), Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr (the "Individual Defendants" and, with VST, the "Defendants") hereby answer the Amended Complaint of Plaintiff ScanSoft, Inc. ("ScanSoft") as follows:

### The Parties

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## Jurisdiction and Venue

7. Paragraph 7 contains legal conclusions to which no response is required.

8. Paragraph 8 contains legal conclusions to which no response is required.

## The Patent Infringed

9. Defendants deny that U.S. Patent No. 6,501,966 (the "'966 Patent") was duly and legally issued. Defendants refer to the '966 patent for the contents thereof.

10. Defendants are without knowledge or information concerning the nature of ScanSoft's rights, if any, relating to the '966 patent. Defendants admit that a copy of the '966 patent is attached to the Amended Complaint.

11. Denied.

## The Defendants' Trade Secret Violations and Acts of Unfair Competition

A. The Business of L&H

12. Defendants deny the allegations of paragraph 12, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and that Defendants admit generally that Lernout & Hauspie Speech Products N.V. ("L&H") was in the business of research, application, and development of speech and language technologies.

13. Defendants deny the allegations in paragraph 13, and state that, on information and belief, L&H Holdings USA, Inc. ("L&H Holdings") acquired certain assets of Dragon Systems, Inc. ("Dragon").

B. The Business of ScanSoft

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Defendants admit that ScanSoft has acquired certain speech and voice recognition technologies from Dragon, L&H, and SpeechWorks. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

C.   ScanSoft Acquires L&H Speech Recognition Technologies

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, except Defendants admit that L&H filed bankruptcy.

19. Defendants deny the allegations of paragraph 19, and deny that ScanSoft purchased from L&H any claims or causes of action L&H may have had against Defendants. Defendants refer to the purchase agreement between ScanSoft and L&H for the contents thereof.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

D.   Voice Signal Competes With ScanSoft

22. Defendants deny the allegations of paragraph 22, except they admit that VST, among other activities, develops speech recognition technologies for the recognition, synthesis and representation of human speech and markets products based upon those technologies.

23. Defendants deny the allegations of paragraph 23, except they admit that VST is a developer of speech solutions for use in mobile devices, and they refer to the document cited in paragraph 23 for the content thereof.

E. The Scientists

24. Defendants deny the allegations of paragraph 24, and state that the Individual Defendants were employed by L&H Holdings after it acquired Dragon in June 2000.

25. Defendants deny the allegations of paragraph 25, except Defendants admit that after the acquisition of Dragon by L&H Holdings, Gillick held the title of Vice President and that in that position he supervised certain research being done at the former Dragon facility in Newton, Massachusetts. Defendants further admit that after the acquisition of Dragon by L&H Holdings, Roth held the title of Chief Researcher and that his responsibilities generally included research aimed at downsizing Dragon's large platform speech recognition technology. Defendants further admit that after the acquisition of Dragon by L&H Holdings, Yamron first held the title Technical Lead for Language Modeling, then held the title Co-Technical Lead for Language Modeling, and that his responsibilities generally included overseeing research in the area of statistical language modeling. Defendants further admit that Grabherr generally worked on downsizing speech recognition technology. Defendants state that during their employment with L&H Holdings and/or Dragon, no Defendant worked on any project that involved a speech recognition device for use in a mobile telecommunications device, or any other device that had the limited computing capacity of a mobile telecommunications device.

26. Defendants deny the obligations of paragraph 26, except they state that the Individual Defendants' employment obligations, if any, are affected by purported employment agreements between the Individual Defendants and L&H Holdings and/or Dragon. The Defendants state that those agreements speak for themselves.

27. Defendants deny the allegations of paragraph 27, except Defendants admit that during the course of the Individual Defendants' employment by L&H Holdings, each had access to certain information, some of which may, at that time, have been considered by L&H Holdings to be confidential or proprietary, and that each had access to information disclosed in patent applications.

