UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR ORDER EXPEDITING RESPONSES TO INTERROGATORIES**

Plaintiff ScanSoft, Inc. ("ScanSoft") hereby opposes the emergency motion of defendant Voice Signal Technologies, Inc. and the individual defendants (collectively, "VST") to compel expedited responses to further discovery requests served less than two weeks ago by VST.

Any "emergency" is one of VST's own making, VST has blocked discovery in at every turn. VST has refused to provide *any* discovery on ScanSoft's trade secrets claims, just as it refused to comply with its discovery obligations in the earlier Superior Court action brought by Lernout & Hauspie N.V.("L&H") and in which ScanSoft attempted to intervene. In other words, VST and the named defendants have never disclosed a single document or interrogatory response related to the trade secrets claims since they misappropriated them. Because ScanSoft has already identified the trade secrets it alleges VST is continuing to misappropriate, and because VST's own delaying tactics have frittered away the time for fact discovery in this case, ScanSoft should not be compelled to respond to VST's new discovery requests on an expedited basis.

Rather, ScanSoft respectfully requests that VST be ordered to immediately comply with its long overdue discovery obligations under the Federal Rules of Civil Procedure and the Orders of this Court and produce the trade secrets discovery sought by ScanSoft.

## ARGUMENT

I.  **TWELVE MONTHS AGO, SCANSOFT IDENTIFIED THE TRADE SECRETS AT ISSUE IN THIS LITIGATION**

At the outset of this litigation, ScanSoft provided a specific list of the trade secrets it alleges are subject to VST's ongoing misappropriation. As set forth in ScanSoft's Amended Complaint, those trade secrets include, *inter alia*, ASR algorithms, small platform optimization strategies, and strategies for selecting active ASR vocabularies for applications (¶27). These trade secrets were utilized and developed in a number of confidential projects designed to downsize large platform dictation systems onto smaller platforms (¶28). The Individual Defendants supervised or participated in these research efforts at Lernout & Hauspie, including the "NAK" project, the "Manhattan" project, and the "Phoenix" project, all of which were identified by name in ScanSoft's Amended Complaint (¶28). The trade secrets at issue here are not "unidentified" as VST incorrectly states.

VST has long had all the information it needs to respond to ScanSoft's discovery requests. Moreover, ScanSoft alleges that VST stole the same trade secrets that L&H identified so the reality is that VST has been aware of the identification of those trade secrets since 2000 when L&H filed its trade secrets claim in the Massachusetts Superior Court. For five years, VST has had knowledge – and time – to cover its tracks. For <u>five years</u> VST has refused to comply with its discovery obligations and has refused to produce <u>any</u> evidence related to defendants'

2

trade secrets misappropriation. It cannot, in good faith, argue it needs more information to understand the identity of ScanSoft's trade secrets.

The discovery of evidence related to trade secrets claims is required in order to permit adjudication of the case on the merits, based upon the particular facts. *See e.g. Ray v. Allied Chem. Corp.*, 34 F.R.D. 456, 457 (S.D.N.Y. 1964). Here, ScanSoft's requests are narrowly tailored to those trade secrets found in VST's speech recognition products. These requests cast no broad net but instead are narrowly tailored to elicit only trade secret information found in VST's speech recognition software products. *See The Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 359 (E.D.Ca. 1993) (compelling discovery of trade secret information from defendant where the alleged misappropriation was already narrowly defined as that information pertaining to a singular product which may have been taken by defendant during her prior employment with plaintiff and misapplied to the development of defendants' own product); *cf. Xerox Corp. v. International Business Machines Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) (discovery requests seeking documents only some of which trade secret plaintiff considered to be trade secrets or misappropriated confidential information); *Microwave Research Corp. v. Sanders Assoc.*, 110 F.R.D. 669, 671 (D. Mass. 1986) (discovery requests seeking broad range of products either in production or under development). VST's reliance on the *Xerox* and *Microwave Research* cases is misplaced as these cases involved excessively broad discovery requests by a trade secret plaintiff that swept in numerous products and information neither alleged to constitute trade secrets nor alleged to have been misappropriated.

Here, as in *Upjohn*, ScanSoft has already narrowly defined VST's alleged misappropriation to those trade secrets, including, *inter alia,* ASR algorithms, how voice recognition algorithms function, statistical language modeling, and data collection methods and

3

strategies, all of which are contained in VST's source code and related documentation for the voice recognition products. In addition, a protective order is in place in this case which limits access to information designated "Highly Confidential" to attorneys' eyes only. *Upjohn*, 151 F.R.D. at 360 ("In balancing the need for disclosure against the harm that could ensue from disclosure, the court is able to accommodate both considerations by the issuance of a protective order."). VST's refusal to comply with its discovery obligations and with the Orders of this Court furthers its long term strategy to avoid producing evidence that will permit adjudication of this case on the merits, evidence which ScanSoft is entitled to in this case.

## II. VST'S RESPONSES TO SCANSOFT'S DISCOVERY ON ITS TRADE SECRETS CLAIM ARE EIGHT MONTHS OVERDUE AND SHOULD HAVE BEEN PRODUCED LONG AGO.

ScanSoft served trade secret discovery requests on VST in May 2004. To date, Defendants have refused to answer *any* of those requests. First, defendants based their refusal to comply with their discovery obligations on the assertion, contrary to law, that the pending motion to dismiss the trade secrets claim precluded discovery on the claim. Now, after the Court has denied the motion to dismiss the trade secrets claim, defendants have formulated another, unlawful excuse for their defiance of the Federal Rules and the Orders of this Court.

A party resisting discovery requests, may not refuse to respond to narrowly tailored discovery requests. *See* 110 F.R.D. at 674 ("defendant in the instant case does not oppose production of those documents…related to the only two components that directly competed…during the period material to the complaint."). Both the *Microwave* and *Xerox* Courts have held that after first obtaining extensive discovery, the trade secret plaintiff should be able to identify in detail the trade secrets and confidential information alleged to have been

4

misappropriated. *See id.*; *see* 64 F.R.D. at 371. Here, VST has thwarted *any* discovery on the trade secrets, let alone extensive discovery.

Despite ScanSoft's repeated attempts to press defendants for discovery, VST's response has been to delay, obstruct and stonewall. The defendants' strategy to conceal information relevant to the trade secrets claim from the plaintiff – and from this Court – and thereby to prevent adjudication of this case on the relevant facts, is transparent. Defendants have willfully disregarded this Court's Orders on discovery and the requirements of the Federal Rules in hiding the trade secrets evidence. Defendants should be required to answer ScanSoft's discovery requests without further delay.

## Conclusion

For the foregoing reasons, ScanSoft respectfully requests that this Court deny VST's Emergency Motion for Order Expediting Responses to Interrogatories and order VST to respond to ScanSoft's trade secret discovery requests forthwith.

Dated:  February 10, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Lisa M. Fleming
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 363120.1