UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
COMPELLING IDENTIFICATION OF TRADE SECRETS**

Defendant Voice Signal Technologies, Inc. ("VST") hereby moves for a protective order precluding discovery by plaintiff ScanSoft, Inc. ("ScanSoft") of VST's confidential information in alleged support of ScanSoft's trade secret misappropriation claims unless and until ScanSoft identifies the particular information or techniques that it alleges (a) were maintained as trade secrets by (its predecessor-in-interest) Lernout & Hauspie, (b) remain trade secrets, (c) are owned by ScanSoft, and (d) were misappropriated by the defendants at a time when they were owned by ScanSoft.

**GROUNDS FOR THIS MOTION**

The Individual Defendants were, at one time, employed by Lernout & Hauspie N.V. ("L&H"). They, and thousands of other employees, left L&H after it became engulfed in scandal

in 2000. Three of the Individual Defendants joined VST in January and February 2001. The fourth, Manfred Grabherr, left earlier and joined VST from an unrelated third-party firm.

This action was commenced on February 20, 2004. The Complaint and Amended Complaint allege that in December 2001, ScanSoft acquired certain business assets from the L&H bankruptcy estate. The Amended Complaint further alleges that the individual defendants misappropriated trade secrets that ScanSoft acquired from L&H. They do not identify the alleged trade secrets. In the nearly thirteen months that this case has been pending, ScanSoft has consistently declined to provide such identification. Instead, ScanSoft asserts that it should be allowed plenary access to VST's most confidential information -- its source code, development documents and similar materials -- relating to every one of VST's products before ScanSoft describes with particularity the trade secrets that are the subject of the allegations of the Amended Complaint.

ScanSoft is not entitled to conduct discovery in search of a claim. A particularized description of the allegedly misappropriated trade secrets should be required, so that (1) it may be determined whether the alleged secrets are actually secrets (or whether they are in the public domain); and (2) discovery may be rationally tailored to the claim alleged in the Amended Complaint.

## ARGUMENT

**I.  SCANSOFT SHOULD BE COMPELLED TO IDENTIFY THE TRADE SECRETS THAT IT ALLEGES WERE MISAPPROPRIATED BEFORE IT IS ALLOWED ACCESS TO VST'S MOST COMPETITIVELY SENSITIVE MATERIALS.**

The Amended Complaint alleges that, prior to 2001, defendants Gillick, Roth, Grabher and Yamron were employed by Dragon, that Dragon was acquired by L&H, that Gillick, Roth and Yamron left L&H, joined VST, and divulged (unidentified) trade secrets to VST, and that

2

VST is using those (unidentified) trade secrets. It is undisputed that L&H instituted a Massachusetts state court action against VST, Gillick, Roth and Yamron alleging misappropriation of (equally unidentified) trade secrets, that L&H's trade secret misappropriation claim was not transferred to ScanSoft, and that L&H's state court action was thereafter dismissed with prejudice.

The original Complaint in this case alleged that ScanSoft is now the owner of certain L&H intellectual property assets. It then repeated the allegations made by L&H in L&H's prior state court action. On April 14, 2004, this Court dismissed ScanSoft's trade secret misappropriation claim because the factual allegations and legal theories asserted by ScanSoft were identical, *in haec verba,* to those alleged by L&H in its prior state court action.

A month later, ScanSoft filed an Amended Complaint. The Amended Complaint contains precisely the same factual allegations as the original Complaint, plus a conclusory, and entirely unsupported, assertion that, "on information and belief," defendants "continue to use and disclose" the (still unidentified) trade secrets. Factual support for this bald conclusion is not alleged; and the basis for ScanSoft's "belief" is not stated.

On January 26, 2005, the Court, acting on the recommendation of the Magistrate Judge, denied defendants' Motion to Dismiss the trade secret claims in ScanSoft's Amended Complaint. Two days later, on January 28, 2005, VST served its Second Set of Interrogatories and a related document request (the "Second Interrogatories") which, in substance, required ScanSoft to state in detail the trade secrets that it alleges VST has misappropriated. Shortly thereafter, and in recognition of the fact that the discovery deadline in this case was approaching, VST filed an Emergency Motion for Order Expediting Responses to Interrogatories. ScanSoft opposed the

Motion, which has since been denied as moot.[1]  To date, ScanSoft has not provided a description of anything that is (a) a trade secret, (b) owned by ScanSoft, (c) allegedly misappropriated by VST.

