UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC.<br><br>        Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>        Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION OF
CLAIM CONSTRUCTION BRIEFING ORDER**

Plaintiff ScanSoft, Inc. ("ScanSoft") moves for clarification of this Court's Order of March 16, 2005, 1) requiring the parties to identify claim definitions in dispute within ten days (i.e. by March 30, 2005) and 2) setting a briefing schedule for claim construction. The Court's Order requires each party to provide proposed definitions for disputed claim terms. However, Voice Signal Technologies, Inc. ("VST") refuses to do more than identify the claim terms in need of a definition. Without a proposed construction for each term, it will not be possible to determine even if there is a claim definition in dispute. It will also be impossible for the parties to provide useful briefs to the Court on proposed claim construction. ScanSoft respectfully requests that the Court's Order be clarified to require the parties to set forth both the claim terms needing construction <u>and</u> the proposed definition for each such term.

## **ARGUMENT**

At the March 16, 2005 hearing, the Court deferred ruling on pending discovery issues, stating, "I cannot rule on the present record that I have without understanding what issues are in dispute, what infringement issues are in dispute" (p. 10, ll. 2-4). The Court stated that, before proceeding, it required "a description of what the claim terms are that are in dispute" (*id.* p. 15, ll. 10-11). The Court scheduled an accelerated Markman hearing for June 17, 2005 and ordered the parties to "decide whether or not there are going to be any claim definitions in dispute" within ten days, to be followed by full claim construction briefing (*id.* p. 19).

The next day, March 17, 2005, counsel for ScanSoft met with counsel for VST. In accord with the Court's Order, ScanSoft proposed that the parties exchange claim constructions on the asserted claims of the patents in suit, thereby identifying the claim terms in dispute prior to briefing their respective claim construction positions. Surprisingly, VST refused and stated during that meeting and in subsequent telephone conferences that it was unwilling to engage in an exchange of anything more than an identification of the claim terms in need of construction. Despite numerous attempts by ScanSoft to arrive at a compromise, VST's inexplicable position on this issue has remained fixed. VST's recalcitrance contradicts its own previous proposal for a process for claim construction in which each party would identify claim terms in need of construction <u>and</u> provide its proposed construction of those terms prior to briefing claim construction. VST now represents that it is no longer willing to honor that prior proposal.

VST's current position with respect to claim construction briefing plainly does not comply with the Court's Order. The parties were ordered to identify claim definitions *in dispute* within ten days. The parties cannot possibly identify claim definitions in dispute if, according to VST's proposal, they have no information regarding each other's respective definitions. VST's

2

insistence that the parties simply exchange a list of claim terms requiring construction precludes identification of the claim construction issues that are actually in dispute and will prevent the parties from submitting substantive claim construction briefs prior to the June 17, 2005 Markman hearing.  This is clearly contrary to the language and the purpose of the Court's March 16, 2005 Order.

VST's proposal is also highly inefficient and contrary to law.  By embarking on claim construction without first identifying the claim terms in dispute, the parties may well provide the Court with briefing on unnecessary and irrelevant claim construction issues.  *See U.S. Surgical Corp. v. Ethicon*, 103 F.3d 1554, 1567-68 (Fed. Cir.), *cert. denied,* 118 S. Ct. 369 (1997) (holding that trial court does not have to construe claim terms that are not in dispute).  Neither the parties nor the Court should expend their resources on such a potentially wasteful endeavor. *See Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1580 (Fed. Cir. 1991) ("it is efficient to focus on the construction of only the disputed elements or limitations of the claims"); *see also Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999) ("only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy").

## **CONCLUSION**

Though ScanSoft believes the Court's Order is clear on its face, VST refuses to work with ScanSoft to identify claim terms in dispute.  VST's interpretation of the Court's Order is flatly wrong and would result in an inefficient process for claim construction, wasting the resources of the parties and the Court.  ScanSoft respectfully requests that the Court's Order be clarified to require the parties to set forth both the claim terms needing construction <u>and</u> the proposed definition for each such term.

4

CERTIFICATE PURSUANT TO CIVIL LOCAL RULE 7.1

I hereby certify that on March 24, 2005, counsel for the parties conferred by telephone in an effort to resolve the issues presented in this motion but that no agreement could be reached.

Dated: March 24, 2005

SCANSOFT, INC.,
By its attorneys,


s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
jschecter@bromsun.com

02639/00509   373153.1