UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR )<br>)<br>Defendants. )<br>) | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANTS' MOTION FOR A PROTECTIVE ORDER COMPELLING IDENTIFICATION OF TRADE SECRETS**

Plaintiff ScanSoft, Inc. ("ScanSoft") submits this supplemental opposition to highlight statements made by Judge Saris directly relating to Voice Signal Technologies, Inc.'s ("VST's") present motion to avoid engaging in discovery on ScanSoft's trade secrets claims.

At a March 16, 2005 hearing on pending objections to this Court's Orders on discovery disputes regarding the patent infringement claims, Judge Saris made several statements upholding the right to discovery on ScanSoft's trade secrets claims. The Court declared: "[VST] can't just completely stonewall on the trade secret thing." (March 16, 2005 hearing at p. 18, ll. 11-12) (Attached as Exhibit A).

Rather than allow the stonewalling to continue, Judge Saris suggested that the parties engage in discovery on ScanSoft's trade secrets claims: "I am also willing to give you a narrower scope of discovery on trade secrets that has to do with things that the people who used to work at Dragon and L&H prepared, commented on, emailed . . . subject to a protective order"

(*id.* p. 13, ll. 12-16). The Court commented that this would be "one good place to start" the trade secrets discovery (*id.* p. 16, l. 24) and proposed that VST "produce everything that [Messrs. Gillick, Roth, Yamron and Grabherr] prepared on the speech algorithms" (*id*. p. 17, ll. 3-4). Considering that the individual defendants commenced working at VST in early 2001, the Court stated that this initial trade secrets discovery should cover the years 2001 and 2002 (*id*. p. 19, l. 2).

The Court was not persuaded by VST's argument that it should be permitted to block trade secrets discovery, and Judge Saris stated, in no uncertain terms, "I anticipate there will be some discovery as to what these gentlemen provided the new company . . . It's always a little hard for them [a trade secrets plaintiff] to pinpoint with specificity exactly what [defendants] disclosed when they don't know that" (*id.* p. 23, ll. 18-19 and 22-24).

In deference to VST's pending motion for a protective order, the Court refrained from issuing a ruling on the trade secrets discovery (*see id*. p. 21). However, the Court did exhort the parties to attempt, again, to try to reach an agreement on this issue (*id.* p. 24, l. 8). To that end, ScanSoft initiated a face to face discovery conference and suggested a compromise in which the parties would proceed with a limited scope of trade secrets discovery along the terms outlined by Judge Saris (*see* March 16, 2005 letter from Lisa M. Fleming to Paul D. Popeo) (Attached as Exhibit B). Unfortunately, during the discovery conference, VST rejected ScanSoft's compromise proposal.

It is clear that VST will not voluntarily participate in discovery. Despite a comprehensive protective order and the Orders of the Court to engage in discovery, VST continues its defiance. ScanSoft has identified its trade secrets, and the Court should order defendants to produce the requested discovery.

## CONCLUSION

For the reasons set forth in ScanSoft's Opposition and in light of Judge Saris's clear statements that trade secret discovery is appropriate in this case, the Court should deny VST's Motion for a Protective Order Compelling Identification of Trade Secrets, stop VST's persistent stonewalling, and order VST to respond to outstanding discovery on ScanSoft's trade secrets claims.

Dated: March 21, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 371787.1