**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **C.A. No. 04-10353-PBS** |
| | ) | |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF VOICE SIGNAL
TECHNOLOGIES, INC.'S MOTION FOR SANCTIONS
FOR FAILURE TO COMPLY WITH COURT'S DISCOVERY ORDER**

This is a patent infringement action. Plaintiff ScanSoft, Inc. alleges infringement of a patent owned by it. Defendant Voice Signal Technologies, Inc. ("VST") has counterclaimed alleging that its U.S. Patent No. 6,594,630 (the "'630 patent") is infringed by ScanSoft. VST has been trying for months to obtain and review the source code that underlies certain identified ScanSoft products so that it may determine whether those products infringe the '630 patent. On January 14, 2005, this Court issued an Order requiring ScanSoft to produce its source code. ScanSoft has simply ignored the Order. The instant motion asks the Court to impose sanctions on ScanSoft for failure to produce its source code. Because ScanSoft's intentional non-compliance with this Court's Order has effectively prevented VST from establishing that ScanSoft is infringing the '630, VST requests entry of judgment of infringement with respect to certain ScanSoft products.

3904754v1

**BACKGROUND**

VST's counterclaim alleges that ScanSoft infringes the '630 patent. *See* Answer and Counterclaim at 5. The '630 patent describes an apparatus and a method for controlling an electronic device by the use of voice commands. The patent teaches that the voice commands should be interpreted by treating the pauses between (and before and after) spoken words as if they were part of the command. The documents produced by ScanSoft to date do not permit VST to determine whether certain identified ScanSoft products[1] which control electronic devices by the use of voice commands utilize the voice recognition method claimed in the '630 patent. An examination of ScanSoft's source code would allow VST and the Court to make that determination.

On May 26, 2004, VST served its First Set of Document Requests (the "Requests") on ScanSoft requesting, among other things, the production of documents relating to the operation of ScanSoft's products (Document Request Nos. 4 and 5). *See* Ex. 2.

On or about June 28, 2004, ScanSoft served its Response to Defendant's First Set of Document Requests (the "Response"). Ex. 3. In its Response, ScanSoft declined to produce source code.

On November 11, 2004, VST filed a Motion to Compel Production of Documents (the "Motion to Compel") that requested, among other things, that ScanSoft be ordered to produce the source code for those of its products that analyze human speech for the purpose of controlling an electronic device.

---

[1] These products are Speech2Go, VoCon 3200, VoCon SF, and the ASR-1600. *See* ScanSoft Inc.'s Responses to First Set of Interrogatories of Voice Signal Technologies, Inc., Ex. 1, at 6. All exhibits cited in this memorandum are attached to the Declaration of Wendy S. Plotkin filed herewith.

On December 2, 2004, the parties submitted a Joint Memorandum Regarding the Parties Outstanding Discovery Motions (the "Joint Memorandum"). In the Joint Memorandum, ScanSoft agreed to produce the relevant source code. *See* Joint Memorandum at §II.

On January 14, 2005, Magistrate Judge Alexander issued an Order on VST's Motion to Compel requiring ScanSoft to produce its source code to VST. *See* Order on ScanSoft, Inc.'s Motion to Compel Production of Documents and Responses to Interrogatories and Voice Signal Technologies, Inc.'s Motion to Compel Production of Documents, at 5. ScanSoft did not appeal from this Order.

Ten weeks have elapsed since the Order was entered. The source code has not been produced.

## ARGUMENT

Fed. R. Civ. P. 37(b)(2) provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6)… fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule…, the court in which the action is pending may make such orders in regard to the failure as are just, and among the orders the following:
> …
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, *or rendering a judgment by default against the disobedient party*…"

Fed. R. Civ. P. 37(b)(2) (emphasis added.)

This Court entered an Order requiring the production of source code by ScanSoft on January 14, 2005. This motion is filed on April 1, 2005. In the interim, ScanSoft has refused to produce source code and has, thus intentionally, failed to comply with the Court's Order. ScanSoft's failure to produce source code has made it impossible for VST to further prosecute its patent infringement counterclaim. VST, therefore, requests entry of an order establishing as a

3904754v1

fact that each of the ScanSoft products that control electrical devices by the use of voice commands (*see* n.1, *supra*) use the methods claimed in the '960 patent.

The Court may consider the following factors in determining the appropriate sanction for a failure to comply with a discovery order: (1) the willfulness or bad faith of the noncomplying party; (2) the prejudice to the opposing party; (3) whether the procedural history indicates protracted inaction or deliberate delay; (4) the disregard of earlier warnings of the consequence of misconduct; and (5) the availability of less-draconian factors. *Big Top USA Inc. v. Wittern Group*, 183 F.R.D. 331, 338 (D. Mass. 1998) (Saris, J.).

The overwhelming factors in this case are: (1) ScanSoft's deliberate and prolonged failure to comply with an express Order of this Court, and (2) the severe prejudice to VST as a result of ScanSoft's disregard of this Court's discovery order. By refusing to produce its source code, ScanSoft has virtually precluded VST from establishing infringement of the '630 patent.

As this Court has previously held, where the violation of a court order cuts to "the heart of the case" and the violation leaves "unanswered factual questions central to the resolution of liability", the sanction of dismissal or default is appropriate. *Big Top USA*, 183 F.R.D. at 339. Equally appropriate is an order establishing facts that a plaintiff has been unable to prove because of a defendant's failure to comply with discovery orders. *See Fashion House, Inc. v. K-Mart Corporation*, 892 F.2d 1076, 1081-82 (1st Cir. 1989)(affirming an order stating that particular facts were to be taken as established and precluding the introduction of contrary evidence as a sanction for failure to comply with discovery orders); *Kahn v. Sec'y. of Health, Education and Welfare*, 53 F.R.D. 241, 245-246 (D. Mass. 1971)(ordering that certain facts, which established liability, be taken as established).

ScanSoft should be held accountable for its violation of this Court's Order. "Discovery sanctions must be just and specifically related to the particular claim which was at issue in the order to provide discovery", *Fashion House*, 892 F.2d at 1081. The sanction of entry of a judgment of infringement against ScanSoft is appropriate in this situation because ScanSoft's intentional disregard of the Court's Order has prevented VST from establishing infringement of the '630 patent. Thus, the requested sanction is appropriately matched to ScanSoft's prolonged violation of this Court's unambiguous Order.

## CONCLUSION

For the reasons set forth above, VST's Motion for Sanctions for Violation of Discovery Order should be granted.[2]

Respectfully submitted,

The Defendant,
VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
53 State Street
Boston, MA  02109
(617) 248-5000

Dated: April 1, 2005

---

[2]  If the relevant source code is produced within ten calendar days of the service of this memorandum, VST's motion will be withdrawn.