# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |
| ) | |

## SCANSOFT, INC.'S ANSWERS TO THE FIRST SET OF INTERROGATORIES
## (NOS. 1-5) OF VOICE SIGNAL TECHNOLOGIES, INC.

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to the First Set of Interrogatories (Nos. 1-5) of Voice Signal Technologies, Inc. ("Voice Signal"). ScanSoft reserves the right to amend or supplement these responses at a later time, consistent with the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

General Objections are set forth in full below. Where in response to an interrogatory ScanSoft refers to one or more of the following General Objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, it is because they are deemed to be particularly applicable to that interrogatory, and those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

1. <u>Privileged Information.</u> ScanSoft objects to each interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection.

2. <u>Overbroad and Unduly Burdensome.</u> ScanSoft objects to each interrogatory to the extent it is overbroad and unduly burdensome.

3. <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.</u> ScanSoft objects to each interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

4. <u>Definition of Term "ScanSoft."</u> ScanSoft objects to the definition of the term "ScanSoft" on the grounds that it is overbroad and that it would be unduly burdensome to respond to Voice Signal's discovery requests in accordance with the definition. For purposes of these requests, ScanSoft will consider the term "ScanSoft" to mean ScanSoft, Inc., its successors, subsidiaries, divisions, parents, employees, officers, directors, agents, and legal representatives.

5. <u>Definition of Term "Small Platform Voice Recognition System."</u> ScanSoft objects to definition of the term "Small Platform Voice Recognition System" on the grounds that defining the term to include "any device that employs or provides voice control of a device" is vague, ambiguous and overbroad. For purposes of these requests, ScanSoft will consider the term "Small Platform Voice Recognition System" to mean any system, process or product for analyzing a human voice for the purposes of controlling, affecting or implementing a function of a small device, such as an appliance, cell phone or wireless phone, personal digital assistant, a device in an automobile, or toy.

6. <u>Improper Limitations on Voice Signal's Discovery Responses.</u> ScanSoft notes that, in Voice Signal's discovery responses dated June 25, 2004, Voice Signal improperly refused to respond to discovery on a number of grounds. For example, Voice Signal refused to produce any source code, any documents regarding the technical development and features of its products, any documents relating to sales of products embodying the '630 patent, and any documents generated before December 31, 2002 (the date the '966 patent issued). Further, Voice Signal improperly responded to discovery regarding "VST Speech Recognition Products" by responding only as to "the user interface module of VST's speech recognition products, and...not...any speech engine associated with those products." Voice Signal's responses are grossly deficient, and ScanSoft is seeking appropriate relief from the Court. In the event that Voice Signal maintains its objections and refuses to comply with its discovery obligations, however, ScanSoft incorporates Voice Signal's objections into its own discovery responses. It would be unfair for ScanSoft to be forced to disclose information that Voice Signal refuses to disclose, especially given that each party is asserting a patent infringement claim against the other in the same field.

## NOTICE REGARDING THE PRODUCTION OF DOCUMENTS

In response to certain interrogatories, ScanSoft may indicate that certain documents will be produced. In doing so, ScanSoft is producing said documents pursuant to Fed. R. Civ. P. 33(d) because the answer or a portion of the answer to the interrogatory may be derived or ascertained from the documents produced, and the burden of doing so is substantially the same for Voice Signal as for ScanSoft. All statements that documents will be produced shall include, as if fully set forth therein, the proviso, condition and limitation that only non-privileged, non-confidential documents which are not subject to any protective order will be produced; no statement that documents will be produced shall be read to include any privileged documents, confidential documents, or documents subject to any protective order, nor shall such statement

be considered a waiver of privilege, confidentiality, or rights granted pursuant to a protective order. No statement that documents or things will be produced shall be construed as a representation that any such documents exist. All responses are also subject to any other applicable objections.

All documents produced in accordance with these answers will be produced by either providing copies of the documents to Voice Signal's counsel, or by permitting Voice Signal's counsel to inspect and copy the documents, at the offices of Bromberg & Sunstein LLP or another location as mutually agreed upon by the parties.

