UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 04-10353-PBS** |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF VOICE SIGNAL
TECHNOLOGIES, INC.'S MOTION TO COMPEL DEPOSITIONS**

This is a patent infringement action. Plaintiff ScanSoft, Inc. alleges that defendant Voice Signal Technologies, Inc. ("VST") infringes U.S. Patent No. 6,501,966 (the "'966 patent"). VST has been trying for months to obtain documents relating to the conception and reduction to practice of any invention claimed in the '966 patent. ScanSoft has produced no documents relating to the conception or reduction to practice of any invention of the '966 patent, and, according to the testimony of its Rule 30(b)(6) witness on the subject of conception and reduction to practice, has not made any inquiry as to the existence of such documents. ScanSoft is now attempting to block VST's discovery efforts by refusing to make available for depositions two individuals -- Jeanne McCann and Fadi Kaake -- who might know where these documents are located or when and why they were destroyed. ScanSoft has not made formal objection to the deposition notices and subpoenas requiring the depositions of these witnesses and has not

filed a motion for protective order. ScanSoft should be compelled to make Ms. McCann and Mr. Kaake available for depositions.

## BACKGROUND

ScanSoft commenced this action on February 20, 2004 alleging, *inter alia*, infringement of the '966 patent. The alleged invention of the '966 patent was developed by employees of Voice Control Systems, Inc., based in Dallas, Texas. In 1999, Voice Control Systems merged into Royal Philips Electronics. In 2003, ScanSoft acquired Philips' speech recognition technology assets.

On May 26, 2004, VST served its First Set of Document Requests (the "Requests"). The request encompassed documents relating to the conception and reduction to practice of the invention of the '966 patent. Ex. 1.[1] ScanSoft failed to produce documents relating to that subject. By letter dated January 11, 2005, VST pressed for production. Ex. 2. The next day ScanSoft responded that the "development . . . information sought by VST has never been in ScanSoft's possession." Ex. 3.

On January 12, 2005, VST served a Rule 30(b)(6) deposition notice on ScanSoft. Among the subject matters identified in the notice was the conception and reduction to practice of any invention of the '966 patent. Ex. 4 ¶ 8. ScanSoft designated its Chief Technology Officer, Michael Phillips, as its representative to testify on the subject matters listed in the deposition notice. Ex. 5 at 2-4.

On January 20, 2005, VST took the deposition of Peter J. Foster, one of the named inventors of the '966 patent and formerly the Chief Executive Officer of Voice Control Systems. Mr. Foster testified that he did not possess any documents relating to the conception or reduction

---

[1] All exhibits cited in this memorandum are attached to the Declaration of Wendy S. Plotkin filed herewith.

2

to practice of the '966 patent. Ex. 6 at 27. He also testified that Voice Control Systems had retained the '966 patent development documents on its office computer system, and that ScanSoft had taken possession of the former Voice Control Systems office. *Id.* at 142.

On February 8, 2005, VST took the Rule 30(b)(6) deposition of Michael Phillips. Mr. Phillips testified that he had done nothing to identify the date conception of the alleged invention claimed in the '966 patent, and that he (and to his knowledge others) at ScanSoft had done nothing to search for documents in ScanSoft's possession relating to the conception or reduction to practice of the invention of the '966 patent. Mr. Phillips further testified that he did not know whether ScanSoft had destroyed any documents relating to the conception or reduction to practice of the alleged invention of the '966 patent, and he did not know what, if anything, had been done to preserve records. Ex. 7 at 33-43.

In light of Mr. Foster's testimony and ScanSoft's failure to produce development documents for the '966 patent, VST noticed a second Rule 30(b)(6) deposition of ScanSoft on January 31, 2005, seeking to depose the person most knowledgeable at ScanSoft regarding the disposition of Voice Control Systems' documents relating to the '966 patent and the closing by ScanSoft of the former Voice Control Systems office. Ex. 8 at 3. On February 1, 2005, VST also served a deposition subpoena on Fadi Kaake, whom Mr. Foster had identified at his deposition as one of the few remaining ScanSoft employees who had worked at Voice Control Systems. Ex. 6 at 35.

On February 14, 2005, ScanSoft responded to VST's second Rule 30(b)(6) deposition notice by designating Jeanne McCann to testify on its behalf. Ex. 9 at 2. On February 7, 2005, ScanSoft agreed to make Mr. Kaake available for a deposition and stated it would propose a date for his deposition "shortly." Ex. 10.

3

Thereafter, despite repeated requests from VST, ScanSoft has failed to provide dates on which Ms. McCann and Mr. Kaake would be available to be deposed. Finally, by letter dated March 3, 2005, (Ex. 11) ScanSoft informed VST that it would make Ms. McCann and Mr. Kaake available for depositions only "in conjunction with VST's reciprocal efforts to arrange dates certain for the depositions of the witnesses that ScanSoft has noticed, including Messrs. Gillick, Roth (Robert), Yamron, Grabherr, Pantzarr, Lazay, and Roth (Dan)." Ex. 11. ScanSoft had earlier noticed the depositions of those individuals, and VST had agreed to make them available for depositions. However, ScanSoft has since declined to proceed with those depositions.

## ARGUMENT

**I.    SCANSOFT's REFUSAL TO MAKE MS. McCANN AND MR. KAAKE AVAILABLE FOR DEPOSITIONS UNTIL AFTER VOICE SIGNAL PRODUCES SOURCE CODE IS IMPROPER.**

VST's second Rule 30(b)(6) deposition notice has been outstanding since January 31, 2005. ScanSoft has designated Ms. McCann to testify as its Rule 30(b)(6) representative VST's deposition subpoena to ScanSoft employee Fadi Kaake has been outstanding since February 1. The requested discovery is relevant to the subject matter of this case and reasonably calculated to lead to the discovery of admissible evidence. No objection to the deposition notice or the subpoena has been asserted and no motion for a protective order has been filed. ScanSoft is simply refusing to comply with its discovery obligations.

ScanSoft's ostensible reason for refusing to provide this discovery is that, in ScanSoft's opinion, VST has not met its discovery obligations to ScanSoft. However, this Court has explicitly held that "parties to a lawsuit cannot, without seeking some sort of relief from the Court, refuse to provide discovery to another party on the basis that the other party has not provided discovery to them." *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992).

4

## **CONCLUSION**

These relevant depositions should proceed. VST's Motion to Compel Depositions should be granted.

                                        Respectfully submitted,

                                        VOICE SIGNAL TECHNOLOGIES, INC.

                                        By its attorneys,


                                        /s/ Wendy S. Plotkin
                                        Robert S. Frank, Jr. (BBO No. 177240)
                                        Sarah Chapin Columbia (BBO No. 550155)
                                        Paul D. Popeo (BBO No. 567727)
                                        Paul E. Bonanno (BBO No. 646838)
                                        Wendy S. Plotkin (BOB No. 647716)
                                        CHOATE, HALL & STEWART
                                        53 State Street
                                        Boston, MA  02109
                                        (617) 248-5000

Dated: April 1 2005

3875709_1.DOC