# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF
## DOCUMENT REQUESTS TO PLAINTIFF

Defendant/counter-claim plaintiff, Voice Signal Technologies, Inc. ("VST") hereby requests, pursuant to Fed. R. Civ. P. 34, that plaintiff/counter-claim defendant, ScanSoft, Inc. ("ScanSoft") make the following documents and things available for inspection and copying at the offices of Choate, Hall & Stewart, 53 State Street, Boston, Massachusetts 02109 within (30) days receipt of this Request.

## DEFINITIONS

As used herein, the following terms shall have the meanings set forth below.

1.     The terms "and" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; in other words, to give each request its broadest possible meaning.

2.     The term "any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3.    "VST" shall mean Voice Signal Technologies, Inc. and any and all predecessors, successors, parents, subsidiaries, affiliates, servants, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

4.    "ScanSoft," "you," and "your" shall mean ScanSoft, Inc. and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

5.    "'966 Patent" means United States Patent No. 6,501,966.

6.    "'630 Patent" means United States Patent No. 6,594,630.

7.    "Small Platform Voice Recognition System" means any system, process or product for analyzing a human voice for the purpose of controlling, affecting or implementing a function of an appliance, cell phone or wireless phone, personal digital assistant, automotive system, toy or any device that employs or provides voice control of a device.

8.    "VCT" means Voice Control Technologies, Inc., and any and all predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents and attorneys.

9.    "Phillips N.A." means Phillips Electronics North America Corporation, and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.V.

10.    "Phillips N.V." means KoninKlijke Phillips Electronics N.V., and its direct and indirect parents, subsidiaries and affiliates, excluding Phillips N.A.

11.    "Phillips Electronics" means Phillips N.A. and Phillips N.V.

12.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) orally, in writing, in person, or by the use of any device.

13.   The term "concerning" shall mean regarding, mentioning, referring to, relating to, memorializing, describing, evidencing, commenting on, constituting or containing.

14.   "Document" or "documents" shall be construed in the broadest sense permissible under Fed. R. Civ. P. 34, and shall mean all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to ScanSoft or within ScanSoft's possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

15.   The terms "person" shall mean, in the plural as well as the singular, any natural person, firm, corporation, unincorporated association, division, subsidiary, partnership, or other form of legal entity or governmental body, including any and all representatives, successors, heirs, assigns, officers, directors, officials, servants, employees, agents, attorneys, or other persons or entities who have acted or purported to act for or on behalf of any of them.

16.   The term "including" shall mean "including, but not limited to."

## INSTRUCTIONS

A.   These requests require the production of documents in the possession, custody or control of ScanSoft, as defined above, and not merely ScanSoft, Inc.

B.   These requests shall be deemed continuing, and ScanSoft is required to supplement its response with documents or things requested herein that presently are unavailable or unknown to ScanSoft, but which later become available or known to ScanSoft.

C.    Each document request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

D.    As to documents or portions of documents responsive to these requests for which ScanSoft asserts a privilege or which ScanSoft asserts are otherwise not subject to production, please identify each withheld document, stating with respect to each such document:

(a)    the date of the document;

(b)    the title of the document;

(c)    the type of document (*e.g.*, letter, memorandum, computer diskette, *etc.*);

(d)    the name, employer and title of the author(s) of the document;

(e)    the name, employer and title of each person to whom the document was addressed and each person who was to receive or who actually did receive the document or a copy thereof;

(f)    the subject matter of the document;

(g)    the identity of each person having possession, custody or control of the document; and

(h)    the factual and/or legal basis(es) for your claim of privilege or ground(s) for non-production with respect to the document.

E.    The responsive documents and things shall be produced either as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the requests. If there are no documents or things responsive to a specific request, ScanSoft shall so state in writing in its response.

F.    Each request calls for production of each document and thing in its entirety, without abbreviation, redaction, expurgation, or modification.

G.    Each request seeks production of all documents and things described, along with any addenda, attachments, drafts, and non-identical copies, as found or located in

either ScanSoft's business files or in the personal files of its officers, directors, agents or employees, together with a copy of the descriptive file folder or other identifying characteristics in their entirety.

**REQUESTS**

**REQUEST NO. 1**

All documents concerning the '966 Patent.

**REQUEST NO. 2**

All documents concerning the '630 Patent.

**REQUEST NO. 3**

All documents concerning VST.

**REQUEST NO. 4**

All documents that describe the functionality, capabilities or method of operation of any ScanSoft Small Platform Voice Recognition System, including, all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams or source code listings of or for any such System.

