**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **C.A. No. 04-10353-PBS** |
| | ) |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**VOICE SIGNAL'S OPPOSITION TO**
**PLAINTIFF'S MOTION FOR CLARIFICATION**
**OF CLAIM CONSTRUCTION BRIEFING ORDER**

At the hearing in this case on March 16, 2005, the Court, over plaintiff ScanSoft's objections, accelerated the date for the Markman hearing. It directed (1) that the parties identify claim terms/phrases that are in dispute "within ten days," (2) that ScanSoft file a claim construction brief by the end of April, and (3) that defendant Voice Signal file a responsive brief by the end of May. The Markman hearing is to be held on June 17, 2005. Transcript, pp. 19-21, Ex. A, attached.

On April 30, 2005, the parties exchanged letters in purported compliance with the first step in the process established by the Court. Voice Signal's letter identified the claim terms and phrases that it believes to be the subject of dispute between the parties. Ex. B, attached.

For its part, ScanSoft professed not to know whether there was disagreement as to any term in ScanSoft's U.S. Patent No. 6,501,966. Ex. C, attached. It complained that Voice Signal

had not provided to ScanSoft Voice Signal's definitions of particular terms in ScanSoft's '966 patent. In addition, ScanSoft's March 30 letter informed Voice Signal for the first time (and contrary to its sworn answers to interrogatories) that ScanSoft intended to assert against Voice Signal seven claims in the '966 patent that it had not previously asserted.[1] It complained that Voice Signal had not provided definitions of terms and phrases in those claims as well. Then, with respect to Voice Signal's counterclaim patent (U.S. Patent No. 6,594,630), ScanSoft provided supposed definitions that were not definitions at all (for example, ScanSoft proposes to define the phrase, "spectral content is dynamic" as "dynamic spectral content"), and ScanSoft did not address at all eight of the ten claims that Voice Signal has asserted against ScanSoft.

All of this is litigation gamesmanship. This case has been pending for a full year. Patent-related discovery is nearing completion. The parties know very well which claim terms are at issue. Any residual doubt was removed by Voice Signal's March 30 letter (Ex. B).

In sum, ScanSoft's assertion that Voice Signal's actions "will prevent the parties from submitting substantive claim construction briefs" (Emergency Motion, p. 3) is incorrect. The parties know the claim terms that are in dispute. ScanSoft's assertion that Voice Signal should have defined terms in claims that ScanSoft had not previously asserted against Voice Signal is nonsense. If, as ScanSoft apparently contends, the March 30 letters were an occasion for identifying for the first time claims that were to be asserted against the opposing party, the opposing party could hardly have been expected to identify disputed terms (much less to define those terms) in the newly-asserted claims. And, ScanSoft's failure in its March 30 letter (Ex. C) to provide substantive proposed constructions with respect to the claims that Voice Signal is

---

[1]  The question whether ScanSoft may double the number of claims that it is asserting against Voice Signal *after* Voice Signal deposed all of the inventors of the '966 patent and ScanSoft's Rule 30(b)(6) witnesses regarding that patent will be the subject of a separate motion.

asserting against ScanSoft merely illustrates that the procedure for which ScanSoft now contends

will not, in any event, improve the claim construction process.

ScanSoft should file its Markman brief, as directed by the Court, at the end of April.

Voice Signal will then file its Markman brief, as directed by the Court, at the end of May.  The

Court will then construe the relevant claims.  The time for tactical maneuvering has passed.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,


/s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BOB No. 647716)
CHOATE, HALL & STEWART
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  April 6 2005

3908987_1.DOC