**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' APPLICATION FOR STAY
PENDING APPEAL TO DISTRICT COURT**

Plaintiff ScanSoft, Inc. ("ScanSoft") opposes the Application for Stay Pending Appeal to District Court filed by defendant Voice Signal Technologies, Inc. ("VST"). VST seeks a stay of Magistrate Judge Alexander's Order of March 30, 2005, commanding VST to "produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST." VST provides no grounds justifying a stay of that Order and fails to explain its delay in filing for a stay or its reasons for waiting until the last possible moment to file its objections to the Court's Order. VST's maneuvering instead extends its pattern of persistent stonewalling and delay to obstruct and frustrate ScanSoft's efforts to obtain any meaningful discovery in this case. Thirteen months into this case and VST having produced no discovery on ScanSoft's trade secrets claim, VST's application for a stay should be denied, and it should be ordered to comply with this Court's Order forthwith.

**Argument**

## I.   VST'S APPLICATION SHOULD BE DENIED BECAUSE IT PROVIDES NO BASIS FOR A STAY.

The law requires that Magistrate Judge Alexander's March 30, 2005 Order be complied with in the absence of any explicit stay.  *See* Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts ("Local Magistrate Judge Rules"), Rule 2(c).

In order to obtain a stay, VST must demonstrate a basis on which the District Court might reverse, vacate or modify Magistrate Judge Alexander's Order.  *See United States v. Gioia, et al.*, 853 F. Supp. 21, 25-26 (D. Mass. 1994) ("A party seeking a stay [of the Order of a Magistrate Judge] has the burden of setting forth at least a *de minimis* showing that there is some reason to believe that the order which is sought to be stayed will be set aside.").  VST has provided <u>no</u> showing that there is any likelihood that the District Court will set aside the Magistrate Judge's March 30, 2005 Order.

VST's failure to demonstrate a basis upon which the District Court might set aside Magistrate Judge Alexander's Order is not surprising.  After all, the Order at issue sets forth a scope of initial discovery into ScanSoft's trade secrets claims that precisely mirrors that suggested by the District Court itself.  At a March 16, 2005 hearing Judge Saris stated that the parties should engage in discovery on ScanSoft's trade secrets claims:  "I am also willing to give you a narrower scope of discovery on trade secrets that has to do with things that the people who used to work at Dragon and L&H prepared, commented on, emailed . . . subject to a protective order" (*id.* p. 13, ll. 12-16).  The Court commented that this would be "one good place to start" the trade secrets discovery (*id.* p. 16, l. 24) and proposed that VST "produce everything that

[Messrs. Gillick, Roth, Yamron and Grabherr] prepared on the speech algorithms" (*id*. p. 17, ll. 3-4). Considering that the individual defendants commenced working at VST in early 2001, the Court stated that this initial trade secrets discovery should cover the years 2001 and 2002 (*id.* p. 19, l. 2).

The initial trade secrets discovery suggested by Judge Saris and ordered by Magistrate Judge Alexander is fundamental to ScanSoft's ability to establish the facts necessary to prove its trade secrets claims. Judge Saris recognized this on March 16, 2005 when she declared that VST "can't just completely stonewall on the trade secret thing." (p. 18, ll. 11-12). VST has failed to provide any reason to believe the District Court will set aside the Magistrate Judge's Order and, in effect, reverse itself, on this matter. VST's application for a stay should be denied, and it should be ordered to comply with this Court's March 30, 2005 Order immediately.

## II.    VST SHOULD NOT BE PERMITTED TO FURTHER DELAY DISCOVERY.

In addition to its failure to set forth any substantive support for its application for a stay, the timing of VST's application further demonstrates that its only purpose is to create yet another obstacle to ScanSoft's discovery efforts.

The Magistrate Judge's Order was served on March 30, 2005 and commanded VST to "produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST." Nothing in that Order suggested that the time for compliance was in any way deferred. Yet VST delayed a full week before filing its cursory application for a stay on April 7, 2005. VST's refusal to relent from its path of stonewalling should not be tolerated, and the delay in filing its perfunctory application for a stay is inexcusable. *See In re Lernout & Hauspie Securities Litigation*, 219 F.R.D. 28, 30-31 (D. Mass. 2003) ("it is improper (and probably contumacious) to fail to comply

with the Order [of a Magistrate Judge] and not to seek a stay at a time reasonably in advance of the time for compliance.").[1]

## Conclusion

For the foregoing reasons, ScanSoft respectfully requests that this Court (1) deny VST's Application for a Stay Pending Appeal to District Court and (2) Order VST to comply with the Court's March 30, 2005 Order and immediately produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST.

Dated:  April 11, 2005                        SCANSOFT, INC.,
                                              By its attorneys,


                                              /s/ Jack C. Schecter
                                              Lee Carl Bromberg, BBO #058480
                                              Robert Asher, BBO #022865
                                              Julia Huston, BBO #562160
                                              Lisa M. Fleming, BBO #546148
                                              Jack C. Schecter, BBO #652349
                                              BROMBERG & SUNSTEIN LLP
                                              125 Summer Street
                                              Boston, Massachusetts 02110-1618
                                              (617) 443-9292


02639/00509  377378.1

---

[1]    VST's application for a stay indicates that VST plans to wait to file its Objection to the Magistrate Judge's March 30, 2005 Order until April 13, 2005, the last possible date on which it can make such an application. *See* Local Magistrate Rules 2(c). While such a filing is technically timely, it further demonstrates VST's commitment to utilize each and every day as an opportunity to delay the discovery process in this litigation.