UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants ) | C.A. No. 04-10353-PBS |

**SCANSOFT'S REPLY IN FURTHER SUPORT OF ITS MOTION FOR
CLARIFICATION OF CLAIM CONSTRUCTION BRIEFING ORDER**

ScanSoft moved on March 24, 2005, to clarify this Court's order regarding the parties' identification and construction of disputed claim terms in advance of a *Markman* hearing. The purpose of that motion was to ensure that the *Markman* hearing would not become a wasteful exercise in construing terms not seriously in dispute and to ensure a more streamlined process in which the parties actually understood what was disputed before they write their claim construction briefs. Voice Signal's opposition to ScanSoft's motion, however, shows that Voice Signal does not want such a streamlined and efficient approach. Rather, Voice Signal's opposition brief creates even more confusion. In particular, Voice Signal sows confusion on three points.

First, while Voice Signal has certainly called out certain terms of ScanSoft's '966 patent in its letter of March 30, 2005 (Exh. B to Voice Signal's opposition brief), Voice Signal has not said what it believes those terms mean. It is one thing to call out isolated terms and another to

assign meaning to those terms. Thus, ScanSoft still cannot tell whether the parties actually dispute the meanings of terms that Voice Signal identifies.

And while ScanSoft certainly understands Voice Signal's main defense to be that the '966 patent requires the voice recognizer to be located at the central switch of a mobile telecommunication system--as Voice Signal's counsel, Mr. Frank, stated at the March 16th hearing (see Exh. A, Hearing Transcript at pp. 6-7)--ScanSoft still does not know on which claim terms Voice Signal relies for this proposition. Certainly nothing in Voice Signal's March 30th letter indicates which claim terms require this limitation. Thus, it would be better for the briefing process if Voice Signal first stated what it contends the various claims to mean. Then ScanSoft can simply brief only those terms that truly require construction.[1]

Other courts have expressed a preference for having the accused infringer define the terms in contention in order to establish whether there really is anything to dispute. *See, e.g., Toter Inc. v. City of Visalia*, 44 U.S.P.Q.2d 1312, 1314 (E.D. Cal. 1997) (after defendant could not identify disputed terms, the court rejected a early *Markman* hearing and stated that it "sympathizes with Plaintiff's concern that the parties don't yet know the terms in dispute.")

Second, Voice Signal now tries to complicate the process by contending that its '630 patent should be included in the *Markman* claim construction exercise. But at the hearing, the Court made it clear that the purpose of the *Markman* exercise was to learn about ScanSoft's '966 patent so that it could better evaluate certain discovery issues. Indeed, when the Court asked Voice Signal's counsel, Mr. Frank, whether any claims of the Voice Signal '630 patent were disputed, he replied "I don't know." Transcript of March 16th Hearing at 20. The Court

---

[1] In contrast to Voice Signal's secretive claim construction, ScanSoft told Voice Signal the meaning of identified claim terms in Voice Signal's '630 patent. See Exh. C to Voice Signal's opposition brief (letter from Mr. Schecter to Mr. Popeo, dated March 30, 2005).

concluded that, while identification of the '630 patent claims might be helpful, construction of those claims at this stage was "not important on the discovery issue." *Id.*

Third and finally, Voice Signal attempts to keep out of play certain claims of the '966 patent that ScanSoft has recently and appropriately asserted against Voice Signal. But Voice Signal cannot seriously contend, as it now does, that it will be prejudiced by ScanSoft's assertion of these claims because Voice Signal has not yet had discovery on them. Indeed, Voice Signal itself resisted discovery on claim construction and, in a motion for a protective order, argued to this Court that discovery on claim construction should be precluded (because claim construction is a legal rather than factual matter). This Court, by virtue of the Magistrate Judge's Order of January 14, 2005, precluded discovery into claim construction. Thus, Voice Signal cannot be heard to complain that it may have to propose construction of additional claims of the '966 patent.

Dated:  April 12, 2005               SCANSOFT, INC.,
                                     By its attorneys,


                                      /s/ Jack C. Schecter
                                     Lee Carl Bromberg, BBO # 058480
                                     Robert Asher, BBO # 022865
                                     Erik Paul Belt, BBO # 558620
                                     Lisa M. Fleming, BBO # 546148
                                     Jack C. Schecter, BBO # 652349
                                     BROMBERG & SUNSTEIN LLP
                                     125 Summer Street
                                     Boston, Massachusetts 02110-1618
                                     Tel:  (617) 443-9292
                                     Fax:  (617) 443-0004
                                     E-mail:  jschecter@bromsun.com

02639/00539 376707.1

3