UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR <br><br> Defendants. | Civil Action No. 04-10353-PBS |

## SCANSOFT'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS

### INTRODUCTION

ScanSoft, Inc. ("ScanSoft") opposes the Motion for Sanctions filed on April 1,. 2005, by defendant Voice Signal Technologies, Inc. ("VST"). On January 14, 2005, and again on February 15, 2005, VST was ordered to produce its source code as the first step towards a mutual exchange of source codes with plaintiff ScanSoft. The Court's Order for reciprocal production by ScanSoft was based upon ScanSoft's stated willingness to produce its valuable and highly confidential source code as part of a mutual exchange. VST, however, continues its longstanding pattern of resisting discovery and has obstinately refused to produce its source code. VST now unfairly seeks to force ScanSoft to produce its source code unilaterally. This Court should reject VST's motion for what it is – a transparent attempt to mask its own intransigence. While ScanSoft has made every effort to comply with the Court's Orders to produce source code and has repeatedly proposed dates for a mutual exchange, VST continues its maneuvers to thwart the mutual exchange of source code contemplated by the Court. The Court

should reject VST's Motion for Sanctions and award ScanSoft the costs and fees associated with opposing VST's frivolous motion.

## BACKGROUND

ScanSoft filed its complaint alleging patent infringement and trade secret misappropriation in February of 2004. For eleven months, ScanSoft has sought discovery from VST, including the production of source code for VST's infringing products. VST refuses to produce its source code,[1] insisting that the code had no relevance to ScanSoft's claims. In July 2004, ScanSoft moved to compel production of the source code.

On January 14, 2005, after considering the parties' arguments regarding the production of source code, this Court issued a clear and unambiguous order. The Court found that VST's source code was relevant to ScanSoft's claims and ordered VST to produce its source code as part of a "mutual exchange" between the parties:

> The Court understands that VST's source code is valuable, but is not persuaded by VST's arguments that the source code is not relevant. Furthermore, the source code will be produced subject to the protective order that exists in this case and it is therefore protected in that regard. <u>The Court therefore ALLOWS ScanSoft's motion to compel to the extent that it seeks VST's source code and ORDERS VST to produce the source code</u>.

Order of January 14, 2005 at p. 5 (emphasis added).

Instead of honoring the Court's instruction, VST avoided its discovery obligations by filing dilatory and redundant motions. On January 31, 2005, VST filed a Motion to Clarify Scope of Discovery Order.[2] The Court denied VST's motion and, on February 15, 2005,

---

[1] VST also refuses to disclose any documentation relevant to ScanSoft's trade secret claims.

[2] In its pleadings, VST insisted that only the user interface source code was relevant to ScanSoft's patent infringement claim. This argument ignores the relevance of VST's source code to ScanSoft's trade secret claims, which are undeniably in the case, Judge Saris having

repeated its instruction that "VST must produce the source code of its VSuite product." **Exhibit A**, February 15 Teleconference, p. 4. The Court pointedly warned VST that it "said what it meant and meant what it said" in the January 14 Order. *Id.* at 3. While VST advanced the argument that only its user interface source code was relevant to ScanSoft's claims, the Court expressly declined to limit the production of VST source code to its user interface portion of the code, and directed VST to produce "[w]hatever ScanSoft has sought respective of source code." *Id.* at 4 (emphasis added).

VST persists in its refusal to produce the source code for its infringing products, in clear violation of both Orders. Furthermore, and in spite of its own, intentional, and continuing violation of the Court's Orders, VST filed the present Motion for Sanctions against ScanSoft in a shameless attempt to recast the Court's Order as a unilateral requirement that ScanSoft alone produce its code. VST's motion for sanctions is baseless and should be denied.

