125 SUMMER STREET BOSTON MA 02110-1618
T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✴ SUNSTEIN LLP

LISA M FLEMING
T 617 443 9292 x248
LFLEMING@BROMSUN.COM

February 16, 2005

**By Facsimile and First Class Mail**

Paul D. Popeo, Esq.
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, Massachusetts 02109

Re   ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.
     Our File    02639/509

Dear Paul:

Further to Magistrate Judge Alexander's request that the parties meet and confer on outstanding discovery matters, below are some of the issues we wish to address during our meeting tomorrow afternoon.

Source Code

In light of Magistrate Judge Alexander's order on your motion to clarify, ScanSoft renews its demand for the production of VST's source code for its VSuite products. In accordance with Fed. R. Civ. P. 34(a), the source code should be produced in electronic form, as it is kept in the ordinary course of VST's business, and in a form that is in reasonable useable and computer searchable form. At a minimum, the source code should be accompanied by:

1. top level user manual(s);

2. documentation describing the various modules used in the source code;

3. identification of the libraries, purposes, and classes of libraries used in the code;

4. the protocols for the source code;

5. all header files;

ATTORNEYS AT LAW

Paul Popeo, Esq.
Choate, Hall & Stewart
February 16, 2005
Page 2

6. all configuration files and implementation files;

7. the project files that describe how to build implementation files into executables;

8. all relevant extension files for the source code;

9. workspace and "make files" which describe the components of the source code;

10. the source code control or archival system used by VST;

11. each successive version of the source code from 2001 to present; and

12. all software necessary to examine VST's source code for its speech recognition products.

VST's technical documentation and development documentation for its speech recognition products, to the extent not already included in the foregoing, should also be produced.

<u>VST's Responses To ScanSoft's Discovery Requests For Trade Secrets Information</u>

ScanSoft has served a number of requests to VST relating to its trade secrets claim. The specific requests are found in ScanSoft's First Request for Production of Documents (Request Nos. 4, 6, 7 10, 11, 32, 33, 34 and 35) and ScanSoft's First Set of Interrogatories (Nos. 6, 8, 9 and 10). In its amended responses to these requests, VST refuses to respond to any request for trade secret information and instead objects on the grounds that ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated. Notwithstanding that VST's position is contrary to the law, ScanSoft has indeed specified in much detail the trade secrets VST and the individual defendants have misappropriated. ScanSoft's Amended Complaint identifies the misappropriated trade secrets as relating to speech application design and development and as contained in VST's source code. It further specifies that the trade secrets comprise;

- ASR algorithms,
- small platform optimization strategies,
- data collection methods,
- strategies for selecting active ASR vocabularies for applications,
- methods for benchmarking,
- how the voice recognition algorithms function, and
- statistical language modeling.

*See Amended Complaint* at ¶¶ 27, 28  VST's source code for its speech recognition products, including VSuite, is certainly responsive to ScanSoft's requests and should be produced.

Paul Popeo, Esq.
Choate, Hall & Stewart
February 16, 2005
Page 3

In addition, Document Request Nos. 7 and 10 seek documents relating to the conception and design of VST speech recognition products including laboratory notebooks, reports, engineering logs, test data, data sheets, internal or external communications and documents describing the trial, testing, evaluation analysis or quality control or assurance of those products. Request No. 34 seeks documents in the possession of the individual defendants at the time they became employees of VST that were related to their employment at Dragon or L&H and their work on speech recognition products at those companies. Similarly, Request No. 35 seeks documents related to the work performed by the individual defendants in connection with VST's speech recognition products (including ELVIS). VST has objected to each of these requests, again on the grounds of ScanSoft's failure to specifically identify the trade secrets. These requests are seeking responses and documents related to VST's speech recognition products, including VSuite – the product VST has identified as its speech recognition product. There is no basis for VST's refusal to respond to these requests.

During our telephone discussions last week, you readily admitted that our taking of depositions we had twice noticed of the defendants with respect to trade secrets claims in this case would be unproductive and wasteful in the absence of the source code and technical documents necessary to make proper inquiry. VST bears full responsibility for its refusal to provide any discovery in this case, as it refuses both to comply with its obligations as outlined above or to produce witnesses for deposition. VST has yet to produce a witness (except to describe VST's violation of the protective order in this case) or a single piece of paper on the trade secrets claim  On the other hand, ScanSoft has already produced four witnesses and over twelve thousand pages of documents, and has cooperated in VST's efforts to take third party depositions. Production of these documents and source code is critical to ScanSoft's ability to do any meaningful discovery on its trade secrets claim. Our conference tomorrow is an opportunity for VST to cooperate in advancing the discovery in this case.

Very truly yours,

Lisa M. Fleming

LMF/jmc
02639/00509  364934.1