# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DEPOSITIONS

ScanSoft, Inc. opposes the Motion to Compel Depositions filed by defendant Voice Signal Technologies, Inc. ("VST"). VST's motion is a pointless exercise in litigation gamesmanship. As VST well knows, ScanSoft has agreed to work cooperatively with VST to make Ms. McCann and Mr. Kaake available for deposition in conjunction with VST's reciprocal efforts to arrange dates certain for the depositions of the witnesses that ScanSoft has noticed, including Messrs. Gillick, Roth (Robert), Yamron, Grabherr, Pantzarr, Lazay and Roth (Dan). VST has flatly refused to cooperate in these discovery efforts.

To the extent VST now complains that its attempts to secure the depositions of Ms. McCann and Mr. Kaake have been frustrated, VST has only its own improper discovery tactics to blame. VST's insistence on a path of stonewalling and obstruction have hampered discovery in this action and prevented both parties from moving forward with their noticed depositions. VST's motion to compel should be denied.

## BACKGROUND

On February 20, 2004, ScanSoft commenced this action against VST and Messrs. Gillick, Roth, Yamron and Grabherr for infringement of the '966 patent and trade secrets misappropriation. Over the last thirteen months, ScanSoft has sought to work cooperatively with VST to fairly and expeditiously complete discovery. As a result, during that time, VST has been able to take the depositions of all three of the named inventors on the '966 patent, Messrs. Foster, Schalk and Bareis. VST has also taken the deposition of ScanSoft's Rule 30(b)(6) designee, Mr. Phillips, along with the third-party depositions of Messrs. Pawate and Frantz.

In marked contrast to ScanSoft's cooperative efforts, VST has stuck fast to its strategy of discovery obstruction. Consequently, to date, VST has allowed ScanSoft to take just two substantive depositions: the deposition of VST's Rule 30(b)(6) designee, Daniel Roth, on February 22, 2005, and the deposition of Jordan R. Cohen on February 28, 2005. Worse still, even when VST permitted its witnesses to be deposed, VST improperly refused to allow those deponents to answer questions and otherwise interfered and prevented ScanSoft from thoroughly examining the witnesses, as set forth in ScanSoft's recently filed Motion to Compel Deposition Testimony and for Sanctions (D.N. 129).

Despite VST's persistent efforts to block ScanSoft's attempts to obtain discovery, ScanSoft has continued to try to work cooperatively with VST. In response to VST's deposition notice to Fadi Kaake, ScanSoft responded on February 7, 2005, and agreed to propose dates on which Mr. Kaake would be available to be deposed. Similarly, on February 14, 2005, ScanSoft responded to VST's second Rule 30(b)(6) deposition and designated Jean McCann to testify on the topics set forth in VST's notice.

However, in the intervening weeks, it became quite obvious that VST would not relent from its refusal to cooperate in allowing ScanSoft to take the depositions of the eight witnesses ScanSoft had previously noticed. In what proved to be a futile effort to resolve these issues without the Court's involvement, on March 3, 2005, ScanSoft wrote to VST and offered, again, to work with VST to arrive at dates certain for all of the outstanding depositions noticed by the parties. Contrary to VST's assertions in its motion, VST refused.

Rather than provide ScanSoft with dates for ScanSoft's noticed depositions, VST provided the empty offer that VST would make the individuals ScanSoft had noticed available for deposition, but VST explicitly stated that it would not produce the documents ScanSoft requires to conduct those depositions and would not allow ScanSoft to recall those deponents in the event this Court orders the requested documents produced. Of course, given the unreasonable conditions placed on its "offer," ScanSoft declined to proceed with the depositions under VST's terms.

## ARGUMENT

Both the spirit and the letter of the Federal Rules of Civil Procedure require that parties act in good faith to complete discovery. *See* Fed. R. Civ. P. 26(f) ("The attorneys of record are jointly responsible . . . for attempting in good faith to agree on the proposed discovery plan"); *see also* Rule 26 Advisory Committee Notes, Subdivision (f), 1983 Amendment ("the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by . . . unnecessary use of defensive weapons or evasive responses."); *see also* Fed. R. Civ. P. 37(g) (providing for sanctions for a party's failure to participate in good faith in framing a discovery plan).

It is clear that VST is the party that has failed to live up to its obligation to enter into discovery on a good faith basis, not ScanSoft. VST has simply refused to comply with its discovery obligations, even when those obligations under the Rules have been converted into explicit Orders of this Court. Throughout this litigation, ScanSoft has appropriately worked to chart an evenhanded path forward through discovery. VST, on the other hand, has taken advantage of ScanSoft's cooperation to conduct the depositions of interest to its defense, but has blocked ScanSoft's efforts to obtain meaningful discovery for its case on a reciprocal basis at every turn. VST has thus used the "discovery tools as tactical weapons rather than to expose the facts and illuminate the issues," precisely the misuse of discovery condemned by the Rule 26 Advisory Committee Notes, subdivision (f), 1983 Amendment.

VST complains that it has deposition notices that have been outstanding since January 31, 2005, but, not surprisingly, VST fails to disclose to the Court that ScanSoft first noticed the depositions of the individual trade secrets defendants, Messrs. Gillick, Roth (Robert), Yamron and Grabherr, on December 10, 2004. Though Magistrate Judge Alexander did allow VST's motion for a protective order regarding the depositions of the individual defendants, the Magistrate Judge's order only postponed those depositions pending the final resolution of VST's motion to dismiss ScanSoft's trade secrets claims. Of course, on January 26, 2005, this Court adopted the Magistrate Judge's Report and Recommendation denying VST's motion to dismiss. Since then, VST has failed to specifically object to the outstanding depositions noticed by ScanSoft or further move for a protective order. Moreover, where VST has moved for a broad protective order excusing its general refusal to allow any discovery on ScanSoft's trade secrets claims, this Court has denied that motion and ordered VST to engage in discovery on those claims. Still, VST refuses to comply.

With its motion to compel, VST approaches this Court with unclean hands. In these extraordinary circumstances, it would be fundamentally unfair to order ScanSoft to further cooperate in producing witnesses for deposition while VST continues to brazenly thumb its nose at its own discovery obligations and at the Orders of the Court.

## Conclusion

For the foregoing reasons, ScanSoft respectfully requests that this Court deny VST's Motion to Compel Depositions, or, in the alternative, order VST to comply with its discovery obligations and cooperate in arriving at dates certain for all of the parties' respective outstanding noticed depositions.

Dated: April 15, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Erik Paul Belt, BBO #558620
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509  377726.1