**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SCANSOFT, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) |
| Defendants. | ) |

**EMERGENCY MOTION TO PRODUCE DOCUMENTS**
**PURSUANT TO COURT ORDER UNDER SEAL**

Voice Signal Technologies, Inc. ("Voice Signal" or "VST") hereby moves that it be permitted to produce the materials covered by the Magistrate Judge's March 30, 2005 Order under seal to the court or to a neutral third party, to be held pending this Court's consideration of, and ruling on, Voice Signal's Objections to the Magistrate Judge's Order, which Objections were filed April 14, 2005.

The Magistrate Judge's March 30, 2005 order requires Voice Signal to produce "all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST." Docket Entry 115. Voice Signal moved, pursuant to Local Magistrate Rule 2(c), for a stay of the Magistrate Judge's Order pending the Court's consideration of Voice Signal's objections to the Magistrate Judge's ruling. On April 14, 2005, this Court denied Voice Signal's motion for a stay, adding that "[however], the documents shall be produced to attorneys only until I have had a chance to rule."

The documents whose production is required by the Magistrate Judge's Order include extremely valuable and competitively sensitive materials. They are among Voice Signal's most protected trade secrets. Voice Signal requests that, instead of producing documents of critical importance to the lawyers for its arch competitors, it be required to produce the documents to be held under seal by the Court or to be held in escrow by a neutral third party. The documents would be held in this manner only until the Court has had a chance to give full consideration to Voice Signal's Objections to the Magistrate Judge's Order and to make an informed ruling on those Objections.

The Court may have denied the stay motion and ordered Voice Signal to produce the documents "to attorneys only" on the theories that (1) ScanSoft's attorneys would hold the materials and not use them until the Court rules on Voice Signal's Objections; and that, therefore, (2) no harm could come from turning these materials over to counsel. Both premises are incorrect.

First, it is already clear that ScanSoft's attorneys do not understand the Court's order to restrict them from reviewing and using the materials. In fact, ScanSoft's counsel sent a faxed letter to Voice Signal's Counsel within minutes of this Court's denial of the stay, demanding that the documents be produced by the end of that day. ScanSoft's counsel called another Voice Signal attorney the next day and demanded production, stating that ScanSoft's attorneys "plan to move quickly because we want to get those documents as soon as we can and move forward with the individual depositions." *See* Declaration of Sarah Columbia. This is exactly what *should not* happen until the Court has had the opportunity to consider Voice Signal's Objections.

Second, there is potential harm to turning these materials over to ScanSoft's counsel. At worst, Voice Signal's information gleaned from Voice Signal's documents and source code will

2

make its way to ScanSoft.  At best, ScanSoft's lawyers -- who have been unable to articulate a bona fide claim during the entire pendancy of this case -- will scour Voice Signal's documents and source code in an effort to find a claim.  It is fundamental that discovery is not to be used for that purpose.  *See Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669, 672 (D. Mass. 1986); *Xerox Corp. v. IBM*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974).

Furthermore, ScanSoft's counsel, Bromberg & Sunstein, is engaged on an ongoing patent prosecution for ScanSoft.  Their work includes representation of ScanSoft with respect to multiple pending applications in the speech recognition field, including an application that claims priority to the ScanSoft patent-in-suit.  It could be devastating to Voice Signal to reveal its proprietary documentation and source code to the lawyers who are prosecuting ScanSoft's patents.

This motion requests only that Voice Signal's proprietary documents and source code be protected until the Court has had an opportunity to consider Voice Signal's objections to the Judge Magistrate's Order.  The harm to ScanSoft if the requested order is granted is virtually non-existent.  The potential harm to Voice Signal if this motion is denied could be enormous.

## CONCLUSION

For the reasons set forth above, Voice Signal requests that it be permitted to produce the materials covered by the Magistrate Judge's March 30, 2005 Order under seal to the Court or to a neutral third party, to be held pending this Court's consideration of, and ruling on, Voice Signal's Objections to the Magistrate Judge's Order.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  April 19, 2005

## CERTIFICATE PURSUANT TO LOCAL RULES 7.1

I certify that counsel for Voice Signal conferred with counsel for ScanSoft on April 19, 2005 in an effort to resolve the issues presented in this Motion and that the parties were unable to reach an agreement.

/s/ Wendy S. Plotkin
Wendy S. Plotkin
