UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. </br></br>    Plaintiff, </br></br> v. </br></br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR </br></br>    Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO PRODUCE DOCUMENTS PURSUANT TO COURT ORDER UNDER SEAL**

ScanSoft, Inc. opposes Voice Signal Technologies, Inc.'s ("VST's") motion to alter this Court's discovery orders to preclude ScanSoft from having access to documents fundamental to ScanSoft's trade secrets claims. This Court has explicitly ordered VST to produce to ScanSoft's attorneys documents indicating the work that Messrs. Gillick, Roth, Yamron and Grabherr ("the individual defendants") performed for VST for a period of one year following the commencement of their employment with VST. Again, consistent with its pattern of delay and obstruction, VST is refusing to comply with the Court's order. VST's noncompliance is inexcusable, and its desperate efforts to avoid its discovery obligations should be denied.

**FACTS**

On March 30, 2005, Magistrate Judge Alexander denied VST's motion for a protective order and ordered VST to produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their

employment with VST. On April 7, 2005, VST filed an application to stay the Magistrate Judge's Order pending appeal to the District Court. On April 14, 2005, this Court denied VST's application to stay and ordered that the documents be produced to ScanSoft's <u>attorneys</u>. ScanSoft requested production of the documents by letter and by phone to VST on April 14 following the denial of VST's motion to stay. On April 15, 2005, VST responded by assuring ScanSoft that it was "in the process of collecting the documents covered by the Order" (*see* April 15, 2005 letter from Wendy Plotkin, attached as Exhibit A). On April 19, 2005, during a conference pursuant to Local Rule 7.1, VST informed ScanSoft that it would be filing a motion seeking leave to produce the documents under seal to the court or to a neutral third party, but not to ScanSoft.

## **ARGUMENT**

Throughout this litigation, at every turn, VST has sought to delay and obstruct the discovery process. VST's instant motion continues that improper course of conduct. Despite Magistrate Judge Alexander's explicit order to produce documents indicating the work the individual defendants did for VST during the first year of their employment, and despite this Court's explicit order denying VST's application to stay that order and commanding VST to produce those documents to ScanSoft's attorneys, VST has balked, yet again. VST's willful refusal is entirely without justification.

First, in denying VST's motion to stay the Magistrate Judge's Order, this Court has already refused to give VST substantially the same relief it is presently seeking. VST now requests that the Court modify its order so that VST is "required to produce the documents to be held under seal by the Court or to be held in escrow by a neutral third party . . . until the Court has had a chance to give full consideration to Voice Signal's Objections to the Magistrate

2

Judge's Order and to make an informed ruling on those Objections" (VST's motion at 2). Whether the documents in question remain in VST's hands or in the custody of the Court or a third party, if ScanSoft's attorneys are denied access, the result is the same: discovery in this case remains stalled. By its motion to stay, VST already invited the Court to consider delaying VST's production of the documents in question to ScanSoft's attorneys, and the Court unambiguously declined. VST has presented no reason for the Court to reverse course now.

Instead, VST presents supposition about *why* the Court might have denied VST's motion to stay the Magistrate Judge's Order to produce documents. According to VST, the Court may have denied VST's motion to stay because the Court believed ScanSoft would not review the documents pending the Court's ruling on VST's Objections to the Magistrate Judge's Order (*see id.* at 2). The Court's April 14, 2005 Order suggests nothing of the sort, and VST's supposition is entirely nonsensical. It strains credibility to suggest that the Court ordered production of documents to ScanSoft on the (unstated) condition that ScanSoft not look at those documents. Moreover, although the parties need not divine the intentions behind the Court's unambiguous ruling denying VST's stay application, the record makes plain that the parties have been instructed to move trade secrets discovery forward. At a March 16, 2005 hearing, the Court stated that VST's production of the very documents at issue would be "one good place to start" the trade secrets discovery (March 16, 2005 Hearing, p. 16, l. 24). Clearly, there is no basis for VST's suggestion that the Court intended that ScanSoft be precluded from reviewing these documents.

