UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-10353-PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |

**ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY TO SCANSOFT'S
OPPOSITION TO COMPEL DEPOSITIONS**

Defendant Voice Signal Technologies, Inc. ("Voice Signal") moves, pursuant to Local Rule 7.1(B)(3), for leave to file a short, 4-page reply memorandum further supporting its Motion to Compel Depositions and addressing arguments raised by plaintiff ScanSoft, Inc. in its Opposition thereto. Voice Signal believes that the reply memorandum, attached hereto as Exhibit A, will aid the Court in its determination of the issues.

WHEREFORE, Voice Signal respectfully requests leave of Court to file a reply in the form attached as <u>Exhibit A</u>, and for the reply to be deemed filed upon allowance of this motion.

    Respectfully submitted,

    LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

    By their attorneys,

    /s/ Wendy S. Plotkin
    Robert S. Frank, Jr. (BBO No. 177240)
    Sarah Chapin Columbia (BBO No. 550155)
    Paul D. Popeo (BBO No. 567727)
    Paul E. Bonanno (BBO No. 646838)
    CHOATE, HALL & STEWART
    Exchange Place
    53 State Street
    Boston, MA  02109
    (617) 248-5000

April 27, 2005

<u>Certification Pursuant to Local Rule 7.1</u>

    I certify that counsel for Voice Signal conferred with counsel for ScanSoft in an effort to resolve the issues presented in this Motion and that counsel for ScanSoft assented to this Motion.

    /s/ Wendy S. Plotkin

# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-10353-PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |

### VOICE SIGNAL'S REPLY TO SCANSOFT'S OPPOSITION TO MOTION TO COMPEL DEPOSITIONS

Defendant Voice Signal Technologies, Inc. ("Voice Signal") hereby replies to ScanSoft, Inc.'s ("ScanSoft") Opposition to Voice Signal's Motion to Compel Depositions (the "Opposition").

### Background

Voice Signal filed its Motion to Compel Depositions (the "Motion") on April 1, 2005. In its Motion, Voice Signal seeks to compel ScanSoft to make two of its employees, Ms. Jeanne McCann and Mr. Fadi Kaake, available for depositions. As explained in the Motion and supporting Memorandum, ScanSoft previously agreed to make Ms. McCann and Mr. Kaake available for depositions pursuant to the deposition notices served by Voice Signal. Contrary to its initial representations, and without any valid justification, ScanSoft changed course and now refuses to make Ms. McCann and Mr. Kaake available to be deposed.

ScanSoft filed its Opposition to the Motion on April 15, 2005.  In its Opposition, ScanSoft does <u>not</u> argue that Voice Signal's deposition notices are improper, or that the testimony of Ms. McCann or Mr. Kaake would be privileged or irrelevant.  Indeed, ScanSoft can make no such argument – it has not moved for a protective order with respect to Ms. McCann or Mr. Kaake, and it previously agreed to make them available for depositions.  Instead, ScanSoft argues in its Opposition that it should not have to make Ms. McCann and Mr. Kaake available for depositions because "Voice Signal has simply refused to comply with its discovery obligations."  Opposition at 4.  Specifically, ScanSoft accuses Voice Signal of refusing to make the individual defendants, Messrs. Gillick, Yamron, Grabherr, and Robert Roth, as well as three other Voice Signal employees, Messrs. Lazay, Pantzarr, and Daniel Roth, available for depositions, Opposition at 3, thus relieving ScanSoft of its obligation to make Ms. McCann and Mr. Kaake available for depositions.

### **Argument**

ScanSoft's argument fails legally and factually.  First, it is well established that "parties to a lawsuit cannot, without seeking some sort of relief from the Court, refuse to provide discovery to another party on the basis that the other party has not provided discovery to them." *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992).  *See also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("[C]ounsel continues to argue that two wrongs make a right, and that his client should not be compelled to produce the requested discovery because the defendant has not adequately responded to plaintiff's discovery requests. . . . Seldom have I heard a less persuasive argument."); *Sanders v. Canal Ins. Co.*, 1996 WL 571839, *3 (D. Or. 1996) ("Sanders may not engage in a game of 'tit for tat.'  If Sanders believes Canal Insurance is withholding requested discovery, his remedy is to file a motion to compel.  He may not engage in the same strategy."); *Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536,

2

538 (D. Kan. 1989) ("Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Honda."). Not surprisingly, in its five-page Opposition, ScanSoft does not cite a single case in support of its argument that it need not make Ms. McCann and Mr. Kaake available for depositions until Voice Signal makes its employees available. There is no authority to support ScanSoft's position.

Second, ScanSoft's assertion that Voice Signal has not "relent[ed] from its refusal to cooperate in allowing ScanSoft to take the depositions of the eight [sic] witnesses ScanSoft had previously noticed," Opposition at 3, is misleading at best. Voice Signal has unequivocally agreed to make the individual defendants and the other Voice Signal employees available for depositions. *See* Exhibit A hereto, letter dated February 11, 2005 from Paul D. Popeo to Lisa M. Fleming ("I have agreed that these depositions [of the individual defendants and other employees] will be rescheduled to dates mutually agreeable to the parties . . .").

ScanSoft's real complaint is not that Voice Signal has refused to make its employees available for depositions, but that Voice Signal has refused to produce "the documents ScanSoft requires to conduct those depositions." Opposition at 3. The "documents" ScanSoft refers to are Voice Signal's source code and other proprietary documentation. As the Court is well aware, Voice Signal's source code has been the subject of substantial motion practice in this case. *See* Voice Signal Technologies, Inc.'s Memorandum in Support of its Objections to the Magistrate Judge's Order Regarding Trade Secrets, dated April 13, 2005, at 3-8. Those issues have not yet been considered and resolved by the Court.[1]

ScanSoft has declined to go forward with the depositions of the individual defendants until the Court's ruling on the pending issues regarding Voice Signal's source code. It has the

---

[1] The Court has ruled that Voice Signal should not produce source code and other highly proprietary documents in connection with ScanSoft's patent infringement claims until further consideration after the Markman hearing scheduled for June 2005.

3

right to do so. However, the disputes over whether Voice Signal should produce its source code and other proprietary documentation have no bearing on Voice Signal's depositions of Ms. McCann and Mr. Kaake. *See* Memorandum in Support of Voice Signal Technologies, Inc.'s Motion to Compel Depositions at 1. Those depositions should go forward.

## Conclusion

If ScanSoft had a valid basis to preclude Voice Signal from deposing Ms. McCann and Mr. Kaake, it should have moved for a protective order. Having failed to do so, ScanSoft should be compelled to make Ms. McCann and Mr. Kaake available for depositions.

                        Respectfully submitted,

                        LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

                        By their attorneys,

                        /s/ Wendy S. Plotkin
                        Robert S. Frank, Jr. (BBO No. 177240)
                        Sarah Chapin Columbia (BBO No. 550155)
                        Paul D. Popeo (BBO No. 567727)
                        Paul E. Bonanno (BBO No. 646838)
                        CHOATE, HALL & STEWART LLP
                        Exchange Place
                        53 State Street
                        Boston, MA  02109
                        (617) 248-5000

Dated:  April 27, 2005
3916580_1.DOC