UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**ORDER ON**

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER
COMPELLING IDENTIFICATION OF TRADE SECRETS
(Docket # 97)**

ALEXANDER, M.J.

This case is before this Court once again for a ruling on a discovery motion. This time, defendant Voice Signal Technologies, Inc. ("VST"), seeks a protective order to preclude discovery by plaintiff ScanSoft, Inc., of VST's confidential information until ScanSoft identifies the trade secrets that VST has allegedly misappropriated.

ScanSoft's trade secret misappropriation claim stems from work performed by the four individual defendants, Laurence Gillick, Robert Roth, Jonathan

Yamron, and Manfred Grabherr ("the individual defendants") for VST. Prior to working for VST, the individual defendants were employed by Lernout & Hauspie Speech Products N.V. ("L&H"), the company from which ScanSoft purchased the speech recognition technology that is at the core of dispute between VST and ScanSoft.[1]

VST asserts that ScanSoft must identify the particular information or techniques that ScanSoft alleges constitute the misappropriated trade secrets. A party alleging misappropriation of trade secrets must demonstrate "that there is a substantial factual basis for its claims of misappropriation of trade secrets . . . ." Microwave Research Corp. v. Sanders Assoc., Inc., 110 F.R.D. 669 (D. Mass. 1986). ScanSoft does not object to the basic argument that it must identify, at least with some particularity, the trade secrets. ScanSoft avers, however, that it has already done so, in both its amended complaint and in its recent response to VST's second set of interrogatories. Furthermore, ScanSoft has indicated a willingness to narrow the scope of the trade secrets discovery that it seeks, at least at present, as further explained below.

---

[1] One of the individual defendants worked for an un-related employer between the time that he left L&H and the time that he began working for VST.

2

On January 13, 2005, this Court issued an Order addressing motions to compel written discovery filed by both parties. The Order directed VST to produce source code to ScanSoft. VST objected and the District Court held a hearing on the matter on March 16, 2005, shortly after this Court received VST's current motion for a protective order and ScanSoft's opposition thereto. Following the District Court hearing, ScanSoft filed a supplemental opposition to VST's current motion for a protective order, including a copy of the transcript from the District Court hearing.

The District Judge suggested that VST and ScanSoft might try to reach agreement on the trade secrets issue, although she also stated that she would await this Court's ruling on the matter. Although ScanSoft thereafter expressed a willingness to narrow the scope of the trade secrets discovery, at least for the time being and in the manner suggested by the District Judge, VST, according to ScanSoft, would not agree to the proposal.

This Court agrees with the suggestion made by the District Judge that limited discovery on the trade secrets issue might be a useful way in which to proceed at this time. As the parties are well aware, discovery in this case has been prolonged due to continued disputes over discovery issues. This Court therefore ORDERS VST to produce all documents indicating the work that the individual

defendants performed for VST for a period of one year following the commencement of their employment with VST. VST's motion for a protective order is therefore DENIED to the extent that it seeks to protect confidential information that falls into the category of documents that VST must produce. If, as the case continues to progress, ScanSoft desires additional discovery on the trade secrets issue, as originally sought, the parties may seek additional guidance from the Court if necessary.

SO ORDERED.

3/24/05  
Date

/S/ Joyce London Alexander  
United States Magistrate Judge