UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR<br><br>Defendants. | Civil Action No. 04-10353 PBS |

## SCANSOFT, INC.'S ANSWERS TO THE SECOND SET OF INTERROGATORIES (NOS. 1-4) OF VOICE SIGNAL TECHNOLOGIES, INC.

Plaintiff, ScanSoft, Inc. ("ScanSoft"), hereby responds to the Second Set of Interrogatories (Nos. 1-4) of Voice Signal Technologies, Inc. ("Voice Signal"). ScanSoft reserves the right to amend or supplement these responses at a later time, consistent with the Federal Rules of Civil Procedure.

### GENERAL OBJECTIONS

General Objections are set forth in full below. Where in response to an interrogatory ScanSoft refers to one or more of the following General Objections, the referenced objection(s) shall be incorporated in said response as if fully set forth therein.

These General Objections apply to all of ScanSoft's responses. To the extent that specific General Objections are cited in a specific response, it is because they are deemed to be particularly applicable to that interrogatory, and those specific citations are not to be construed as a waiver of any other General Objections applicable to information falling within the scope of the interrogatory.

1. <u>Overbroad and Unduly Burdensome.</u> ScanSoft objects to each interrogatory to the extent it is overbroad and unduly burdensome.

2. <u>Not Reasonably Calculated to Lead to Discovery of Admissible Evidence.</u> ScanSoft objects to each interrogatory to the extent it is not reasonably calculated to lead to the discovery of admissible evidence.

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

3. <u>Definition of Term "ScanSoft."</u>  ScanSoft objects to the definition of the term "ScanSoft" on the grounds that it is overbroad and that it would be unduly burdensome to respond to Voice Signal's discovery requests in accordance with the definition. For purposes of these requests, ScanSoft will consider the term "ScanSoft" to mean ScanSoft, Inc., its successors, subsidiaries, divisions, parents, employees, officers, directors, agents, and legal representatives.

<u>SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

<u>Interrogatory No. 1</u>

Identify with particularity each trade secret that ScanSoft alleges defendant Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr used and disclosed for the benefit of VST. For each such trade secret, state the subject matter, content, function, method of operation, creator(s), and date of conception of the trade secret, and identify all documents that describe, embody, constitute, or contain the trade secret.

<u>Response to Interrogatory No. 1</u>:

See General Objections 1-3. Additionally, given Voice Signal's refusal, to date, to engage in discovery on ScanSoft's claims for misappropriation of trade secrets and related Chapter 93A violations, ScanSoft objects to this interrogatory as premature to the extent it requests an enumeration of ScanSoft's misappropriated trade secrets that is more particularized than the list already included in paragraph nos. 27, 28 and 31 of ScanSoft's Amended Complaint.

Notwithstanding the foregoing objections, on information and belief, ScanSoft states that defendants Gillick, Roth, Yamron and Grabherr have used and disclosed ScanSoft trade secrets including, *inter alia*, the following: (1) proprietary techniques for duration modeling of speech; (2) specific methods for organizing, categorizing and interpreting word sequence hypotheses; (3) the speech recognition architecture, including specific structural details such as acoustic matching, phoneme look ahead, lexical tree pre-filtering, word matching and scoring via a router; (4) specific proprietary language model implementations, including the language models selected and their organization and interaction; (5) the use of mixture models consisting of phoneme

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

elements and genones and the probabilities assigned to each sound; and (6) proprietary methods of using look up tables for score computation and other purposes.

The above listed trade secrets function, alone or in conjunction with other elements, to significantly improve the speed, accuracy and/or computational efficiency of speech recognition technologies. The above listed trade secrets were developed by Dragon Systems, Inc. ("Dragon") and/or Lernout & Hauspie Speech Products N.V. ("L&H"). Each of Messrs. Gillick, Roth, Yamron and/or Grabherr, contributed to and/or became knowledgeable about such trade secrets, either individually or in collaboration. The above listed trade secrets are embodied, described and contained in the source code for ScanSoft's Dragon Naturally Speaking software product.

ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 2

Excluding the trade secret(s) identified in response to Interrogatory No. 1, identify with particularity any confidential and proprietary information that ScanSoft alleges defendants Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr used and disclosed for the benefit of VST. For any item of confidential and proprietary information identified, state the subject matter, content, function, method of operation, creator(s), and date of conception of the confidential and proprietary information, and identify all documents that describe, embody, constitute, or contain the confidential and proprietary information.

Response to Interrogatory No. 2:

See General Objections 1-3. Additionally, given Voice Signal's refusal, to date, to engage in discovery on ScanSoft's claims for misappropriation of trade secrets and related Chapter 93A violation, ScanSoft objects to this interrogatory as premature to the extent it request an enumeration of ScanSoft's misappropriated confidential and proprietary information that is

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

more particularized than the list already included in paragraph nos. 27, 28 and 31 of ScanSoft's Amended Complaint.

Notwithstanding the foregoing objections, on information and belief, ScanSoft states that the individual defendants, Messrs. Gillick, Roth, Yamron and Grabherr, have used and disclosed ScanSoft's confidential and proprietary information, including, *inter alia*, business plans, strategies, customer lists, information provided to customers, product information, product strategies, and proprietary marketing materials produced or created during the time of their employment with Dragon, Inc. and/or Lernout & Hauspie.

ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 3

Identify each ScanSoft product that implements, embodies, contains, or employs the trade secret(s) or confidential and proprietary information identified in response to Interrogatory Nos. 1 and 2, or, if no such products exist, state how ScanSoft uses the trade secret(s) and confidential and proprietary information.

Response to Interrogatory No. 3:

See General Objections 1-3. ScanSoft's Dragon NaturallySpeaking software product implements, embodies, contains and employs the trade secrets and confidential and proprietary information identified in response to Interrogatory Nos. 1 and 2 above.

ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

Interrogatory No. 4

Identify the steps taken by Lernout & Hauspie Speech Products N.V. to protect from disclosure the trade secret(s) and confidential and proprietary information identified in response to Interrogatories Nos. 1 and 2.

-4-

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

Response to Interrogatory No. 4:

See General Objections 1-3. Because L&H's intellectual property and confidential information were so important to its business, L&H undertook extensive efforts to protect these assets.

As a consequence of their employment and leadership roles in speech recognition research and development at Dragon and L&H, Gillick, Roth and Yamron had access to L&H's trade secrets and confidential and proprietary information. Each executed an Invention, Non-Disclosure and Non-Competition Agreement (the "Non-Competition Agreement") with Dragon, a predecessor-in-interest to L&H. By their execution of the Non-Competition Agreements, Gillick, Roth and Yamron agreed that they would protect Dragon's Confidential Information and would not "disclose, communicate or divulge to, or use for my own benefit or the benefit of another, any Confidential Information or Invention" during the course of their employment with Dragon or at any time thereafter.

In June of 2000, L&H merged with Dragon and L&H became an assignee of Dragon. As a result of that merger, all of Dragon's products, research, technology, and other assets, including Dragon's Non-Competition Agreements, were transferred to and adopted by L&H. Immediately after L&H's acquisition of Dragon, Gillick, Roth and Yamron became employees of L&H at L&H's Newton, Massachusetts facility, and each executed an Employment Agreement with L&H. By executing the L&H Employment Agreements, Gillick and Roth each further agreed to protect L&H's proprietary information and trade secret information and to refrain from disclosing or using any of such information during and after their respective terms of employment with L&H. Additionally, on information and belief, while employed by L&H,

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

defendant Grabherr signed an employment agreement with L&H similarly requiring that he protect L&H's proprietary information and trade secret information.

Upon the termination or resignation of an L&H employee, L&H company protocols included the completion of an "Employee Departure Checklist," in which it was verified that all keys, security badges, access cards, and/or company identifications were collected and all passwords for access to the L&H computer system were recovered for deletion. The L&H departure checklist also called for the collection of any company property or material and a discussion of the soon to be ex-employee's obligations under the L&H Employment Agreement to refrain from disclosing or using any confidential or proprietary L&H information, including information contained in L&H books, files, brochures, training material, software, videocassettes, etc., in the future.

L&H has also taken measures to ensure that ex-employees comply with their L&H employment agreements. For that purpose, L&H has communicated with the new employers of a number of ex-employees to determine that the L&H former employees were not in violation of the non-compete or confidentiality provisions of their agreements with L&H. When necessary, L&H has taken legal action to enforce compliance and to protect its intellectual property.

In September 2001 L&H sued VST and three former employees in Massachusetts state court claiming that the former employees had breached their contractual obligations to L&H, misappropriated L&H trade secrets and proprietary information, and that VST had tortiously interfered with contractual relationships between L&H and the employees, and had engaged in unfair competition against L&H. On Oct 11, 2001, the Court issued a temporary injunction ordering the former employees to not work for VST for one year (the term of their non-compete) and to not use, disclose or disseminate any trade secrets or confidential/proprietary information of L&H. The Court also ordered VST to not employ the former

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

employees for one year and to not use, distribute or disclose any trade secrets or proprietary information of L&H.

ScanSoft reserves the right to supplement or amend its response to this interrogatory as additional information becomes available through discovery or otherwise.

### DECLARATION OF GUIDO GALLOPYN

I, Guido Gallopyn, declare under the penalty of perjury that I have reviewed Voice Signal Technologies, Inc.'s First Set of Interrogatories to Plaintiff, herein and have answered the same, based on my own personal knowledge or information provided in or derived from the business records of ScanSoft, Inc. The foregoing answers are true and correct.

Executed at North Andover, Massachusetts, on this 1st day of March, 2005.

_[signature]_

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY

Dated: March 2, 2005

As to Objections,

SCANSOFT, Inc.
By its attorneys,

*/s/ Jack C. Schecter*

Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Julia Huston, BBO #562160
Lisa M. Fleming, BBO #546148
Jack C. Schecter, BBO #652349
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel for the defendants, Paul Popeo, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109, by hand on the above date.

*/s/ Jack C. Schecter*

Jack C. Schecter

02639/00509 365427.1

-8-

HIGHLY CONFIDENTIAL
ATTORNEYS EYES ONLY