UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>Defendants. | Civil Action No. 04-10353 PBS |

**SCANSOFT, INC.'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION
TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

On two separate occasions, this Court commanded defendant Voice Signal Technologies, Inc. ("VST") to produce documents relevant to Messrs. Gillick's, Roth's, Yamron's, and Grabherr's ("Individual Defendants") first year of work at VST. Although VST admits that it has these documents in its possession, it has defied the Court's Orders and refused to produce any documents to ScanSoft. This recent misconduct only adds to the ongoing pattern of VST's complete disregard for its discovery obligations and the Court's Orders. In light of VST's continuous and egregious refusal to comply with the Court's Orders, ScanSoft respectfully requests that this Court require VST to show cause why it should not be held in contempt, compel VST to produce the relevant documents forthwith, and award ScanSoft its attorney fees, costs, and expenses incurred in connection with this Motion.

**FACTUAL BACKGROUND**

On March 16, 2005, this Court suggested that a "good start" to discovery on ScanSoft's trade secrets claims would encompass everything that the Individual Defendants produced during

1

their first year of work at VST. *See* Exhibit A (Transcript of March 16, 2005 hearing at 17-19). On March 30, 2005, Magistrate Judge Alexander ordered VST to produce "all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST." *See* Exhibit B (Electronic Order of March 30, 2005). VST refused to produce any documents. Instead, in an effort to avoid its discovery obligations and the Court's Order, VST moved to stay the Magistrate Judge's Order. VST's Motion for a stay was quickly denied. *See* Exhibit C (Electronic Order of April 14, 2005). Following the denial of VST's stay motion, ScanSoft requested immediate production of the documents. *See* Exhibit D (Declaration of Jack C. Schecter, ¶3). In response, VST initially indicated documents would be produced, but subsequently failed to produce any documents. *Id.* at ¶¶ 4, 5.

VST also filed Objections to the Magistrate Judge's Order (DN 136) requiring VST to produce documents. Notwithstanding those Objections, on April 27, 2005, this Court issued another clear and unambiguous Order that required VST to produce to counsel for ScanSoft the documents referenced in Magistrate Judge Alexander's Order. *See* Exhibit E (Electronic Order of April 27, 2005). Counsel for ScanSoft immediately contacted counsel for VST and asked that VST produce the documents immediately. *See* Exhibit D (Schecter Decl. at ¶ 6); *see also* Exhibit F (April 28, 2005 letter from Jack C. Schecter to Wendy S. Plotkin). In response, VST's counsel represented that it was preparing the documents. However, VST has not produced any documents to ScanSoft's counsel. *See* Exhibit D (Schecter Decl. at ¶ 8).

In sum, VST has known since the end of March that it must produce documents pertinent to the Individual Defendants' first year at VST, yet has refused to turn over a single piece of paper. This blatant failure is inexcusable defiance of the Court's Orders and merits sanctions.

**ARGUMENT**

The Federal Rules permit a Court to hold a party in contempt if that party fails to obey a clear and unambiguous order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(D); *Dystar Corp. v. Compass Bank for Savings,* 1 F. Supp. 2d 48, 54 (D. Mass. 1997) (Saris, J.) (holding defendant in contempt for violating a highly specific, unambiguous preliminary injunction order). Contempt orders help preserve the authority of the court by punishing parties who seek to arrogate control of a case to themselves. *SEC v. Pinez,* 52 F. Supp. 2d 205, 210 (D. Mass. 1999) (Saris, J.) (holding defendant in contempt to "vindicate the authority of the court"); *Blake Associates, Inc. v. Omni Spectra, Inc.,* 118 F.R.D. 283, 288 (D. Mass. 1988) (Collings, M.J.) (holding party in contempt to prevent "an intolerable situation in which Court orders may be frustrated by unilateral action of one party").

Civil contempt orders effectively serve two functions: coercion of the disobedient party into compliance with the court's order and compensation of the injured party for losses sustained by the disobedient party's misconduct. *Dystar Corp.,* 1 F. Supp. 2d at 58 (awarding attorneys fees and costs to complaining party where defendant violated a "short and straightforward" order that "left no room for doubt" as to what it must do). The party seeking the contempt order must prove noncompliance by clear and convincing evidence; once it does so, a defendant can avoid a contempt order only by proving that compliance with the Court's commands was impossible. *Id.* at 54-55; *Fortin v. Commissioner of the Massachusetts Department of Public Welfare,* 692 F.2d 790, 796 (1st Cir. 1982) (upholding contempt order and noting that impossibility is very difficult to prove).

Here, VST admits that it possesses documents responsive to the Court's order and has not produced them. *See* Exhibit D (Schecter Decl. at ¶¶ 4, 6). VST simply cannot show that

production of the documents would be impossible. Yet, in spite of its best efforts to convince VST to comply with the Court's commands, ScanSoft has yet to receive any documents as required by the Order. VST's behavior is ripe for a contempt order; indeed, deliberate withholding of documents in the face of multiple Court orders to produce justifies an order of contempt. *Blake Associates,* 118 F.R.D. at 290 (plaintiff's failure to produce documents ordered by the Court on two separate occasions warranted imposition of contempt). VST's actions have made clear that it does not intend to honor the Court's orders of March 30 and April 27. It has known since March 16 that it must produce relevant documents, yet has consistently refused. Under these circumstances, the Court's authority is directly challenged. *Pinez,* 52 F. Supp. 2d at 209.

      Moreover, VST's willful non-compliance with the Court's Orders is further evidenced by its own correspondence to the Court acknowledging that it is under a court Order and pleading excuse. *See* Exhibit G (Correspondence of Robert Frank dated April 19, 2005, page 2: "The present order requires Voice Signal to produce these assets (in the form of documentation and source code)…"). Astonishingly, VST admits to recognizing the very risk of contempt it runs by failing to produce documents under the Court's Orders. The Court responded to Mr. Frank's request by stating and ordering unequivocally: "All documents shall be produced to counsel for Scansoft, but the source code itself shall be redacted. The complete set of documents (redacted and unredacted) shall be produced to the Court under seal." *See* Exhibit E (Electronic Order of April 27, 2005). VST should be ordered to show cause why it should not be held in contempt for violating the Court's clear and unambiguous Orders.

## **CONCLUSION**

For all of the foregoing reasons, ScanSoft respectfully requests that this Court order VST to show cause why it should not be held in contempt for its contumacious conduct. The Court should also compel VST to produce the outstanding trade secrets documents, and should award ScanSoft its attorney fees, costs, and expenses incurred in connection with this matter.

Dated: April 29, 2005

SCANSOFT, INC.
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 382412.1