UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>       Plaintiff,<br><br>       v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>       Defendants. | Civil Action No. 04-10353-PBS |

## **DECLARATION OF JACK C. SCHECTER**

I, Jack C. Schecter, depose under oath and state as follows:

1. I am an attorney at the firm of Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110. I represent ScanSoft, Inc. ("ScanSoft") in the above-captioned matter.

2. On March 30, 2005, Magistrate Judge Alexander ordered Voice Signal Technologies, Inc. ("VST") to produce "all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST."

3. VST moved to stay the Magistrate Judge's Order, and that motion for a stay was denied on April 14, 2005. That day, I wrote to counsel for VST, Paul D. Popeo, requesting immediate production of the documents covered by the Magistrate Judge's Order.

4. On April 15, 2005, counsel for VST, Wendy S. Plotkin, represented to me during a phone conversation that VST was working as quickly as possible to get the documents covered

by the Magistrate Judge's Order ready for production, but Ms. Plotkin was unable or unwilling to provide any further specifics. During this phone conversation, I requested a written response to my April 14, 2005 letter to Mr. Popeo and also requested that VST begin producing the documents on a rolling basis.

5. In an April 15, 2005 letter, Ms. Plotkin stated that VST was "in the process of collecting the documents covered by the Order."

6. On April 27, 2005, this Court again ordered VST to produce the documents covered by Magistrate Judge Alexander's Order (with source code redacted). Following the Court's Order, I telephoned Ms. Plotkin and requested that VST produce the documents immediately. Ms. Plotkin represented to me that VST was working as quickly as possible to get the documents covered by the Magistrate Judge's Order ready for production, but, again, Ms. Plotkin was unable or unwilling to provide any further specifics.

7. On April 28, 2005, I wrote to Ms. Plotkin and requested that VST produce the documents covered by the Order by the close of business on April 29, 2005. I also requested written confirmation that VST would, in fact, produce the documents by that deadline. Ms. Plotkin responded in writing and represented that VST was working toward that goal.

8. As of the time of filing of ScanSoft's Emergency Motion to Show Cause Why Defendant Should Not Be Held In Contempt, VST has not produced a single document covered by Magistrate Judge Alexander's March 30, 2005 Order or this Court's Order of April 27, 2005.

Signed under the pains and penalties of perjury this 29th day of April, 2005.

                                                   /s/ Jack C. Schecter
                                                   Jack C. Schecter

02639/00509 382713.1