UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 04-10353-PBS |

## MEMORANDUM IN SUPPORT OF DEFENDANT MANFRED G. GRABHERR'S MOTION FOR SUMMARY JUDGMENT

Defendant Manfred G. Grabherr submits this memorandum in support of his Motion for Summary Judgment. ScanSoft, Inc. ("ScanSoft") asserts a single count of trade secret misappropriation against Mr. Grabherr, Am. Compl., Count II. ScanSoft states that Mr. Grabherr misappropriated trade secrets contained in Dragon Naturally Speaking, a product developed at Dragon Systems, Inc. ("Dragon") and, ultimately, acquired by ScanSoft.

It is undisputed that Mr. Grabherr (i) never worked for Dragon and (ii) has never had access to the development documents relating to, or the source code for, Dragon Naturally Speaking. Because Mr. Grabherr could not possibly have "misappropriated" a trade secret to

which he has never been exposed, the trade secret misappropriation count asserted against Mr. Grabherr should be dismissed.[1]

## ARGUMENT

### I. THE RELEVANT STANDARD.

Summary judgment should be granted "where there is no material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990); see *also* Fed. R. Civ. P. 56(c). Where, as here, the non-moving party bears the burden of proof on a claim, the moving party need only point to the absence of evidence sufficient to establish an essential element of the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 322-23 (summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."); *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997) (same). Once the moving party has shown an absence of evidence, "the burden shifts to the non-moving party to establish the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the opponent." *Rogers*, 902 F.2d at 143. A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal citations and quotations omitted). *Rogers*, 902 F.2d at 143 ("mere allegations" are insufficient to defeat

---

[1] Count II is the only count asserted against Mr. Grabherr, who is presently employed by the Massachusetts Institute of Technology as a computational biologist. Summary judgment on this count will result in his dismissal from the lawsuit as a defendant.

summary judgment; the non-moving party must establish "specific, provable facts" which establish a triable issue).

## II. GRABHERR IS ENTITLED TO SUMMARY JUDGMENT ON COUNT II OF THE AMENDED COMPLAINT.

The Amended Complaint alleges that, prior to 2001, Grabherr was employed by Lernout & Hauspie Speech Products N.V. ("L&H"), that Grabherr left L&H and joined Voice Signal Technologies, Inc. ("VST"), and that he divulged trade secrets to VST.[2]  Am. Compl. ¶¶ 24, 49.  The trade secrets are said to have been developed by Dragon and/or L&H, and to have been subsequently acquired by ScanSoft. Am. Compl. ¶ 47.

VST's Second Set of Interrogatories to ScanSoft require ScanSoft to "identify with particularity each trade secret that ScanSoft alleges [the individual defendants including Mr. Grabherr misappropriated] … and identify all documents that describe, embody, constitute or contain the trade secret". *See, Voice Signal technologies, Inc.'s Second Set of Interrogatories to Plaintiff, Interrogatory No. 1.* Declaration of Paul D. Popeo ("Popeo Decl."), Ex. A, Int. No. 1.  In its response, ScanSoft states that the trade secrets allegedly misappropriated by the individual defendants "[REDACTED]" *See, ScanSoft, Inc.'s Answers to the Second Set of Interrogatories (Nos. 1-4) of Voice Signal Technologies, Inc.*, Response to Interrogatory No. 1. Popeo Decl., Ex. B, Int. Resp. No. 1.  It is undisputed that the Dragon Naturally Speaking product was developed by Dragon, a predecessor-in-interest to L&H, which in turn is a predecessor-in-interest to ScanSoft.

---

[2] After Mr. Grabherr left L&H prior to October, 2000, he was employed by an unrelated third-party company, Iconverse.com.  He joined VST only after his employment by Iconverse.com.

-3-

It is undisputed that (i) Mr. Grabherr was once employed by L&H, (ii) he was never employed by Dragon, (iii) he was never given access to the development documents relating to, or the source code for, Dragon Naturally Speaking, and (iv) he never performed any work related to that product. Grabherr Decl. ¶ 3. Mr. Grabherr could not possibly have misappropriated a trade secret to which he was not exposed. There is no evidence that supports a claim that Mr. Grabherr misappropriated a trade secret embodied in, or relating to, Dragon Naturally Speaking.

Therefore, summary judgment should be granted dismissing ScanSoft's trade secret misappropriation claim against Mr. Grabherr. And, because no other claim is asserted against Mr. Grabherr, this case should be dismissed, with prejudice, as to Mr. Grabherr. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997).

-5-

## CONCLUSION

For the forgoing reasons, Defendant Manfred G. Grabherr is entitled to summary judgment dismissing Count II of the Amended Complaint.

          Respectfully submitted,

          LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

          By their attorneys,

          /s/ Paul D. Popeo
          Robert S. Frank, Jr. (BBO No. 177240)
          Sarah Chapin Columbia (BBO No. 550155)
          Paul D. Popeo (BBO No. 567727)
          Paul E. Bonanno (BBO No. 646838)
          CHOATE, HALL & STEWART LLP
          Exchange Place
          53 State Street
          Boston, MA 02109
          (617) 248-5000

Dated: May 3, 2005

3916688v1