# CHOATE, HALL & STEWART LLP

ROBERT S. FRANK, JR.
DIRECT DIAL: (617) 248-5207
EMAIL: RFRANK@CHOATE.COM

EXCHANGE PLACE
53 STATE STREET
BOSTON, MASSACHUSETTS 02109-2804

T (617) 248-5000   F (617) 248-4000
www.choate.com

April 19, 2005

**BY HAND**

The Honorable Patti B. Saris
United States District Court
One Courthouse Way
Boston, MA 02210

Re:  *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et. al*
     Civil Action No. 04-10353 PBS

Dear Judge Saris:

We are counsel of record for Voice Signal Technologies, Inc. ("Voice Signal") in the above action. We write to bring to your attention a serious concern regarding your denial of Voice Signal's Motion to Stay the Magistrate Judge's Order regarding trade secret discovery and to urge you promptly to take up, consider and decide Voice Signal's Objections to that Order.

The Magistrate Judge's Order requires Voice Signal to produce to its arch competitor extremely valuable and proprietary information developed during a time period when ScanSoft admits that it did not own the trade secrets in question and as to which ScanSoft admits that it has no claim. ScanSoft did not purchase any intellectual property of Lernout & Hauspie until December, 2001. ScanSoft does not (and cannot) assert any claim of trade secret misappropriation with respect to the time period prior to its acquisition of L&H's assets. The Magistrate Judge's Order compels Voice Signal to produce "documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST," a time period that ended prior to December 2001. Therefore, the materials ordered to be produced by the Magistrate Judge cannot possibly demonstrate the misappropriation of a trade secret at a time when any relevant alleged secret was owned by ScanSoft.

Despite repeated attempts, ScanSoft has never been able to identify any trade secret that it believes Voice Signal has misappropriated. In its Objections, Voice Signal has set out extensive case law in support of an orderly and efficient process to be employed to determine whether ScanSoft is entitled to any discovery on its trade secrets claims, and if it is, to match the scope of that discovery to any properly asserted trade secrets claims. We write to urge the court to consider Voice Signal's Objections and the process adopted by courts in this District and across the country in exactly these circumstances.

3913442v1

The Honorable Patti B. Saris
April 19, 2005
Page 2

      This is not a "discovery skirmish." The Magistrate Judge's Order risks destroying the value of assets whose value lies, in important part, in their continued secrecy. The present order requires Voice Signal to produce these assets (in the form of documentation and source code) to its direct competitor, *before the Court even considers Voice Signal's Objections to the Magistrate Judge's Order*. We have, by motion filed this morning, requested that the Court modify its order and permit Voice Signal, if it must produce the documents ordered by the Magistrate Judge, to produce them under seal to the Court or to a neutral third party to be held in escrow pending the Court's considered ruling on Voice Signal's Objections. This is a matter of great urgency to Voice Signal. We urge you to consider the motion filed today and Voice Signal's Objections at your earliest convenience.

      Thank you for your consideration.

Respectfully Submitted,

*Robert S. Frank, Jr.* (signature)

Robert S. Frank, Jr.

cc:    Lee Carl Bromberg, Esq.

3913442v1