125 SUMMER STREET BOSTON MA 02110-1618

T 617 443 9292  F 617 443 0004  WWW.BROMSUN.COM

BROMBERG ✶ SUNSTEIN LLP

LEE CARL BROMBERG
T 617 443 9292 x213
LBROMBERG@BROMSUN.COM

April 19, 2005

**By Hand**

The Honorable Patti B. Saris
United States District Court
  for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Room 6130
Boston, MA 02210

Re  *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.*
    U.S.D.C. D. Mass. Civil Action No. 04-10353 PBS
    Our File No. 2639/509

Your Honor:

We represent ScanSoft, Inc. ("ScanSoft") in the above-referenced matter and write solely to respond to the inaccurate and misleading letter sent to the Court earlier today by counsel for Voice Signal Technologies, Inc. ("VST").

Concealing the evidence of its wrongdoing has been VST's obstinate strategy in this case since it was filed fourteen months ago. Counsel's letter is simply the latest instance of VST's abject refusal to comply with its discovery obligations or with the explicit orders of this Court. In furtherance of its effort to hide the evidence of its misconduct, VST has filed:

- First motion to dismiss trade secret claims (granted, without prejudice to repleading continuing misappropriation) ;

- Second motion to dismiss trade secret claims (denied);

- Rule 11 motion for asserting trade secret claims (denied);

- Numerous discovery objections;

- Objection to production of source code (overruled);

The Honorable Patti B. Saris
United States District Court
for the District of Massachusetts
April 19, 2005
Page 2

- "Motion for clarification" of order requiring production of source code (denied);

- Objections to any trade secrets discovery whatsoever;

- Motion for protective order to preclude trade secret discovery (denied);

- Objections to Magistrate Judge's order requiring production of documents relating to the first full year of employment of the four individual defendants (pending);

- Motion for stay of Magistrate Judge's order (denied); and

- April 19, 2005 letter challenging rulings of Magistrate Judge Alexander and Judge Saris.

VST's abject refusal to yield an inch and its open defiance of this Court's orders can only be motivated by "serious concern" on VST's part that the withheld evidence will prove ScanSoft's case. The Protective Order in this case addresses VST's stated concerns, as protective orders do in many patent and trade secret cases where sensitive and confidential evidence is produced only in accordance with strict procedures to prevent public disclosure. Indeed, ScanSoft, a company built upon the world's leading speech recognition technology, has concerns at least as great. VST's assertion of an "ultimate trade secret," which cannot risk even production to counsel and expert witnesses in this case pursuant to the strictures of the Protective Order, must be seen for what it is – a mask to cover the evidence of its wrongdoing.

Counsel's letter falsely states that documents must be produced "to its direct competitor," when in fact the Protective Order provides that highly confidential documents be produced only to counsel for ScanSoft and independent expert witnesses subject to the requirements of the Protective Order.

Counsel's letter also falsely asserts that the "period of one year following the commencement of [the individual defendants'] employment with VST" ended prior to December 2001. In fact, individual defendants Gillick, Roth and Yamron commenced their employment with VST in January and February 2001; hence their first year of employment ended in January and February of 2002. In fact, these men all were required to suspend their employment from September until January and February pursuant to an order of the Massachusetts Superior Court prohibiting them from violating their non-compete obligations and their obligations to retain Lernout & Hauspie ("L&H") trade secrets in confidence. Hence the first full year of their employment extends well into the Spring of 2002.

In addition, wrongful use by the individual defendants of L&H's trade secrets in constructing the foundation of VST's speech recognition products during 2001 was not somehow purged

The Honorable Patti B. Saris
United States District Court
   for the District of Massachusetts
April 19, 2005
Page 3

when L&H sold the rights to those trade secrets to ScanSoft in December 2001. The wrongful misuse of the trade secrets to build VST's speech recognition product line continued after December 2001 and continues to this day as a misappropriation of trade secret assets which belong to ScanSoft.

We urge the Court to reject what amounts to yet another VST motion for "reconsideration" of court orders requiring it to comply with the Federal Rules governing discovery, and yet another effort to hide the theft of ScanSoft's trade secrets by VST and the individual defendants.

Respectfully submitted,

*[signature]*

Lee Carl Bromberg

LCB/jmc

cc:   Robert S. Frank, Jr.

02639/00509  379707.1