UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-10353-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VOICE SIGNAL TECHNOLOGIES, INC.'S OPPOSITION TO SCANFOFT, INC'S EMERGENCY MOTION TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT

Voice Signal Technologies, Inc. ("Voice Signal") submits this Opposition to ScanSoft, Inc's ("ScanSoft") Emergency Motion to Show Cause Why Defendant Should Not Be Held In Contempt ("Motion to Show Cause"). Because Voice Signal has made full and timely compliance with the Court's Order, ScanSoft's Motion should be denied.

The parties are engaged in a dispute concerning the scope of discovery to which ScanSoft is entitled related to its trade secret misappropriation claim. On April 27, 2005, this Court issued an Order (the "April 27 Order") directed to a portion of that dispute. The April 27 Order directed that "All documents shall be produced to counsel for ScanSoft, but the source code itself

Case 1:04-cv-10353-PBS    Document 176    Filed 05/13/2005    Page 2 of 3

shall be redacted. The complete set of documents (redacted and unredacted) shall be produced to the Court under seal."[1]

The very day that the April 27 Order issued, ScanSoft contacted counsel for Voice Signal and demanded the immediate production of documents in accordance with the April 27 Order. On April 28, 2005, counsel for Voice Signal responded that Voice Signal was working to produce documents as soon as possible. Popeo Decl. Ex. A.

Notwithstanding the assurances made by Voice Signal's counsel, the following day, Friday, April 29, counsel for ScanSoft informed counsel for Voice Signal that ScanSoft intended to file a motion to show cause why Voice Signal was not in contempt of the April 27 Court Order. Counsel for Voice Signal explained that, as a consequence of duplication and redaction issues relating to Voice Signal's compliance with the terms of the April 27 Order, that it was not ready to produce documents on Friday, April 29, 2005. Counsel assured ScanSoft's attorneys that Voice Signal would produce documents on Monday, May 2, 2005 (the next business day), and thus any motion practice by ScanSoft was unnecessary. Popeo Decl. Ex. B.

Unsatisfied with Voice Signal's assurance, ScanSoft on Monday, May, 2, 2005 filed its Motion to Show Cause. That same day, Voice Signal produced documents to ScanSoft, just as it

---

[1] ScanSoft's Motion is concerned with the portion of the April 27 Order which requires a production of documents to ScanSoft's counsel.

-2-

had assured ScanSoft's attorneys that it would. Popeo Decl. Ex. C. Because Voice Signal is in compliance with the Court's April 27 Order, ScanSoft's Motion to Show Cause should be denied.

                                    Respectfully submitted,

                                    LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

                                  By their attorneys,

/s/ Paul D. Popeo
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Dated: May 13, 2005

3924756v1