UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR <br><br> Defendants. | Civil Action No. 04-10353 PBS <br><br><br> ORAL ARGUMENT REQUESTED |

**SCANSOFT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT**

ScanSoft, Inc. ("ScanSoft") files this supplemental memorandum pursuant to Federal Rule of Civil Procedure 37(b)(2)(D) because defendant Voice Signal Technologies, Inc. ("VST") continues to violate this Court's Orders of March 30 and April 27 to produce documentation reflecting the work performed by individual defendants Laurence Gillick, Robert Roth, Jonathan Yamron, and Manfred Grabherr ("Individual Defendants"), during their first full year of employment at VST. The Court specifically ordered VST to produce all such documents to ScanSoft's counsel, redacting only for source code, and to produce a complete set of redacted and unredacted documents to the Court under seal. It is undisputed that each of the Individual Defendants worked for VST from early 2001 (October 2000, in the case of Mr. Grabherr) until at least September 28, 2001, and then returned to VST after the Massachusetts Superior Court injunction prohibiting their employment at VST had expired. Despite the Court's Orders to VST to produce documents reflecting the first year of the Individual Defendants' employment at VST,

1

it has produced only 254 pages of documents – i.e., approximately, one page *per week* for each of the four scientists.  Moreover, not only is the volume of production wholly inadequate, VST improperly redacted names and text from each page of the documents that it did produce.  VST should be ordered to show cause why it should not be held in contempt for violating the Court's plain and unambiguous Orders to produce these documents.  In addition, VST should be compelled to produce to ScanSoft a complete set of documents reflecting the individual defendants' first year of work at VST, and directed to reimburse ScanSoft for the costs of preparing and filing its motion to show cause.

## FACTUAL BACKGROUND

This Court has repeatedly Ordered VST to produce to ScanSoft all documents indicating the work that the Individual Defendants performed for VST during their first year of employment.  *See* transcript of March 16, 2005 hearing at 17-19; Electronic Order of March 30, 2005; Electronic Order of April 27, 2005.  Moreover, when the Court issued its Electronic Order of April 27, 2005, it clearly stated that "[a]ll documents . . . be produced to counsel for ScanSoft, but the source code itself shall be redacted."  Counsel for ScanSoft immediately contacted counsel for VST and asked that VST produce the documents.  Days later, on May 3, 2005, counsel for VST produced a mere 254 pages of improperly redacted documents.  Contrary to the Court's Order, names and text concerning VST's speech recognition work have been improperly redacted from these documents.  *See* May 2, 2005 letter from Wendy S. Plotkin to Jack C. Schecter (**Exhibit A**).

ScanSoft promptly challenged VST's redactions and the paucity of its production.  *See* Declaration of Jack C. Schecter at ¶ 6 (**Exhibit B**).  VST replied that, although the production of May 3 was not yet complete, the 254 pages were the "bulk" of its production.  *See* Declaration at

2

¶ 6 (**Ex. B**). To date, VST has not supplemented its production, despite the admission that its production was incomplete. *Id.* at ¶ 6. Because VST has refused to withdraw its improper redactions or make a complete production of documents, ScanSoft has been forced to file this supplemental memorandum to bring to the Court's attention VST's continued violation of the Court's Orders.

## ARGUMENT

### I. VST'S DOCUMENT PRODUCTION IS WOEFULLY INADEQUATE

The four Individual Defendants in this litigation are top-flight speech recognition scientists who direct VST's work on speech recognition research and development. *See* Roth Tr. at pp. 228-230 ("we put them [the Individual Defendants] to work on building speech recognition for mobile phones"); 232-241 (discussing the Individual Defendants' speech recognition work at VST). It defies logic that the 254 pages produced by VST represent the "bulk" of documents relevant to the Individual Defendants' first year of work at VST. *See* Declaration at ¶ 6 (**Ex. B**). In fact, VST would have ScanSoft and this Court believe that, during their first year of employment at VST, the Individual Defendants produced less than a single page of documentation per day between them. VST's woeful production suggests only that it continues to violate the Court's Orders by withholding significant documentation relevant to ScanSoft's claims. VST should be ordered to show cause why it has produced only 254 pages of documentation and why it has not supplemented its production as it promised. *See* Declaration at ¶ 7 (**Ex. B**).

