UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>      Plaintiff,<br><br>      v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>      Defendants. | Civil Action No. 04-10353 PBS |

**PLAINTIFF'S OPPOSITION TO DEFENDANT MANFRED G. GRABHERR'S
MOTION FOR SUMMARY JUDGMENT**

ScanSoft, Inc. ("ScanSoft") opposes defendant Manfred G. Grabherr's motion for summary judgment. Mr. Grabherr's motion is based entirely on the false premise that his speech recognition research and development work at Lernout & Hauspie Speech Products N.V. ("L&H") has no relation to the trade secrets which ScanSoft alleges he misappropriated and misused while employed by defendant Voice Signal Technologies, Inc. ("VST").

Contrary to Mr. Grabherr's assertions, the trade secrets he had access to while at L&H are today contained in ScanSoft's Dragon Naturally Speaking product and utilized in ScanSoft's ongoing research and development efforts relating to speech recognition. Moreover, summary judgment dismissing the trade secrets claim against Mr. Grabherr would be particularly inappropriate given the fact that Mr. Grabherr and VST have obstructed the discovery process to such an extent that ScanSoft has been afforded practically no discovery regarding its trade secret claims. Mr. Grabherr's motion should be denied.

## FACTS

On or about June 7, 2000, L&H merged with Dragon Systems, Inc. ("Dragon"). At the time of L&H's acquisition of Dragon, Mr. Grabherr was employed by L&H as an engineer specializing in research of speech recognition algorithms and in optimizing performance of speech recognition on small platforms. *See* Affidavit of William Francis Ganong ("Ganong Aff.") ¶¶ 3-5 (attached as Exhibit A to ScanSoft's Local Rule 56.1 Statement of Disputed Material Facts).

While at L&H, Mr. Grabherr worked on a speech recognition dictation product, Voice Xpress. Ganong Aff. at ¶ 4. Utilizing continuous speech recognition technology and a large, customizable vocabulary of up to 60,000 words, the Voice Xpress software allows users to create, format, and edit documents all by voice. Mr. Grabherr's work on this product involved research and development of trade secret, confidential and proprietary information regarding the speech recognition architecture of L&H's Voice Xpress product, including the specific structural details of the product such as its methods of acoustic matching and word matching. Mr. Grabherr's work on Voice Xpress also involved the development of specific proprietary algorithms for recognizing commands, including algorithms used in the Voice Xpress product, as well as their organization and interaction. *Id.* Mr. Grabherr's work on Voice Xpress led to his involvement with an L&H research program called the "Phoenix" project. Building on many of the trade secrets developed in connection with Voice Xpress, Mr. Grabherr directed the "Phoenix" project and was tasked with optimizing large vocabulary speech recognition for use in small platforms such as hand-held PDAs and cell phones. *Id.* at ¶ 5.

On or about December 11, 2001, ScanSoft purchased substantially all the assets of L&H's speech recognition technology division, including the rights to the trade secret, confidential and

2

proprietary information to which Mr. Grabherr had access while employed by L&H. Today, ScanSoft's Dragon Naturally Speaking product incorporates a number of the trade secrets Mr. Grabherr researched and developed at L&H, including the speech recognition architecture and proprietary algorithms for recognizing commands implemented in the Voice Xpress product and further utilized in the "Phoenix" project. *Id.* at ¶ 6. In addition to their incorporation in ScanSoft's Dragon Naturally Speaking product, the trade secrets Mr. Grabherr had access to at L&H are currently utilized by ScanSoft in ScanSoft's ongoing research and development efforts involving speech recognition. *Id.* at ¶ 7.

