UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO REVISE SCHEDULING ORDER**

Plaintiff ScanSoft, Inc. respectfully requests that this Court (1) extend the discovery deadline by ninety days and (2) revise the Scheduling Order to similarly extend all subsequent deadlines. This extension is necessitated by Voice Signal Technologies, Inc.'s ("VST") continued obstruction of discovery related to ScanSoft's patent and trade secret claims. In fact, in spite of the Court's acknowledgement of ScanSoft's right to discovery during the March 16, 2005 hearing, and although VST agreed to produce documents relevant to ScanSoft's patent infringement claim, ScanSoft has yet to receive any relevant material. Furthermore, the preliminary Markman hearing scheduled for June 17, 2005, will likely raise additional patent issues that will require discovery. Accordingly, ScanSoft proposes that the Court grant a ninety (90) day extension to the current Scheduling Order:

| Event: | Current Date: | Proposed Date: |
|---|---|---|
| Fact Discovery Deadline (excluding discovery on damages) | May 30, 2005 | August 30, 2005 |

| | | |
|---|---|---|
| Initial Expert Reports due (for parties with burden of proof) | June 14, 2005 | September 14, 2005 |
| Rebuttal Expert Reports due | June 29, 2005 | September 29, 2005 |
| Expert Discovery Deadline | July 26, 2005 | October 26, 2005 |
| Summary Judgment and Markman Motion Filing Deadline | August 11, 2005 | November 11, 2005 |
| Opposition to Summary Judgment And Markman Motions | August 27, 2005 | November 28, 2005 |
| Hearing on Markman, Summary Judgment or Pretrial Conference | October 7, 2005 | January 9, 2006 |

## ARGUMENT

Fact discovery is set to end in less than two weeks, on Monday, May 30, 2005. Although more than a year has passed since the outset of this case, VST produced only 254 pages of documents in response to ScanSoft's requests related to its trade secrets claim, has not produced any witnesses for deposition regarding the '630 patent, and has not disclosed <u>any</u> information relevant to the '966 patent.[1] As discussed in greater detail in ScanSoft's forthcoming Motion to Compel, VST promised to produce documents about the patent-in-suit, but never delivered. *See* Second Amended Response of Voice Signal Technologies, Inc. to Plaintiff's First Set of Document Requests at p. 13-15 (**Exhibit A**). VST has also failed to produce witnesses who have been noticed and re-noticed for depositions regarding both patents in suit and ScanSoft's trade secrets.

When counsel for ScanSoft raised the issue of VST's discovery misconduct in the March 16, 2005, hearing, this Court recognized ScanSoft's right to obtain necessary discovery. In fact,

2

the Court told counsel "[i]f you are entitled to it, you will get it." Transcript of March 16, 2005, hearing at p. 25. The Court indicated that it would grant an extension if ScanSoft does not receive all responsive documents by the fact discovery deadline. *Id.* ("But if you win on your primary claims, you are likely to get all this. And I won't say, well, the discovery clock stops. I will give you an extension."). VST has, through its obstructionist tactics, prevented ScanSoft from engaging in meaningful discovery under the time limitations of the Court's current scheduling order. A ninety day extension is reasonable in light of VST's stonewalling.

Furthermore, the preliminary Markman hearing is scheduled for June 17, 2005. The ninety day discovery extension proposed by ScanSoft will permit both parties to thoroughly investigate any additional issues that are raised during this hearing regarding the '966 and '630 patents. Discovery related to the '966 and '630 patents simply makes more sense if conducted after the Markman hearing.

## **CONCLUSION**

For the foregoing reasons, ScanSoft respectfully requests that the Court grant this motion and enter the revised schedule proposed above.

---

[1] VST's woeful production stands in stark contrast to ScanSoft's disclosure of over seventeen thousand (17,000) pages of relevant documents.

| | |
|---|---|
| Dated: Boston, Massachusetts<br>        May 18, 2005 | Respectfully submitted<br><br>SCANSOFT, INC.<br>*By its attorneys,*<br><br><br>/s/ Rebecca L. Hanovice<br>Lee Carl Bromberg (BBO #058480)<br>Robert Asher (BBO #022865)<br>Erik Paul Belt (BBO # 558620)<br>Lisa M. Fleming (BBO #546148)<br>Jack C. Schecter (BBO #652349)<br>Rebecca L. Hanovice (BBO # 660366)<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110-1618<br>(617) 443-9292<br>rhanovice@bromsun.com |

02639/00509 387395.1