# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED RESPONSE OF VOICE SIGNAL TECHNOLOGIES, INC. TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Defendant Voice Signal Technologies, Inc. ("VST") submits this second amended response to Plaintiff ScanSoft, Inc.'s ("ScanSoft") First Set of Document Requests (the "Requests").

## GENERAL OBJECTIONS

1.    VST objects to the "Definitions" and "Instructions" set forth in the Requests to the extent that those definitions and instructions purport to impose obligations upon VST greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

2.    VST objects to the definition of "VST Speech Recognition Product" set forth in the Requests. For purposes of these Responses, "VST Speech Recognition Products" shall mean only the user interface module of VST's speech recognition products, and shall not include any speech engine associated with those products.

3.    VST objects to the definition of "Speech Recognition Product" on grounds that it is overly broad, as it omits limitations required by all independent claims of United States Patent No. 6,501,966 (the "'966 patent").

4.    VST objects to each specific request set forth in the Requests to the extent that it seeks documents subject to the attorney-client privilege, the work product privilege, or any other privilege.  VST relies upon and asserts any such privilege, and any production of privileged material is inadvertent and is not to be deemed as a waiver thereof.

5.    VST objects to each specific request set forth in the Requests to the extent that it seeks documents relating to ScanSoft's claims for misappropriation of trade secrets.  ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated. ScanSoft must identify those trade secrets with particularity before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets.  *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986).

6.    Nothing in VST's responses should be construed as confirmation that documents exist.  Any statement that VST will produce documents means that responsive documents will be produced if located.

7.    VST objects to producing any documents in response to the Requests except pursuant to, and after the entry of, a confidentiality stipulation and/or protective order to preserve the confidentiality of certain documents.

8.    Each of these general objections is incorporated into each of the specific responses below as if fully set forth therein.

2

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1:

Each document for which identification is requested by, or that is identified in responses to, Plaintiff's First Set of Interrogatories to Defendant Voice Signal Technologies, Inc.

### Response No. 1:

VST objects to Request No. 1 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession that are identified in its responses to Plaintiff's First Set of Interrogatories, consistent with the objections and limitations set forth therein.

### Request No. 2:

Each document consulted or referred to in responding to Plaintiff's First Set of Interrogatories to Defendant Voice Signal Technologies, Inc.

### Response No. 2:

VST objects to Request No. 2 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession that are identified in its responses to Plaintiff's First Set of Interrogatories, consistent with the objections and limitations set forth therein.

**Request No. 3**:

Each document included in the categories of documents and things identified by Voice Signal in disclosures made pursuant to Fed. R. Civ. P. 26(a)(1-4) and Local Rule 26.2(A).

**Response No. 3**:

Subject to and without waiving the general objections set forth above, VST will produce copies of all relevant non-privileged documents included in the categories of documents and things identified by VST in disclosures made pursuant to Fed. R. Civ. P. 26(a)(1-4) and Local Rule 26.2(A).

**Request No. 4**:

Source code, in electronic format, of each different version of each VST Speech Recognition Product, including without limitation any versions no longer sold or licensed by Voice Signal.

**Response No. 4**:

VST objects to Request No. 4 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  VST further objects to Request No. 4 to the extent that it seeks documents concerning ScanSoft's claims for misappropriation of trade secrets.  ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986).   Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce source code relating to the user interface portion of each VST Speech Recognition Product.  VST has filed an

4

Objection to the portion of the Order of the Magistrate Judge on ScanSoft's Motion to Compel

that obligates VST to produce additional source code (the "Objection"). Pending the disposition

of the Objection, VST objects to the production of source code not related to the user interface

portion of VST's Speech Recognition Product.

**Request No. 5:**

Any user guides or manuals, instructions, documentation, product inserts, promotional
materials, and/or other literature that are provided with each version of each VST Speech
Recognition Product or otherwise made available by Voice Signal to the purchasers or licensees
of such products.

**Response No. 5:**

VST objects to Request No. 5 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections or the general objections set forth above, VST will produce copies of all

relevant non-privileged documents in its possession which constitute user guides, manuals,

instructions and product inserts that are provided with each VST Speech Recognition Product.

**Request No. 6:**

Organizational charts for each division or portion of Voice Signal that is responsible, in
whole or in part, for the conception, research, design, development, manufacture, marketing,
distribution, importation into the U.S., and/or sale or licensing of each version of each VST
Speech Recognition Product.

**Response No. 6:**

VST objects to Request No. 6 on the grounds that it is overbroad and seeks information

which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of

admissible evidence. Subject to and without waiving the foregoing objections or the general

objections set forth above, VST has produced documents that constitute organizational charts for

VST.

