UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C.A. No. 04-10353-PBS |

## ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY TO SCANSOFT'S OPPOSITION TO MOTION FOR SANCTIONS

Defendant Voice Signal Technologies, Inc. ("Voice Signal") moves, pursuant to Local Rule 7.1(B)(3), for leave to file a short, four-page reply further supporting its Motion for Sanctions for Failure to Comply with Court's Discovery Order (the "Motion") and addressing arguments raised by ScanSoft, Inc. in its Opposition thereto. Voice Signal believes that the reply, attached hereto as **Exhibit A**, will aid the Court in its determination of the issues presented in the Motion.

WHEREFORE, Voice Signal respectfully requests leave of Court to file a reply in the form attached as **Exhibit A**, and for the reply to be deemed filed upon allowance of this motion.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul E. Bonanno
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

May 18, 2005

### Certification Pursuant to Local Rule 7.1

I certify that counsel for Voice Signal conferred with counsel for ScanSoft in an effort to resolve the issues presented in this motion and that counsel for ScanSoft assented to this motion.

/s/ Paul E. Bonanno

3926649_1.DOC

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | ) ) ) ) ) ) )  C.A. No. 04-10353-PBS ) ) ) ) ) ) ) ) ) |

### VOICE SIGNAL'S REPLY TO SCANSOFT'S OPPOSITION
### TO MOTION FOR SANCTIONS

Defendant Voice Signal Technologies, Inc. ("Voice Signal") hereby replies to ScanSoft, Inc.'s ("ScanSoft") Opposition to Voice Signal's Motion for Sanctions (the "Opposition").

### Background

Voice Signal filed its Motion for Sanctions for Failure to Comply with Court's Discovery Order (the "Motion") on April 1, 2005. In its Motion, Voice Signal asks this Court to impose sanctions on ScanSoft for failing to produce the source code that underlies certain identified ScanSoft products that Voice Signal alleges infringe its '630 patent. As explained in the Motion and supporting Memorandum, the Court entered an Order on January 14, 2005 ordering ScanSoft to produce its source code to Voice Signal. More than three months after this Court's Order, ScanSoft continues to disregard this Court's Order and has failed to produce any source code to Voice Signal.

In its Opposition to the Motion, ScanSoft does not challenge this Court's Order requiring

the production of ScanSoft's source code. Nor has ScanSoft moved this Court for a protective order relieving it of the obligation to produce that source code. Instead, ScanSoft argues in its Opposition that it should not have to produce its source code because Voice Signal "has obstinately refused to produce its source code." Opposition at 1.

### Argument

ScanSoft's argument is without legal or factual merit. First, it is well established that "parties to a lawsuit cannot, without seeking some sort of relief from the Court, refuse to provide discovery to another party on the basis that the other party has not provided discovery to them." *Mahoney v. Kempton*, 142 F.R.D. 32, 33 (D. Mass. 1992). *See also Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 656 (D. Md. 1997) ("[C]ounsel continues to argue that two wrongs make a right, and that his client should not be compelled to produce the requested discovery because the defendant has not adequately responded to plaintiff's discovery requests. . . . Seldom have I heard a less persuasive argument."); *Sanders v. Canal Ins. Co.*, 1996 WL 571839, *3 (D. Or. 1996) ("Sanders may not engage in a game of 'tit for tat.' If Sanders believes Canal Insurance is withholding requested discovery, his remedy is to file a motion to compel. He may not engage in the same strategy."); *Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536, 538 (D. Kan. 1989) ("Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Honda."). There is no legal authority to support ScanSoft's position.

Second, ScanSoft's assertion that Voice Signal has "obstinately refused to produce its source code" is clearly misleading. Opposition at 1. Indeed, Voice Signal has produced to ScanSoft its voice dialer user interface source code. However, ScanSoft complains that it has not yet received Voice Signal's *entire* source code. As the Court is well aware, this source code has been the subject of substantial motion practice in this case. *See* Voice Signal Technologies,

Inc.'s Memorandum in Support of its Objections to the Magistrate Judge's Order Regarding Trade Secrets, dated April 13, 2005, at 3-8. Those issues have not yet been considered and resolved by the Court.[1]

The pending disputes over whether Voice Signal should produce its entire source code and other proprietary documentation have no bearing on Scansoft's Court-imposed (and unchallenged) obligation to produce its source code. *See* Memorandum in Support of Voice Signal Technologies, Inc.'s Motion for Sanctions for Failure to Comply with Court's Discovery Order at 1.

If ScanSoft had a valid basis to refuse production of its source code, it should have moved for a protective order. Having failed to do so, ScanSoft's persistent refusal to produce its source code is without excuse. ScanSoft's deliberate and prolonged failure to comply with an express Order of this Court has severely prejudiced Voice Signal by virtually precluding Voice Signal from establishing its patent infringement claim against ScanSoft. As this Court has previously held, where the violation of a court order cuts to "the heart of the case" and the violation leaves "unanswered factual questions central to the resolution of liability," sanctions are appropriate. *Big Top USA, Inc. v. Wittern Group*, 183 F.R.D. 331, 338 (D. Mass. 1998) (Saris, J.).

---

[1] The Court has ruled that Voice Signal should not produce source code and other highly proprietary documents in connection with ScanSoft's patent infringement claims until further consideration after the Markman hearing scheduled for June 2005.

3

## Conclusion

For the reasons set forth above, Voice Signal's Motion for Sanctions for Failure to Comply with Court's Discovery Order should be granted.

Respectfully submitted,

LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

/s/ Paul E. Bonanno
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Dated: May 18, 2005
3920009_1.DOC