UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

5/12

| | |
|---|---|
| SCANSOFT, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO
COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS**

Plaintiff ScanSoft, Inc. ("ScanSoft") submits this Reply in support of its Motion to Compel Deposition Testimony and for Sanctions. Try as it may to cover its misconduct, the record makes clear that counsel for Voice Signal Technologies, Inc. ("VST") engaged in behavior that significantly impeded the depositions of both Daniel Roth ("Roth") and Jordan Cohen ("Cohen") and frustrated ScanSoft's efforts to obtain discoverable information. VST simply cannot justify this misconduct. Therefore, it should be (i) ordered to produce both witnesses for further deposition testimony and (ii) sanctioned for its improper conduct.

## ARGUMENT

**I.  THOUGH SCANSOFT ASKED PROPER, RELEVANT QUESTIONS DURING THE DEPOSITIONS OF MR. ROTH AND MR. COHEN, VST IMPROPERLY INSTRUCTED THE WITNESSES NOT TO ANSWER**

ScanSoft's questions to witnesses Roth and Cohen were entirely proper, as each sought relevant, non-privileged information concerning the liability issues in this litigation. VST rebuffed ScanSoft's questions to the witnesses concerning (a) VST's business (Roth Tr. pp. 15-

16)[1], (b) VST's infringing products (*id.* pp. 47-49, 88-89), and (c) the identity of individuals working on VST's speech recognition software (Cohen Tr. pp. 116-121). VST claims that ScanSoft's questions were objectionable because they (a) called for proprietary information, (b) called for irrelevant information; or (c) were outside the scope of the Court's order regarding discovery in this case. VST's arguments, which attempt to justify its improper instructions not to answer relevant questions, simply have no legal support.

### A.  VST's Objection on the Grounds of Proprietary Information Is Groundless

VST's counsel instructed Mr. Roth not to answer general questions about the company's financial position. (Roth Tr. 15-16). Of course, general background information about the company's financial status is relevant to this patent infringement and trade secrets misappropriation case. Moreover, the parties to this action are subject to the Court's protective order that protects the disclosure of the parties' proprietary confidential information. There is no basis for VST's assertion that the question was objectionable because it "called for information that is proprietary to Voice Signal." Opposition at 4. Moreover, even though the parties agreed to delay damages discovery, there is no basis for VST to rely on that agreement to suggest that ScanSoft cannot ask general questions about VST's financial status.

### B.  VST's Objection on the Grounds of Relevance Is Without Merit.

Counsel for VST also instructed the witnesses not to answer questions about potentially infringing VST products. See Roth Tr. at 47-49, 88-95.[2] In its Amended Complaint, ScanSoft

---

[1] All portions of the Roth and Cohen Deposition Transcripts referred to in this Reply are attached as Exhibits to ScanSoft's Memorandum of Law In Support of Motion to Compel Deposition Testimony and For Sanctions filed with the Court on April 8, 2005.

[2] In many instances, counsel permitted the witness to answer only after counsel for ScanSoft was forced to engage in arduous and lengthy colloquy with counsel for VST that

alleges that VST infringed its patent, and therefore ScanSoft has the right to investigate the breadth of this infringement and discover all relevant information concerning VST's infringing products. Fed. R. Civ. P. 26(b)(1). VST's outright refusal to allow its witness to answer ScanSoft's questions about its speech recognition products is a blatant violation of the discovery rules. VST should be compelled to produce the witnesses for further depositions so that ScanSoft can question them about potentially infringing products.

### C. There Is No Basis For VST's Objection That ScanSoft's Questions Were Beyond The Scope Of The Court's Discovery Orders.

VST's counsel refused to allow Mr. Cohen to answer a question about the identity of VST employees who once worked for ScanSoft's predecessors Dragon and Lernout & Hauspie. Opposition at 8. This information is certainly relevant to ScanSoft's patent infringement and trade secret claims, and ScanSoft has the right to learn the identity of any witnesses who may have discoverable information about VST's speech recognition products. Fed. R. Civ. P. 26(b)(1). Yet VST's counsel flatly refused to allow Mr. Cohen to identify VST employees who previously worked on speech recognition technology at Dragon and L&H on the grounds that the information is irrelevant. The law is clear that counsel may not use relevance as a basis for instructing a witness not to answer. *See, e.g., Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co. Inc.*, 201 F.R.D. 33, 40 (D. Mass, 2001) (Collings, M.J.) (granting motion to compel where counsel instructed witnesses not to answer on grounds other than privilege). VST's instruction was highly improper and obstructed ScanSoft's examination.

---

wasted a great deal of the parties' time. *See, e.g.,* Roth Tr. at 47-49, 173-174. Such obstructionist tactics abuse the discovery process and merit sanctions. Fed. R. Civ. P. 30(d)(3) (the Court may sanction those responsible for frustrating or impeding a deposition); *see also Armstrong v. Hussman Corp.*, 163 F.R.D. 299, 303 (E.D. Mo. 1995) (sanctioning counsel who engaged in deposition misconduct).

