UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., </br></br> Plaintiff, </br></br> v. </br></br> VOICE SIGNAL TECHNOLOGIES, INC., </br>LAURENCE S. GILLICK, ROBERT S. </br>ROTH, JONATHAN P. YAMRON, and </br>MANFRED G. GRABHERR, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) C.A. No. 04-10353-PBS </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## VOICE SIGNAL TECHNOLOGIES, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION TO REVISE SCHEDULING ORDER

Voice Signal Technologies, Inc. ("Voice Signal") hereby responds to Plaintiff's Motion to Revise Scheduling Order. Plaintiff's Motion requests a blanket extension of 90 days for all deadlines (both patent claim related and trade secret claim related) set forth in the Court's Scheduling Order. Such an extension is unnecessary.

On February 20, 2004, ScanSoft commenced this litigation, asserting unrelated claims of (1) infringement of US Patent No. 6,501,966 (the "'966 patent") and (2) misappropriation of (unidentified) trade secrets. Voice Signal filed a counter-claim, asserting infringement of US Patent No. 6,594,630 (the "'630 patent"). From the earliest days of the litigation, Voice Signal has challenged the validity of ScanSoft's trade secret claim. Voice Signal has filed a motion seeking to compel ScanSoft to identify for the Court, and for the parties, the alleged trade secrets which it asserts were misappropriated (Docket No. 146). That motion is pending before

the Court. Determination of Voice Signal's motion will resolve the question of whether additional trade secret discovery is warranted, and if so, the appropriate scope of that discovery. Consequently, Voice Signal has informed ScanSoft that it does not oppose ScanSoft's requested extension for trade secret discovery. *See* Popeo Declaration, Exhibit A.

Unlike discovery related to ScanSoft's trade secret claim, there is no justification for a blanket 90-day extension of patent-related discovery. Voice Signal has produced documents requested by ScanSoft which demonstrate, in precise terms, the functionality of Voice Signal's products. Voice Signal has produced user interface specifications and other documents, including flow diagrams and graphic representations of its product functionality. Voice Signal has produced the source code for its voice dialer user interface. In short, Voice Signal has complied with each proper ScanSoft discovery request directed to the patent claims in this litigation.[1] Further, Voice Signal has diligently pursued discovery related to its claim of infringement of the '630 patent and has, to the extent possible in light of the parties' various discovery disputes, completed that effort.

The parties have had ample time to complete patent-related discovery. Consequently, Voice Signal believes that patent-related discovery should close in accordance with the deadline set forth in the Scheduling Order (May 30, 2005). Voice Signal recognizes that the Court may determine that certain additional discovery is warranted as a consequence of its rulings at the *Markman* hearing, scheduled for June 17, 2005. It is Voice Signal's position that the parties should await the Court's rulings, and follow the Court's judgment with respect to the need, or

---

[1] Certain ScanSoft discovery requests have been ruled improper by the Magistrate Judge and this Court, resulting in Orders that Voice Signal need not produce documents sought by those requests. The unsupported statements in ScanSoft's Motion that Voice Signal has "prevented ScanSoft from engaging in meaningful discovery" and "failed to produce witnesses who have been noticed" is simply not true. Voice Signal has not refused to produce a single witness noticed by ScanSoft in this action.

lack of need, for additional discovery, rather than seek a prospective 90-day extension of patent-related discovery at this time.

Voice Signal respectfully requests that the Court deny that portion of ScanSoft's Motion which seeks an extension of patent-related deadlines in this matter, subject to a determination by the Court of whether further patent-related discovery is warranted as a result of the Court's rulings at the June 17, 2005 *Markman* hearing. As set forth in the e-mail exchange between counsel to Voice Signal and counsel to ScanSoft (Exhibit A to the Popeo Declaration), Voice Signal also proposes that either party be entitled to further discovery if additional information (such as source code) is produced after the scheduled May 30, 2005 close of discovery.

> Respectfully submitted,
>
> LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, MANFRED G. GRABHERR and VOICE SIGNAL TECHNOLOGIES, INC.
>
> By their attorneys,
>
> /s/ Paul D. Popeo
> Robert S. Frank, Jr. (BBO No. 177240)
> Sarah Chapin Columbia (BBO No. 550155)
> Paul D. Popeo (BBO No. 567727)
> Paul E. Bonanno (BBO No. 646838)
> Wendy S. Plotkin (BBO No. 647716)
> CHOATE, HALL & STEWART LLP
> Exchange Place
> 53 State Street
> Boston, MA 02109
> (617) 248-5000

Dated: May 25, 2005

3929728v1