UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 04-10353 PBS<br>) |
| VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S
MOTION TO COMPEL DEPOSITION OF MANFRED G. GRABHERR**

In this action, Plaintiff ScanSoft, Inc. alleges that Defendant Manfred G. Grabherr misappropriated ScanSoft's trade secrets, which he developed and had access to while working on speech recognition projects at ScanSoft's predecessor, Lernout & Hauspie Speech Products, N.V. ("L&H"). In spite of ScanSoft's repeated notices to this defendant to appear for a deposition, Mr. Grabherr has stubbornly refused to agree to a date. ScanSoft has every right to depose Mr. Grabherr in order to thoroughly investigate its trade secrets claim against him and against Voice Signal Technologies, Inc. ("VST"). For this reason, and those discussed in greater detail below, ScanSoft's motion to compel should be allowed.

**FACTUAL BACKGROUND**

Manfred G. Grabherr is a top-flight speech recognition scientist who, after working on speech recognition technology at L&H, went to work for defendant VST on similar technology. In this case, ScanSoft alleges that: (1) Mr. Grabherr had access to trade secret, confidential and proprietary information relating to speech recognition while employed by L&H (ScanSoft

-1-

Amended Complaint at ¶¶ 27-28); (2) Mr. Grabherr left L&H and began working for VST in the field of speech recognition (*id.* at ¶ 29); and (3) shortly after hiring Mr. Grabherr and other former L&H employees, VST developed and announced its ELVIS speech recognition product, exhibiting capabilities developed by Mr. Grabherr at L&H and now owned by ScanSoft (*id.* at ¶ 30-31).

Since December of 2004, ScanSoft has attempted to take the deposition of Mr. Grabherr, a party defendant in this case. ScanSoft first noticed Mr. Grabherr for a deposition on December 10, 2004. **Exhibit A**. Mr. Grabherr did not respond to this notice. On February 1, 2005, ScanSoft re-noticed Mr. Grabherr. **Exhibit B**. When ScanSoft did not receive a response, counsel for ScanSoft contacted counsel for Mr. Grabherr to obtain a deposition date. Despite counsel's repeated assurances that it would produce Mr. Grabherr for a deposition, for six months no date has been forthcoming.

## ARGUMENT

A plaintiff is entitled to take the deposition of "any person, including a party." Fed. R. Civ. P. 30(a)(1). A defendant is obliged to attend a deposition upon receiving proper notice from the plaintiff. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2107 (2d ed.). If the defendant fails to attend his own deposition, the plaintiff has grounds for relief under Fed. R. Civ. P. 37, including a motion to compel and for sanctions. *Smith v. Kmart Corp.,* 177 F.3d 19, (1st Cir. 1999) (upholding sanction of defendant and noting defendant's concession that "it is proper for a trial judge to sanction a party for its failure to appear for deposition . . . by instructing the jury to assume that the party's testimony would have been unfavorable"); *East Boston Ecumenical Community v. Mastrorillo,* 133 F.R.D. 2, 4 (D. Mass. 1990) (Collings, M.J.) (sanctioning defendant who failed to attend own deposition, and noting

that "a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition"). A Court Order is not required as a prerequisite to such sanctions. Fed. R. Civ. P. 37(d); 8A Wright & Miller § 2291.

Mr. Grabherr, a party defendant in this case, was involved in speech recognition research and development at VST. Daniel Roth Transcript at 241 (**Exhibit C**). The work Mr. Grabherr performed at VST is the same subject matter he worked on at L&H – speech recognition engine development. *See* ScanSoft Amended Complaint at ¶ 28. At L&H, Mr. Grabherr had access to that company's trade secret information; those trade secrets now belong to ScanSoft. *See id.* ScanSoft asserts that Mr. Grabherr improperly disclosed this information to VST, and is entitled to depose Mr. Grabherr to investigate its claim.

ScanSoft has diligently, and repeatedly, noticed Mr. Grabherr for a deposition – thus, Mr. Grabherr is obligated to comply under the discovery rules. Yet, Mr. Grabherr has persisted in his outright refusal to consent to a date for his deposition. Nor has Mr. Grabherr sought a protective order from this Court. Mr. Grabherr, a party defendant to this action, should not be permitted to continuously flout the discovery rules. Rather, he should be ordered to appear for a deposition.

## CONCLUSION

For the foregoing reasons, Manfred G. Grabherr should be compelled to appear for a deposition forthwith, and ScanSoft should be awarded the costs associated with filing this motion.

Dated:  May 25, 2005                                SCANSOFT, INC.,
                                                    By its attorneys,


                                                    <u>/s/ Rebecca L. Hanovice</u>
                                                    Lee Carl Bromberg, BBO # 058480
                                                    Robert Asher, BBO # 022865
                                                    Erik Paul Belt, BBO # 558620
                                                    Lisa M. Fleming, BBO # 546148
                                                    Jack C. Schecter, BBO # 652349
                                                    Rebecca L. Hanovice, BBO # 660366
                                                    BROMBERG & SUNSTEIN LLP
                                                    125 Summer Street
                                                    Boston, Massachusetts 02110-1618
                                                    (617) 443-9292

02639/00509 388180.1