UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 04-10353 PBS <br> ) |
| VOICE SIGNAL TECHNOLOGIES, INC., <br> LAURENCE S. GILLICK, ROBERT S. <br> ROTH, JONATHAN P. YAMRON, and <br> MANFRED G. GRABHERR | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S MOTION TO COMPEL
FURTHER PRODUCTION OF DOCUMENTS AND RESPONSES TO
INTERROGATORIES**

Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Lisa M. Fleming, BBO # 546148
Erik Paul Belt, BBO # 558620
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

Dated: May 25, 2005

*Counsel for Plaintiff
ScanSoft, Inc.*

## TABLE OF CONTENTS

PROCEDURAL HISTORY ..................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.  DESPITE THE COURT'S ORDERS, VST CONTINUES TO WITHHOLD RELEVANT TRADE SECRETS DISCOVERY ....................................... 3

   A.  VST Improperly Limits its Production Regarding ScanSoft's Trade Secret Claims ................................................................................................ 4

   B.  VST Uses an Inappropriately Narrow Definition of 'VST Speech Recognition Product' in its Responses to Avoid its Trade Secret Discovery Obligations .................................................................................. 5

   C.  VST Refuses to Produce Communications Between VST and Others Regarding Use of ScanSoft's Trade Secrets ............................................ 6

   D.  VST Refuses to Produce or Supplement Documents Regarding the Defendants' Knowledge, Possession, and Use of ScanSoft's Trade Secrets ...................................................................................................... 7

   E.  VST's Source Code is Highly Relevant to ScanSoft's Trade Secrets Claim ........................................................................................................ 9

II. VST HAS NOT SUPPLEMENTED ITS RESPONSES AS REQUIRED BY THE FEDERAL RULES ............................................................................ 10

   A.  VST Has Not Supplemented its Responses Concerning VST's Products .................................................................................................. 10

   B.  VST Has Not Produced Information or Documents Relevant to the '966 Patent .............................................................................................. 11

   C.  VST Has Not Produced Information Relating to its Policy for Retention or Destruction of Documents .................................................. 14

CONCLUSION .................................................................................................................... 14

**MEMORANDUM IN SUPPORT OF SCANSOFT, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**

In this action, Plaintiff ScanSoft, Inc. seeks injunctive relief and damages for patent infringement, misappropriation of trade secrets, and unfair and deceptive business practices. ScanSoft claims that VST infringed its patent for speech recognition technology and stole its trade secrets related to this technology. Despite this Court's ruling that ScanSoft's trade secret claims are in the case, and its Orders to produce trade secret discovery, Voice Signal Technologies, Inc. ("VST"), consistent with a longstanding pattern of stonewalling on discovery, refuses to provide any documents or to answer interrogatories related to ScanSoft's trade secret claims. ScanSoft also has yet to obtain entire categories of documents related to the patents-in-suit that VST has already agreed to produce. For these reasons, explained in more detail below, ScanSoft's motion to compel should be allowed.

## PROCEDURAL HISTORY

ScanSoft served its First Set of Document Requests and First Set of Interrogatories on VST on May 26, 2004. In particular, ScanSoft sought information about VST's use, possession, or knowledge of ScanSoft's trade secrets, as well as information about the patent-in-suit (U.S. Patent No. 6,501,966, or "the '966 patent") and the counterclaim patent (U.S. Patent No. 6,595,630, or "the '630 patent"). VST submitted responses to both of these discovery requests on June 25, 2004, but did not produce the requested information. VST's first initial amended response, filed on February 4, was similarly unenlightening. For example, in its response VST identified only one speech recognition product – VSuite. On February 25, 2005, after one of VST's witnesses was deposed and revealed the existence of additional VST products using speech recognition technology, namely VoiceTag, ELVIS, CCR, and VoiceMode, VST amended its response to ScanSoft's document requests. Roth Deposition Tr. at 28-29, 34, 46, and 59

2

(**Exhibit A**). Although VST's supplemented response revealed only a more recent version of VSuite, the response did not advance ScanSoft's access to documents and information relating to VST's other speech recognition products.

