# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>   Plaintiff,<br><br>   v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>   Defendants. | Civil Action No. 04-10353-PBS |

## DECLARATION OF JACK C. SCHECTER

I, Jack C. Schecter, depose under oath and state as follows:

1. I am an attorney at the firm of Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110. I represent ScanSoft, Inc. ("ScanSoft") in the above-captioned matter.

2. On Thursday, May 19, 2005, counsel for Voice Signal Technologies, Inc. ("VST"), Paul Bonanno, notified me that VST had scheduled the deposition of a Rule 30(b)(6) designee of Uniden Corporation for Monday, May 23, 2005 in Fort Worth, Texas.

3. Upon notification of the scheduling of the Uniden deposition, I called Mr. Bonanno and suggested that the deposition was likely to be fruitless and was unnecessary. In an attempt to prevent wasting the resources of all involved, I proposed that the parties agree to conduct the deposition via telephone. Although Mr. Bonanno estimated that the deposition of Uniden would last only an hour and a half, he stated that VST insisted on going forward with the deposition and would not agree to conduct the deposition by phone.

4. On Friday, May 20, 2005, I received notice that VST would be taking the deposition of Mr. Michael McMahan, a former Texas Instruments, Inc. employee, in Austin, Texas, on May 27, 2005.

5. On May 25, 2005, I contacted Mr. Bonanno by phone and requested that VST consider taking Mr. McMahan's deposition by phone. Again, Mr. Bonanno refused and informed me that VST would conduct the deposition in person.

6. Later, on May 25, 2005, as part of a Rule 7.1 conference on ScanSoft's Motion for a Protective Order Limiting Parties to Ten Depositions, counsel for VST, Sarah Columbia, informed me that VST had cancelled the deposition of Mr. McMahan.

7. On May 26, 2005, I was contacted by counsel for Uniden, Mr. Rudolph L. Ennis. Mr. Ennis informed me that VST had contacted him and demanded that Uniden produce yet another Rule 30(b)(6) designee for deposition. Mr. Ennis has informed me that Uniden believes it has fully complied with its obligations under the Federal Rules and will not be voluntarily producing another witness for VST to depose.

Signed under the pains and penalties of perjury this 26th day of May, 2005.

/s/ Jack C. Schecter
Jack C. Schecter

02639/00509 389042.1