EXHIBIT 2

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 09/443,957 | ZLOKARNIK ET AL. |
| | Examiner | Art Unit | |
| | Daniel A. Nolan | 2641 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>19 November 1999</u> .

2a) ☐ This action is FINAL.   2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-26</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1,6-9,16 and 18-26</u> is/are rejected.

7) ☒ Claim(s) <u>2-5,10-15 and 17</u> is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>19 November 1999</u> is/are: a) ☐ accepted or b) ☒ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a) ☐ All  b) ☐ Some * c) ☐ None of:

1. ☐ Certified copies of the priority documents have been received.

2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) <u>2</u> .

* 4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

**PH 61**

U.S. Patent and Trademark Office
PTO-326 (Rev. 04-01)          Office Action Summary          Part of Paper No.-3

Application/Control Number: 09/443,957                                    Page 2
Art Unit: 2641

DETAILED ACTION

1.      This preamble is required to distinguish between the separate processes of "voice recognition" and "speech recognition."  Voice recognition identifies individuals, while speech recognition derives meaning from utterances.  The USPTO categorizes these separately as class/subclasses 704/246 and 704/251, respectively.

*Drawings*

2.      Figure 2 should be designated by a legend such as --Prior Art-- because only that which is old is illustrated.  See MPEP § 608.02(g).

3.      The drawings are objected to as failing to comply with 37 CFR 1.84(p)(5) because they include the following reference sign(s) not mentioned in the description:

    ◦   The term "Sample" is not used in conjunction with "Threshold" in the specification as it appears in item 206 of figure 8.

4.      A proposed drawing correction or corrected drawings are required in reply to the Office action to avoid abandonment of the application.  The objection to the drawings will not be held in abeyance.

**PH 62**

Application/Control Number: 09/443,957                                    Page 3
Art Unit: 2641

5.      Since allowable subject matter has been indicated, applicant is encouraged to
submit formal drawings in response to this Office Action.  The early submission of
formal drawings will permit the Office to review the drawings for acceptability and to
resolve any informalities remaining therein before the application is passed to issue.
This will avoid possible delays in the issue process.

### Specification

6.      The abstract of the disclosure is objected to because

  ▫   It exceeds 150 words in length.

  ▫   It is improperly capitalized.

  ▫   It contains terms that are more appropriate to claims (such as "at least") and the
      language is generally not in keeping with the guidelines of the MPEP.

  ▫   The summary of the invention starting from the 2nd paragraph at the middle of
      page 8 is not a summary at all, but amounts to a mere recitation of the claims
      that is contrary to the spirit and intent of CFR § 1.73:  *"Summary of the invention:*
      *A brief summary of the invention indicating its nature and substance, which may*
      *include a statement of the object of the invention, should precede the detailed*
      *description.  Such summary should, when set forth, be commensurate with the*
      *invention as claimed and any object recited should be that of the invention as*
      *claimed,"*

**PH 63**

Further, the language in the summary, being taken directly from the claims, is overly legalistic and not in keeping with the objective of the MPEP.

As the *verbatim* claim terminology is not a summary, the Examiner would err by permitting this cosmetic makeover of the claims to be part of the disclosure as it amounts to having the claims furnish the only specification for themselves. Where such circular reasoning is not valid, antecedent basis will be lacking.

Correction is required.  See MPEP § 608.01(b).

7.      The disclosure is objected to because of the following informalities:

°   The term "speech recognition" should be used in place of "voice recognition" throughout the disclosure wherever the purpose and intent is to command or derive meaning from the utterance, as described in the preamble to this action.

°   The plural word "figures" should be used (in the 1st paragraph of page 23).

°   The summary of the invention contains language that is overly detailed and legalistic and therefore is not in keeping with the objective of the MPEP.

°   The acronym "MCU" should be introduced with its full definition at the initial appearance (on page 12).  In spite of the obvious redundancy of terms, the Examiner is proceeding with the understanding that this refers to a *memory control unit.*

Appropriate correction is required.



Application/Control Number: 09/443,957                                    Page 5
Art Unit: 2641

8.    The lengthy specification has not been checked to the extent necessary to determine the presence of all possible minor errors. Applicant's cooperation is requested in correcting any errors of which applicant may become aware in the specification.


9.    The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter. See 37 CFR 1.75(d)(1) and MPEP § 608.01(o). Correction of the following is required:

   °   The disclosure that *a pause may substituted for a syllable* (page 6) will not support either a claim where the *pause is measured in terms of syllables*, nor a potential claim of *a pause consisting of multiple syllables* (claims 6 & 17). A more appropriate unit to designate measurement and duration, or for representation of multiple pauses should be used.

