**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
|  | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | **ORAL ARGUMENT** |
| LAURENCE S. GILLICK, ROBERT S. | ) | **REQUESTED** |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' OVERLONG BRIEF REGARDING THE CLAIM CONSTRUCTION OF THE '966 PATENT**

Plaintiff ScanSoft, Inc. moves to strike defendant Voice Signal Technologies, Inc.'s ("VST") thirty-four page Claim Construction Memorandum regarding U.S. Patent 6,501,966 because it is substantially over the twenty page limit for briefs set by Local Rule 7.1(B)(4). VST's failure to confer with ScanSoft or seek leave of Court prior to filing its overlong brief is a continued disregard for the rules of this Court repeatedly demonstrated by VST throughout discovery in this action. VST should not be permitted to ignore the rules and file overlong briefs at will. ScanSoft limited itself to the twenty pages permitted by the rules when filing its claim construction briefs, and there is no reason why VST could not so limit itself.

ScanSoft respectfully requests that the Court strike VST's overlong brief regarding the '966 patent, or, in the alternative, order VST to submit a revised brief that complies with the twenty page limit set by the Local Rules.

## FACTS

This is not the first time VST has disregarded the twenty-page limit on briefs set forth in the Local Rules. On May 6, 2005, VST filed a claim construction brief on the '630 counterclaim patent that was six pages in excess of the page limit. On June 3, 2005, VST followed that non-compliant filing with a drastically overlong brief – thirty-four pages, to be exact – on the claim construction of the '966 patent. By continuing to file overlong briefs without seeking leave, VST is disregarding the rules of this Court.

Moreover, the filing of these overlong briefs is representative of VST's persistent course of conduct in ignoring the Local Rules, the Federal Rules of Civil Procedure, and even specific Orders of this Court. One clear example is VST's noticing of twenty-one depositions (eleven over the limit) without first seeking leave or ScanSoft's assent, as required by Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(c).[1] Also illustrative of VST's pattern of misconduct is its failure to comply with the Court's April 25, 2005, Order requiring VST to produce all documents indicating the work done by the individual trade secrets defendants (Messrs. Gillick, Roth, Yamron and Grabherr) with "source code itself" redacted. Rather than comply with the Court's clear and unambiguous Order, VST produced documents rife with redactions of whole blocks of information – including names of employees, work lists, agenda items, narrative descriptions of work – that are <u>not</u> source code and thus clearly not permitted to be redacted under this Court's Order.[2] VST's refusal to comply with its obligations under the Local Rules, the Federal Rules,

---

[1] VST's misconduct is the subject of ScanSoft's pending motion for a Protective Order limiting VST to the ten depositions allowed by the Local and Federal Rules (D.N. 196).

[2] VST's misconduct is the subject of ScanSoft's pending emergency motion for an Order to show cause why VST should not be held in contempt (D.N. 151, as supplemented by D.N. 178).

and the specific Orders of this Court have significantly increased the costs of this litigation and forced ScanSoft to file numerous otherwise unnecessary motions, including multiple motions to compel, a motion for clarification of a claim construction briefing Order that was clear on its face, and a motion for an Order to show cause why VST's is not in contempt.

## ARGUMENT

The Local Rules of this Court set forth the applicable page limit for briefs submitted to the Court: "briefs shall not, without leave of court, exceed twenty (20) pages, double-spaced." *See* Local Rule 7.1(B)(4). Disregarding this rule, VST's claim construction briefs have both been in excess of the twenty page limit – its brief on the '630 patent is six pages over the limit, and its brief on the '966 patent is fourteen pages too long.[3] In neither instance has VST (1) conferred with ScanSoft regarding an extension of the page limit or, (2) sought leave of Court to file an overlong brief.

VST is wrong to take lightly the twenty page limit on briefs set by the Local Rules. "Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law, and they are binding upon the litigants and upon the court itself." *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.*, 26 F.3d 220, 224 (1st Cir. 1994); *see United States v. Diaz-Villafane*, 874 F.2d 43, 46 (1st Cir. 1989). VST is also wrong to simply assume that leave to file such a significantly overlong brief would be granted: "Counsel shall not [] presume that leave will be granted automatically; indeed, the opposite presumption holds--that the limit is reasonable and that it may be exceeded only for good reason." *Priest, et al. v. Zayre Corp., et al.*, 1987 WL 10741 at *2, n. 4 (D. Mass., May 1, 1987) (Zobel, J.).

---

[3] In fact, if not for VST's use of an exceedingly small type face in the nineteen footnotes pervading its brief on the claim construction of the '966 patent, that brief would be even longer.

VST's disregard of Local Rule 7.1(B)(4) in filing its exceedingly long brief on the '966 claim construction is not an isolated incident that should be overlooked. *See Shabazz v. Cole*, 69 F. Supp. 2d 177, 186 (D. Mass. 1999) (Bowler, M.J.) (citing defendants' noncompliance with page limit requirements as an example of its pattern of disregard for the Local Rules). Throughout this litigation, VST has consistently flouted this Court's rules. By filing multiple briefs in excess of the page limit set by the Local Rules, by noticing depositions in excess of the limits set by Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(c), and by failing to comply with the Order of this Court regarding production of documents indicating the work done by the individual defendants during their first year of work, VST has displayed a wanton disregard for the procedural rules and substantive Orders of this Court. VST's pattern of disregard for the rules has contributed significantly to the increased costs of this litigation and should not be permitted to continue. *See Air Line Pilots Ass'n*, 26 F.3d at 224 ("Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency. Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them.").

Finally, as a matter of fundamental fairness, VST should not benefit from its disregard of Local Rule 7.1(B)(4). ScanSoft has strictly adhered to the rules and has filed *Markman* briefs regarding the '630 and '966 patents that each comply with the twenty page limit. VST, on the other hand, has ignored the rule and filed a combined twenty <u>additional</u> pages of briefing in support of its claim construction positions on the patents at issue. VST should not be permitted to benefit from the filing of what amounts to an entire additional claim construction brief.

**CONCLUSION**

For the reasons stated above, ScanSoft respectfully requests that the Court grant this motion and strike VST's overlong brief regarding the '966 patent, or, in the alternative, order VST to submit a revised brief that complies with the twenty page limit set by the Local Rules.


Dated: June 8, 2005                                         SCANSOFT, INC.,
                                                            By its attorneys,


                                                            /s/ Rebecca L. Hanovice
                                                            Lee Carl Bromberg, BBO # 058480
                                                            Robert Asher, BBO # 022865
                                                            Erik Paul Belt, BBO # 558620
                                                            Lisa M. Fleming, BBO # 546148
                                                            Jack C. Schecter, BBO # 652349
                                                            Rebecca L. Hanovice, BBO # 660366
                                                            BROMBERG & SUNSTEIN LLP
                                                            125 Summer Street
                                                            Boston, Massachusetts 02110-1618
                                                            (617) 443-9292

02639/00509 391330.1