# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
|         Plaintiff, | ) |
|         v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) |
|         Defendants. | ) |

### SCANSOFT'S MEMORANDUM IN SUPPORT OF ITS EMERGENCY MOTION FOR REMEDIES AND TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE COURT'S PROTECTIVE ORDER

On June 3, 2005, plaintiff ScanSoft, Inc. inadvertently produced a confidential, privileged attorney work product document to defendant Voice Signal Technologies, Inc. ("VST") in the course of filing ScanSoft's *Markman* brief regarding claim construction of the '630 counterclaim patent. The morning of the next business day, June 6, 2005, ScanSoft realized its error and (1) contacted the Court and withdrew the inadvertently filed document and (2) contacted counsel for VST, informing them of the error and requesting the immediate return or destruction of the privileged document pursuant to the terms of the Protective Order. Unfortunately, VST is again demonstrating its willful disregard for the terms of the Court's Protective Order and, despite repeated requests, has refused to return or destroy the privileged document.

The terms of the Protective Order were agreed to by the parties and endorsed by a March 11, 2005 Order of this Court (D.N. 109). With respect to the treatment of inadvertently

produced privileged material, the terms of the Protective Order are unambiguous, and VST should be held in contempt for its willful refusal to comply with the Order.

## FACTUAL BACKGROUND

On July 29, 2004, the parties agreed upon the terms of a Protective Order and further agreed to conduct themselves pursuant to those terms pending endorsement of the Order by the Court. On March 11, 2005, this Court entered the parties' agreed upon Protective Order, making it a binding Order of the Court (D.N. 109) (attached as **Exhibit 1**).

The terms of the Protective Order agreed to by the parties and entered by the Court expressly require the parties to cooperate in the return or destruction of privileged material inadvertently produced during the course of this litigation:

> **Inadvertent or Unintentional Production**
>
> 4.  . . . the inadvertent production of information subject to attorney-client privilege or work-product immunity . . . will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. *Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information.*

(**Exhibit 1**, ¶ 4) (emphasis added).

On June 3, 2005, in the course of filing its *Markman* brief on the '630 counterclaim patent, counsel for ScanSoft inadvertently produced to counsel for VST a six page document prepared exclusively by Bromberg & Sunstein LLP attorneys for its client ScanSoft. *See* Declaration of Jack C. Schecter ("Schecter Decl."), ¶¶ 2-3 (attached as **Exhibit 2)**. The document was inadvertently appended to the electronic version of Exhibit 1 to ScanSoft's *Markman* brief when that exhibit was scanned prior to electronic filing. *Id.*, ¶ 2.

The privileged document at issue is a claim chart concerning patents not asserted in the pending litigation against VST and was supplied to ScanSoft's in-house counsel for the purpose of giving legal advice. *Id.*, ¶ 3. The contents of the document represent information that is both attorney-client privileged and attorney work product. The document itself is marked in bold at the bottom of each page, "**Prepared by Bromberg & Sunstein LLP – Confidential and Privileged Attorney Work Product.**" *Id*.

On the morning of June 6, 2005, the next business day, counsel for ScanSoft realized the error and immediately contacted the Court and withdrew Exhibit 1 to its '630 *Markman* brief. ScanSoft then re-filed a corrected copy of Exhibit 1 without the inadvertently appended privileged document. *Id.*, ¶¶ 6-7.

Also on the morning of June 6, 2005, counsel for ScanSoft contacted counsel for VST, Choate, Hall & Stewart. *See id.*, ¶ 5. ScanSoft (1) informed counsel for VST of the error, (2) requested that counsel for VST refrain from reviewing the erroneously filed version of Exhibit 1 to ScanSoft's '630 *Markman* brief, and (3) requested that counsel for VST immediately return or destroy any copies of the erroneously filed Exhibit 1 that may have been made. *See id.* ScanSoft followed-up its phone conversation with a confirming letter via e-mail and first class mail copying each attorney of record for VST who has made an appearance in this case. *See id.*, ¶ 6; *see* June 6, 2005 letter from Jack C. Schecter to Wendy S. Plotkin, et al. (attached as **Exhibit 3**).

