UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>        Defendants. | Civil Action No. 04-10353-PBS |

## DECLARATION OF JACK C. SCHECTER

I, Jack C. Schecter, depose under oath and state as follows:

    1.    I am an attorney at the firm of Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110. I represent ScanSoft, Inc. ("ScanSoft") in the above-captioned matter.

    2.    On Friday, June 3, 2005, counsel for ScanSoft prepared its *Markman* brief on the '630 counterclaim patent for electronic filing with the Court. In the course of scanning the brief and its accompanying attachments, a six-page confidential, privileged attorney work product document was inadvertently appended to the copy of the '630 patent attached to the electronic copy of the brief as Exhibit 1.

    3.    The privileged document at issue is a claim chart concerning patents not asserted in the above-captioned action against VST. The document was supplied to ScanSoft's in-house counsel for the purpose of giving legal advice. The contents of the document represent information that is both attorney-client privileged and attorney work product. The document is

marked in bold at the bottom of each page, "**Prepared by Bromberg & Sunstein LLP – Confidential and Privileged Attorney Work Product.**"

4. ScanSoft's *Markman* brief was filed on June 3, 2005 at 4:07 PM EDT, along with the erroneous version of Exhibit 1 with the privileged document inadvertently attached.

5. On the morning of the following Monday, June 6, 2005, counsel for ScanSoft realized its error and immediately contacted both the Court and counsel for VST. ScanSoft informed the Court and counsel for VST of the inadvertent filing of the privileged document. ScanSoft requested that counsel for VST refrain from reviewing the erroneously filed document and requested that counsel for VST immediately return or destroy any copies of the erroneously filed Exhibit 1 that may have been made.

6. ScanSoft followed-up its phone conversation with counsel for VST with a confirming letter via e-mail and first class mail copying each attorney of record for VST who has made an appearance in this case. The e-mail version of that letter was sent to counsel for VST on June 6, 2005, at 1:13 PM EDT.

7. After discussing the situation with Ms. Christine Patch, docket clerk for the Honorable Patti B. Saris, counsel for ScanSoft requested that the Court strike the erroneously filed Exhibit 1 and allow ScanSoft to re-file Exhibit 1 without the inadvertently appended privileged document.

8. On June 6, 2005, at 1:14 PM EDT, the Court deleted the erroneous version of Exhibit 1 from the docket, and at 1:47 PM EDT, ScanSoft filed a corrected version of that document.

9. During the afternoon of June 6, 2005, I spoke with counsel for VST and was told that VST was "determining its obligations" with respect to the inadvertently produced privileged

-3-

document. Counsel for VST refused to provide a time frame or even a rough estimate within which it expected to conclude this determination.

10. To date, counsel for VST has refused to return or destroy the privileged document that was inadvertently produced in the course of the electronic filing of ScanSoft's *Markman* brief on the '630 counterclaim patent.

Signed under the pains and penalties of perjury this 7th day of June, 2005.

_____
Jack C. Schecter

02639/00509 391533.1