**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**VOICE SIGNAL TECHNOLOGIES, INC.'S OPPOSITION
TO SCANSOFT, INC.'S MOTION TO COMPEL FURTHER PRODUCTION
OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**

Voice Signal Technologies, Inc. ("Voice Signal") submits this memorandum in opposition to ScanSoft, Inc.'s ("ScanSoft") Motion to Compel Further Production of Documents and Responses to Interrogatories (the "Motion to Compel").  The Motion to Compel proceeds as if there had not been elaborate proceedings regarding the scope of trade secret discovery in this case and were not specific orders governing the scope of that discovery.  In fact, those orders -- with which Voice Signal has complied -- define the parties' present rights and obligations.  Scansoft's Motion simply ignores them.  Moreover, ScanSoft demands production of certain categories of documents that do not exist, and seeks to compel other information that Voice Signal agreed to provide during the parties' Local Rule 7.1 conference prior to the filing of ScanSoft's Motion.  The present Motion is wasteful and meritless.  It should be denied.

## **PROCEDURAL HISTORY**

The appropriate scope of discovery relating to ScanSoft's trade secret misappropriation claim has been a subject of dispute for many months. ScanSoft and Voice Signal are direct competitors. Discovery has made clear that ScanSoft has been unable to develop cell phone handset-based speech recognition products of its own and covets Voice Signal's handset speech recognition technology. ScanSoft repeatedly has attempted to use discovery in this case to obtain broad access to Voice Signal's trade secret and competitively sensitive information relating to Voice Signal's handset speech recognition products, ostensibly in support of ScanSoft's trade secret misappropriation. However, ScanSoft has never been able to identify the particular information which ScanSoft alleges (1) is a protectable ScanSoft trade secret; (2) that was misappropriated by the individual defendants, and (3) is being used by Voice Signal.

On March 1, 2005, Voice Signal filed a motion for protective order (Docket No. 97), asking that trade secret discovery by ScanSoft be precluded until ScanSoft had first identified the discrete trade secrets that it alleges were misappropriated. Discovery thereafter could be tailored to the specific claims made by ScanSoft. ScanSoft demanded plenary access to Voice Signal's source code and product development documents. On March 24, 2005, Magistrate Judge Alexander ruled that, at this juncture, Voice Signal need only produce "documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST." Voice Signal filed timely objections to the Magistrate's Order. Those objections are currently pending before the Court.

On April 27, 2005, this Court further narrowed, on an interim basis, the scope of required trade secret discovery. Its Order stated:

> All documents [within the Magistrate Judge's Order] shall be
> produced to counsel for ScanSoft, but the source code itself shall

> be redacted. The complete set of documents (redacted and unredacted) shall be produced to the Court under seal. The Court is considering the idea of a neutral expert who will look at ScanSoft's trade secrets and compare them to Voice Signal's trade secrets. I will review ScanSoft's response and hold a hearing.

Voice Signal has since produced all documents in its possession or control that indicate the work performed by the individual defendants during the one year periods following the commencement of their respective employments at Voice Signal. Voice Signal has provided redacted and un-redacted copies of those documents to the Court. It has provided to the Court a CD containing the source code developed or revised by the individual defendants during the first year after each joined Voice Signal.

ScanSoft's motion proceeds as if the Court's Orders had never been entered and as if compliance with those Orders had never occurred. In the instant Motion, ScanSoft does not complain about Voice Signal's compliance with the Court's orders. Instead, it effectively requests the production of all of Voice Signal's source code and all other documents that are "relevant" to ScanSoft's undefined trade secret claim -- the very discovery that the Court has determined may not proceed on the present record. ScanSoft's specific demands are addressed below.

## ARGUMENT

I.  **VOICE SIGNAL PRODUCED THE INFORMATION DIRECTED BY THE COURT IN ITS APRIL 27, 2005 ORDER.**[1]

   A.  **Voice Signal's Production To Date Conforms To This Court's Order.**

ScanSoft seeks production of all documents relating to ScanSoft's trade secret misappropriation claim on the ground that "ScanSoft specifically alleges that [Voice Signal] has

---

[1] For the Court's convenience, Voice Signal has adopted a numbering system which corresponds to that found in ScanSoft's Motion to Compel.

3

misappropriated ScanSoft's trade secrets," and states that "Voice Signal has no basis for withholding documents related to ScanSoft's trade secret claims". Motion to Compel at 5.

