# Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 04-10353-PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |

**ASSENTED TO REPLY BRIEF REGARDING**
**CLAIM CONSTRUCTION FOR THE '630 PATENT**

ScanSoft's claim construction memorandum regarding the '630 Patent focuses on three main points. Each is addressed briefly in turn below.

ScanSoft's claim construction brief does not address claim 14. ScanSoft also now takes the position – after itself identifying each element of claim 14 as needing construction – that Voice Signal may not assert claim 14 or any of the other dependent claims. There is no basis for this argument. Voice Signal has consistently reserved its right to assert one or more of the dependent claims of the '630 Patent. It cannot do so until ScanSoft has produced its source code. Although ScanSoft has acknowledged that it must produce its source code and has not sought a protective order, it has refused to produce its source code. Until it has access to ScanSoft's source code, Voice Signal is unable to refine its infringement allegations further.[1]

---

[1] In contrast to the patent asserted by ScanSoft, the '630 Patent describes and claims the way in which speech recognition is performed.

Because ScanSoft identified claim 14 as a claim in need of construction, Voice Signal's opening brief addressed each of the disputed claim terms. ScanSoft's unilateral decision not to address claim 14 in its claim construction memorandum should be rejected and Voice Signal's proposed construction adopted. Voice Signal will now address the points in ScanSoft's brief.

### 1. "At Least One Syllable In Length" is not Limited to 200 Milliseconds or Any Other Fixed Duration.

"At least one syllable in length" is used to describe the duration of the command word portions and pause portions required in independent claims 7 and 16. '630 Patent, col. 15, l. 25-29; col. 16, l. 41-45. ScanSoft asks for a construction limitation that "at least one syllable in length" means "at least 200 milliseconds." It does so based on the following statement in the written description:

> The duration of the pause model (164) between each command word may vary depending on the particular speaking style of the user(s), but should be at least one syllable (about 200 msec) in length.

'630 Patent, col. 10, l. 5-8.

A syllable is well-known to have a <u>mean</u> duration of about 200 milliseconds. Wooters Decl. ¶ 4. It is also known in the art that syllables have a standard deviation of about 100 milliseconds, meaning that the range of the duration of "normal" syllables is from 100 to 300 milliseconds. The term "at least one syllable in length" should take account of this known range. It should be construed to mean "within the known duration range for one syllable of speech."

Voice Signal's construction is supported by the prosecution history. In the initial office action on the application that became the '630 Patent, the examiner rejected the claims based, in part, on the indefiniteness of "syllable" as a measure of a pause. PH 65.[2]

---

[2] A full copy of the prosecution history of the '630 Patent was submitted with the Declaration of Wendy Plotkin, filed with Voice Signal's opening claim construction memorandum regarding the '630 Patent.

2

He asserted that the applicants select a "more appropriate unit to designate measurements and duration." *Id.* The applicants "respectfully disagreed." PH 87. They explained that it was known that pauses vary in duration. PH 88. They submitted evidence that "poets and writers often substitute pauses for syllables." *Id*.

The examiner allowed the claims. He did not do so based on a finding that the word syllable meant "at least 200 milliseconds." Rather, he did so based on a finding that "[t]he material provided does indeed support that a *pause may be measured in syllables*, and the examiner stands corrected." PH 154 (emphasis is in original).

The claim term "syllable" should not be limited to 200 milliseconds. Syllables vary in duration. '630 Patent, col. 10, l. 5-8; Wooters Decl. ¶ 4. They have a known range of between 100-300 milliseconds with a mean of approximately 200 milliseconds. The claim "at least one syllable in length" should be construed to account for that range, as "within the duration range for one syllable of speech."

### 2. Dynamic Spectral Content Must Be Construed To Take Account Of Background Noise.

Claim 7 includes the step "preventing operation of the electrical device when the spectral content [of the pause portion] is dynamic." '630 Patent, col. 15, l. 47-48. As ScanSoft points out, the parties essentially agree on the meaning of the spectral content. Both parties also agree that the word "dynamic," standing alone, means change.

