UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL FURTHER PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**

Plaintiff ScanSoft, Inc. submits this reply in support of its Motion to Compel Further Production of Documents and Responses to Interrogatories. Voice Signal Technologies, Inc. ("VST") continues to misconstrue the Court's Orders regarding trade secret discovery, and, despite hollow reassurances, has failed to supplement its answers as required by the discovery rules. VST should be ordered to produce the documents requested in ScanSoft's Motion to Compel.

**ARGUMENT**

**I.   Despite Repeated Promises, VST Has Not Produced Requested Documents**

This case has been mired in discovery for over 16 months thanks to VST's stubborn refusal to comply with its obligations under the federal rules. Throughout these proceedings, VST promised time and time again to produce documents requested in ScanSoft's Motion to Compel. For example, in each of its responses to ScanSoft's requests, VST promised to produce documents relevant to its policy for the retention and destruction of documents. *See* Voice

Signal Technologies, Inc.'s Response to Plaintiff's First Set of Document Requests, dated June 25, 2004, at p. 31 ("VST will produce copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents") (**Exhibit A**); Amended Response of Voice Signal Technologies, Inc. to Plaintiff's First Set of Document Requests, dated February 4, 2005, at 32-33 ("VST will produce copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents") (**Exhibit B**); Second Amended Response of Voice Signal Technologies, Inc. to Plaintiff's First Set of Document Requests, dated February 25, 2005, at 33 ("VST will produce copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents") (**Exhibit C**). Furthermore, during the parties' discovery conference, counsel for VST promised to produce the user interface specifications for its VoiceMode product. *See* Opposition at 8, fn. 3. VST never followed through on any of its promises.

    Now, more than two weeks after the close of fact discovery in this case, VST still has not produced the documents it admits it has in its possession. VST's promises, reiterated yet again in its Opposition, are empty. VST Opposition at 8, fn. 3 ("Voice Signal counsel indicated during the parties' Local Rule 7.1 conference that it would produce the User Interface Specification for VoiceMode; and it will do so") and 9 (the written document retention policy "will be produced to ScanSoft promptly"). VST's failure to produce these documents constitutes intentional interference with ScanSoft's ability to adequately depose key witnesses in this case. If the requested documents are not produced before these depositions, ScanSoft will have no choice but to recall the witnesses for further questioning if and when the documents are produced. A Court

Order compelling production is the only way to prevent wasteful discovery practice and to ensure that VST follows through on its promises.

## II. The Court Has Ordered VST to Produce All Documents Evidencing Work of Individual Defendants During Their First Year of Employment at VST

The Court ordered VST to produce everything that the individual defendants worked on their first year at VST. Electronic Order of March 30, 2005 ("This Court Orders VST to produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST"). This Order clearly encompasses work on VST's speech recognition engines. There simply is no basis for VST's unilateral decision, reflected in its General Objection Number 2, that it does not have to produce discovery regarding its speech recognition engines.

It is undisputed that the individual defendants worked on VST speech recognition products aside from VSuite, including the ELVIS, VoiceTag, and CCR engines. *See* Daniel Roth Tr. at 229 (Robert Roth "has worked on the VoiceTag engine" and the ELVIS engine); at 232 (Larry Gillick "oversees all of that work"); at 240 (Jonathan Yamron "has worked on components" of the CCR engine); and at 241-242 (Manfred Grabherr "did work on CCR" and on ELVIS "in the early days, you know, like 2000") (**Exhibit D**); *see also* VST 4048 (Bob Roth worked on the isolated word decoder in ELVIS) (**Exhibit E**) and VST 04051 (Jonathan Yamron, Manfred Grabherr, and Larry Gillick worked on ELVIS as of April 19, 2001) (**Exhibit F**). In accordance with the Court's Orders of March 30 and April 27, VST must produce to the Court all documents reflecting the work of the individual defendants during their first year at VST on each of VST's speech recognition engines.

### III. VST's Production of Documents Relating to the Individual Defendants' First Year of Work at VST is Inadequate

The documents produced by VST thus far clearly indicate that VST's production pursuant to the Court's April 27, 2005, Order is sorely incomplete. Indeed, VST produced fewer than 500 pages of documents, most of which have been rendered unintelligible by extensive and inappropriate redactions. It strains credulity that these four top flight research scientists produced less than one page of work apiece during their first year at VST, though each worked on allegedly groundbreaking speech recognition technology. Furthermore, the redactions clearly violate the Court's Orders.[1] The Court instructed VST to redact only the source code from its production. Electronic Order of April 27, 2005. Nevertheless, VST redacted both names and narrative from documents that clearly did not contain any source code.

