UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C.A. No. 04-10353-PBS |

**SECOND AMENDED RESPONSE OF VOICE SIGNAL TECHNOLOGIES, INC.
TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

Defendant Voice Signal Technologies, Inc. ("VST") submits this second amended response to Plaintiff ScanSoft, Inc.'s ("ScanSoft") First Set of Document Requests (the "Requests").

**GENERAL OBJECTIONS**

1. VST objects to the "Definitions" and "Instructions" set forth in the Requests to the extent that those definitions and instructions purport to impose obligations upon VST greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

2. VST objects to the definition of "VST Speech Recognition Product" set forth in the Requests. For purposes of these Responses, "VST Speech Recognition Products" shall mean only the user interface module of VST's speech recognition products, and shall not include any speech engine associated with those products.

**Response No. 23:**

VST objects to Request No. 23 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession which relate to the '966 Patent.

**Request No. 24:**

Each document concerning the inventions disclosed and claimed in the patent-in-suit.

**Response No. 24:**

VST objects to Request No. 24 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 24 to the extent that it seeks information protected from discovery by the attorney-client and/or work product privilege. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of any relevant non-privileged documents in its possession which relate to inventions disclosed and claimed in the '966 Patent.

**Request No. 25:**

Each document concerning any consideration, examination, or review by Voice Signal of the patent-in-suit.

**Response No. 25:**

VST objects to Request No. 25 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Request No. 25 to the extent that it seeks information protected from discovery by the attorney-client

objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession relating to its analysis that ScanSoft infringes the '630 Patent.

Request No. 58:

Each document relating to any meeting, discussion, or communication between you and any third party concerning the '630 Patent or the subject matter of the claims thereof, including but not limited to documents relating to any public communication made by you or on your behalf regarding the present litigation, including but not limited to consumers and/or media.

Response No. 58:

VST objects to Request No. 58 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession which constitute public communications made by VST relating to this litigation.

Request No. 59:

Each document concerning any policy for the retention or destruction of documents by Voice Signal.

Response No. 59:

VST objects to Request No. 59 on the grounds that it is overbroad and unduly burdensome, and seeks information which is neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections or the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession which constitute VST's policy for the retention or destruction of documents.

33

<u>Request No. 60</u>:

Each document provided to, used by, considered by, or received by any expert or testifying witness of Voice Signal in this case.

<u>Response No. 60</u>:

Subject to and without waiving the general objections set forth above, VST will produce copies of all relevant non-privileged documents in its possession concerning VST's engagement of expert witnesses, consistent with the agreement reached between the parties concerning discovery of materials relating to the engagement of experts, dated June 9, 2004.

        VOICE SIGNAL TECHNOLOGIES, INC.

        By its attorneys,

        */s/ Wendy S. Plotkin*

        Robert S. Frank, Jr. (BBO No. 177240)
        Sarah Chapin Columbia (BBO No. 550155)
        Paul D. Popeo (BBO No. 567727)
        Paul E. Bonanno (BBO No. 646838)
        Wendy S. Plotkin (BBO No. 647716)
        CHOATE, HALL & STEWART
        Exchange Place/53 State Street
        Boston, MA 02109
        (617) 248-5000

Dated: February 25, 2005

3834031v1