UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> VOICE SIGNAL TECHNOLOGIES, INC., ) <br> LAURENCE S. GILLICK, ROBERT S. ) <br> ROTH, JONATHAN P. YAMRON, and ) <br> MANFRED G. GRABHERR, ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 04-10353-PBS |

**SCANSOFT INC.'S OPPOSITION TO DEFENDANT'S MOTION FOR
LEAVE TO TAKE MORE THAN TEN DEPOSITIONS**

Voice Signal Technologies, Inc. ("VST") continues to ignore the Federal Rules of Civil Procedure and the Local Rules of this Court. VST also demonstrates an inability to anticipate discovery needs and an unwillingness to allocate and schedule depositions to comply with the Rules. For example, VST allotted three of ten depositions to two uninvolved third parties (Uniden and Texas Instruments) even after Uniden expressly stated that it would be unable to provide any information. Much of the information sought by depositions could easily have been secured using other discovery methods, such as document requests and interrogatories that are designed for the very purpose of tailoring the scope of discovery. Accordingly, VST's request to add depositions now, after discovery has closed, comes too late and without proper justification.

It is clear that VST overlooked the deposition limits set forth in the Federal and Local Rules of Civil Procedure. And now, as the result of poor planning and careless treatment of the Rules, VST claims it needs seventeen depositions. It does not. Before filing this motion, VST

had conducted eight depositions, scheduled a ninth deposition, and noticed twelve additional depositions. Since filing, VST has deposed one additional individual. VST's constant push to schedule additional depositions prompted ScanSoft to move to limit depositions to avoid the unnecessary and burdensome procedures. Only now, after VST had already noticed the depositions and after ScanSoft brought the discovery rules to VST's attention does VST ask this court for leave to take more depositions.

## ARGUMENT

Courts in the District of Massachusetts and elsewhere require strict adherence to the 10-deposition limit required by Federal Rule 30 and Local Rule 26.1. *See Advanced Sterilization Products v. Jacob*, 190 F.R.D. 284, 286 (D. Mass. 2000); *Whittingham v. Amherst College*, 163 F.R.D. 170, 172 (D. Mass. 1995) (Neiman, J). Depositions should be limited when they are unreasonable or unnecessary. Rule 26(b)(2) of the Federal Rules of Civil Procedure provides that discovery should be limited by the court if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. R. 26(b)(2). When a party approaches the deposition limit before filing a motion for leave to take additional depositions, it must establish the <u>necessity</u> of (1) those depositions already taken and (2) those proposed to be taken with the courts permission. If a party were not required to justify past depositions, a party could "indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not

justify under the Rule 26(b)(2) standards." *Barrow v. Greenville Independent School District*, 202 F.R.D. 480, 483 (D. Texas. 2001) *citing Whittingham,* 163 F.R.D. at 171-172 (stating that "a court must determine the cumulative effect of the proposed discovery, as well as the opportunity for the party to obtain the information through other means").

The taking of seventeen depositions is excessive. VST fails to show that the depositions already taken were necessary and justified under Rule 26(b)(2). Indeed, as discussed below, those depositions were fruitless. In addition, the asserted need for these additional depositions results from the cumulative depositions already taken by VST. VST had ample opportunity to obtain information regarding both infringement and trade secret claims under the ten deposition limit and carelessly allocated its depositions otherwise.[1]

## A.   Depositions Already Taken Were Fishing Expeditions

VST has now conducted nine depositions in an attempt to gather information on ScanSoft's patent infringement claims and has noticed twelve more. Of these nine depositions, VST deposed one Uniden employee, two Texas Instrument employees, and scheduled a third deposition with a former Texas Instruments employee. The depositions of Uniden and Texas Instrument employees were repetitive, failed attempts to gather information regarding prior art. In fact, upon receipt of a subpoena, Uniden alerted VST that it had "no witness to designate for the deposition requested March 18, 2005 that [could] testify under oath in any material or substantive way regarding the matters noticed."[2] VST proceeded nonetheless. With respect to

---

[1] In fact, in a telephone conference on June 2, 2005, ScanSoft offered to agree to twelve depositions, but VST refused.

[2] See Corrected Uniden America Corporation's Objections and Responses to Third Party Subpoena, dated March 11, 2005, Paragraph 6. (Attached at Exhibit A).

the Texas Instruments depositions, VST deposed two individuals and, upon gaining no valuable information, noticed a third deposition. The depositions required unnecessary travel to Texas and resulted in short and ineffectual depositions.[3] These depositions were expensive and time consuming fishing expeditions.

