# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SCANSOFT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROW, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>    Defendants. | Civil Action No. 04-10353 PBS<br>United States District Court for the<br>District of Massachusetts |

## CORRECTED
## UNIDEN AMERICA CORPORATION'S OBJECTIONS AND RESPONSES TO THIRD PARTY SUBPOENA

Uniden America Corporation ("Uniden"), a non-party to this action, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, hereby submits its objections and responses to the subpoena and attached document requests served on Uniden February 28, 2005 (the "Subpoena") by defendant Voice Signal Technologies, Inc. ("VST").

### THE SUBPOENA AND BACKGROUND

1.    On February 28, 2005, Uniden was served with the Subpoena issued by the United States District Court, Northern District of Texas and signed by the attorney for the defendant VST in a civil action pending before the United States District Court for the District of Massachusetts, *ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.*, Civil Action No. 04-10353-PBS (D. Mass.).

2. Although the Subpoena was served on February 28, 2005, it commanded compliance by production of documents in Boston, Massachusetts on March 11, 2005. The Subpoena further commanded Uniden to designate and produce for deposition a person to testify on Uniden's behalf in Dallas, Texas on March 18, 2005 at 10:00 a.m.

3. The Subpoena seeks "all documents" in three categories of documents pertaining to business activity engaged in by Uniden in 1989 and 1990. This business activity involved speech recognition technology provided to Uniden jointly by two other entities: Voice Control Systems, Inc. ("VCS") and By-Word Technologies, Inc. ("By-Word"). This business activity resulted in the production and sale of a single Uniden product under the name "VoiceDial" using solely the speech recognition technology developed and/or provided jointly by VCS and By-Word. Uniden's "VoiceDial" device was a cellular phone accessory that was intended to execute "hands-free" voice-command dialing. It is believed that less than two thousand (2,000) of the "VoiceDial" devices were produced by Uniden in 1989-1990.

**OBJECTION TO DOCUMENT PRODUCTION**

4. Upon receipt of the Subpoena, Uniden commenced a diligent search of its records for any files that may remain relating to the long ago discontinued "VoiceDial" device and relating to Uniden's dealings with VCS and By-Word. Thus far, very few documents have been found. The documents found include two Law Department files and appear to contain, in part, documents protected by the attorney-client privilege and work product doctrines and, under Rule 26(b) of the Federal Rules of Civil Procedure, such documents would be protected from discovery by VST.

5. Uniden needs more time to comply with VST's document requests. Although the subject areas of VST's document requests admittedly are limited, VST demands the production of "all documents" in Uniden's dealings with VCS and By-Word, as well as "all documents" that Uniden may have pertaining to any speech recognition technology prior to April 13, 1992. The documents requested involve matters that are now fifteen (15) years old or more and with which Uniden has had no activity or interest since. Uniden's search for documents of such age, even if

2

fruitful, will reasonably require more time than the Subpoena provides. Also, the documents found thus far include documents protected by attorney-client privilege and work product doctrines, which will require review and segregation, followed by legal consultation with Uniden management regarding the privilege (which consultation must occur whether the privilege is or is not waived), before production can be made under the Subpoena.

## OBJECTION TO DEPOSITION

6. Uniden simply has no witness to designate for the deposition requested March 18, 2005 that can testify under oath in any material or substantive way regarding the matters noticed. These matters involve Uniden's dealings with VCS and By-Word, and Uniden's involvement with any speech recognition technology prior to April 13, 1992. As noted above, Uniden's activities in speech recognition technology involved a single product in 1989-1990. Since Uniden used only the speech recognition technology provided to it by VCS and By-Word, VST has those two direct sources from which to more easily and confidently gather relevant information and evidence and depose witnesses regarding the speech recognition technology incorporated into Uniden's "VoiceDial" device. Accordingly, there is no relevant admissible evidence, nor information that could lead to relevant admissible evidence, to be discovered by VST by any witness Uniden could possibly designate for the deposition requested.

## UNIDEN'S RESPONSES TO DOCUMENT PRODUCTION

7. Notwithstanding its above stated objection to the document production requested in the Subpoena, Uniden hereby submits its responses to the requests. The Specific Responses and Objections below are all subject further to the General Objections that follow.

## GENERAL OBJECTIONS

8. Uniden objects to each request to the extent that it seeks to impose discovery obligations beyond the scope of the applicable provisions of the Federal Rules of Civil Procedure.

9. Uniden objects to each request to the extent that it seeks documents subject to the attorney-client privilege and/or work product immunity, Rule 26(b) of the Federal Rules of Civil Procedure, and any other applicable privilege or immunity. Such documents and information are immune from discovery and will not be produced.

