UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10353-PBS |

## AFFIDAVIT OF ROBERT S. FRANK

Robert S. Frank deposes and states as follows:

1. I am an attorney in the law firm of Choate, Hall & Stewart, and a member of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am counsel to the above-named defendants and make this affidavit in support of Voice Signal Technologies' Memorandum in Opposition to ScanSoft's Emergency Motion to Show Cause Why Defendant Should Not Be Held in Contempt and Request for Determination of Subject Matter Waiver.

2. Attached hereto as Exhibit A is a true and correct copy the document ScanSoft claims was mistakenly filed on June 3, 2005. This document is being filed under seal.

3. On June 6, 2005, Eric Belt of Bromberg and Sunstein (ScanSoft's counsel) called me and demanded the return of a document ScanSoft claims was filed erroneously as part of its Markman brief for U.S. Patent No. 6,594,630. Mr. Belt demanded the return of the document. I

responded that I had been informed of the situation but had not yet been able to evaluate the parties rights and obligations. I further responded that neither the document nor its contents would be disclosed to Voice Signal until the matter was resolved. I also asked Mr. Belt to provide information that was necessary to support a claim of privilege in some written form.

4.      On June 6, 2005 Mr. Belt responded by email. Mr. Belt stated that the document was prepared by Bromberg & Sunstein "on behalf of one of the firm's clients" and that the document was "addressed to the client's in-house counsel." Neither the client nor the in-house counsel was identified in the email. Mr. Belt threatened a motion for contempt if the document was not returned "forthwith." A true and correct copy of this email is attached hereto as Exhibit B.

5.      On June 7, 2005, I responded to Mr. Belt's email. I repeated that Voice Signal's counsel were attempting to determine the parties' rights and confirmed that the document and its contents would not be disclosed to Voice Signal until the matter was resolved. A true and correct copy of this email is attached hereto as Exhibit C.

6.      On June 7, 2005, I spoke with Lee Bromberg of Bromberg & Sunstein via telephone. I stated that I had been in meetings most of the day and had not yet been able to address the document filing issue. Mr. Bromberg asserted that the Protective Order required the return of the relevant document. I responded that it was my understanding that the Protective Order governed documents produced and disclosures made in the course of discovery and did not apply to documents filed in Court. Mr. Bromberg disagreed. I requested an additional twenty-four hours to consider the matter. Mr. Bromberg refused my request and stated that ScanSoft would file a motion for contempt immediately.

7. Attached hereto as Exhibit D is a true and correct copy of a portion of the deposition transcript of Jeanne McCann.

8. Attached hereto as Exhibit E is a true and correct copy of Exhibit 2 to the deposition of Jeanne McCann, SS020267.

9. Attached hereto as Exhibit F is a true and correct copy of an e-mail produced by ScanSoft that is Bates numbered SS020582-83.

10. Attached hereto as Exhibit G is a true and correct copy of the affidavit of Eran Aharonson filed in litigation that was pending in the United States District Court for the District of Massachusetts, ScanSoft, Inc. v. ART Advanced Recognition Technologies, Inc., Civil Action No. 04-10840-PBS.

*     *     *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

_____
Robert S. Frank, Jr.

Dated: June 22, 2005

# EXHIBIT A

# [Filed Under Seal]

# EXHIBIT B

ScanSoft v. Voice Signal Technologies, Civil Action No. 04-10353 PBS (D. Mass)  Page 1 of 1

## Finnerty, Kathryn

**From:** Erik Belt [Ebelt@bromsun.com]
**Sent:** Monday, June 06, 2005 5:39 PM
**To:** Frank, Robert S.
**Subject:** ScanSoft v. Voice Signal Technologies, Civil Action No. 04-10353 PBS (D. Mass)

Dear Bob:

As you requested, I am confirming that the document inadvertently attached behind the copy of the '630 patent in Exhibit 1 to ScanSoft's Markman Brief on Claim Constriction of United States Patent No. 6,594,630, filed on Friday afternoon, June 3, 2005, is a document prepared exclusively by Bromberg & Sunstein LLP attorneys on behalf of one of this firm's clients. No third parties were involved in the preparation of the document. The document is a claim chart concerning patents not asserted in Civil Action No. 04-10353 PBS. The document was addressed to the client's in-house counsel for the purpose of giving legal advice. The contents of the document represent information that is both attorney-client privileged and attorney work product.

The Protective Order in this case, entered by Judge Saris on March 11, 2005 (and attached below), provides in clear terms, in Paragraph 4, that "the inadvertent production of information subject to attorney-client privilege or work-product immunity, . . . will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information."

