## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF SCANSOFT'S
## MOTION TO COMPEL DEPOSITIONS
## OF LAWRENCE R. GILLICK, ROBERT S. ROTH, AND JONATHON P. YAMRON

Once again, defendants have ignored their discovery obligations and have flouted the Court's express instructions. Specifically, at the *Markman* hearing, this Court instructed that depositions already noticed should be conducted. **Exh. A,** *Markman* Hearing Transcript (excerpts), at 101, *ll*. 20-24("If they have been prescheduled, do them.").[1] Despite the Court's clear instruction, Defendants refuse to appear for previously noticed depositions and even refuse to provide alternate dates. The deposition of Lawrence R. Gillick is scheduled for June 28, 2005. The deposition of Jonathon P. Yamron is scheduled for June 30, 2005. The deposition of Robert S. Roth is scheduled for July 7, 2005. Under the Court's direction, ScanSoft Inc. is entitled to depose these individuals at the scheduled times, or immediately after this Court rules.

---

[1] All Exhibits are attached to the accompanying Declaration of Erik Paul Belt.

## FACTUAL BACKGROUND

In this action, ScanSoft alleges that the individual defendants Lawrence R. Gillick, Robert S. Roth, Jonathon P. Yamron, and Manfred G. Grabherr misappropriated trade secrets to which they had access while working on speech recognition technology at ScanSoft's predecessors, Lernout & Hauspie Speech Products, N.V. ("L&H") and Dragon Systems, Inc. ScanSoft initially noticed depositions on December 10, 2004. **Exh. B,** December 2004 notices of deposition. But, VST did not produce the witnesses then. ScanSoft re-noticed depositions on February 1, 2005. **Exh. C,** February notices of deposition. Again, the witnesses did not appear. Defendants refused to appear or answer questions until they had produced documents but, then refused to produce any documents. Thus, Defendants presented ScanSoft with a Catch-22 position.

ScanSoft re-noticed the depositions yet again on June 14, 2005. **Exh. D,** June notices of deposition. Despite the three notices and multiple telephone conferences, defendants Gillick, Roth, and Yamron have refused to appear.

On June 22, 2005, ScanSoft's counsel, Mr. Belt, spoke with Defendant's counsel, Mr. Popeo, seeking Defendants' plans to appear as scheduled or, at least, to agree on convenient alternate dates. *See* Declaration of Erik Paul Belt. Mr. Popeo emphasized that his clients will not appear as scheduled. *Id.* at ¶ 7. Nor would Mr. Popeo discuss alternate dates. *Id.* Indeed, Mr. Popeo took the position that defendants will not even consider scheduling the depositions until after the July 18th Status Conference and until after the source code discovery issue is settled. *Id.* at ¶ 8. This refusal to comply with discovery schedules is incompatible with the Court's statement that the current discovery deadlines are in effect. **Exh. A**., *Markman* Hearing Transcript (excerpt).

ScanSoft noticed the depositions of defendants Gillick, Roth, Yamron before the discovery deadline. The Court has instructed that current discovery deadlines remain in place and that scheduled depositions may be taken. Thus, the depositions of defendants Gillick, Roth, and Yamron should be compelled by the Court.

**ARGUMENT**

A party is entitled to take the deposition of "any person, including a party." Fed. R. Civ. P. 30(a)(1). A party is obliged to attend a deposition upon receiving proper notice from the opposing party. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2107 (2d ed.). If a party fails to attend his own deposition, the opposing party has grounds for relief under Fed. R. Civ. P. 37, including a motion to compel and for sanctions. *Smith v. Kmart Corp.,* 177 F.3d 19, 28 (1st Cir. 1999) (upholding sanction of defendant and noting defendant's concession that "it is proper for a trial judge to sanction a party for its failure to appear for deposition . . . by instructing the jury to assume that the party's testimony would have been unfavorable"); *East Boston Ecumenical Community v. Mastrorillo,* 133 F.R.D. 2, 4 (D. Mass. 1990) (Collings, M.J.) (sanctioning defendant who failed to attend own deposition, and noting that "a party cannot unilaterally decide that he or she is not going to attend a duly-noticed deposition without at least applying for a protective order before the time set for the deposition"). A Court Order is not required as a prerequisite to such sanctions. Fed. R. Civ. P. 37(d); 8A Wright & Miller § 2291.

Here, Defendants are again attempting to stonewall discovery. This Court has already ruled that previously scheduled depositions should proceed. **Exh. A.** ScanSoft has diligently and repeatedly noticed defendants Gillick, Roth, and Yamron for their depositions. Thus, Gillick, Roth, and Yamron are obligated to comply under the discovery rules. Neither Gillick,

Roth, nor Yamron have sought a protective order from this Court, and there is no basis for such an order. Pursuant to the discovery rules and the Court's June 17th instruction, defendants Gillick, Roth, and Yamron should be ordered to appear for their depositions.

Further, Mr. Popeo's assertion that defendants will not consider scheduling the depositions until after the July 18th Status Conference and, indeed, until after the source code discovery issue is settled, delays the depositions indefinitely because a timeline for this discovery is unknown. The Court requested that a third-party expert be chosen by July 18th. If an expert is chosen at this time, the process of reviewing source code will commence, and there is no estimate as to how long it will carry on. If the Court indulges Mr. Popeo's mischaracterization of the Court's discovery instructions from the *Markman* hearing, these depositions will be delayed for months.

## CONCLUSION

For the reasons stated above, Lawrence R. Gillick, Robert S. Roth, and Jonathon P. Yamron should be compelled to appear for depositions on the scheduled dates, or as soon as possible after the court rules, and ScanSoft should be awarded the costs associated with filing this motion.

|  |  |
|---|---|
| Dated:  June 24, 2005 | SCANSOFT, INC.,<br>By its attorneys,<br><br>/s/ Erik P. Belt<br>Lee Carl Bromberg, BBO # 058480<br>Robert Asher, BBO # 022865<br>Erik Paul Belt, BBO # 558620<br>Lisa M. Fleming, BBO # 546148<br>Jack C. Schecter, BBO # 652349<br>Rebecca L. Hanovice, BBO # 660366<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, Massachusetts 02110-1618<br>(617) 443-9292<br>ebelt@bromsun.com |

02639/00509   396157.1