UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC.<br><br>        Plaintiff,<br><br>v.<br><br>VOICE SIGNAL TECHNOLOGIES, INC.,<br>LAURENCE S. GILLICK, ROBERT S.<br>ROTH, JONATHAN P. YAMRON, and<br>MANFRED G. GRABHERR<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 04-10353-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF JACK C. SCHECTER

I, Jack C. Schecter, depose under oath and state as follows:

1. I am an attorney at the firm of Bromberg & Sunstein LLP, 125 Summer Street, Boston, MA 02110. I represent ScanSoft, Inc. ("ScanSoft") in the above-captioned matter.

2. On Friday, June 3, 2005, counsel for ScanSoft prepared its *Markman* brief on the '630 counterclaim patent for electronic filing with the Court. In the course of preparing this brief for electronic filing, a six-page confidential, privileged attorney work product document was inadvertently appended to the electronic copy of the '630 patent and filed electronically as Exhibit 1 to the brief.

3. In preparing ScanSoft's '630 *Markman* brief for electronic filing, counsel for ScanSoft printed out a series of documents, including a copy of the '630 patent, to be attached to the brief as exhibits.

4. At Bromberg & Sunstein LLP, counsel for ScanSoft print remotely to shared printers. At times, a series of consecutive print requests sent to a printer from one user will be

interrupted by a print request from another user. If such an interruption has occurred, when the initial user collects his or her documents from the printer, a document resulting from the interrupting print request may be found within the series of documents the initial user requested to be printed.

5.      As a precaution to ensure that no such unintended documents become interspersed with documents intended to be sent outside the firm, all documents, including privileged and work-product communications, not intended for outside distribution are printed on highly visible, brightly colored "draft" paper while final documents intended for filing or outside distribution are printed on white "bond" paper. This is the policy and practice at Bromberg & Sunstein LLP.

6.      On June 3, 2005, as the exhibits to ScanSoft's '630 *Markman* brief were being printed in anticipation for subsequent scanning and filing, the shared printer was malfunctioning. Counsel for ScanSoft was unaware of this malfunction at the time the exhibits to the '630 *Markman* brief were being assembled. As a result of the malfunction, all documents produced using that printer, including documents not intended for filing or outside distribution, were printed on "bond" paper. This included the six-page confidential, privileged attorney work-product document that was inadvertently appended to the copy of the '630 patent attached to the electronic copy of the brief as Exhibit 1. Unbeknownst to counsel for ScanSoft, as a result of an intervening print request from another user, this document was unintentionally printed on white bond paper between the first exhibit to the '630 *Markman* brief and the following exhibits.

7.      After printing the series of documents to be included as exhibits to the '630 *Markman* brief, counsel for ScanSoft directed an administrative assistant to scan each of those documents, converting them to an Adobe Acrobat file suitable for electronic filing using the

Court's ECF system. Those files were then forwarded to counsel for ScanSoft via electronic mail.

8. Prior to attaching the exhibits to the '630 *Markman* brief for electronic filing, counsel for ScanSoft opened each of the four Adobe Acrobat files in order to verify that the electronic file was, in fact, the intended exhibit. In opening the Adobe Acrobat file that was thereafter attached as Exhibit 1, counsel for ScanSoft reviewed the first several pages of the document and verified that the document was the '630 patent. Counsel, however, failed to review the entire electronic file and thus was unaware that, during scanning of the exhibits, a six-page confidential, privileged attorney work product document had been inadvertently appended to the copy of the '630 patent.

9. ScanSoft's *Markman* brief was filed on June 3, 2005 at 4:07 PM EDT, along with the erroneous version of Exhibit 1 with the privileged document inadvertently attached.

10. Counsel for ScanSoft realized the error on the morning of the next business day, Monday, June 6, 2005, and immediately corrected the error with the Court's docket clerk and contacted counsel for VST, requesting the immediate return or destruction of the document.

Signed under the pains and penalties of perjury this 28th day of June, 2005.

_____
Jack C. Schecter

02639/00509  396146.1

-4-

Signed under the pains and penalties of perjury this 28th day of June, 2005.

/s/ Jack C. Schecter
Jack C. Schecter

02639/00509  396146.1