# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 04-10353-PBS |
| | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) |
| LAURENCE S. GILLICK, ROBERT S. | ) |
| ROTH, JONATHAN P. YAMRON, and | ) |
| MANFRED G. GRABHERR, | ) |
| | ) |
| Defendants. | ) |

**VOICE SIGNAL TECHNOLOGIES' SUR-REPLY MEMORANDUM
REGARDING THE FILING IN COURT OF A PRIVILEGED DOCUMENT**

This memorandum responds to ScanSoft's Reply in Support of Its Emergency Motion for Remedies in which, for the first time, ScanSoft explains how it filed in court a document containing attorney work product.

The following facts are now undisputed:

a. The relevant document contains work product. Contrary to prior statements made by ScanSoft, the contents of the document are not protected by the attorney-client privilege.

b. By reason of ScanSoft's counsel's conduct, ScanSoft's counsel's work product was disclosed to Voice Signal's lawyers.

c. The work product was filed in court, remained in the public files of the court for three days and was removed from the public record without Voice Signal's consent or court approval.

d. The filing occurred because counsel and an administrative assistant failed to examine the documents that counsel intended to file in court first when they were printed, and thereafter when they were scanned, in preparation for court filing. Counsel states that after scanning he examined the exhibits to ScanSoft's intended court

3954238_1.DOC

        filing (a *Markman* brief), but skipped over the document containing work product.

    e.    When asked by Voice Signal's counsel for an explanation of the circumstances leading to the filing, ScanSoft did not respond. When asked whether it was significant that the document contained work product, as distinguished from attorney-client privileged material, ScanSoft did not respond.

    f.    The relevant document reveals that ScanSoft's motivation for seeking production of Voice Signal's source code is to determine whether ScanSoft can assert against Voice Signal a claim or claims that it has never before asserted, and not for the purposes of supporting any existing claim.

These facts establish that work product protection was waived, that there is no obligation to return the disputed document, that there has been a subject matter waiver, and that Voice Signal did not violate any court order.

    1.    <u>Work Product Protection</u>. It is undisputed that work product protection is lost if counsel discloses his own work product to an opposing party. Work product protection is designed to allow a lawyer to exclude opposing counsel from access to his or her thought processes. The protection is lost when counsel gives his work product to the opposing party's lawyer. Voice Signal's Opposition, pp. 5-6. First Circuit and Federal Circuit authority, and the decisions of this Court, establish that a waiver occurs regardless of whether disclosing counsel's conduct was "inadvertent." *United States v. Massachusetts Institute of Technology*, 129 F.3d 681, 687 (1st Cir. 1997); *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990); *Data General Corp. v. Grumman Systems Support Corp.*, 139 F.R.D. 556, 558-561 (D. Mass. 1991) (per Alexander, MJ.). ScanSoft makes no effort to distinguish these cases, or otherwise to suggest that they are inapplicable. They are controlling and dispositive of ScanSoft's motion. ScanSoft makes no response.

2.   <u>Subject Matter Waiver</u>.   Controlling authority also establishes that a waiver of a relevant privilege as to one document results in a subject matter waiver. All documents that address the same subject matter -- here, all ScanSoft documents that discuss the need for, or desirability of obtaining, Voice Signal's source code -- must now be produced. *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs*, 60, F.3d 867, 883-84 (1st Cir. 1995); s*ee* Voice Signal's Opposition at 10-12. ScanSoft does not deny that a waiver of privilege as to one document results in a subject matter waiver, and does not dispute Voice Signal's definition of the scope of the waiver. It does not address this issue in any way.

3.   <u>The Protective Order</u>.   Section 4 of the Protective Order, upon which ScanSoft relies, is inapplicable. It relates to the production of privileged information during discovery. See Voice Signal Opposition at 7 (quoting the Protective Order). It states that the "inadvertent production of information subject to… the work product immunity" will not result in a waiver. However, the relevant document was not produced in discovery. It was filed in court in the course of claim construction briefing. The filing in court of privileged or confidential documents is addressed in Section 14 (not Section 4) of the Protective Order. It allows certain documents to be filed under seal. The relevant document was not filed under seal. Section 14 of the Protective Order does not state (and, logically, could not state) that a privileged document, once filed in the public file of the court, retains its privileged status.

ScanSoft argues that the Protective Order governs information that is "disclosed," as well as documents that are produced. It suggests that privileges are not waived regardless of when or how privileged information is disclosed. ScanSoft's argument

proves much too much. It is correct that information "disclosed" in the course of discovery (*e.g.* at a deposition) may be deemed "Protected Information" under the Protective Order (Protective Order, ¶¶ 1(d), 3(d)). However, no similar protection applies to the contents of documents that are filed in the public record of the Court, or, for that matter, statements made -- information disclosed -- on the record in open court. Public disclosures of that type are never protected. The Protective Order is simply inapplicable to the present dispute.

    4.    <u>ScanSoft's Filing Of Work Product Was Not "Inadvertent"</u>. Even if the Protective Order were applicable to documents filed in court, it would not save ScanSoft in the present situation. The Protective Order requires the return of inadvertently produced documents. A production that is the result of gross negligence is not an "inadvertent" production. *VLT v. Lucent Technologies Inc.*, 2003 WL 151399 (D.Mass.) (Saris, J.).

    Voice Signal cited the *VLT* case in its Opposition, not because it is analogous on its facts, but because it establishes the principle that gross negligence is not "inadvertence." The factually analogous cases involve documents filed in court (as to which a high standard of care applies), where the privileged document is included among a relatively small number of documents being filed (thus, making it easy to review the filing in order to assure that no privileged document is being filed). These cases (cited in Voice Signal's Opposition at 9) hold that a waiver occurs when a privileged document is filed in court because counsel did not adequately review a filing before it was made.

    Finally, the explanation provided in ScanSoft's reply brief boils down to an admission (1) that counsel did not examine the four documents to be filed as attachments

to ScanSoft's '630 Markman brief when they were printed to begin the filing process; (2) that counsel's assistant did not examine the documents to be filed when they were scanned for filing; and (3) that counsel then "failed to review" the entire electronic file containing the four documents that he submitted to the court. Declaration of Jack E. Schecter, ¶¶ 6-8. The failure to review each of the documents that are to be filed in court to assure that they do not include privileged materials is gross negligence. Therefore, even if the Protective Order were applicable to documents filed in the public record of the court (it is not), it would not require the return of the relevant document in these circumstances.

## CONCLUSION

Work product protection has been waived with respect to the disputed document and its contents. A subject matter waiver resulted. The Protective Order is inapplicable to the filing of privileged documents in the public record; and, if it were applicable, it would not assist ScanSoft.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.
By its attorneys,


/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
Dated: July 8, 2005                                                    (617) 248-5000