UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC. | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) |
| Defendants. | ) |

**SCANSOFT, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DEPOSITION OF MANFRED G. GRABHERR AND FOR SANCTIONS**

**INTRODUCTION**

More than 16 months after commencing this case, ScanSoft, Inc. finally persuaded Voice Signal Technologies, Inc. ("VST") to produce Manfred G. Grabherr for his deposition. Dr. Grabherr is an individual defendant and former VST employee accused of misappropriating ScanSoft's valuable trade secrets. But, in violation of the discovery rules relating to deposition practice, VST's counsel, who also represents Dr. Grabherr, repeatedly coached the witness, interrupted the deposition, and improperly directed the defendant not to answer questions about relevant topics. VST's obstructionist tactics at the deposition stymied ScanSoft's discovery efforts. Thus, ScanSoft was unable to conclude the deposition. Accordingly, ScanSoft seeks an order from the Court (1) requiring Dr. Grabherr to appear for further examination, (2) ordering counsel for Dr. Grabherr to refrain from improper coaching and instruction not to answer questions, and (3) awarding ScanSoft reasonable costs and attorney's fees associated with further depositions of Dr. Grabherr as well as costs associated with filing the instant motion.

## BACKGROUND

ScanSoft first noticed Manfred G. Grabherr, an individual defendant accused of misappropriating ScanSoft's proprietary information, for a deposition on December 10, 2004. **Exhibit A** (Notice of Deposition of Manfred G. Grabherr). VST, a co-defendant and the party directing the defense, refused to produce him. ScanSoft noticed Dr. Grabherr again on February 1, 2005, to no avail; Dr. Grabherr did not appear. **Exhibit B** (Re-Notice of Deposition of Manfred G. Grabherr). When it became clear that VST had no intention of producing this defendant for a deposition, ScanSoft filed a motion to compel Dr. Grabherr's deposition. **Exhibit C** (ScanSoft Memorandum in Support of Motion to Compel Deposition of Manfred G. Grabherr [DN 192]). Only then, more than 6 months after Dr. Grabherr was first noticed, did VST agree to produce him.[1]

Consistent with previous misconduct during the depositions of Daniel Roth and Jordan Cohen,[2] however, VST's counsel, who also represents Dr. Grabherr, improperly prevented ScanSoft from obtaining answers to basic questions during the deposition of this defendant. Indeed, counsel improperly instructed the witness not to answer relevant questions, coached the witness how to answer questions, rephrased questions, and repeatedly interrupted the deposition. ScanSoft was ultimately forced to suspend the deposition and seek relief from the Court. In accordance with Local Rule 37.1(B), representative examples of misconduct are highlighted below and full texts of the deposition questions are attached as exhibits to the memorandum.

---

[1] VST attempted to renege on this agreement the day before Dr. Grabherr's deposition was scheduled, though ScanSoft had relied on the agreement and withdrawn its motion to compel. *See* **Exhibit D** (Letter from Rebecca L. Hanovice to Paul D. Popeo regarding request to postpone Dr. Grabherr's deposition)

[2] *See* ScanSoft, Inc.'s Motion to Compel Deposition Testimony and for Sanctions, filed April 8, 2005, for a description of counsel's misconduct during the depositions of Daniel Roth and Jordan Cohen.

## ARGUMENT

I.   **Counsel for Dr. Grabherr Improperly Instructed the Defendant Not to Answer Relevant Questions**

The federal rules state that counsel must avoid instructions not to answer during depositions, and courts regularly admonish counsel for making such instructions. *See* Fed. R. Civ. P. 30(d)(1); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175 (D. Mass. 1985) (Collings, M.J.) ("as a general rule, instructions not to answer are improper"); *Boyd v. University of Maryland Medical System,* 173 F.R.D. 143, 147 (D. Md. 1997) (instruction not to answer is presumptively improper).

Instructions not to answer are particularly egregious in the face of Court Orders that compel discovery of the very information deposing counsel seeks from a witness. In this case, the Court ordered VST

> . . . to produce <u>all documents</u> indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST.

