UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10353 PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR | ) | |
| | ) | |
| Defendants. | ) | |

**SCANSOFT, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER DEPOSITION OF MANFRED G. GRABHERR AND FOR SANCTIONS**

VST's Opposition is a tortured argument that it need not comply with the Court's unambiguous discovery Orders to produce *all* information indicating the work Dr. Grabherr performed for VST during his first year of employment with VST. By ignoring both the letter and spirit of the Court's Orders, VST attempts to justify Dr. Grabherr's outright refusal to answer questions which might reveal work he performed in speech recognition research and development during his first year at VST. Defendants' direct and willful violation of the Court's Order should be rejected, Dr. Grabherr should be ordered to appear for further deposition, and the defendants should be sanctioned for willfully disregarding the Court's Orders.

**I.   VST Must Produce Dr. Grabherr For Further Deposition And Permit Him To Answer Questions Concerning His First Year of Work at VST**

Despite a Protective Order in this case and the Court's explicit order directing defendants to produce information concerning Dr. Grabherr's first year of employment at VST, the defendants continue to stonewall discovery. In its Opposition, VST admits that it instructed Dr.

Grabherr not to answer questions that might reveal information about Dr. Grabherr's work during his first year of employment at VST. *Opposition* at 3. Counsel's instruction is improper in light of the Court's explicit discovery Orders.

First, the Court ordered VST to

> . . . produce all documents indicating the work that the individual defendants performed for VST for a period of one year following the commencement of their employment with VST.

*March 30, 2005 Order of Magistrate Judge Joyce London Alexander.* Second, in endorsing Magistrate Judge Alexander's Order, this Court ordered that

> All documents shall be produced to counsel for ScanSoft, but the source code itself shall be redacted.

*April 27, 2005 Order.*

In its Opposition, VST admits that "the Court ruled that ScanSoft was not entitled to discovery of Voice Signal <u>source code trade secrets</u>." (emphasis added). *Opposition* at 3. Yet, inexplicably, counsel for VST instructed Dr. Grabherr not to answer questions concerning the work he performed during his first year of employment at VST that had nothing at all to do with source code. **Exhibit A**, Grabherr Transcript at 82, 92-94, 122, 130, 132, 133, 135, 136-137, 196, 211, and 212. There is neither an express nor an implied limitation in the Court's Order for precluding the discovery of confidential information concerning the individual defendants' work during their first year of employment at VST. Nothing in the Court's Orders permit the defendants to refuse to answer questions which may elicit confidential work Grabherr performed at VST.[1]  VST's counsel had no basis to instruct Dr. Grabherr not to answer ScanSoft's

---

[1] VST cavalierly suggests that the Court's discovery order applies only to the production of documents and does not extend to deposition discovery. *Opposition* at 4. VST has taken a purposefully hairsplitting view of the Court's discovery order simply to stonewall.

2

questions, all of which sought information – other than source code – about his first year of work at VST.

## II. The Transcript Makes Clear That Counsel For VST Improperly Coached Dr. Grabherr

Massachusetts law prohibits counsel from manipulating the record by suggesting answers to a deposition witness. *Calzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co. Inc.,* 201 F.R.D. 33, 40 (D. Mass, 2001) (Collings, M.J.) ("Counsel is not entitled to assist his witnesses during a deposition."). Counsel is entitled to place an objection on the record, but is not permitted to make further statements that suggest the witness's response. *See, e.g., Damaj v. Farmer's Insurance Co., Inc.,* 164 F.R.D. 559, 561 (N.D. Okla. 1995) (ordering counsel to object in a "verbally economical" manner; "if the form of the question is objectionable, counsel should say nothing other than 'object to the form of the question.'"); *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 304 (E.D. Mo. 1995) (instructing counsel that "statements when making objections should be succinct, stating the basis of the objection and <u>nothing more</u>") (emphasis added).

In its Opposition, VST admits that it coached the witness at his deposition. *Opposition* at 5 (VST "counsel expressly instructed Dr. Grabherr to answer the question <u>if he could do so</u>"). There is no question that counsel for VST suggested to the witness that he did not know the answers to ScanSoft's questions and did so repeatedly. In fact, on several occasions throughout the deposition, counsel for VST suggested answers even when he did not object to the underlying question. **Exhibit A**, Grabherr Tr. at 46, 58, 128-129, 156-157, 208, and 313. Counsel's improper coaching typically sounded like the following:

> Q. Putting aside the contents of this e-mail, did you communicate to Mr. Gillick any novel technical characteristics in the current implementation of ELVIS?
>
> MR. POPEO: If you recall, please.

3

      THE DEPONENT:  I don't remember.

**Exhibit A**, Grabherr Tr. at 234-235.  Other examples of counsel's coaching run throughout the Grabherr deposition transcript.  *See id.* at  7, 13, 27, 43, 57, 58, 59, 61, 63, 112, 136, 139, 161, 164, 178-179, 183, 196, 197, 207, 214, 218, 222, 224, 226, 229, 230, 233, 237, 238, 239, 244, 248, 249, 250, 258, 266, 273, 276, 286, 298, 300, 301, and 303.

      Counsel's coaching of Dr. Grabherr improperly prevented ScanSoft from obtaining answers to its proper questions, and was clearly designed to interfere with ScanSoft's ability to conduct discovery.  VST should be sanctioned for its counsel's improper conduct.

## CONCLUSION

      For the reasons stated above, and those in ScanSoft's Memorandum in Support of Motion to Compel Further Deposition of Manfred G. Grabherr and for Sanctions, ScanSoft respectfully requests that this Court order Dr. Grabherr to appear for further examination forthwith and grant ScanSoft appropriate sanctions for VST's improper conduct and violation of this Court's discovery Orders.

Dated: July 28, 2005

SCANSOFT, INC.,
By its attorneys,

/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO #058480
Robert Asher, BBO #022865
Lisa M. Fleming, BBO #546148
Erik Paul Belt, BBO #558620
Jack C. Schecter, BBO #652349
Rebecca L. Hanovice, BBO #660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
rhanovice@bromsun.com

02639/00509 420751.1