UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants )<br>) | C.A. No. 04-10353-PBS |

**SCANSOFT'S MOTION TO STRIKE PROPOSED NEUTRAL EXPERTS
AND TO COMPEL VST TO
<u>COOPERATE IN THE SEARCH FOR A NEUTRAL EXPERT</u>**

Once again proving that Voice Signal Technologies' (VST's) objective is to stonewall discovery, VST has refused to cooperate in the court-mandated search for a neutral expert. Having lobbied for the use of a neutral expert in the first place (over ScanSoft's vigorous objections), VST should not be allowed to stonewall the process. Rather, this Court should compel VST to cooperate in the search for a qualified expert and, failing that, should appoint one of the names proposed by ScanSoft.

In particular, at the status conference on July 18, 2005, the Court directed the parties to contact one of the proposed neutral experts, Professor Woodland of Cambridge University in England, and, if he proved unacceptable, to confer and contact other candidates. The parties called Professor Woodland, but he proved to be unacceptable, as detailed in the accompanying

memorandum. ScanSoft thus invited VST to jointly contact additional candidates. VST rejected the invitation, however, essentially insisting that it be Woodland or nothing.

In addition, after further investigation, ScanSoft found that three other candidates on VST's list of proposed neutral experts--Jelinek, Morgan, and Wayne--have close ties to VST--ties that VST failed to disclose--and are thus unacceptable. Accordingly, ScanSoft additionally requests that these three candidates be excluded from further consideration.

ACCORDINGLY, for the reasons stated in the accompanying memorandum, and consistent with the Court's powers under Fed. R. Civ. P. 16 to regulate pretrial matters, ScanSoft respectfully requests that this Court compel consideration of additional candidates and exclude Drs. Woodland, Jelinek, Morgan, and Wayne from further consideration as neutral experts. ScanSoft also requests the Court to award ScanSoft its attorneys' fees, costs, and expenses incurred in connection with this matter.

## LOCAL RULES 7.1 AND 37.1 CERTIFICATE

I certify that, on August 11, 2005, counsel for the parties conferred by telephone in a good faith effort to resolve this dispute. The parties also conferred by e-mail over the course of several days and weeks, as detailed in the accompanying memorandum. But the parties were unable to resolve the issues.

Dated: August 12, 2005

SCANSOFT, INC.
By its attorneys,

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Tel: (617) 443-9292
Fax: (617) 443-0004
e-mail: ebelt@bromsun.com

02639/00509 424489.1