UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C.A. No. 04-10353-PBS |

DECLARATION OF PAUL F. WARE, JR.
IN OPPOSITION TO MOTION TO DISQUALIFY
GOODWIN PROCTER LLP

I, Paul F. Ware, Jr. depose and say the following, based on my personal knowledge.

1. I am a partner at Goodwin Procter LLP. I make this declaration in connection with the motion of Voice Signal Technologies, Inc. ("VST") to disqualify Goodwin Procter LLP from representing ScanSoft in the above-referenced case.

2. I participated in two meetings with VST in early 2004, when VST was interviewing Goodwin Procter LLP to decide whether to engage our firm as its counsel for the above-referenced case. I spent less time with VST than my partner, Tony Downs, and I do not believe that I was present at any meeting or participated in any conversation with VST when Mr. Downs was not also present.

3. I have read Mr. Downs' declaration submitted in connection with this case and believe it to be correct. I have no knowledge inconsistent with the statements made by Mr.

Downs. I have less knowledge concerning the issues that VST and Goodwin Procter discussed than Mr. Downs does; I believe that I did not participate in all of the discussions with VST that he did.

4. I made this declaration in order to confirm several particular points made by Mr. Downs. First, I neither stated nor implied at any point to VST that the attorney-client privilege covered or protected our conversations. In my mind we were still seeking to be retained by VST and had not in fact been retained. Conversely, I may have told VST that to the extent they provided confidential information to us as part of our initial discussion, in order to decide whether to retain us, we would keep that information confidential. I cannot recall any information provided by VST that would likely be confidential.

5. I do not recall any information provided by VST in our meeting or meetings that would at this point give Goodwin Procter or ScanSoft any advantage whatsoever in our participating in this litigation on behalf of ScanSoft.

6. I did not regard VST as a client of the firm. Goodwin Procter did not bill VST for the time spent in these initial conversations and I did not record any time spent on this matter.

7. I do not recall any request for legal advice or guidance, though like Mr. Downs I agree that as part of this "sales" effort, we undoubtedly did (as we would do in any case) provide some background about our experience in patent litigation, and tried to emphasize experience which might be most relevant to this potential client by explaining the normal steps taken and issues addressed in patent litigation, and the kinds of inquiries we would undertake were we to be retained. In particular, we would have talked generally about the possibility of establishing the invalidity of the patent. I recall as well a discussion that there were trade secret claims in the

2

case and that prior litigation and the settlement of that litigation needed to be explored to see if that settlement might raise defenses to, or might narrow, the trade secret claims.

8. I have no memory of any discussion of prior art, or of any discussion of the particular claims of the patent said to be infringed, or how of the VST products might or might not meet the claim terms of the patent. I recall no discussion of any future VST products, VST patents or "settlement strategies and Voice Signal's tolerance for settlement options."

9. If Goodwin Procter is not disqualified from the case, I plan to work on the case with my partner Douglas Kline. I do not plan to involve Mr. Downs in the case.

I declare under penalty of perjury that the foregoing is true and correct. Executed November 18, 2005.

                                                              _____
                                                                   Paul F. Ware, Jr.

LIBA/1643661.2