# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10353-PBS |

## AMENDED RESPONSE OF VOICE SIGNAL TECHNOLOGIES, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Voice Signal Technologies, Inc. ("VST") submits this amended response to plaintiff ScanSoft, Inc.'s First Set of Interrogatories (the "Interrogatories").

### GENERAL OBJECTIONS

1. VST objects to the "Definitions" and "Instructions" set forth in the Interrogatories to the extent that those definitions and instructions purport to impose obligations upon VST greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure.

2. VST objects to the definition of "VST Speech Recognition Product" set forth in the Interrogatories. For the purposes of these responses "VST Speech Recognition Product" shall mean only the user interface module of VST's Speech recognition products, and shall not include any speech engine associated with those products.

Lazay, Vice-President Product Management; Jan Panizar, Vice-President, Sales; Chris Reiner, Vice-President, Global Accounts; and Daniel Roth, President.

**Interrogatory No. 3:**

Identify every sale, license, distribution or transfer of VST Speech Recognition Product, including the recipient's name and address, the number of said products sold, licensed, distributed or otherwise transferred, the place of transfer, the amount of any remuneration therefor, profit/loss realized by Voice Signal thereon, and every document concerning same.

**Answer No. 3:**

VST objects to Interrogatory No. 3 on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects on the grounds that the parties have agreed to defer discovery relating to damages until after the summary judgment stage of the proceedings. Subject to and without waiving these objections or the General Objections set forth above, VST states that, to date, it has entered into license agreements with the following companies for its products: Curitel, Motorola, Panasonic, Samsung, Sendo and Palm.

**Interrogatory No. 4:**

State the gross revenue derived from, and profit/loss realized by Voice Signal for, the sale of each VST Speech Recognition Product in monetary value (e.g., U.S. dollars) and units of sales, from the date of first sale to the present, and identify every document concerning same and the persons with principal knowledge thereof.

**Answer No. 4:**

VST objects to Interrogatory No. 4 on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects on the grounds that the parties have agreed to defer discovery relating to damages until after the summary judgment stage of the proceedings. Subject to and without waiving these objections or the General Objections set forth above, VST refers to and incorporates by reference its response to Interrogatory No. 3.

communication, identify each document relating thereto, including but not limited to any opinions of counsel.

**Answer No. 12:**

VST objects to Interrogatory No. 12 on the grounds that it is vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects to Interrogatory No. 12 on the grounds that it seeks discovery of information protected from disclosure by the attorney-client privilege and/or work-product privilege.

**Interrogatory No. 13:**

State the basis for the contention in Voice Signal's first affirmative defense and first counterclaim that it has not infringed or induced infringement of the '966 Patent, and for each VST Speech Recognition Product, identify separately (i) each reason said product or service does not infringe any valid claim of the patent-in-suit, and, (ii) for each claim of the patent-in-suit, each reason why said product or service does not contain every element of the claim literally or by doctrine of equivalents, and for each reason provided in your answer to parts (i) and (ii) of this interrogatory, state the full particulars of all facts concerning said reason (including identification of each element or limitation of the claims in the patent-in-suit allegedly not included in each VST Speech Recognition Product), and identify (a) the statutory, regulatory or other provision relating thereto, (b) each person with knowledge concerning said reason, (c) each document concerning said reason, and (d) each communication between Voice Signal and any other person concerning said reason.

**Answer No. 13:**

VST objects to Interrogatory No. 13 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST further objects to providing a claim analysis as to any VST Speech Recognition Product unless and until ScanSoft has made a specific and reasonable allegation that the particular VST Speech Recognition Product infringes the particular claim. (Under no circumstances should VST's production of responsive information concerning any VST Speech Recognition Product or claim be deemed an admission by VST that ScanSoft states a reasonable basis for alleged infringement.) VST further objects to Interrogatory No. 13 on the grounds that it is premature, as the Court has scheduled a claim construction hearing which is not to be held until May 26,

2005. Subject to and without waiving the foregoing objections or the General Objections set forth above, VST will provide responsive information with respect to allegedly infringing VST Speech Recognition Products sold on or after December 31, 2002 once ScanSoft provides specific and reasonable basis for alleged infringement, and adequate confidentiality protections have been established with respect to such information.

