UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
-----------------------------------
SCANSOFT, INCORPORATED,         :   Civil Action
                Plaintiff       :   No. 04-10353-PBS
                                :
        V.                      :   Courtroom No. 19
                                :   1 Courthouse Way
VOICE SIGNAL TECHNOLOGIES, INC.:    Boston, MA 02210-3002
ET AL,          Defendant       :   2:30 p.m., Monday
-----------------------------------  July 18, 2005
```

Status Conference

Before:   THE HONORABLE PATTI B. SARIS,
          UNITED STATES DISTRICT JUDGE

APPEARANCES:

Bromberg & Sunstein, LLP,
  (by Lee Carl Bromberg, Esq. and Lisa M. Fleming, Esq.
  and Erik Paul Belt, Esq.)
  125 Summer Street, Boston, MA 02110-1618,
  on behalf of the Plaintiff.

Choate, Hall & Stewart,
  (by Robert S. Frank, Jr., Esq. and Sarah C.
  Columbia, Esq.),
  53 State Street, Exchange Place, Boston, MA 02109,
  on behalf of the Defendant.

Marie L. Cloonan
Official Court Reporter
1 Courthouse Way - Suite 5209
Boston, MA 02210-3002 - (617)439-7086
Mechanical Steno - Transcript by Computer

8

1    But, if you want to go to him, go to him, if he's
2  willing to commit to coming here and explaining this to me.
3       Now, I've got a very vigorous protest from ScanSoft
4  that at some point, whoever this neutral arbiter is can't be
5  the judge and jury about discovery.  I think that's fair
6  enough.  But, it's got to be enough to explain to me why he
7  -- since there are no shes -- why he believes that either
8  there's a prima facie case of a trade secret violation or
9  there isn't.
10      And, accordingly, if he thinks there's a prima
11 facie case of a trade secret violation, we have discovery.
12 If he thinks there isn't, at that point I'm going to have to
13 hear about the appropriate procedure.  Then, he'll have to
14 explain why not in a way that you and your independent
15 experts can look at it.  Because, I -- and, then, I'll just
16 have to make a decision --
17      MR. BROMBERG:  Your Honor, we --
18      THE COURT:  -- as to whether or not the discovery
19 should go forward.
20      And, I think briefs should be filed under seal with
21 him to explain what the basic contentions are or he won't
22 understand it.
23      MR. BROMBERG:  That's right. We agree with that,
24 your Honor.  And, we did file a proposed procedure.  We
25 just file that --

1  think, that if we just drop down on an expert two sets of
2  source code and ask him to wade through that, that will be
3  beneficial to the defendant, but it will simply lead to
4  another round of proceedings.
5       The second thing is, we believe that if they will
6  say what it is that they are looking for, that we should
7  have an opportunity to demonstrate to the expert, and
8  ultimately to you, that whatever it is, it is public domain
9  material.
10      THE COURT:  Well, let me say this.  It's the same
11 complaint he essentially has, which is understandable.  You
12 don't want this expert, particularly one who may not fully
13 understand American law, to determine it.  He's not a
14 mediator or a fact finder or a master.  I hear both of you.
15 He's essentially -- that's why I thought last time we agreed
16 he would essentially serve as an independent expert to me --
17      MR. FRANK:  Right.
18      THE COURT:  -- so that I could make decisions.
19 And, I think that's fair.  You can make an argument and you
20 can make an argument.  And, I may end up disclosing to your
21 experts whatever was said with a protective order not to
22 disclose it to the inside people on both sides.  Because,
23 don't forget, this expert is going to help me with your
24 claims, too.  So, it goes both ways.
25      I think it's -- you've got to put to him what the

1    THE COURT: Ex parte. Because, otherwise, you get
2 an access to what it is -- the basic thing that I'm saying
3 you shouldn't get unless I have --
4    MR. FRANK: Your Honor, essentially what they're
5 going to do is tell the expert what they think are the trade
6 secrets we have taken. That's what they should legitimately
7 be saying to the expert. There is no reason why they should
8 not say that in a form that we can see it. And, no reason
9 why we should not be able to respond.
10    THE COURT: I disagree with that. But, I do agree
11 it should be on the record. It may well be that they say:
12 Here's our source code. We think that they took these
13 snippets of it. And, that's the kind of thing you should
14 not have access to.
15    MR. FRANK: If I --
16    THE COURT: And, vice versa.
17    You know, I'm trying to -- this is what I'm going
18 to do. No discussions with the expert, except on the
19 record. It can be ex parte, if that's what the expert
20 wants. If the expert prefers just written questions, so be
21 it. But, every discussion should be on the record. And, if
22 there's any challenge later on, it will be there, sealed, in
23 my files.
24    I'm going to want to talk to him, just to explain
25 it to me, whether there's a conclusion that -- and, there

1  does not have to be proof beyond a reasonable doubt, proof
2  by clear and convincing evidence or even proof by a
3  preponderance of the evidence. There just has to be a prima
4  facie case on either of your claims, enough to trigger
5  discovery. So, it isn't a huge burden on either side, but
6  neither can it be a fishing expedition.
7      I think -- I sort of leave it up to this gentleman
8  what procedure he'd find the most helpful.
9      But, at the end of the day, he's my independent
10 expert, and I just need to have someone explain to me
11 whichever conclusion he's written. And, I should write a
12 little, you know, opinion, briefly, you know, either
13 agreeing or not agreeing with what he's done.
14     And, I imagine each of your experts, one side or
15 the other, may well disagree with it. And, I'll have to
16 listen to what the disagreement is just so that it's fair.
17     Now, it turns into a procedural nightmare, simply
18 because I understand it means turning over your most highly
19 sought-after confidential information. It should be --
20 aren't we doing it two ways? This is a two-edge sword, both
21 sets of claims. So, one side might be happy and not the
22 other side.
23     Now, once I agree to turn over all this stuff or
24 not turn it over -- if I turn it over, it would only be to
25 counsel the outside experts, not to the inside people.

1       THE COURT: If you heard judges comment during --
2  it's very funny, our view on means plus function, how much
3  we love those kind of things.
4       (Laughter.)
5       THE COURT: Have a nice vacation for those who are
6  going there. And, I hope not to see you again. Just try to
7  get someone who can talk to me in a way that I'll
8  understand, so I'll recognize his speech.
9       (Whereupon the hearing was concluded.)
10
11
12                          CERTIFICATE
13
14      I, Marie L. Cloonan, Official Reporter of the
15  United States District Court, do hereby certify that
16  the foregoing transcript, from Page 1 to Page 20,
17  constitutes to the best of my skill and ability a true
18  and accurate transcription of my stenotype notes taken
19  in the matter of Civil Action No. 04-10353-PBS,
20  ScanSoft, Inc. v. Voice Signal Technologies, Inc.,
21  et al.
22
23                          ----*Marie L. Cloonan*----
24
25