**CHOATE DRAFT**
**12/05/05**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants. | ) | |

### [PROPOSED] NEUTRAL EXPERT PROCEDURE

At the *Markman* hearing on June 17, 2005, and thereafter, this Court directed the parties to select a neutral expert to assist the Court by (1) examining the parties' confidential, proprietary speech recognition source code (as further defined below); and (2) reporting to the Court whether the materials examined contain substantial evidence of a *prima facie* case that VST misappropriated ScanSoft trade secrets and/or that ScanSoft is infringing or has infringed VST's U.S. Patent No. 6,594,630 ("the '630 patent").

The parties have now agreed on Dr. Hermann Ney as a neutral expert, and he has agreed to serve. Accordingly, the Court orders that the following neutral expert procedure be followed in this case.

1.  The Court hereby appoints Dr. Ney as a neutral expert (the "Neutral Expert") to assist the Court in this case.

2.  The Neutral Expert will be bound by this Court's Protective Order and will sign the confidentiality undertaking included therein. The Neutral Expert will not use or disclose any

4016512v1

confidential materials provided to him, including any source code, or any insights gained from it, except for the purposes of this action.

3. The Neutral Expert will bill his time at an agreed rate ($2,000/day), and the parties will each pay 50% of his fees and expenses in this engagement.

4. At issue is whether certain speech recognition products developed, marketed, and sold/licensed by VST incorporate or rely on trade secrets misappropriated from ScanSoft's predecessors-in-interest, Dragon Systems, Inc. and/or Lernout & Hauspie relating to: (1) techniques for duration modeling of speech; (2) methods for organizing, categorizing and interpreting word sequence hypothesis; (3) speech recognition architecture, including acoustic matching, phoneme look ahead, lexical tree pre-filtering, word matching and scoring via router; (4) language model implementation; (5) mixture models consisting of phoneme elements and genomes and the probabilities assigned to each sound; and (6) methods for using look up tables for score computation and other purposes. Also at issue is whether certain speech recognition products developed, marketed, and sold/licensed by ScanSoft infringe certain claims of the '630 patent.

5. The term "VST Source Code" means the source code (including header and include files) reflecting or constituting work performed at VST by the Individual Defendants (Messrs. Gillick, Roth, Yamron and Grabherr) during the twelve month period after each left his employment at Lernout & Hauspie.

6. The term "ScanSoft Source Code" means (a) the source code (including header and include files) for Dragon NaturallySpeaking and Voice Xpress (which are the software programs identified by ScanSoft as embodying the trade secrets it alleges to have been misappropriated) as it existed as of the date of departure of each Individual Defendant from his employ at L&H; and

4016512v1

(b) the source code (including all header and include files) for the ScanSoft speech recognition software alleged to infringe the '630 patent, which VST has identified as VoCon 3200, VoCon SF, ASR 1600, and ASR 3200.[1]

7. Within thirty (30) days of the entry of this Order, VST shall produce to the Neutral Expert the VST Source Code and ScanSoft shall produce to the Neutral Expert the ScanSoft Source Code.

8. The VST Source Code and ScanSoft Source Code shall be produced on an electronic medium (e.g. cd or dvd) in a form that is readable and computer searchable. The Neutral Expert may use whatever software tools he deems appropriate to review the source code. The VST Source Code and ScanSoft Source Code should be accompanied by documentation, comments or files sufficient to facilitate the Neutral Expert's review and analysis of the source code. The parties shall make available to the Neutral Expert such further information as he may reasonably request for the purpose of conducting his assignment.

9. The VST Source Code and ScanSoft Source Code will be designated as "Highly Confidential" under this Court's protective order but with the additional provision that only the Neutral Expert may have access to the VST Source Code and ScanSoft Source Code and any related descriptive materials that may be supplied to the Neutral Expert by the parties, pursuant to Paragraph 8 above.

