**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCANSOFT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10353 PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF SCANSOFT'S MOTION TO**
**COMPEL PRODUCTION OF COMPLETE "FIRST YEAR" SOURCE CODE**
**AND FOR SANCTIONS**

Consistent with its longstanding practice of stonewalling discovery, Voice Signal

Technologies ("VST") has again violated this Court's discovery orders. Specifically, VST has

refused to produce to ScanSoft and the neutral expert, Dr. Ney, its complete and unredacted "first

year" source code for the ELVIS, VSuite, Voice Mode, and VoiceTag products. Accordingly, as

detailed below, this Court should compel VST's compliance with the Court's previous orders or,

alternatively, sanction VST for contempt.

**BACKGROUND FACTS**

**I.   THE COURT ORDERED VST TO PRODUCE ITS "FIRST YEAR" SOURCE**
**     CODE**

On December 29, 2005, this Court ordered VST to produce the following documents to

ScanSoft and to Dr. Ney:

1.    Complete and unredacted "VST Source Code."  The term "VST Source Code" includes source code for the ELVIS and VSuite products.  Order of December 29, 2005 [DN 320], ¶ 7.

2.    All source code and documents "created and/or modified by . . . the individual defendants Gillick, Roth, Yamron and Grabherr during their first full year of work at defendant VST, in complete and unredacted form." *Id.* at ¶ 9.

3.    All documents relating to the work of the individual defendants "during their first full year of work regardless of when the documents were authored" (the "first year documents"). *Id.* at ¶ 9.

Almost a month later, after VST engaged in considerable foot-dragging and filed an "overwrought" motion for reconsideration, the Court reiterated its first order and instructed VST to produce all first year documents "forthwith."  Order of January 20, 2006 [DN 328] at ¶ 1. Nearly a week passed before VST produced less than one box of documents and a laptop containing an old version of the VST source code.  Review of these materials, however, shows that VST has not complied with this Court's two orders.  VST has not produced the entire VST source code developed during the first year of the individual defendants' employment at VST.

## II.    VST DID NOT PRODUCE A COMPLETE COPY OF ITS "FIRST YEAR" SOURCE CODE

On January 27, 2006, VST delivered a laptop containing what it described as "first year source code data."  **Exhibit A,** Declaration of M. Brad Lawrence at ¶ 3.  ScanSoft's designated counsel, M. Brad Lawrence, booted up the computer to review the source code.  Attorney Lawrence noticed that there were only three folders, one for each of the individual defendants

2

Robert S. Roth, Jonathan P. Yamron, and Manfred G. Grabherr.  There was no folder associated with defendant Laurence S. Gillick.  *Id.* at ¶ 4.

Attorney Lawrence then opened the first folder of source code and began searching through its directory of subfolders.  He found that he had to search through many directory levels before he found any documents--most of the subfolders were empty.  *Id.* at ¶ 5.  He also found that, although certain source code documents (known as "include" commands) listed files entitled "stdlib.h," "vstfile.h," and "vstverb.h," these files were missing from the source code.  *Id.* at 8.  In short, VST did not produce the full source code for the first year of the individual defendants' employment.

VST introduced its ELVIS speech recognition engine during the individual defendants' first year.  Indeed, ScanSoft alleges that "[s]hortly after the Scientists [i.e., the individual defendants] were hired by VST, the company announced the introduction of VST's Embedded Large Vocabulary Interface System ("ELVIS") in a press release on September 6, 2001."  Amended Answer [D.N. 24] at ¶ 30.  Although VST introduced a complete software product during the individual defendants' first year, it produced to ScanSoft and to Dr. Ney only snippets of the source code for this product. [1]

Clearly, the individual defendants worked on all facets of ELVIS and other VST Source Code.  Indeed, in documents that VST just produced on Friday, February 10, 2006, one of the individual defendants, Roth, claims to have worked on and rewritten most of the code in the ELVIS recognizer during his first year.  The individual defendants also worked on other VST

---

[1] VST's failure to produce its first year source code contrasts sharply with ScanSoft's production of the complete source code of its four accused products, ASR 1600, ASR 3200, VoCon 3200, and VoCon SF.  *See* **Exhibit B**, Correspondence from Rebecca L. Hanovice to opposing counsel at Choate, Hall & Stewart enclosing technical documents and source code.

source code projects, such as VoiceTag. Accordingly, VST cannot truthfully argue that the individual defendants worked on just isolated parts of the VST Source Code. Clearly, they worked on all of it. But VST did not produce all of the code.

