UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C. A. No. 04-10353-PBS |

**MEMORANDUM IN OPPOSITION OF SCANSOFT'S MOTION TO COMPEL PRODUCTION OF COMPLETE "FIRST YEAR" SOURCE CODE AND FOR SANCTIONS**

Voice Signal Technologies, Inc. ("Voice Signal") hereby submits its Opposition to ScanSoft's Motion to Compel Production of Complete "First Year" Source Code and for Sanctions.

Voice Signal has fully complied with this Court's December 29, 2005 Neutral Expert Procedure, as modified by the Court in its January 20, 2006 Order. ScanSoft's present complaints really go to the scope of the Court's Order, not to the adequacy of Voice Signal's production. It should have been filed as a request for modification of the Court's Order, not as a motion to compel. Furthermore, the Motion and the accompanying Declaration of M. Brad Lawrence (the "Lawrence Declaration") make several misstatements about Voice Signal's production that illustrate either ScanSoft's failure to carefully assess the materials that Voice Signal has produced or its attempt to mischaracterize those materials to the Court.

1

4049088v1

### I. Voice Signal has Complied with the Court's Order.

In its January 20 Order, the Court stated:

> I order that all first year documents shall be produced forthwith so that the Expert may begin his task. The Expert shall then meet with the parties and determine what portions of the current source code are necessary for his evaluation of ScanSoft's trade secrets claim.

January 20, 2006 Order, p. 1.

"First year documents" are defined in paragraph 9 of the Neutral Expert Procedure. They are:

> all VST Source Code created and/or modified by, and all documents authored by the individual defendants Gillick, Roth, Yamron and Grabherr during their first full year of work at defendant VST, in complete and unredacted form (hereafter collectively the "First Year Documents").

Neutral Expert Procedure, ¶ 9.

On its face, the Court's definition of "First Year Documents" plainly only refers to (1) VST Source Code that was created and/or modified by the individual defendants; and (2) documents authored by the individual defendants in their first full year of work. All such source code and documents have been produced in its complete and unredacted form.[1] *See* Declaration of Don McAllaster, (McAllaster Decl.) ¶ 3. Paragraph 12 of the Neutral Expert Procedure also calls for Voice Signal to produce all documents "relating to the work of these defendants during their first full year of work regardless of when the documents were authored." This is *not* part of the definition of first year documents. However, Voice Signal has, *in fact*, produced to the Neutral Expert and to ScanSoft's designated counsel both source code and documents reflecting

---

[1] A small number of documents were redacted for attorney-client privileged material.

work done by any of the individual defendants during their first full year of work at Voice Signal.

In short, Voice Signal has produced to Dr. Ney and to ScanSoft everything conceivably called for in the category of "First Year Documents." The source code has been produced in unredacted form, organized according to the individual defendant who created or modified it. The documents authored by the individual defendants and/or "relating to their work" have also been produced. As the Court anticipated in its January 20, 2006 Order, it may be that Professor Ney believes he needs more of Voice Signals' source code to perform his assignment. The attorneys for both parties are scheduled to meet with Professor Ney in Boston on March 24, 2006. One purpose of that meeting is to give Professor Ney the opportunity to request more information, including source code, if he feels he needs it.

## II.   ScanSoft's Complaints and Allegations are Unfounded.

ScanSoft also erroneously asserts that the source code Voice Signal has produced is incomplete. ScanSoft's Motion and the declaration of its designated counsel (Brad Lawrence) reflect either a lack of understanding of source code in general or an attempt to mislead the Court as to what Voice Signal has produced.

ScanSoft complains that some folders are "empty." Voice Signal produced the source code that was created and/or modified by the individual defendants, together with the directory structure in which it is maintained in at Voice Signal. McAllaster Decl., ¶5. It is not unusual to see "empty" folders in a source code directory structure. *Id.* In fact, ScanSoft's own production of source code contains more than 100 "empty" folders and files in its directory structure. *See* Declaration of Christopher J. McKenna (McKenna Decl.) ¶ 3. Voice Signal provided both the Neutral Expert and ScanSoft with the directory structure to enable them to see the big picture

within which the produced source code fits.[2]  *Id.* ¶5.  Many of the folders and subfolders that are part of this directory are made up entirely of source code that was neither created by nor modified by the individual defendants.  *Id.*   Voice Signal did not remove any source code from its production.  Rather, it produced the source code it was ordered to produce.

