UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants )<br>) | C.A. No. 04-10353-PBS |

**SCANSOFT'S OPPOSITION TO VOICE SIGNAL'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING THE NEUTRAL EXPERT PROCEDURE**

Voice Signal Technologies ("VST") belatedly seeks yet another clarification of this Court's neutral expert procedure order. This Court should deny VST's motion for any of three independent reasons. First, the Court's order is unambiguous and requires no clarification. Indeed, the order is consistent with this Court's reasoning for using a neutral expert in the first place. Second, VST could have raised this issue previously, long before the parties prepared their briefs. ScanSoft wrote its briefs with the Court's orders in mind. ScanSoft should not now be forced to reconfigure its briefs after the fact. Third, VST's proposal is just one more example of its stonewalling and preference for arguing procedural details rather than the merits of the case. In other words, VST now realizes that it does not like the very neutral expert procedure it proposed and thus wants to change the rules of the game. VST's serial motions for clarification just serve to dilute the neutral expert procedure and to delay the process. Accordingly, this Court should send VST the clear message that it should (a) adhere to this Court's orders or (b) abandon its pretexts for withholding source code and, instead, proceed to the merits of the case.

### A. THE COURT'S ORDER IS UNAMBIGUOUS

The Court's order regarding the exchange of briefs in the neutral expert procedure is unambiguous and thus requires no clarification. The relevant provision reads as follows:

> 12. Within twenty-one (21) calendar days after receiving the other party's Source Code, the First Year Documents, and the Technical Documents, as specified in Paragraphs 5 through 10 above, each party shall produce to the Expert and opposing counsel a brief outlining that party's contentions in this case and guiding the Expert's review of the other party's Source Code, First Year Documents, and Technical Documents. All briefs will be designated as "Highly Confidential" under the Protective Order--<u>that is, shared only with the Expert and the designated opposing counsel and concurrently filed under seal with the Court.</u>

Neutral Expert Procedure dated December 29, 2005.

The words "shared only with the Expert and the designated opposing counsel" could not be more clear. That clear directive is consistent with the rest of the paragraph <u>and</u> with the rest of the Neutral Expert Procedure. Indeed, Paragraph 11 specifies that the parties' respective source code be designated as "Highly Confidential" but "with the additional provision that only the designated outside counsel of record and the Expert may have access to the VST Source Code and ScanSoft Source Code." Thus, contrary to VST's contention, the term "Highly Confidential," in relation to source code, applies only to the designated counsel and Expert. In this case, the briefs cite directly to the parties' source code and thus should obviously be shared only with the designated counsel. That is exactly how the order reads, and any other interpretation would be a strained one.

Finally, this Court was undoubtedly conscious of the need to protect the parties' valuable trade secret source code when the Court wrote the order. Indeed, at the status conference last summer to discuss the procedure, this Court emphasized that the briefing should be ex parte:

2

>       THE COURT:  Ex parte.  Because, otherwise, you get an access to what it is -- the basic thing that I'm saying you shouldn't get unless I have --
>
>       MR. FRANK:  Hour Honor, essentially what they're going to do is tell the expert what they think are the trade secrets we have taken.  That's what they should legitimately be saying to the expert.  There is no reason why they should not say that in a form that we can see it.  And, no reason why we should not be able to respond.
>
>       THE COURT:  I disagree with that.  But, I do agree it should be on the record.  It may well be that they say: Here's our source code. We think that they took these snippets of it.  And, that's the kind of thing you should not have access to.

**Exh. A**, Transcript (excerpts) of Status Conference of July 18, 2005, at 13.

The trade secrets brief in particular says exactly what this Court predicted--*i.e.*, "Here's [ScanSoft's] source code.  We think that [VST] took these snippets of it."  Accordingly, in keeping with the unambiguous wording of the Court's order and with the Court's comments when VST challenged the scope of disclosure, this Court should not expand the disclosure of the briefs beyond the one designated counsel on each side.

