# EXHIBIT A

Case 1:04-cv-10353-PBS    Document 344-2    Filed 03/06/2006    Page 1 of 7

```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF MASSACHUSETTS

---------------------------------
SCANSOFT, INCORPORATED,          :    Civil Action
             Plaintiff           :    No. 04-10353-PBS
                                 :
      V.                         :    Courtroom No. 19
                                 :    1 Courthouse Way
VOICE SIGNAL TECHNOLOGIES, INC.: :    Boston, MA 02210-3002
ET AL,                           :    2:30 p.m., Monday
             Defendant           :    July 18, 2005
---------------------------------
```

                          Status Conference


Before:         THE HONORABLE PATTI B. SARIS,
                UNITED STATES DISTRICT JUDGE




APPEARANCES:

Bromberg & Sunstein, LLP,
   (by Lee Carl Bromberg, Esq. and Lisa M. Fleming, Esq.
   and Erik Paul Belt, Esq.)
   125 Summer Street, Boston, MA 02110-1618,
   on behalf of the Plaintiff.

Choate, Hall & Stewart,
   (by Robert S. Frank, Jr., Esq. and Sarah C.
   Columbia, Esq.),
   53 State Street, Exchange Place, Boston, MA 02109,
   on behalf of the Defendant.


                        Marie L. Cloonan
                     Official Court Reporter
                  1 Courthouse Way - Suite 5209
               Boston, MA 02210-3002 - (617)439-7086
                 Mechanical Steno - Transcript by Computer

```
 1   is in transit.
 2            But, why don't we do this.  I think it is
 3   appropriate to have something in writing from both sides,
 4   asking him the questions.  If you want to, and he's willing
 5   to spend the time doing it, each side might have an ex parte
 6   briefing with him.  But, it's got to be questions that are
 7   written and in the record so that I know exactly what he's
 8   addressing and, then, he needs to be able to talk to me ex
 9   parte, to be able to explain to me what his written report
10   means.
11            MR. FRANK:  Your Honor, I completely agree that the
12   expert should be able to talk to you ex parte.
13            I further agree that you ought to be able to ask
14   the question -- lay questions to the expert so that you can
15   form an intelligent decision.
16            But, I strongly object to any ex parte discussion
17   between the expert and either one of us.  Because, I do not
18   believe that this is proceeding in good faith.
19            They have produced a document indicating that they
20   want to look for a source code or at a source code for
21   reasons that have nothing to do with trade secrets, that had
22   to do with setting up a separate claim against the --
23            THE COURT:  Well, why don't we just put it on the
24   record?
25            MR. FRANK:  Fine. Your Honor, we --
```

1      THE COURT: Ex parte. Because, otherwise, you get
2  an access to what it is -- the basic thing that I'm saying
3  you shouldn't get unless I have --
4      MR. FRANK: Your Honor, essentially what they're
5  going to do is tell the expert what they think are the trade
6  secrets we have taken. That's what they should legitimately
7  be saying to the expert. There is no reason why they should
8  not say that in a form that we can see it. And, no reason
9  why we should not be able to respond.
10     THE COURT: I disagree with that. But, I do agree
11 it should be on the record. It may well be that they say:
12 Here's our source code. We think that they took these
13 snippets of it. And, that's the kind of thing you should
14 not have access to.
15     MR. FRANK: If I --
16     THE COURT: And, vice versa.
17     You know, I'm trying to -- this is what I'm going
18 to do. No discussions with the expert, except on the
19 record. It can be ex parte, if that's what the expert
20 wants. If the expert prefers just written questions, so be
21 it. But, every discussion should be on the record. And, if
22 there's any challenge later on, it will be there, sealed, in
23 my files.
24     I'm going to want to talk to him, just to explain
25 it to me, whether there's a conclusion that -- and, there

1  does not have to be proof beyond a reasonable doubt, proof
2  by clear and convincing evidence or even proof by a
3  preponderance of the evidence.  There just has to be a prima
4  facie case on either of your claims, enough to trigger
5  discovery.  So, it isn't a huge burden on either side, but
6  neither can it be a fishing expedition.
7        I think -- I sort of leave it up to this gentleman
8  what procedure he'd find the most helpful.
9        But, at the end of the day, he's my independent
10 expert, and I just need to have someone explain to me
11 whichever conclusion he's written.  And, I should write a
12 little, you know, opinion, briefly, you know, either
13 agreeing or not agreeing with what he's done.
14       And, I imagine each of your experts, one side or
15 the other, may well disagree with it.  And, I'll have to
16 listen to what the disagreement is just so that it's fair.
17       Now, it turns into a procedural nightmare, simply
18 because I understand it means turning over your most highly
19 sought-after confidential information.  It should be --
20 aren't we doing it two ways?  This is a two-edge sword, both
21 sets of claims.  So, one side might be happy and not the
22 other side.
23       Now, once I agree to turn over all this stuff or
24 not turn it over -- if I turn it over, it would only be to
25 counsel the outside experts, not to the inside people.

1      MR. FRANK: Yeah. We're a long way from that. I
2  believe we'll never get there.
3      THE COURT: Okay. You may be right.
4      MR. FRANK: I believe, and I repeat, that the
5  expert -- that we should be given an opportunity to
6  demonstrate that whatever it is that's said to be a trade
7  secret isn't a trade secret at all, but is publicly
8  available. And, I would be pleased to have your Honor have
9  the assistance of an independent expert to judge that.
10 Because, candidly, none of us -- your Honor, myself -- I
11 couldn't tell you what's -- I could not look at this stuff
12 and tell you what's in the public domain.
13     But, I want you to have expert assistance to
14 determine, A, what's being -- whether stuff is being used
15 and, B, if it's being used, if it's just stuff that people
16 in this field know how to do or whether it's some secret in
17 fact.
18     And, I would urge you to take expert -- whatever
19 expert assistance you want on both those questions.
20     THE COURT: Okay.
21     Now, on the other questions, I did get supplemental
22 -- why don't you all try and reach that guy from Great
23 Britain in the next week or two, work down the list and
24 confer.
25     Should I just have another status in case it all

20

1   THE COURT: If you heard judges comment during --
2   it's very funny, our view on means plus function, how much
3   we love those kind of things.
4       (Laughter.)
5   THE COURT: Have a nice vacation for those who are
6   going there. And, I hope not to see you again. Just try to
7   get someone who can talk to me in a way that I'll
8   understand, so I'll recognize his speech.
9       (Whereupon the hearing was concluded.)

CERTIFICATE

I, Marie L. Cloonan, Official Reporter of the
United States District Court, do hereby certify that
the foregoing transcript, from Page 1 to Page 20,
constitutes to the best of my skill and ability a true
and accurate transcription of my stenotype notes taken
in the matter of Civil Action No. 04-10353-PBS,
ScanSoft, Inc. v. Voice Signal Technologies, Inc.,
et al.

*/s/ Marie L. Cloonan*