## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| SCANSOFT, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| | ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., | ) | |
| LAURENCE S. GILLICK, ROBERT S. | ) | |
| ROTH, JONATHAN P. YAMRON, and | ) | |
| MANFRED G. GRABHERR, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### SCANSOFT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF VST'S COMPLETE "FIRST YEAR" SOURCE CODE

Voice Signal Technologies ("VST") has advanced an unreasonable interpretation of the Court's order that VST produce First Year Source Code. In advancing this position, VST admits that it has not complied with the Court's Order to produce First Year Source Code. VST's misconduct violates both the letter and spirit of the Court's discovery orders and should be sanctioned.

**I.    VST Admits It Has Not Complied With the Court's December 29, 2005, and January 20, 2006, Orders to Produce First Year Source Code.**

In its opposition brief, VST admits that it has withheld numerous folders and subfolders that make up the First Year Source Code. *See Opposition* [D.N. 342] at 4. VST has taken an extreme position by narrowly interpreting the Court's order to produce only certain portions of First Year speech recognition source code that were directly modified or created by the individual defendants Gillick, Roth, Yamron and Grabherr. VST's unreasonably narrow interpretation of the Court's orders--selecting only portions

of VST First Year Source Code--severely impedes the Neutral Expert's ability to determine whether ScanSoft's trade secrets are used in VST's source code. *See* December 29, 2005 Order at 8 (¶ 15) ("[T]he Expert shall issue a draft of his report to the parties, and make proposed findings of fact as to whether (1) there is reason to believe that VST copied or is using a portion of the identified Dragon Naturally Speaking of Voicexpress Source Code; (2) whether that portion is a trade secret,...").

In sharp contrast to VST's unreasonable position, and in accordance with the Court's orders to produce source code to the Neutral Expert and to VST's designated counsel, ScanSoft produced the complete source code for the four products VST accuses of infringement. The complete source code provided to VST allows both the Neutral Expert and VST's designated counsel to read, search, and execute source code for ScanSoft's products. ScanSoft's interpretation of the Court's discovery orders must be as the Court intended – to produce complete source code to assist the Neutral Expert and designated opposing counsel to review and analyze the evidence relevant to the parties' claims. On the other hand, VST's narrow interpretation of the Court's orders cannot be what the Court meant.

**II.    Despite VST's Assertions to the Contrary, VST Possesses Complete Source Code for its ELVIS Speech Recognition Engine During the First Year of the Individuals' Employment.**

On September 6, 2001--during the first year of employment for each of the individual defendants--VST announced its public demonstration of a "real-time, large-vocabulary, speech recognition solution capable of running on a handheld computer or mobile phone." **Exh. 1**, ELVIS Press Release dated September 6, 2001. By its own admission, VST demonstrated software, based on source code, for its speech recognition

engine.   Despite the existence of complete code, however, VST refuses to produce that source code in defiance of the Court's unambiguous order that VST produce First Year source code.  VST takes the absurd position in its opposition that because ELVIS was not actually released to customers at the time of the press release,  it has no complete ELVIS code to produce.   That ELVIS was not released to customers in 2001 is irrelevant to whether VST had complete source code at the time and hence irrelevant to whether it has complete First Year Source Code now.   All of the source code--not just the few modules actually produced--are subject to production under the Court's orders.

**III.    VST Admits to the Existence of Source Code Folders Not Delivered to the Neutral Expert or ScanSoft's Designated Counsel.**

In its opposition, VST admits that there are a number of folders and subfolders contained in its source code that it has not produced. *See Opposition* at 3 ("Voice Signal produced the source code that was created and /or modified by the individual defendants. Many of the folders and subfolders…are made up entirely of source code that was neither created nor modified by the individual defendants.')[1]   VST takes the position that it need only produce those folders identifying the individual defendants as "owners" or "authors" of portions of the source code.   For example, VST states that "in the folder containing source code for individual defendant Roth, 54% of the files have owners who are not the individual defendant."  *Opposition* at 5.   Thus, VST by its own admission has withheld

---

[1] Even in the face of its own documents that prove the existence of the individual defendants' work on the source code, VST refuses to produce those source code files. For example, VST complains that ScanSoft's Memorandum in Support of its Motion to Compel First Year Source Code did not identify the particular document evidencing Defendant Roth's work on source code.  These documents are identified by **Bates numbers VST 06990; VST 05354-05355.**  ScanSoft did not include these documents in its Memorandum so as to avoid filing of Motion under seal.  In any case, VST should certainly be aware that the documents it produced to ScanSoft contain evidence of the individual defendants' work on the source code.

*more than half* the files contained in defendant Roth's' source code files. VST should be ordered to produce <u>all</u> folders and subfolders in the "folder containing source code for individual defendant Roth" and all folders contained in the source code for the other individual defendants.

### CONCLUSION

VST's unreasonably narrow reading of the Court's Order to produce First Year Source Code is simply more evidence of its stonewalling in the face of this Court's unambiguous discovery orders. Indeed, if the Neutral Expert is to do his job and assist the Court with its understanding of the technology in this case, the Expert should have access to all the relevant discovery of ScanSoft's trade secret claim and not just what VST decides the Neutral Expert should receive. Accordingly, ScanSoft respectfully requests that the Court order VST to comply with the Court's December 29, 2005 and January 20, 2006 Orders and produce the <u>complete</u> First Year Source Code for its speech recognition engines.

Dated:  March 7, 2006

SCANSOFT, INC.,
By its attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg, BBO # 058480
Lisa M. Fleming, BBO # 546148
Erik Paul Belt, BBO # 558620
Rebecca L. Hanovice, BBO #660366
Courtney Quish, BBO # 662288
M. Brad Lawrence, BBO # 641400
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
cquish@bromsun.com

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 7, 2006.

/s/ Courtney M. Quish
Courtney M. Quish