UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., <br>                 Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., <br> LAURENCE S. GILLICK, ROBERT S. <br> ROTH, JONATHAN P. YAMRON, and <br> MANFRED G. GRABHERR, <br><br>                 Defendants. | ) ) ) ) ) )   C.A. No. 04-10353-PBS ) ) ) ) ) ) ) ) |

**VOICE SIGNAL TECHNOLOGIES' REPLY
TO SCANSOFT'S OPPOSITION TO VOICE SIGNAL'S
MOTION TO CLARIFY PARAGRAPH 12 OF THE NEUTRAL EXPERT ORDER**

Voice Signal Technologies ("Voice Signal") submits this short memorandum in reply to ScanSoft's Opposition to Voice Signal's Motion for Clarification of the Court's Order Regarding the Neutral Expert Procedure.

In its Opposition, ScanSoft suggests that Voice Signal's request comes too late and tells the Court that Voice Signal first identified the inconsistency *after* the briefs were filed and submitted to the Neutral Expert. This is simply incorrect. Voice Signal noticed the inconsistency during the week *before* the briefs were to be filed. Voice Signal's counsel called ScanSoft's counsel on February 22, 2006 to attempt to resolve the inconsistency by agreement. ScanSoft's counsel responded on February 23 to say that ScanSoft believed paragraph 12 to be "clear" that the briefs shall be submitted to the Neutral Expert and the one designated counsel for each party.[1] Voice Signal then promptly filed the present motion for clarification of paragraph 12.

ScanSoft also suggests that Voice Signal's request for a clarification of paragraph 12 is somehow "stonewalling." This is nonsense. Voice Signal has fully complied with the Neutral Expert Procedure. Voice Signal did not ask the Court to delay proceedings while it considered Voice

---

[1] Although Voice Signal disagrees that paragraph 12 is "clear," Voice Signal has limited access to ScanSoft's brief to its one designated counsel.

4051796v1

Signal's motion for clarification.  Nor did Voice Signal delay its compliance with the requirement to provide the Neutral Expert and ScanSoft's designated counsel with the brief contemplated by paragraph 12.

Finally, contrary to the argument in ScanSoft's Opposition, Voice Signal has *not* asked that source code be made available to anyone other than the Neutral Expert and the designated counsel.  Voice Signal's proposal explicitly requested that source code either be redacted from the parties' briefs provided to opposing counsel and outside experts or that the source code be segregated in an appendix which would only be made available to the designated counsel.  *See* Voice Signal Motion for Clarification, pp. 2, 4.  Therefore, ScanSoft's lengthy arguments about source code (e.g. Opposition, pp. 2-4) should be disregarded.

It is fundamentally unfair that the parties accused of misappropriating trade secrets are not permitted to know the nature of those trade secrets.  It leaves the defendants unable to participate meaningfully in their defense.

The clarification is necessary because paragraph 12 is internally inconsistent and inconsistent with the requests of both parties.  Furthermore, the Neutral Expert will be assisted if the lawyers who have been involved in this case from the beginning are able to participate in the conversation with him about both the trade secrets and the patent claims.  He will be handicapped if that discussion can only be had with the one designated counsel for each side.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  March 8, 2006 | VOICE SIGNAL TECHNOLOGIES, INC. |
|  | By its attorneys, |
|  | /s/ Robert S. Frank, Jr.<br>Robert S. Frank, Jr. (BBO No. 177240)<br>Sarah Chapin Columbia (BBO No. 550155)<br>Paul D. Popeo (BBO No. 567727)<br>Wendy S. Plotkin (BBO No. 647716)<br>CHOATE, HALL & STEWART LLP<br>Two International Place<br>Boston, MA  02110<br>(617) 248-5000 |

4051796v1

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 9, 2006.

    /s/ Richard C. Abati