## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants )<br>) | C.A. No. 04-10353-PBS |

### SCANSOFT'S RESPONSE TO VST's SUPPLEMENTAL MEMORANDUM REGARDING CLAIM CONSTRUCTION OF U.S. PAT. NO. 6,501,966

At the *Markman* hearing, this Court asked whether the Federal Circuit's eagerly anticipated *en banc* opinion in *Phillips v. AWH Corp* had been announced yet. It had not yet been decided then, but the Federal Circuit has just announced its opinion on July 12th, and that opinion undermines every argument that VST makes in its post-hearing supplemental claim construction brief. Indeed, *Phillips* belies VST's reliance on *Boss Control*, which now must be viewed as based on a questionable approach to claim construction. In *Phillips*, the Federal Circuit restates and reaffirms guiding principles of claim construction and, in particular, emphasizes the primacy of claim wording over other sources of meaning. VST continues to ignore the claim wording and thus cannot prevail on its argument that the speech recognition engine must be located at or near the central office switch, rather than in a cell phone.

I.  **PHILLIPS REJECTS VST'S APPROACH TO CLAIM CONSTRUCTION**

In *Phillips* (the slip opinion is attached as Exhibit A), the Federal Circuit stresses that claims alone define the scope of protection. Accordingly, the court cautions against narrowing claims by adding elements not found in them. *Phillips v. AWH Corp.*, Nos. 03-1269, -1286, slip op. at 8-9 (Fed. Cir., July 12, 2005). Contrary to this rule, VST, in essence, wants this Court to insert the words "located at or near the switch" into Claim 1 of the '966 patent.

The Federal Circuit also emphasizes that courts should look to surrounding claims for guidance on interpretation of the claim at issue. *Phillips*, slip op. at 12. Thus, "the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Id*. at 13.

Finally, the Federal Circuit cautions that Courts should resist the temptation to limit the claim to particular embodiments, even if the specification depicts only one embodiment. *Id*. at 29 ("In particular, we have expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment").

The Federal Circuit then followed exactly these guidelines when construing the disputed term "baffle" as used in a claim for vandalism-resistant walls used in constructing prisons. There, the accused infringer argued that "baffle" excludes structures that extend at 90º angles from the walls. Every description of baffles in the specification depicted them at angles other than 90º to the walls. But the Federal Circuit did not restrict the claim to that single embodiment. Nothing in the specification required that restriction. *See* slip op. at 32-25 Moreover, in the first instance, the Federal Circuit relied on dependent claims, which contain words describing the angle of the baffles--words not found in the independent claim. Because

2

those express limitations do not appear in the independent claim, the Federal Circuit declined to limit the angle of the baffles in any way at all. *Id*. at 32.

In this case, as in *Phillips*, the independent claim does not include the limitation that the accused infringer seeks to insert. Specifically, Claim 1 of the '966 patent includes no limitation on the location of the speech recognition engine, although dependent claims do specify the location. *See, e.g.*, Claim 8 ("wherein the speech recognition apparatus is connected to the mobile telecommunications switch as an external peripheral") and Claim 11 ("wherein the speech recognition apparatus is connected to a non-mobile telecommunications switch . . ."). Accordingly, such limitations cannot be read into Claim 1, as VST would have this Court do.

In addition, while the specification of the '966 patent certainly shows a configuration of the claimed voice dialing systems in which the speech recognition is located at or near the telecommunications switching apparatus, that fact does not limit the claim, as VST contends. Nothing in the specification requires that the claims be limited to this embodiment. Indeed, the specification makes clear that locating the engine at or near the switch is merely "the preferred embodiment of the invention" and is thus not required. '966 patent, col. 4 at *ll*. 15-16.[1]

In *Boss Control,* on which VST relies, the 3-judge panel panel did essentially the opposite of what the *en banc* court did in *Phillips*, confining a claim term to the single

---

[1] VST contends that the patent's stated advantages of placing the speech recognition engine at the switch somehow confines the claim. But as the *Phillips* case holds, the mere fact "that a patent asserts than an invention achieves several objectives does not require that each of the claims be construed as limited to structures that are capable of achieving all of the objectives." *Phillips*, slip op. at 35 (citation omitted). Here, the '966 patent makes clear that the objects of the invention are "merely illustrative" and thus may be modified or ignored as one sees fit. *See* '966 patent, col. 2 at *ll*. 24-24. In other words, each claimed embodiment need not exemplify each advantage and object achieved by the preferred embodiment.

