UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 04-10353-PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, ) | |
| INC., LAURENCE S. GILLICK, ) | |
| ROBERT S. ROTH, JONATHAN P. ) | |
| YAMRON, and MANFRED G.  ) | |
| GRABHERR, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

March 15, 2006

Saris, U.S.D.J.

On December 29, 2005, the Court issued an order outlining a neutral expert procedure. (Neutral Expert Procedure, Dec. 29, 2005.) This order required Voice Signal Technologies, Inc. ("VST") to produce source code to a designated neutral expert and to opposing counsel within 30 days. (Id. ¶ 7, 9.) On January 13, 2006, VST moved to modify the neutral expert procedure to limit its obligation of production to only the defined First Year Documents, emphasizing with particularity the irrelevance of current source code. (Defs.' Mot. for Modification, Jan. 13, 2006.) On January 20, 2006, the Court issued an order regarding VST's motion, stating:

Without expert assistance, the court cannot

> evaluate Voice Signal's overwrought argument that production of the *current* source code is overbroad and overly burdensome. I disagree with VST that the *current* source code is not relevant. To jumpstart this stagnant discovery process, I order that all "first year documents" shall be produced forthwith so that the Expert may begin his task. The Expert shall then meet with the parties and determine what portions of the *current* source code are necessary for his evaluation of Scansoft's trade secret claims.

(Order, Jan. 20, 2006 (emphasis added).) On January 27, 2006, VST produced the source code it believes is required under the neutral expert procedure and the Court's January 20, 2006 order. Scansoft, Inc. ("Scansoft") contends that VST's production is incomplete and moves for an order compelling VST or alternatively, sanctioning VST for contempt.

After review of the briefs, the source of the dispute arises from VST's misinterpretation of the Court's January 20, 2006 order. Since the January 20, 2006 order directed "that all 'first year documents' shall be produced forthwith," VST asserts that it need only produce the First Year Documents. The neutral expert procedure outlined by the Court on December 29, 2005, however, imposes two separate obligations of source code production on VST. First, paragraph seven requires that "VST shall produce to the Expert and to one opposing counsel the VST Source Code, complete and unredacted."[1] Second, paragraph nine

---

[1] The Court notes a clerical error. The language of paragraph seven of the neutral expert procedure should read "in the form described in Paragraph 8 below" instead of "in the form

requires that "VST shall also produce to the Expert and to opposing counsel all VST Source Code created and/or modified by . . . . the individual defendants." The Court's January 20, 2006 order modified the first obligation only with regard to *current* source code. There was absolutely no language releasing VST of its obligation of production under paragraph seven, other than the modification with regard to *current* source code. Moreover, based on the parties' submissions, even if the Court had absolved VST of its obligation under paragraph seven, the neutral expert would likely find the source code produced by VST on January 27, 2006 incapable "of being compiled and run" as required by paragraph eight of the neutral expert procedure.

Accordingly, the Court finds that VST has not complied with the neutral expert procedure and **ALLOWS** ScanSoft's motion to compel. (Docket No. 333.)

／s／ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

described in Paragraph 9 below." Paragraph eight, not nine, specifies the form of source code production.