UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-10353-PBS

SCANSOFT, INC.,

Plaintiff

v.

VOICE SIGNAL TECHNOLOGIES, INC.,
LAURENCE S. GILLICK, ROBERT S. ROTH,
JONATHAN P. YAMRON, and MANFRED G. GRABHERR,

Defendants

**ORDER ON**

**SCANSOFT'S EMERGENCY MOTION FOR REMEDIES
AND TO SHOW CAUSE WHY DEFENDANT SHOULD
NOT BE HELD IN CONTEMPT FOR VIOLATING THE
COURT'S PROTECTIVE ORDER**

(Docket # 214)

ALEXANDER, M.J.

On Friday, June 3, 2005, plaintiff ScanSoft, Inc., electronically filed it's *Markman* Brief on Claim Construction of U.S. Patent 6,594,630 (docket number ("DN") 202). On the morning of the next business day, Monday June 6, 2005, ScanSoft realized that it had mistakenly included a confidential, privileged document with an exhibit to the brief, a copy of which was also produced to

defendant Voice Signal Technologies, Inc. ("VST"). ScanSoft immediately contacted the Court regarding the error; the mistakenly filed document was deleted from the record (docket entry 06/06/2005); and ScanSoft filed a corrected version of the exhibit that had previously included the confidential document (DN 211).

ScanSoft also contacted counsel for VST that same day, June 6, and asked that they refrain from viewing the document and either return or destroy it. ScanSoft's position was, in short, that the protective order governing this case required the immediate return of the document. VST's initial response, during a telephone conversation that day, was that it was going to evaluate its rights and obligations regarding the document. VST re-iterated its position the following morning, June 7, via email. Later that day, ScanSoft again contacted VST. Counsel for VST stated that he had been in meetings for much of the day and had not yet had an opportunity to fully consider the issue. He also stated, however, that his understanding of the protective order was that it governed documents produced and information disclosed during the course discovery, but not documents filed in court. He asked for an additional twenty-four hours to consider the issue. ScanSoft refused and filed the extant motion the following day, June 8.

ScanSoft's motion seeks not only an order that VST immediately return or destroy the mistakenly produced document, but also asks the Court to order VST to show cause why it should not be held in contempt for allegedly violating the protective order. Additionally, ScanSoft seeks the attorneys fees and costs incurred in filing the motion. VST, in response, opposes ScanSoft's motion and also requests a determination by the Court that ScanSoft, by producing the confidential document, has waived the work product privilege that would otherwise apply to the subject matter of the mistakenly produced document.

The protective order states, in paragraph four (4), that "the inadvertent production of information subject to attorney-client privilege or work-product immunity . . . will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information." On the basis of this paragraph, ScanSoft asserts that VST is required to return the mistakenly produced document.[1]

---

[1] ScanSoft initially states that the document is subject to both the attorney-client and the work product privileges, but does not contest VST's position that only the work product privilege applies and the document itself states only that it is "Confidential and Privileged Attorney Work Product." The Court therefore addresses the issue only in the context of the work product privilege.

3

VST, on the other hand, avers that the protective order, pursuant to the first WHEREAS provision, applies only to information inadvertently produced during the course of discovery: "WHEREAS, the Court having found that the discovery . . . may involve the disclosure of documents, things and information . . . that may constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information . . . ." Additionally, paragraph one (1) states that "[f]or purposes of this Order, PROTECTED INFORMATION means all documents, things, testimony and other information produced, provided or made available by a party or non-party in this litigation in the course of formal and informal discovery . . . .". The protective order thus appears to addresses only information produced during the course of discovery and not any information filed or produced at any stage of the litigation.

The "THEREFORE" paragraph that ScanSoft contemplates as giving the protective order a broader scope does state that the procedures set forth in the protective order shall be followed "with respect to certain documents and other information produced and/or disclosed in this action and all appeals or related proceedings taken or filed in connection therewith (the "Litigation")," but the Court takes that to mean that the protective order will apply to protect the

confidentiality of information exchanged during the course of discovery whenever that information is used during the course of the litigation.

Even if VST has not technically violated the protective order, which VST interprets quite narrowly, its behavior comes as close to contumacious as this Court will tolerate. This litigation has been contentious from the start and VST's behavior in this instance does nothing but continue an unnecessary trend. Although the Court will not allow ScanSoft's motion, it is not prepared to make a determination that ScanSoft has waived the work product privilege as to the subject matter of the document. VST avers that the document reveals ScanSoft's motivation in seeking VST's source code and that all other privileged documents that address the same subject matter must now be produced so that the Court can "fashion source code-related discovery orders with an eye toward the actual reasons for ScanSoft's pursuit of Voice Signal's trade secret source code . . . ." Voice Signal Technologies' Memorandum in Opposition to ScanSoft's Emergency Motion to Show Cause why Defendant Should not be Held in Contempt and Request for Determination of Subject Matter Waiver at 12. At the time that the extant motion was filed, the parties were still disputing certain discovery issues. The District Court has since ordered the employment of a neutral expert. Because the issue of source code-related discovery is likely to be addressed or resolved by

5

the discovery order to be issued by the District Court after it receives the neutral expert's report (Electronic Order dated 02/09/2006 and DN 320), this Court will not, at this stage, address the issue of subject matter waiver.

**Conclusion**

For these reasons, the Court DENIES ScanSoft's motion for remedies and to show cause and DENIES VST's request for subject matter waiver.

SO ORDERED.

3/28/06
Date

United States Magistrate Judge