UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>*ET AL.* )<br>)<br>Defendants )<br>) | C.A. No. 04-10353-PBS |

**SCANSOFT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON SCANSOFT'S EMERGENCY MOTION FOR REMEDIES AND TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S PROTECTIVE ORDER**

Pursuant to 28 U.S.C. § 636(b) and F.R.C.P. 72, ScanSoft, Inc., objects in part to Magistrate Judge Alexander's order (D.N. 359) on ScanSoft's Emergency Motion for Remedies and to Show Cause Why Defendant Should Not Be Held in Contempt for Violating the Court's Protective Order (D.N. 214).

As Magistrate Judge Alexander found, on Friday, June 3, 2005, ScanSoft <u>inadvertently</u> filed a privileged document with its *Markman* brief on claim construction of VST's '630 Patent. Upon realizing its error on the following Monday, June 6th, ScanSoft immediately retrieved the document from the Court, refiled the *Markman* brief, and requested that VST's counsel return the document. VST's counsel refused. Even though Magistrate Judge Alexander correctly found that the document was produced inadvertently and that VST's refusal to return it "comes as close to contumacious as this Court will tolerate," Her Honor stopped short of ordering the document's return. Based upon the Magistrate Judge's stated reasoning, the Magistrate Judge

should have ordered VST to return the document. ScanSoft objects and seeks an order compelling VST to return the document.

## I. THE PROTECTIVE ORDER REQUIRES RETURN OF THE DOCUMENT

The Court's protective order in this case (Exhibit 1) contains a provision directing the return of inadvertently produced attorney-client privileged or attorney work product documents:

> **Inadvertent or Unintentional Production**
>
> 4.   . . . the inadvertent production of information subject to attorney-client privilege or work-product immunity . . . will not be deemed to constitute a waiver of such privilege, immunity, rights, or any other privilege, immunity, or rights that would otherwise attach to such information. *Any party receiving inadvertently produced information will forthwith, upon request, return the original and all copies to the party producing such information.*

(**Exhibit 1**, ¶ 4) (emphasis added).

The Magistrate Judge incorrectly limited this provision to documents produced in discovery. The protective order, however, cannot be read so narrowly. For example, the protective order by its terms applies "to all proceedings in this action, including all appeals, arbitrations, settlement proceedings, and proceedings on remand." *Id.* at p. 12, ¶ 28. In other words, the protective order applies to all stages of the litigation, not just to discovery. Moreover, the protective order applies to "documents and information produced and/or disclosed in this action . . ." *Id.* at p. 1 (The "THEREFORE" clause) (emphasis added). Thus, the protective order applies to documents disclosed in the litigation, not just to those "produced" during discovery.

VST argued that the protective order applies only to documents produced during discovery, as opposed to those inadvertently produced in the course of a court filing. Magistrate Judge Alexander, however, ruled that "VST interprets [the protective order] quite

2

narrowly" Order dated March 28, 2006 (D.N. 359) at 5. The protective order does not expressly exclude non-discovery documents. And, in any event, it does not make sense to narrow the protective order to just discovery documents. A protective order should protect all information in the litigation. As argued above, the protective order by its terms applies to all stages of the litigation and to information and documents "disclosed" in the litigation, not just produced in discovery. Of course, it would be natural in any protective order to refer specifically to discovery documents because, in the typical case, those would be the documents most likely to be inadvertently revealed. But a court should not read the protective order to apply only to discovery. Protective orders also apply to the filing of documents, and this protective order is no different.

## II. VST SHOULD RETURN THE DOCUMENT WHETHER OR NOT THE PROTECTIVE ORDER APPLIES

The Magistrate Judge found that, even if VST did not violate the protective order, "its behavior comes as close to contumacious as this Court will tolerate. Order (D.N. 359) at 5. The Magistrate Judge went on to observe that "VST's behavior in this instance does nothing but continue an unnecessary trend" of contentiousness. *Id.* Seeking to reduce some of the contention, therefore, and a week before ScanSoft filed these objections, ScanSoft again requested that VST return the document. *See* **Exh. 2,** Letter from Erik Belt, Esq., to Sarah Columbia, Esq., dated March 30, 2006. VST, however, again refused to return or destroy the document. **Exh. 3**, Letter from Ms. Columbia to Mr. Belt, dated April 4, 2006.

Given the Magistrate Judge's clear expression of displeasure with VST's conduct, ScanSoft believed that VST would, for once, do the right thing, exhibit some professional courtesy and good faith, and return the inadvertently produced document. Unfortunately, VST remains committed to fostering contention.

3

Even if the protective order does not apply, VST should have returned the document. This Court has adopted a so-called "middle test" to determine whether otherwise privileged documents should be returned. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 291-292 (D. Mass. 2000) (Young, C.J.) The test does not depend on the existence of a protective order. Under this test, endorsed by Judge Young, a court considers five factors, including "(1) the reasonable of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice." *Id*. at 291.

In this case, the Magistrate Judge correctly found that ScanSoft acted reasonably and promptly. Indeed, ScanSoft "immediately" sought to correct its mistake on the very next business day after the inadvertent disclosure, as soon as it discovered the error. Order (D.N. 359) at 1-2. Moreover, ScanSoft's counsel explained how the mistake occurred and what precautions ScanSoft's outside counsel routinely take to prevent disclosures. *See* **Exh. 4**, Declaration of Jack C. Schecter, dated June 28, 2005, at ¶¶ 3-8. The inadvertent disclosure was limited to this one instance and has not happened since. The document does not concern the patent or trade secret issues in this case. **Exh. 5**, Declaration of Jack C. Schecter, dated June 7, 2005, at ¶ 3. Accordingly, ScanSoft's counsel acted reasonably, took reasonable precautions, and otherwise limited the damage.

### III.    THE DOCUMENT IS PRIVILEGED

The Magistrate Judge correctly ruled that the document is at least subject to the work product immunity. Order (D.N. 359) at 3. But in a footnote, the Magistrate Judge declined to find that the document is also attorney-client privileged on the mistaken belief that ScanSoft did

4

not contest VST's position that only the work product applies.  VST raised that issue in its opposition. ScanSoft did not think it worthy to address the issue in its reply brief because, clearly, the document was a communication between ScanSoft's outside trial counsel and ScanSoft.  **Exh. 5**, Schecter Decl. at ¶ 3 ("The document was supplied to ScanSoft's in-house counsel for the purpose of giving legal advice").  Having stated that fact once, it was not necessary to repeat it in the reply brief.  VST, meanwhile, never produced any evidence that ScanSoft's outside attorneys failed to share the document with their client.  Accordingly, the Magistrate Judge erred in refusing to consider the document as attorney-client privileged and not simply work product.

## CONCLUSION

For all of the foregoing reasons, ScanSoft objects to the Magistrate Judge's order and respectfully requests that this Court compel return of the inadvertently produced document.

| | |
|---|---|
| Dated: April 11, 2006 | SCANSOFT, INC.,<br>By its attorneys,<br><br>/s/ Erik P. Belt<br>Lee Carl Bromberg, BBO # 058480<br>Erik Paul Belt, BBO # 558620<br>Lisa M. Fleming, BBO # 546148<br>Rebecca L. Hanovice, BBO # 660366<br>Courtney M. Quish, BBO # 662288<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, Massachusetts 02110-1618<br>(617) 443-9292<br>e-mail: ebelt@bromsun.com |

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 11, 2006.

/s/ Erik P. Belt
Erik Paul Belt

02639/00509 484995.1