## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., </br></br>Plaintiff </br></br>v. </br></br>VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, </br></br>Defendants | C.A. No. 04-10353-PBS |

### SCANSOFT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO ALLOW ITS INDEPENDENT EXPERT ACCESS TO VST'S FIRST YEAR SOURCE CODE

Professor Hermann Ney, the Court appointed neutral expert, wants additional forensic analysis and has thus requested to speak with ScanSoft's independent expert, Dr. Richard Goldhor, to discuss where specific functions of VST's code implement ScanSoft trade secrets. **Exhibit A**, E-mail from Hermann Ney dated April 25, 2006 ("Is it possible to talk to a technical expert directly from each side (at the meeting or later on the phone)?"). Yet the present neutral expert procedure limits access to VST's First Year Source Code to ScanSoft's designated counsel. While designated counsel has provided a preliminary analysis of the location of ScanSoft's trade secrets, because he is not a speech scientist, he is not trained to perform the forensic analysis that Professor Ney has requested. Therefore, ScanSoft asks this Court to allow ScanSoft's independent expert to participate in the neutral expert procedure to respond to Professor Ney's request in a full and meaningful way. ScanSoft's independent expert is a speech recognition scientist, has

executed an undertaking to comply with the requirements of the Court's protective order in this case, and should be allowed to participate in the neutral expert procedure in order to respond to Professor Ney's request.

I.  **Participation in the Neutral Expert Procedure By ScanSoft's Independent Expert Is Required In Order to Comply With the Neutral Expert's Request That ScanSoft Provide A Forensic Analysis of Source Code**

Both parties acknowledged that the neutral expert would benefit from additional assistance by an expert in speech recognition.  **Exhibit B**, Transcript of Meeting with Neutral Expert on March 24, 2006, at 145 (by Mr. Bromberg: "we would certainly like to have somebody besides VST who knows what they're doing look at their code and say what's in there"); *Id.* at 171 (by Ms. Columbia: "I think Dr. Ney has said that it would be helpful to him to have – each party have an expert who could answer questions at a level that would be helpful to him").

Professor Ney agreed that he needed help from someone other than designated counsel and asked for input from the parties' independent experts.  *Id.* at 115 (by Dr. Ney: "I think it could be helpful if I could ask specific questions to [Dr. Goldhor] concerning the code I have seen here . . . Not so much about the performance, but about the trade secret aspects of it").  In fact, Professor Ney spelled out this request on April 25, 2006, when he sent an e-mail to counsel for both parties asking if it is "possible to talk to a technical expert directly from each side."  **Exhibit A**, ¶ 3.

Professor Ney also specified the procedure he would like to follow in subsequent meetings with the parties:

> DR. NEY: . . . So my suggestion would be that I could get those specific parts of the code for the VST engine or for the VST programs that we are here discussing that perform these functions.  And then, at the same time <u>the technical expert on . . . the ScanSoft side, he has access to the VST code, and he could provide me</u>

> with those parts of the code that he believes are in conflict with these trade secrets . . . Is that okay? That would be my suggestion on how to proceed.
>
> MS. COLUMBIA: That's fine with us
>
> DR. NEY: . . . if I could talk to the experts on each side, then maybe then the whole thing could be simplified.

**Exhibit B** at 149-151 (emphasis added).

The neutral expert has made clear that he would benefit from assistance from other speech recognition experts in carrying out his task. Dr. Richard Goldhor is a qualified expert and is available to assist Professor Ney. He should be permitted to review VST's code and provide Professor Ney with the necessary guidance.

## II. Participation by Independent Experts Will Not Jeopardize Highly Confidential Information

Both parties, and the neutral expert himself, have indicated the necessity of including independent experts in the process of analyzing VST's source code for trade secret misappropriation. As such, the Court should give ScanSoft's independent expert access to VST's source code. This procedure will not jeopardize VST's interests. In fact, Richard Goldhor executed an undertaking in this case, approved by this Court, and has sworn to maintain the secrecy of all confidential information, including VST's source code. **Exhibit C** (signed undertaking of Richard Goldhor, Ph.D.). Accordingly, this procedure should be approved.

## III. The Neutral Expert Procedure Has Gone As Far As It Can Go With the Assistance of Designated Counsel

M. Brad Lawrence, ScanSoft's designated counsel, has worked diligently from the outset of the neutral expert procedure to analyze VST's source code and identify areas of interest for Professor Ney. Thus far, Attorney Lawrence has identified large sections

3

of code that may contain ScanSoft's trade secrets. The neutral expert, however, has asked ScanSoft to identify relevant sections of code with greater particularity. **Exhibit B** at 15 (by Dr. Ney: "Will there be specific areas where I have to look at the code, or what's the idea? . . . Because the problem is, when you have a voice-recognition system, there's a huge amount of code, and it's difficult to check each part"); *Id.* at 71 (by Dr. Ney: "I think the problem for me is . . . more the question, how can I find the specific part of the code in the VST programs"); *Id.* at 103 (by Dr. Ney: "the exact files would have to be specified by ScanSoft"). Indeed, Professor Ney noted that he "expected to have to look at specific parts that are pointed out to me by you or by the other side" at the outset of the neutral expert procedure. *Id.* at 120.

Though Attorney Lawrence is familiar with computer science and programming, he does not have a background in speech recognition or speech science. Attorney Lawrence simply is not equipped to respond to the neutral expert's request for greater specificity.[1] *Id.* at 136 (by Ms. Fleming: "None of us in this room, other than you, Dr. Ney, are speech-recognition experts; so it might make sense for you to have access to our own independent expert, who will be able to, I'm sure, give you much of the detail"). Attorney Lawrence explained that "it's almost impossible for me to check what they say [about their source code] without very sophisticated analysis or resort to an expert." *Id.* at 142.

Nor can ScanSoft rely on VST to point out all relevant sections of code to Professor Ney. Indeed, as this Court has recognized, VST has resisted discovery for two

---

[1] Nor, it seems, is VST's designated counsel, Christopher McKenna. **Exhibit B** at 49 ("Chris is a very capable computer science background [sic] and engineer who is also a lawyer, but until about six weeks ago, knew not very much about speech recognition or speech science").

4

years and has even refused to comply with this Court's own orders. *See* Order of March 15, 2006, Granting ScanSoft's Motion to Compel Source Code [D.N. 353] ("the Court finds that VST has not complied with the neutral expert procedure . . ."). ScanSoft cannot trust VST to accurately identify every area of source code that may contain ScanSoft trade secrets. As such, ScanSoft has exhausted the limits of the neutral expert procedure and suggests that additional input from its independent expert, Dr. Richard Goldhor, will further the goals of the neutral expert procedure.

## CONCLUSION

The parties' designated counsel cannot provide the neutral expert with a complete understanding of the source code. Therefore, ScanSoft's independent expert should be allowed access to VST's source code for the purpose of performing a complete forensic analysis of the code, as requested by the court-appointed neutral expert.

Dated:  April 28, 2006

SCANSOFT, INC.,
By its attorneys,

/s/ Lisa M. Fleming
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
M. Brad Lawrence, BBO # 641400
Rebecca L. Hanovice, BBO #660366
Courtney Quish, BBO # 662288
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
lfleming@bromsun.com

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 28, 2006.

/s/ Lisa M. Fleming

02639/00509 488052.1