**EXHIBIT A**
**Proposed Procedure for Inspection**

ScanSoft suggests that the court adopt a procedure similar to that adopted by the courts in *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639 (S.D.Ind. 2000), and *Playboy Enterprises, Inc. v. Welles,* 60 F.Supp.2d 1050 (S.D.Cal.1999), as set forth below:

1. The plaintiff shall select and pay an independent expert (not a ScanSoft employee) who will inspect the computers in question to create a forensically sound image ("Image") of VST's Server and of the hard drives (including any external hard drive) of the individual defendants' computers. The court will appoint the expert to carry out the inspection and copying as an officer of the court.

2. The expert shall then use his or her expertise to recover the Image of the server and the hard drive (including any external hard drive) of each computer, and to provide to defendants' counsel all available user files, including word-processing documents, electronic mail messages, PowerPoint or similar presentations, spreadsheets, databases, project management files and similar files in native format, that is, the format used to created the file. Relevant deleted files are subject to inspection and retrieval. The court intends that the copying be limited to the types of files reasonably likely to contain material potentially relevant to this case. To the extent possible, the expert shall also provide to defendants' counsel: (a) the available information showing when any recovered "deleted" file was deleted, and (b) the available information about the deletion and contents of any deleted file that cannot be recovered.

3. After receiving these records from the expert, defendants' counsel shall then have the opportunity to review these records for privilege and responsiveness to this Court's December 29, 2005 Order, and shall then supplement defendants' responses to discovery requests, as appropriate.

4.  The expert shall sign the protective order in the case and shall retain until the end of this litigation the Image copies of the server and hard drives and a copy of all files provided to defendants' counsel. At the end of this litigation, the expert shall then destroy the records and confirm such destruction to the satisfaction of defendant. The expert shall not disclose the contents of any files or documents to plaintiff or its counsel or other persons. Because the expert will serve as an officer of the court, disclosure of a communication to the expert shall not be deemed a waiver of the attorney-client privilege or any other privilege. The expert may designate assistants to help in this project. Each assistant shall sign the protective order in this case and shall be subject to all provisions applicable to the expert.

5.  The expert shall file a report with the court setting forth the scope of the work performed and describing in general terms (but without disclosing the contents) the volume and types of records provided to defendants' counsel. After the expert has been selected, all communications between the expert and plaintiff's counsel shall take place either in the presence of defendants' counsel or through written or electronic communication with a copy to defendants' counsel.

02639/00509 489287.2