UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-10353 PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) |
| Defendants. | ) |

**SCANSOFT'S OPPOSITION TO VST'S EMERGENCY MOTION
TO STAY MAY 2, 2006 DOCKET ORDER**

Earlier today, this Court, acting well within its discretion, granted ScanSoft's Motion to Allow its Independent Expert Access to the Source Code [D.N. 366]. VST, however, again seeks to stonewall the discovery process and to impede the neutral expert procedure by resisting this Court's discovery ruling.

The Court acted within its discretion to rule promptly. The Federal Rules do not require that a court wait until the opposing party responds to a motion, particularly on a pressing discovery issue like the matter at hand. Indeed, courts have inherent power and discretion to manage discovery pragmatically. *See, e.g., In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007 at 1011-12 (1st Cir. 1988) (courts have broad powers "designed affirmatively and specifically to allow the judge to control the pretrial phases of complex litigation" and thus "to meet the idiosyncratic needs of any pending piece of litigation"). Accordingly, a court may even order discovery *sua sponte* without waiting for a motion, let alone an opposition. *See Jackson v.*

*Harvard University,* 721 F. Supp. 1397, 1401 (D. Mass. 1989) (Woodlock, J.) (offering plaintiff discovery *sua sponte*).

Despite the Court's explicit directive to allow ScanSoft's independent expert to have access to VST Source Code, VST wrote ScanSoft this afternoon criticizing this Court's ruling and demanding that ScanSoft ignore that ruling. *See* **Exh**. **A**, Letter from Sarah Columbia to Lisa Fleming ("the Court made a mistake in ruling on the Motion . . .")

The Court correctly granted ScanSoft's motion. Access to VST's source code by an independent technical expert is imperative to assist Dr. Ney's analysis of the parties' trade secret claims. The source code is simply too large and complex to be navigated by an attorney with limited experience in speech recognition. Professor Ney agreed and specifically asked to speak with ScanSoft's independent expert, Dr. Goldhor, to discuss where specific functions of VST's code implement ScanSoft trade secrets. In granting ScanSoft's motion, the Court simply acted in accordance with Dr. Ney's request.

Even VST agreed to the need for technical experts. *See* **Exh. B**, Transcript of Meeting with Neutral Expert on March 24, 2006, at 171 (by Ms. Columbia: "I think Dr. Ney has said that it would be helpful to him to have – each party have an expert who could answer questions at a level that would be helpful to him"). Because VST agrees that an expert working with each party should assist the neutral expert, VST has no basis to object to the Court's ruling.

VST's motion to stay, therefore, is simply another attempt to impede Professor Ney's analysis and thus resolution of the merits. Indeed, VST's resistance shows that it is hiding something. VST does not want true experts reviewing the code because they will find evidence of VST's use of trade secrets. Accordingly, VST would like nothing more than to wait fourteen days before filing its opposition because, long before then, the parties will have met with Dr.

Ney, thus mooting ScanSoft's motion. That is, the parties meet with Dr. Ney this coming Monday, May 8th. But VST wants this Court to wait until May 12th to rule, long after Dr. Ney has returned to Germany.

Finally, further compounding its bad faith, VST has failed to confer with ScanSoft regarding its motion for a stay, as required by Local Rule 7.1. This bad faith violation of the Rules is reason enough to deny VST's motion. *See, e.g., Boston Children's Heart Foundation, Inc. v. Nadal-Ginard,* 1995 WL 17015062, *1 (D. Mass. 1995) (Keeton, J.) (dismissing motion for costs because movant failed to comply with Local Rule 7.1 and confer with opposing counsel); *see also Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101-102 (D. Mass. 1996) (Neiman, M. J.) (denying motion because defendant failed to consult with opposing counsel).

## CONCLUSION

THEREFORE, for the reasons stated above, VST's Motion to Stay is both should be denied.

Dated: May 2, 2006

SCANSOFT, INC.,
By its attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Rebecca L. Hanovice, BBO # 660366
Courtney M. Quish, BBO # 662288
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
cquish@bromsun.com

## CERTIFICATE OF SERVICE

    I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 2, 2006.

                                                               /s/ Courtney M. Quish

02639/00509 492623.1