UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCANSOFT, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. 04-10353-PBS |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) | |
| Defendants | ) | |

**SCANSOFT'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER ON SCANSOFT'S EMERGENCY MOTION FOR REMEDIES AND TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S PROTECTIVE ORDER**

Contrary to VST's argument, the document inadvertently filed by ScanSoft is protected by the work product doctrine because:

1. The Court's Protective Order in the case specifically guards against such a waiver. *See* Protective Order at ¶ 4 ("the inadvertent production of information subject to attorney-client privilege or work product immunity . . . will not be deemed to constitute a waiver of such privilege [or] immunity").

2. Massachusetts courts will not find a waiver of work product if the disclosure was inadvertent or involuntary and if the party took reasonable precautions against disclosure. *Milford Power Ltd. Partnership v. New England Power Co.,* 896 F. Supp. 53, 58 (D. Mass 1995) (Gorton, J.) (ordering return of inadvertently produced documents protected by attorney work product doctrine because producing attorneys took reasonable steps to prevent disclosure and where attorneys immediately realized their mistake).

The cases VST relies upon do not involve a protective order expressly protecting the inadvertent disclosure of privileged information.  Moreover those cases involve the <u>voluntary</u> disclosure of work product to the other side or failure to take <u>any</u> precautions against disclosure.  Accordingly VST's argument is misplaced.  *Cf. United States v. Massachusetts Institute of Technology,* 129 F.3d 681, 687 (1st Cir. 1997) (noting that "work product protection is not as easily waived as the attorney-client privilege" and vacating court's refusal to order production of work product only because the party intentionally and knowingly disclosed information to an adverse party); *Adoption of Sherry,* 435 Mass. 331, 335-336 (2001) (finding waiver of work product information generated by witness because attorney permitted opposing counsel to interview witness, gave no limiting instructions, and was not present for the interviews); *Data General Corp. v. Grumman Systems,* 139 F.R.D. 556, 561 (finding waiver of work product protection because "merely marking the documents [confidential] . . . does not constitute the requisite guard required to protect work product").[1]

The record indisputably shows that ScanSoft' disclosure was anything but inadvertent and involuntary. ScanSoft took extensive precautions to protect it from production.  VST has marshaled no contrary evidence.  Thus, the work-product protection remains intact and the Magistrate Judge erred in ruling that the Protective Order did not apply.

---

[1] In *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, Judge Young rejected the strict waiver rule applied by the court in *Carter v. Gibbs,* upon which VST relies, instead adopting a case-by-case analysis focusing on the reasonableness of the mistake and other factors. *See* 190 F.R.D. 287, 292-293 (D. Mass. 2000) (finding waiver of work product only because attorneys at Choate, Hall & Stewart produced nearly 4,000 pages of protected documents, took no reasonable precautions to prevent inadvertent disclosure, and then did not notice the error for a week, until opposing counsel drew their attention to the production). As explained in ScanSoft's objections, however, ScanSoft took precautions, immediately noticed the error, and sought to retrieve the document the very next business day.

## CONCLUSION

Accordingly, for the reasons stated in ScanSoft's objections and in this reply brief, ScanSoft respectfully requests that the Court order the return of the privileged document.

Dated: May 4, 2006

SCANSOFT, INC.,
By its attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg, BBO # 058480
Erik Paul Belt, BBO # 558620
Lisa M. Fleming, BBO # 546148
Rebecca L. Hanovice, BBO #660366
Courtney Quish, BBO # 662288
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
cquish@bromsun.com

### Certificate of Service

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 4, 2006.

/s/ Courtney M. Quish
Courtney M. Quish

02639/00509 491025.1