# CHOATE

CHOATE HALL & STEWART LLP

COPY

Sarah Chapin Columbia
(617) 248-5053
scolumbia@choate.com

May 5, 2006

**BY HAND**

The Honorable Patti B. Saris
District Judge
U.S.D.C. for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Room 6130
Boston, MA 02210-3002

RE: *ScanSoft, Inc. v. Voice Signal Technologies, Inc. et al.*
United States District Court Civil Action No. 04-10353 PBS

Dear Judge Saris:

This letter follows the hearing this morning on motions relating to the Neutral Expert Procedure, during which you denied ScanSoft's motion to provide its expert, Dr. Goldhor, access to Voice Signal's First Year Source Code. Toward the end of the hearing, ScanSoft's counsel handed up to the Court and gave to Voice Signal's attorneys for the first time a Declaration of M. Brad Lawrence, who is ScanSoft's "one designated counsel" permitted access to Voice Signal's source code.

Mr. Lawrence's Declaration revealed that, notwithstanding the letter from Voice Signal's counsel to ScanSoft's counsel on May 2 putting ScanSoft counsel on notice of its emergency motion to stay and admonishing ScanSoft not to give Dr. Goldhor access to Voice Signal's source code until the Court had ruled on the Motion to Stay (copy attached), *Mr. Lawrence went ahead and provided the Voice Signal source code to Dr. Goldhor.*

This morning, ScanSoft's counsel represented to the Court that the Voice Signal source code had been provided to Dr. Goldhor "yesterday," which was May 4. Upon reading Mr. Lawrence's Declaration after the hearing, it indicates that the Voice Signal source code was, in fact, provided to Dr. Goldhor on Wednesday, May 3, not yesterday.

It may seem that one day should not make a difference. However, with the meeting with the Neutral Expert scheduled for May 8, it is extremely unlikely that Dr. Goldhor has not reviewed some or all of Voice Signal's code to prepare for that meeting. In fact, Mr. Lawrence's statement in Court that a phone call was made immediately upon the Court's denial of ScanSoft's motion suggests that Dr. Goldhor was actively engaged with the Voice Signal source code this morning. Furthermore, assuming ScanSoft to be abiding by the mutual

The Honorable Patti B. Saris
May 5, 2006
Page 2

restrictions on the source code, the only way for Mr. Lawrence to have provided access to the source code is by providing him access to the laptop computer supplied by Voice Signal at Bromberg & Sunstein.

This is a very serious matter. If Dr. Goldhor has had any access to Voice Signal's source code, he should be disqualified from participating in the meeting with Professor Ney on Monday and from participating in the case generally.

We request that the Court order the parties to return to Court today and that ScanSoft have Dr. Goldhor available either in person or by telephone to be questioned by the Court.

Respectfully,

Sarah Chapin Columbia

SCC:mld

cc:   Lisa Fleming (via facsimile and electronic mail)
      Erik Belt (via facsimile and electronic mail)

4078581v1

# CHOATE

CHOATE HALL & STEWART LLP

Sarah Chapin Columbia
(617) 248-5053
scolumbia@choate.com

May 2, 2006

**BY FAX**

Lisa M. Fleming
Bromberg & Sunstein
125 Summer Street
Boston, MA 02110-1618

RE:   ScanSoft, Inc. v. Voice Signal Technologies, Inc.

Dear Lisa:

We have just received electronic notice of the court's docket order granting ScanSoft's Motion to Allow Its Independent Expert Access to VST's First Year Source Code. As it is evident that the Court made a mistake in ruling on the Motion without considering our opposition (which is not due until May 12), we have this afternoon filed an emergency motion to stay the Court's Order. I expect that until the Court has ruled on the Motion to Stay you will not give Dr. Goldhor access to Voice Signal source code.

Sincerely,

Sarah Chapin Columbia

SCC:mld

4077192v1

Two International Place | Boston MA 02110 | t 617-248-5000 | f 617-248-4000 | choate.com