UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SCANSOFT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-10353-PBS |
| ) | |
| VOICE SIGNAL TECHNOLOGIES, INC., ) | |
| LAURENCE S. GILLICK, ROBERT S. ) | |
| ROTH, JONATHAN P. YAMRON, and ) | |
| MANFRED G. GRABHERR, ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF WENDY S. PLOTKIN**

Wendy S. Plotkin deposes and states as follows:

1. I am an attorney in the law firm of Choate, Hall & Stewart, and a member of the bar of the Supreme Judicial Court of the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts. I am counsel to the above-named defendants and make this declaration in support of the Voice Signal Technologies' Memorandum in Opposition to ScanSoft's Motion to Allow Inspection of All Computers and Computer Servers in the Possession, Custody or Control of the Individual Defendants and to Compel VST to Provide Information Necessary for the Neutral Expert Procedure.

2. On May 2, 2006, I received a call from Courtney Quish, Esq., one of the attorneys for ScanSoft, seeking to confer regarding two motions ScanSoft intended to file that day. Ms. Quish asked whether Voice Signal would assent to a Motion to Impound certain documents that would be attached to the Motion to allow the inspection of Voice Signal's computer hard drives

4081652v1

and servers that ScanSoft was planning to file that day.  ScanSoft had not previously informed Voice Signal that it intended to file a Motion to inspect Voice Signal's computer hard drives and servers.

     3.     I asked Ms. Quish to explain the nature of this Motion in more detail.  Further, I asked her to identify the documents that ScanSoft intended to attach to its Motion and file under seal.

     4.     Ms. Quish briefly identified the categories of documents that ScanSoft asserted were not produced by Voice Signal and formed the basis for its Motion.

     5.     I informed Ms. Quish that it was Voice Signal's position that ScanSoft had not adequately complied with the Rule 37 requirement of full conference on discovery motions, but that under the circumstances Voice Signal could not assent to the Motion to inspect Voice Signal's computers.

     6.     ScanSoft filed its Motion that same afternoon, on May 2, 2006.

     7.     Attached hereto as Exhibit A is a true and correct copy of an email from Lisa Fleming to Dr. Hermann Ney dated March 30, 2006.

     8.     Attached hereto as Exhibit B is a true and correct copy of an email from Sarah Columbia to Dr. Hermann Ney dated March 30, 2006.

     \*                 \*                 \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

                                       /s/ Wendy S. Plotkin

Dated:  May 16, 2006

4081652v1