UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., <br><br> Plaintiff, <br><br> v. <br><br> VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, <br><br> Defendants. | C. A. No. 04-10353-PBS |

## DECLARATION OF LAURENCE S. GILLICK

I, Laurence S. Gillick, on oath depose and say:

1. I am a defendant in this case. I serve as Voice Signal Technologies' Vice President of Core Technologies. I make this Declaration in response to the portion of ScanSoft's Motion To Allow Inspection Of All Computers And Computer Servers In The Possession, Custody Or Control Of The Individual Defendants And To Compel VST To Provide Information Necessary For The Neutral Expert Procedure that relates to contacts between Voice Signal and me from October 4, 2001 to January 2, 2002.

2. ScanSoft states that "e-mails [produced by Voice Signal] show that Voice Signal communicated with Larry Gillick *during* the injunction period (between October 4, 2001 to January 2, 2002). The "injunction period" to which ScanSoft refers is the time period during which I was enjoined by the Massachusetts Superior Court from working at Voice Signal.

4081877v1

3.  Contrary to ScanSoft's suggestion, I had no access to the Voice Signal e-mail system or my e-mail account during the relevant time period. My last day at Voice Signal was October 4, 2001. From the next business day, October 5, 2001, until the date of my return to Voice Signal on January 3, 2002, I never viewed, opened or responded to any e-mail sent to my Voice Signal e-mail account during the injunction period. Nor did I send any e-mail from my Voice Signal e-mail account during the injunction period.

Signed under the pains and penalties of perjury this 16th day of May, 2006.

*[signature]*
Laurence S. Gillick

4081877v1