# Exhibit B

≈AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF

ScanSoft, Inc.

V.

Voice Signal Technologies, Inc. et al

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-cv-10353

TO: Kenneth Cohen, Esq.
Goodwin Procter, LLP
53 State Street
Boston, MA 02109

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Choate, Hall & Stewart, LLP<br>2 International Place, Boston, MA 02110 | 5/5/2006 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 4/28/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Wendy S. Plotkin, Choate, Hall & Stewart, LLP
53 State Street, Boston, MA 02110  (617) 248-5047

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE  GOODWIN PROCTER, LLP |
| SERVED | 4/28/06 | 53 STATE STREET |
| | | BOSTON, MA 02109 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| FRANCIS G. KELLEHER | | IN HAND |
| SERVED BY (PRINT NAME) | | TITLE |
| MARC A. MOSON | | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     5/9/06
                    DATE

*signature*
SIGNATURE OF SERVER

11 BEACON STREET, SUITE 720
ADDRESS OF SERVER

BOSTON, MA 02108

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## ATTACHMENT A TO SUBPOENA TO
## GOODWIN PROCTER

### DEFINITIONS

1. "And" as well as "or" shall be construed both disjunctively and conjunctively, as necessary, to bring within the scope of each request all documents that might otherwise be construed to be outside its scope, and to give each request its broadest possible meaning.

2. "Any" shall be construed also to mean "all," and "all" shall be construed also to mean "any."

3. "Concerning" means regarding, mentioning, referring to, relating to, memorializing, describing, evidencing, commenting on, constituting or containing.

4. "Document," in the plural as well as in the singular, shall be construed in the broadest sense permissible under Federal Rule of Civil Procedure 34, and means all originals, copies and drafts of any writing or other tangible or intangible thing from which data or information can be obtained, known to you or within your possession, custody or control, including, but not limited to, all written, printed, typed, transcribed, electronically encoded matter, any sound or video recording, any photograph or graphic matter or any other thing containing information or communications or from which information or communications may be derived.

5. "ScanSoft" means ScanSoft, Inc. and any and all of its predecessors, successors, parents, subsidiaries, divisions, affiliates, employees, officers, directors, agents, attorneys, representatives, or other persons or entities who have acted or purported to act for or on behalf of any of them.

### INSTRUCTIONS

1. This Subpoena seeks documents in your possession, custody, or control or the possession, custody, or control of your representatives, attorneys, and agents.

2. No document requested shall be altered, changed or modified in any way. All documents shall be produced in full and unredacted form, and shall include all attachments and enclosures. No document shall be disposed of or destroyed.

3. If a document or a group of documents is removed from a file folder, file box, file drawer, notebook, or the like before the same is produced, attach to the document or group of documents a copy of any label that appears on the file folder, file box, file drawer, notebook, or the like from which the document or group of documents was removed.

4. If any document responsive hereto has been destroyed, describe in detail the circumstances of such destruction and all documents which relate either to the circumstances or the reasons for such destruction.

4075621v1

5.  If any request seeks a document that you or your counsel contends is privileged in whole or in part, produce all non-privileged documents or portions of documents sought by the request. As to any document that you contend is privileged, identify: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.), the date of the document, and the subject matter of the document; (b) the name, address and title of the author of the document and of any person who assisted in its preparation; (c) the name, address and title of each addressee or recipient of the document or any copies of it; and (d) the nature of the privilege asserted and sufficient information to allow the Court to determine whether the assertion of the privilege is well founded.

6.  If any request seeks a document that you contend has been lost, misplaced, or destroyed, please identify: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.), the date of the document, and the subject matter of the document; (b) the name, address and position of the author of the document and of any person who assisted in its preparation; (c) the name, address and position of each addressee or recipient of the document or any copies of it; and (d) state the reason that the document has been lost, misplaced, or destroyed.

7.  If a document is produced on any non-paper medium, provide the appropriate instructions necessary to permit inspection, including a description of the equipment needed to review said documents.

## DOCUMENTS REQUESTED

Request No. 1:

All documents that contain work product produced by Goodwin Procter and provided to ScanSoft, any counsel to ScanSoft, or any other person acting on behalf of ScanSoft relating to Voice Signal Technologies, Inc.