# Exhibit D

**GOODWIN | PROCTER**

Kenneth A. Cohen
617.570.1270
kcohen@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

June 2, 2006

Robert S. Frank, Jr.
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110

Dear Bob:

I am writing to address the Rule 45 subpoena directed to Goodwin Procter which you served several weeks ago, and to which I objected in a letter to you dated May 13, 2006.

In that letter I said that we would provide a log of privileged documents. In subsequent conversations with you, I asked about legal support for your requesting privileged and work product communications between Goodwin Procter and its client, ScanSoft. I asked if you would narrow the request to refer only to documents (if any) that conveyed any information Goodwin Procter had obtained from its earlier meetings with VST. You declined to do so.

I said in that conversation that we would collect and review the documents, and would get back to you if the process of logging those documents turned out to be a burdensome one.

We have collected a large number of communications from Goodwin Procter to ScanSoft or to its other counsel. All of them are privileged and protected by the work product doctrine. Because of the volume of communications; because we are aware of no authority for the proposition that you are entitled to see what advice we gave ScanSoft while we were representing it; and because of the unusual nature of the subpoena to begin with (asking counsel of record for its communications about the litigation itself, which are not usually requested or logged), we have reconsidered our position. I do not propose to provide a detailed log describing each individual document we are withholding on privilege and work product grounds. By the very definition of documents sought by your subpoena – documents containing Goodwin Procter's work product that Goodwin Procter communicated to ScanSoft – any document that is responsive to the subpoena also qualifies for protection under the attorney-client privilege and the work product doctrine. Therefore, a more detailed, document-by-document description of documents is unnecessary to establish that they are protected.

If you have any authority for the proposition that you are entitled to see such documents simply because you have prevailed on a motion to disqualify, you can move for whatever relief you think appropriate. In that context, we can see if it is meaningful to distinguish among our

GOODWIN | PROCTER

Robert S. Frank, Jr.
June 2, 2006
Page 2

communications with our client, all of which are on their face protected by the attorney/client and work product privileges.

Accordingly, we will not at this time be providing a privilege log of each such communication. Instead, we will respond to any motion you make, which presumably will make more precise both your purported basis for seeking the privileged documents and the relief you think is appropriate.

We are not waiving our right to object to the application of your subpoena to particular individual communications, as well as objecting to the overall thrust of the request for a set of entirely privileged documents.

Very truly yours,

*[signature]*

Kenneth A. Cohen

KAC:cbd

LIBA/1703559.1