**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SCANSOFT, INC., )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>Defendants. )<br>) | C.A. No. 04-10353-PBS |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DISQUALIFIED COUNSEL GOODWIN PROCTER AND FOR AN AWARD OF ATTORNEYS' FEES**

Plaintiff, ScanSoft, Inc. ("ScanSoft") respectfully submits this opposition to Defendant's Motion To Compel Production Of Documents From Disqualified Counsel Goodwin Procter And For An Award Of Attorneys Fees.

## I.

## INTRODUCTION

Based on the facts at issue in this case and the relevant legal precedent, there is simply no basis for Defendant's request to abrogate ScanSoft's attorney-client and work-product privileges. The only way that Defendant could credibly even argue that it may be entitled to the draconian relief it seeks is by properly pleading facts sufficient to justify piercing the privileges under the crime-fraud exception, supported by detailed allegations of fact that demonstrate why the exception should apply. No such pleading exists in this case, nor indeed can it, because no facts in this case support the conclusion that ScanSoft ever committed a crime or fraud. Rather, Defendant's motion is a clear example of overreaching in an effort to obtain an unfair advantage. Defendant's motion to disqualify Goodwin Procter has already been granted and ScanSoft has already retained new counsel. At this point, after winning its motion to disqualify ScanSoft's prior counsel, there is simply no colorable reason why Defendant should be entitled to the complete and highly invasive discovery into ScanSoft's privileges that it now seeks.

## II.

## PIERCING THE PRIVILEGES IS UNWARRANTED

Defendant has not (and cannot) meet its burden to establish the necessity of piercing the attorney-client and work-product privileges. Specifically, in order even to justify consideration of piercing the privileges (to merely obtain *in camera* review),

Defendant needed to demonstrate grounds for a reasonable belief that ScanSoft was actually trying to commit a crime or fraud when it communicated with Goodwin Procter. Yet Defendant failed even to allege what crime or fraud it believes ScanSoft ever intended to commit or any other wrongdoing on the part of ScanSoft.

Defendant's glaring inability to make a specific allegation in support of the crime-fraud exception comes as no surprise -- there was never a finding of wrongdoing by ScanSoft in this case. Indeed, this Court disqualified Goodwin Procter as a purely prophylactic measure. There was no evidence at that time, nor did this Court then hold, that there was any reason whatsoever to believe that any crime or fraud was being furthered.

### A.    There Is No Legal Basis For Defendant's Requested Relief

The application of the crime-fraud exception to invade a privilege is limited to specific situations where a crime or fraud is properly demonstrated. "The crime-fraud exception […] withdraws protection where the client sought or employed legal representation in order to commit or facilitate a crime or fraud." *In re Grand Jury Proceedings*, 417 F. 3d 18, 22 (1st Cir. 2005); *see also U.S. v. Edgar*, 82 F.3d 499, 509 (1st Cir. 1996) ("[A] prosecutor may not obtain disclosure, or even judicial review, of the privileged information upon a simple assertion that the crime-fraud exception applies[.]" A "showing of a factual basis adequate to support a good faith belief by a reasonable person" is required even for *in camera* review (internal quotations omitted)); *U.S. v. Reeder*, 170 F. 3d 93, 106 (1st Cir. 1999) ("In order to successfully invoke the crime-fraud exception, the government must make a prima facie showing that the attorney's assistance was sought in furtherance of a crime or fraud.").

Here, Defendant offers no evidence whatsoever that a crime or fraud was committed by ScanSoft. Defendant also offers no evidence that any confidences it allegedly disclosed to Goodwin Proctor were disclosed to ScanSoft; indeed, the only evidence in the record is to the contrary. *See* Memorandum of ScanSoft in Opposition to Motion to Disqualify Goodwin Proctor LLP, dated November 18, 2005, at p.3 ("Goodwin assures the Court that it has not used, and would not use, confidential information provided by a prospective client, VST, to its detriment.")

Defendant's position essentially amounts to an argument that whenever a lawyer is disqualified, any communications between the disqualified counsel and its client are automatically waived. That is clearly not the law, and Defendant offers no cases from this or any other jurisdiction to support its position. *See Chronicle Publishing Co. v. Hantzis*, 732 F. Supp. 270, 273 (D. Mass. 1990) (making clear that the question of disqualification and protection of work product are separate and distinct issues).

Tellingly, Defendant relies on cases entirely from outside this jurisdiction and ignores the very cases from within this jurisdiction that are directly on point, presumably because such cases are completely inconsistent with the position Defendant now espouses in its motion. Specifically, in *Milford Power Limited Partnership v. New England Power Co.*, 896 F. Supp. 53 (D. Mass. 1995), the defendant, New England Power, made the very same argument that the defendant is making here – that Milford's communications with its attorney were not privileged because of the attorney's conflict of interest.[1] In denying the defendant's motion and upholding the privilege, the court made

---

[1] In *Milford*, the attorney represented Milford and then went to work for a new law firm that represented the defendant, New England Power. Despite an agreement that the

clear that, "'a court must look to all of the circumstances in the case, including the availability of alternative disciplinary procedures, to decide whether the policy favoring disclosure outweighs the client's legitimate interest in secrecy. <u>No court should order disclosure . . . if the disclosure would traumatize the adversary process more than the underlying misbehavior</u>.'" *Id.* at 57 (citing *Moody v. Internal Revenue Service*, 654 F.2d 795, 801 (D.C. Cir. 1981) (emphasis added)). The court specifically held that "[t]he work product doctrine should not be abrogated merely upon allegations made by [the defendant] that [the attorney] had a conflict of interest, especially because [the defendant] ha[d] failed to present any evidence that [the attorney] compromised [the defendant's] confidences." *Id.* at 57-58. Similarly here, Defendant has failed to make any showing that Goodwin Proctor disclosed any of its confidences to ScanSoft.

