# WEIL, GOTSHAL & MANGES LLP

767 FIFTH AVENUE
NEW YORK, NY 10153

(212) 310-8000
FAX: (212) 310-8007

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
HOUSTON
LONDON
MIAMI
MUNICH
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

DAVID J. LENDER
DIRECT LINE (212) 310-8153
E-MAIL: david.lender@weil.com

October 26, 2006

BY ELECTRONIC FILING

Hon. Patti B. Saris, U.S.D.J.
United States District Court
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02110

      Re:    ScanSoft, Inc. v. Voice Signal Technologies, Inc., et al.
               Civil Action No. 04-10353 (PBS)

Dear Judge Saris:

        We are counsel for plaintiff ScanSoft. We are writing, at the request of the Neutral Expert, Professor Hermann Ney, to seek confirmation of the scope of the Court's Neutral Expert Procedure.

        Specifically, the Court ordered VST to "designate six of its patent <u>claims</u> that ScanSoft has allegedly infringed," and have its independent expert "produce a report identifying the exact specifications of the ScanSoft source code that allegedly infringe one of the six designated Voice Signal patent <u>claims</u>." <u>See</u> D.I.-410, May 24, 2006, Order Re: Neutral Expert Procedure, ¶¶ 1, 3 (emphasis added). However, VST's report to the Neutral Expert did not address any claim in its entirety. Rather, it addressed only portions of three different claims, but failed to address other required elements within each of those claims. During the parties' meeting with the Neutral Expert on October 18, 2006, counsel for VST admitted that they could not establish all the requirements of any claim because some of those requirements would be satisfied, if at all, by software of ScanSoft's customers and admitted that ScanSoft's code did not meet those requirements. ScanSoft in turn argued that VST had not satisfied the requirements of the Court's order. Professor Ney asked for the Court's guidance on how to proceed.

        By not addressing all of the elements in any particular claim, VST did not show that there is reason to believe that ScanSoft's accused products infringe VST's patent. It is axiomatic under U.S. patent law that a product can infringe a patent claim only if every element of the claim is found in the accused product. <u>See</u> <u>Lemelson v. U.S.</u>,

NY1:\1460713\02\VB3D02!.DOC\51991.0003

WEIL, GOTSHAL & MANGES LLP

Hon. Patti B. Saris, U.S.D.J.
October 26, 2006
Page 2

752 F.2d 1538, 1551 (Fed. Cir. 1985) ("It is also well settled that each element of a claim is material and essential, and that in order for a court to find infringement, the plaintiff must show the presence of every element or its substantial equivalent in the accused device."). VST had to demonstrate that there is reason to believe that ScanSoft's accused products satisfy all elements of at least one of the asserted claims, not just selected elements of a claim.

Accordingly, ScanSoft respectfully requests that the Court confirm that its order should be interpreted as written. If necessary, we would be happy to further address this issue through a telephone conference or additional briefing.

Respectfully submitted,

David Lender
Attorney for ScanSoft, Inc.

cc: Professor Hermann Ney (by email)
Sarah Chapin Columbia, Esq. (by email)
Lisa Fleming, Esq. (by email)

NY1:\1460713\02\VB3D02!.DOC\51991.0003