UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
SCANSOFT, INC.                                        )
                                                                    )
                Plaintiff,                         )
                                                                    )   C.A. No. 04-10353-PBS
     v.                                                        )
                                                                    )
VOICE SIGNAL TECHNOLOGIES, INC.,       )
LAURENCE S. GILLICK, ROBERT S.          )
ROTH, JONATHAN P. YAMRON, and          )
MANFRED G. GRABHERR,                         )
                                                                    )
                Defendants.                    )
_____)


**MOTION TO COMPEL DEFENDANT VOICE SIGNAL TECHNOLOGIES, INC. TO CREATE A COMPLETE SCREENING WALL BETWEEN THIS ACTION AND THE RELATED ACTION RECENTLY FILED BY DEFENDANT IN THE WESTERN DISTRICT OF PENNSYLVANIA**

        Plaintiff ScanSoft, Inc., ("ScanSoft") hereby moves to compel defendant Voice Signal Technologies, Inc. ("VST") to create a complete screening wall between this action and the related patent infringement action recently filed by VST in the U.S. District Court for the Western District of Pennsylvania (the "Pennsylvania action"). ScanSoft respectfully requests that this Court equitably apply its prior ruling to both parties and require counsel for VST to implement a complete screening wall between the instant litigation in Boston, and the Pennsylvania action.

        As grounds for this motion, ScanSoft states that on November 8, 2006, VST filed a complaint against it, along with several of ScanSoft's distributors and product resellers. VST's complaint specifically alleges that certain Nuance speech products, also at issue in the instant

Boston action, including Dragon NaturallySpeaking and Dragon Mobile SMS, infringe U.S. Patent No. 5,855,000. Counsel for VST in the Pennsylvania action include the same lead counsel and law firm that currently represent VST in this Boston action.

ScanSoft cites this Court's Order of May 5, 2006, which established a complete screening wall between this case and the related patent infringement case pending in the U.S. District Court for the Eastern District of Texas (the "Texas action") to ensure that information discovered in this case not be discussed with or used by the plaintiff in the Texas action. The same concerns exist regarding VST's Pennsylvania action as it did for the Texas action, and a complete screening wall separating VST's counsel in the Boston action from VST's counsel in the Pennsylvania action is necessary.

The above-stated grounds for this motion are more particularly set forth in ScanSoft's Memorandum in Support of its Motion to Compel Defendant Voice Signal Technologies, Inc. to Create a Complete Screening Wall Between This Action and the Related Action Recently Filed by Defendant in the Western District of Pennsylvania, filed herewith.

WHEREFORE, ScanSoft requests that this Court grant this Motion, and grant such further relief as this Court deems just and appropriate.

Dated:  December 6, 2006                    Respectfully submitted,

By:  /s/ David Greenbaum
David Greenbaum
David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3200

*Attorneys for ScanSoft, Inc.*

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that counsel for ScanSoft conferred with counsel for VST in an effort to resolve the issues presented in this motion and that the parties were unable to reach an agreement.

/s/ David Greenbaum

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 6, 2006, pursuant to Local Rule 5.4.

      /s/ Matthew Corwin