UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
SCANSOFT, INC.                              )
                                            )
            Plaintiff,                      )
                                            )   C.A. No. 04-10353-PBS
        v.                                  )
                                            )
VOICE SIGNAL TECHNOLOGIES, INC.,            )
LAURENCE S. GILLICK, ROBERT S.              )
ROTH, JONATHAN P. YAMRON, and               )
MANFRED G. GRABHERR,                        )
                                            )
            Defendants.                     )
_____ )

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT VOICE SIGNAL TECHNOLOGIES, INC. TO CREATE A COMPLETE SCREENING WALL BETWEEN THIS ACTION AND THE RELATED ACTION RECENTLY FILED BY DEFENDANT IN THE WESTERN DISTRICT OF PENNSYLVANIA**

Plaintiff ScanSoft, Inc., ("ScanSoft") submits this memorandum in support of its Motion to Compel Defendant Voice Signal Technologies, Inc. ("VST") to Create a Complete Screening Wall Between This Action and the Related Action Recently Filed By Defendant in the Western District of Pennsylvania.

This Court has already ordered that ScanSoft (now known as Nuance) implement a complete screening wall between the instant Boston action and the patent infringement action filed by Nuance on March 30, 2006, in the Eastern District of Texas. The Court ordered "a complete 'Chinese Wall' between this case and the related patent infringement action in the Eastern District of Texas," to ensure that "information discovered in this case shall not be discussed with or used by the plaintiff in [the Texas action]." DI-384 May 5, 2006 Order at ¶ 2.

Accordingly, and as set forth in more detail below, ScanSoft respectfully requests that the Court equitably apply its prior ruling to both parties and require counsel for VST to implement a complete screening wall between the instant Boston action and the patent infringement action filed by VST on November 8, 2006, in the Western District of Pennsylvania.

## BACKGROUND

1. **VST's Recent Pennsylvania Action**

On November 8, 2006, VST filed a complaint, attached as Exhibit 1, against Nuance and several of Nuance's distributors and product resellers, in the U.S. District Court for the Western District of Pennsylvania (the "Pennsylvania action").[1] VST's complaint specifically alleges that certain Nuance speech products, also at issue in the instant Boston action, including Dragon NaturallySpeaking and Dragon Mobile SMS, infringe U.S. Patent No. 5,855,000 ("the '000 patent"). Exhibit 1, ¶23-24. VST alleges the '000 patent is owned by Carnegie Mellon University, and VST has taken an exclusive license to give it standing to assert the '000 patent against Nuance and its distributors and resellers. *Id.* at ¶ 20-21. Counsel for VST in the Pennsylvania action include the same lead counsel and law firm that currently represent VST in this Boston action. *See Id.*

2. **Nuance's Earlier Texas Action**

On March 30, 2006, Nuance filed a complaint against VST in the U.S. District Court for the Eastern District of Texas (the "Texas action").[2] In response, VST moved this Court to enjoin ScanSoft from prosecuting the Texas action, alleging that discovery in the Texas action risked a violation of the Protective Order and Neutral Expert Procedure in this Boston action. *See* DI-381. Rather than enjoin a pending suit in a different jurisdiction, this Court ordered that

---

[1] *Voice Signal Technologies v. Nuance Communications et al.,* No. 2:06-cv-01492 (W.D. Pa.)
[2] *Nuance Communications, Inc., v. Voice Signal Technologies, Inc.*, No. 06-00071 (E.D. Tx.)

2

ScanSoft create a complete screening wall to separate its counsel in this Boston action from its counsel in the Texas action. DI-384, May 5, 2006 Order at ¶ 2. The Court was unwilling to measure the risks of inadvertent disclosures or improper discovery practices (*see* DI-395, May 5, 2006, Hearing Transcript, pp. 10-13), and instead imposed an absolute screening wall to prevent any information from leaking between the two cases.[3] ScanSoft has implemented the Court's Order and has completely screened the attorneys in this Boston action from the attorneys (at an entirely different law firm, O'Melveny & Meyers) handling the Texas action.

