# Exhibit 1

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VOICE SIGNAL TECHNOLOGIES, INC.<br>Plaintiff,<br><br>v.<br><br>NUANCE COMMUNICATIONS, INC.,<br>DIGITAL RIVER, INC.,<br>INGRAM MICRO, INC.,<br>1450, INC.,<br>TECHDATA CORPORATION,<br>BEST BUY COMPANY, INC.,<br>CDW CORPORATION,<br>CIRCUIT CITY STORES, INC.,<br>COMPUSA, INC.,<br>FRY'S ELECTRONICS, INC.,<br>OFFICE DEPOT, INC.,<br>PC CONNECTION, INC.<br>Defendants. | Case No. _____<br><br>**Filed Electronically**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action for patent infringement brought by Plaintiff Voice Signal Technologies, Inc. ("Voice Signal") against defendants Nuance Communications, Inc. ("Nuance"), Digital River, Inc. ("Digital River"), Ingram Micro, Inc. ("Ingram Micro"), 1450, Inc. ("1450"), TechData Corporation ("TechData"), (Digital River, Ingram Micro, 1450 and TechData shall be referred to collectively as "the Distributor Defendants"), Best Buy Company, Inc. ("Best Buy"), CDW Corporation ("CDW"), Circuit City Stores, Inc. ("Circuit City"), CompUSA, Inc. ("CompUSA"), Fry's Electronics, Inc. ("Fry's Electronics"), Office Depot, Inc. ("Office Depot"), and PC Connection, Inc. ("PC Connection.") (Best Buy, CDW, Circuit City,

CompUSA, Fry's Electronics, Office Depot and PC Connection shall be referred to collectively as "the Reseller Defendants").

## PARTIES

2. Voice Signal is a Delaware corporation with a principle place of business in Woburn, Massachusetts.

3. Upon information and belief, Nuance is a Delaware corporation with a principle place of business in Burlington, Massachusetts.

4. Upon information and belief, Digital River is a Delaware corporation with a principal place of business in Eden Prairie, Minnesota.

5. Upon information and belief, Ingram Micro is a Delaware corporation with a principal place of business in Santa Ana, California.

6. Upon information and belief, 1450 is a Florida corporation with a principal place of business in West Palm Beach, Florida.

7. Upon information and belief, TechData is a Florida corporation with a principal place of business in Clearwater, Florida.

8. Upon information and belief, Best Buy is a Minnesota corporation with a principal place of business in St. Paul, Minnesota.

9. Upon information and belief, CDW is a Delaware corporation with a principal place of business in Vernon Hills, Illinois.

10. Upon information and belief, Circuit City is a Virginia corporation with a principal place of business in Richmond, Virginia.

11. Upon information and belief, CompUSA is a Delaware corporation with a principal place of business in Dallas, Texas.

12. Upon information and belief, Fry's Electronics is a California corporation with a principal place of business in San Jose, California.

13. Upon information and belief, Office Depot is a Delaware corporation with a principal place of business in Delray Breach, Florida.

14. Upon information and belief, PC Connection is a Delaware corporation with a principal place of business in Merrimack, New Hampshire.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16. This Court may exercise personal jurisdiction over Nuance because, upon information and belief, Nuance sells and/or offers to sell infringing products in this judicial district and throughout the United States.

17. This Court may exercise personal jurisdiction over the Distributor Defendants because, upon information and belief, the Distributor Defendants distribute the infringing products to customers in this judicial district and throughout the United States.

18. This Court may exercise personal jurisdiction over the Reseller Defendants because, upon information and belief, the Reseller Defendants sell and offer to sell the infringing products to retail customers directly through retail stores located in this judicial district and throughout the United States or through mail and/or internet orders shipped to this judicial district and throughout the United States.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(3) and §1400(b).

## THE PATENT

20. On December 29, 1998, U.S. Patent No. 5, 855, 000 (the "'000 patent"), directed to a "Method and Apparatus for Correcting and Repairing Machine-Transcribed Input Using Independent or Cross-Modal Secondary Input," was issued. All right, title, and interest in the patent was assigned to Carnegie Mellon University in January 1997. A copy of the '000 patent is attached as Exhibit A to this Complaint.

21. Voice Signal is the exclusive licensee of the '000 patent in the field of use of general purpose dictation for personal computers and mobile devices.

## CLAIMS FOR RELIEF

### COUNT ONE
(Infringement of the '000 Patent by Nuance)

22. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23. Nuance has been and is infringing the '000 patent by making, using, selling and/or offering for sale in the United States products or services that practice the invention claimed in '000 patent. These products and services include, but are not limited to, several versions of Nuance's Dragon Naturally Speaking.

24. Nuance has been and is infringing the '000 patent by making, using and/or offering for sale in the United States products or services that practice the invention claimed in the '000 patent. These products and services include, but are not limited to, Dragon Mobile SMS.

25. On information and belief, Nuance actively is contributing to and/or inducing, and will continue to contribute to and/or induce, others to infringe the '000 patent.

26. As a direct and proximate result of Nuance's infringement of the '000 patent, Voice Signal has been and continues to be damaged in an amount yet to be determined.

27. Nuance is on notice of the '000 patent at least as of the filing of this complaint. Nuance's infringement of the '000 patent is, and will continue to be, willful and with full knowledge of the '000 patent and of its infringement.

28. Nuance's infringing conduct will cause irreparable injury to Voice Signal if not enjoined by this Court.

## COUNT TWO
### (Infringement of the '000 patent by the Distributor Defendants)

29. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30. On information and belief, the Distributor Defendants operate businesses that distribute software products, among other things, to businesses and individuals in this judicial district and throughout the United States. On information and belief, the Distributor Defendants have been, distributing, offering for sale and selling to customers in the United States and this judicial district, the infringing products and services manufactured by Nuance, including, but not limited to several versions of Dragon Naturally Speaking.

