# EXHIBIT 1

Case 1:04-cv-10353-PBS   Document 434-2   Filed 12/22/2006   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC. )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>VOICE SIGNAL TECHNOLOGIES, INC., )<br>LAURENCE S. GILLICK, ROBERT S. )<br>ROTH, JONATHAN P. YAMRON, and )<br>MANFRED G. GRABHERR, )<br>)<br>        Defendants. )<br>) | C.A. No. 04-10353-PBS |

**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANT VOICE SIGNAL TECHNOLOGIES, INC. TO CREATE A COMPLETE SCREENING WALL BETWEEN THIS ACTION AND THE RELATED ACTION RECENTLY FILED BY DEFENDANT IN THE WESTERN DISTRICT OF PENNSYLVANIA**

Plaintiff ScanSoft, Inc., ("ScanSoft") submits this Reply Brief in support of its Motion to Compel Defendant Voice Signal Technologies, Inc. ("VST") to Create a Complete Screening Wall Between This Action and the Related Action Recently Filed By Defendant in the Western District of Pennsylvania (DI-431).

VST's Opposition wrongly claims that "the circumstances leading up to this Court's May 5 Order were unusually suspicious," and that "Nuance has not and cannot point to such circumstances here." See VST's Opposition at 2. In fact, on November 9, 2006 – only one day after filing the Pennsylvania litigation –VST's Vice President of Marketing Communications (Mira Genser) directly contacted the financial and equities analysts that cover Nuance to provide information about the Pennsylvania litigation, including advance notice of VST's November 9, 2006, press-release. See Declaration of Richard Mack, ¶¶ 4-5. VST is not a publicly traded company, and is not covered by these analysts, so there is no legitimate, business reason for VST

to have communicated the details of the litigation in Pennsylvania to these analysts. Id. VST clearly is using the Pennsylvania litigation for improper "business purposes," to pressure Nuance in a manner that has already troubled the Court. See May 5 Hearing Transcript (DI-395), at 8-9 and 13.

Yet, despite this improper conduct, ScanSoft heeded the Court's admonition against "nitpicking each other to death" (id. at 8) and did not seek the multiple sanctions that the Court denied to VST. Instead, ScanSoft's motion only sought to have the Court apply its May 5 Order equally to both parties. However, VST should not be allowed to use ScanSoft's restraint to argue that "Nuance does not even suggest that Voice Signal is using the Pittsburgh case or any other litigation as a means of 'whacking' Nuance into shape." See VST's Opposition at 2. The facts are clear that the Pennsylvania litigation is being improperly used by VST. Consistent with this Court's prior ruling, a complete screening wall – prohibiting all communications concerning the litigation – between VST's counsel handling the instant litigation and VST's counsel handling the Pennsylvania litigation should be ordered. Because a complete screening wall was required even between ScanSoft's two separate law firms, the same should be required of VST. VST's current counsel that have or will receive discovery in the Boston litigation should not be allowed to participate in any manner in the Pennsylvania litigation.

Dated: December 22, 2006                 Respectfully submitted,

By: /s/ David Greenbaum
David Greenbaum
David J. Lender
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Tel: (212) 310-8000

*Attorneys for ScanSoft, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 22, 2006, pursuant to Local Rule 5.4.

/s/ Matthew Corwin