## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCANSOFT, INC., | ) |
|                  Plaintiff, | ) C.A. No. 04-10353-PBS |
| v. | ) |
| VOICE SIGNAL TECHNOLOGIES, INC., LAURENCE S. GILLICK, ROBERT S. ROTH, JONATHAN P. YAMRON, and MANFRED G. GRABHERR, | ) |
|                  Defendants, | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT VOICE SIGNAL TECHNOLOGIES, INC.'S MOTION FOR AN ORDER ENJOINING NUANCE FROM SOLICITING VOICE SIGNAL EMPLOYEES**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

A. This Court Cannot Enter The Injunction Because It Lacks Subject Matter
   Jurisdiction Over VST's Tortious Interference Claim......................................................2

   1. Diversity Jurisdiction...............................................................................................2

   2. Supplemental Jurisdiction........................................................................................3

   3. Pendent Jurisdiction .................................................................................................4

B. VST Has No Standing To Seek An Injunction Because It Has Not Asserted A
   Claim Against Nuance, And Any Motion To Amend Would Be Futile..........................4

   1. VST has not asserted a claim ...................................................................................4

   2. Any motion to amend would be futile .....................................................................5

C. VST Has Not Pled Sufficient Facts For This Court to Grant Injunctive Relief ............7

CONCLUSION.................................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*AFC Cable Systems, Inc. v. Clisham*, 62 F. Supp. 2d 167 (D. Mass. 1999) ........................8

*Beradin v. Immigration & Naturalization Service*,
    2002 WL 1267992 (E.D.N.Y. April 22, 2002) ......................................................5

*Biogen Idec MA, Inc. v. Trustees of Columbia University*,
    332 F. Supp. 2d 286 (D. Mass. 2004) ...................................................................5

*Boyle v. Douglas Dynamics, LLC*, 292 F. Supp. 2d 198 (D. Mass. 2003)..........................6

*Bradley v. Lynn*, 433 F. Supp. 2d 157 (D. Mass. 2006).......................................................5

*Casas Office Machines, Inc. v. Mita Copystar America, Inc.*,
    42 F.3d 668 (1st Cir. 1994) .....................................................................................2

*Darwin Partners, Inc. v. Signature Consultants LLC*,
    2000 WL 33159281 (Mass. Super. Ct. March 24, 2000).......................................9

*DB Riley, Inc. v. AB Engineering Corp.*, 977 F. Supp. 84 (D. Mass. 1997).......................9

*Dickerson v. Seatek, Inc.*, 238 F. Supp. 2d 66 (D.D.C. 2002) .............................................5

*Dynamics Research Corp. v. Analytic Sciences Corp.*,
    400 N.E.2d 1274 (Mass. App. Ct. 1980) ................................................................8

*Equal Employment Opportunity Comm'n v. Astra USA, Inc.*,
    94 F.3d 738 (1st Cir. 1996).....................................................................................5

*Exeter Group, Inc. v. Sivan*, 2005 WL 1477735 (Mass. Super. Mar. 24, 2005).................7

*FLEXcon Co., Inc. v. McSherry*, 123 F. Supp. 2d 42 (D. Mass. 2000) ..............................7

*Folsum Funeral Service, Inc. v. Rodgers*, 372 N.E.2d 532 (Mass. App. 1978) .................7

*Forman v. Davis*, 371 U.S. 178 (1962)................................................................................5

*Iglesias v. Mut. Life Ins. Co.*, 156 F. 3d 237 (1st Cir. 1998) ...............................................3

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994)..............................2

*Mattel, Inc. v. Hyatt*, 664 F.2d 757 (9th Cir. 1981) .............................................................4

*McCullough v. Malave*, 260 F. Supp. 2d 358 (D.P.R. 2003)...............................................2

*Montana v. Abbott Laboratories*, 266 F. Supp. 2d 250 (D. Mass. 2003) ...........................2

*New England Patriots Football Club, Inc. v. University of Colorado*,
    592 F.2d 1196 (1st Cir. 1979) ................................................................................9

*Nisselson v. Lernout*, 2004 WL 1630492 (D. Mass. July 21, 2004) ...................................3

