# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| NUANCE COMMUNICATIONS, INC., | § § § | |
| Plaintiff and Counter-defendant, | § § | |
| v. | § § | CIVIL ACTION NO. 5:06-CV-252-DF |
| SOFTMED SYSTEMS, INC., | § § § | JURY TRIAL REQUESTED |
| Defendant and Counter-plaintiff. | § § § | |

---

ANSWER, DEFENSES AND COUNTERCLAIMS
OF DEFENDANT SOFTMED SYSTEMS, INC.

---

The defendant, SoftMed Systems, Inc. ("SoftMed"), by its attorneys, hereby answers the

numbered paragraphs of the Complaint of Plaintiff Nuance Communications, Inc. ("Nuance") as

follows:

### FIRST DEFENSE

1.     This is an action for patent infringement. Nuance alleges that SoftMed

infringes Nuance's United States Patent Nos. 5,179,627 and 5,513,905 (the "Patents-In-

Suit") by making, using, offering for sale and contributing to and/or inducing others to

make, use, sell or offer to sell products and services claimed by the Patents-In-Suit.

ANSWER:

SoftMed admits that Nuance purports to assert a claim for patent infringement but denies

any remaining allegations in this paragraph, and specifically denies that Nuance is entitled to any

relief.

2.    Nuance is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Burlington, Massachusetts. Nuance is engaged in the business of designing, developing and providing speech and imaging products and related services.

**ANSWER:**

SoftMed lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies them.

3.    Nuance is informed and believes that defendant SoftMed is a corporation organized and existing under the laws of the State of Maryland and has its principal place of business in Silver Spring, Maryland.

**ANSWER:**

SoftMed admits that it is a corporation organized and existing under the laws of the State of Maryland and has its principal place of business in Silver Spring, Maryland.

4.    This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

No answer is required to the allegations contained in paragraph 4, which merely state conclusions of law.

- 2 -

5.      Venue lies within this judicial pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**ANSWER:**

No answer is required to the allegations contained in paragraph 5, which merely state conclusions of law.

6.      Nuance is the owner of record of United States Patent No. 5,179,627 ("the '627 Patent") entitled "Digital Dictation System" with full rights in and to the claims and causes of action involved in this suit. The United States Patent and Trademark Office duly and legally issue the '627 Patent on January 12, 1993. Exhibit A to this complaint is a true and correct copy of the '627 Patent.

**ANSWER:**

SoftMed admits that a copy of the '627 Patent is attached as Exhibit A to the Complaint. SoftMed lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies them.

7.      SoftMed has been and is infringing the '627 Patent by making, using, selling and/or offering for sale in the United States, and by contributing to and/or inducing others to make, use, sell and/or offer for sale in the United States, without license from Nuance, products or services that practice the invention claimed in the '627 Patent. These products or services include, *inter alia*, systems for handling voice messages.

**ANSWER:**

Denied.

- 3 -

8.    Nuance is informed and believes, and based thereon avers, that SoftMed

will continue to infringe, contribute to and/or induce others to infringe, the '627 Patent

unless enjoined by this Court.

**ANSWER:**

Denied.

9.    As a direct and proximate result of SoftMed's infringement of the '627

Patent, Nuance has been and continues to be damaged in an amount yet to be determined.

**ANSWER:**

Denied.

10.    By reason of the above acts, SoftMed has caused and is causing, and

unless enjoined and restrained by this Court, will continue to cause Nuance great and

irreparable injury to among other things, the good will and business reputation of Nuance

and its business relationships, all of which cannot be adequately compensated or

measured in money.  Nuance has no adequate remedy at law.  Nuance is entitled to

injunctive relief enjoining and restraining SoftMed, its officers, agents, servants, and

employees, and all persons acting in concert with SoftMed from further infringement of

the '627 Patent.

**ANSWER:**

Denied.

- 4 -

11.    On information and belief, Nuance avers that SoftMed's infringement of

the '627 Patent is, has been and continues to be committed with full knowledge of

Nuance's rights under the '627 Patent, and in willful, wanton and deliberate disregard

thereof, rendering this an exceptional case under 35 U.S.C. § 285.

ANSWER:

Denied.