28. Defendants deny the allegations of paragraph 28, except Defendants admit that during the course of the Individual Defendants' employment by L&H Holdings, each had access to certain information, some of which may, at that time, have been considered by L&H Holdings to be confidential or proprietary, and that each had access to information disclosed in patent applications. Defendants further respond that while employed by L&H Holdings, Roth worked on the so-called "Manhattan" project, and Grabherr worked on the so-called "Phoenix" project, and state that, during their employment with L&H Holdings and/or Dragon, no Defendant worked on any project that involved a speech recognition device for use in a mobile telecommunications device, or any other device that had the limited computing capacity of a mobile telecommunications device.

29. Defendants admit that the Individual Defendants voluntarily left L&H Holdings on or before early 2001.

F.   The Defendants' Unauthorized Use Of Trade Secrets

30. Defendants deny the allegations of paragraph 30, except they admit that VST issued a press release concerning ELVIS on or about September 6, 2001. Defendants refer to the press release for the contents thereof.

31. Denied.

32. Denied.

G.    L&H Files Suit Against VST And The Scientists

33.    Defendants deny the allegations of paragraph 33, except they admit that L&H commenced a legal action on or about September 2001, and further state that that action was dismissed with prejudice. Defendants refer to the court record for the contents thereof.

34.    Defendants deny the allegations of paragraph 34, and state that ScanSoft did not purchase from L&H any claims or causes of action L&H may have had against the Defendants. Defendants refer to the purchase agreement between ScanSoft and L&H for the contents thereof. Defendants further state that they are without information concerning ScanSoft's purported participation with L&H in the prosecution of the referenced litigation.

35.    Defendants deny the allegations of paragraph 35, except they admit that the referenced litigation was settled, and dismissed with prejudice, and further admit that ScanSoft was not a party to the litigation.

H.    ScanSoft Has Enforceable Rights In The Intellectual Property It Purchased From L&H

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.    Denied.

40.    Denied.

## COUNT I
### Infringement of the '966 Patent (against VST)

41.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-40 of the Complaint.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

## COUNT II
### Misappropriation of Trade Secrets and Confidential and Proprietary Information (against all Defendants)

46.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-45 of the Complaint.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT III
### Unfair Competition (against VST)

52.-54.     Count III was dismissed by Order of the Court on January 26, 2005.

## COUNT IV
### Unfair Competition (against the Individual Defendants)

55.-57.     Count IV was dismissed by Order of the Court on January 26, 2005.

## COUNT V
**Violation of M.G.L. c. 93A (against VST)**

58.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-57 of the Complaint.

59.     Denied.

60.     Denied.

### FIRST AFFIRMATIVE DEFENSE

VST has neither infringed nor induced the infringement of the '966 patent.

### SECOND AFFIRMATIVE DEFENSE

The '966 patent is invalid for failure to meet the conditions for patentability of 35 U.S.C. § 1, et seq.

### THIRD AFFIRMATIVE DEFENSE

ScanSoft's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

ScanSoft's claims are barred by the doctrine of estoppel or the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

ScanSoft's claims are barred by the doctrine of res judicata.

### SIXTH AFFIRMATIVE DEFENSE

ScanSoft has failed to state a claim upon which relief can be granted.

### COUNTERCLAIM – COUNT I
**Declaratory Judgment of Invalidity of U.S. Patent No. 6,501,966**

1.     Counterclaim Plaintiff Voice Signal Technologies, Inc. ("VST") is a Delaware corporation. Its principal place of business is located at 150 Presidential Way, Woburn, Massachusetts.

2. Counterclaim Defendant ScanSoft, Inc. ("ScanSoft") alleges that it is a Delaware corporation. Its principal place of business is located at 9 Centennial Drive, Peabody, Massachusetts.

3. This counterclaim is for a declaratory judgment that VST has neither infringed, nor induced or contributed to the infringement of U.S. Patent No. 6,501,966 (the "'966 patent"), and that the '966 patent is invalid.