ScanSoft's continuing failure to identify the allegedly misappropriated trade secrets is powerful evidence that its objective from the beginning was to survive a motion to dismiss so that it may obtain access to VST's confidential information in the hope that it will find a claim. That is an impermissible use of discovery.  *See, e.g., Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 363 (1978); *MacKnight v. Leonard Morse Hosp.,* 828 F.2d 48, 52 (1st Cir. 1987) ("discovery cannot be used as a vehicle for discovering a right of action")(quoting Moore's *Federal Practice*, ¶26.56[1] at 26-95 n.3); *Micro Motion, Inc. v. Kane Steel, Co., Inc.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery,* not to find out if it has any basis for a claim").

VST's request that ScanSoft define the allegedly-misappropriated trade secrets places no burden on ScanSoft.  Assuming good faith, ScanSoft knows exactly what it believes the defendants misappropriated.  An identification of the alleged trade secrets will define the issues for the Court and the parties in the same way that patent claims define the issues in a patent case.

Decisions in this District and in Massachusetts state courts establish that a plaintiff must provide a detailed and specific identification of the trade secrets that it alleges have been misappropriated before the plaintiff may initiate discovery of the defendants' trade secrets.  *See, e.g, Microwave Research Corp. v. Sanders Assocs. Inc.*, 110 F.R.D. 669, 670 (D. Mass. 1986)

---

[1] On February 15, 2005 the Magistrate Judge recommended a three month extension of the discovery deadlines in response to the parties' joint motion.  She then denied VST's Emergency Motion as moot.

(Collings, M.J.); *L-3 Communications Corp. v. Reveal Imaging Tech. Inc*. As Judge van Gestel explained in *L-3 Communications*:

> Both for the defendants to respond to the charges against them, and for the Court to make appropriate findings and rulings in this case, there must be a clear designation that distinguishes unique or proprietary materials from the vast body of [information alluded to in the Amended Complaint], and apprises a person what trade secrets . . . the plaintiff claims are to be found in [defendant's product].

2004 WL 2915743 *13 (Mass. Super.) (Van Gestel, J.) (quoting *Staffbridge, Inc. v. Gary D. Nelson Associates, Inc.,* Suffolk Sup. Ct. No. 02-4912 BLS); *see also Cambridge Internet Solutions v. The Avicon Group*, 1999 WL 959673 *2 (Mass. Super.). This disclosure must occur "before any discovery may be had on those claims." *L-3 Communications Corp.*, 2004 WL 2915743 *13.

An identification of the alleged trade secrets is necessary, *inter alia*, so that the Court may determine whether particular discovery efforts are, or are not, reasonably related to the claim alleged by the plaintiff. *Xerox Corporation v. International Business Machines Corp.*, 64 F.R.D. 367, 372 (S.D.N.Y. 1974)(Unless trade secrets are stated with specificity, "neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not").

A plaintiff may not allege a misappropriation of trade secrets in general and conclusory terms, and then walk through the defendants' files in the hope that it will find something that the plaintiff may then argue is the trade secret that was referenced all along (but never identified) in the Complaint. *See Xerox Corporation v. International Business Machines Corp.*, 64 F.R.D. 367, 372 (S.D.N.Y. 1974) ("[a]t the very least, a defendant is entitled to know the bases for plaintiff's charges against it. The burden is on the plaintiff to specify those [trade secret] charges, not upon the defendant to guess what they are"); *Microwave Research Corp.*, 110

F.R.D. at 670 (denying motion to compel discovery of defendant's confidential information and holding that plaintiff may not obtain discovery of defendant's trade secrets and confidential information "in order to discover whether or not any of the corporate plaintiff's trade secrets have been appropriated and used by the corporate defendant").

An identification of the specific trade secret that was allegedly misappropriated "is necessary to ensure that a plaintiff is not using an unmeritorious lawsuit to discover a competitor's trade secrets." *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super.) (Quinlan, J.). Otherwise, "it would be a simple matter to obtain one's trade secret by the mere assertion of a claim. The end result of disclosure, where ultimately it develops that the asserted claim is without substance, may be so destructive of the interest of the prevailing party that more is required than mere allegation to warrant pretrial disclosure." *Microwave Research Corp.* 110 F.R.D. at 670 (quoting *Ray v. Allied Chemical Corp.*, 34 F.R.D. 456, 457 (S.D.N.Y. 1964)).