<u>SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

Interrogatory No. 1

Identify each product made, used, offered for sale, sold or imported by VST and each method practiced by VST which you allege infringes or has infringed any claim of the '966 Patent. For each such product or method:

    a.    identify each claim of the '966 Patent which you allege is or has been infringed;

    b.    for each claim you allege is or has been infringed, state whether you contend VST's alleged infringement is (i) direct or by inducement, and (ii) literal or under the doctrine of equivalents;

    c.    for each claim that you allege is or has been infringed and each product or method that you allege infringes or has infringed that claim, provide a claim chart that identifies each claim limitation that you contend is or has been met by the VST product or method and the elements of the accused product or steps of the accused method that you allege fall within the scope of that claim limitation; and

    d.    identify any document or other evidence which you contend supports your claim of infringement.

Response to Interrogatory No. 1:

See General Objection 6. Without waiving the foregoing objection and subject thereto, by making, using, offering to sell, or selling the Voice Signal VSuite product within the Samsung VGA1000 cell phone, Voice Signal infringes, contributorily infringes and induces infringement, either literally or under the doctrine of equivalents, at least claims 1 - 6 of the '966 patent as set forth in the following claim chart:

| | |
|---|---|
| 1. A speech recognition method for a mobile telecommunication system which includes a voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user, the method comprising the steps of: | The Voice Signal product provides a speech recognition module in a mobile cellular phone. The Voice Signal product r ecognizes c ommands s uch a s "Digit Dial" and "Name Dial" and all digits between 0 and 9 received from the cellular phone user. |
| receiving a command from the mobile telecommunication user; | Voice Signal's product in the handset of the cellular phone receives commands from cellular phone users. |
| determining whether the command is a first or second command type; | Voice Signal's product determines what type of command was received. |
| if the command is the first command type, collecting digits representing a telephone number to be dialed received from the mobile telecommunication user; and | If the command is "Digit Dial", the Voice Signal product collects a digit string of 7, 10 or 11 digits long. (It will not recognize strings of lengths not corresponding to valid telephone numbers.) |
| if the command is the second command type, determining whether a previously stored telephone number is associated with a keyword received from the mobile telecommunication user. | If the command is "Name Dial", the Voice Signal product determines whether a previously stored telephone number is associated with a keyword received from the cellular phone user. |
| 2. The method according to claim 1, wherein the keyword is a name. | If the command is "Name Dial", the Voice Signal product determines whether a previously stored telephone number is associated with a name received from the cellular phone user. |
| 3. The method according to claim 1, wherein the keyword is a name. | If the command is "Name Dial" and a name received form the cellular phone user is a ssociated w ith m ore t han o ne telephone number, the Voice Signal product asks, "Which number?" If the keyword received is "Home," "Work" or "Mobile," the Voice Signal product determines whether a previously stored number is associated with said keyword. "Home" and "Work" are location modifiers. |
| 4. The method according to claim 3 wherein the location modifier is home, work or office. | See claim 3 wherein the location modifier may be "Home" or "Work." |

-4-

| | |
|---|---|
| 5. The method according to claim 1, further comprising the step of verifying the command and initiating a telecommunication call with the mobile telecommunication system. | Upon collecting a string of 7, 10 or 11 digits, the Voice Signal product asks "Did you say [digit string]" and initiates a telephone call upon receiving "Yes" from the user. |
| 6. The method according to claim 1, further comprising the step of prompting the mobile telecommunication user to enter information needed for the first or the second command type. | After holding the TALK key on the cellular phone, the Voice Signal product prompts "Command please." |

The above claim chart is supported by the following documents and things: SS008073A, SS008073B, and SS008073D.