**REQUEST NO. 5**

All documents concerning any ScanSoft product in which an utterance, a spoken command, a word, or a series of words, is analyzed by reference, in part, to pauses that precede, follow, or intervene between, spoken words, including all marketing materials, product descriptions, functional specifications, design specifications, block diagrams, data flow diagrams and source code listings of or for any such product.

**REQUEST NO. 6**

All documents concerning any effort by ScanSoft to design, redesign, rework, change plans for, or modify any ScanSoft product in view of the '630 Patent.

**REQUEST NO. 7**

All analyses of the '630 Patent, including any legal opinion concerning the '630 Patent.

**REQUEST NO. 8**

All documents relating to the circumstances in which ScanSoft first became aware of the '630 Patent.

**REQUEST NO. 9**

All documents concerning the preparation, filing, prosecution, or disclosures of any application leading, directly or indirectly, to the issuance of the '966 Patent, any patent or patent application that claims priority to any such application (a "Related Patent/Application"), or any foreign counterpart of the '966 Patent ("'966 Foreign Counterpart").

**REQUEST NO. 10**

All documents concerning any prior art search performed in connection with any application leading, directly or indirectly, to the issuance of the '966 Patent, to any Related Patent/Application or any '966 Foreign Counterpart.

**REQUEST NO. 11**

All documents concerning any device, publication or activity that has been identified by anyone as prior art in relation to the '966 patent, any Related Patent/Application or '966 Foreign Counterpart, and all documents concerning any such device, publication or activity.

**REQUEST NO. 12**

All documents concerning the manufacture, use, licensing, offer for sale, sale, display or capabilities of voice recognition technology in connection with (a) a cellular telephone, wireless telephone or cellular or wireless communication system, or (b) the placing of any telephone call of any kind, prior to April 13, 1992.

**REQUEST NO. 13**

All documents that constitute, contain, or refer to, any publication by any of the named inventors of the '966 Patent relating to voice recognition technology.

**REQUEST NO. 14**

All documents relating to any sale, offer for sale, licensing, offer to license or demonstration of voice recognition technology developed (in whole or in part) by VCT, or any use of such technology by, or in the presence of, persons who were not VCT employees.

**REQUEST NO. 15**

All documents concerning any licensing of, or offer to license, voice recognition technology by, or to, VCT, Phillips Electronics or ScanSoft.

**REQUEST NO. 16**

All documents concerning the actual, potential or proposed transfer (a) between Phillips N.A. and Phillips N.V. or (b) by Phillips N.A. and/or Phillips N.V., or any related entity, to ScanSoft, of the '966 Patent, any Related Patent/Application or any '966 Foreign Counterpart, including documents concerning any analysis of the '966 Patent, any Related Patent/Application or any '966 Counterpart Patent, provided to, or performed by or at the request of, ScanSoft in connection with any such actual or proposed transfer.

**REQUEST NO. 17**

All documents concerning any communication or agreement between ScanSoft and Bernard F. Bareis, Peter J. Foster or Thomas B. Schalk.

**REQUEST NO. 18**

All documents concerning payment of reduced fees under 37 C.F.R. 1.27 in connection with the prosecution of any application leading to the '966 Patent.

**REQUEST NO. 19**

All documents concerning the discovery, development, or use, by or at Texas Instruments of any subject matter disclosed or claimed in the '966 Patent.

**REQUEST NO. 20**

All documents concerning any civil or criminal action to which any of Bernard J. Bareis, Peter J. Foster or Thomas B. Schalk was a party, or to any testimony by affidavit, at a deposition or at trial, in any civil or criminal action by any of Messrs. Bareis, Foster or Schalk.

**REQUEST NO. 21**

All documents concerning any actual, proposed or potential marketing, sale, lease, license, offer for sale, offer for lease or offer for license by ScanSoft of any Small Platform Voice Recognition System in the United States, including all proposals made, and contracts entered into, by ScanSoft concerning the sale, lease or license of a ScanSoft Small Platform Voice Recognition System.

**REQUEST NO. 22**

All documents concerning any consideration or analysis of any VST product or process, the question whether any such product or process infringes a patent owned by or licensed to

ScanSoft, or the effect that the sale or licensing of any such VST product, or the use of any such process, has or has had on sales or licensing of any ScanSoft product.

### REQUEST NO. 23

All documents concerning any analysis of the possible infringement of the '966 Patent by any product or process of any person other than VST.

### REQUEST NO. 24

All documents concerning any loss of revenues or profits by ScanSoft by reason of, or relating to, conduct of VST, including all documents concerning ScanSoft's revenues from the sale or licensing of voice recognition software for use in cellular telephones, wireless telephones or cellular communication systems or wireless communication systems and all documents concerning the costs incurred by ScanSoft in connection with such sales or licensing activity.