## ARGUMENT

**I. VST HAS WILFULLY IMPEDED THE COURT'S ORDER FOR A MUTUAL EXCHANGE OF SOURCE CODE**

Despite the Court's unambiguous Orders of January 14 and February 15 regarding production of source code, VST improperly attempts to recast the Orders as unilateral instructions that ScanSoft alone produce its source code. VST's position is both absurd and disingenuous. *See Damiani v. Rhode Island Hospital,* 704 F.2d 12, 15-16 (1st Cir. 1983) (condemning plaintiff for "arrogat[ing] control of discovery to himself" where plaintiff behaved

---

adopted Magistrate Judge Alexander's Report and Recommendation on January 26, 2005. On March 30, 2005, the Court denied VST's last ditch effort to avoid trade secrets discovery, a Motion for Protective Order Compelling Identification of Trade Secrets. Therefore, VST has no reasonable basis for arguing that only the user interface source code is relevant to ScanSoft's claims.

as if "the Court's order could be ignored with impunity"). The Court plainly conditioned its Order to ScanSoft on VST's compliance: "[b]ecause this Order directs VST to produce its source code, Scansoft must now <u>complete</u> the mutual exchange." Order of January 14, 2005 at p. 5 (emphasis added). In its motion, however, VST neglects to disclose to the Court that it has failed to comply with the Court's Order to produce its source code. In fact, VST has continuously thwarted ScanSoft's attempts to facilitate the mutual exchange as ordered by this Court.

## II. SCANSOFT REPEATEDLY SOUGHT A MUTUAL EXCHANGE OF SOURCE CODE IN COMPLIANCE WITH THE COURT'S ORDERS

### A. ScanSoft Initiated All Discussions with VST Regarding Mutual Exchange of Source Code

Soon after the Court issued its first Order of January 14, ScanSoft contacted VST to "arrange for the immediate exchange of the parties' source code" and proposed the following day for the exchange. **Exhibit B**, January 27, 2005 Letter from Lisa M. Fleming to Sarah Chapin Columbia at 1. ScanSoft told VST that, "[i]n accordance with the Magistrate Judge's Order, VST must produce source code for its speech recognition products including VSuite." ***Id.*** VST refused to set a date or even discuss the exchange; instead, VST replied that it "intends to file a motion for clarification of Magistrate Judge Alexander's Order, seeking to limit the source code to be produced by Voice Signal in connection with ScanSoft's patent claim to the user interface component." **Exhibit C**, January 28, 2005 Letter from Sarah Chapin Columbia to Lisa M. Fleming at 1. Thus, ScanSoft's first attempt to arrange for the mutual exchange was rebuffed by VST, which made clear that it intended to produce only the user interface portion of its source code despite the Court's Order to produce the source code in its entirety.

On February 1, 2005, ScanSoft again contacted VST in an attempt to arrange for the mutual exchange of source code. **Exhibit D**, February 1, 2005 Letter from Lisa M. Fleming to

Sarah Chapin Columbia at 1.  ScanSoft was again rebuffed.  **Exhibit E**, February 11, 2005 Letter from Paul D. Popeo to Lisa M. Fleming at 2 ([VST had] "not agreed to provide additional source code, which is the subject of a pending motion").  Indeed, VST retreated from its position of producing even the user interface module and refused to produce any source code at all.  *Id.* ("I will contact you when I am able to provide you with a specific date upon which that exchange will occur.").

Immediately following Judge Alexander's February 15, 2005 order that VST produce its entire source code for its infringing products, ScanSoft renewed its demand for the VSuite source code.  **Exhibit F**, February 16, 2005 Letter from Lisa M. Fleming to Paul D. Popeo.  ScanSoft reminded VST that its source code was relevant to both the patent infringement and trade secrets misappropriation claims.  *Id.* at 3.  VST responded and, in direct defiance of the court's orders, irrationally denied that there was any mutuality requirement to the mutual exchange commanded by the Court in its Order of January 14.  **Exhibit G**, February 16, 2005 Letter from Paul D. Popeo to Jack C. Schecter at ¶4 ("the Court's January 14, 2005 Discovery Order does not impose any such mutuality obligation").  VST also insisted that its outstanding objection to the Court's discovery Order of January 14 absolved it of all responsibility to produce the complete source code.  *Id.* at ¶2.