VST also posits that the Court may have denied the stay application based on a belief that "no harm could come from turning these materials over to counsel" (VST's motion at 2). On this point, VST is likely correct. In ordering production of the documents in question, the Court may

3

well have considered the fact that the parties long ago agreed upon the terms of a protective order to safeguard their most highly sensitive information. At the March 16, 2005 hearing, the Court made specific reference to the agreed-upon protective order, stating, "I am also willing to give you a narrower scope of discovery on trade secrets that has to do with things that the people who used to work at Dragon and L&H prepared, commented on, emailed . . . *subject to a protective order*" (*id.* p. 13, ll. 12-16) (emphasis added). In fact, shortly after the hearing, the Court entered the parties' stipulated protective order, making it an order of the court (D.N. 109). VST has no good faith basis to now assert that production of documents to ScanSoft's counsel under the terms of that protective order – terms which VST itself agreed were sufficient and appropriate to maintain the secrecy of its highly confidential information – poses any harm to VST.

Rather, without any justification, VST casts aspersions on ScanSoft's counsel, suggesting that even though the Court explicitly limited access to the documents in question to ScanSoft's attorneys, "information gleaned from Voice Signal's documents and source code will make its way to ScanSoft" (VST's motion at 2-3). As officers of the Court and as professionals, ScanSoft's counsel are bound to comply with both the terms of the protective order and the terms of this Court's April 14, 2005 Order. *Poliquin v. Garden Way, Inc.,* 154 F.R.D. 29, 31 (D. Me. 1994) ("Discovery orders that can be enforced through Rule 37(b) include protective orders issued under Federal Rule of Civil Procedure 26(c)"). By suggesting that ScanSoft's counsel would violate the orders of this Court, VST is grossly out of line.[1] Likewise, VST has no

---

[1] It is also more than a little ironic that VST would make such an allegation given the fact that counsel for VST have, in fact, already admitted to have violated the terms of the protective order by sending hundreds of pages of ScanSoft documents clearly designated as "Highly Confidential" to VST's own Chief Technology Officer, Jordan Cohen.

4

grounds to support its tired refrain that ScanSoft's counsel "will scour Voice Signal's documents and source code in an effort to find a claim" (*id.* at 3). This Court has denied VST's motion to dismiss ScanSoft's trade secrets claim and has rejected VST's assertion that ScanSoft must allege its trade secrets claims with greater specificity. VST should not be permitted to ignore this Court's rulings.

Finally, VST relies on an apparent pretext in suggesting that it should be excused from complying with the Court's Orders because attorneys at Bromberg & Sunstein are engaged in patent prosecution work for ScanSoft and because ScanSoft has a pending patent application that claims priority from the '966 patent. This litigation was commenced over fourteen months ago. The ScanSoft patent application VST references was published on May 8, 2003. Yet this is the first time VST has ever raised this issue. If Bromberg & Sunstein's patent prosecution work on behalf of ScanSoft was an issue of concern to VST, the proper time to raise it would have been during the negotiation of the terms of the protective order. Furthermore, VST failed to raise this issue in its April 15, 2005 letter in which it assured ScanSoft that it was "in the process of collecting the documents covered by the Order" (*see* Exhibit A) and omitted mention of it during the Local Rule 7.1 conference that preceded VST's filing of the instant motion. VST's timing in raising this issue now for the very first time indicates that this is simply another empty excuse to justify further delaying discovery on ScanSoft's trade secret claims.

With this Court's Order denying VST's application to stay Magistrate Judge Alexander's March 30, 2005 Order, any questions about VST's obligation to engage in discovery on ScanSoft's trade secret claims should have been put to rest once and for all. The Court has ordered that these documents be produced to ScanSoft's attorneys. The Court has entered the parties' agreed upon protective order, designed specifically to maintain the secrecy of the parties'

highly sensitive documents. VST's motion for leave to produce the documents in question to the court under seal or to a neutral third party is simply a further extension of its strategy of obstruction. It should be denied.

## CONCLUSION

For the foregoing reasons, ScanSoft requests that this Court deny VST's emergency motion to produce documents pursuant to court order under seal. ScanSoft respectfully requests that VST be ordered to comply with the explicit Orders of the Court and immediately produce to ScanSoft's attorneys all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST.

Dated: April 20, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 378749.1