### II. VST IMPROPERLY REDACTED THE DOCUMENTS IT DID PRODUCE

That documents relevant to a discovery request must be produced in their entirety is a well-established rule. Fed. R. Civ. P. 37(a)(3) ("an evasive or <u>incomplete disclosure</u>, answer, or

3

response is to be <u>treated as a failure to disclose</u>, answer, or respond.") (emphasis added); *see also Rickles, Inc. v. Frances Denney Corp.,* 508 F. Supp 4, 7 (D. Mass. 1980) (plaintiff ordered to file amended responses where its initial responses to discovery requests were woefully inadequate). In fact, the federal rules were expanded in 1980 to expressly require a party to produce documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b); *Rickles,* 508 F. Supp. at 7.

      Here, VST produced a suspiciously small number of documents, but then violated the discovery rules by engaging in wholesale redaction on each and every page of its production. The large majority of VST's production are electronic mails ("e-mails") authored or received by the Individual Defendants during their first few months of employment at VST. Presumably, VST produced these e-mails because they were relevant to the litigation and responsive to ScanSoft's requests and the Court's Orders. Electronic mail ("e-mail") is a common business record maintained in the ordinary course in a complete, unredacted form. Fed. R. Evid. 803(6) (records of regularly conducted activity include "a memorandum, report, record, or data compilation, <u>in any form</u>") (emphasis added). When a relevant document is produced in discovery, ordinarily the entire document is produced without redaction, and courts routinely discourage redactions for numerous reasons. *DiBella v. Hopkins,* 403 F.3d 102, 121 (2nd Cir. 2005) (redaction of non-privileged information improper); *Envirosource, Inc. v. Horsehead Resource Development Company, Inc.,* 981 F.Supp. 876, 883 (S.D.N.Y. 1998) (defendant improperly redacted information crucial to plaintiff's case). First, deletions of names, dates, phrases, sentences and paragraphs, make the document incomprehensible. *See Billington v. U.S. Dept. of Justice,* 301 F. Supp. 2d 15, 24 (D. D.C. 2004) (requiring production of all nonprivileged information where redacted version of document was "meaningless dribble").

4

Second, redaction or deletion of material from relevant documents raises the suspicion that evidence is being hidden, so courts are loathe to permit such redaction. *See Envirosource, Inc.,* 981 F.Supp. at 883 (in contract action, court rejected as improper defendant's redaction of information that "went to the heart of the action and that plaintiff would need to prove [his] claims"). In this case, VST obviously went to great lengths to redact information on each page of its production, raising an inference that it is hiding evidence of its wrongdoing. VST's wholesale redactions are certainly suspect.[1] Third, courts recognize that redacted information (in this case, of names of individuals with knowledge of the defendants' speech recognition work and descriptions of the work itself) may lead to discoverable information. *See, e.g., DiBella,* 403 F.3d at 121 (finding defendant's selective redaction "smacks of an intent to mislead"); *Tax Track Systems, Corp. v. New Investor World, Inc.,* 2002 WL 31473818, *11 (N.D. Ill. 2002) (sanctioning plaintiff for improper redactions that included names of individuals to whom important documents were sent and noting that, had the plaintiff not been ordered to produce unredacted versions, "it is questionable whether these additional memoranda would ever have been produced").

VST's wholesale and inexplicable redactions of non-privileged material, including information describing the work performed by the Individual Defendants and the names of each and every employee who worked with these defendants should be rejected by this Court.