On or about October 2000, Mr. Grabherr began working for VST in the field of speech recognition. Less than a year from the date it hired Mr. Grabherr, VST announced its "ELVIS" (Embedded Large Vocabulary Interface System) speech recognition solution, which placed speech recognition technology on small platform applications such as PDAs and cell phones. September 6, 2001 press release (**Exhibit 1**) ("the ELVIS platform . . . has a vocabulary of several thousand words (customizable by the user) and improves accuracy over time as it adapts to the voice of an individual speaker"). The capabilities of the speech recognizer described in the ELVIS product are identical to many of the capabilities present in the Voice Xpress product on which Mr. Grabherr worked and the "Phoenix" project which Mr. Grabherr directed in an effort to optimize speech recognition for small platforms.

Recently produced emails confirm that Mr. Grabherr had a central role on the ELVIS research and development team at VST and was charged with leading the technical development of the ELVIS voice recognizer. VST 04051 (**Exhibit 2**) ("The ELVIS project lies at the heart of VST's overall plans for the future . . . In order to better support our ELVIS development efforts, we have also identified functional leadership in a number of important technical areas.

3

Recognizer: ... Manfred Grabherr"); VST 04220 (**Exhibit 3**) (three month ELVIS coding work plan, tasking Mr. Grabherr with REDACTED ").

Since the announcement of ELVIS in 2001, VST has continued to flaunt its use of the misappropriated trade secrets. Indeed, in a June 7, 2004 *Boston Globe* Article, VST declared that its speech to text dictation technology "can support speech-to-text conversion of up to 30,000 words through a program that would take just 1 megabyte of memory in the 16 or 32 megabyte chip that provides the brains inside many cellphones." June 7, 2004 *Boston Globe* Article (**Exhibit 4**). Less than a year later, VST informed the *Mass High Tech* journal that its speech-to-text technology "will have a vocabulary of about 50,000 words." March 7, 2005 *Mass High Tech* Article (**Exhibit 5**). And, most recently, Samsung unveiled its p207 mobile phone, which contains speech-to-text input technology provided by VST that Mr. Grabherr developed and directed during his employment with L&H. April 18, 2005, press release (**Exhibit 6**). These statements evidence the flagrant and continued misappropriation of ScanSoft's speech recognition trade secrets.

## ARGUMENT

I. **MR. GRABHERR'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE MATERIAL FACTS REMAIN IN DISPUTE.**

To support a motion for summary judgment, the moving party bears a formidable burden in establishing that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In making this assessment, the Court is to examine the materials presented 'in the light most favorable to the non-moving party and indulge in all inferences in that party's favor.'" *Medeiros*

*v. Whitcraft,* 931 F. Supp. 68, 72 (D. Mass. 1996) (quoting *Moody v. Boston and Maine Corporation,* 921 F.2d 1, 5 (1 Cir., 1990)); *see also Casas Office Machines Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668, 684 (1 Cir., 1994). Mr. Grabherr cannot meet that burden, and, accordingly, his motion for summary judgment should be denied.

ScanSoft's claim against Mr. Grabherr is plainly set forth in ScanSoft's Amended Complaint: (1) Mr. Grabherr had access to trade secret, confidential and proprietary information relating to speech recognition while employed by L&H (Amended Compl. ¶¶ 27-28); (2) Mr. Grabherr left L&H and began working for VST in the field of speech recognition (*id.* at ¶ 29); and (3) shortly after hiring Mr. Grabherr and a number of additional former L&H employees, VST developed and announced its ELVIS speech recognition product, exhibiting capabilities which strongly suggest that Mr. Grabherr and VST misappropriated the L&H trade secrets, now owned by ScanSoft (*id.* at ¶ 30-31). Not surprisingly, Mr. Grabherr does not assert that these factual allegations are undisputed.