**Request No. 7:**

Each document concerning the conception, research, design, development, reduction to practice, testing, prototyping, manufacture, technical specifications, operating parameters, material composition, and/or performance capabilities of each version of each VST Speech Recognition Product and any of their prototypes, including without limitation designs, user guides, user manuals, technical manuals, developer guides, design review, notes, equipment and/or inventory lists for components used, laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, advertisements, and promotional material.

**Response No. 7:**

VST objects to Request No. 7 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 7 to the extent that it seeks documents concerning ScanSoft's claims for misappropriation of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce source code relating to the user interface portion of each VST Speech Recognition Product. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986). Further answering, the Magistrate Judge's Order dated January 14, 2005 provides that VST must produce documents pre-dating the April 1992 priority date of ScanSoft's patent that are responsive to this request. Subject to and without waiving the foregoing objections and general objections set forth above, VST states that it does not have in its possession, custody or control any such documents.

**Request No. 8**:

Each document concerning third party products reviewed, tested, or evaluated by Voice Signal in connection with the design and development of any and all versions of each VST Speech Recognition Product.

**Response No. 8**:

VST objects to Request No. 8 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 9**:

Each document concerning any components or services provided by persons who are not parties to this case for use in connection with any VST Speech Recognition Product, including but not limited to designs, user guides, user manuals, technical manuals, developer guides, design review, notes, equipment and/or inventory lists for components used, laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, advertisements, and promotional material for such components.

**Response No. 9**:

VST objects to Request No. 9 on the grounds that it is vague, overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 10**:

Each document concerning the trial, testing, evaluation, analysis, and/or quality control or assurance of each version of each VST Speech Recognition Product, including but not limited to laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, and documents describing the trial, testing, evaluation, analysis, or quality control or assurance of said products.

**Response No. 10**:

VST objects to Request No. 10 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further objects to Request

No. 10 to the extent that it seeks documents concerning ScanSoft's claims for misappropriation

of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were

misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning

its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal*

*Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet*

*Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research*

*Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986). Subject to and without waiving

the foregoing objections or the general objections set forth above, VST will produce source code

relating to the user interface portion of each VST Speech Recognition Product.

**Request No. 11**:

Each document concerning any changes, additions, deletions, modifications, or
alterations to each version of the source code of each VST Speech Recognition Product, starting
from the first prototype of each VST Speech Recognition Product.

**Response No. 11**:

VST objects to Request No. 11 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further objects to Request

No. 11 to the extent that it seeks documents concerning ScanSoft's claims for misappropriation

of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were

misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning

its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal*

*Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet*

*Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research*

*Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986). Subject to and without waiving

the foregoing objections or the general objections set forth above, VST will produce the

documents requested in Request No. 11 to the extent they relate to the source code for the user

interface portion of each VST Speech Recognition Product.

**Request No. 12:**

Each document concerning each offer for sale, sale, marketing, license, lease, distribution, importation to the U.S., transfer of each VST Speech Recognition Product, and/or other transaction relating to each VST Speech Recognition Product, including but not limited to invoices, purchase orders, sales quotations, contracts, price lists, receipts, payment slips, shipping documents, shipping reports, customs forms, business plans, marketing reports, sales reports, manufacturing reports, projection reports, royalty reports, market studies, marketing reports, economic forecasts, financial estimates or projections, financial summaries, and data compilations that record revenue figures.

**Response No. 12:**

VST objects to Request No. 12 on the grounds that it is overbroad and unduly

burdensome. VST further objects on the grounds that the parties have agreed to defer discovery

relating to damages until after the summary judgment stage of the proceedings. VST will

cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents

relating to damages at an appropriate time.

**Request No. 13:**

Each document concerning any profits earned or losses incurred through manufacture, use, offer for sale, sale, or transfer of each VST Speech Recognition Product, including but not limited to sales or cost accounting data, federal and state tax returns, monthly, quarterly, or annual financial reports, annual and 10K reports, audited or unaudited financial statements prepared by or for Voice Signal, statements of accounting policies, accounting documentation provided to lenders and investors, charts or accounts, royalty reports, general ledgers with transaction level detail, detailed trial balances, and any financial reports generated or maintained for the voice activated recognition products.

**Response No. 13:**

VST objects to Request No. 13 on the grounds that it is overbroad and unduly

burdensome. VST further objects on the grounds that the parties have agreed to defer discovery

relating to damages until after the summary judgment stage of the proceedings. VST will

cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents relating to damages at an appropriate time.