3

## II. COUNSEL FOR VST IMPROPERLY HELPED THE WITNESS FORMULATE ANSWERS

This Court has made clear that "[c]ounsel is not entitled to assist his witnesses during a deposition." *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co. Inc.,* 201 F.R.D. 33, 40 (D. Mass, 2001) (Collings, M.J.). Here VST's counsel interpreted questions for the witnesses and guided the witnesses to desired answers. ScanSoft's Memorandum of Law In Support of Motion To Compel Deposition Testimony and For Sanctions contains numerous examples of instances where counsel for VST often suggested, before the witness could answer, that the witness did not know the answer to ScanSoft's questions. The result was that the witness took the prompt from counsel and answered accordingly. *See* ScanSoft's Memorandum in Support of Motion to Compel Deposition Testimony and for Sanctions (D.N. 129) at 7-8. Counsel even went as far as to supply direct answers to the witnesses. *See, e.g.,* Cohen Tr. at 250. This is blatant misuse of the discovery process. *See Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("There is no proper need for the witness's own lawyer to act as an intermediary, <u>interpreting questions</u>, deciding which questions the witness should answer, and <u>helping the witness to formulate answers</u>") (emphasis added). The deposition transcripts speak for themselves and, try as it might, VST cannot hide the fact that it repeatedly coached its witnesses. *See, e.g.,* Roth Tr. at 25, 27, 40, 51, 54, 55, 56; Cohen Tr. at 16, 17, 21, 23, 25, 26, 33.

## III. VST IMPROPERLY PREVENTED SCANSOFT FROM OBTAINING DISCOVERY ON ITS TRADE SECRETS CLAIM

VST admits that, during the depositions of Mr. Roth and Mr. Cohen, it refused to allow ScanSoft to inquire of its trade secrets claim. Opposition at 8. Indeed, VST has made no secret of its desire to prevent any and all discovery of ScanSoft's trade secrets claim. To accomplish its desire, VST has filed motion after motion in an attempt to prevent this discovery. For example,

before the depositions of Mr. Roth and Mr. Cohen were held, VST filed the following motions designed to stonewall any trade secret discovery:

- First motion to dismiss trade secret claims, filed March 15, 2004 (granted, without prejudice to re-pleading);

- Second motion to dismiss trade secret claims, filed June 14, 2004 (**denied**);

- Rule 11 motion for asserting trade secret claims, filed June 22, 2004 (**denied**);

- Numerous discovery objections;

- Objection to production of source code, filed January 31, 2005 (**overruled**);

- "Motion for clarification" of order requiring production of source code, filed January 31, 2005 (**denied**);

Despite its stonewalling, by the time the depositions of Mr. Roth and Mr. Cohen were held in February 2005, the Court had ruled that ScanSoft's trade secrets claim was properly in the case and subject to discovery. Order Adopting Report and Recommendations (D.N. 69) of January 20, 2005. Yet, during the depositions of Mr. Roth and Mr. Cohen, VST acted in direct contravention of the Court's Order by refusing to allow ScanSoft to engage in any discovery of its trade secrets claim. In it Opposition to ScanSoft's Motion to Compel Deposition Testimony, VST now attempts to rely on the Court's subsequent Order which initially limits trade secret discovery to information about the first year of the individual defendants' employment at VST, to justify its improper instructions not to answer any trade secrets discovery. Opposition at 8-9. VST's justification to rely on the Court's subsequent Order is merely another abuse of its discovery obligations. Moreover, even though the Court's March 24 Order limits trade secrets discovery to the first year the individual defendants worked at VST, ScanSoft's questions were nevertheless directed to that particular time period. Mr. Cohen was employed by VST in December 2001 when ScanSoft acquired the trade secrets that are at issue in this case. Mr.

5

Cohen helped recruit the individual defendants to VST. **Exhibit A** (Cohen Tr. at 78, 81-87). ScanSoft is entitled to discover what Mr. Cohen knew about VST's speech recognition technology efforts during the first year the individual defendants were employed by VST. *See, e.g.,* Cohen Tr. pp. 116-121 (asking witness "were there any other speech scientists from Dragon that came to work for Voice Signal following the time that you left Dragon?"). VST's mangling of the Court's Orders regarding trade secrets discovery in an attempt to justify its continued stonewalling should be rejected by this Court.

## CONCLUSION

Ultimately, VST's counsel's behavior at the Roth and Cohen depositions served to further delay the discovery process, frustrate ScanSoft's efforts to obtain relevant information, and generally waste a great deal of time. VST should be ordered to produce the witnesses for further depositions, and it should be sanctioned for its misconduct.

Dated: May 10, 2005

SCANSOFT, INC.,
By its attorneys,

Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

## CERTIFICATE OF SERVICE

I certify that, on May 10, 2005, a true copy of this document was served by hand delivery on counsel for the defendant, Paul D. Popeo, Esq., Choate, Hall & Stewart LLP, Exchange Place, 53 State Street, Boston, MA 02109-2891.

_____
Rebecca L. Hanovice

02639/00509 382126.1