In her Order of January 14, 2005, Magistrate Judge Alexander invited ScanSoft to file motions to compel trade secret discovery "if, following disposition of the motion to dismiss, issues raised in either motion to compel remain outstanding, and if the parties are unable to resolve those issues on their own." See Order of January 14, 2005, at p. 2, fn. 1. To date, VST has produced a small number of pages of improperly redacted documents relating to ScanSoft's trade secret claim,[1] and has failed to supplement its disclosures relating to the '966 patent. ScanSoft, on the other hand, has turned over more than 17,000 documents responsive to VST's discovery requests. VST's persistent attempts to delay discovery and prevent ScanSoft from investigating its claims, especially its trade secret claim, has forced ScanSoft to file this motion, consistent with the Magistrate Judge's Order of January 14.

## ARGUMENT

### I. DESPITE THE COURT'S ORDERS, VST CONTINUES TO WITHHOLD RELEVANT TRADE SECRETS DISCOVERY

On January 20, 2005, this Court held that trade secrets are in the case, allowing for discovery of ScanSoft's trade secrets claim.[2] Since then, the Court has reasserted this ruling. On March 16, 2005, the Court acknowledged that ScanSoft had the right to discovery on its trade

---

[1] VST's improper redaction is the subject of a motion for an order to show cause why VST should not be held in contempt, filed with the Court on April 29, 2005.

[2] Judge Saris adopted Magistrate Judge Alexander's Report and Recommendation, which denied VST's motion to dismiss ScanSoft's trade secret claims. Order of January 20, 2005.

3

secret claim. Transcript of March 16, 2005, hearing at p. 13 (DN 106) (The Court will "give [ScanSoft] a narrower scope of discovery on trade secrets that has to do with things that the people who used to work at Dragon and L&H prepared, commented on, emailed regarding."). The Magistrate Judge issued an order that reflected the Court's suggestion and commanded VST to produce initial trade secret discovery. Electronic Order of March 30, 2005. When VST refused, this Court reaffirmed the Magistrate's ruling in its Order of April 27, 2005. ("All documents shall be produced to counsel for Scansoft, but the source code itself shall be redacted. The complete set of documents (redacted and unredacted) shall be produced to the Court under seal."). In spite of the Court's rulings, VST has produced a mere handful of documents relevant to ScanSoft's trade secret claims, all of which are heavily and improperly redacted. VST's responses to ScanSoft's requests for trade secret discovery are woefully inadequate.

### A.   VST Improperly Limits its Production Regarding ScanSoft's Trade Secret Claims

Relying on its General Objections No. 3 and 5, VST has refused to provide any further discovery in connection with ScanSoft's trade secret claims. General Objection No 5 asserts:

> VST objects to each specific request set forth in the Requests to the extent that it seeks documents relating to ScanSoft's claims for misappropriation of trade secrets. ScanSoft has not yet identified with particularity the trade secrets it alleges were misappropriated. ScanSoft must identify those trade secrets with particularity before it can obtain discovery from VST concerning its claims for misappropriation of trade secrets. *See L-3 Communications Corp. v. Reveal Imaging Technologies, Inc.,* 2004 WL 2915743 (Mass. Super. 2004); *Cambridge Internet Solutions, Inc. v. Avicon Group,* 1999 WL 959673 (Mass. Super. 1999); *Microwave Research Corp. v. Sanders Assoc., Inc.,* 110 F.R.D. 669 (D. Mass. 1986).

Similarly, VST's General Objection No. 3 states:

> VST objects to the definition of "Speech Recognition Product" on grounds that it is overly broad, as it omits limitations required by all independent claims of United States Patent No. 6,501,966 (the "'966 Patent").

4

Together, these objections improperly limit the scope of ScanSoft's requests because they ignore ScanSoft's claim that VST's speech recognition products utilize ScanSoft's trade secrets. ScanSoft defined "Speech Recognition Product" to encompass "any product or service incorporating speech recognition technology, including but not limited to speech recognition software embedded in portable devices, such as mobile telephones and PDA's." *See* Plaintiff's First Set of Document Requests to Defendant Voice Signal Technologies, Inc. at p. 2, ¶ 9 (**Exhibit B**).