   °   The specification consistently describes the command as *one word portion and a pause* (end of page 7) but the feature of claim 6 calls for a *first and second word portion separated by pause*. The Examiner is proceeding with the understanding that claim 6 is meant to portray a series of two of the specified command word/pause combinations.

PH 65

Application/Control Number: 09/443,957                                  Page 6
Art Unit: 2641

### Claim Objections

10.    Claims 1-26 are objected to because of the following informalities:

- In claims 6 and 7, the term "at least" should be removed when referring to the
  pause (being a syllable in length) since that implies that a pause could be multi-
  syllabic.

- In all claims using the term "voice recognition", the term "speech recognition"
  should be used wherever the purpose and intent is to command or derive
  meaning from the utterance, as described in the preamble to this action.

- Regarding claim 7, the acronym "MCU" should be introduced with its full
  definition at the initial appearance in the claims. Because any other choice would
  be redundant with the other devices in the configuration, the Examiner is
  proceeding with the understanding that this refers to a *memory control unit*.

Appropriate correction is required.

### Claim Rejections - 35 USC § 112

11.    The following is a quotation of the second paragraph of 35 U.S.C. 112:

The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.

Application/Control Number: 09/443,957                                          Page 7
Art Unit: 2641

12.    Claim 17 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite

for failing to particularly point out and distinctly claim the subject matter which applicant

regards as the invention.

13.    Claim 17 recites the limitation "said second command" in line 3.  There is

insufficient antecedent basis for this limitation in the claim.

### Claim Rejections - 35 USC § 103

14.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

15.    This application currently names joint inventors.  In considering patentability of

the claims under 35 U.S.C. 103(a), the examiner presumes that the subject matter of

the various claims was commonly owned at the time any inventions covered therein

were made absent any evidence to the contrary.  Applicant is advised of the obligation

under 37 CFR 1.56 to point out the inventor and invention dates of each claim that was

not commonly owned at the time a later invention was made in order for the examiner to

consider the applicability of 35 U.S.C. 103(c) and potential 35 U.S.C. 102(e), (f) or (g)

prior art under 35 U.S.C. 103(a).

PH 67

Application/Control Number: 09/443,957                        Page 8

Art Unit: 2641

Bellegarda *et al* & Launey *et al*

16.     Claims 1, 6, 8, 9, 16 & 18-21 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Bellegarda *et al* (U.S. Patent 6,208,971) in view of Launey *et al* (U.S.

Patent 5,086,385).


17.     Regarding claim 1, controlling electrical devices with voice has been long

practiced to provide independence to persons with disabilities by coupling speech

recognition systems (SR) with home automation control interfaces (HA).  Launey *et al*

describes such configurations in the Abstract of his disclosure (6th line from the end).

        Because Launey *et al* employs commercial off-the-shelf (COTS) input products,

he does not provide internal SR detail.  Bellegarda *et al*, as provider of such SR,

describes how the input speech consists of *command word* (abstract line 1) and pauses

(column 3 line 26).


18.     Regarding claim 6 as understood by the Examiner, the claim is set forth with the

same limits as claim 1.  The characteristic of speech consisting of words separated by

pauses is notoriously well known in the art of speech signal processing and would have

been obvious to a person of ordinary skill in that art at the time of the invention.


19.     Regarding claim 8, speech recognition is based on the well-known feature of

*recording voice recognition data* for use in *comparison* and requires the capacity to

PH 68

Application/Control Number: 09/443,957                                     Page 9
Art Unit: 2641

*receive audio.* It would have been obvious to a person of ordinary skill in the art of

speech processing at the time of the invention that a prior recording would provide

*recognition,* as that term reflects the contemporary state of technology, that it has yet to

introduce a device capable of *speech understanding.*

The subsequent features *generating control signals* are similarly well-known in

the art as depicted by the typical figure 1 of <u>Launey *et al*</u> (58 through 10 to devices).

20.     Regarding claim 9, the claim is set forth with the same limits as claim 8.  The

operation of *training* by recording vocal commands for recognition is notoriously well-

known from the earliest forms of speech processing.