Later that evening, having still received no confirmation from VST that it would return or destroy the inadvertently produced privileged document, ScanSoft contacted Robert S. Frank, counsel for VST. *See* June 6, 2005 electronic mail from Erik P. Belt to Robert S. Frank (attached as **Exhibit 4**). ScanSoft again reiterated its demand that VST refrain from viewing the inadvertently produced privileged document and, pursuant to Paragraph 4 of the Protective

Order, return to ScanSoft all originals and copies. *Id.* ScanSoft requested that Mr. Frank confirm via a return e-mail that VST would comply. *Id.*

On June 7, 2005, Mr. Frank responded. Unfortunately, rather than confirm that VST would comply with the terms of the Protective Order, Mr. Frank provided the following unsatisfactory answer: "we are attempting to determine the parties' rights and obligations with respect to the document that ScanSoft filed in court." June 7, 2005 email from Robert S. Frank to Erik Paul Belt (attached as **Exhibit 5**). Despite the Protective Order's clear and unambiguous language regarding privileged material inadvertently produced during the course of this litigation, VST has refused to return or destroy the privileged document that was inadvertently produced. *See* Schecter Decl., ¶¶ 9, 10.

## ARGUMENT

A party that fails to comply with a clear and unambiguous Order of the Court may be found in civil contempt. *See Dystar Corp. v. Compass Bank for Savings,* 1 F. Supp. 2d 48, 54 (D. Mass. 1997) (Saris, J.) (holding defendant in contempt for violating a highly specific, unambiguous preliminary injunction order). Contempt orders help preserve the authority of the court by punishing parties who seek to arrogate control of a case to themselves. *SEC v. Pinez,* 52 F. Supp. 2d 205, 210 (D. Mass. 1999) (Saris, J.) (holding defendant in contempt to "vindicate the authority of the court"); *Blake Associates, Inc. v. Omni Spectra, Inc.,* 118 F.R.D. 283, 288 (D. Mass. 1988) (Collings, M.J.) (holding party in contempt to prevent "an intolerable situation in which Court orders may be frustrated by unilateral action of one party").

Civil contempt orders effectively serve two functions: coercion of the disobedient party into compliance with the court's order and compensation of the injured party for losses sustained by the disobedient party's misconduct. *Dystar Corp.,* 1 F. Supp. 2d at 58 (awarding attorneys

fees and costs to complaining party where defendant violated a "short and straightforward" order that "left no room for doubt" as to what it must do). The party seeking the contempt order must prove noncompliance by clear and convincing evidence; once it does so, a defendant can avoid a contempt order only by proving that compliance with the Court's commands was impossible. *Id.* at 54-55; *Fortin v. Commissioner of the Massachusetts Department of Public Welfare,* 692 F.2d 790, 796 (1st Cir. 1982) (upholding contempt order and noting that impossibility is very difficult to prove).

Here, the terms of the Protective Order this Court entered on March 11, 2005, could not be more clear: "Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information." (**Exhibit 1**, ¶ 4). There can be no question that the six page document accidentally appended to Exhibit 1 to ScanSoft's *Markman* brief and produced to counsel for VST in the course of the electronic filing of that brief was "inadvertently produced." Moreover, the morning of the very next business day, ScanSoft corrected its error with the Court and made repeated requests to VST to comply with the terms of the Protective Order and return or destroy the inadvertently produced privileged document. Yet, counsel for VST will only commit to "determine the parties' rights and obligations with respect to the document that ScanSoft filed in court" (**Exhibit 5**). VST has no basis to delay complying with its obligations under the Protective Order. Those obligations are crystal clear: VST must return or destroy the inadvertently produced privileged document, and it must do so forthwith, not after some indeterminate period of time.

Moreover, ScanSoft can hardly be expected to look forward to a favorable outcome of VST's determination of its obligations under the Protective Order given its past course of conduct. Earlier in this case, VST clearly demonstrated its disregard for its "obligations" under

-5-

the Protective Order when it disclosed hundreds of pages of ScanSoft's Highly Confidential documents to VST's Chief Technology Officer, Jordan Cohen. *See* ScanSoft's Motion for Remedies for Violation of Protective Order (D.N. 57) and Motion to Compel Deposition of Choate, Hall & Stewart Attorney Regarding Violation of Protective Order (D.N. 62).

Counsel for VST should not be permitted to ignore the clear and unambiguous terms of the Protective Order requiring the immediate return or destruction of inadvertently produced privileged information. Accordingly, VST should be required to show cause why it should not be held in contempt.

## CONCLUSION

For all of the foregoing reasons, ScanSoft respectfully requests that this Court grant its Emergency Motion and (i) order VST to answer why it should not be held in contempt, (ii) order VST to immediately return or destroy the inadvertently produced privileged document, and (iii) award ScanSoft attorneys fees, costs, and expenses incurred in preparing this motion.

Dated: June 8, 2005

SCANSOFT, INC.
By its attorneys,

/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Lisa M. Fleming, BBO # 546148
Erik Paul Belt, BBO # 558620
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
rhanovice@bromsun.com

02639/00509 391468.1