ScanSoft simply ignores this Court's March 24, 2005 and April 27, 2005 Orders which define the scope of presently permitted trade secret discovery. Voice Signal has complied with the Court's Orders. The instant motion does not assert otherwise. Voice Signal is entitled under the Court's Orders to withhold all other documents. ScanSoft could put this issue behind the parties, if it were able to identify the specific trade secrets that it alleges were misappropriated. It remains unable to do so.

### B. ScanSoft's Request For Voice Signal's Speech Recognition Engine Source Code Is Improper.

ScanSoft demands production of the source code for Voice Signal's various speech recognition "engines" ("ScanSoft alleges that the trade secrets are contained in VST's source code for its speech recognition engine. VST's General Objection improperly limits information to which ScanSoft is entitled and thus should be overruled", Motion at 6).

At the risk of being redundant, this issue has been decided. The Magistrate Judge's March 24 Order limits discovery to documents that indicate the work performed by the individual defendants during the first year following the commencement of their employment by Voice Signal. The Court's April 27, 2005 Order establishes that source code within that scope of discovery may be provided to the Court, and not to ScanSoft. Voice Signal is in compliance with these orders. ScanSoft is entitled to nothing more.

### C. Voice Signal Has Complied With Its Discovery Obligations.

ScanSoft proclaims that "trade secrets are at the heart of this case…[i]n light of the Court's repeated Orders to produce trade secrets discovery, VST is obligated to produce all responsive documents [to ScanSoft's trade secret related requests] in it's possession or control".

4

That is simply wrong. In response to Voice Signal's contention that the identification of the allegedly misappropriated trade secrets should precede discovery relating to ScanSoft's trade secrets claims, and in view of ScanSoft's inability to identify any such trade secret, the Court limited discovery in its March 24 and April 27 Orders. Voice Signal has produced the documents required by those Orders.

In ScanSoft's Document Request No. 27, ScanSoft seeks any non-privileged "disclosures or communications" "for determination of whether" a Voice Signal product utilizes any ScanSoft trade secret. Voice Signal has informed ScanSoft's counsel that no non-privileged documents of this type exist. This is a non-issue.

### D. ScanSoft Improperly Seeks Discovery Broader In Scope Than Permitted By The April 27, 2005 Order.

ScanSoft seeks to compel the production of "each document related to the work performed by the individual defendants in connection with VST Speech Recognition Products…,"without reference to the twelve month restriction imposed by the Magistrate, and further narrowed by the Court's April 27 Order. Motion to Compel at 8, (Document Request 35; Interrogatory 10) The same response applies. The Court has addressed this subject and entered Orders prescribing certain conduct. Voice Signal has complied with those Orders. To the extent that ScanSoft seeks to compel a broader production, its Motion is improper.

ScanSoft also seeks to compel the production of documents concerning "any discussions and/or communications between Voice Signal and the individual defendants regarding any trade secrets of ScanSoft (or its predecessors…)." Motion at 7; Document Request 33. First, the request, as drafted, seeks discovery broader than is permitted by the Court's March 24 and April 27 Orders. Second, Voice Signal has produced documents responsive to this request (generally, employment-related documents expressly forbidding any employee from disclosing proprietary

5

information of a third party to Voice Signal). Third, Voice Signal is unaware of the existence of additional non-privileged documents responsive to this request.

ScanSoft argues that Voice Signal has failed to produce "relevant non-privileged documents in its possession concerning any contention that Voice Signal took steps to prevent disclosure or use of any ScanSoft trade secrets". Motion at 8; Request No. 36. That is incorrect. As noted above, Voice Signal has produced documents that establish that Voice Signal's employees are forbidden to disclose or use trade secret information of any third party.

The remainder of ScanSoft's demand -- that Voice Signal produce "each document concerning any of Voice Signal's claims, defenses and contentions in this lawsuit" -- is demonstrably overboard and unspecific. ScanSoft does not press that part of its document request.

### E.  ScanSoft's Repeated Attempts To Acquire Voice Signal Source Code Are Improper.

ScanSoft next asserts that "VST's source code is highly relevant to ScanSoft's trade secret claim", and "VST must disclose a complete copy of source code for its speech recognition products". Motion at 9. Again, the scope of Voice Signal's obligations relating to source code production is expressly set forth in the March 24 and April 27, 2005 Orders. Subject to further consideration by the Court, ScanSoft is not entitled to examine Voice Signal source code. ScanSoft's request must be rejected.