ScanSoft acknowledges that even in "silence" there is some change in spectral content. ScanSoft therefore introduces a concept found nowhere in the patent or prosecution history: "stable spectral content."

Background noise is always present – during the command word portions and the pause portions. The '630 Patent teaches that background noise may include a combination of "voice

3

conversations, machinery, television, radio and the like." '630 Patent, col. 8, l. 22-23. The invention teaches that command words must be distinguished from the pauses. In Claim 7, the patent claim provides that if the spectral content of the pause is dynamic, the device will be prevented from operating. If the claim is interpreted or ScanSoft suggests, i.e. that any change is "dynamic," the device will never operate, because there will always be dynamic spectral content in the background noise. Wooters Decl. ¶7. Courts should not construe claims so literally as to render the invention useless. *See Chimie v. PPG Indus., Inc.*, 402 F. 3d 1371, 1377 (Fed. Cir. 2005) (refusing to construe term "dust free and non-dusting" in overly literal manner that would exclude the claimed device); *Carroll Touch, Inc. v. Electro Medical Systems, Inc.*, 15 F. 3d 1573, 1578 (Fed. Cir. 1993). *See also Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 450 (Fed. Cir. 1986) (rejecting definition of "smooth" as "absolutely ridge free"); see also *Lucas Aerospace, Ltd. v. Unison Ind., L.P.*, 890 F. Supp. 329, 335 (D. Del. 1995) (holding, as a matter of law, that court cannot accord a meaning to a term that is physically impossible to achieve).

### 3. Claim 16 Is Not Indefinite.

ScanSoft raises two arguments in support of its assertion that independent claim 16 is indefinite. First, it suggests that the pluralization mistake (see Voice Signal's Opening Brief, pp. 24-25) is such that one of ordinary still in the art to make the comparison called for in the claim. As demonstrated in Voice Signal's opening brief, it is obvious that the failure to pluralize portion does not render the claim indefinite. It is clear and obvious, from the claim and the written description, that he command word portions are to be compared to command word data and the pause portions are to be compared to pause data. See Voice Signal's Opening Brief, pp. 24-25. This sort of mistake can be – and should be – corrected by the Court. *See Hoffer v.*

4

3943221v1

*Microsoft Corp.*, 2005 WL927148*4 (Fed. Cir. Apr. 22, 2005) (citing *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F. 3d 1348, 1356-57 (Fed. Cir. 2003)).

Second, ScanSoft argues for the first time, that claim 16 is somehow indefinite because it was not a literal re-writing of an earlier pled claim in independent form. ScanSoft Memorandum p. 19. ScanSoft completely misrepresents the prosecution history in an evident attempt to mislead this Court.

During the prosecution history, the examiner decided what was originally filed as dependent claim 17 and advised that it would be allowable if re-filed in independent form. In response, the applicant filed claim 27, which it described as:

> New claim 27 represents allowable claim 17 re-written in independent form.

PH 90. The examiner had before him the text of claim 27. He allowed other claims, giving as the reason

> Regarding Claim 27, the requirement for an *audio command to have a 1st and 2nd word with three pauses of one syllable duration* is neither anticipated nor was it found in obvious combinations in the prior art of record.

PH 156. Claim 27, as allowed, became Claim 16. There is no basis in the prosecution history or otherwise to find it indefinite.

## **CONCLUSION**

For the reasons set forth herein and in Voice Signal's Opening Memorandum, the Court should adopt the constructions proposed by Voice Signal

        Respectfully submitted,

        VOICE SIGNAL TECHNOLOGIES, INC.

        By its attorneys,


        /s/ Wendy S. Plotkin
        Robert S. Frank, Jr. (BBO No. 177240)
        Sarah Chapin Columbia (BBO No. 550155)
        Paul D. Popeo (BBO No. 567727)
        Paul E. Bonanno (BBO No. 646838)
        Wendy S. Plotkin (BBO No. 647716)
        CHOATE, HALL & STEWART LLP
        Exchange Place
        53 State Street
        Boston, MA  02109
        (617) 248-5000

Dated: June 16, 2005