When a relevant document is produced in discovery, ordinarily the entire document is produced without redaction, and courts routinely discourage redactions for numerous reasons. *DiBella v. Hopkins,* 403 F.3d 102, 121 (2nd Cir. 2005) (redaction of non-privileged information improper); *Envirosource, Inc. v. Horsehead Resource Development Company, Inc.,* 981 F.Supp. 876, 883 (S.D.N.Y. 1998) (defendant improperly redacted information crucial to plaintiff's case). First, deletions of names, dates, phrases, sentences and paragraphs, make the document incomprehensible. *See Billington v. U.S. Dept. of Justice,* 301 F. Supp. 2d 15, 24 (D. D.C. 2004) (requiring production of all nonprivileged information where redacted version of document was "meaningless dribble"). Second, redaction or deletion of material from relevant documents raises the suspicion that evidence is being hidden, so courts are loathe to permit such redaction.

---

[1] *See* ScanSoft's Supplemental Memorandum in Support of its Motion to Show Cause Why Defendant Should Not be Held in Contempt [DN 178], filed May 15, 2005.

*See Envirosource, Inc.,* 981 F.Supp. at 883 (in contract action, court rejected as improper defendant's redaction of information that "went to the heart of the action and that plaintiff would need to prove [his] claims"). In this case, VST obviously went to great lengths to redact information on each page of its production, raising an inference that it is hiding evidence of its wrongdoing. VST's wholesale redactions are certainly suspect. Third, courts recognize that redacted information (in this case, of names of individuals with knowledge of the defendants' speech recognition work and descriptions of the work itself) may lead to discoverable information. *See, e.g., DiBella,* 403 F.3d at 121 (finding defendant's selective redaction "smacks of an intent to mislead"); *Tax Track Systems, Corp. v. New Investor World, Inc.,* 2002 WL 31473818, *11 (N.D. Ill. 2002) (sanctioning plaintiff for improper redactions that included names of individuals to whom important documents were sent and noting that, had the plaintiff not been ordered to produce unredacted versions, "it is questionable whether these additional memoranda would ever have been produced"). VST did not address its improper redactions in its Opposition. Clearly, VST is obligated under the federal rules to produce to ScanSoft a complete, unredacted set of documents relating to the individual defendants' first year of work at VST.

**IV.   VST's Witnesses Identify the Existence of Additional User Guides and Advertisements Provided to Third Parties**

During the depositions of VST's founders, Daniel Roth and Thomas Lazay, when questioned about user interface specifications, the witnesses indicated that VST provides a customized user interface to each customer. Lazay Tr. at 85 ("I'm confident [this user interface specification] has been sent to customers in various forms") and 86 ("The thing that comes to mind is in some cases, there may be a user guide that the customers [sic] documentation group would use to put in their user manual for the phone itself, so end user type documentation")

5

(**Exhibit G**); Roth Tr. at 136-137 ("for each customer, the information that's shared would depend on what they're doing, what we're doing, the nature of the schedules, et cetera") (**Exhibit D**). From its website, it is clear that VST has at least seven customers. Yet, despite VST's witness testimony, it has refused to produce a complete set of the user interface specifications and user guides provided to each customer. VST should be compelled to turn over all documentation provided to customers of its speech recognition products.

### V.     VST Must Provide ScanSoft with a Privilege Log

VST repeatedly indicates that it is withholding privileged documents. *See, e.g.,* Opposition at 5 ("Voice Signal has informed ScanSoft's counsel that no *non-privileged* documents of this type exist") (emphasis added); *see also* Second Amended Response of Voice Signal Technologies, Inc. to Plaintiff's First Set of Document Requests at 14 ("VST objects to Request No. 24… to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege") (**Exhibit C**). Indeed, during the 7.1 conference for ScanSoft's Motion to Compel, counsel for VST represented that it was in the process of compiling a privilege log. Yet, VST has not produced its privilege log to ScanSoft, though ScanSoft is entitled to one under the federal rules. Fed. R. Civ. P. 26(b)(5) (a party who withholds privileged information must "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection"); *see also Bruno & Stillman, Inc. v. Globe Newspaper Co.,* 633 F.2d 583, 597 (1st Cir. 1980) ("the defendant has the burden of establishing need for preserving confidentiality"). VST should be ordered to produce a privilege log forthwith.

6

## **CONCLUSION**

For the foregoing reasons, this Court should grant ScanSoft's Motion to Compel Further Production of Documents and Responses to Interrogatories and order VST to produce the requested documents.

Dated: June 20, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292

02639/00509 392240.1