**B.    VST had Ample Opportunity to Obtain Information Regarding Both Infringement and Trade Secret Claims**

VST's careless planning regarding prior depositions does not provide a legitimate basis to support need of additional depositions. VST had ample opportunity to allocate the ten depositions to obtain information regarding both infringement and trade secret claims. VST is permitted to allocate the ten depositions however it wishes, and it elected to allocate the majority of these depositions to discovery surrounding infringement claims. VST cannot maintain that seven additional depositions are necessary when it has already conducted at least three depositions (Uniden and two Texas Instruments depositions) that it knew were unlikely to produce valuable information. Similarly, VST's request for additional depositions based on need is also flawed because VST could have gathered much of the sought after information through document requests and interrogatories.[4]

---

[3] As stated in its Memorandum in Support of its Motion for Protective Order to Limit Depositions, ScanSoft requested that these depositions be taken by telephone, but VST refused. VST's offer to allow ScanSoft to appear by telephone while VST conducted the deposition from the site is not a reasonable offer because, with VST attending these depositions, ScanSoft would be assuming a severe handicap.

[4] VST's argument that it was required to use multiple depositions to follow-up on its 30(b)(6) to ScanSoft is also without merit because, under the Rules, all 30(b)(6) depositions are accounted for as one single deposition. Thus, multiple 30(b)(6) depositions do not affect the number of permitted depositions remaining under the rules.

Further, contrary to VST's assertion, ScanSoft has made multiple efforts to move discovery along and has requested assistance from the Court in doing so. On May 26, 2004, ScanSoft served document requests and interrogatories on VST. Since then, ScanSoft has repeatedly requested discovery regarding trade secrets, and VST has repeatedly refused to produce the requested documents. At the March 16th hearing, this Court declared, "<u>VST can't just completely stonewall on the trade secret thing</u>." March 16th hearing at p. 18, *ll.* 11-12 (Attached at Exhibit B). The Court was not persuaded by VST's argument that it should be permitted to block discovery, nor was it convinced that VST was entitled to stall discovery until ScanSoft further articulated the claimed trade secrets:

> There is a notion in the law that you can't possibly [state the alleged trade secrets with specificity prior to discovery]. . . . Very soon after the employees leave, there is at least enough to draw an inference.

*Id.* at p. 22, *ll.* 8-13.

Indeed, the Court noted that it is generally difficult for a plaintiff in a trade secret claim to particularly identify misappropriated trade secrets without some discovery and indicated that discovery would be conducted before requiring ScanSoft to specify its trade secrets:

> I anticipate that there will be some discovery as to what these gentlemen provided the new company . . . . It's always a little hard for them [a trade secrets plaintiff] to pinpoint with specificity exactly what [defendants] disclosed when they don't know that. When they just know in their view it's a similar algorithm or it's a similar product.

*Id*. at p. 23, *ll.* 18-19, 22-24.

The Court should reject VST's argument again. At the March 16th hearing, the Court ordered VST to produce all documents relating to the four individual defendants for the years 2001-2002. VST has produced some of this information but continues to stall all meaningful

discovery efforts in relation to the trade secret claim. Any delay in trade secret discovery thus far has resulted from stonewalling by VST.

In fact, ScanSoft has attempted to move forward with the narrowed discovery proposed by Judge Saris at the March 16th hearing: "To the extent Judge Saris's proposal would move discovery forward, even to a limited degree, ScanSoft is interested in pursuing this approach." March 16, 2005 Letter from Lisa M. Fleming to Paul D. Popeo (Attached at Exhibit C). To date, VST has not fully complied with the Court's March 16th instructions and has provided no meaningful discovery.

Regardless of the basis for delay, the delay in trade secret discovery does not justify the allocation of additional depositions. Such a delay in discovery may justify a delay in completing depositions. However, two sophisticated parties are capable of anticipating their needs, allocating ten depositions amongst the claims, and scheduling them accordingly.

## **CONCLUSION**

For the foregoing reasons, this Court should grant ScanSoft's Motion for Protective Order to Limit Depositions.

Dated: June 21, 2005                              SCANSOFT, INC.,
                                                  By its attorneys,


                                                  /s/ Rebecca L. Hanovice
                                                  Lee Carl Bromberg, BBO # 058480
                                                  Robert Asher, BBO # 022865
                                                  Erik Paul Belt, BBO # 558620
                                                  Lisa M. Fleming, BBO # 546148
                                                  Jack C. Schecter, BBO # 652349
                                                  Rebecca L. Hanovice, BBO # 660366
                                                  BROMBERG & SUNSTEIN LLP
                                                  125 Summer Street
                                                  Boston, Massachusetts 02110-1618
                                                  (617) 443-9292
                                                  rhanovice@bromsun.com

02639/00509   393301.1