10. Uniden objects to each request to the extent that it seeks information that Uniden is not required or permitted to disclose pursuant to any applicable court order, protective order, and/or confidentiality agreement, obligation or stipulation, and to the extent that it seeks the disclosure of confidential communications between Uniden and any party with whom Uniden owes a duty of confidentiality.

11. Uniden objects to each request, as it is unclear how any of the requested documents and information is relevant to a claim or defense of any party in the referenced case, nor is such information likely to lead to the discovery of admissible evidence.

12. Uniden objects to each request to the extent that they seek documents that are obtainable from another source, at least one of which is a party to this action, that is more convenient, less burdensome and less expensive.

13. Uniden objects to each request in that the reference in each request to "all documents" is overly broad, vague, ambiguous, unduly burdensome, oppressive, unreasonably cumulative, duplicative, intended only to harass Uniden, irrelevant to the subject matter of this action, outside the scope of permissible discovery, and unlikely to lead to the discovery of admissible evidence.

14. Uniden objects to each request as overly broad and unduly burdensome in that each request specifies no time frame, and in one instance specifies only a cut off date of before April 13, 1992.

15. Uniden objects to each request to the extent that it seeks documents that are not within the ownership, possession, custody or control of Uniden. Uniden's responses are limited to a reasonable review of those documents within its possession, custody or control that are likely to be responsive to the request as stated.

16. Uniden objects to each request to the extent that it seeks documents previously produced to VST by any other party to the action or by any other person pursuant to a subpoena or other discovery request issued or made in this proceeding.

17.   Uniden objects to each request in that they fail to allow Uniden reasonable time for compliance.

18.   Any inadvertent production by Uniden of any privileged document shall not be deemed or construed to constitute a waiver of any privilege or right of Uniden, and Uniden reserves the right to demand the return of any such document and all copies thereof.

**SPECIFIC RESPONSES AND OBJECTIONS**

19.   Uniden incorporates by reference the general objections set forth above into the specific objections set forth below. Uniden may repeat a general objection for emphasis or for some other reason. The failure to repeat any general objection does not waive any general objection to that request. Any statement herein that Uniden will produce documents in response to the Subpoena shall not be construed as an admission that such documents exist or are within Uniden's possession or control. Uniden reserves the right to amend and/or supplement its responses and objections. Subject to the foregoing, Uniden responds to the requests as follows:

**Request No. 1:**

All documents concerning any sale or licensing, or offer to sell or license, by VCS [Voice Control Systems, Inc.] to Uniden of any speech recognition technology, application, system or apparatus for use in, or in conjunction with, a mobile telecommunications device, including, without limitation, Uniden's "VoiceDial" voice command system for telephones.

**Objections and Response:**

Uniden incorporates its general objections set forth above. Subject to such objections, Uniden will produce relevant, discoverable and non-privileged documents and things in its possession that can be located with a reasonable search and are responsive to this request.

**Request No. 2:**

All documents concerning any sale or licensing, or offer to sell or license, by By-Word [By-Word Technologies, Inc.] to Uniden of any speech recognition technology, application, system or apparatus for use in, or in conjunction with, a mobile telecommunications device, including, without limitation, Uniden's "VoiceDial" voice command system for telephones.

**Objections and Response:**

Uniden incorporates its general objections set forth above. Subject to such objections, Uniden will produce relevant, discoverable and non-privileged documents and things in its possession that can be located with a reasonable search and are responsive to this request.

**Request No. 3:**

All documents concerning any sale or licensing, offer to sell or license, or public use or display, prior to April 13, 1992, of any mobile telecommunications device which was capable of recognizing spoken digits and/or a keyword representing a telephone number, including, without limitation, Uniden's "VoiceDial" voice command system for telephones.

**Objections and Response:**

Uniden incorporates its general objections set forth above. Subject to such objections, Uniden will produce relevant, discoverable and non-privileged documents and things in its possession that can be located with a reasonable search and are responsive to this request.

Dated: March 11, 2005

Respectfully submitted,

*[signature: Rudolph L. Ennis]*

Rudolph L. Ennis
Texas Bar No. 06629170
UNIDEN AMERICA CORPORATION
4700 Amon Carter Boulevard
Fort Worth, TX 76155
Telephone: 817-858-3019
Facsimile: 817-858-3585

ATTORNEY FOR
UNIDEN AMERICA CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon (i) counsel for the defendants, Paul E. Bonanno, Esq., Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts 02109-2804, facsimile no. 617-248-4000, and (ii) counsel for Plaintiff, Jack C. Schecter, Esq., Bromberg & Sunstein LLP, 125 Summer Street, Boston, Massachusetts 02110-1618, facsimile no. 617-443-0004, each by facsimile and first class mail on the above date.

*[signature: Rudolph L. Ennis]*

Rudolph L. Ennis