<<03-11-05 Protective order signed by Judge Saris (DN109).PDF>>

In a phone call this morning between my associate, Jack Schecter, and your associate, Wendy Plotkin, and in a follow-up letter, we put your firm on notice that the document was inadvertently attached to the exhibit and demanded the return of all originals and copies. I repeat that demand to you now. Please confirm by return e-mail that you will comply with the Protective Order forthwith. Otherwise, we will have no choice but to file a motion for contempt of the order.

Very truly yours,

/Erik

Erik P. Belt
Partner

Bromberg & Sunstein LLP
Attorneys at Law
125 Summer Street
Boston, MA 02110-1618
Tel: (617) 443-9292
Fax: (617) 443-0004


This message is intended only for the addressee(s), and may contain information that is privileged and confidential. If the recipient of this message is not an addressee, please notify us immediately by telephone.

<<Erik Belt.vcf>>

6/22/05

# EXHIBIT C

Message                                                                                    Page 1 of 1

## Finnerty, Kathryn

From: Finnerty, Kathryn
Sent: Tuesday, June 07, 2005 10:04 AM
To: 'ebelt@bromsun.com'
Subject: ScanSoft/VST
Importance: Low

Dear Eric -

This responds to your e-mail of last evening. As I said in our telephone conversation that preceded the e-mail, we are attempting to determine the parties' rights and obligations with respect to the document that ScanSoft filed in court. There is no need to engage in threats. If, after our review, we are in doubt as to the appropriate course of action, we will put the issue to the court and seek its direction. In the meantime, the document and its contents will not be disclosed to our client.

In an effort to advance our analysis, you may wish to respond to the following questions:

1. The protective order does not appear to be directly applicable because the relevant document was not produced in discovery. It was, instead, filed in court. It was part of the public record for a period of days. What do you believe is the effect, if any, of that fact?

2. It is unclear what caused the document to be filed in court and what precautions were taken to prevent its filing. Are you prepared to address that question?

3. On its face, the document appears to be work product. It is not labeled as attorney-client privileged, and there is no other indication that it was communicated to a client. Do you believe that makes a difference?

4. The document relates to a patent that is not presently in suit. However, the document appears to be relevant to our case because it explains why ScanSoft has been pressing so aggressively for access to Voice Signal's source code. Do you believe that relevance matters in this type of situation?

5. ScanSoft apparently altered the public record in a way that may affect the parties' rights with respect to this issue. Was it permitted to do so unilaterally?

I am not at all sure that the foregoing is a complete list of the relevant questions because I first started to look at this issue last evening. Your responses/comments directed to the foregoing questions, if you choose to respond or comment, will allow us to make the most rapid and informed decision possible.

Thanks.

Bob

# EXHIBIT D

# [Filed Under Seal]

# EXHIBIT E

# [Filed Under Seal]

Case 1:04-cv-10353-PBS   Document 234   Filed 06/22/2005   Page 10 of 14

# EXHIBIT F

# [Filed Under Seal]

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>           Plaintiff,<br>v.<br><br>ART ADVANCED RECOGNITION<br>TECHNOLOGIES, INC.<br><br>           Defendant. | Civil Action No. 04-10840-PBS |

DECLARATION OF ERAN AHARONSON IN SUPPORT
OF ART ADVANCED RECOGNITION TECHNOLOGIES' MOTION
FOR AN EXPEDITED HEARING ON VALIDITY/INFRINGEMENT ISSUES

I, Eran Aharonson, do hereby depose and say:

1. I am over the age of 18 and am making this declaration under oath.

2. I am providing this declaration on behalf of the defendant ART Advanced Recognition Technologies, Inc. ("ART") in the above-referenced action, in support of its motion for an expedited hearing on validity/infringement issues. I am familiar with the subject matter of the complaint and the facts contained in this Declaration.

3. I am currently the Chief Executive Officer of ART Advanced Recognition Technologies, Inc.

4. This matter is extremely urgent for ART because it is currently in acquisition negotiations with a large Fortune-500 software company ("Company A"). Company A has expressed a reluctance to enter into further acquisition negotiations with ART knowing that the present litigation between ScanSoft and ART is hanging over ART's head. Because of this, it appears that any business relationship with Company A is in jeopardy.

5.  Prior to filing this suit, ScanSoft was in acquisition negotiations with ART and ScanSoft made an offer to purchase ART. ART declined ScanSoft's offer. ScanSoft then filed a patent infringement action against ART. Therefore, it appears that ScanSoft filed the infringement action against ART with the intent to retard ART's ability to enter business relationships with parties other than ScanSoft.

Sworn under the pains and penalties of perjury on this 30, day of July, 2004.

_____
Eran Aharonson

-2-