March 30, 2005 Order of Magistrate Judge Joyce London Alexander (emphasis added). This Court endorsed Magistrate Judge Alexander's Order requiring VST to turn confidential documents (except source code) over to ScanSoft. Electronic Order of April 27, 2005.

It is unmistakable that this Court instructed the defendants to turn over <u>all</u> confidential information, including trade secret information. Nevertheless, despite this Court's Orders, counsel for Dr. Grabherr instructed the defendant not to answer any questions concerning the defendant's first year of work at VST that revealed confidential trade secret information:

> Q.  And how did the language model in the early ELVIS project . . . determine the probability?
>
> MR. POPEO:  Object to form of the question.

3

>THE DEPONENT: Determine the probabilities - -
>
>MR. POPEO: Object to form of the question. You may answer if your answer will not disclose a Voice Signal trade secret.
>
>BY MS. FLEMING: Let me just stop here for a moment if I can. Mr. Popeo, do I understand that you're instructing the witness not to disclose information that related to work that he did in the first year of his employment at Voice Signal Technologies?
>
>MR. POPEO: That wasn't my instruction.
>
>MS. FLEMING: What's your instruction just so that I'm clear?
>
>MR. POPEO: Sure. So we're all clear. The witness is free to testify about the work that he performed during the first 12 months after he was hired by Voice Signal. My only limiting instruction is that he not disclose during the course of his deposition a trade secret of Voice Signal. It's nothing more complex than that.

**Exhibit E** at 83-84. Counsel for Dr. Grabherr made the same improper instruction 11 additional times. **Ex. E** at 82, 92-94, 122, 130, 132, 133, 135, 136-137, 196, 211, and 212.

Counsel's instruction to Dr. Grabherr not to answer questions that relate to confidential information violates this Court's Orders. The Court expressly ordered VST to produce all information about work performed by the individual defendants during their first year of employment at VST. ScanSoft alleges that the defendants stole its trade secrets and used them to develop VST's ELVIS product. The Court's Orders allowing limited discovery of the work performed by the individual defendants at VST during their first year of employment cover confidential information, which must be disclosed. There is no basis for an instruction to the defendant not to disclose all of the work he engaged in during his first year of employment with VST. Such an instruction is a blatant violation of the Court's Order.

II.     **Counsel for Dr. Grabherr Improperly Coached the Defendant**

Counsel may not coach a witness at a deposition in order to mold a legally convenient record. *See Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co. Inc.,* 201 F.R.D. 33, 40 (D.

4

Mass, 2001) (Collings, M.J.) ("Counsel is not entitled to assist his witnesses during a deposition."); *Hall v. Clifton Precision*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) ("There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers"). Indeed, the Federal Rules of Civil Procedure require counsel to take a hands-off approach to defending depositions, and the courts enforce this approach. *See* Fed. R. Civ. P. 30(d)(1) ("Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner") (emphasis added); *see also Tuerkes-Beckers, Inc. v. New Castle Assocs.*, 158 F.R.D. 573, 574-575 (D. Del. 1993) ("Any statement of an objection should be concise, should not be argumentative, and should not suggest an answer or otherwise coach the witness").

Here, VST's counsel repeatedly coached Dr. Grabherr during the deposition in an attempt to steer his answers. Speaking objections and suggestive comments by VST's counsel run throughout the transcript. For example, when ScanSoft asked Dr. Grabherr about the employment contract he signed with Kurzweil, Lernout & Hauspie's ("L&H") predecessor, counsel put words in Dr. Grabherr's mouth, basically coaching Dr. Grabherr to answer that he does not remember:

> Q. Dr. Grabherr, do you recall the substance of the agreement that you signed with Kurzweil?
>
> MR. POPEO: Objection. You can answer, if you can.
>
> THE DEPONENT: I don't remember.
>
> \* \* \*
>
> Q. Did it contain any obligations to keep information confidential that you obtained in your employment with Kurzweil?