By way of further response, VST states that its Speech Recognition Products do not infringe any claim of the '966 patent for at least the following reasons: (1) no VST Speech Recognition Product uses a speech recognition method for a mobile telecommunication system; (2) no VST Speech Recognition Product is a system associated with a mobile telecommunication switch.

VST expressly reserves its right to supplement this interrogatory answer at an appropriate time.

**Interrogatory No. 14:**

If Voice Signal contends that any claim or portion thereof of the patent-in-suit is limited by its terms, by the prior art, by amendments made to the claims, and/or by assertions or representations made by the United States Patent and Trademark Office during the prosecution of the underlying patent application, for each such contention identify separately each reason for Voice Signal's contention, state the basis for each such reason, and for each such reason identify (a) each person with knowledge concerning said reason, (b) each document concerning said reason (including but not limited to each prior publication and each patent relating to said reasons), and (c) each communication between Voice Signal and any other person concerning said reason.

**Answer No. 14:**

VST objects to Interrogatory No. 14 on the grounds that it is vague, ambiguous, and is premature, as discovery has only begun in this matter (ScanSoft has yet to identify which claims it believes are infringed or why it believes that any such claim is infringed), and a claim construction hearing is not scheduled for the '966 patent until May 26, 2005. VST further objects to Interrogatory No. 14 to the extent it seeks the disclosure of the thought process of

11

duplicative of other Interrogatory Requests. VST further objects to Interrogatory No. 17 on the grounds that it improperly calls for a legal conclusion, seeks disclosure of the thought process of counsel, or otherwise seeks discovery of information protected from disclosure by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections or the General Objections set forth above, VST refers ScanSoft to its Answers Nos. 13, 14, 15 and 16.

**Interrogatory No. 18:**

State the basis for Voice Signal's second counterclaim (infringement of U.S. Patent No. 6,594,630), identify each ScanSoft product or process that you contend infringes any claim of the '630 Patent, and for each such product or process, provide an infringement claim chart that identifies and explains how each element of each asserted claim is met by said product or process, including but not limited to whether the alleged infringement is literal or by the doctrine of equivalents, and state for each asserted claim whether you contend the alleged infringement is direct or by active inducement or by contributory infringement. If you allege the claim includes elements subject to 35 U.S.C. § 112(6), identify the "corresponding structure, material, or acts described in the specification" and explain, for each such element, why the "corresponding structure, material, or acts described in the specification" are the same as, or equivalent to, specifically identified "structure, material, or acts" in the accused product(s). Identify the nature and amount of damages which Voice Signal has allegedly suffered in connection with ScanSoft's alleged conduct giving rise to that claim, identify all documents concerning the facts stated or identified in your answer to this interrogatory, and identify all persons having knowledge of such facts.

**Answer No. 18:**

VST objects to Interrogatory No. 18 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST also objects on the grounds that Interrogatory No. 18 is premature since information responsive to this interrogatory is in the possession, custody or control of ScanSoft, and ScanSoft has yet to produce documents in this matter. Subject to and without waiving the forgoing objections or the General Objections set forth above, VST states that, based on currently available information, such as ScanSoft's marketing material, presentation material and website, at least the ASR-1600, ASR-3200, VoCon 3200 and VoCon SF products infringe, both literally and under the doctrine

14

of equivalents, one or more claims of the '630 patent. VST reserves the right to supplement this response and/or to add additional claims as discovery in this case continues. Based upon currently available public information, ScanSoft's infringement of independent claims 7 and 16 of the '630 patent (depicted in the claim chart below) is representative:

| Claim | '630 Patent | Accused Product |
|---|---|---|
| 7. | A method of activating an electrical device through at least one audio command from a user, the method comprising the steps of: | ScanSoft's infringing products activate an electrical device through voice commands (product literature available in ScanSoft's web site describes its automated speech recognition ("ASR") products as controlling devices, such as wireless phones, automobile electronics, and automated banking machines, through voice commands). |
| | recording speech recognition data having a command word portion and a pause portion, each of the speech recognition data portions being at least one syllable in length; | ScanSoft's infringing products recognize speech utterances which, on information and belief, work due to a command word portion and a pause portion and in which the command word portion and the pause portion are at least one syllable in length. |
| | receiving at least one audio command from a user, the at least one audio command having a command word portion and a pause portion, each of the audio command portions being at least one syllable in length; | ScanSoft's infringing products receive audio commands from a user, which, on information and belief, have a command word portion and a pause portion, and in which the command word portion and the pause portion are at least one syllable in length |
| | comparing said command word portion and said pause portion of said at least one received audio command with said command word portion and said pause portion, respectively, of said speech recognition data; | ScanSoft's infringing products compare speech commands with acoustic models for speech and pause. |
| | generating at least one control signal based on said comparison; | This recited claim step refers to generating a result from the comparison of the previous step; ScanSoft's infringing products generate at least one control signal based on the comparison of |