10. Within thirty (30) calendar days after the entry of this Order, each party shall provide to the Neutral Expert and opposing counsel and file with the Court a brief outlining that party's relevant contentions in this case and setting forth the questions that each party seeks to have the Neutral Expert answer. In particular, ScanSoft's submission shall identify to the

---

[1] In considering VST's claim that ScanSoft infringes the '630 patent, the Neutral Expert shall limit his review to those versions of ScanSoft's accused speech recognition engine source code made, used, sold and/or offered for sale

3

Neutral Expert the particular lines or segments of its Dragon NaturallySpeaking and Voice Xpress source code which embody the trade secrets that it alleges were misappropriated by VST, to wit, in the following identified categories: (1) techniques for duration modeling of speech; (2) methods for organizing, categorizing and interpreting word sequence hypothesis; (3) speech recognition architecture, including acoustic matching, phoneme look ahead, lexical tree pre-filtering, word matching and scoring via router; (4) language model implementation; (5) mixture models consisting of phoneme elements and genomes and the probabilities assigned to each sound; and (6) methods for using look up tables for score computation and other purposes. VST's submission shall identify the particular limitations in the claims of the '630 patent which it believes require the Neutral Expert's attention. All briefs shall be filed with the Court under seal and will be designated as "Highly Confidential" under the Protective Order--that is, shared only with the Neutral Expert, outside counsel and outside experts for each party.

    11. Following the filing of the briefs of Paragraph 10 above and prior to performing the analysis set forth in Paragraph 12 below, the parties shall have an opportunity, at the Neutral Expert's convenience, to meet with the Neutral Expert in person or by telephone for the purpose of discussing his assignment and clarifying any issues associated therewith. The meetings may be *ex parte* if so requested by the Neutral Expert or may be held with outside counsel for both parties. All meetings and conversations with the Neutral Expert, whether *inter parties* or *ex parte* (with the exception of purely administrative discussions, such as for scheduling a meeting) shall be recorded by a licensed court reporter provided by the parties. The Neutral Expert may request follow-up meetings or information as needed to complete his assignment.

    12. The Neutral Expert shall compare the lines or segments of source code identified by ScanSoft pursuant to paragraph 10 above to the VST Source Code and shall make an initial

---

after July 15, 2003, the date that the '630 patent issued.

determination whether (1) there is any substantial evidence that VST copied or is using any portion of the identified Dragon NaturallySpeaking source code; and (2) if so, whether that portion is protectible as a trade secret, *i.e.* whether it is something that was, in fact, secret (not otherwise known or available to the public, including but not limited to availability via the GNU General Public License or other open source license). The Neutral Expert shall also review the '630 patent and review the ScanSoft source code for its VoCon 3200, VoCon SF, ASR 1600, ASR 3200 software and make an initial determination whether there is any evidence of infringement of the '630 patent.

13. After receiving all briefings and presentations, and after a sufficient period of review, the Neutral Expert shall issue a draft of his report to the parties and to the Court. The draft report shall be designated as "Highly Confidential" and may be disclosed only to outside counsel for the parties and their outside experts and, with respect to any portion of the report that identifies a trade secret the Neutral Expert believes may have been used by VST and the Individual Defendants. Within thirty (30) days after receipt of the draft report, each party shall submit to the Neutral Expert. The brief in response to the draft report may include supporting documentation in the form of declarations and/or exhibits. The Neutral Expert shall review and consider the parties' briefs in response to his draft report and then finalize and issue his report under seal to this Court with copies to the parties. The parties may thereafter submit to the Court briefs and supporting materials commenting on, challenging, or supporting the report. All such briefs will be due within twenty-one (21) calendar days after the Neutral Expert issues his final report. The parties may request in their briefs that the Court hear oral argument regarding the Neutral Expert's report. The Court may also consult with the Neutral Expert in person or by phone.

4016512v1

14. When the Neutral Expert issues his final report, he shall also sign an affidavit or declaration stating that he has not contacted the parties or witnesses (other than outside counsel of record and/or the Court) in any impermissible manner and has otherwise followed the procedures set forth above.

15. The Court may consult with the Neutral Expert at any time for any purpose.

16. After consulting with the Neutral Expert and considering the parties' briefs, if any, supporting, challenging or characterizing the Neutral Expert's report, the Court shall issue such further order regarding discovery and other matters as the Court deems appropriate.

SO ORDERED

_____
Patti D. Saris, District Court Judge

Dated: _____, 2005

4016512v1