## ARGUMENT

In early 2005, the Court issued several orders directing VST to produce documents reflecting the work of the individual defendants during their first full year at VST. *See* transcript of March 16, 2005 hearing at 17-19; Electronic Order of March 30, 2005; Electronic Order of April 27, 2005. Only after ScanSoft filed a motion to compel, however, did VST produce a small set of heavily redacted e-mails amounting to less than three pages per week for each of the individual defendants. None of these documents contained source code.

Now, after more than eight months of discovery standstill, VST has again been directed to produce first year documents and source code to ScanSoft and to Dr. Ney. The Court twice ordered VST to produce all source code and documents "created and/or modified by . . . the individual defendants Gillick, Roth, Yamron and Grabherr during their first full year of work at defendant VST, in complete and unredacted form" and all documents relating to the work of the individual defendants "during their first full year of work regardless of when the documents were authored." Order of December 29, 2005, at ¶ 9 and Order of January 20, 2006, at ¶ 1. As explained below, the source code that VST did produce does not meet the Court's orders.

## I.     VST SHOULD BE COMPELLED TO PROVIDE THE COMPLETE FIRST YEAR SOURCE CODE FOR EACH OF THE ACCUSED PRODUCTS

This Court ordered VST to produce the "VST Source Code" and "all header and include files" for its accused products in "complete and unredacted" form. Order of December 29, 2005 at ¶¶ 5 and 7. Yet Attorney Lawrence has, for example, identified several "include" files used by the source code that are missing from VST's January 27 production, not to mention numerous

empty subfolders. In other words, the VST Source Code produced to ScanSoft and to Dr. Ney is not complete. It is heavily redacted. Such omissions show that VST's production violates the Court's December 29 order.

## II.    VST MUST PRODUCE ALL FIRST YEAR SOURCE CODE FILES REGARDLESS OF WHO AUTHORED THEM

VST is obligated to produce all First Year Documents "relating to the work of these defendants during their first full year of work regardless of when the documents were authored." Order of December 29, 2005, at ¶ 9 (emphasis added). Attorney Lawrence, however, found that the snippets of code that VST did produce was limited to those files created by the individual defendants. **Exhibit A** at ¶ 7. The individual defendants created code for the ELVIS and VSuite products during their first year at VST, so the remaining first year source code for these products clearly "relates to" the defendants' work, even if this code was authored by other programmers. Indeed, the documents that VST just produced on February 10, 2006, prove that the individual defendants directly worked on or supervised the creation of the entire ELVIS recognizer, not just isolated parts of it. Therefore, VST should have produced all of the source code that it created during the first year, even if the individual defendants did not directly author the lines of code.

Basically, VST has read the Court's orders too narrowly. Clearly, this Court intended that VST produce the entire source code from the first year of the individual defendants' employment at VST. We know that VST introduced to the public at least the ELVIS product during that first year and worked on other products. Presumably, VST did not release to its customers only those source code files directly authored by Messrs. Yamron, Roth, and Grabherr. So VST should produce the complete code to Dr. Ney and ScanSoft.

### III.    DR. NEY SHOULD BE GIVEN THE COMPLETE RECORD

The Court carefully explained in the December 29th order that VST must produce its "complete and unredacted" source code. *Id.* at ¶ 7.  Read in combination with the January 20th order, which requires that VST produce all first year documents "forthwith," the only reasonable interpretation is that VST should produce its entire first year source code.

Without the entire source code for the first year, ScanSoft fears that the neutral expert, Dr. Ney, will not have the complete record.  VST's interpretation of the Court's orders is unworkable because it undermines the Court's attempt to provide Dr. Ney with the information he will need to report on ScanSoft's trade secrets claim.  Dr. Ney should not be forced to review VST's first year source code in its incomplete form.  By removing all files authored by individuals other than the four individual defendants, VST has rendered the source code unintelligible.  In effect, VST has removed all verbs from a sentence but expects Dr. Ney to understand the meaning of that sentence without the verbs.

VST's "current source code" is the only category that the Court has held back from production under the January 20th order.  Accordingly, VST must produce all source code from the first full year of the defendants' work, regardless of who created or modified it.

### CONCLUSION

Dr. Ney should have the complete record so that he can evaluate ScanSoft's trade secret claims.  ScanSoft therefore respectfully requests that this Court compel VST to produce to Dr. Ney and ScanSoft the first year VST Source Code, complete and unredacted.  ScanSoft further requests that the Court sanction VST for contempt of the Court's December 29th and January 20th orders.

Dated:  February 14, 2006

SCANSOFT, INC.,
By its attorneys,


/s/ Rebecca L. Hanovice
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
Courtney M. Quish, BBO # 662288
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 14, 2006.


/s/ Rebecca L. Hanovice
Rebecca L. Hanovice


02639/00509  465851.1

7