ScanSoft also complains that several "include" files are "missing" from Voice Signal's production.  As an example, ScanSoft identified an include file titled "stdlib.h."  That file is a standard software development file.[3]  It is installed on virtually every computer to be used in a development environment.  It is pre-installed by either the hardware provider (such as Dell) or the provider of the C compiler used to write the code.  McAllaster Decl., ¶8.  The "stdlib.h" file was not written by any of the individual defendants or anyone at VST.  *Id.*  ScanSoft also complains that two additional include files were missing from the laptop provided.[4]   These files were not modified or created by any of the individual defendants  McAllaster Decl., ¶9.

ScanSoft erroneously asserts that (a) Voice Signal offered its "ELVIS" speech recognition for sale in the first year; and (b) Voice Signal did not produce the complete ELVIS product (as it existed in the first year).  The ELVIS system, while demonstrated during the first year (as defined in the Neutral Expert Procedure), was not released to any customers during that year.  McAllaster Decl., ¶6.  In any event, Voice Signal produced the complete the source code for the ELVIS "demo" system as it existed during the first year.  It is part of the source code of Manfred Grabherr.  McAllaster Decl., ¶6.

---

[2] This is akin to providing a full table of contents for an anthology.  *Id.* ¶5.  In addition, it was necessary to produce the source code in this directory structure to avoid the collision of files with the same names.  *Id.*
[3] ANSI C standard X3.159-1989, which is an ANSI standard for C programming language.
[4] Surprisingly, ScanSoft names those files in its Motion and Declaration, despite the fact that that information is "source code" and therefore Highly Confidential material that should have been filed under seal.  Voice Signal alerted ScanSoft that it had violated the protective order by citing source code information without filing the Motion and Declaration under seal and has asked ScanSoft to withdraw its Motion and Declaration and refile redacted versions electronically.  ScanSoft has taken the position that the information included in its Motion and Declaration do not constitute source code data.

4049088v1

ScanSoft alleges that all of the individual defendants must have worked on "all of the source code" at VST, but provides no explanation for this wildly conclusory assumption. ScanSoft asserts that Robert Roth stated (in a document not identified by ScanSoft) that he rewrote "most of the code in the ELVIS recognizer during his first year," (ScanSoft Motion, p. 3). Dr. Roth did spend significant time in his first year working on the speech decoder for the ELVIS demo. McAllaster Decl., ¶7. All files that Dr. Roth worked on during the first year have been delivered to ScanSoft. The same is true for each of the other individual defendants.[5]

Finally, in paragraph 7 of his Declaration, Mr. Lawrence states that "when I read the headers for each file, I found that all of the files were created or 'owned' by one of the individual defendants."[6] This statement is simply incorrect. First, not all files have an owner or author in the Voice Signal header information. McAllaster Decl., ¶10. The header of each file may list both the "owner" of the file (the person who created the file) and the person who last modified the file. *Id*. There are multiple files that were produced to Dr. Ney and to ScanSoft's designated counsel for which the owner and author of the file are different from the particular defendant whose code is being provided in that directory tree. *Id*. For example, in the folder containing source code for Dr. Roth, 54% of the files have an "owner" who is not one of the four individual defendants. *Id*.

---

[5] ScanSoft points out that there are no source code files for defendant Larry Gillick. As Voice Signal's counsel has told ScanSoft's counsel, Dr. Gillick does not create or modify source code in his job at Voice Signal.

[6] Mr. Lawrence also complains that none of the source code produced has a date later than 2002. That is because under the Court's definition of "First Year Documents" Voice Signal was required to produce the source code that was created and/or modified by the individual defendants in their first year of employment, which for all four defendants ended in 2002.

6

## **CONCLUSION**

For the foregoing reasons, ScanSoft's Motion to Compel and for Sanctions should be denied.

Respectfully submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By its attorneys,

/s/ Wendy S. Plotkin
Robert S. Frank, Jr. (BBO No. 177240)
Sarah Chapin Columbia (BBO No. 550155)
Paul D. Popeo (BBO No. 567727)
Wendy S. Plotkin (BBO No. 647716)
CHOATE, HALL & STEWART LLP
2 International Place
Boston, MA  02110
Dated: February 28, 2006            (617) 248-5000

4049088v1