## B.     VST'S MOTION IS TOO LATE AND PREJUDICES SCANSOFT

VST first sought clarification of the neutral expert procedure in a motion filed on January 11, 2006. *See* Docket Number 324.  The Court denied VST's motion, labeling VST's argument as "overwrought."  Order of January 20, 2006.  VST surely could have raised this issue regarding exchange of the neutral expert briefs then but chose to wait until after the fact--*i.e.*, after the briefs had already been delivered to the expert, Professor Ney, and served on each party's designated counsel.

Specifically, the parties filed the briefs under seal with the Court and delivered the briefs to Professor. Ney on February 24, 2006, as required under the time table set forth in the procedure.  VST then waited until three business days after ScanSoft had already submitted its

briefs to file its motion. Meanwhile, ScanSoft prepared its briefs for consumption by Professor Ney and the one designated counsel. ScanSoft did not prepare its briefs with a view towards easy redaction. The trade secrets brief in particular contains extensive disclosure of ScanSoft's source code and trade secrets intertwined with argument. Indeed, the bulk of the brief incorporates references to ScanSoft's trade secrets. Thus, redaction will not be easy, and any redacted brief would be of little use to VST's lawyers. Accordingly, this Court should not hear VST's belated motion.

### C.  VST IS EXPLOITING ITS STONEWALLING ONCE AGAIN

VST is once again challenging steps of the neutral expert procedure, even though VST proposed the use of a neutral expert to begin with. Now that VST realizes that the neutral expert procedure is not working out as it had hoped, it wants to change the rules of the game. In short, VST is arguing about procedural details strictly to distract attention from the merits of the case. That is stonewalling.

In seeking to modify the Neutral Expert Procedure, VST is attempting to exploit its stonewalling. This Court should not tolerate such tactics. More specifically, in defiance of this Court's explicit Neutral Expert Procedure order, VST continues to provide only pieces of its source code, not the entire code. VST's violation is further discussed in ScanSoft's *Motion to Compel Production of Complete "First Year" Source Code and for Sanctions* and the supporting memorandum, dated February 14, 2006 [D.N. 333 and 334]. In contrast, ScanSoft has fully complied by providing (a) the ENTIRE source code for the four ScanSoft speech recognition engines accused of infringing VST's '630 patent and (b) a detailed description of the trade secrets believed to have been exploited by VST. Accordingly, VST seeks to exploit its stonewalling tactics by attempting to gain access to ScanSoft's full disclosure of its trade secrets

4

in exchange for ScanSoft designated counsel getting to review only isolated pieces of the VST Source Code. That is not a fair trade.

As this Court knows, ScanSoft protested using a neutral expert to resolve the long-running dispute over discovery of the source code. But once the Court indicated that it wanted the procedure, ScanSoft participated fully and complied in every respect. Ironically, however, VST's proposed clarification would eliminate the very protections VST sought when it first proposed a neutral expert procedure. That is, VST now wants the briefs citing ScanSoft's valuable trade secrets to be viewed by <u>everyone</u> (including, theoretically, VST's own speech recognition scientists and software programmers). If that is the case, why not just eliminate the neutral expert procedure altogether and open up discovery? If the source code information contained in the briefs can be shared with everyone, and not just with the designated attorney on each side, then there really is no need for a neutral expert to help resolve the discovery battle.

Of course, this Court can still keep Prof. Ney on hand to advise it on the technology, as needed, but can leave him out of the discovery dispute. Instead, if VST is truly serious that everyone should see the briefs containing source code information, then this Court should simply order production of the entire compliment of VST Source Code to ScanSoft's litigation team and leave it to the advocacy system (the lawyers and independent experts on each side) to make the case for trade secrets theft and/or infringement.

## CONCLUSION

For the preceding reasons, this Court should deny VST's motion and leave the Neutral Expert Procedure as is. Alternatively, if VST is serious that all members of the parties' respective litigation teams (and potentially the parties themselves) should have access to the briefs, then this Court should eliminate the costly neutral expert procedure and open up discovery to the parties, under the strictures of the protective order in this case.

Dated: March 6, 2006

SCANSOFT, INC.,
By its attorneys,

/s/ Erik P. Belt
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Rebecca L. Hanovice, BBO # 660366
Courtney M. Quish, BBO # 662288
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
e-mail: ebelt@bromsun.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 6, 2006.

/s/ Erik P. Belt
Erik Paul Belt

02639/00509 472156.1