3

embodiment in the patent. Given the Federal Circuit's strong warning against such rulings, reliance on *Boss Control* is improper

VST's argument is also improper in one other way. VST relies on the declaration of James McArdle to define the term "mobile telecommunications system." But *Phillips* emphasizes that such expert testimony cannot trump intrinsic evidence, such as an express definition in the specification. Slip op. at 19 (" a court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history'") (citation omitted).

Here, the '966 patent already defines that term: "As used herein, 'mobile telecommunications system' refers to cellular, satelite and personal communications network environments." '966 patent, col. 3 at ll. 46-48 (emphasis added). Accordingly, neither McArdle nor anyone else can interpose a contrary definition. [2]

Consistent with this definition, however, ScanSoft's speech recognition expert, Bruce Balentine, explains that a cellular network environment includes the cell phones themselves. *See* Declaration of Bruce Balentine [D.N. 168] at ¶ 63. Indeed, the patent illustrates this point. Figure 1 of the patent depicts the "environment," and that environment includes a mobile phone

---

[2] VST's reliance on McArdle is improper in two other ways. First, VST could have introduced McArdle's testimony before the *Markman* hearing. It is suspicious that VST trots out this new testimony only now, after the Court has indicated at the *Markman* hearing that it is disinclined to read into Claim 1 a limitation on the location of the speech recognition engine. *See* **Exh. B**, *Markman* Hearing Trans. at 44 ("but if I were to do what you're asking me to do, I would go against at least where the weight of the case law is going right now, which is taking descriptions like this and importing it into the claim").

Second, McArdle disclosed that he consults to VST. Thus, he cannot be viewed as truly independent and his testimony must be viewed skeptically. *See, e .g., Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 27-28 (1st Cir. 1998) (jury not required to believe defendant's expert because he was formerly employed by and regularly consulted to the defendant and was thus "an interested witness"). *Phillips* likewise cautions that expert testimony "can suffer from bias" and thus is less reliable than the intrinsic record. Slip op. at 20.

4

located in a vehicle and designated as component "**15**." Thus, the patent specifically defines the term to include everything within the environment, including the cell phone. McArdle's unsupported definition contradicts the patent and thus, in the words of the Federal Circuit, is "not useful to a court." *Phillips*, slip op. at 19.

## II.     VST'S SUPPLEMENTAL BRIEF ITSELF IS IMPROPER

Finally, VST's supplemental claim construction brief is improper in three respects.

First, VST's stated reason for citing *Boss Control* three weeks <u>after</u> the *Markman* hearing--that the case was not published under after the principal *Markman* briefs were filed--is disingenuous. *Boss Control* was published on June 8, 2005, and was thus available to VST over a week <u>before</u> the *Markman* hearing. Indeed, VST filed a seven-page surreply regarding construction of the '966 patent on June 16th and thus could have cited Boss Control then but did not. Thus, there must be some other reason that VST filed its supplemental brief, especially because *Boss Control* does not support VST's claim construction, as argued above.

That other reason is found in the second point, which is that VST just wanted an excuse to submit the declaration of Mr. McArdle and used the occasion of *Boss Control'*s publication as a way to slip the declaration into the record. But that post-hearing declaration is also improper, as explained above. In any event, VST certainly could have submitted McArdle's declaration before the hearing. Indeed, McArdle is a VST paid consultant (alone a sufficient reason to ignore the testimony) and thus was likely available to VST before the hearing.

Third, VST has already far exceeded the page limits of the Local Rules. VST's principal Markman brief was 34 pages. VST surely does not need to be given more space for its arguments.

## CONCLUSION

Accordingly, ScanSoft respectfully requests that this Court endorse ScanSoft's proposed claim construction and, in particular, reject VST's attempt to insert a new limitation into the claim.

Dated:  March 15, 2006

SCANSOFT, INC.,
By its attorneys,

/s/  Rebecca L. Hanovice
Lee Carl Bromberg, BBO # 058480
Robert Asher, BBO # 022865
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Jack C. Schecter, BBO # 652349
Rebecca L. Hanovice, BBO # 660366
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
Tel:  (617) 443-9292
E-mail:  rhanovice@bromsun.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 15, 2006.

/s/ Rebecca L. Hanovice
Rebecca L. Hanovice

02639/00509 417690.2