In another analogous case, *Chronicle Publishing Company v. Hantzis*, 732 F. Supp. 270, 273 (D. Mass. 1990), the court rejected the defendants' motion seeking to prohibit plaintiff's former counsel from turning over its work product to plaintiff's new counsel based on the defendants' claim that they had disclosed "privileged information, confidential communications and client secrets" to the former counsel. Thus, once again, a court from this jurisdiction protected the privilege rather than vitiating it as Defendant seeks in this case.[2]

---

attorney would not work on matters adverse to New England Power, the attorney continued to represent Milford against New England Powers. As such, New England Power argued that the attorney's alleged unethical conduct vitiated the work product doctrine.

[2] Similar to *Milford*, the court in *Chronicle Publishing* relied on precedents for the fact that "the harm to the plaintiff if denied access to its former attorneys' work product outweighed the harm to the defendant, the 'former' client, upon the turnover of such

Even the cases from outside this jurisdiction, such as *Moody*, relied upon by Defendant do not support its position. To the contrary, as noted above, *Moody* fully supports ScanSoft and makes clear that "[n]o court should order disclosure . . . if the disclosure would traumatize the adversary process more than the underlying legal misbehavior." *Moody*, 654 F.2d at 801. Here, ordering Goodwin Proctor to disclose all its work product and privileged communications with ScanSoft would do precisely that, especially where there is no evidence whatsoever that any "confidences" allegedly disclosed by Defendant to Goodwin Proctor were disclosed to ScanSoft. Moreover, although relying extensively on *Moody*, Defendant omitted the ultimate finding in that case – "that the circumstances did <u>not</u> call for abrogating the work product privilege." *Milford Power*, 896 F. Supp. at 57 n.4 (emphasis in original); *Moody v. I.R.S.*, 527 F. Supp. 535 (D.D.C. 1981); *Moody v. I.R.S.*, No. 77-1825, 1983 WL 1668 (D.D.C. Oct. 14, 1983).

Lastly, Defendant's unsupported allegations of crime or fraud are insufficient even to begin the inquiry. The Supreme Court has made clear that even "before a district court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." *United States v. Zolin*, 491 U.S. 554, 574-575 (1989). The Supreme Court noted in its application of this rule that, "[t]here is no reason to permit opponents of

---

material." *Id.* at 274 (citing *Behunin v. Dow Chemical Co.*, 642 F. Supp. 870, 873 (D. Colo. 1986)).

02639/00509 529207.1

5

the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents." *Id.* at 571.

### III.

### DEFENDANTS SEEK A RULE THAT WOULD GRANT A WINDFALL EVERY TIME COUNSEL IS DISQUALIFIED FOR PRIOR CONFLICT

Denying Defendant's motion and upholding the privileges in this case actually furthers the goal of the work-product doctrine. Defendants acknowledge that "the work-product doctrine is not to protect a privacy interest of the attorney, but instead to protect the adversary process itself." Defendant's Motion at 9; *see also Moody v. I.R.S.*, 645 F.2d 795, 800 (D.C. Cir. 1981). Yet if Defendant has its way, and is permitted discovery of privileged information absent a showing of crime or fraud, the adversary process would be severely compromised. Every successful motion to disqualify counsel on grounds of prior representation would result *ipso facto* in an abrogation of all privileges and a windfall of discovery for the mover. This would undermine the entire policy behind the privileges and would even create incentives to abuse the rule and seek such broad discovery of all privileges whenever counsel is disqualified.

### IV.

### DEFENDANTS SEEK JUDICIAL FEE-SHIFTING RULE CONTRARY TO EXISTING LAW

Defendant's request for fees would effectively create a judicial fee-shifting statute, abrogating the American Rule, and granting fees to every party that wins a motion to disqualify on these or similar grounds. It should not escape notice that Defendant cites no applicable precedent for this idea, relying solely on a case from the District of New Jersey for the proposition that, "[a] court has the inherent power to

impose sanctions on those who violate the Rules of Professional Conduct and its own rules." Defendant's Memorandum at 10-11. Even if this case somehow bound this Court, once again, there has been no finding that ScanSoft has committed any crime or fraud, perpetrated any misconduct, or violated any rules of professional conduct. Accordingly, there simply is no colorable basis for Defendant's request.

## V.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion To Compel Production Of Documents From Disqualified Counsel Goodwin Procter And For An Award Of Attorneys Fees.

Dated: July 31, 2006

SCANSOFT, INC.,

By its attorneys,

/s/ Courtney M. Quish
Lee Carl Bromberg, BBO # 058480
Lisa M. Fleming, BBO # 546148
Erik Paul Belt, BBO # 558620
Rebecca L. Hanovice, BBO #660366
Courtney Quish, BBO # 662288
M. Brad Lawrence, BBO # 641400
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110-1618
(617) 443-9292
cquish@bromsun.com

David J. Lender, Pro Hac Vice
David Greenbaum, Pro Hac Vice
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

                                                Matthew D. Powers, Pro Hac Vice
                                                WEIL, GOTSHAL & MANGES LLP
                                                201 Redwood Shores Pkwy
                                                Redwood Shores, CA 94065
                                                Tel:  (650) 802-3200

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 31, 2006.

                                                /s/ Courtney M. Quish
                                                Courtney M. Quish