### ARGUMENT

**1. This Court's May 5 Order Sets Precedent for Separating This Action from Related Patent Infringement Actions Pending in Foreign Jurisdictions**

This Court's May 5 Order made clear that, while the parties could file suits in other jurisdictions, the Court would enforce the Protective Order and not allow information to be shared between litigations in different jurisdictions. The Court stated, "I don't want lawyers talking about the case[s] together, and I don't want any information from this suit going to [the Texas] suit." DI-395, Hearing Transcript, p.12, lns. 19-21. And the Court ordered ScanSoft to set up "a complete 'Chinese Wall' between this case and the related patent infringement action in the Eastern District of Texas," to ensure "information discovered in this case shall not be discussed with or used by the plaintiff in [the Texas action]." DI-384, May 5, 2006 Order at ¶ 2.

The same concern exists regarding VST's Pennsylvania action as it did for Nuance's Texas action, and a complete screening wall separating VST's counsel in the Boston action from VST's counsel in the Pennsylvania action is necessary. Information from this action should only be used in this action, and should not be discussed with or used by counsel in

---

[3] Based on the Court's rulings at the hearing, ScanSoft understands that if these cases are transferred to Boston, the screening wall would no longer be needed. *See* DI-395, May 5, 2006, Hearing Transcript, p. 12, lns 22-25.

another suit. As with the Texas action, the appropriate solution is a screening wall between VST's Boston action and VST's Pennsylvania action.

**2.      Discovery in the Pennsylvania Action Will Overlap Discovery In the Boston Action**

There is a high risk that discovery here could be used in litigating the Pennsylvania action. VST's complaint in the Pennsylvania action alleges that certain Nuance speech products that are also at issue in this action, including Dragon NaturallySpeaking and Dragon Mobile SMS, infringe VST's patent rights. These accused products, and others that may be identified over the course of the Pennsylvania action, use some of the same source code that is at issue in this action, including the Mrec and VoCon speech recognition engines. The overlap in discovery is undisputable. With regard to the trade secrets at issue in this action, counsel for VST stated, at the May 8, 2006 hearing before the Neutral Expert, that ScanSoft's asserted trade secrets come from Dragon NaturallySpeaking code, which is also at issue in the Pennsylvania action.[4] Additionally, VST's claims of patent infringement against ScanSoft in this action also accuse the VoCon speech engines. In fact, ScanSoft has already provided discovery in this action on the speech engines that have recently been accused in the Pennsylvania action.

Accordingly, ScanSoft seeks to prevent any information sharing by VST in the two actions. The exact degree of discovery overlap is unimportant for this motion because any overlap creates the incentive and opportunity for information exchange between the two actions. Rather than conducting an extensive analysis of the risks of improper information exchange, this Court should once again employ the means used with the Texas Action. Given the extensive nature and sensitivity of the discovery in these actions, the Court has already recognized – and

---

[4] Nuance does not expect that the resolution of this motion will depend on the degree of overlapping discovery in the two cases, but, if requested by the Court, is willing to submit a declaration attaching the various discovery and hearing transcripts that have been designated as Highly Confidential information under this Court's Protective Order.

guarded against – the potential for improper use of discovery information.  The only effective way to continue to protect this confidential information is to continue to impose complete screening walls between this and related actions elsewhere.

## CONCLUSION

The old adage that "what's sauce for the goose is sauce for the gander" should apply here in full force.  This Court applied a wall between this action and Nuance's Texas action because of VST's alleged concerns about spillage and inequity.  Now, VST has filed a similar suit in another jurisdiction against Nuance, which raises exactly the same concerns about VST's conduct.  For fairness and consistency, and for the reasons set forth above, this Court should grant ScanSoft's Motion to Compel Defendant Voice Signal Technologies, Inc. to Create a Complete Screening Wall Between This Action and the Related Action Recently Filed By Defendant in the Western District of Pennsylvania.

Dated:  December 6, 2006                                    Respectfully submitted,


By:  /s/ David Greenbaum
David Greenbaum
David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3200

*Attorneys for ScanSoft, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 6, 2006, pursuant to Local Rule 5.4.

      /s/ Matthew Corwin