31. On information and belief, the Distributor Defendants are actively contributing to and/or inducing, and will continue to contribute to and/or induce others to infringe the '000 patent.

32. As a direct and proximate result of the Distributor Defendants' infringement of the '000 patent, Voice Signal has been and continues to be damaged in an amount yet to be determined.

33. The Distributor Defendants are on notice of the '000 patent at least as of the filing of this complaint. The Distributor Defendants' infringement of the '000 patent is, and will continue to be, willful and with full knowledge of the '000 patent and of their infringement.

34. The Distributor Defendants' infringing conduct will cause irreparable injury to Voice Signal if not enjoined by this Court.

## COUNT THREE
### (Infringement of the '000 patent by the Reseller Defendants)

35. Plaintiff realleges, and incorporates herein by reference, the allegations of paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36. On information and belief, the Reseller Defendants are in the business of selling home and business electronics and software products, among other things, to end users in this district and throughout the United States through retail stores, mail order, and internet commerce websites. On information and belief, the Reseller Defendants have been selling and offering for sale to consumers in the United States and this judicial district, the infringing products and services manufactured by Nuance, including, but not limited to several versions of Dragon Naturally Speaking.

37. On information and belief, the Reseller Defendants are actively contributing to and/or inducing, and will continue to contribute to and/or induce others to infringe the '000 patent.

38. As a direct and proximate result of the Reseller Defendants' infringement of the '000 patent, Voice Signal has been and continues to be damaged in an amount yet to be determined.

39. The Reseller Defendants are on notice of the '000 patent at least as of the filing of this complaint. The Reseller Defendants' infringement of the '000 patent is, and will continue to be, willful and with full knowledge of the '000 patent and of their infringement.

40. The Reseller Defendants' infringing conduct will continue to cause irreparable injury to Voice Signal if not enjoined by this Court.

## REQUEST FOR RELIEF

**WHEREFORE,** plaintiff Voice Signal prays for judgment against the Defendants as follows:

(a) Preliminarily and permanently enjoining Nuance, the Distributor Defendants, and the Reseller Defendants, and their officers, agents, servants, and employees, from infringing and contributing to and/or inducing others to infringe U.S. Patent No. 5, 855, 000.

(b) Ordering the Defendants to account for the infringement, and to pay monetary damages to Voice Signal to compensate for the infringement;

(c) Enhancing damages up to treble damages under 35 U.S.C. §284, for the deliberate and willful nature of the Defendants' infringement;

(d) Ordering the Defendants to pay interest on the damages award in the form of both pre-judgment and post-judgment interest;

(e) Declaring that this case is exceptional within the meaning of 35 U.S. §285, and ordering the Defendants to pay Voice Signal's costs and expenses and its reasonable attorneys' fees under 35 U.S.C. §285; and

(f) Granting Voice Signal such other relief as the Court deems just and equitable.

## Jury Trial Demanded

Pursuant to Fed, R, Civ. P. 38, Plaintiff demands a jury trial on all issues triable of right by jury.

Respectfully Submitted,

VOICE SIGNAL TECHNOLOGIES, INC.

By their attorneys,

By: /s/ *Henry M. Sneath*
_____
Henry M. Sneath
Pa. I.D. No. 40559
Stephen S. Photopoulos
Pa. I.D. No. 89590
PICADIO SNEATH MILLER
    & NORTON, P.C.
Suite 4710, US Steel Tower
600 Grant Street
Pittsburgh, Pa. 15219
Telephone: (412) 288-4013
Facsimile: (412) 288-2405

and

Sarah Chapin Columbia
Wendy S. Plotkin
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110
Telephone: (617)248-5000
Facsimile: (617)-248-4000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within PLAINTIFF'S COMPLAINT has been filed electronically and has been served upon all parties either individually or through counsel via:

| | |
|---|---|
| _____ | Hand-Delivery |
| _____ | Facsimile |
| ____X____ | First Class, US Mail, Postage Prepaid |
| _____ | Certified Mail-Return Receipt Requested |
| _____ | CM/ECF Notice of Filing |

At the following address:

NUANCE COMMUNICATIONS, INC.
Worldwide Headquarters
1 Wayside Road
Burlington, MA 01803

DIGITAL RIVER, INC.
Corporate Headquarters
9625 West 76th Street - Suite 150
Eden Prairie, MN 55344

INGRAM MICRO, INC.
1600 E. St. Andrew Place
Santa Ana, A 92799-5125

1450, INC.
1411 North Flagler – Suite 8450
West Palm Beach, FL 33401

TECH DATA CORPORATION
5350 Tech Data Drive
Clearwater, FL 33760

BEST BUY COMPANY, INC.
Corporate Headquarters
7601 Penn Avenue South
Richfield, MN 55423

CDW CORPORATION
200 N. Milwaukee Avenue
Vernon Hills, IL 60061

CIRCULT CITY STORES, INC.
9954 Mayland Drive
Richmond, VA 23233

COMPUSA, INC.
14951 North Dallas Parkway
Dallas, TX 75254

FRY'S ELECTRONICS, INC.
600 East Brokaw
San Jose, CA 95112

OFFICE DEPOT, INC.
Office Depot Corporate Support Center
2200 Old Germantown Road
Delray Beach, FL 33445

PC CONNECTION, INC.
730 Milford Road
Merrimack, NH 03054-4631

Date: November 8, 2006

PICADIO SNEATH MILLER & NORTON

/s/ *Henry M. Sneath*

By: _____
Henry M. Sneath, Esquire
Pa. I.D. No. 40559
Stephen S. Photopoulos, Esquire
Pa. I.D. N9. 89590

Attorneys for Plaintiff