*Pate v. RPS Corp.*, 79 F.R.D. 356 (N.D. Ill. 1978) .............................................................4

*Picker Int'l, Inc. v Leavitt*, 865 F. Supp. 951 (D. Mass. 1994) ...........................................6

*Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68 (1st Cir. 1999) ....................................3

*Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004) ................................................6

*Verdegaal Bros., Inc. v. Union Oil Co. of California*, 750 F.2d 947 (Fed. Cir. 1984) ........4

*W.B. Mason Co., Inc. v. Staples, Inc.*,
    2001 WL 227855 (Mass. Super. Ct. Jan 18, 2001) ................................................10

**Statutes**
28 U.S.C. § 1332 ...................................................................................................................2

28 U.S.C. § 1367 ...................................................................................................................3

**Rules**
Fed. R. Civ. P. Rule 7 .......................................................................................................1, 5

Fed. R. Civ. P. Rule 8 ...........................................................................................................2

Fed. R. Civ. P. Rule 15 .........................................................................................................5

Fed. R. Civ. P. Rule 16 .........................................................................................................6

Plaintiff ScanSoft, Inc. ("Nuance") submits this memorandum of law in opposition to Voice Signal Technologies, Inc.'s ("VST") motion for an order enjoining Nuance from soliciting VST employees.

## INTRODUCTION

VST has filed a motion to enjoin Nuance from hiring any VST employees, regardless of who they are or what they will be doing for Nuance. The problem is that this case is a patent and trade secret case, and has nothing to do with alleged breaches of non-compete provisions. The Court has no subject matter jurisdiction over this non-pleaded claim – this Court is not the repository for any and all disputes that may arise between the parties. VST's motion is an inappropriate vehicle for seeking an injunction, when it has made no claim for one in a Rule 7 pleading. Moreover, the time to add new claims to this suit has long passed. For these reasons, the Court should deny the motion outright for lack of jurisdiction.

Even were the court to entertain the claim, it has no merit. VST has not even come close to asserting the necessary predicate facts to enjoin Nuance. Indeed, VST's motion papers are more illuminating for what they do not allege. While VST claims that the injunction should be granted because it can establish the elements of a claim for intentional interference with contractual relationship (*see* VST's Memorandum at 9), VST cannot establish the necessary elements of such a claim. First, VST has not alleged that Nuance has actually hired any VST employees. Second, VST has not alleged that Nuance has requested any VST employee to reveal any trade secrets or confidential

information. Third, VST has not provided this Court with the information necessary to determine whether there is even an enforceable non-competition covenant.

## ARGUMENT

**A.    This Court Cannot Enter The Injunction Because It Lacks Subject Matter Jurisdiction Over VST's Tortious Interference Claim**

Federal courts are courts of limited jurisdiction and only have authority to rule on cases to the extent that they have subject matter jurisdiction over the claims. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). *See also Montana v. Abbott Laboratories*, 266 F. Supp. 2d 250, 261 (D. Mass. 2003) (Saris, J.). A federal court may not enter an injunction if it does not have subject matter jurisdiction over the claim on which the injunction is based. *McCullough v. Malave*, 260 F. Supp. 2d 358, 361 (D.P.R. 2003), *vacated on unrelated grounds*, 364 F.3d 1 (1st Cir. 2004).

For this Court to have jurisdiction over any state-law claim for tortious interference with contractual relations, jurisdiction would have to rest on diversity jurisdiction, supplemental jurisdiction, or pendant jurisdiction under 28 U.S.C. § 1338(b). A plaintiff must affirmatively plead the basis for the federal court's jurisdiction. Fed. R. Civ. P. Rule 8 (a). However, VST has not articulated any basis for subject matter jurisdiction for its tortious interference claim, and, as demonstrated below, there is no possible basis for subject matter jurisdiction.

### 1.    Diversity Jurisdiction

Diversity jurisdiction does not exist because Nuance and all of the defendants are residents of Massachusetts. 28 U.S.C. § 1332. *See also Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994) (requiring complete diversity between all plaintiffs and all defendants). Both Nuance and

2

VST have their principal places of business in Massachusetts. DI-88 [VST's Amended Answer and Counterclaim], pp. 8-9, ¶¶ 1-2. Additionally, each of the individual defendants are also residents of Massachusetts. *Id.* at ¶¶ 3-6.