12.    Nuance is the owner of record of United States Patent No. 5,513,905 ("the

'905 Patent") entitled "Priority Voice Message Delivery System" with full rights in and

to the claims and causes of action involved in this suit. The United States Patent and

Trademark Office duly and legally issued the '905 Patent on October 6, 1992. Exhibit B

to this Complaint is a true and correct copy of the '905 Patent.

ANSWER:

SoftMed admits that a copy of the '905 Patent is attached as Exhibit A to the Complaint.

SoftMed lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations in this paragraph, and therefore denies them.

13.    SoftMed has been and is infringing the '905 Patent by making, using,

selling and/or offering for sale in the United States, and by contributing to and/or

inducing others to make, use, sell and/or offer for sale in the United States, without

license from Nuance, products or services that practice the invention claimed in the '905

Patent. These products or services that practice the invention claimed in the '905 Patent.

These products or services include, *inter alia*, systems for handling voice messages.

ANSWER:

Denied.

- 5 -

1040.00001/332121.1

17.    On information and belief, Nuance avers that SoftMed's infringement of

the '905 Patent is, has been and continues to be committed with full knowledge of

Nuance's rights under the '905 Patent, and in willful, wanton and deliberate disregard

thereof, rendering this an exceptional case under 35 U.S.C. § 285

ANSWER:

Denied.

## SECOND DEFENSE

SoftMed has not infringed, induced infringement or contributed to infringement

of the '627 or '905 Patent.

## THIRD DEFENSE

The '627 and '905 Patents are invalid under one or more provisions of 35 U.S.C.

§ 101 *et seq*.

## FOURTH DEFENSE

Nuance's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Although Nuance, or its predecessor in interest, Dictaphone Corporation, knew

about SoftMed's competing products at least since 2001, it unreasonably, and without

excuse, delayed bringing this lawsuit, and accordingly Nuance's alleged claims are

barred by the doctrine of laches.

1040.00001/332121.1

14.     Nuance is informed and believes, and based thereon avers, that SoftMed will continue to infringe, contributed to and/or induce others to infringe, the '905 Patent unless enjoined by this Court.

## ANSWER:

Denied.

15.     As a direct and proximate result of Defendant's infringement of the '905 Patent, Nuance has been and continues to be damaged in an amount yet to be determined.

## ANSWER:

Denied.

16.     By reason of the above acts, SoftMed has caused and is causing, and unless enjoined and restrained by this Court, will continue to cause Nuance great and irreparable injury to among other things, the good will business reputation of Nuance and its business relationships, all of which cannot be adequately compensated or measured in money. Nuance has no adequate remedy at law. Nuance is entitled to injunctive relief enjoining and restraining SoftMed, its officers, agents, servants, and employees, and all persons acting in concert with SoftMed from further infringement of the '905 Patent.

## ANSWER:

Denied.

## COUNTERCLAIMS

The defendant and counterclaim plaintiff, SoftMed, for its counterclaims, alleges as follows:

1.    SoftMed is a corporation organized and existing under the laws of the State of Maryland and has its principal place of business in Silver Spring, Maryland.

2.    Nuance states in its Complaint that it is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Burlington, Massachusetts.

3.    These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq., under the declaratory judgment act, 28 U.S.C. §§ 2201 and 2202, and under applicable state laws.

4.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Nuance is subject to personal jurisdiction in this judicial district.

## BACKGROUND

7.    Upon information and belief, Nuance filed this lawsuit in bad faith to wrongly interfere and harm the lawful business of SoftMed and to exclude SoftMed from lawfully making and selling a competing product.

8.    Until this lawsuit, Nuance never gave SoftMed notice of Nuance's patents, nor did Nuance ever claim that SoftMed's products infringed, despite the fact that Nuance and its predecessors in interest have known about SoftMed's products for years.

- 8 -

1040.00001/332121.1

9.      Upon information and belief, the initiation of this lawsuit is part of Nuance's scheme to disrupt or prevent any acquisition of SoftMed, or if such an acquisition occurred, to reduce SoftMed's valuation.

10.     Upon information and belief, after filing this lawsuit, Nuance began to make false and misleading statements to SoftMed customers and prospective customers about the status and content of an agreement between Nuance and SoftMed concerning Nuance's Dragon speech recognition software. In particular, Nuance stated falsely, and continues to state falsely, that SoftMed no longer has the right to sell products that incorporate Nuance's Dragon speech recognition software. Such false or misleading statements were intended to and did deceive SoftMed's customers and prospective customers. Prior to these false or misleading statements by Nuance, SoftMed had a reasonable probability or expectation of entering into or continuing a contractual relationship with some or all of those customers and prospective customers.