4. This counterclaim arises under the patent laws of the United States, 35 U.S.C., § 1, et seq., and 28 U.S.C. § 1338(a), 2201 and 2202. An actual controversy exists between VST and ScanSoft as to infringement and validity of the '966 patent.

5. ScanSoft has alleged in this action that VST has infringed, and has induced or contributed to the infringement of, the '966 patent. VST has not, in fact, infringed, or induced or contributed to the infringement of, any claim of the '966 patent.

6. VST has not infringed, and has not induced or contributed to the infringement of, the '966 patent. Therefore, an actual controversy exists between the parties.

7. The claims of the '966 patent are invalid because they fail to meet the conditions for patentability set forth in 35 U.S.C. § 1, et seq.

8. VST is entitled to a declaratory judgment that it has not infringed, or induced or contributed to the infringement of, the '966 patent, and that the '966 patent is invalid.

### COUNTERCLAIM – COUNT II
**Infringement of United States Patent No. 6,594,630**

9. VST repeats and incorporates by reference the allegations contained in paragraphs 1 and 8 of this Counterclaim.

10. VST is the owner by assignment of United States Patent No. 6,594,630 (the "'630 patent") entitled "Voice-Activated Control for Electrical Device" which the United States Patent

and Trademark Office duly and legally issued on July 15, 2003. A copy of the '630 patent is attached.

11.     Counterclaim Defendant ScanSoft has committed and continues to commit acts of infringement of the '630 patent and has induced others to infringe the '630 patent and has contributed to the infringement by others of the '630 patent.

12.     Upon information and belief, the Counterclaim Defendant's infringement of the '630 patent has been and continues to be willful and deliberate.

13.     As a result of the conduct alleged above, VST has suffered substantial damages and will continue to suffer irreparable harm unless ScanSoft's wrongful conduct is enjoined by this Court.

## PRAYER FOR RELIEF

14.     That the Court enter judgment for Defendants on Counts I, II, and V of the Amended Complaint.

15.     That under Count I of the Counterclaim, the Court:

(a)     Declares that VST has not infringed, or induced or contributed to the infringement of, any claim of the '966 patent;

(b)     Declares that the '966 patent is invalid;

(c)     Awards VST its costs, including reasonable attorneys' fees in connection with the defense of this action and the prosecution of this Counterclaim; and

(d)     Grants VST such other and further relief as the Court deems just in the circumstances.

16.     That under Count II of the Counterclaim, the Court:

(a)     Enters a preliminary and permanent injunction enjoining ScanSoft and its affiliates, subsidiaries, officers, directors, employees, agents,

representatives, licensees, successors, assigns, and all those acting for them or on their behalf, or acting in concert with them, from infringing, inducing others to infringe, or contributing to the infringement of, the '630 patent;

  (b) Enters judgment that ScanSoft has infringed the '630 patent;

  (c) Awards VST compensatory damages plus interest and costs;

  (d) Awards VST treble damages for ScanSoft's willful infringement of the '630 patent;

  (e) Awards VST its reasonable attorneys' fees under 35 U.S.C. § 285; and

  (f) Awards such other relief as the Court deems just in the circumstances.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38, VST respectfully demands a trial by jury on all issues that are properly triable to a jury in this action.

        Respectfully submitted,

        VOICE SIGNAL TECHNOLOGIES, INC.,
        LAURENCE S. GILLICK, ROBERT S. ROTH,
        JONATHAN P. YAMRON, MANFRED G.
        GRABHERR,

        By their attorneys,


        /s/ Paul D. Popeo
        Robert S. Frank, Jr. (BBO No. 177240)
        Sarah Chapin Columbia (BBO No. 550155)
        Paul D. Popeo (BBO No. 567727)
        Paul E. Bonanno (BBO No. 646838)
        Wendy S. Plotkin (BBO No. 647716)
        CHOATE, HALL & STEWART
        Exchange Place
        53 State Street
        Boston, MA  02109
        (617) 248-5000

Dated:  February 9, 2005
3813938_1.DOC