*Microwave Research* is instructive. The court identified three alternate procedures that might be used so as fairly to "balance" the plaintiff's discovery rights and the defendant's right to protect its trade secrets. 110 F.R.D. at 672. One approach was to allow discovery on other issues to determine whether the case was susceptible of dismissal or summary judgment on those issues without any disclosure of the defendant's confidential information. (In this case, the mere identification of the supposed trade secret will permit VST to demonstrate that the "secret" is in the public domain, thus ending this as part of the parties' dispute). The court in *Microwave Research* identified as a second alternative an order compelling a prior detailed specification of the allegedly-misappropriated trade secret -- the procedure requested here. A third potential procedure identified by the court was to appoint an independent expert to perform an

investigation for the court so as to identify materials used by the defendant that were (a) similar to those used by the plaintiff and (b) not in the public domain -- a procedure that VST would welcome in this case. Ultimately, the *Microwave Research* court precluded further discovery because the plaintiff did not identify the allegedly-misappropriated trade secrets. The court said, in terms precisely applicable to this case, that the mere fact that the defendants once had access to the plaintiff's confidential information was not a sufficient basis for allowing discovery to determine whether they had used that information.

To date, ScanSoft has been unwilling to identify anything that was and remains a commercially-valuable secret and was misappropriated by a defendant at a time when that secret was owned by ScanSoft. In its February 10, 2005 Opposition to VST's Emergency Motion for Order Expediting Responses to Interrogatories, ScanSoft asserted, for the first time, that it had "identified" the allegedly-misappropriated trade secrets in its Amended Complaint. It referenced a list of grossly-generalized topics that appears in paragraphs 27 and 28 of the Amended Complaint (a public document). These topics include "ASR [automated speech recognition] algorithms", "how [the] voice recognition algorithms function" and "data collection methods and strategies". Opp. pp.3-4. These are not trade secrets. They are descriptions of where ScanSoft would like to look to *find* a trade secret. *Compare Microwave Research*, 110 F.R.D. at 674 ("the plaintiff has not listed any trade secrets; rather, it has listed products which it claims contain trade secrets").

ScanSoft has not demonstrated that there is a basis for its trade secret claim and it has effectively precluded VST from challenging that claim. Until a specific identification of the alleged trade secrets is made, it will be impossible to determine whether the "secret" (a) was

published by Dragon/L&,[2] (b) was disclosed in one of more than 100 Dragon/L&H patents and published patent applications or (c) is in the public domain by reason of a third-party disclosure. It will also be impossible for the parties or the Court to determine the appropriate scope of discovery. Finally, it will be impossible to know whether VST is using the idea or technique that has never been defined. The trade secret portion of this case cannot, and should not, proceed until ScanSoft identifies, with precision, the trade secrets that are the subject of its claim. *See, e.g, Microwave Research Corp.* 110 F.R.D. at 670 ("a plaintiff has no cognizable trade secret claim until it has adequately identified the specific trade secrets that are at issue") *L-3 Communications Corp. v. Reveal Imaging Tech. Inc*, 2004 WL 2915743 (Mass. Super.) (Van Gestel, J.) (discovery unwarranted until trade secrets allegedly misappropriated are "specifically spelled out"); *Cambridge Internet Solutions v. Avion Group*, 1999 WL 959673, *2 (Mass. Super.) (Quinlan, J.) (allegation that defendant misappropriated "source codes" and "work processes" not sufficiently particularized to warrant discovery of defendant's trade secrets); *Imax Corp. v. Cinema Tech. Inc.*, 152 F.3d 1161, 1164-5 (9th Cir. 1998) (generalized allegation that defendant misappropriated "dimensions and tolerances" of projector system, but which failed to particularize the actual numerical measurements of those "dimensions and tolerances" failed to achieve specificity required to identify trade secrets); *Englehard Corp. v. Savin Corp.*, 503 A.2d 30, 33 (Del.Ch.1986); *IDX Syst. Corp. v. Epic Syst. Corp.* 285 F.3d 581, 584 (7th Cir. 2002) (software manufacturer's allegation that rival misappropriated "methods and processes" and the "inter-relationships among various features" of its software package was insufficiently specific to support trade secret claim, even after the manufacturer produced the complete documentation

---

[2] The speech recognition work in which the individual defendants participated while employed at L&H and its predecessor Dragon Systems, Inc., was largely performed with United States government funding on terms that required, and actually resulted in, the public disclosure of Dragon/L&H's work.

of its software, because "a plaintiff must do more than identify a kind of technology and then invite the court to hunt through the details in search of items meeting the [trade secret definition]").

## CONCLUSION

For the foregoing reasons, the Court should Order that ScanSoft identify in detail the ScanSoft trade secrets that it alleges have been misappropriated by the defendants. Until that identification is made, ScanSoft should be precluded from discovery of VST's confidential information.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul D. Popeo
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  March 1, 2005

## Certification Pursuant to Local Rule 7.1.

I, Paul D. Popeo, counsel for Voice Signal Technologies, Inc., hereby certify that I conferred with counsel for ScanSoft, Inc., and that we were not able to reach resolution on the issues raised in this motion.

/s/ Paul D. Popeo