On information and belief, Voice Signal makes and sells additional products for voice activated dialing that infringe the '966 patent. ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 2

For each VST product or method identified in response to Interrogatory No. 1, state with particularity all damage or loss that you contend that you suffered or are suffering as a result of the alleged infringement by that product or method, and state the nature of the damage or loss, the amount of the damage or loss, the method by which the damage or loss was calculated, the measure of damages that would be adequate to compensate the loss, and the period of time during which you contend the damage or loss occurred.

Response to Interrogatory No. 2:

See General Objection 6. Without waiving the foregoing objection and subject thereto, ScanSoft seeks damages in the form of a reasonable royalty for all infringing activities taking place after the issuance of the '966 patent. ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 3

Identify by model number, order number, commercial name, trade name, trade designation, trademark, serial number, and every other designation each ScanSoft product and each product that incorporates a ScanSoft product that is, embodies, or implements a Small Platform Voice Recognition System.

Response to Interrogatory No. 3:

See General Objections 2-6. ScanSoft further objects to the extent that this interrogatory seeks immaterial information regarding ScanSoft products not at issue in this litigation. Without waiving the foregoing objections and subject thereto, ScanSoft's products which are, are incorporated into, embody, or implement a Small Platform Voice Recognition System include Speech2Go, VoCon 3200, VoCon SF, and ASR-1600. ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 4

Identify the person most knowledgeable regarding each of the conception, design, development, reduction to practice, testing, manufacture, technical specifications, material composition, use, marketing, public disclosure, distribution, importation into the U.S., offer of sale and sale of each product identified in response to Interrogatory No. 3.

Response to Interrogatory No. 4:

See General Objections 2-6. Without waiving the foregoing objections and subject thereto, ScanSoft answers as follows: Michael Phillips, Chief Technical Officer for ScanSoft, Inc. and Alan Schwartz, VP & General Manager of Embedded Speech Products for ScanSoft, Inc.

Interrogatory No. 5

Identify each sale, license, distribution or other transfer of each product identified in response to Interrogatory No. 3, including the transferee's name and address, the dollar amount and number of units of each product sold, licensed, distributed or otherwise transferred, the place

and date of each sale, license, distribution or other transfer, and every document concerning the same.

Response to Interrogatory No. 5:

See General Objections 2-6. In addition, ScanSoft objects to this interrogatory on the grounds that Voice Signal has yet to respond to ScanSoft's interrogatories seeking information concerning the sales and licensing of Voice Signal Speech Recognition products. As a result, ScanSoft has been forced to file a motion to compel Voice Signal to produce this information, and that motion is currently pending before the Court. Until the issues raised by ScanSoft's pending motion to compel are resolved, ScanSoft expressly declines to provide such information about its own products in response to Voice Signal's interrogatory.

## DECLARATION OF MICHAEL PHILLIPS

I, Michael Phillips, declare under the penalty of perjury that I have reviewed Voice Signal Technologies, Inc.'s First Set of Interrogatories to Plaintiff, herein and have answered the same, based on my own personal knowledge or information provided in or derived from the business records of ScanSoft, Inc. The foregoing answers are true and correct.

Executed at _____Boston_____, Massachusetts, on this 27th day of September, 2004.

_____
Michael Phillips

Dated: September 27, 2004

As to Objections,

SCANSOFT, Inc.
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

Jack C. Schecter

02639/00509  330465.11

-8-

# Exhibit 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF
## <u>DOCUMENT REQUESTS TO PLAINTIFF</u>

Defendant/counter-claim plaintiff, Voice Signal Technologies, Inc. ("VST") hereby requests, pursuant to Fed. R. Civ. P. 34, that plaintiff/counter-claim defendant, ScanSoft, Inc. ("ScanSoft") make the following documents and things available for inspection and copying at the offices of Choate, Hall & Stewart, 53 State Street, Boston, Massachusetts 02109 within (30) days receipt of this Request.

## <u>DEFINITIONS</u>

As used herein, the following terms shall have the meanings set forth below.

1.    The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

2.    The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3.    "VST" shall mean Voice Signal Technologies, Inc. and any and all predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

4.    "ScanSoft," "you," and "your" shall mean ScanSoft, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

5.    "'966 Patent" means United States Patent No. 6,501,966.