### REQUEST NO. 25

All documents concerning the revenues received, and any costs incurred, by ScanSoft in connection with the sale, leasing or licensing in the United States of any Small Platform Voice Recognition System or rights relating to any Small Platform Voice Recognition System, excluding documents requested in Request No. 24, *supra.*

### REQUEST NO. 26

All documents that ScanSoft intends to use as evidence at trial.

### REQUEST NO. 27

All documents concerning ScanSoft's decision to bring suit against VST.

### REQUEST NO. 28

All documents concerning any communications between ScanSoft and VST.

**REQUEST NO. 29**

All documents concerning the civil action entitled *Lernout & Hauspie Speech Products N.V. et al. v. Gillick, et al"*, Middlesex Superior Court C.A. No. 01-3924, excluding only pleadings in the public file of that case.

**REQUEST NO. 30**

All documents concerning any actual, potential or proposed communication by ScanSoft with any person or entity other than VST regarding this action or any fact or conduct alleged by any party in this action.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place/53 State Street
Boston, MA 02109
(617) 248-5000

Dated: May 26, 2004
3698498_1.DOC

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 5/26/04

# Exhibit 2

# CHOATE, HALL & STEWART

### A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

PAUL E. BONANNO
DIRECT DIAL: (617) 248-4753
EMAIL: PBONANNO@CHOATE.COM

January 11, 2005

**BY FACSIMILE AND
FIRST-CLASS MAIL**
Jack C. Schecter, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110

> Re:   *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.*
>        Civil Action No. 04-10353 (PBS)

Dear Jack:

To date, ScanSoft has not produced any documents regarding the '966 patent except for publicly available file history documents. In particular, ScanSoft has not produced any documents pertaining to the discovery, development or reduction to practice of the subject matter of the '966 patent; the public use, display, license or sale of voice recognition technology in connection with a cellular telephone or communications system prior to April 13, 1992; prior art searches performed in connection with the '966 patent (other than cited references); infringement analyses of the '966 patent; or publications by the named inventors of the '966 patent (other than cited references). These categories of documents were, of course, requested in Voice Signal Document Request Nos. 1, 9, 10, 11, 12, 13, 14, 19, and 23, among others, on May 26, 2004. ScanSoft stated that it would produce non-privileged documents responsive to each request. It has not done so. Please produce any such documents no later than Friday, January 14, or confirm as to each of the requests identified above that ScanSoft has no responsive documents in its possession or control.

Very truly yours,

Paul E. Bonanno

cc:   Robert S. Frank, Jr., Esq.
      Sarah Chapin Columbia, Esq.
      Paul D. Popeo, Esq.
      Wendy S. Plotkin, Esq.

3787409_1.DOC

# Exhibit 3

125 SUMMER STREET  BOSTON MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG + SUNSTEIN LLP

Jack C. Schecter
T 617 443 9292 x281
JSCHECTER@BROMSUN.COM

January 12, 2005

**FACSIMILE AND FIRST CLASS MAIL**

Paul E. Bonanno, Esq.
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109-2804

Re    *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.,* Docket No. 04-10353(PBS)
      Our File    02639/00509

Dear Paul:

I write to respond to your letter of January 11, 2005 regarding ScanSoft's responses to
several categories of discovery included in Voice Signal's first set of document requests.

With respect to Voice Signal's requests for documents pertaining to the discovery,
development or reduction to practice of the subject matter of the '966 patent; the public use,
display, license or sale of voice recognition technology in connection with a cellular
telephone or communications system prior to April 13, 1992; prior art searches performed in
connection with the '966 patent; infringement analyses of the '966 patent; or publications by
the named inventors of the '966 patent, ScanSoft has produced all responsive, non-privileged
documents currently in its possession or control.

In considering ScanSoft's responses to the categories of discovery sought by these document
requests, Voice Signal should note that ScanSoft only acquired the '966 patent in 2003, more
than a decade after the development of the invention claimed therein.  As a result, the
development and pre-priority date sales information sought by Voice Signal has never been
in ScanSoft's possession.

Of course, if additional information becomes available through discovery or otherwise, if
necessary, ScanSoft will supplement its response to each of VST's discovery requests as
required by Fed. R. Civ. P. 26(e).

ATTORNEYS AT LAW

Paul Bonanno, Esq.
Choate, Hall & Stewart
January 12, 2005
Page 2

Please feel free to contact me if you have any further questions.