VST's position that it need not comply with the Court's Order is plainly wrong and directly contradicts the Local Rules:

> [t]he ruling or order of a magistrate judge in a matter that is heard and determined under subsection (a) hereof is the ruling of the Court and is final unless reversed, vacated or modified by a district judge… the filing of objections under subsection (b) hereof does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge, and then only to the extent specifically ordered by the magistrate judge or district judge.

Rule 2(c), Rules for United States Judges in the United States District Court for the District of Massachusetts (emphasis added).  Having failed to move for a stay, VST is clearly in defiance of this Court's Order to produce source code.

The simple fact is that, six weeks after being ordered to produce its source code, and despite ScanSoft's repeated attempts to effectuate a mutual exchange, VST still had not produced its source code.

      **B.    The Source Code Produced by VST is Incomplete and Therefore Does Not Comply with the Court's Order**

On March 11, 2005, in spite of this Court's repeated Orders that VST produce its entire source code, VST produced the source code for the VSuite user interface module only.  **Exhibit H**, March 11, 2005 Letter from Paul D. Popeo to Lisa M. Fleming.  ScanSoft pointed out again that the Court's Orders required production of VST's complete source code: "As you know, Voice Signal has been ordered by the Court to produce <u>the entire source code of the allegedly infringing products</u>, not a slice of that source code of Voice Signal's choosing."  **Exhibit I**, March 14, 2005 Letter from Lisa M. Fleming to Paul D. Popeo.  VST responded by restating its fallacious argument that it is not obliged to produce its source code until Judge Saris resolves its pending Objection to Judge Alexander's January 14 ruling.  **Exhibit J**, March 15, 2005 Letter from Paul D. Popeo to Lisa M. Fleming at 2.  As demonstrated above, since VST failed to move for, and obtain, a stay the Court's Order, it stands in defiance of that Order.  *See* Local Magistrates Rule 2(c) ("the filing of objections… does not operate as a stay of a magistrate judge's ruling or order").

### III. SCANSOFT'S ACTIONS ARE NOT SANCTIONABLE

A default judgment "is a harsh sanction… which runs counter to [the First Circuit's] strong policy favoring the disposition of cases on the merits." *Velazquez-Rivera v. Sea-Land Service, Inc.,* 920 F.2d 1072, 1075 (1st Cir. 1990). The District Court of Massachusetts uses a five-factor test to determine whether a party should be sanctioned with a default judgment:

> (1) the willfulness or bad faith of the noncomplying party; (2) the prejudice to the opposing party; (3) whether the procedural history indicates "protracted inaction or deliberate delay"; (4) the disregard of earlier warnings of the consequences of the misconduct; and (5) the availability of less draconian factors.

*Big Top USA, Inc. v. The Wittern Group,* 183 F.R.D. 331, 388 (D. Mass. 1998) (Saris, J.). The first three factors are most important to a court's determination about whether it should enter a default judgment. *See Velazquez-Rivera,* 920 F.2d at 1076 (overturning default sanction where misconduct was "so limited in both time and incidents, so bereft of any suggestion of purpose or bad faith, and so devoid of disadvantage to the adverse party and the progress of the litigation"). When applied to the situation at hand, these factors clearly demonstrate that sanctioning ScanSoft would be both inappropriate and unjust. *See* Fed. R. Civ. P. 37(b)(2) ("the court in which the action is pending may make such orders [for sanctions] in regard to the failure [to comply with a court order] as are just") (emphasis added).

#### A. ScanSoft Has Repeatedly Made Good Faith Attempts to Honor This Court's Orders

ScanSoft has at all times acted in good faith regarding the Court's Orders of January 14 and February 15. In fact, ScanSoft did everything it could to effectuate the Court's Orders, including repeatedly initiating dialogue about the mutual exchange of source code and making numerous entreaties that VST comply with the Orders. Indeed, the Court acknowledged that ScanSoft is "amenable to a mutual exchange." Order of January 14 at 5. A Rule 37 default is

inappropriate given ScanSoft's good faith efforts. *Velazquez-Rivera,* 920 F.2d at 1076 (default sanction overturned because sanctioned party did not act in bad faith); *Dorsey v. Academy Moving & Storage, Inc.,* 423 F.2d 858, 861 (5th Cir. 1970) (overturning Rule 37(b)(2) dismissal where court had not made finding that plaintiff acted in bad faith.)