---

[1] VST does not raise as support for its wholesale redactions that the redacted material is privileged, a noted exception to the general rule that documents responsive to discovery requests are produced in their entirety and without redaction. *See, e.g.,* 8 Wright & Miller, Federal Practice and Procedure, §§ 2007, 2016 (2d ed. 1994) (parties are given "generally unrestrictive access to information," with the exception of privileged documents); *DiBella,* 403 F.3d at 121 (district court properly admitted non-privileged evidence that had been erroneously redacted).

### A. VST May Not Redact Names of Employees Who Worked with the Individual Defendants

The identity of persons having knowledge of any discoverable matter is expressly discoverable. Fed. R. Civ. P. 26(b)(1) (allowing for discovery of the "identity and location of persons having knowledge of any discoverable matter"). VST's redactions of the names of employees who worked with the Individual Defendants on speech recognition technologies at VST clearly violate this well established rule. Yet, on each and every document produced by VST, it has redacted the names of VST employees other than the four named defendants. *See, e.g.,* VST Bates Nos 03974-03998. In a most glaring example of improper deletion, VST redacted the name of the coordinator of VST's ELVIS project - the very project in which ScanSoft alleges VST first used its trade secrets. *See* Bates No. VST 04051 (E-mail from unnamed author to defendant Larry Gillick) (**Exhibit C**). The documents produced by VST leave no doubt that VST employees other than the four defendants have knowledge of the work activities of these scientists during their first year at VST. Their identities are relevant and may very well lead to the discovery of relevant information. As such, VST's wholesale redaction of these names is highly improper and groundless.

### B. VST May Not Redact Narrative About its Source Code

Similarly, there is no basis for VST's redaction of large amounts of text from the documents produced by VST. *See Envirosource, Inc.,* 981 F.Supp. at 883 (rejecting defendants redactions of "the dates, quantities, costs, fees and credits and terms of . . . contracts, proposed contracts, and communications relating to [the contracts]" because the information was relevant to plaintiff's claims).

Here, the Court's Order of April 27 was clear when it instructed VST to limit any redaction to "the source code itself." Electronic Order of April 27, 2005. Source code is

6

commonly defined as program instructions written in a computing language that is readable by a human programmer but must be converted into object code to be read by a computer. *The American Heritage Dictionary of the English Language*, 4th Ed. (2000). Source code does not include ordinary narratives that describe the source code's function or purpose, the very information VST appears to have redacted from its produced documents. *See* **Ex. C** (Bates No. 03991 (email to defendant Jonathan Yamron regarding "brainstorm"); Bates No. VST 03999 (memorandum discussing characteristics of speech recognition techniques); Bates No. 04050 (heavily redacted document describing Individual Defendants' speech recognition work). VST should be precluded from redacting such information from the documents and should be ordered to disclose this information forthwith. *See Envirosource, Inc.,* 981 F.Supp. at 883 ("plaintiff could hardly be expected simply to accept defendant at its word that the redacted information is irrelevant").

## CONCLUSION

For all of the foregoing reasons, VST continues to defy this Court's Orders concerning trade secret discovery in this case. Accordingly, ScanSoft respectfully requests that this Court grant its April 29, 2005 Emergency Motion to Show Cause and (i) order VST to answer why it should not be held in contempt for its woefully inadequate, improperly redacted production, (ii) compel <u>complete</u> production of the requested documents, and (iii) award ScanSoft attorneys fees, costs, and expenses incurred in preparing each of its motions to show cause.

Dated: May 13, 2005                                SCANSOFT, INC.
                                                   By its attorneys,


                                                   /s/ Rebecca L. Hanovice
                                                   Lee Carl Bromberg, BBO # 058480
                                                   Robert Asher, BBO # 022865
                                                   Erik Paul Belt, BBO # 558620
                                                   Lisa M. Fleming, BBO # 546148
                                                   Jack C. Schecter, BBO # 652349
                                                   Rebecca L. Hanovice, BBO # 660366
                                                   BROMBERG & SUNSTEIN LLP
                                                   125 Summer Street
                                                   Boston, Massachusetts 02110-1618
                                                   (617) 443-9292
                                                   rhanovice@bromsun.com


02639/00509 385813.1