Instead, Mr. Grabherr bases his entire motion for summary judgment on the false premise that Mr. Grabherr's work at L&H is unrelated to the trade secrets at issue in this litigation. Mr. Grabherr's argument wildly misses the mark. It is irrelevant that Mr. Grabherr never worked for Dragon and never worked specifically on the Dragon Naturally Speaking product before he went to VST. At L&H, Mr. Grabherr worked extensively on the Voice Xpress speech dictation product and was a director of the small platform speech recognition development initiative, the "Phoenix" project. *See* Ganong Aff., ¶¶ 4-5; **Exhibit 7** (Roth Deposition Transcript at 218-219 ("And do you know that Manfred Grabherr worked on the Phoenix project [at L&H]?" "Yes.")). As part of his work on Voice Xpress and the "Phoenix" project, Mr. Grabherr researched and developed trade secrets and confidential and proprietary information now owned by ScanSoft.

Ganong Aff., ¶¶ 4-6. Today, a number of those trade secrets have been incorporated in ScanSoft's Dragon Naturally Speaking product and continue to be utilized by ScanSoft in its speech recognition research and development efforts. Ganong Aff. ¶ 7.

ScanSoft contends that Mr. Grabherr has misappropriated the very trade secrets Mr. Grabherr worked on at L&H and that he has used these trade secrets in products brought to the market by VST. Mr. Grabherr contends that the work he did at L&H is entirely unrelated to the trade secrets at issue in this litigation. It is difficult to envision a more apparent or more material factual dispute. For this reason alone, Mr. Grabherr's motion for summary judgment must be denied.

II. **MR. GRABHERR'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED BECAUSE THERE HAS NOT BEEN ADEQUATE TIME FOR DISCOVERY AS A RESULT OF DEFENDANTS' OBSTRUCTIONIST TACTICS.**

Though the stark factual disputes regarding Mr. Grabherr's misappropriation of ScanSoft's trade secrets should dispose of his motion for summary judgment, Mr. Grabherr's motion should also be denied because there has not been adequate time for discovery as a result of defendants' obstructionist tactics. *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (recognizing the requirement of "adequate time for discovery" before entering summary judgment); *see also* Fed. R. Civ. P. 56(f) (authorizing continuances so that a non-movant, upon a proper showing, may gather "facts essential to justify [an] opposition" to summary judgment).

As ScanSoft has briefed for this Court on numerous occasions, defendant's response to this litigation has been massive resistance to all discovery. In the face of VST's obstructionist tactics, this Court has repeatedly ordered VST to produce trade secret discovery. *See* March 16, 2005, hearing; Magistrate Judge Alexander's Order of March 30, 2005. Most recently, the Court ordered VST to produce all documents indicating the work that the individual

6

defendants, including Mr. Grabherr, performed for VST for a period of one year following the commencement of their employment with VST. The Court permitted the limited redaction of those documents to the extent they disclosed VST's source code. *See* April 25, 2005 Order.

On May 3, 2005, defendants produced a mere 254 pages of heavily redacted documents to ScanSoft. Despite the fact that defendants have since conceded that the Court's Order requires additional documents to be produced and have represented that those documents will be produced, to date, no additional document production has occurred. *See* Declaration of Jack C. Schecter ("Schecter Decl."), ¶¶ 5-6 (attached as **Exhibit 8**). Moreover, as a result of the numerous disputes regarding defendants' refusal to engage in discovery on ScanSoft's trade secrets claims, ScanSoft has yet to take the deposition of Mr. Grabherr. *See* Schecter Decl., ¶ 7.

On the present record, summary judgment dismissing ScanSoft's trade secret claim against Mr. Grabherr would be inappropriate. In disregard of the Federal Rules and the explicit Orders of this Court, defendants have failed to produce all documents indicating the work Mr. Grabherr performed during his first year with defendant VST. Moreover, to date, ScanSoft has not even been afforded the opportunity to take the deposition of Mr. Grabherr, despite having noticed his deposition twice. Accordingly, Mr. Grabherr's motion for summary judgment is untimely and should be denied.

## CONCLUSION

For the foregoing reasons, ScanSoft requests that this Court deny Manfred G. Grabherr's motion for summary judgment.

Dated: May 18, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Jack C. Schecter
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 385652.1