**Request No. 14:**

Each document concerning the price of each VST Speech Recognition Product, and each document concerning the determination of, or policies concerning, the price of each VST Speech Recognition Product, including but not limited to price sheets or lists, reports, pricing advertisements, documents by inside or outside salespeople and sales representatives, monthly, quarterly, or annual financial reports and sales summaries.

**Response No. 14:**

VST objects to Request No. 14 on the grounds that it is overbroad and unduly burdensome. VST further objects on the grounds that the parties have agreed to defer discovery relating to damages until after the summary judgment stage of the proceedings. VST will cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents relating to damages at an appropriate time.

**Request No. 15:**

Each document concerning standard manufacturing costs and the basis for computation of profit, direct or indirect expenses (including materials, labor, general and administrative expenses, etc.), component costs, plant costs, equipment costs, training costs, research and development costs, rent, utilities, general overhead, depreciation, taxes, start-up expenses with respect to each VST Speech Recognition Product, including but not limited to periodic reports (monthly, quarterly, or annual reports), planning reports, manufacturing cost reports, cost rollup reports, efficiency reports, inventory reports, profit and loss reports, and balance sheets.

**Response No. 15:**

VST objects to Request No. 15 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects on the grounds that the parties have agreed to defer discovery relating to damages until after the summary judgment stage of the proceedings. VST will cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents relating to damages at an appropriate time.

**Request No. 16:**

Each document concerning Voice Signal's gross sales, gross profits, net profits, earnings, assets, liabilities, and net worth since January 1, 1997.

**Response No. 16:**

VST objects to Request No. 16 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further objects on the grounds

that the parties have agreed to defer discovery relating to damages until after the summary

judgment stage of the proceedings. VST will cooperate with ScanSoft to reach agreement

concerning the mutual exchange of documents relating to damages at an appropriate time.

**Request No. 17:**

Each document concerning the marketing, public disclosure, advertising, demand, sales, or use of each VST Speech Recognition Product, including but not limited to promotional and trade literature, brochures, advertisements, videotapes or other descriptive materials, prices lists, distributor or customer questionnaires, sales training materials, and any catalogs in which any VST Speech Recognition Products are shown, described or referenced, whether or not used, published, broadcast, or distributed.

**Response No. 17:**

VST objects to Request No. 17 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections or the general objections set forth above, VST will produce copies of all

relevant non-privileged documents in its possession which constitute marketing and advertising

materials relating to each VST Speech Recognition Product from December 31, 2002 to present.

**Request No. 18:**

Each document concerning any agreement or proposed agreement with respect to each VST Speech Recognition Product, including but not limited to license agreements,

indemnification agreements, sales agreements, agreements concerning patents and applications therefor, trade secrets, research and development, design, and/or distribution agreements.

**Response No. 18:**

VST objects to Request No. 18 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further objects to Request No.

18 to the extent that it seeks information protected from discovery by the attorney-client and/or

work product privilege. Subject to and without waiving the foregoing objections or the general

objections set forth above, VST states that, in its response to ScanSoft's Interrogatory No. 6, it

has provided a list of companies with which it has executed license agreements, and further

states that it will provide copies of indemnification agreements, and agreements concerning

patents and applications therefor, from December 31, 2002 to present, to the extent any such

agreements exist.

**Request No. 19:**

Each document concerning the popularity, utility, advantages over other devices, and nature of benefits to users of VST Speech Recognition Products.

**Response No. 19:**

VST objects to Request No. 19 on the grounds that it is vague, overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving the

foregoing objections or the general objections set forth above, VST will produce copies of all

relevant non-privileged documents in its possession which constitute marketing and advertising

materials relating to each VST Speech Recognition Product.

**Request No. 20:**

Each document concerning the effect of sales of Voice Signal Speech Recognition Products upon the sales of any other of Voice Signal's products or services.

**Response No. 20:**

VST objects to Request No. 20 on the grounds that it is vague, overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 21:**

Each document concerning invention disclosures, patent applications, and patents owned or licensed by Voice Signal with respect to any invention, technology, method, or product contained or embodied in, or used by, VST Speech Recognition Products.

**Response No. 21:**

VST objects to Request No. 21 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22:**

Each document concerning Voice Signal's patent or other licensing policies, programs, negotiations relating to patent licensing, including but not limited to royalty or patent license policy statements, reports and board of directors meeting minutes.

**Response No. 22:**

VST objects to Request No. 22 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further states that no documents responsive to Request No. 22 currently exist.

**Request No. 23:**

Each document concerning Voice Signal's awareness or knowledge of the patent-in-suit.

**Response No. 23:**

VST objects to Request No. 23 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession which relate to the '966 Patent.