The discovery rules require production of all responsive documents that are relevant to the claims or defenses in the litigation. Fed. R. Civ. P. 26(b). ScanSoft specifically alleges that VST has misappropriated ScanSoft's trade secrets. This Court has recognized that discovery of ScanSoft's trade secret claim is appropriate and ordered VST to produce responsive information. Order of April 27, 2005. Consequently, VST has no basis for withholding documents related to ScanSoft's trade secret claims. Objection Nos. 3 and 5 should be overruled, and VST should be ordered to produce all documents relevant to ScanSoft's trade secrets claim in accordance with the Court's Orders.

**B.    VST Uses an Inappropriately Narrow Definition of 'VST Speech Recognition Product' in Its Responses to Avoid its Trade Secret Discovery Obligations**

In its discovery requests, ScanSoft defined "VST Speech Recognition Product" as "any Speech Recognition Product… which has been made, used, licensed, offered for sale, or sold by, or on behalf of, Voice Signal, and any Speech Recognition Product incorporating technology developed, licensed or sold by Voice Signal." ScanSoft has repeatedly asserted that its misappropriated trade secrets are likely to be contained in VST's source code for its speech recognition engines. *See, .e.g.,* March 16, 2005 Hearing Tr. at 12 ("the trade secrets . . . if

5

they're anywhere, they're in the source code. That's exactly where they are."). ScanSoft does not allege that its trade secrets are limited to source code in the user interface. Nevertheless, VST objected to ScanSoft's definition of "VST Speech Recognition Product" as set forth in the Requests: "For purposes of these Responses, "VST Speech Recognition Products" shall mean only the user interface module of VST's speech recognition products, and shall not include any speech engine associated with those products." VST General Objection No. 2.

VST's General Objection is inappropriate because it effectively precludes discovery related to ScanSoft's trade secret claims. While VST made this objection in connection with ScanSoft's patent infringement claim, it cannot make the objection in connection with ScanSoft's trade secrets claim, as ScanSoft alleges that the trade secrets are contained in VST's source code for its speech recognition engine. VST's General Objection improperly limits information to which ScanSoft is entitled and thus should be overruled.

**C.   VST Refuses to Produce Communications Between VST and Others Regarding Use of ScanSoft's Trade Secrets**

Interrogatory No. 12 seeks:

Every disclosure or communication of any kind between Voice Signal and any other person for determination of whether any features of any of VST's Speech Recognition Products contain or utilize any trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie), and with regard to each such disclosure or communication, identify each document relating thereto, including but not limited to any opinions of counsel.

Similarly, Document Request No. 27 seeks:

Each document concerning any disclosure or communication between VST and any person for determination of whether any VST Speech Recognition Product contains or utilizes the trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie), including but not limited to any opinions of counsel.

6

VST refused to produce documents responsive to these requests, claiming that these requests are "overbroad and unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." VST can no longer rely on this excuse for its failure to comply with discovery. As noted above, months ago this Court rejected VST's argument to dismiss ScanSoft's trade secrets claim and has ordered VST to produce responsive documents. Trade secrets are at the heart of this case, and any communications regarding ScanSoft's proprietary information will inevitably lead to the discovery of admissible evidence. ScanSoft's request is clearly calculated to lead to the discovery of relevant evidence. In light of the Court's repeated Orders to produce trade secrets discovery, VST is obligated to produce all responsive documents in its possession or control.

### D. VST Refuses to Produce or Supplement Documents Regarding the Defendants' Knowledge, Possession, and Use of ScanSoft's Trade Secrets

Document Requests Nos. 33, 35, and 36 and Interrogatories No. 10 seek documentation and information concerning, generally, (1) each individual defendant's knowledge of ScanSoft's trade secrets when they began work at VST, (2) any documents the defendants may have brought with them to VST from ScanSoft or its predecessors, and (3) the contributions these defendants made to VST's speech recognition products. Specifically, Interrogatory No. 10 seeks:

> every VST Speech Recognition Product worked on by the individual defendants at Voice Signal, including without limitation, the product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E, and specify the contribution(s) of each individual defendant to the conception, research, design, development, reduction to practice, testing, offer of sale and/or sale of those products.