21.     Regarding claim 16, the claim is set forth with the same limits as claim 8.

<u>Bellegarda *et al*</u> defines the process of a *pause* being detected as a silence between

commands (column 3 lines 24-30), which would have made it obvious to a person of

ordinary skill in the art of speech signal processing at the time of the invention to

interpret a *lack of dynamic spectral activity* of a time as indicative of such a *silence.*

22.     With regard to claim 18, the features of the claim concerning components for

*receiving voice,* for *voice recognition* including the supporting configuration of the claim

are found in claim 23 and are rejected for the same reasons.  The further feature of

*power controllers responding to audible command* is shown by <u>Launey *et al*</u> (in figure 1)

while <u>Bellegarda *et al*</u> discloses recognition using HMM (top of column 3).

**PH 69**

Application/Control Number: 09/443,957                                     Page 10
Art Unit: 2641

23.    Regarding claim 19, the claim is set forth with the same limits as claim 18.  The

features of the claim are found in claim 7 and the claim is rejected for the same

reasons.


24.    Regarding claim 20, the claim is set forth with the same limits as claim 19.

_Bellegarda et al_ discloses the notoriously well-known and conventional components of

the configuration claimed (figure 5 column 7 line 21-on).


25.    Regarding claim 21, the claim is set forth with the same limits as claim 19.  The

features and configuration are so notoriously well known and conventional that it would

have been obvious to a person of ordinary skill in the art of configuration management

to employ the receiver, ᵤcontroller and power control mounted on a circuit board to

avoid difficulties in procuring commercially available alternatives and maintaining such

wired products.


**Bellegarda _et al_, Launey _et al_ & Borcherding**

26.    Claim 7 is rejected under 35 U.S.C. 103(a) as being unpatentable over

_Bellegarda et al_ in view of _Launey et al_ and further in view of _Borcherding_ (U.S. Patent

5,890,121).


**PH 70**

Application/Control Number: 09/443,957                                    Page 11
Art Unit: 2641

27.    Regarding claim 7 as understood by the Examiner, the claim is set forth with the

same limits as claim 1.  While neither Bellegarda *et al* nor Launey *et al* describe the

components of their inventions in precise terms, the configuration claimed is well known

in the art of speech signal processing, as shown by the prior art of record provided by

the Applicant with Borcherding in (column 4 line 33-on) and so would have been

obvious to a person of ordinary skill in the art of speech signal processing at the time of

the invention.


**Bellegarda *et al*, Launey *et al* & Proxi**

28.    Claims 22 and 23 are rejected under 35 U.S.C. 103(a) as being unpatentable

over Bellegarda *et al* in view of Launey *et al* and further in view of Proxi (PROXI product

description, July 1999).


29.    Regarding claims 22 and 23, the claims are set forth with the same limits as

claim 18.  Launey *et al* discloses the notoriously well-known application of controlling

lighting (30 in figure 1) while the features using such commercially available speech

recognition systems to enable individuals with handicaps to control their environments –

including lighting - has been long utilized in the disabled community.  Proxi is typical of

such a voice-activated environmental control unit available that would be contemporary

with and so serve as prior art to the corresponding features of the immediate

application.

PH 71

Application/Control Number: 09/443,957                              Page 12
Art Unit: 2641

**Bellegarda *et al*, Launey *et al* & Cohrs *et al***

30.    Claims 24-26 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Bellegarda *et al* in view of Launey *et al* and further in view of Cohrs *et al* (U.S. Patent

5,960,393)

31.    Regarding claim 24, the claim is set forth with the same limits as claim 18.  While

neither Bellegarda *et al* nor Launey *et al* specifically mention *adjusting the threshold*,

Cohrs *et al* considers the scores of background relative to words in the evaluation

process of word recognition and in so doing naturally discloses the obvious step of

providing for such adjustment (column 6 line 39-on) to allow for operation under varying

conditions.

32.    Regarding claim 25, the features of *receiving, voice recognition* and *controlling*

are all well known in the art as depicted by the typical figure 1 of Launey *et al* (64 to 58

through 10 to devices).  The further feature of *adjusting threshold* is found in claim 24

and the claim is rejected for the same reasons.

33.    Regarding claim 26, the claim is set forth with the same limits as claim 25.  The

limitations of the processor are the same as those found for claim 7 and the claim is

rejected for the same reasons.

**PH 72**

Application/Control Number: 09/443,957                              Page 13
Art Unit: 2641

### *Allowable Subject Matter*

34.    Claims 2-5, 10-15 & 17 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

35.    The following is a statement of reasons for the indication of allowable subject matter:

- Regarding claims 2 and 10, where the prior art of record is typical in enabling a device on recognition, the feature of speech recognition actively *preventing operation* while the signal processing is ongoing is not anticipated nor was it found in obvious combination in the prior art of record.