ScanSoft requests patents licensed by Voice Signal from third parties for technology incorporated into Voice Signal products. Motion at 9; Request No. 21. As counsel for Voice Signal informed ScanSoft during the parties' Local Rule 7.1 conference, no such documents exist. Incorporation of this request in ScanSoft's Motion is presumably an oversight.

6

## II. VOICE SIGNAL'S DISCOVERY RESPONSES ARE COMPLETE.

### A. ScanSoft Seeks Documents Which Do Not Exist.

ScanSoft next demands documents provided by Voice Signal to third parties concerning Voice Signal products, such as "user guides" and advertisements. Motion at 10; Request Nos. 5, 17 and 19. As Voice Signal informed ScanSoft counsel during the parties' Local Rule 7.1 conference, Voice Signal has not withheld documents responsive to these requests from its production (except, where applicable, on privileged grounds). Apparently unpersuaded, ScanSoft filed the instant motion.

ScanSoft misapprehends Voice Signal's product offerings. It asserts that "VST has four additional products [i.e., additional to VSuite] that fall within ScanSoft's definition of Speech Recognition Product: VoiceTag, ELVIS (Embedded Large Vocabulary Interface System), CCR (Command Control Recognizer), and Voice Mode." Motion at 10. It then incorrectly presumes that Voice Signal has withheld from its document production "user guides, manuals, instructions" and so forth relating to those products. However, as both Daniel Roth (Voice Signal President) and Thomas Lazay (Voice Signal Vice President, Product Development) explained during their depositions, VoiceTag, ELVIS and CCR are software modules known as speech recognition engines. They are not sold or licensed by Voice Signal as individual products, but are sold as component parts to Voice Signal's VSuite products. See Deposition of Thomas Lazay, pgs. 44-47, 120-121.[2] They do not have associated user guides and instruction manuals. The various VSuite product versions have detailed User Interface Specifications. Those User Interface Specifications have been produced to ScanSoft. To Voice Signal's

---

[2] The relevant portion of the transcript of the deposition of Thomas Lazay is filed as Exhibit A to the Declaration of Wendy S. Plotkin filed herewith.

7

knowledge, additional documents responsive to ScanSoft's request Nos. 5, 17 and 19 do not exist, and none have been deliberately withheld from the production to ScanSoft.[3]

### B. Voice Signal Will Supplement Its Interrogatory Responses Related to Contentions Regarding Non-Infringement of '966 Patent.

ScanSoft complains that Voice Signal is withholding documents that are the subject of ScanSoft's Request Nos. 13, 23, 26, 30-31, relating to Voice Signal's awareness and consideration of the '966 Patent. At the parties' Local Rule 7.1 conference regarding the issues presented in this Motion, Voice Signal informed ScanSoft that no non-privileged documents responsive to Request Nos. 13, 23, 26, 30-31 exist.[4]

ScanSoft also complains that Voice Signal has failed to update interrogatory answers concerning Voice Signal's non-infringement contentions regarding ScanSoft's '966 patent. Again, at the parties' Local Rule 7.1 conference Voice Signal informed ScanSoft that it would update its interrogatory responses upon completion of claim construction briefing. It will do so.

Insofar as ScanSoft seeks discovery regarding the invalidity of the '966 Patent, its discovery is precluded by the Magistrate Judge's Order, dated January 14, 2005, which provides that Voice Signal need not identify to ScanSoft the fruits of Voice Signal's prior art searches. Disclosure of prior art will occur in compliance with 35 U.S.C. § 282. In any event, defenses based upon patent invalidity depend heavily on claim construction. Voice Signal will detail those defenses upon the completion of claim construction.

---

[3] Voice Signal began licensing a new product, VoiceMode, after it served its response to ScanSoft's document requests. Voice Signal counsel indicated during the parties' Local Rule 7.1 conference that it would produce the User Interface Specification for VoiceMode; and it will do so.

[4] Local Rule 7.1 conferences are designed to minimize disputes. The purpose of the conference is defeated if the potential moving party is informed that the requested documents do not exist and the motion is made anyway.

### C. Voice Signal Will Produce Its Written Document Retention Policy

During the parties' Rule 7.1 discovery conference prior to the filing of the instant motion, Voice Signal's counsel stated that Voice Signal would produce to ScanSoft Voice Signal's written policy relating to the retention and deletion of documents. That policy will be produced to ScanSoft promptly.

### CONCLUSION

ScanSoft's Motion to Compel Further Production of Documents and Responses to Interrogatories is a waste of the parties', and the Court's, time and resources. It should be denied.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  June 8, 2005

3938736_1.DOC