5

>MR. POPEO: Objection. Only if you remember.
>
>THE DEPONENT: I don't remember.

**Ex. E** at pp. 57-58. Similarly, when ScanSoft inquired about communications between the individual defendants during Dr. Grabherr's first year at VST, his counsel supplied an answer:

>Q. Putting aside the contents of this e-mail, did you communicate to Mr. Gillick any novel technical characteristics in the current implementation of ELVIS?
>
>MR. POPEO: If you recall, please.
>
>THE DEPONENT: I don't remember.
>
>BY MS. FLEMING: Q. Do you recall communicating to Mr. Gillick any novel ideas that would be important contributions to ELVIS?
>
>MR. POPEO: Objection. Only if you recall, please.
>
>THE DEPONENT: I don't remember.

**Ex. E** at 234-235. Shortly thereafter, when ScanSoft inquired about speech recognition software that Grabherr had access to at L&H, counsel for VST supplied an answer:

>Q. And personal digital assistants have technology for flash as well, don't they?
>
>MR. POPEO: Object to the form of the question. You may answer it, if you know.
>
>THE DEPONENT: I don't know.

**Ex. E** at 237.

Over and over, counsel suggested to the defendant that he could not answer ScanSoft's question, and the defendant inevitably answered the question with "I don't remember." Counsel's coaching of the defendant improperly interfered with the deposition and violated the deposition practice rules.

**III.    Counsel for Dr. Grabherr Made Frequent Speaking Objections and Improperly Interrupted the Defendant**

Interruptions and speaking objections, including "clarifications" by defending counsel, also constitute deposition misconduct. *Calzaturficio,* 201 F.R.D. at 40 (counsel employed improper deposition tactics when he "engaged in lengthy speaking objections and colloquies"); *see also Hall*, 150 F.R.D. at 530 n. 10 ("If the witness needs clarification, the witness may ask the deposing lawyer for clarification.  A [defending] lawyer's purported lack of understanding is not a proper reason to interrupt a deposition"); *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 303 (E.D. Mo. 1995) (sanctioning attorneys who repeatedly interpreted questions for their client at depositions); *Van Pilsum v. Iowa State University of Science and Technology*, 152 F.R.D. 179, 180-181 (S.D. Iowa 1993) (imposing sanctions for attorney's interruption of deposition to "clarify" questions and attacks on deposing counsel's character).

Here, counsel repeatedly employed speaking objections to rephrase questions or "clarify" them for the witness in an attempt to control or steer the deposition away from the course set by ScanSoft's counsel.  In fact, speaking objections by counsel for Dr. Grabherr appear on <u>nearly every page</u> of the deposition transcript.  For example, when ScanSoft asked Dr. Grabherr if he learned confidential techniques while at L&H, the following colloquy ensued:

BY MS. FLEMING: Q. Can you say it was confidential?

MR. POPEO: Were you informed that it was confidential?

MS. FLEMING:  Mr. Popeo, stop running this deposition or we will terminate it and go to the judge.

THE DEPONENT:  Sorry.  Say it again, please.

**Ex. E** at pp. 38-39.  Counsel's attempt to reframe the question and gain control over the deposition served only to confuse the witness, waste time, and interfere with ScanSoft's ability to conduct its inquiry.

Counsel for Dr. Grabherr employed similar tactics when Dr. Grabherr was asked about basic speech recognition techniques.  Again, counsel rephrased questions in an attempt to get the witness to answer his own questions instead of ScanSoft's:

> Q:  And how do you do that in speech recognition?  Do you use mathematical models to do that?
>
> MR. POPEO:  Objection.  How did he, in fact, do it at L&H?
>
> MS. FLEMING:  No, I'm asking how he did it in speech recognition.
>
> MR. POPEO:  If you can generalize you can answer the question.
>
> MS. FLEMING:  Mr. Popeo, I really would instruct you not to use speaking objections.  You know it's a violation of the rules.  You're entitled to put an objection on the record.  You're slowing down and impeding this deposition and you need to stop before we have to take a break and call the court.  It's inappropriate conduct.  You need to stop doing that, Mr. Popeo.
>
> MR. POPEO:  I don't agree with your assessment.