15

| | | |
|---|---|---|
| | | speech commands and acoustic models. |
| | controlling power delivered to an electrical device in response to said at least one control signal for operating the electrical device in response to said at least one received audio command; | ScanSoft's infringing products control power to an electrical device based upon the results of the comparison of the received audio command and the acoustic models. |
| | analyzing the pause portion of the received audio command for spectral content; and | On information and belief, ScanSoft's infringing products analyze the spectral content of the pause portions during commands in order to determine the spectral content of such portions. |
| | preventing operation of the electrical device when the spectral content is dynamic. | On information and belief, ScanSoft's infringing products prevent operation of the electrical device if the pause portion during, before or after a command has dynamic content indicating noises or other events. |
| 16. | A method of activating an electrical device through at least one audio command from a user, the method comprising the steps of: | ScanSoft's infringing products activate an electrical device through voice commands (product literature available in ScanSoft's web site describes its automated speech recognition ("ASR") products as controlling devices, such as wireless phones, automobile electronics, and automated banking machines, through voice commands). |
| | recording speech recognition data having a command word portion and a pause portion, each of the speech recognition data portions being at least one syllable in length; | ScanSoft's infringing products recognize speech utterances which, on information and belief, work due to a command word portion and a pause portion and in which the command word portion and the pause portion are at least one syllable in length. |
| | receiving at least one audio command from a user, the at least one audio command having first and second command word portions and a first, second and third pause portion, each of the audio command portions being at least one syllable in length, said second pause portion having one syllable in duration before said first command word portion and said third pause portion having one | ScanSoft's infringing products can receive multi-word audio commands from a user. Each audio command is at least one syllable in length. On information and belief, there may be pauses before, during and after a multi-word command utterance, the length of these pauses consistently exceeds one syllable in length. |

| | | |
|---|---|---|
| | syllable in duration after said second command word portion; | |
| | comparing said command word portion and said pause portion of said at least one received audio command with said command word portion and said pause portion, respectively, of said speech recognition data; | ScanSoft's infringing products compare speech commands with acoustic models for speech and pause. |
| | generating at least one control signal based on said comparison; | This recited claim step refers to generating a result from the comparison of the previous step; ScanSoft's infringing products generate at least one control signal based on the comparison of speech commands and acoustic models. |
| | controlling power delivered to an electrical device in response to said at least one control signal for operating the electrical device in response to said at least one received audio command. | ScanSoft's infringing products control power to an electrical device based upon the results of the comparison of the training word(s) and the received audio command (the at least one control signal from the previous step). |

ScanSoft also infringes claims that depend from claims 7 and 16.

**Interrogatory No. 19:**

Separately identify each and every claim of the '630 Patent that you allege is infringed by ScanSoft, and provide a detailed claim interpretation for each limitation of each such claim, including, for any elements alleged to be expressed in means plus function language provided for by 35 U.S.C. § 112 ¶ 6, the corresponding structure, material or acts disclosed in the specification of the patent in suit and all equivalents thereof. Provide in detail all support for each interpretation including, but not limited to, references to column and line number of the patent specification, references to specific elements in the figures, references to page and paragraph of the prosecution history, and references to any other fact or contention in support of that interpretation. Separately identify each and every person who has personal knowledge or information about each of the facts set forth in response to this interrogatory, the individuals whom you believe to be most knowledgeable about the subject matter of this interrogatory and each and every document and thing which in any way supports each part of your answer in response to this interrogatory.

**Answer No. 19:**

VST objects to Interrogatory No. 19 on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. VST

As to objections:

*[signature: Paul Popeo]*

Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Paul E. Bonanno (BBO No. 646838)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART
Exchange Place/53 State Street
Boston, MA 02109
(617) 248-5000

*Attorneys for Voice Signal Technologies, Inc.*

Dated: February 4, 2005
3794240_1.DOC

20