### 2.    Supplemental Jurisdiction

Supplemental jurisdiction exists when there are state law claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A federal court may exercise supplemental jurisdiction over a state claim when the federal claim and the state claim "derive from a common nucleus of operative fact and the plaintiff would ordinarily be expected to try them both in one judicial proceeding." *Nisselson v. Lernout*, 2004 WL 1630492, at *2 (D. Mass. July 21, 2004) (Saris, J.) (internal quotation marks omitted). Courts in the First Circuit routinely refuse to exercise supplemental jurisdiction when the state law claim does not arise out of a common nucleus of operative facts with the federal law claim. *See Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68, 69 (1st Cir. 1999) (affirming district court's denial of supplemental jurisdiction where facts and timing of state law claims were "entirely separate" from facts and timing of federal claim). Indeed, it is reversible error to exercise supplemental jurisdiction when the state law claim and the federal jurisdiction claims are not based on the same operative facts. *Iglesias v. Mut. Life Ins. Co.*, 156 F. 3d 237, 243-44 (1st Cir. 1998) (vacating district court judgment on counterclaim and ordering dismissal of counterclaim for lack of subject matter jurisdiction).

VST's motion for injunction is based on a common law claim of tortious interference with contractual relationships, while the federal claims at issue in the case

3

are patent and trade secret claims. VST's claim does not derive from a common nucleus of operative facts with the patent and trade secret claims. Rather, the facts and timing of the claims are wholly unrelated, and this Court should decline to exercise supplemental jurisdiction. *See Pate v. RPS Corp.*, 79 F.R.D. 356, 361 (N.D. Ill. 1978) ("The non-patent claim alleging intentional interference by the defendants with the contractual relationship existing between plaintiff-employer and its employee is likewise not sufficiently related to the patent issues to justify the court's exercise of the jurisdiction over it.").

        **3.**    **Pendent Jurisdiction**

Beyond ordinary supplemental jurisdiction, 28 U.S.C. 1338(b) provides for "pendent" jurisdiction over a claim for unfair competition "when [it is] joined with a substantial and related claim" under the patent laws. *See also Verdegaal Bros., Inc. v. Union Oil Co. of California*, 750 F.2d 947, 949 (Fed. Cir. 1984); *Mattel, Inc. v. Hyatt*, 664 F.2d 757, 761 (9th Cir. 1981) (requiring considerable overlap between factual basis underlying state and federal claims for pendent jurisdictions over unfair competition claims). Here, pendent jurisdiction would not be proper. VST's tortious interference claim is not joined with its patent claims, nor is there a considerable overlap between the factual bases underlying the patent and trade secret claims and any claim for tortious interference.

**B.**    **VST Has No Standing To Seek An Injunction Because It Has Not Asserted A Claim Against Nuance, And Any Motion To Amend Would Be Futile**.

        **1.**    **VST has not asserted a claim**

VST has not alleged its claim for tortious interference with contractual relationships in a Rule 7 pleading and it therefore does not have standing to obtain

4

injunctive relief.  Pursuant to Fed. R. Civ. P. 7, federal courts refuse to recognize claims that are not properly asserted in a complaint, counterclaim, cross-claim, or third party complaint.  *See Dickerson v. Seatek, Inc.*, 238 F. Supp. 2d 66, 85 (D.D.C. 2002) (refusing to recognize claim asserted in summary judgment papers because summary judgment papers are not a Rule 7 pleading); *Beradin v. Immigration & Naturalization Service*, 2002 WL 1267992 at *1-2 (E.D.N.Y. April 22, 2002) (requiring the filing of a separate complaint to pursue requested relief).

Moreover, establishing a reasonable likelihood of success on the merits of its claim is necessary to obtaining injunctive relief.  *Bradley v. Lynn*, 433 F. Supp. 2d 157, 159 (D. Mass. 2006) (Saris, J.); *Biogen Idec MA, Inc. v. Trustees of Columbia University*, 332 F. Supp. 2d 286, 295 (D. Mass. 2004) ("In the typical case, a party seeking preliminary injunctive relief must prove: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) a fit (or, at least, a lack of friction) between the injunction and the public interest.") (quoting *Equal Employment Opportunity Comm'n v. Astra USA, Inc.*, 94 F.3d 738, 742 (1st Cir. 1996)).  VST has not met this burden.