11.     Upon information and belief, Nuance has maliciously made such false or misleading statements, and has used information about this lawsuit for the improper purpose of decreasing SoftMed's revenue and profits, and impairing its competitive strength.

12.     Upon information and belief, Nuance has, after bringing this lawsuit, solicited SoftMed employees to leave SoftMed and join Nuance. On various occasions, Nuance employees, or agents acting on its behalf, have directly contacted SoftMed employees, including sales personnel, for the express purpose of enticing them to join Nuance.

- 9 -

13.    Upon information and belief, Nuance acted intentionally and maliciously for the improper purpose of disrupting or preventing any acquisition of SoftMed or, if such an acquisition occurred, to reduce SoftMed's valuation.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14.    SoftMed repeats the allegations set forth above as if fully set forth here.

15.    Nuance claims that it owns the '627 and '905 patents, and that SoftMed infringes those patents.

16.    An actual and justiciable controversy exists between the parties with respect to the alleged infringement of the '627 and '905 patents.

17.    SoftMed does not infringe and has not infringed any claims of the '627 and '905 patents.

18.    SoftMed is entitled to a declaratory judgment that it does not infringe and has not infringed any claims of the '627 and '905 patents.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY

19.    SoftMed repeats the allegations set forth above as if fully set forth here.

20.    The '627 and '905 patents are invalid under one or more provisions of 35 U.S.C. § 101 *et seq.*

21.    An actual and justiciable controversy exists between the parties with respect to the validity of the '627 and '905 patents.

22.    SoftMed is entitled to a declaratory judgment that the '627 and '905 patents are invalid.

- 10 -

## COUNT III – UNFAIR COMPETITION UNDER 15 U.S.C. § 1125 (LANHAM ACT)

23.    SoftMed repeats the allegations set forth above as if fully set forth here.

24.    Upon information and belief, Nuance – in bad faith – has made false or misleading statements about SoftMed's legal rights and business and false or misleading statements of fact in commercial advertising or promotion about SoftMed's goods or services. Such false or misleading statements are likely to influence purchasing decisions, and have influenced purchasing decisions of SoftMed's customers or prospects.

25.    Nuance made such false or misleading statements in connection with interstate commerce.

26.    Upon information and belief, Nuance's false or misleading statements have resulted in actual injury to SoftMed, and will cause further injury to SoftMed if not enjoined.

## COUNT IV – UNFAIR COMPETITION UNDER TEXAS LAW

27.    SoftMed repeats the allegations set forth above as if fully set forth here.

28.    Nuance's activities regarding SoftMed are contrary to honest practice in commercial matters and constitute unfair competition.

29.    Nuance tortiously interfered with SoftMed's ability to conduct its business, and has done so without justification or privilege.

30.    Upon information and belief, Nuance's tortious and unjustified interference with SoftMed's business has caused injury to SoftMed, and will cause further injury to SoftMed if not enjoined.

- 11 -

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS UNDER TEXAS LAW

31.    SoftMed repeats the allegations set forth above as if fully set forth here.

32.    Upon information and belief, Nuance is aware of the existence of certain contractual relations SoftMed has with its customers.

33.    Upon information and belief, Nuance willfully and intentionally interfered with existing SoftMed contracts, and has done so without justification or privilege.

34.    As a result of Nuance's conduct, Nuance has caused injury to SoftMed, and will cause further injury to SoftMed if not enjoined.

## COUNT VI – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS UNDER TEXAS LAW

35.    SoftMed repeats the allegations set forth above as if fully set forth here.

36.    Upon information and belief, Nuance is aware of business relations SoftMed has with customers or prospective customers, and Nuance has intentionally interfered with such business relations that SoftMed had a reasonable probability of entering into or continuing.

37.    Upon information and belief, such independently tortious or unlawful conduct by Nuance prevented one or more such business relationships from occurring.

38.    Upon information and belief, Nuance had a desire to prevent that business relationship from occurring, or knew the interference was certain or substantially certain to occur as a result of its conduct.