6.    "'630 Patent" means United States Patent No. 6,594,630.

7.    "Small Platform Voice Recognition System" means any system, process or product for analyzing a human voice for the purpose of controlling, affecting or implementing a function of an appliance, cell phone or wireless phone, personal digital assistant, automotive system, toy or any device that employs or provides voice control of a device.

8.    "VCT" means Voice Control Technologies, Inc., and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents and attorneys.

9.    "Phillips N.A." means Phillips Electronics North America Corporation, and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.V.

10.    "Phillips N.V." means KoninKlijke Phillips Electronics N.V., and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.A.

11.    "Phillips Electronics" means Phillips N.A. and Phillips N.V.

12.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) orally, in writing, in person, or by the use of any device.

13.    The term "concerning" shall mean regarding, mentioning, referring to, relating to, memorializing, describing, evidencing, commenting on, constituting or containing.

14.    "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to ScanSoft or within ScanSoft's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

15.    The terms "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other form of legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, officials, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

16.    The term "including" shall mean "including, but not limited to."

## INSTRUCTIONS

A.    These requests require the production of documents in the possession, custody or control of ScanSoft, as defined above, and not merely ScanSoft, Inc.

B.    These requests shall be deemed continuing, and ScanSoft is required to supplement its response with documents or things requested herein that presently are unavailable or unknown to ScanSoft, but which later become available or known to ScanSoft.

C.    Each document request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

D.    As to documents or portions of documents responsive to these requests for which ScanSoft asserts a privilege or which ScanSoft asserts are otherwise not subject to production, please identify each withheld document, stating with respect to each such document:

(a)    the date of the document;

(b)    the title of the document;

(c)    the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

(d)    the name, employer and title of the author(s) of the document;

(e)    the name, employer and title of each person to whom the document was addressed and each person who was to receive or who actually did receive the document or a copy thereof;

(f)    the subject matter of the document;

(g)    the identity of each person having possession, custody or control of the document; and

(h)    the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production with respect to the document.

E.    The responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests.  If there are no documents or things responsive to a specific request, ScanSoft shall so state in writing in its response.

F.    Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

G.    Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in

4

either ScanSoft's business files or in the personal files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

**REQUESTS**

**REQUEST NO. 1**

All documents concerning the '966 Patent.

**REQUEST NO. 2**

All documents concerning the '630 Patent.

**REQUEST NO. 3**

All documents concerning VST.

**REQUEST NO. 4**

All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including, all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

**REQUEST NO. 5**

All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

**REQUEST NO. 6**

All documents concerning any effort by ScanSoft to design, redesign, rework, change plans for, or modify any ScanSoft product in view of the '630 Patent.

**REQUEST NO. 7**

All analyses of the '630 Patent, including any legal opinion concerning the '630 Patent.

**REQUEST NO. 8**

All documents relating to the circumstances in which ScanSoft first became aware of the '630 Patent.

**REQUEST NO. 9**

All documents concerning the preparation, filing, prosecution, or disclosures of any application leading, directly or indirectly, to the issuance of the '966 Patent, any patent or patent application that claims priority to any such application (a "Related Patent/Application"), or any foreign counterpart of the '966 Patent ("'966 Foreign Counterpart").

**REQUEST NO. 10**

All documents concerning any prior art search performed in connection with any application leading, directly or indirectly, to the issuance of the '966 Patent, to any Related Patent/Application or any '966 Foreign Counterpart.

**REQUEST NO. 11**

All documents concerning any device, publication or activity that has been identified by anyone as prior art in relation to the '966 patent, any Related Patent/Application or '966 Foreign Counterpart, and all documents concerning any such device, publication or activity.

**REQUEST NO. 12**

All documents concerning the manufacture, use, licensing, offer for sale, sale, display or capabilities of voice recognition technology in connection with (a) a cellular telephone, wireless telephone or cellular or wireless communication system, or (b) the placing of any telephone call of any kind, prior to April 13, 1992.