Sincerely,

Jack C. Schecter

JCS/

Cc:   John M. O'Toole (via email)

02639/00509  357061.1

# Exhibit 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-10353-PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |

To:     Lee Carl Bromberg, Esq.
        Robert Asher, Esq.
        Julia Huston, Esq.
        Lisa M. Fleming, Esq.
        Jack C. Schecter, Esq.
        BROMBERG & SUNSTEIN LLP
        125 Summer Street
        Boston, MA 02110-1618

### NOTICE OF RULE 30(b)(6) DEPOSITION OF SCANSOFT, INC.

Please take notice that, pursuant to Fed. R. Civ. P. 30(b)(6), defendant and counterclaim plaintiff Voice Signal Technologies, Inc. will take the deposition upon oral examination of plaintiff and counterclaim defendant ScanSoft, Inc. ("ScanSoft") on Friday, January 21, 2005 beginning at 10:00 a.m. The deposition shall be conducted at the offices of Choate, Hall & Stewart, 33rd Floor, Exchange Place, Boston, Massachusetts 02109, before an official authorized by law to administer oaths. The deposition shall be recorded by stenographic means and shall continue through the day until completed.

Please take further notice that, pursuant to Fed. R. Civ. P. 30(b)(6), ScanSoft shall designate to testify concerning each of the matters set forth in the attached **Schedule A** one or more of its officers, directors, managing agents or other persons who consent to testify on its behalf.

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  January 12, 2005
3781255_1.DOC

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1.      The definitions set forth in Local Rule 26.5(C) and in 35 U.S.C. § 100 are deemed incorporated herein by reference.

2.      "And" and "or" shall, where the context permits, be construed to mean "and/or."

3.      "ScanSoft" or "plaintiff" refers to the plaintiff, ScanSoft, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parents, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

4.      "Voice Signal" refers to the defendant Voice Signal Technologies, Inc., and to its officers, directors, employees, agents, attorneys, representatives, partners, corporate parents, subsidiaries, divisions, and/or affiliates, to the full extent set forth in Local Rule 26.5(C)(5).

5.      "'966 patent" refers to U.S. Patent No. 6,501,966.

### SUBJECT MATTERS OF DEPOSITION

1.      The identity of each Voice Signal product that ScanSoft believes utilizes, or induces others to utilize, any method claimed in the '966 patent.

2.      The identity of each Voice Signal product that ScanSoft believes infringes, or induces or contributes to the infringement of, the '966 patent.

3.      The reasons why ScanSoft believes that Voice Signal infringes, induces others to infringe, or contributes to the infringement of, any claim of the '966 patent and the identity of the claim(s) that ScanSoft believes is(are) infringed.

4.    The prosecution of any of United States Patent Applications Nos. 07/867,873, 08/216,009, 08/914,440 or 09/722,810.

5.    Any sale or licensing, or offer to sell or license, prior to April 13, 1992, of any speech recognition method, system or apparatus for use in, or in conjunction with, a mobile telecommunications device (including, without limitation, a cell phone), or in, or in conjunction with, a mobile telecommunications exchange which was capable of recognizing digits representing a telephone number and at least one keyword (other than a digit).[1]

6.    All printed publications dated prior to April 13, 1992 that describe any speech recognition method, system or apparatus for use in, or in conjunction with, a mobile telecommunications device (including, without limitation, a cell phone), or in, or in conjunction with, a mobile telecommunications exchange which was capable of recognizing digits representing a telephone number and at least one keyword (other than a digit).

7.    The public use or display prior to April 13, 1992 of any speech recognition method, system or apparatus for use in, or in conjunction with, a mobile telecommunications device (including, without limitation, a cell phone), or in, or in conjunction with, a mobile telecommunications exchange which was capable of recognizing digits representing a telephone number and at least one keyword (other than a digit).

8.    The conception, development or reduction to practice of any alleged invention claimed in the '966 patent.

9.    Any evidence of long-felt need for any alleged invention claimed in the '966 patent.

---

[1]  As used herein, "keyword" may be a name, a location, or a relationship.

10.    Any evidence of the commercial success of any alleged invention claimed in the '966 patent.

11.    The identity of any product made or sold by Voice Control Systems, Inc. that embodied any alleged invention claimed in the '966 patent.

12.    All communications (a) within ScanSoft or (b) between any officer, director, employee or lawyer of or for ScanSoft and any third person in which reference was made to Voice Signal or the '966 patent.

13.    Any analysis by or for ScanSoft, Koninklijke Philips Electronics N.V. or Voice Control Systems, Inc. or any of their corporate parents, subsidiaries or affiliates, of the scope of the claims, validity, enforceability or infringement of the '966 patent.

14.    The marking of any product with a reference to the '966 patent.

3781257_1.DOC

# Exhibit 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OBJECTIONS TO NOTICE OF RULE 30(b)(6)
## DEPOSITION OF SCANSOFT, INC.