ScanSoft's good faith discovery efforts are not limited to the Orders of January 14 and February 15. In fact, ScanSoft has acted in good faith throughout this drawn out discovery process. Where there is no evidence that a party has engaged in "protracted inaction or deliberate delay," a default sanction is inappropriate. *See, e.g., Velazquez,* 920 F.2d at 1077 (district court abused its discretion by granting default sanction where there was no evidence of a "long procedural history indicating protracted inaction or deliberate delay"); *Demary v. Yamaha Motor Corp., USA,* 125 F.R.D. 20, 21 (D. Mass. 1989) (Ponsor, M.J.) (default judgment improper where defendant's conduct "is not part of a lengthy course of conduct evidencing intentional disregard of multiple express orders"); *TDS Healthcare Systems Corp. v. Humana Hospital Illinois, Inc.,* 880 F. Supp. 1572, 1581 (N.D. Ga. 1995) (default not appropriate absent "clear evidence of willful or bad faith disregard for the court's previous orders").

In marked contrast, it is VST's conduct that describes a pattern of bad faith discovery abuse. *See, Fashion House, Inc. v. Kmart Corp.,* 892 F.2d 1076, 1080-1081 (1st Cir. 1989) (defendant attempted to avoid responding to all interrogatories by engaging in a "cycle of apparent answers, followed by retractions, followed by more apparent answers (this time, in the face of a direct court order), followed by more retractions"); *Big Top USA,* 183 F.R.D. at 340-342 (plaintiff repeatedly violated discovery orders, demonstrated "a callous disregard of its discovery obligations," attempted to defy "this Court's discovery orders until the discovery deadline," and verbally abused its opponents and their counsel); *Kahn v. Secretary of Health,*

*Education, and Welfare,* 53 F.R.D. 241, 245 (D. Mass. 1971) (Julian, J.) (finding that "defendants have in this case deliberately followed a <u>pattern of evasion</u> intended to obstruct the judicial process and to deprive the plaintiff of a judicial determination of his claim") (emphasis added). While ScanSoft has produced more than twelve thousand pages of documentation, made numerous witnesses available to VST for deposition, a**nd repeatedly arranged for the mutual exchange of source code**, VST steadfastly refuses to produce witnesses and documents in response to discovery requests and Court orders, has filed redundant and frivolous motions, and has made improper and vexatious objections during depositions.[3]  VST's Motion is highly inappropriate in light of its own scurrilous conduct. *See Big Top USA,* 183 F.R.D. at 343 (refusing to enter a default judgment on behalf of a defendant who did "not come to this Court requesting dismissal with clean hands," having engaged in discovery misconduct colorfully described as "a bad faith game of chicken").

### B.     VST is Not Prejudiced

Discovery has been delayed for eleven months thanks to VST's own misfeasance. VST's assignment of fault to ScanSoft for its inability to establish infringement of the '630 patent is disingenuous and VST's claim of prejudice is without merit given its steadfast refusal to engage in good faith discovery. *Id.* at 343 (defendant who had "not acted in a manner that advanced the truth-seeking function of discovery" was not entitled to relief for delays in discovery).

### <u>CONCLUSION</u>

VST's Motion for Sanctions should be denied as ScanSoft has at all times acted in good faith in its efforts to effectuate a mutual exchange of source code in compliance with the Orders

---

[3]  VST's improper conduct at depositions in this case is the subject of ScanSoft's Motion to Compel Further Deposition Testimony filed with the Court on April 8, 2005.

of this Court. In addition, because of VST's continuous pattern of misconduct with regard to its discovery obligations, ScanSoft should be awarded the costs and fees associated with opposing VST's frivolous motion.

Dated: April 14, 2005

SCANSOFT, INC.,
By its attorneys,


 /s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 376595.1