**Request No. 24:**

Each document concerning the inventions disclosed and claimed in the patent-in-suit.

**Response No. 24:**

VST objects to Request No. 24 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  VST further objects to Request No. 24 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege.  Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession which relate to inventions disclosed and claimed in the '966 Patent.

**Request No. 25:**

Each document concerning any consideration, examination, or review by Voice Signal of the patent-in-suit.

**Response No. 25:**

VST objects to Request No. 25 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  VST further objects to Request No. 25 to the extent that it seeks information protected from discovery by the attorney-client

and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession which relate to any consideration, examination, or review by VST of the '966 Patent.

**Request No. 26:**

Each document concerning any disclosure or communication between Voice Signal and any person for determination of whether any features of any VST Speech Recognition Product infringe the patent-in-suit and/or whether the patent-in-suit is valid and enforceable, including but not limited to any opinions of counsel, prior art references, printed publications, and other related documents.

**Response No. 26:**

VST objects to Request No. 26 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 26 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession concerning communications between VST and other persons for determining whether any features of VST Speech Recognition Products infringe the '966 Patent, and/or whether the '966 Patent is valid and enforceable, to the extent any such documents exist. If and to the extent that VST chooses to rely upon the advice of counsel, it will supplement this response accordingly.

**Request No. 27:**

Each document concerning any disclosure or communication between Voice Signal and any person for determination of whether any VST Speech Recognition Product contains or utilizes the trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie), including but not limited to any opinions of counsel.

**Response No. 27:**

VST objects to Request No. 27 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 27 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege.

**Request No. 28:**

Each document concerning any prior art search and any validity, patentability, or infringement study with respect to the patent-in-suit, including but not limited to each patent and publication identified by or in such search or study.

**Response No. 28:**

VST objects to Request No. 28 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 28 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege.

**Request No. 29:**

Each prior art patent and publication pertinent to the patent-in-suit.

**Response No. 29:**

VST objects to Request No. 29 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. VST also objects to Request No. 29 on the grounds that it is premature. VST will respond in accordance with 35 U.S.C. § 282, as agreed by the parties, or as instructed by the Court.

**Request No. 30:**

Each document concerning the validity, infringement, or enforceability of the patent-in-suit.

**Response No. 30:**

VST objects to Request No. 30 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession responsive to this request.

**Request No. 31:**

Each document concerning the level of skill in the art of the design, engineering or manufacture of Speech Recognition Products from 1992 to the present.

**Response No. 31:**

VST objects to Request No. 31 on the grounds that it is vague, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession concerning the level of skill in the art of the design, engineering, or manufacture of Speech Recognition Products as it existed in 1992.

**Request No. 32:**

Each document concerning any trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Learnout & Hauspie) that were in the possession of or known to Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr at the time they became employees of Voice Signal.

**Response No. 32:**

VST objects to Request No. 32 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request

No. 32 to the extent that it seeks information protected from discovery by the attorney-client

and/or work product privilege.  VST further objects to Request No. 32 on the grounds that it

seeks documents concerning ScanSoft's claims for misappropriation of trade secrets.  ScanSoft

has not yet identified with particularity the trade secrets it alleges were misappropriated, which

ScanSoft must do before it can obtain discovery from VST concerning its claims for

misappropriation of trade secrets.  *See L-3 Communications Corp. v. Reveal Imaging*

*Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions,*

*Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v.*

*Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986).  Subject to and without waiving the

foregoing objections or the general objections, VST states that it does not have in its possession,

custody or control any documents concerning any trade secrets of ScanSoft or its predecessors.

**Request No. 33:**

Each document concerning any discussions and/or communications between Voice
Signal and the individual defendants regarding any trade secrets of ScanSoft (or its predecessors,
including without limitation Dragon Systems and Lernout & Hauspie) or any other party,
including without limitation any discussion and/or communication regarding the disclosure of
those trade secrets.

**Response No. 33:**

VST objects to Request No. 33 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  VST further objects to Request

No. 33 to the extent that it seeks information protected from discovery by the attorney-client

and/or work product privilege.  VST further objects to Request No. 33 on the grounds that it

seeks documents concerning ScanSoft's claims for misappropriation of trade secrets.  ScanSoft

has not yet identified with particularity the trade secrets it alleges were misappropriated, which

ScanSoft must do before it can obtain discovery from VST concerning its claims for

misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986).

**Request No. 34:**

Each document, including but not limited to documents in electronic format and/or source code, in the possession of Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr at the time they became employees of Voice Signal that were related to their employment at Dragon Systems and/or Lernout & Hauspie and/or their work on Speech Recognition Products at Dragon Systems and/or Lernout & Hauspie.