Similarly, Document Request No. 33 seeks:

> Each document concerning any discussions and/or communications between Voice Signal and the individual defendants regarding any trade secrets of ScanSoft (or its predecessors, including without limitation Dragon Systems and Lernout & Hauspie) or

7

any other party, including without limitation any discussion and/or communication regarding the disclosure of those trade secrets.

Document Request No. 35 seeks:

> Each document related to the work performed by the individual defendants in connection with VST Speech Recognition Products, including without limitation the product(s) identified in the ELVIS press release, dated September 6, 2001, and attached to ScanSoft's Amended Complaint at Exhibit E, and any documents specifying or describing the contribution(s) of each individual defendant to the conception, research, design, development, reduction to practice, testing, offer of sale and/or sale of those products.

VST objects to each request on the grounds that each request is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. The Court has already held that ScanSoft's trade secrets claims are part of the case and has ordered VST to begin production of documents and responsive answers. Electronic Order of April 27, 2005. VST must therefore produce responsive documents and supply substantive answers to ScanSoft's interrogatories.

Finally, Document Request No. 36, seeks:

> Each document concerning any of Voice Signal's claims, defenses, and contentions in this lawsuit, including any contention that the patent-in-suit is invalid, unenforceable, or not infringed, any contention regarding the scope or interpretation of any claims in the patent-in-suit, any contention regarding any misuse of the patent-in-suit by ScanSoft, any contention that Laurence S. Gillick, Robert S. Roth, Jonathan P. Yamron, or Manfred G. Grabherr did not possess, know of, use or disclose any trade secrets belonging to another party to Voice Signal, any contention that Voice Signal took steps to prevent disclosure or use of such trade secrets, and/or any contentions concerning or the appropriate measure of damages that allegedly has been or may be incurred as a result of ScanSoft's conduct. (Emphasis added).

Despite VST's response that it would produce "relevant non-privileged documents in its possession concerning any contention that Voice Signal took steps to prevent disclosure or use of any ScanSoft trade secrets," it has not produced any documents. VST should be compelled to

8

produce responsive documents or state that it does not have such documents in its possession or control.

### E. VST's Source Code is Highly Relevant to ScanSoft's Trade Secret Claims

VST also refuses to disclose information about any changes or modifications it made to its source code. ScanSoft's Document Request No. 11 seeks:

> Each document concerning any changes, additions, deletions, modifications, or alterations to each version of the source code of each VST Speech Recognition Product, starting from the first prototype of each VST Speech Recognition Product.

Similarly, Document Request No. 21 seeks:

> Each document concerning invention disclosures, patent applications, and patents owned or licensed by Voice Signal with respect to any invention, technology, method, or product contained or embodied in, or used by, VST Speech Recognition Products.

VST refuses to produce documents responsive to these requests. VST cannot claim, as it did in response to ScanSoft's patent infringement claim, that its source code is irrelevant to the claims at issue. In fact, VST's source code is highly relevant to ScanSoft's trade secrets claim because ScanSoft alleges that its trade secrets are located throughout VST's source code. March 16, 2005 Hearing Tr. at 12; *see also* ScanSoft's Amended Complaint at ¶¶ 24-32 (the individual defendants were familiar with ScanSoft's trade secrets due to their work at Dragon and/or L&H, and, when they moved to VST, went to work on ELVIS, which exhibits the same capabilities as ScanSoft's products). VST must disclose a complete copy of source code for its speech recognition products, in accordance with the parties' Protective Order, because of the source code's relevance to ScanSoft's trade secrets claim.

## II. VST HAS NOT SUPPLEMENTED ITS RESPONSES AS REQUIRED BY THE FEDERAL RULES

### A. VST Has Not Supplemented its Responses Concerning VST's Products

ScanSoft served document requests concerning the identification of VST Speech Recognition Products. For example, in Document Request No. 5, ScanSoft sought:

> any user guides or manuals, instructions, documentation, product inserts, promotional materials, and/or other literature that are provided with each version of each VST Speech Recognition Product or otherwise made available by Voice Signal.