- Regarding claims 3 and 11, where prior art can be found that uses the *different scores of words and background* to recognize words in the process of selecting words and excluding background noise.  While a case could be made that only recognized words generate control signals, the explicit statement that this difference will directly *generate control signals* was considered to have been neither anticipated nor found in an obvious combination in the prior art of record.

- Regarding claims 5 and 15, the features are understood by the Examiner to be the reciprocal corollary to the recognition-action sequence of claims 3 and 10 and so would be found allowable over the prior art of record for the same reasons provided for those claims.

**PH 73**

Application/Control Number: 09/443,957                          Page 14
Art Unit: 2641

      &deg;  With regard to claims 4, 12-14 and 17; the claims depend on claims that were found to be allowable and so would they themselves be allowed as a consequence.

36.    As allowable subject matter has been indicated, applicant's reply must either comply with all formal requirements or specifically traverse each requirement not complied with. See 37 CFR 1.111(b) and MPEP § 707.07(a).

### Conclusion

37.    The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

      &deg;  Landell *et al* (U.S. Patent 4,811,399) provides speech recognition adjusting for background noise.

      &deg;  Salazar *et al* (U.S. Patent 5,774,841) is capable of interfacing speech commands to a variety of controlling devices.

38.    Any inquiry concerning this communication or earlier communications from the examiner should be directed to Daniel A. Nolan whose telephone number is (703) 305-1368. The examiner can normally be reached on Monday, Tuesday, Thursday & Friday, between the hours of 6:30 AM and 5:00 PM.

**PH 74**

Application/Control Number: 09/443,957                                                Page 15
Art Unit: 2641

    If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, William Korzuch can be reached at (703) 305-6137.

    The fax phone number for the organization where this application or proceeding

is assigned is (703) 872-9314. Label informal and draft communications as "DRAFT" or

"PROPOSED", & designate formal communications as "EXPEDITED PROCEDURE".

    Any response to this action may be faxed according to the above instructions,

or mailed to:             Box AF
                         Commissioner of Patents and Trademarks
                         Washington, D.C. 20231

or hand-delivered to:      Crystal Park 2,
                         2121 Crystal Drive, Arlington, VA,
                         Sixth Floor (Receptionist).

    Any inquiry of a general nature or relating to the status of this application or

proceeding should be directed to the receptionist at phone (703) 305-4700.

                                  Daniel A. Nolan
                                  Examiner
                                  Art Unit 2641

dan

December 2, 2001

                                  Richemond Dorvil
                                  Primary Examiner

**PH 75**

| *Notice of References Cited* | Application/Control No. 09/443,957 | Applicant(s)/Patent Under Reexamination ZLOKARNIK ET AL. | |
|---|---|---|---|
| | Examiner Daniel A. Nolan | Art Unit 2641 | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-5,774,841 | 06-1998 | Salazar et al. | 704/270.1 |
| | B | US-4,811,399 | 03-1989 | Landell et al. | 704/253 |
| | C | US-5,086,385 | 02-1992 | Launey et al. | 704/270 |
| | D | US-6,208,971 | 03-2001 | Bellegarda et al. | 704/275 |
| | E | US-5,960,393 | 09-1999 | Cohrs et al. | 704/275 |
| * | F | US-5,890,121 | 03-1999 | Borcherding, Mark A. | 704/270 |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

### FOREIGN PATENT DOCUMENTS

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

### NON-PATENT DOCUMENTS

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages |
|---|---|---|
| | U | Proxi (PROXI product description, July 1999) |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                Notice of References Cited                Part of Paper No. 3

**PH 76**

#9A

File No.: F9618A

## UNITED STATES PATENT AND TRADEMARK OFFICE

In re New Application of: Dr. Igor Zlokarnik, et al.

U.S. Application Serial No. : 09/443,957

Filed: November 19, 1999

Group Art Unit:  2641

Examiner: Daniel A. Nolan

For:  Voice Activated Control For Electrical Device

RECEIVED

JUN 2 0 2002

Technology Center 2600

Assistant Commissioner for Patents
Washington, D.C.  20231

Dear Sir:

### RESPONSE TO THE OFFICE ACTION MAILED DECEMBER 3, 2001

Further examination of the referenced application is respectfully requested in view of the following Amendment and Remarks.