**Ex. E** at pp. 67-68.

Counsel for Dr. Grabherr also cut ScanSoft off during questioning and forced several breaks in the deposition:

> Q.  And so you would agree with me then that a desired goal of the work in speech recognition would be to reduce memory and at the same time increase accuracy; is that an accurate statement?
>
> MR. POPEO:  Object to the form of the question.  Compound.  Are you asking for him to generalize?
>
> BY MS. FLEMING: Q.  Do you understand the question?
>
> MR. POPEO:  Or at Lernout & Hauspie?

8

BY MS. FLEMING: Q.  Do you understand the question, sir?

A.  So you're asking about speech recognition in general?

Q.  Yes.

A.  Yes.  That would be the goal, to have something that uses virtually no memory, is infinitely accurate, and doesn't use CPU resources.  But in the real world -- I mean, one would like that, right.

Q.  So in terms of the minor modification that you made when you were at Lernout & Hauspie to the short list, that would be considered an improvement, wouldn't it?

MR. POPEO:  Object to the form.

THE DEPONENT:  Yeah.  It's an improvement.

MR. POPEO:  Let's take our first break.  We've been going for over an hour.  (Proceedings interrupted at 11:04 a.m. and reconvened at 11:14 a.m.)

\*   \*   \*

Q.  . . .  And you testified that you wrote the code for the module that searched the lexical tree at Voice Signal Technologies, correct?

A.  Yes.

Q.  Now, the next module –

MR. POPEO:  Let's take a break.

MS. FLEMING (to the deponent):  Do you need a break, sir?

MR. POPEO:  I need a break.  (Proceedings interrupted at 2:48 and reconvened at 2:57).

**Ex. E** at pp. 47-49, 192-193.  Counsel used these abrupt interruptions to interfere with ScanSoft's questioning and to prevent the deponent from responding.  Furthermore, counsel's insistence on these breaks consumed valuable time allocated for the deposition.

Ultimately, interruptions and commentary by Dr. Grabherr's counsel unnecessarily prolonged and obstructed the deposition and thwarted ScanSoft's efforts to obtain responses to relevant and proper questions.

### IV.    Counsel for Dr. Grabherr Should be Sanctioned and Further Examination of Dr. Grabherr Should be Ordered

The federal rules provide:

> [i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent, <u>it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney's fees incurred by any parties as a result thereof</u>.

Fed. R. Civ. P. 30(d)(3) (emphasis added); *see also American Hangar,* 105 F.R.D. at 178 (awarding costs and attorney's fees as sanction for opponent's deposition misconduct); Fed. R. Civ. P. 37(a) (authorizing sanctions for evasive or incomplete answers to deposition questions and permitting court to award costs and attorneys' fees incurred in moving to compel); *see also* 28 U.S.C. § 1927 (An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct").

Counsel's improper interruptions wasted valuable deposition time, and his speaking objections and coaching consumed over 800 lines of the deposition transcript. Counsel for Dr. Grabherr should be instructed to refrain from future deposition misconduct and Dr. Grabherr should be compelled to submit to further examination so that ScanSoft can obtain the discovery to which it is entitled. In addition, ScanSoft should be reimbursed for the attorneys' fees and costs associated with these depositions and with preparing this motion.

## **CONCLUSION**

For all of the foregoing reasons, this Court should order counsel for Dr. Grabherr to refrain from engaging in deposition misconduct, compel Dr. Grabherr to appear for further examination, and order appropriate sanctions, including the recovery of attorneys' fees, costs of the depositions, and costs and fees associated with preparing this motion.

Dated: July 8, 2005

SCANSOFT, INC.,
By its attorneys,


/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Lisa M. Fleming, BBO #546148
Erik Paul Belt, BBO #558620
Jack C. Schecter, BBO #652349
Rebecca L. Hanovice, BBO #660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
rhanovice@bromsun.com

02639/00509 414242.1