**2. Any motion to amend would be futile**

Although a party may be freely given leave by the court to amend a complaint under Fed. R. Civ. P. 15, such leave may be denied for reasons such as undue delay or futility of amendment.  *See Forman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, "[o]nce a scheduling order is in place, the liberal default rule [that an amendment should be 'freely given as justice so requires'] is replaced by the 'good

5

cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

Applying these standards, this Court should deny any motion by VST to amend its answer to assert a counterclaim for tortious interference with contractual relationships. First, as already discussed (*see* Section A, *supra*), this Court does not have subject matter jurisdiction over any claim for tortious interference with contractual relationships. Second, VST has not stated a claim for tortious interference with contractual relationships.

To state a claim for tortious interference with contractual relationships in Massachusetts, a plaintiff must plead and prove that defendants' actions have caused a third party to breach a contract with plaintiff. *See Picker Int'l, Inc. v Leavitt*, 865 F. Supp. 951, 969 (D. Mass. 1994) ("Imaging, however, has not offered evidence of any existing contract which was breached as a result of Picker's conduct. Therefore, summary judgment must be entered for Picker on this claim."); *Boyle v. Douglas Dynamics, LLC*, 292 F. Supp. 2d 198, 212 (D. Mass. 2003) ("The plaintiffs' claim must fail, however, because the undisputed facts establish that TT Sales did not break the contract."). Here, VST has not alleged that any employee has breached a non-competition covenant by going to work for Nuance. Thus, VST has not stated a claim for tortious interference upon which relief may be granted.[1]

---

[1] Any motion to amend should also be denied as untimely. The Scheduling Order required that counterclaims be filed no later than April 24, 2004. VST should not be allowed to file a counterclaim in this action – almost three years past the deadline – when VST could seek the same relief in a separate action.

6

**C.    VST Has Not Pled Sufficient Facts For This Court to Grant Injunctive Relief**

VST has not supplied the Court with information needed to analyze whether VST has an enforceable non-competition covenant, much less one that would prohibit *any* of its employees (at any level of responsibility) from working for Nuance in any capacity.  In fact, VST cannot establish the necessary elements to support the issuance of the requested injunction or a claim for intentional interference with contractual relationship.  Specifically, VST has not alleged that Nuance has actually hired any VST employees, or that Nuance has induced any VST employee to reveal any trade secrets or confidential information.  Also, VST has not provided this Court with the information necessary to determine whether there is even an enforceable non-competition covenant.  VST has the burden to show a likelihood of success on the merits, and to demonstrate irreparable harm; this involves showing all of these elements.  *Folsum Funeral Service, Inc. v. Rodgers*, 372 N.E.2d 532, 533-34 (Mass. App. 1978).

Determining enforceability of a non-competition covenant requires information on the nature and scope of the covenant itself, the validity of the trade secrets at issue, and the employment role of the specific employee in question.  *Id.*

- VST fails to state which employees had access to what trade secrets; they also fail to state whether VST took proper steps to protect those secrets.  *See FLEXcon Co., Inc. v. McSherry*, 123 F. Supp. 2d 42, 45 (D. Mass. 2000) (where the employee was not in possession of the employer's proprietary information, there could be no irreparable harm); *Exeter Group, Inc. v. Sivan*, 2005 WL 1477735 at *5 (Mass. Super. Mar. 24, 2005) (where methodology at issue was not proprietary, non-compete was unenforceable).

7

- VST fails to state whether the non-competition covenants reflect its employees' current employment responsibilities; it also fails to state that its employees' special knowledge was derived from their employment at VST, as opposed to prior employment or study. *See AFC Cable Systems, Inc. v. Clisham*, 62 F. Supp. 2d 167, 173 (D. Mass. 1999) (material changes in terms or conditions of employment voids earlier non-compete agreement); *Dynamics Research Corp. v. Analytic Sciences Corp.*, 400 N.E.2d 1274, 1282-83 (Mass. App. Ct. 1980) ("the employer has a heavy burden of isolating the secret for which he claims protection" where employee enters employment with "extensive experience").