39.    SoftMed has suffered actual harm or damages as a result of Nuance's interference, and will suffer further injury if Nuance is not enjoined from interfering with SoftMed's business.

1040.00001/332121.1

## COUNT VII – UNFAIR COMPETITION UNDER MARYLAND LAW

40.     SoftMed repeats the allegations set forth above as if fully set forth here.

41.     Upon information and belief, Nuance has filed allegations lacking a good faith basis in its Complaint in an attempt to unjustifiably punish SoftMed and unfairly target its employees, customers, and prospective customers.

42.     Upon information and belief, by wrongfully threatening, bringing and maintaining this lawsuit, Nuance has hampered fair trade and unfairly competed with, and is continuing to unfairly compete with, SoftMed.

43.     Upon information and belief, Nuance's wrongful acts have caused and, unless enjoined, will continue to cause SoftMed harm.

## COUNT VIII – TORTIOUS INTERFERENCE WITH CONTRACTUAL OR BUSINESS RELATIONSHIPS UNDER MARYLAND LAW

44.     SoftMed repeats the allegations set forth above as if fully set forth here.

45.     Upon information and belief, Nuance is aware of the existence of contractual relations SoftMed has with its employees, and has intentionally interfered with, or attempted to interfere with, those contractual relations.

46.     Upon information and belief, Nuance is aware of the existence of certain business relations SoftMed has with customers or prospective customers, and Nuance has intentionally interfered with those business relations.

47.     Upon information and belief, Nuance has acted maliciously, without cause or justification, and not for the purpose of furthering any of Nuance's legitimate interests, but with the willful intent to harass and injure SoftMed and harm its business.

48.     Nuance's wrongful, interfering acts have caused and, unless enjoined, will continue to cause SoftMed harm.

1040.00001/332121.1

## REQUEST FOR RELIEF

WHEREFORE, SoftMed respectfully requests that this Court enter judgment:

A.    Declaring Nuance's '627 and '905 patents not infringed by SoftMed;

B.    Declaring Nuance's '627 and '905 patents invalid;

C.    Declaring that this is an exceptional case under 35 U.S.C. § 285;

D.    Finding that Nuance has unfairly competed with SoftMed;

E.    Finding that Nuance has tortiously interfered with SoftMed's contractual relations;

F.    Finding that Nuance has tortiously interfered with SoftMed's prospective business relations;

G.    Permanently enjoining Nuance and its officers, agents, servants, employees, affiliates and all others in active concert or participation with Nuance from making false and misleading statements about SoftMed in the marketplace;

H.    Awarding SoftMed its damages including, loss of the benefits of certain contracts, consequential losses, actual harm to reputation, and pre- and post-judgment interest, caused by Nuance's tortious conduct;

I.    Awarding attorneys' fees to SoftMed pursuant to 35 U.S.C. § 285 for Nuance's bad faith and unfair conduct; and

J.    Ordering such other and further relief to SoftMed as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

SoftMed demands a jury trial on all claims so triable.

Dated:  December 29, 2006                    Respectfully submitted,


                                 By: /s/ David Beck
                                        David J. Beck
                                        State Bar No. 0000070
                                        Beck, Redden & Secrest, LLP
                                        1221 McKinney Street, Suite 4500
                                        Houston, Texas  77010-2010
                                        Telephone:  (713) 951-3700
                                        Facsimile:  (713) 951-3720
                                        Email:  dbeck@brsfirm.com
                                        LEAD ATTORNEY FOR DEFENDANT
                                        AND COUNTERCLAIM-PLAINTIFF
                                        SOFTMED SYSTEMS, INC.

*Of Counsel:*

Nicholas H. Patton
State Bar No. 15631000
Patton, Tidwell & Schroeder, L.L.P.
4605 Texas Boulevard, P.O. Box 5398
Texarkana, Texas 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
Email: nickpatton@texarkanalaw.com

Mark G. Matuschak
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (612) 526-5000
Email: mark.matuschak@wilmerhale.com

Paul B. Keller
Peter J. Shen
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
Email: paul.keller@wilmerhale.com
Email: peter.shen@wilmerhale.com

1040.00001/332121.1

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service in the above referenced case are being served this 29th day of December, 2006, via the Court's CM/ECF system per Local Rule CV-5(a)(3).


/s/ David Beck

1040.00001/332121.1