**REQUEST NO. 13**

All documents that constitute, contain, or refer to, any publication by any of the named inventors of the '966 Patent relating to voice recognition technology.

**REQUEST NO. 14**

All documents relating to any sale, offer for sale, licensing, offer to license or demonstration of voice recognition technology developed (in whole or in part) by VCT, or any use of such technology by, or in the presence of, persons who were not VCT employees.

**REQUEST NO. 15**

All documents concerning any licensing of, or offer to license, voice recognition technology by, or to, VCT, Phillips Electronics or ScanSoft.

**REQUEST NO. 16**

All documents concerning the actual, potential or proposed transfer (a) between Phillips N.A. and Phillips N.V. or (b) by Phillips N.A. and/or Phillips N.V., or any related entity, to ScanSoft, of the '966 Patent, any Related Patent/Application or any '966 Foreign Counterpart, including documents concerning any analysis of the '966 Patent, any Related Patent/Application or any '966 Counterpart Patent, provided to, or performed by or at the request of, ScanSoft in connection with any such actual or proposed transfer.

7

**REQUEST NO. 17**

All documents concerning any communication or agreement between ScanSoft and Bernard F. Bareis, Peter J. Foster or Thomas B. Schalk.

**REQUEST NO. 18**

All documents concerning payment of reduced fees under 37 C.F.R. 1.27 in connection with the prosecution of any application leading to the '966 Patent.

**REQUEST NO. 19**

All documents concerning the discovery, development, or use, by or at Texas Instruments of any subject matter disclosed or claimed in the '966 Patent.

**REQUEST NO. 20**

All documents concerning any civil or criminal action to which any of Bernard J. Bareis, Peter J. Foster or Thomas B. Schalk was a party, or to any testimony by affidavit, at a deposition or at trial, in any civil or criminal action by any of Messrs. Bareis, Foster or Schalk.

**REQUEST NO. 21**

All documents concerning any actual, proposed or potential marketing, sale, lease, license, offer for sale, offer for lease or offer for license by ScanSoft of any Small Platform Voice Recognition System in the United States, including all proposals made, and contracts entered into, by ScanSoft concerning the sale, lease or license of a ScanSoft Small Platform Voice Recognition System.

**REQUEST NO. 22**

All documents concerning any consideration or analysis of any VST product or process, the question whether any such product or process infringes a patent owned by or licensed to

ScanSoft, or the effect that the sale or licensing of any such VST product, or the use of any such process, has or has had on sales or licensing of any ScanSoft product.

## REQUEST NO. 23

All documents concerning any analysis of the possible infringement of the '966 Patent by any product or process of any person other than VST.

## REQUEST NO. 24

All documents concerning any loss of revenues or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

## REQUEST NO. 25

All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra*.

## REQUEST NO. 26

All documents that ScanSoft intends to use as evidence at trial.

## REQUEST NO. 27

All documents concerning ScanSoft's decision to bring suit against VST.

## REQUEST NO. 28

All documents concerning any communications between ScanSoft and VST.

**REQUEST NO. 29**

All documents concerning the civil action entitled *Lernout & Hauspie Speech Products N.V. et al. v. Gillick, et al"*, Middlesex Superior Court C.A. No. 01-3924, excluding only pleadings in the public file of that case.

**REQUEST NO. 30**

All documents concerning any actual, potential or proposed communication by ScanSoft with any person or entity other than VST regarding this action or any fact or conduct alleged by any party in this action.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place/53 State Street
Boston, MA 02109
(617) 248-5000

Dated: May 26 , 2004
3698498_1.DOC

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on  5/24/04

10

# Exhibit 3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 04-10353 PBS |

## SCANSOFT'S RESPONSE TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to Defendants' First Set of Document Requests to Plaintiff propounded by Voice Signal Technologies ("Voice Signal"). ScanSoft reserves the right to amend or supplement these responses at a later time.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the request.