Pursuant to the applicable Federal Rules of Civil Procedure and Local Rules, plaintiff ScanSoft, Inc. ("ScanSoft") responds and objects as follows to the January 12, 2005 Notice of Rule 30(b)(6) Deposition of ScanSoft, Inc. (the "Notice") and accompanying "Subject Matters for Deposition" served on ScanSoft by Voice Signal Technologies, Inc. ("VST").

### GENERAL OBJECTIONS

1.    ScanSoft objects to the subject matters for deposition to the extent that they seek to impose discovery obligations beyond the scope of the applicable provisions of the Federal Rules of Civil Procedure.

2.    ScanSoft objects to the subject matters for deposition to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, Fed. R. Civ. P. 26(b), and any other applicable privilege or immunity.

3.    ScanSoft objects to the subject matters for deposition to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, unreasonably cumulative,

duplicative, meant only to harass ScanSoft, irrelevant to the subject matter of this action, outside the scope of permissible discovery, and/or unlikely to lead to the discovery of admissible evidence.

4.    ScanSoft objects to the subject matters for deposition to the extent that they attempt to require ScanSoft to disclose information not within ScanSoft's possession, custody, or control.

5.    The preceding objections apply to all of the subjects for deposition listed in Attachment A of the Subpoena.

## SPECIFIC OBJECTIONS AND RESPONSES

In response to the numbered paragraphs set forth in Schedule A of the Notice, ScanSoft hereby makes the following specific objections and designations:

1.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

2.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

3.    ScanSoft objects to this subject matter for deposition on the basis that Voice Signal has not produced the discovery necessary for ScanSoft to fully develop its infringement contentions or to identify the bases therefore.  ScanSoft also objects to this topic to the extent that it calls for legal opinions and seeks information that is based upon or reflects attorney-client communications or attorney work product.  Subject to and without waiving the foregoing objections, ScanSoft designates Michael Phillips to provide testimony as to the facts upon which ScanSoft may rely in support of its contentions regarding Voice Signal's continued infringement of the '966 patent and the identity of the claims that ScanSoft believes are infringed.

2

4.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

5.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

6.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

7.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

8.    ScanSoft objects to this subject matter for deposition to the extent that it calls for legal opinions and seeks information that is based upon or reflects attorney-client communications or attorney work product.  Subject to and without waiving the foregoing objections, ScanSoft designates Michael Phillips to provide testimony as to the facts currently known to ScanSoft regarding the conception, development or reduction to practice of the inventions claimed in the '966 patent.

9.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

10.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

11.    ScanSoft objects to this subject matter for deposition to the extent that it calls for legal opinions and seeks information that is based upon or reflects attorney-client communications or attorney work product.  Subject to and without waiving the foregoing objections, ScanSoft designates Michael Phillips to provide testimony as to the facts currently

3

known to ScanSoft regarding the identity of any product made or sold by Voice Control Systems, Inc. that embodied the inventions claimed in the '966 patent.

12.    ScanSoft objects to this subject matter for deposition to the extent it seeks information that is based upon or reflects attorney-client communications or attorney work product. Subject to and without waiving the foregoing objections, ScanSoft designates Michael Phillips to provide testimony as to the facts currently known to ScanSoft regarding communications within ScanSoft or between any officer, director or employee of ScanSoft and any third person in which reference was made to Voice Signal or the '966 patent.

13.    ScanSoft objects to this subject matter for deposition to the extent it seeks information that is based upon or reflects attorney-client communications or attorney work product. Subject to and without waiving the foregoing objections, ScanSoft designates Michael Phillips to provide testimony as to the facts currently known to ScanSoft regarding analyses of the scope of the claims, validity, enforceability or infringement of the '966 patent.

14.    ScanSoft designates Michael Phillips to testify as to the facts currently known to ScanSoft regarding this subject matter for deposition.

Dated: January 19, 2005                                SCANSOFT, INC.,
                                                       By its attorneys,


                                                       Lee Carl Bromberg, BBO #058480
                                                       Robert Asher, BBO #022865
                                                       Julia Huston, BBO #562160
                                                       Lisa M. Fleming, BBO #546148
                                                       Jack C. Schecter, BBO #652349
                                                       BROMBERG & SUNSTEIN LLP
                                                       125 Summer Street
                                                       Boston, Massachusetts 02110-1618
                                                       (617) 443-9292

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Bonanno, Esq., Choate, Hall & Stewart, 53 State Street, Boston, MA 02109-2804 by facsimile and first class mail on the above date.

Jack C. Schecter

02639/00509  358399.1

5