**Response No. 34:**

VST objects to Request No. 34 on the grounds that it seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 34 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. VST further objects to Request No. 34 on the grounds that it seeks documents concerning ScanSoft's claims for misappropriation of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986). Subject to and without waiving the foregoing objections or the general objections, VST states that it does not, to its knowledge, have in its possession, custody or control any documents received from any of Messrs. Gillick, Roth, Yamron or Grabherr at the time they became employees of VST that were

the property of Dragon Systems or Lernout & Hauspie or that described any work done by any of those individuals at those companies.

**Request No. 35:**

Each document related to the work performed by the individual defendants in connection with VST Speech Recognition Products, including without limitation the product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E, and any documents specifying or describing the contribution(s) of each individual defendant to the conception, research, design, development, reduction to practice, testing, offer of sale and/or sale of those products.

**Response No. 35:**

VST objects to Request No. 35 on the grounds that it seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 35 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. VST further objects to Request No. 35 on the grounds that it seeks documents concerning ScanSoft's claims for misappropriation of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.*, 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group*, 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.*, 110 F.R.D. 669 (D. Mass. 1986).

**Request No. 36:**

Each document concerning any of Voice Signal's claims, defenses, and contentions in this lawsuit, including any contention that the patent-in-suit is invalid, unenforceable, or not infringed, any contention regarding the scope or interpretation of any claims in the patent-in-suit, any contention regarding any misuse of the patent-in-suit by ScanSoft, any contention that Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr did not possess, know of, use or disclose any trade secrets belonging to another party to Voice Signal, any contention that Voice Signal took steps to prevent disclosure or use of such trade secrets,

and/or any contentions concerning or the appropriate measure of damages that allegedly has been or may be incurred as a result of ScanSoft's conduct.

**Response No. 36:**

VST objects to Request No. 36 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 36 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. VST further objects to Request No. 36 on the grounds that it seeks documents concerning ScanSoft's claims for misappropriation of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated, which ScanSoft must do before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession upon which it intends to rely in its defense of Count I (Infringement of '966 Patent) of the Complaint, once ScanSoft has made a specific and reasonable allegation that a particular VST Speech Recognition Product infringes a particular claim of the '966 patent and will produce copies of all relevant non-privileged documents in its possession upon which it intends to rely in its defense of Count II (misappropriation of trade secrets) of the Complaint, once ScanSoft has made a specific and reasonable allegation of a particular trade secret misappropriated by VST. At this time, VST will produce relevant non-privileged documents in its possession concerning any contention that Voice Signal took steps to prevent disclosure or use of any ScanSoft trade secrets. Further answering, VST objects to the production of documents concerning any contentions concerning the appropriate measure of damages that allegedly has been or may be incurred as a result of ScanSoft's conduct on the grounds that the

21

parties have agreed to defer discovery relating to damages until after the summary judgment stage of the proceedings. VST will cooperate with ScanSoft to reach agreement concerning the mutual exchange of documents relating to damages at an appropriate time. Under no circumstances should VST's production of responsive information concerning any VST Speech Recognition Product or claim be deemed an admission by VST that ScanSoft states a reasonable basis for alleged infringement.

**Request No. 37:**

Each document relating to the conception or reduction to practice of the subject matter of any claim of the '630 Patent, including without limitation all engineering, laboratory or other notebooks, written descriptions, invention disclosures, log books, or record books, memoranda, progress reports, trip reports, analyses, drawings, schematics, specifications, diagrams, engineering change requests or orders, purchase requests or orders, computer records, diaries, or calendars, and each document relating to or corroborating each act of diligence and the date of each such act of diligence leading to any reduction to practice of the subject matter of any claim of the '630 Patent.

**Response No. 37:**

VST objects to Request No. 37 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to the conception or reduction to practice of the subject matter of any claim of the '630 Patent.

**Request No. 38:**

Each document relating to each mode of carrying out the alleged invention(s) claimed in the '630 Patent, including without limitation the best mode contemplated by you at the time of the filing date of the '630 Patent.

**Response No. 38:**

VST objects to Request No. 38 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to each mode of carrying out the invention(s) claimed in the '630 Patent.

**Request No. 39:**

Each document relating to the popularity, utility, advantages over other devices, and nature of benefits to users, of products or processes incorporating the alleged invention(s) claimed in the '630 Patent.

**Response No. 39:**

VST objects to Request No. 39 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to the popularity, utility, advantages over other devices, and nature of benefits to users, of products or processes incorporating the inventions claimed in the '630 Patent.