Similarly, Document Request No. 17 seeks:

> Each document concerning the marketing, public disclosure, advertising, demand, sales, or use of each VST Speech Recognition Product, including but not limited to promotional and trade literature, brochures, advertisements, videotapes or other descriptive materials, prices lists, distributor or customer questionnaires, sales training materials, and any catalogs in which any VST Speech recognition Products are shown, described or referenced, whether or not used, published broadcast, or distributed.

Finally, Document Request No. 19 seeks:

> Each document concerning the popularity, utility, advantages over other devices, and nature of benefits to users of VST Speech Recognition Products.

Despite its assurances that it would produce "copies of all relevant non-privileged documents in its possession" in response to these three Requests, VST limited its production to the user interface specifications for each version of its VSuite product and refuses to produce any documents concerning its other speech recognition products.

VST would like this Court to believe that VSuite is the only speech recognition product at issue in the case. VST's own witnesses tell us otherwise. Daniel Roth, the President of VST, testified at his deposition on February 22, 2005, that VST has four additional products that fall within ScanSoft's definition of "Speech Recognition Product": VoiceTag, ELVIS (Embedded Large Vocabulary Interface System), CCR (Command Control Recognizer), and VoiceMode. *See* **Ex. A**. These software products each enable speech recognition in mobile handsets. There

10

is simply no basis on which to distinguish these products from VST's VSuite product, for which VST has agreed to produce documents. VST should therefore be directed to produce all user guides, manuals, instructions, product inserts, marketing materials, and advertising materials related to all of its speech recognition products, the existence of which was confirmed by VST's President at his deposition. **Ex. A** at 86-87 (when asked if clear and concise documentation is provided to a licensee in order to enable them to make use of the VST product, Mr. Roth replied "I would think so, yes").

### B. VST Has Not Produced Information or Documents Relevant to the '966 Patent

VST continues in its refusal to produce documents responsive to ScanSoft's requests for information about the patent-in-suit. For example, Interrogatory No. 13 asks that VST

> State the basis for the contention in Voice Signal's first affirmative defense and first counterclaim that it has not infringed or induced infringement of the '966 Patent, and for each VST Speech Recognition Product, identify separately (i) each reason said product or service does not infringe any valid claim of the patent-in-suit, and (ii) for each claim of the patent-in-suit, each reason why said product or service does not contain every element of the claim literally or by doctrine of equivalents, and for each reason provided in your answer to parts (i) and (ii) of this interrogatory, state the full particulars of all facts concerning said reason (including identification of each element or limitation of the claims in the patent-in-suit allegedly not included in each VST Speech Recognition Product), and identify (a) the statutory, regulatory or other provision relating thereto, (b) each person with knowledge concerning said reason, (c) each document concerning said reason, and (d) each communication between Voice Signal and any other person concerning said reason.

Document Request No. 23 seeks "[e]ach document concerning Voice Signal's awareness or knowledge of the patent-in-suit," while Document Request No. 24 asks for "[e]ach document concerning the inventions disclosed and claimed in the patent-in-suit." Document Request No. 25 seeks "[e]ach document concerning any consideration, examination, or review by Voice Signal of the patent-in-suit," and Document Request No. 26 seeks

> Each document concerning any disclosure or communication between Voice Signal and any person for determination of whether any feature of any VST Speech Recognition Product infringe the patent-in-suit and/or whether the patent-in-suit is valid and enforceable, including but not limited to any opinions of counsel, prior art references, printed publications, and other related documents.

Finally, Document Request No. 30 seeks "[e]ach document concerning the validity, infringement, or enforceability of the patent-in-suit," and Document Request No. 31 asks for "[e]ach document concerning the level of skill in the art of the design, engineering or manufacture of Speech Recognition Products from 1992 to the present."