### I AMENDMENT

Please amend this application as follows:

### In the Claims

Please delete claims 2, 10, 18-26;  amend claims 1, 3-9, 12, 16, 17 and insert new claim 27, as follows:

### MAILING CERTIFICATE

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to Assistant Commissioner for Patents, Washington, D.C. 20231 on May 1, 2002.

Name of person signing:  Lawrence G. Fridman

Signature

**PH 77**

1     1. An apparatus for voice activated control of an electrical

2     device, the apparatus comprising:

3     receiving means for receiving at least one audio command

4     generated by a user, the at least one audio command having a command

5     word portion and a pause portion, each of the audio command portions

6     being at least one syllable in length;

7     speech recognition data having a command word portion and a

8     pause portion, each of the speech recognition data portions being at least

9     one syllable in length;

10     speech recognition means including a Hidden Markov Model

11     for comparing said command word portion and said pause portion of said at

12     least one received audio command with said command word portion and

13     said pause portion, respectively, of said speech recognition data, said

14     speech recognition means generating at least one control signal based on

15     said comparison,  said speech recognition means prevents operation of the

16     electrical device when the spectral content is dynamic;

17     means for analyzing the pause portion of the received audio

18     command for spectral content; and

2

**PH 78**

19     power control means for controlling power delivered to

20     an electrical device, said power control means being responsive to said at

21     least one control signal generated by said speech recognition means for

22     operating the electrical device in response to said at least one audio

23     command generated by the user.

1     3.    The apparatus of claim 1, wherein said receiving means receives

2     background noise data in conjunction with said audio command, and further

3     comprising means for generating a command word score and a background

4     noise score based on the comparison of the received audio command to the

5     speech recognition data and the background noise data, respectively, said

6     speech recognition means generating said at least one control signal when

7     said command word score exceeds said background noise score.

1     4.    The apparatus of claim 3, and further comprising:

2     means for analyzing the command word portion of the

3     received audio command and the background noise data for energy content;

4     and

3

**PH 79**

5    means for comparing the energy content of the command word

6    portion to the energy content of the background noise data and generating a

7    corresponding energy comparison value;

8    wherein said speech recognition means prevents the generation

9    of said at least one control signal when said energy comparison value is

10    below a predetermined level.

1    5.    The apparatus of claim 1, wherein said receiving means receives

2    background noise data in conjunction with said audio command, and further

3    comprising:

4    means for analyzing the command word portion of the receive

5    audio command and the background noise data for energy content;  and

6    means for comparing the energy content of the command word

7    portion to the energy content of the background noise data and generating a

8    corresponding energy comparison value;

9    wherein said speech recognition means prevents the generation

10    of said at least one control signal when said energy comparison value is

11    below a predetermined level.

4

**PH 80**

1        6.   The apparatus of claim 1, wherein each of said at least one audio

2    command and said speech recognition data comprises first and second

3    command word portions separated by said pause portion and further

4    comprising a second pause portion having one syllable in duration before

5    said first command word portion and a third pause portion having one

6    syllable in duration after said second command word portion.

1        7.   The apparatus of claim 1, wherein the speech recognition means

2    further including a microcontroller with a fixed-point embedded

3    microprocessor, the microprocessor is chosen from the group of 8-bit and

4    16-bit micro controller unit microprocessors.

1        8.   A method of activating an electrical device through at least one

2    audio command from a user, the method comprising the steps of:

3        recording speech recognition data having a command word portion

4    and a pause portion, each of the speech recognition data portions being at

5    least one syllable in length;

6        receiving at least one audio command from a user, the at least one

7    audio command having a command word portion and a pause portion, each

8    of the audio command portions being at least one syllable in length;

5

9     comparing said command word portion and said pause portion of said

10    at least one received audio command with said command word portion and

11    said pause portion, respectively, of said speech recognition data;

12    generating at least one control signal based on said comparison;

13    controlling power delivered to an electrical device in response to said

14    at least one control signal for operating the electrical device in response to

15    said at least one received audio command;

16    analyzing the pause portion of the received audio command for

17    spectral content; and

18    preventing operation of the electrical device when the spectral content

19    is dynamic.


1     9.    The method of claim 8, wherein the step of recording speech

2     recognition data includes recording the voice of a user while the user

3     utters said at least one audio command.