Other than the affidavits of three VST employees (the "Affiants"), VST has supplied no information to this Court concerning its employees. Accordingly, this Court cannot determine if any other VST employees (1) have non-competition covenants (much less non-competition covenants which purport on their face to prohibit the employees from working for Nuance), (2) are employed as an executive, mid-level manager or non-salaried employee, (3) had access to confidential information, (4) whether VST took proper steps to preserve any alleged confidential information VST claims supports the enforcement of the non-competition covenant, and (5) whether any employee is presently employed in a new position which implicates the protection of trade secrets. Accordingly, this Court has absolutely no basis to determine whether there is an enforceable non-competition covenant with respect to all of VST's employees.

Even with respect to the Affiants, there is still not sufficient information on which this Court can determine whether the non-competition covenants are enforceable. Although the non-competition covenants are purportedly based on the

employee's receipt of confidential information, VST has not met its burden of establishing that the underlying information is in fact protectable as confidential information. The affidavits submitted by VST do not identify (i) what confidential information they received, (ii) how that information provides VST with a competitive advantage, or (iii) any measures that VST took to preserve the confidentiality of the information. *See DB Riley, Inc. v. AB Engineering Corp.*, 977 F. Supp. 84, 89-91 (D. Mass. 1997). Further, as already noted, VST has not alleged that any of the Affiants have breached their non-competition covenants, and none are employed by Nuance, so there is no basis to grant injunctive relief with respect to them.

Lastly, even if the Court had information sufficient to determine the enforceability of the non-competition covenants for all VST employees, and even if VST had satisfied the elements of its tortious interference claim, the requested relief is still overly broad. VST has not cited any case in which a court has issued a blanket injunction precluding a company from hiring *any* employee of another company, and Nuance is not aware of any such cases.

Tellingly, the cases that VST cites in support of its claim that solicitation should be enjoined are not on point. *Darwin Partners, Inc. v. Signature Consultants LLC*, 2000 WL 33159281 (Mass. Super. Ct. March 24, 2000), involved a claim against an ex-employee who had an agreement with his ex-employer not to solicit ex-Customers. The court enjoined the ex-employees (not the new employer) from soliciting for ex-customers. No defendant was enjoined from soliciting employees of the former employer. The *New England Patriots* case, 592 F.2d 1196 (1st Cir. 1979), involved a claim against the University of Colorado for inducing the head coach of the Patriots to

9

breach a contract for a term of years (it did not involve an employee-at-will and it did not even address any factors relating to non-competition covenants).  In *W.B. Mason Co., Inc. v. Staples, Inc.*, 2001 WL 227855 (Mass. Super. Ct. Jan 18, 2001), Mason hired three ex-employees of Staples who had signed non-competition covenants with Staples, which prohibited them from working for a competitor for a period of one year following the termination of their employment.  The Superior Court refused to enforce the non-competition covenant as written, instead permitting the ex-employees to work for Mason, provided they not solicit certain customers.  Because of the unusual facts of the case (Mason requested Staples employees "resign without warning and come immediately to work and start calling on their former customers on that same day" and then filed "a comprehensive pre-emptive strike lawsuit within hours" *Id.* at *8), the court temporarily enjoined Mason from soliciting Staples employees for any purpose that would interfere with those employee's contractual obligations to Staples.  *Mason* simply does not support VST's argument, instead, it reinforces the proposition that one company may solicit and hire the employees of a competitor.

## CONCLUSION

For all of the foregoing reasons, Nuance respectfully requests that VST's motion for an order enjoining solicitation be denied.


Dated: February 21, 2007                         Respectfully submitted,

                                                 By: /s/ David Greenbaum
                                                     David Greenbaum
                                                     David J. Lender
                                                     WEIL, GOTSHAL & MANGES LLP
                                                     767 Fifth Avenue
                                                     New York, NY 10153
                                                     Tel: (212) 310-8000
                                                     Fax: (212) 310-8007
                                                     david.greenbaum@weil.com

                                                     *Attorneys for ScanSoft, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 21, 2007, pursuant to Local Rule 5.4.

/s/ Samantha Rothman