## GENERAL OBJECTIONS

General objections are set forth in full below. Where in response to a document request ScanSoft refers to one or more of the following general objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

1.    Privileged Information. ScanSoft objects to each request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work product doctrine. All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of these objections. Without waiving the foregoing objection and subject thereto, ScanSoft identifies the following categories of documents as withheld on the basis of privilege: correspondence, notes and memoranda generated in the course of prosecution of the '966 patent and related patents; correspondence, notes and memoranda generated in anticipation of or in the course of this litigation; and correspondence, notes and memoranda generated in anticipation of

or in the course of any litigation that has been brought or may be brought in connection with the '966 patent.

2.    <u>Confidential Information</u>.  ScanSoft objects to each request to the extent it seeks information which is confidential and proprietary to ScanSoft.  All answers herein shall be subject to this objection, and no provision of information herein may act as a waiver of this objection.  ScanSoft will only produce confidential information pursuant to an appropriate protective order.

3.    <u>Overbroad and Unduly Burdensome</u>.  ScanSoft objects to each request to the extent it is overbroad and unduly burdensome.

4.    <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence</u>.  ScanSoft objects to each request to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

5.    <u>Definition of Term "Small Platform Voice Recognition System."</u>  ScanSoft objects to definition of the term "Small Platform Voice Recognition System" on the grounds that defining the term to include "any device that employs or provides voice control of a device" is vague, ambiguous and overbroad.  For purposes of these requests, ScanSoft will consider the term "Small Platform Voice Recognition System" to mean any system, process or product for analyzing a human voice for the purposes of controlling, affecting or implementing a function of a small device, such as an appliance, cell phone or wireless phone, personal digital assistant, a device in an automobile, or toy.

6.    <u>Improper Limitations on Voice Signal's Discovery Responses</u>.  ScanSoft notes that, in Voice Signal's discovery responses dated June 25, 2004, Voice Signal improperly refused to respond to discovery on a number of grounds.  For example, Voice Signal refused to produce any source code, any documents regarding the technical development and features of its products, any documents relating to sales of products embodying the '630 patent, and any documents generated before December 31, 2002 (the date the '966 patent issued).  Further, Voice Signal improperly responded to discovery regarding "VST Speech Recognition Products" by responding only as to "the user interface module of VST's speech recognition products, and…not…any speech engine associated with those products."  Voice Signal's responses are grossly deficient, and ScanSoft intends to seek appropriate relief from the Court.  In the event that Voice Signal maintains its objections and refuses to comply with its discovery obligations, however, ScanSoft incorporates Voice Signal's objections into its own discovery responses.  It would be unfair for ScanSoft to be forced to produce documents that Voice Signal refuses to produce, especially given that each party is asserting a patent infringement claim against the other in the same field.

NOTICE REGARDING THE PRODUCTION OF DOCUMENTS

In response to Voice Signal's requests, ScanSoft indicates that certain documents will be produced.  All statements that documents will be produced shall include, as if fully set forth therein, the proviso, condition and limitation that only non-privileged, non-confidential

2

documents which are not subject to any protective order and which exist in ScanSoft's custody, control or possession will be produced; no statement that documents will be produced shall be read to include any privileged documents, confidential documents, or documents subject to any protective order, or documents not existing in ScanSoft's custody, control or possession, nor shall such statement be considered a waiver of privilege, confidentiality, or rights granted pursuant to protective order. No statement that documents or things will be produced shall be construed as a representation that any such documents exist. All responses are also subject to any other applicable objections.

For purposes of these responses, use of the term "documents" in a statement that "documents will be produced" includes documents and things.

All documents produced will be produced by either providing copies of the documents to Voice Signal's counsel or by permitting Voice Signal's counsel to inspect and copy the documents at the offices of Bromberg & Sunstein LLP or such other location as mutually agreed upon by the parties.

<u>SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS</u>

<u>Request No. 1</u>

All documents concerning the '966 Patent.