**Request No. 40:**

Each document relating to the decision to seek patent protection for the subject matter of any claim of the '630 Patent and each document relating to the identification, selection or determination of the inventors of the '630 Patent, including but not limited to each document relating to any other party involved in the conception or reduction to practice of any alleged invention claimed in the '630 Patent.

**Response No. 40:**

VST objects to Request No. 40 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 40 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to the decision to seek patent protection for the subject matter of any claim of the '630 Patent and each document relating to the identification, selection or determination of the inventors of the '630 Patent.

**Request No. 41:**

Each document (including but not limited to all non-identical copies of any file histories, and each document relating to any decision as to what prior art reference(s) to cite, or not to cite during prosecution), relating to the preparation, filing and/or prosecution of:

(a)    the '630 Patent;
(b)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through the '630 Patent; and,
(c)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a) or (b).

**Response No. 41:**

VST objects to Request No. 41 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to the preparation, filing and/or

prosecution of the '630 Patent and patent applications therefor, and any foreign counterpart

patents or patent applications.

**Request No. 42:**

Each document relating to any communication, meeting or contact with the United States
Patent and Trademark Office or any representative thereof or any foreign patent office or any
representative thereof relating to any United States or foreign patents or patent applications
relating to the '630 Patent or the subject matter of the '630 Patent.

**Response No. 42:**

VST objects to Request No. 42 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

foregoing objections or the general objections set forth above, VST will produce copies of all

relevant non-privileged documents in its possession relating to any communication, meeting or

contact between VST and the United States Patent and Trademark Office or any foreign patent

office relating to the '630 Patent or the subject matter of the '630 Patent.

**Request No. 43:**

Each document relating to or constituting art or prior art, or ever evaluated or considered
as art or prior art, including without limitation (a) any information, including patents,
publications, prior knowledge, public uses and sales, or offers for sale, known to, considered by,
or identified to you that constitutes, contains, discloses, refers to, relates to, or embodies any art
relating or analogous to the subject matter of any claim of the '630 patent, and (b) any document
relating to any evaluation, analysis, or review of any art relating to or analogous to the subject
matter of any claim of the '630 Patent.

**Response No. 43:**

VST objects to Request No. 43 on the grounds that it is vague, overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  VST further objects to Request

No. 43 to the extent that it seeks information protected from discovery by the attorney-client

and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession constituting art or prior art of any claim of the '630 Patent.

**Request No. 44:**

Each document relating to any investigation, opinion, report, or observation, as to the patentability, validity, enforceability, inventorship, scope and/or infringement of any claim of the '630 Patent, or of any United States or foreign patent or pending or abandoned patent application that claims priority from the '630 Patent, including without limitation, any document relating to any search or investigation for prior art or other information regarding the patentability of the subject matter of any claim of:

    (a)    the '630 Patent;
    (b)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through the '630 Patent; and
    (c)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a) or (b), including without limitation each documents and things obtained, identified, or uncovered by any such search or investigation.

**Response No. 44:**

VST objects to Request No. 44 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 44 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to any investigation, opinion, report, or observation, as to the patentability, validity, enforceability, inventorship, scope and/or infringement of any claim of the '630 Patent, or of any United States or foreign patent or pending or abandoned patent application that claims priority from the '630 Patent.

**Request No. 45:**

Each document upon which you intend to rely to support the validity of the '630 Patent, including without limitation alleged evidence of objective indicia of non-obviousness and other alleged evidence of novelty or non-obviousness, including without limitation each document relating to whether: (a) the subject matter of any claim allegedly satisfied a long felt need in the art to which they pertain, (b) the industry failed to solve problems that allegedly are solved by the subject matter of any claim, (c) experts in the industry allegedly expressed skepticism concerning the subject matter of any claim, (d) the subject matter of any claim allegedly has been a commercial success, (e) the industry allegedly has recognized the significance of the subject matter of any claim, (f) the subject matter of any claim allegedly has been copied by others in the industry, and (g) the subject matter of any claim allegedly achieved unexpected results, and each document relating to any alleged nexus or lack thereof between any alleged commercial success of the subject matter of any claim of the '630 Patent and the alleged advantages of that subject matter.

**Response No. 45:**

VST objects to Request No. 45 on the grounds that it is overbroad and unduly

burdensome, and seeks information protected from discovery by the attorney-client and/or work

product privilege. VST further states that the '630 Patent is presumed valid and that ScanSoft

bears the burden of proving, by clear and convincing evidence, that each asserted claim is not

valid. Unless and until ScanSoft asserts a basis for its allegation that one or more claims of the

'630 Patent are not valid, this request is premature and VST cannot respond to it.