Again, although VST agreed to produce responsive information for each of these Requests, ScanSoft has yet to receive any such documents. Furthermore, although VST set forth very basic reasons for non-infringement in its response to Interrogatory 13, it refused to provide detailed responses until "adequate confidentiality protections have been established" and until ScanSoft provides "specific and reasonable basis for alleged infringement." These limitations are improper and VST should supplement its responses immediately. The Protective Order in this case provides protection for the parties' confidential information, and VST's objection on that basis is unsound. Moreover, VST's objection on the grounds that ScanSoft must provide a reasonable basis for alleged infringement is moot. The parties have already submitted claim construction briefs on the patents-in-suit. Surely VST is aware of ScanSoft's bases for alleging infringement. VST should be ordered to produce responsive documents forthwith, or state in writing that it does not have any such documents in its possession or control.

In some cases, VST flatly refused to provide any responses to ScanSoft's requests. For example, Interrogatory No. 11 asks VST to

> Identify every disclosure or communication of any kind between Voice Signal and any other person for determination of whether any features of any of VST's Speech Recognition Products infringe the patent-in-suit, or whether the patent-in-suit is valid and enforceable, and with regard to each such disclosure or communication, identify each

12

document relating thereto, including but not limited to any opinions of counsel, prior art patents, printed publications, and other documents related thereto.

Interrogatory No. 14 asks,

> If Voice Signal contends that any claim or portion thereof of the patent-in-suit is limited by its terms, by the prior art, by amendments made to the claims, and/or by assertions or representations made by the United States Patent and Trademark Office during the prosecution of the underlying patent application, for each such contention identify separately each reason for Voice Signal's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reasons), and (c) each communication between Voice Signal and any other person concerning said reason.

Interrogatory No. 15 asks VST to

> State the basis for Voice Signal's second affirmative defense and first counterclaim, and identify each claim or portion thereof of the patent-in-suit which Voice Signal alleges is invalid, unenforceable, or otherwise fails to comply with the provisions of 35 USC §§ 101, 102, or 103, identify separately each reason the claim or portion thereof is allegedly invalid or unenforceable, or otherwise fails to comply with those provisions, state the basis for each such reason, and for each such reason identify (a) each such claim or portion thereof (e.g., by column and line number); (b) each person with knowledge concerning said reason, (c) each document concerning said reason, including without limitation specific prior art references; and (d) each communication between Voice Signal and any other person concerning said reason.

Finally, Interrogatory No. 17 asks VST to

> Identify any reasons other than those specified in answers to previous interrogatories, on which Voice Signal will rely as showing that any claim of the patent-in-suit is invalid, unenforceable, or not infringed, and for each such reason, fully summarize all facts relevant to such reason, identify all documents which contain any facts pertaining to or reflecting on such reason, and identify all persons having knowledge of such facts. ).

To each, VST responded that these requests are premature. VST's reasoning fails, particularly in light of the Court's Order requiring the parties to submit claim construction briefs identifying and defining the contested claims. March 16, 2005, Hearing Tr. at 17-18 (DN 106). The parties filed briefs containing their claim constructions on May 6, 2005. VST can no longer

13

argue that claim construction is premature. Therefore, VST should be required to supplement its responses to Interrogatories Nos. 11, 14, 15, and 17.

### C. VST Has Not Produced Information Relating to its Policy for Retention or Destruction of Documents

Document Request No. 59 seeks "each document concerning any policy for the retention or destruction of documents by Voice Signal." Despite VST's response that it would produce "copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents," VST has failed to produce any responsive documents or indicate whether it has such documents in its possession. VST should be compelled to disclose responsive documents or state in writing that it has no such documents in its possession or control.

### CONCLUSION

For the foregoing reasons, VST should be compelled to supplement its discovery responses, produce all documents and things in its possession, custody or control that are responsive to ScanSoft's First Set of Document Requests, and respond fully to ScanSoft's First Set of Interrogatories.

| | |
|---|---|
| Dated:  May 25, 2005 | SCANSOFT, INC.,<br>By its attorneys, |
| | /s/ Rebecca L. Hanovice<br>Lee Carl Bromberg, BBO # 058480<br>Robert Asher, BBO # 022865<br>Erik Paul Belt, BBO # 558620<br>Lisa M. Fleming, BBO # 546148<br>Jack C. Schecter, BBO # 652349<br>Rebecca L. Hanovice, BBO # 660366<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, Massachusetts 02110-1618<br>(617) 443-9292 |

02639/00509 374487.1