1     12. The method of claim 8, and further comprising:

2     ascertaining a first energy content for the command word portion

3     of the received audio command;

6

**PH 82**

4      ascertaining a second energy content for the received background

5  noise data;

6      comparing the first and second energy contents and generating an

7  energy comparison value;  and

8      preventing the generation of said at least one control signal when

9  said energy comparison value is below a predetermined level.

1    16.  The apparatus of claim 8, wherein each of said at least one audio

2  command and said speech recognition data comprises at least first and

3  second command word portions separated by said pause portion.

1    17.  The apparatus of claim 14, and further comprising a second pause

2  portion having one syllable in duration before said first command word

3  portion and a third pause portion having one syllable in duration after a

4  second command word portion.

1    27.  A method of activating an electrical device through at least one

2  audio command from a user, the method comprising the steps of:

**PH 83**

3    recording speech recognition data having a command word portion

4    and a pause portion, each of the speech recognition data portions being at

5    least one syllable in length;

6    receiving at least one audio command from a user, the at least one

7    audio command having first and second command word portions and a first,

8    second and third pause portions, each of the audio command portions being

9    at least one syllable in length,

10    said second pause portion having one syllable in duration before said first

11    command word portion and said third pause portion having one syllable in

12    duration after said second command word portion;

13    comparing said command word portion and said pause portion of said

14    at least one received audio command with said command word portion and

15    said pause portion, respectively, of said speech recognition data;

16    generating at least one control signal based on said comparison;

17    controlling power delivered to an electrical device in response to said

18    at least one control signal for operating the electrical device in response to

19    said at least one received audio command.

PH 84

<u>**In the Abstract of the Disclosure**</u>

Please substitute the Abstract presented hereinbelow for the Abstract currently of record.

## <u>ABSTRACT OF THE DISCLOSURE</u>

A voice activated apparatus consists of a receiving arrangement for receiving an audio command having command word and pause portions. A speech recognition data having command word and pause portions. Speech recognition arrangement generating a control signal based on comparing of the command word portion and the pause portion of the audio command with the command word portion and the pause portion of the speech recognition data. A power control arrangement controls power delivered to an electrical device in response to the control signal generated by the speech recognition arrangement in response to the audio command.

**PH 85**

## II Remarks

The undersigned wishes to thank Examiner Daniel A. Nolan for the courtesy extended to him during telephone conferences conducted during preparation of the Response.

As to the required correction of the drawings, amended FIGs. 2 and 8 are enclosed for the approval by the Examiner.

As required by the Examiner, a Substitute Specification containing the revised Background of the Invention, Summary Of The Invention, Detailed Description of the Preferred Embodiment and Abstract of the Disclosure accompany the Response. It should be noted, however, that the Substitute Specification includes the originally filed set of claims. The amended set of claims is presented in this Response.

As to the Examiner's remarks presented in paragraph 7 of the Office Action, the following amendments are made to the specification. The term "speech recognition" was substituted throughout the specification for the term "voice recognition". The plural word "Figures" was introduced in the first paragraph on former page 23 of the Application. The Summary Of

10

**PH 86**

The Invention has been amended to satisfy the requirements of MPEP, Paragraph 608. 01(b).   The term "microcontroller unit" has been inserted next to the acronym "MCU" on the former page 12 of the Application.

Furthermore, the specification has been checked to the extent necessary to determine the presence of minor errors.   All the above-discussed amendments are reflected in the attached Substitute Specification.

In Paragraph 9 of the Office Action the Examiner indicates that the specification is objected to as failing to provide proper antecedent basis for the claimed subject matter.   Specifically, the Examiner indicates that the disclosure that a pause may be substituted for a syllable (see page 6) will not support either a claim where the pause is measured in terms of syllables, nor a potential claim of a pause consisting of multiple syllables (see claims 6 and 17).   A more appropriate unit to designate measurements and duration, or for representation of multiple pauses is required by the Examiner.

Applicants respectfully disagree with the above-discussed position of the Examiner.   A syllable is the perfect measure of a pause.   In this

11

**PH 87**

respect, it is a well known fact that a pause between quickly spoken words is shorter than a pause between slowly spoken words.

There is clear evidence that poets and writers often substitute pauses for syllables. This occurs, for example, when a poet or writer needs to insert pauses, so the number of syllables for each line of poetry is consistent. Exhibits A and B demonstrate this usage. It is clearly illustrated in the attached Exhibit A that (1) a syllable is a commonly accepted measure of the duration of pause, and (2) in terms of measuring the length of a pause, the syllable is a clear alternative for using the units of time (such as minutes) for the same purpose. The attached Exhibit B further demonstrates that it is known for a pause to be measured in terms of syllable or that a pause can be measured by multiple syllables.