<u>Response to Request No. 1:</u>

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

<u>Request No. 2</u>

All documents concerning the '630 Patent.

<u>Response to Request No. 2:</u>

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request, if any, will be produced.

<u>Request No. 3</u>

All documents concerning VST.

3

Response to Request No. 3:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request relating to Voice Signal's speech recognition technology will be produced. Further answering, ScanSoft states that ScanSoft and Voice Signal have engaged in discussions relating to a possible merger, partnership, or other business combination, from time to time. ScanSoft expressly declines to produce any documents that reveal or relate to its business strategy with respect to these discussions.

Request No. 4

All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including all marketing materials, product descriptions, function specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

Response to Request No. 4:

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 5

All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

Response to Request No. 5:

See General Objection Nos. 1-4. ScanSoft specifically objects to this overbroad request to the extent it seeks documents related to speech recognition technology unrelated to the claims or defenses in this litigation (including large vocabulary dictation systems, such as Dragon NaturallySpeaking). ScanSoft also objects to this request on the grounds that it is nonsensical and overbroad in that all automatic speech recognition products recognize pauses, or non-speech,

in some manner and consider them in relation to the surrounding words. Without waiving the foregoing objections and subject thereto, ScanSoft will produce representative non-privileged documents responsive to this request that relate to Small Platform Voice Recognition Systems.

Request No. 6

All documents concerning any effort by ScanSoft to design, redesign, rework, change plans for, or modify any ScanSoft product in view of the '630 Patent.

Response to Request No. 6:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 7

All analyses of the '630 Patent, including any legal opinion concerning the '630 Patent.

Response to Request No. 7:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 8

All documents relating to the circumstances in which ScanSoft first became aware of the '630 Patent.

Response to Request No. 8:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 9

All documents concerning the preparation, filing, prosecution, or disclosures of any application leading, directly or indirectly, to the issuance of the '966 Patent, any patent or patent application that claims priority to any such application (a "Related Patent/Application"), or any foreign counterpart of the '966 Patent (the "'966 Foreign Counterpart").

Response to Request No. 9:

See General Objection Nos. 1-3.  Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 10

All documents concerning any prior art search performed in connection with any application leading, directly or indirectly, to the issuance of the '966 Patent, to any Related Patent/Application or any '966 Foreign Counterpart.

Response to Request No. 10:

See General Objection Nos. 1-2.  Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 11

All documents concerning any device, publication or activity that has been identified by anyone as prior art in relation to the '966 Patent, any Related Patent/Application or '966 Foreign Counterpart, and all documents concerning any such device, publication or activity.

Response to Request No. 11:

See General Objection Nos. 1-3.  Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 12

All documents concerning the manufacture, use, licensing, offer for sale, sale, display or capabilities of voice recognition technology in connection with (a) a cellular telephone, wireless telephone or cellular or wireless communications system, or (b) the placing of any telephone call of any kind, prior to April 13, 1992.

Response to Request No. 12:

See General Objection Nos. 1-4.  This request is overbroad, as it requests documents

concerning voice recognition technology developed or used by any party, in connection with any

telephone call, made at any time prior to April 13, 1992, anywhere in the world.  ScanSoft also

objects to this request on the grounds that it does not provide any definition of the term "voice

6

recognition technology." Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 13

All documents that constitute, contain, or refer to, any publication by any of the named inventors of the '966 Patent relating to voice recognition technology.

Response to Request No. 13:

See General Objection Nos. 1-4. ScanSoft also objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 14

All documents relating to any sale, offer for sale, licensing, offer to license or demonstration of voice recognition technology developed (in whole or in part) by VCT, or any use of such technology by, or in the presence of, person who were not VCT employees.

Response to Request No. 14:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 15

All documents concerning any licensing of, or offer to license, voice recognition technology by, or to, VCT, Phillips Electronics or ScanSoft.

7

Response to Request No. 15:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request on the grounds that it does not provide any definition of the term "voice recognition technology." Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request related to Small Platform Voice Recognition Systems will be produced.