**Request No. 46:**

Each document relating to any lawsuit, arbitration, patent interference proceeding, reissue or reexamination proceeding, or patent opposition or cancellation proceeding relating to:

(a)    the '630 Patent;
(b)    any patent or patent application (including any pending or abandoned applications) that claims priority from or through the '630 Patent; and
(c)    any foreign counterpart patents or patent applications (including any unpublished applications) to any of (a) or (b).

**Response No. 46:**

VST objects to Request No. 46 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further states that no documents responsive to this request currently exist.

**Request No. 47:**

Each document concerning the level of skill in the art to which the subject matter of the '630 Patent pertains.

**Response No. 47:**

VST objects to Request No. 47 on the grounds that it is vague, overbroad and unduly burdensome. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession concerning the level of skill in the art to which the subject matter of the '630 Patent pertains as it existed in 1999.

**Request No. 48:**

Each document relating to any disclosure or publication of the subject matter of any claim of the '630 Patent to any other person or entity, including without limitation, the first such disclosure, any sales, offers for sale, public uses, demonstrations, tests, announcements, publications, communications with customers, presentations, advertisements, or promotions made by you, either before or after November 19, 1999, concerning the subject matter of any claim of the '630 Patent or any product that embodies, falls within the scope of, or is made in accordance with any claim of the '630 Patent.

**Response No. 48:**

VST objects to Request No. 48 on the grounds that it is overbroad and unduly burdensome. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to any disclosure or publication of the subject matter of any claim of the '630 Patent, or any sales or offers to sell any embodiment of the claims of the '630 Patent.

**Request No. 49:**

Each document relating to any prototypes, offers for sale, manufacturing, use, sale, shipment, announcement, testing, demonstration and disclosure, before November 19, 1999, of

any system, product, process or device that embodies, falls within the scope of, or is made in accordance with the subject matter of any claim of the '630 Patent.

**Response No. 49:**

VST objects to Request No. 49 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the

foregoing objections or the general objections set forth above, VST will produce copies of all

relevant non-privileged documents in its possession relating to any prototypes, offers for sale,

manufacturing, use, sale, shipment, announcement, testing, demonstration and disclosure, before

November 19, 1999, of any system, product, process or device that embodies, falls within the

scope of, or is made in accordance with the subject matter of any claim of the '630 Patent.

**Request No. 50:**

Each document authored, created or produced by you, your licensees, or other third-parties on your behalf, relating to the conception, research, design, development, decision to design and develop, reduction to practice, testing, prototyping, trial, evaluation, analysis, and/or quality control or assurance, decision to market and sell, manufacturing processes or methods, technical specifications, operating parameters, material composition, and/or performance capabilities of any products incorporating the alleged invention(s) claimed in the '630 Patent and any of their prototypes, including but not limited to written descriptions, invention disclosures, engineering drawings, schematic diagrams, blue prints, designs, user guides, user manuals, technical manuals, developer guides, design review, notes, equipment and/or inventory lists for components used, laboratory notebooks, calculations, reports, specifications, engineering logs, test data, scientific or engineering journal articles, data sheets, brochures, catalogs, internal or external communications, advertisements, and promotional material.

**Response No. 50:**

VST objects to Request No. 50 on the grounds that it is overbroad and unduly

burdensome, and seeks information protected from discovery by the attorney-client and/or work

product privilege.  If ScanSoft narrows the scope of this request and clarifies the exact

information it is looking for, VST will consider and respond to such a narrowed request.

**Request No. 51:**

Each document relating to any review or testing by an internal or external agency or organization, including governmental agencies, of any products incorporating the alleged invention(s) claimed in the '630 Patent manufactured, used, sold, imported into the United States or offered for sale by or on behalf of you or your licensees.

**Response No. 51:**

VST objects to Request No. 51 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

**Request No. 52:**

Each document relating to the market for products that address the problem allegedly solved by the '630 Patent or any submarket thereof, including but not limited to documents concerning information, estimates or opinions with respect to the size or growth of any such market, actual or potential competitors or competition therein, the marketing efforts of third parties, the products comprising such market, trends in or affecting such market, or consumer preferences affecting such market.

**Response No. 52:**

VST objects to Request No. 52 on the grounds that it is overbroad and unduly

burdensome.  Subject to and without waiving the foregoing objections or the general objections

set forth above, VST will produce copies of all relevant non-privileged documents in its

possession which relate to market analyses for the products that practice the '630 Patent to the

extent such documents exist.