This technique has been fully explained and further developed by the present application. In this respect, please refer, for example, to the paragraph bridging pages 19 and 20 of the originally filed case. For example, it is specified there that "The duration of the pause model 164 between each command word may vary depending on the particular speaking style of the user (ers) but should be at least one syllable (about 200

12

**PH 88**

msec.) in length." It is further indicated there that to increase a command detection accuracy, a pause may be added before and/or after each command word. "Thus, instead of a two-syllable command for "lightson", a three-syllable command "lights<pause>on" increases the FOM, while a five-syllable command "<pause>lights<pause>on<pause>" greatly increases the FOM without increasing the number of words in the voice command."

The language of the former page 6 Application (see the attached Substitute Specification) has been slightly amended to clarify this feature of the invention. It is respectfully considered that no new matter is introduced into the Application by this amendment.

Applicants have noted that claims 2-5, 10-15 and 17 are objected to as being dependent upon the rejected base claim but would be allowable if re-written in the form suggested by the Examiner in the Outstanding Office Action.

Claim 1 has been amended to include the limitations of the allowable claim 2 and therefore is allowable. Claims 3, 4, 5, 6 and 7 are directly or indirectly dependent upon allowable claim 1, do not contain independently

**PH 89**

patentable subject matter and therefore should be allowable.    Independent claim 8 has been amended to incorporate the limitations of the allowable claim 10 and therefore is also allowable.    Claims 9 and 11-17 are directly or indirectly dependent upon allowable claim 8, do not include independently patentable subject matter, and also should be allowable.    New claim 27 represents allowable claim 17 re-written in independent form and also should be allowable.

Claim 17 has been amended to overcome the Examiner's rejection under 35 USC 112, 2nd paragraph, as being indefinite.    The amended version of claim 17 satisfies the requirements of 35 USC 112 and particularly point out and distinctly claim the subject matter of the invention.

The claims 2, 10 and the claims 18-26 have been canceled without prejudice.    Thus, the claims amendment presented in the Response should place all claims remaining in the Application in condition for allowance.

In the Outstanding Office Action claims 1, 6, 8, 9 and 16 were rejected under 35 USC 103(a) as being unpatentable in view of U.S. Patent

**PH 90**

6,208,971 to Belegarda, et al. in view of U.S. Patent 5,086,385 to Launey, et al. Claim 7 has been rejected under 35 USC 103(a) as being obvious over the Belegarda, et al reference in view of the Launey, et al. reference and further in view of U.S. Patent 5,890,121 to Borcherding. Applicant respectfully considers that this rejection of the Examiner is moot in view of the amendment of the claims presented in the Response.

Withdrawal of the Examiner's rejection and allowance of all claims currently of record in the Application are respectfully requested in view of the Amendment and Remarks presented in the Response.

Applicant has made the best faith effort to place the referenced Application in condition for allowance. However, if any issue raised by the Patent & Trademark Office has inadvertently been left unanswered, the Examiner is authorized to call the undersigned at the telephone number indicated hereinbelow.

Applicant respectfully petitions for three months extension of time for reply. A separate Petition and a check in the amount of $ 460.00 are enclosed.

**PH 91**

<u>III  Version Of   Claims And  Paragraphs  Of  Specification</u>
<u>With  Markings To  Show  The Changes  Made</u>

<u>Amendment of Claims</u>

1.    (amended) An apparatus for voice activated control of an
electrical device, the apparatus comprising:

receiving means for receiving at least one audio command
generated by a user, [the] at least one audio command having a command
word portion and a pause portion, each of the audio command portions
being at least one syllable in length;

<u>speech</u> [voice] recognition data having a command word
portion and a pause portion, each of the <u>speech</u> [voice] recognition data
portions being at least one syllable in length;

<u>speech</u> [voice] recognition means including a Hidden Markov
Model for comparing said command word portion and said pause portion of
said at least one received audio command with said command word portion
and said pause portion, respectively, of said <u>speech</u> [voice] recognition data,

16

**PH 92**

14    said speech [voice] recognition means generating at least one control signal

15    based on said comparison, said speech recognition means prevents

16    operation of the electrical device when the spectral content is dynamic;

17                    means for analyzing the pause portion of the received audio

18    command for spectral content; and

19                    power control means for controlling power delivered to

20    an electrical device, said power control means being responsive to said at

21    least one control signal generated by said speech [voice] recognition means

22    for operating the electrical device in response to said at least one audio

23    command generated by the user.