Request No. 16

All documents concerning the actual, potential or proposed transfer (a) between Phillips N.A. and Phillips N.V. or (b) by Phillips N.A. and/or Phillips N.V., or any related entity, to ScanSoft, of the '966 Patent, any Related Patent/Application or any '966 Foreign Counterpart, including documents concerning any analysis of the '966 Patent, any Related Patent/Application of any '966 Counterpart Patent, provided to, or performed by or at the request of, ScanSoft in connection with any such actual or proposed transfer.

Response to Request No. 16:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 17

All documents concerning any communication or agreement between ScanSoft and Bernard F. Bareis, Peter J. Foster and Thomas B. Schalk.

Response to Request No. 17:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 18

All documents concerning payment of reduced fees under 37 C.F.R. 1.27 in connection with the prosecution of any application leading to the '966 Patent.

Response to Request No. 18:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 19:

All documents concerning the discovery, development, or use, by or at Texas Instruments of any subject matter disclosed or claimed in the '966 Patent.

Response to Request No. 19:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 20

All documents concerning any civil or criminal action to which any of Bernard J. Bareis, Peter J. Foster or Thomas B. Schalk was a party, or to any testimony by affidavit, at a deposition or at trial, in any civil or criminal action by any of Messrs. Bareis, Foster or Schalk.

Response to Request No. 20:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 21

All documents concerning any actual, proposed or potential marketing, sale, lease, license, offer for sale, offer for lease or offer for license by ScanSoft or any Small Platform Voice Recognition System in the United States, including all proposals made, and contracts entered into, by ScanSoft concerning the sale, lease or license of a ScanSoft Small Platform Voice Recognition System.

Response to Request No. 21:

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 22

All documents concerning any consideration or analysis of any VST product or process, the question whether any such product or process infringes a patent owned by or licensed to ScanSoft, or the effect that the sale or licensing of any such VST product, or the use of any such process, has or has had on sales or licensing of any ScanSoft product.

Response to Request No. 22:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 23

All documents concerning any analysis of the possible infringement of the '966 Patent by any product or process of any person other than VST.

Response to Request No. 23:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 24

All documents concerning any loss of revenue or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

Response to Request No. 24:

See General Objection Nos. 1-2. Without waiving the foregoing objections and subject thereto, representative non-privileged documents responsive to this request will be produced.

Request No. 25:

All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra*.

Response to Request No. 25:

See General Objection Nos. 1-5. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 26

All documents that ScanSoft intends to use as evidence at trial.

Response to Request No. 26:

See General Objection Nos. 1-4. ScanSoft specifically objects to this request to the extent it is premature in that ScanSoft cannot, at this initial stage of discovery, specifically identify the entire universe of documents it intends to use at trial. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 27

All documents concerning ScanSoft's decision to bring suit against VST.

Response to Request No. 27:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

Request No. 28

All documents concerning any communications between ScanSoft and VST.

Response to Request No. 28:

See General Objection Nos. 1-4. Without waiving the foregoing objections and subject thereto, non-privileged documents responsive to this request will be produced.

11

Request No. 29

All documents concerning the civil action entitled *Lernout & Hauspie Speech Products N.V. et al. v. Gillick, et al"*, Middlesex Superior Court C.A. No. 01-3924, excluding only pleadings in the public file of that case.

Response to Request No. 29:

See General Objection Nos. 1-2.  Without waiving the foregoing objections and subject

thereto, non-privileged documents responsive to this request will be produced.

Request No. 30

All documents concerning any actual, potential or proposed communications by ScanSoft with any person or entity other than VST regarding this action or any fact or conduct alleged by any party in this action.

Response to Request No. 30:

See General Objection Nos. 1-2.  Without waiving the foregoing objections and subject

thereto, representative non-privileged documents responsive to this request will be produced.

12

Dated: June 28, 2004

SCANSOFT, INC.,
By its attorneys,

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
John F. Ward, BBO #646689
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

Julia Huston

02639/00509 319520.1

13