**Request No. 53:**

Each document prepared or received by you or on your behalf, from January 1, 1992 to date, concerning competition from products that address the problem allegedly solved by the '630 Patent that were manufactured or sold by third parties, including but not limited to ScanSoft, and any actual, planned or possible responses or reactions by your or your licensees to such competition and each document concerning any communication or correspondence concerning any such actual, planned or possible responses.

**Response No. 53:**

VST objects to Request No. 53 on the grounds that it is vague, overbroad and unduly

burdensome. If ScanSoft narrows the scope of this request and clarifies the exact information it

is looking for, VST will consider and respond to such a narrowed request.

**Request No. 54:**

Each document relating to any licensing by you of the '630 Patent and each document
relating to any efforts by you to sell or the sale of products incorporating the alleged invention(s)
claimed in the '630 Patent, including but not limited to any agreement or proposed agreement
relating to products incorporating the alleged invention(s) claimed in the '630 Patent and/or your
efforts to license or the licensing of any patent, trade secrets, research, development and design
related thereto, including but not limited to license agreements, royalty reports, indemnification
agreements, sales agreements, distribution agreements, invoices, purchase orders, sales reports,
agreements concerning patents and applications therefor, or any drafts thereof, and any notes,
diary entries, memos, and letters related thereto.

**Response No. 54:**

VST objects to Request No. 54 on the grounds that it is overbroad and unduly

burdensome. Subject to and without waiving the foregoing objections or the general objections

set forth above, VST will produce documents sufficient to determine VST's licensing and/or

sales relating to the '630 Patent.

**Request No. 55:**

Each document relating to any manufacture, use, offering for sale, sale, transferring,
distributing, marketing, or importation into the United States, by you or by your licensees, of any
product, process, device or system that addresses the problem allegedly solved by the '630 Patent
and any evaluation of whether those products fall within the scope of the '630 Patent.

**Response No. 55:**

VST objects to Request No. 55 on the grounds that it is overbroad and unduly

burdensome. Subject to and without waiving the foregoing objections or the general objections

set forth above, VST will produce documents demonstrating any evaluation performed by VST

concerning whether products available in the United States fall within the scope of the '630

Patent.

### Request No. 56:

Each document relating to sales, pricing, profits earned or losses incurred, costs and expenses in connection with any product made by you, on your behalf, and/or by your licensees, incorporating the alleged invention(s) claimed in the '630 Patent.

### Response No. 56:

VST objects to Request No. 56 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence.

### Request No. 57:

Each document relating to your analysis, consideration, evaluation, determination, assertion, notification, conclusion, charge, or contention that any process or product of any person, including ScanSoft, infringes any claim of the '630 Patent, or any foreign counterparts, including but not limited to (a) any document regarding any product or process that you allege infringes the '630 Patent, (b) any document relating to your first knowledge of any conduct by any party alleged to constitute infringement of the '630 Patent, (c) any notice given by you to ScanSoft or any other party reflecting your contention that the party was or is infringing or possibly infringing the '630 Patent, (d) any communication between you and any other person concerning alleged infringement by any party, including ScanSoft, of the '630 Patent, (e) any document you relied upon to form an opinion as to infringement of the '630 Patent by any party, including ScanSoft, including tests conducted by you or on your behalf, advertising brochures, manuals, photographs, physical specimens, drawings or other material relating to any product or process that you allege infringes the '630 Patent, and (f) any document relating to plans, suggestions, contemplated action, or decision to assert the '630 Patent in this or any other action.

### Response No. 57:

VST objects to Request No. 57 on the grounds that it is overbroad and unduly

burdensome, and seeks information which is neither relevant to this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. VST further objects to Request No.

57 to the extent that it seeks information protected from discovery by the attorney-client and/or

work product privilege. Subject to and without waiving the foregoing objections or the general

objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to its analysis that ScanSoft infringes the '630 Patent.

**Request No. 58:**

Each document relating to any meeting, discussion, or communication between you and any third party concerning the '630 Patent or the subject matter of the claims thereof, including but not limited to documents relating to any public communication made by you or on your behalf regarding the present litigation, including but not limited to consumers and/or media.

**Response No. 58:**

VST objects to Request No. 58 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession which constitute public communications made by VST relating to this litigation.

**Request No. 59:**

Each document concerning any policy for the retention or destruction of documents by Voice Signal.

**Response No. 59:**

VST objects to Request No. 59 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents.

**Request No. 60:**

Each document provided to, used by, considered by, or received by any expert or testifying witness of Voice Signal in this case.

**Response No. 60:**

Subject to and without waiving the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession concerning VST's engagement of expert witnesses, consistent with the agreement reached between the parties concerning discovery of materials relating to the engagement of experts, dated June 9, 2004.

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place/53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  February 25, 2005

3834031v1

34