1        3.    (amended) The apparatus of claim 1, wherein said receiving

2    means receives background noise data in conjunction with said audio

3    command, and further comprising means for generating a command word

4    score and a background noise score based on the comparison of the received

5    audio command to the speech [voice] recognition data and the background

6    noise data, respectively, said speech [voice] recognition means generating

7    said at least one control signal when said command word score exceeds said

8    background noise score.

17

**PH 93**

1  4. (amended) The apparatus of claim 3, and further comprising:

2   means for analyzing the command word portion of the

3 received audio command and the background noise data for energy content;

4 and

5   means for comparing the energy content of the command word

6 portion to the energy content of the background noise data and generating a

7 corresponding energy comparison value;

8   wherein said <u>speech</u> [voice] recognition means prevents the

9 generation of said at least one control signal when said energy comparison

10 value is below a predetermined level.


1  5. (amended) The apparatus of claim 1, wherein said receiving means

2 receives background noise data in conjunction with said audio command,

3 and further comprising:

4   means for analyzing the command word portion of the receive

5 audio command and the background noise data for energy content;  and

6   means for comparing the energy content of the command word

7 portion to the energy content of the background noise data and generating a

8 corresponding energy comparison value;

18

**PH 94**

9    wherein said <u>speech</u> [voice] recognition means prevents the

10   generation of said at least one control signal when said energy comparison

11   value is below a predetermined level.


1    6.  (amended) The apparatus of claim 1, wherein each of said at least

2    one audio command and said <u>speech</u> [voice] recognition data comprises [at

3    least] first and second command word portions separated by said pause

4    portion and further comprising a second pause portion having [at least] one

5    syllable in duration before said· first command word portion and a third

6    pause portion having [at least] one syllable in duration after said second

7    command word portion.


1    7.  (amended) The apparatus of claim 1, wherein the <u>speech</u> [voice]

2    recognition means further including a microcontroller with a fixed-point

3    embedded microprocessor, the microprocessor is chosen from the group of

4    8-bit and 16-bit [MCU] <u>micro controller unit</u> microprocessors.


1    8.  (amended) A method of activating an electrical device through at

2    least one audio command from a user, the method comprising the steps of:

**PH 95**

3    recording speech [voice] recognition data having a command word

4    portion and a pause portion, each of the speech [voice] recognition data

5    portions being at least one syllable in length;

6    receiving at least one audio command from a user, the at least one

7    audio command having a command word portion and a pause portion, each

8    of the audio command portions being at least one syllable in length;

9    comparing said command word portion and said pause portion of said

10    at least one received audio command with said command word portion and

11    said pause portion, respectively, of said speech [voice] recognition data;

12    generating at least one control signal based on said comparison; [and]

13    controlling power delivered to an electrical device in response to said

14    at least one control signal for operating the electrical device in response to

15    said at least one received audio command;

16    analyzing the pause portion of the received audio command for

17    spectral content; and

18    preventing operation of the electrical device when the spectral content

19    is dynamic.

**PH 96**

1    9.   (amended) The method of claim 8, wherein the step of recording

2    speech [voice] recognition data includes recording the voice of a user

3    while the user utters said at least one audio command.


1    12. (amended) The method of claim 8 [10], and further comprising:

2        ascertaining a first energy content for the command word portion

3    of the received audio command;

4        ascertaining a second energy content for the received background

5    noise data;

6        comparing the first and second energy contents and generating an

7    energy comparison value; and

8        preventing the generation of said at least one control signal when

9    said energy comparison value is below a predetermined level.


1    16.   (amended) The apparatus of claim 8, wherein each of said at least one

2    audio command and said speech [voice] recognition data comprises at least first

3    and second command word portions separated by said pause portion.

**PH 97**

1    17.  (amended) The apparatus of claim 14, and further comprising a second pause

2    portion having [at least] one syllable in duration before said first command word

3    portion and a third pause portion having [at least] one syllable in duration after

4    [said] a second command word portion.

Respectfully submitted,
SILBER & FRIDMAN


Lawrence G. Fridman
Registration No. 31,615
Attorney for Applicant

66 Mount Prospect Avenue
Clifton, New Jersey  07013-1918
Telephone (973) 779-2580
Fax (973) 779-4473
RESP01_618A

22

**PH 98**