# Exhibit A


# Part 1

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000145 | 04/24/2006 | 6501966 | |

BROMBERG & SUNSTEIN LLP
125 SUMMER STREET
BOSTON MA 02110-1618

| EXAMINER |
|---|
| Kwang B. Yao |

| ART UNIT | PAPER |
|---|---|
| 3992 | |

DATE MAILED:

06/21/06

# *INTER PARTES* REEXAMINATION
# COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED
STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE
PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to
the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of
this communication.

PTOL-2071 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Joseph H. Born

Patent Group, Foley Hoag LLP

155 Seaport Boulevard

Boston, MA  02210


# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/000,145*.

PATENT NUMBER *6,501,966*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3992*.


Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

| *ORDER GRANTING/DENYING REQUEST FOR INTER PARTES REEXAMINATION* | Control No. 95/000,145 | Patent Under Reexamination 6501966 | |
|---|---|---|---|
| | Examiner Kwang B. Yao | Art Unit 3992 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

The request for *inter partes* reexamination has been considered. Identification of the claims, the references relied on, and the rationale supporting the determination are attached.

Attachment(s):     ☐ PTO-892     ☒ PTO-1449 or PTO/SB/08     ☐ Other: _____

1. ☒ The request for *inter partes* reexamination is GRANTED.

    ☒ An Office action is attached with this order.

    ☐ An Office action will follow in due course.

2. ☐ The request for *inter partes* reexamination is DENIED.

This decision is not appealable. 35 U.S.C. 312(c). Requester may seek review of a denial by petition to the Director of the USPTO within ONE MONTH from the mailing date hereof. 37 CFR 1.927. EXTENSIONS OF TIME ONLY UNDER 37 CFR 1.183. In due course, a refund under 37 CFR 1.26(c) will be made to requester.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Order.

| **Transmittal of Communication to Third Party Requester Inter Partes Reexamination** | Control No. 95/000,145 | Patent Under Reexamination 6501966 |
|---|---|---|
| | Examiner Kwang B. Yao | Art Unit 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

Paper No. 20060612

U.S. Patent and Trademark Office
PTOL-2070 (5/04)

1

| **INTER PARTES REEXAMINATION COMMUNICATION** | Control No. | Patent Under Reexamination |
|---|---|---|
| | 95/000,145 | 6501966 |
| | Examiner | Art Unit | |
| | Kwang B. Yao | 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

Application/Control Number: 95/000,145

Art Unit: 3992

## DECSION GRANTING *INTER PARTES* REEXAMINATION

### *Summary*

1.      A substantial new question of patentability affecting claims 1-6 of United States Patent Number 6,501,966 to Bareis et al. (the '966 patent, hereafter) is raised by the request for *inter partes* reexamination.

2.      A substantial new question of patentability affecting claims 7-30 of United States Patent Number 6,501,966 to Bareis et al. (the '966 patent, hereafter) is not raised by the request for *inter partes* reexamination.  Thus, Claims 7-30 are not subject to reexamination.

3.      Extensions of time under 37 CFR 1.136(a) will not be permitted in inter partes reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that inter partes reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.937). Patent owner extensions of time in inter partes reexamination proceedings are provided for in 37 CFR 1.956. Extensions of time are not available for third party requester comments, because a comment period of 30 days from service of patent owner's response is set by statute. 35 U.S.C. 314(b)(3).

Application/Control Number: 95/000,145                                    Page 3

Art Unit: 3992

4.      The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a), to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 6,501,966 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP 2686 and

2686.04.


### The References

5.      The Requester asserts that claims 1-6 of the '966 patent are either anticipated under 35

USC 102 or obvious under 35 USC 103 of the following patents and publications:

  (a)     Thomas Schalk, "Voice Recognition in Cellular Mobile Telephones," *Speech
          Technology*, Sept./Oct. 1986 (the Schalk article, hereafter).

  (b)     R. Eugene Helms, "Voice Control of Mobile Telephones" *Speech-Tech '86
          Conference Proceedings*, pp. 126-130, 1986 (the Helms article, hereafter).

  (c)     Uniden Corp., "VoiceDial Operating Guide - America's First Speaker Independent
          Voice Command System for Cellular Telephones," copyright 1989 (the Uniden
          Guide, hereafter).

  (d)     B. I. Pawate & P. Ehlig, "Dialing a Phone by Voice," *Machine Design*, January
          10, 1991 (the Pawate article, hereafter).

  (e)     "Voice Dialer for Cellular Telephone," *AVIOS '87 Conference Proceedings*, pp.
          19-26, Oct. 6, 1987 (the Viglione article, hereafter).

Application/Control Number: 95/000,145                                      Page 4
Art Unit: 3992

    (f)     US Patent No. 4,737,976 to Borth et al. (Motorola '976 patent, hereafter).

    (g)     US Patent No. 4,870,686 to Gerson et al. (Motorola '686 patent, hereafter).

### *Analysis of Issues Raised by Requester*

6.    The request indicates that claims 1-6 are anticipated by the Schalk article.

The substantial new question of patentability is based solely on patents and/or printed publications already cited/considered in an earlier concluded examination of the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle h, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> *"The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."*

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art i.e., "old art" does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, it is agreed that the consideration of the Schalk article raises a substantial new question of patentability to claims 1-6 of the '966 patent. As pointed out on pages 6-9, 22, 23, 24, 25, 28, and Exhibit No. 7 of the Request, the Schalk article teaches a

Application/Control Number: 95/000,145
Art Unit: 3992

voice-dialing method, which includes a user speaking a command, i.e., "Dial," "Recall," or

"Speed-dial", to instruct the system whether it is to listen for a keyword or for digits.

    While the Schalk article was present before the examiner during the examination of the

base application of the '966 patent, it was not relied on to reject the claims or provide reasons for

allowance.  When a substantial new question of patentability is raised solely over previously

cited art, the Court stated in the sole footnote, in *In re * Bass*, 314 F.3d 575, 576-77, 65 USPQ2d

1156, 1157 (Fed. Cir.2002), in pertinent part,

> *"37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the*
>
> *Office cannot presume that a prior art reference was previously relied upon or*
>
> *discussed in a prior Office proceeding if there is no basis in the written record to*
>
> *so conclude other than the examiner's initials or a check mark on a PTO 1449*
>
> *form, or equivalent, submitted with an information disclosure statement. Thus,*
>
> *any specific discussion of prior art must appear on the record of a prior related*
>
> *Office proceeding."*

    Because no written consideration of the Schalk article appears in the record of

examination of the base application of the '966 patent, and the Schalk article teaches many

features of at least claim 1 of the '966 patent, a substantial new question of patentability exists.

Accordingly, the Schalk article raises a substantial new question of patentability as to claims 1-6

which question has not been decided in the previous examination of the '966 patent.  Neither was

the Schalk article addressed in the final holding of invalidity by the Federal Courts.  Thus, there

is a substantial likelihood that a reasonable examiner would consider these teachings important

in deciding whether or not the claims are patentable.

Application/Control Number: 95/000,145                                      Page 6
Art Unit: 3992

7.     The request indicates that claims 1-6 are anticipated by the Helms article.

The substantial new question of patentability is based solely on patents and/or printed
publications already cited/considered in an earlier concluded examination of the patent being
reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle h,
Section 13105, part (a) of the Act revised the reexamination statute by adding the following new
last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by
> the fact that a patent or printed publication was previously cited by or to the
> Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the
statutory revision, reliance on previously cited/considered art i.e., "old art" does not necessarily
preclude the existence of a substantial new question of patentability (SNQ) that is based
exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance
shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, it is agreed that the consideration of the Helms article raises a
substantial new question of patentability to claims 1-6 of the '966 patent.  As pointed out on
pages 9-11, 26, 28, 29 and Exhibit No. 9 of the Request, the Helms article teaches that a VCS
system accepts the command "Dial" followed by a telephone number-representing a "Digit
Sequence" (0-9 and "oh"), or the command "Speed-Dial" followed by a spoken "keyword." See
pages129-130, and Fig. 4.  While the Helms article was present before the examiner during the
examination of the base application of the '966 patent, it was not relied on to reject the claims or
provide reasons for allowance.  When a substantial new question of patentability is raised solely

Application/Control Number: 95/000,145
Art Unit: 3992

over previously cited art, the Court stated in the sole footnote, in *In re * Bass,* 314 F.3d 575, 576-77, 65 USPQ2d 1156, 1157 (Fed. Cir.2002), in pertinent part,

> *"37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the Office cannot presume that a prior art reference was previously relied upon or discussed in a prior Office proceeding if there is no basis in the written record to so conclude other than the examiner's initials or a check mark on a PTO 1449 form, or equivalent, submitted with an information disclosure statement. Thus, any specific discussion of prior art must appear on the record of a prior related Office proceeding."*

Because no written consideration of the Helms article appears in the record of examination of the base application of the '966 patent, and the Helms article teaches many features of at least claim 1 of the '966 patent, a substantial new question of patentability exists. Accordingly, the Helms article raises a substantial new question of patentability as to claims 1-6 which question has not been decided in the previous examination of the '966 patent. Neither was the Helms article addressed in the final holding of invalidity by the Federal Courts. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

8.   The request indicates that claims 1 and 3-6 are anticipated by the Uniden Guide.

The substantial new question of patentability is based solely on patents and/or printed publications already cited/considered in an earlier concluded examination of the patent being

Application/Control Number: 95/000,145                          Page 8

Art Unit: 3992

reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle h,

Section 13105, part (a) of the Act revised the reexamination statute by adding the following new

last sentence to 35 U.S.C. 303(a) and 312(a):

> *"The existence of a substantial new question of patentability is not precluded by*
>
> *the fact that a patent or printed publication was previously cited by or to the*
>
> *Office or considered by the Office."*

For any reexamination ordered on or after November 2, 2002, the effective date of the

statutory revision, reliance on previously cited/considered art i.e., "old art" does not necessarily

preclude the existence of a substantial new question of patentability (SNQ) that is based

exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance

shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, it is agreed that the consideration of the Uniden Guide raises a

substantial new question of patentability to claims 1 and 3-6 of the '966 patent. As pointed out

on pages 11-13, 24, 26, 27, 29 and Exhibit No. 11 of the Request, the Uniden Guide teaches an

initial user command and thereafter allows a user to dial either by "dictating digits" or by

speaking a keyword. Alternatively, to dial by "descriptive words" (i.e., keywords) the user

speaks a command, "Call," of a second type and is prompted by the system's saying "Calling" to

speak one of ten recognized words (see page 10). When the system recognizes an utterance as a

spoken keyword, the system retrieves a previously stored number from memory or informs the

user that no number is stored in the specified location: "'Memory error' occurs if you ask

VoiceDial to recover a telephone number from an empty memory location." (see page 14).

While the Uniden Guide was present before the examiner during the examination of the base

Application/Control Number: 95/000,145
Art Unit: 3992

application of the '966 patent, it was not relied on to reject the claims or provide reasons for allowance. When a substantial new question of patentability is raised solely over previously cited art, the Court stated in the sole footnote, in *In re * Bass,* 314 F.3d 575, 576-77, 65 USPQ2d 1156, 1157 (Fed. Cir.2002), in pertinent part,

> *"37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the Office cannot presume that a prior art reference was previously relied upon or discussed in a prior Office proceeding if there is no basis in the written record to so conclude other than the examiner's initials or a check mark on a PTO 1449 form, or equivalent, submitted with an information disclosure statement. Thus, any specific discussion of prior art must appear on the record of a prior related Office proceeding."*

Because no written consideration of the Uniden Guide appears in the record of examination of the base application of the '966 patent, and the Uniden Guide teaches many features of at least claim 1 of the '966 patent, a substantial new question of patentability exists. Accordingly, the Uniden Guide raises a substantial new question of patentability as to claims 1 and 3-6 which question has not been decided in the previous examination of the '966 patent. Neither was the Uniden Guide addressed in the final holding of invalidity by the Federal Courts. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

9.    The request indicates that claims 1-4 are anticipated by the Pawate Article.

Application/Control Number: 95/000,145
Art Unit: 3992

The substantial new question of patentability is based solely on patents and/or printed publications already cited/considered in an earlier concluded examination of the patent being reexamined. On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle h, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> *"The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."*

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art i.e., "old art" does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

In the present instance, it is agreed that the consideration of the Pawate Article raises a substantial new question of patentability to claims 1-4 of the '966 patent. As pointed out on pages 14, 21, 23 and Exhibit No. 13 of the Request, the Pawate Article teaches that a voice-dialer system enables a user to dial his cellular phone by either (1) speaking the digits of the number to be called or (2) saying a keyword or name associated with a previously stored number. In the Pawate system, for example, the user can dial a cellular phone simply by saying, "Call office" or "Call home," or "[h]e or she can also state the number to be called, using the words zero through nine for digits." Page 96 (top of right column). To instruct the system to listen for a string of digits, the user speaks the command "Number," whereas the user speaks the command "Call" to

Application/Control Number: 95/000,145
Art Unit: 3992

dial by keyword. Page 97 (bottom of left column).   While the Pawate Article was present before

the examiner during the examination of the base application of the '966 patent, it was not relied

on to reject the claims or provide reasons for allowance.  When a substantial new question of

patentability is raised solely over previously cited art, the Court stated in the sole footnote, in *In

re * Bass*, 314 F.3d 575, 576-77, 65 USPQ2d 1156, 1157 (Fed. Cir.2002), in pertinent part,

> *"37 CFR 1.2 requires that all Office business be transacted in writing. Thus, the*
> *Office cannot presume that a prior art reference was previously relied upon or*
> *discussed in a prior Office proceeding if there is no basis in the written record to*
> *so conclude other than the examiner's initials or a check mark on a PTO 1449*
> *form, or equivalent, submitted with an information disclosure statement. Thus,*
> *any specific discussion of prior art must appear on the record of a prior related*
> *Office proceeding."*

Because no written consideration of the Pawate Article appears in the record of

examination of the base application of the '966 patent, and the Pawate Article teaches many

features of at least claim 1 of the '966 patent, a substantial new question of patentability exists.

Accordingly, the Pawate Article raises a substantial new question of patentability as to claims 1-

4 which question has not been decided in the previous examination of the '966 patent.  Neither

was the Pawate article addressed in the final holding of invalidity by the Federal Courts.  Thus,

there is a substantial likelihood that a reasonable examiner would consider these teachings

important in deciding whether or not the claims are patentable.

Application/Control Number: 95/000,145                              Page 12

Art Unit: 3992

10.    The request indicates that claims 1-6 are anticipated by the Viglione article.

It is agreed that the consideration of the Viglione article raises a substantial new question of patentability to claims 1-6 of the '966 patent. As pointed out on pages 15-17, 21-23, 25, 27 29 and Exhibit 15 of the Request, the Viglione article teaches that the Interstate voice-dialing method "allows you to dial your cellular phone by saying the name associated with the number you're calling, by speaking the digits, or by calling the location of the number stored in your cellular phone memory." (see page 20). The command syntax employed by the Viglione method is illustrated in Table II (see page 25). The prosecution history of the base application of the '966 patent does not indicate that the Viglione article was included for consideration by the examiner in charge of the base application. Accordingly, the Viglione article raises a substantial new question of patentability as to claims 1-6 which question has not been decided in the previous examination of the '966 patent. Neither was the Viglione article addressed in the final holding of invalidity by the Federal Courts. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

11.    The request indicates that claims 1, 3-6 are anticipated by Motorola '686 patent.

It is agreed that the consideration of Motorola '686 patent raises a substantial new question of patentability to claims 1 and 3-6 of the '966 patent. As pointed out on pages 17-20, 23, 27-29 and Exhibit 18 of the Request, Motorola '686 patent teaches a method for entering digit sequences by voice command. The method includes digit dialing in response to a first

command type. The Motorola '686 patent's specification provides that the digit-dialing function is initiated by the first command type, "ENTER": "The user would first direct the control system to a digit entry mode with a verbal command such as `ENTER' .... [The] controller dialing sequence starts with step 202 upon recognition of the command word `ENTER.'" Col. 7, lines 10-12; col. 8, lines 3-5. After the "ENTER" command is recognized, the "system then replies with a synthesized response such as the word 'DIGITS'". Col. 7, lines 12-14. The user would then speak the digit sequence to be dialed. Col. 7, lines 15-68. The prosecution history of the base application of the '966 patent does not indicate that Motorola '686 patent was included for consideration by the examiner in charge of the base application. Accordingly, Motorola '686 patent raises a substantial new question of patentability as to claims 1 and 3-6 which question has not been decided in the previous examination of the '966 patent. Neither was the Motorola '686 patent addressed in the final holding of invalidity by the Federal Courts. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

12.    The request indicates that claims 1, 3-6 are anticipated by Motorola '976 patent

It is agreed that the consideration of Motorola '976 patent raises a substantial new question of patentability to claims 1 and 3-6 of the '966 patent.

As pointed out on pages 17-20, 23, 27-29 and Exhibit 18 of the Request, Motorola '976 patent teaches an hands-free control system including the following features:

Application/Control Number: 95/000,145
Art Unit: 3992

(1)     "Initially, the user speaks a verbal command into microphone 205, such as the command word "recall" (col. 4, lines 60-61);

(2)     "The utterance is . . . recognized as a valid user command by speech recognizer 220" (col. 4, lines 61-64); and,

(3)     In response to a "recall" command, a system generates "the verbal reply `name?'` (col. 4, lines 65-66), and the "user then responds by speaking a word such as `office'--a name in the directory index corresponding to a telephone number that he desires to dial. The word will be recognized as a valid command word if it corresponds to a predetermined name index stored in the terminal controller telephone number directory." (col. 5, lines 1-9).  The prosecution history of the base application of the '966 patent does not indicate that Motorola '976 patent was included for consideration by the examiner in charge of the base application.  Accordingly, Motorola '976 patent raises a substantial new question of patentability as to claims 1 and 3-6 which question has not been decided in the previous examination of the '966 patent.  Neither was the Motorola '976 patent addressed in the final holding of invalidity by the Federal Courts.  Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

13.     The request indicates that claims 1 and 3-6 are obvious in view of Motorola '686 patent and Motorola '976 patent.

It is agreed that the consideration of Motorola '686 patent and Motorola '976 patent raises a substantial new question of patentability to claims 1-6 of the '966 patent.  As pointed out

Application/Control Number: 95/000,145

Art Unit: 3992

on pages 17-20, 23, 27-29 and Exhibit 18 of the Request, Motorola '686 patent teaches a method

for entering digit sequences by voice command.  The method includes digit dialing in response to

a first command type.  The Motorola '686 patent's specification provides that the digit-dialing

function is initiated by the first command type, "ENTER": "The user would first direct the

control system to a digit entry mode with a verbal command such as `ENTER' .... [The]

controller dialing sequence starts with step 202 upon recognition of the command word

`ENTER.'" Col. 7, lines 10-12; col. 8, lines 3-5.  After the "ENTER" command is recognized, the

"system then replies with a synthesized response such as the word 'DIGITS'". Col. 7, lines 12-

14. The user would then speak the digit sequence to be dialed. Col. 7, lines 15-68.

      Motorola '976 patent teaches an hands-free control system including the following

features:

    (1)    "Initially, the user speaks a verbal command into microphone 205, such as

          the command word "recall" (col. 4, lines 60-61);

    (2)    "The utterance is . . . recognized as a valid user command by speech

          recognizer 220" (col. 4, lines 61-64); and,

    (3)    In response to a "recall" command, a system generates "the verbal reply

          `name? ' (col. 4, lines 65-66), and the "user then responds by speaking a

          word such as `office'--a name in the directory index corresponding to a

          telephone number that he desires to dial. The word will be recognized as a

          valid command word if it corresponds to a predetermined name index

          stored in the terminal controller telephone number directory." (col. 5, lines

          1-9).

Application/Control Number: 95/000,145                          Page 16
Art Unit: 3992

     The prosecution history of the base application of the '966 patent does not indicate that Motorola '686 patent and Motorola '976 patent were included for consideration by the examiner in charge of the base application. Accordingly, Motorola '686 patent and Motorola '976 patent raise a substantial new question of patentability as to claims 1 and 3-6 which question has not been decided in the previous examination of the '966 patent. Neither were the Motorola '686 patent and the Motorola '976 patent addressed in the final holding of invalidity by the Federal Courts. Thus, there is a substantial likelihood that a reasonable examiner would consider these teachings important in deciding whether or not the claims are patentable.

Application/Control Number: 95/000,145                              Page 17

Art Unit: 3992

## Communication with the USPTO

13. **All** correspondence relating to this *inter partes* reexamination proceeding should be directed:

By U.S. Postal Service Mail to:

Mail Stop *Inter Partes* Reexam
ATTN: Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

By FAX to:        (571) 273-9900
Central Reexamination Unit

By hand:        Customer Service Window
Randolph Building
401 Dulany St.
Alexandria, VA 22314

Application/Control Number: 95/000,145                                    Page 18

Art Unit: 3992

      Any inquiry concerning this communication or earlier communications from the

examiner, or as to the to the status of this proceeding, should be directed to the Central

Reexamination Unit at telephone number (571) 272-7705.


Kwang B. Yao
Primary Examiner
(571) 272-3182


MARK O. REINHART
SPRE-AU 3992
CENTRAL REEXAMINATION UNIT

Conferee


Conferee

| Form PTO-1449 **INFORMATION DISCLOSURE CITATION IN AN APPLICATION** *(Use several sheets if necessary)* | Docket Number (Optional) VSY-001.01 | Application Number 09/722,810 Patent No. 6,501,966 |
|---|---|---|
| | Applicant Bernard F. et al. | |
| | Filing Date November 27, 2000 Issue Date December 31, 2002 | Group Art Unit |

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## U.S. PATENT DOCUMENTS

| EXAMINER INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| | BA | | | | | | |
| | BB | | | | | | |
| | BC | | | | | | |
| | BD | | | | | | |
| | BE | | | | | | |
| | BF | | | | | | |
| | BG | | | | | | |
| | BH | | | | | | |
| | BI | | | | | | |
| | BJ | | | | | | |
| | BK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation YES | NO |
|---|---|---|---|---|---|---|---|---|
| | BL | | | | | | | |
| | BM | | | | | | | |
| | BN | | | | | | | |
| | BO | | | | | | | |
| | BP | | | | | | | |

## OTHER DOCUMENTS *(Including Author, Title, Date, Pertinent Pages Etc.)*

| | | |
|---|---|---|
| 〽️ | BQ | B. I. Pawate & P. Ehlig, "Dialing a Phone by Voice," *Machine Design*, January 10, 1991 |
| 〽️ | BR | "Voice Dialer for Cellular Telephone," *AVIOS '87 Conference Proceedings*, pp. 19-26, Oct. 6, 1987 |
| | BS | |

| EXAMINER | | DATE CONSIDERED 6/19/06 |
|---|---|---|

Sheet Page 1 of 3

| Form PTO-1449<br>**INFORMATION DISCLOSURE CITATION<br>IN AN APPLICATION**<br>*(Use several sheets if necessary)* | Docket Number (Optional)<br>VSY-001.01 | Application Number 09/722,810<br>Patent No. 6,501,966 |
|---|---|---|
| | Applicant<br>Bernard F. et al. | |
| | Filing Date November 27, 2000<br>Issue Date December 31, 2002 | Group Art Unit |

## U.S. PATENT DOCUMENTS

| EXAMINER<br>INITIAL | | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE<br>IF APPROPRIATE |
|---|---|---|---|---|---|---|---|
| *RB1* | AA | 4,737,976 | 4-12-1988 | Borth et al. | | | 7-3-1985 |
| *Mb7* | AB | 4,870,686 | 7-29-1989 | Gerson et al. | | | 10-19-1987 |
| | AC | | | | | | |
| | AD | | | | | | |
| | AE | | | | | | |
| | AF | | | | | | |
| | AG | | | | | | |
| | AH | | | | | | |
| | AI | | | | | | |
| | AJ | | | | | | |
| | AK | | | | | | |

## FOREIGN PATENT DOCUMENTS

| | | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | Translation<br>YES | NO |
|---|---|---|---|---|---|---|---|---|
| | AL | | | | | | | |
| | AM | | | | | | | |
| | AN | | | | | | | |
| | AO | | | | | | | |
| | AP | | | | | | | |

## OTHER DOCUMENTS            *(Including Author, Title, Date, Pertinent Pages Etc.)*

| *RB1* | AQ | Thomas Schalk, "Voice Recognition in Cellular Mobile Telephones," *Speech Technology*, Sept./Oct. 1986 |
|---|---|---|
| | AR | R. Eugene Helms, "Voice Control of Mobile Telephones" *Speech-Tech '86 Conference Proceedings*, pp. 126-130, 1986 |
| ✓ | AS | Uniden Corp., "VoiceDial Operating Guide - America's First Speaker Independent Voice Command System for Cellular Telephones," copyright 1989 |

| EXAMINER | | DATE CONSIDERED<br>6/19/06 |
|---|---|---|

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP § 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to the applicant.

Re-exam Request '966
Exhibit No. 3

B3191751.1

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| CONTROL NO. | FILING DATE | PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 95/000145 | 04/24/2006 | 6501966 | |

| EXAMINER |
|---|
| Kwang B. Yao |

BROMBERG & SUNSTEIN LLP
125 SUMMER STREET
BOSTON MA 02110-1618

| ART UNIT | PAPER |
|---|---|
| 3992 | |

DATE MAILED:

06/21/06

# *INTER PARTES* REEXAMINATION COMMUNICATION

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

PTOL-2071 (Rev.07-04)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Joseph H. Born

Patent Group, Foley Hoag LLP

155 Seaport Boulevard

Boston, MA 02210

# Transmittal of Communication to Third Party Requester
## *Inter Partes* Reexamination

REEXAMINATION CONTROL NUMBER *95/000,145*.

PATENT NUMBER *6,501,966*.

TECHNOLOGY CENTER *3999*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

PTOL-2070 (Rev.07-04)

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

| Transmittal of Communication to Third Party Requester Inter Partes Reexamination | Control No. 95/000,145 | Patent Under Reexamination 6501966 |
| | Examiner Kwang B. Yao | Art Unit 3992 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above-identified reexamination proceeding. 37 CFR 1.903.

Prior to the filing of a Notice of Appeal, each time the patent owner responds to this communication, the third party requester of the *inter partes* reexamination may once file written comments within a period of 30 days from the date of service of the patent owner's response. This 30-day time period is statutory (35 U.S.C. 314(b)(2)), and, as such, it <u>cannot</u> be extended. See also 37 CFR 1.947.

If an *ex parte* reexamination has been merged with the *inter partes* reexamination, no responsive submission by any *ex parte* third party requester is permitted.

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of the communication enclosed with this transmittal.

Paper No. 20060614

U.S. Patent and Trademark Office
PTOL-2070 (5/04)

1

| INTER PARTES REEXAMINATION COMMUNICATION | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 95/000,145 | 6501966 | |
| | Examiner | Art Unit | |
| | Kwang B. Yao | 3992 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address. --*

BELOW/ATTACHED YOU WILL FIND A COMMUNICATION FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE OFFICIAL(S) IN CHARGE OF THE PRESENT REEXAMINATION PROCEEDING.

**All correspondence** relating to this *inter partes* reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this communication.

Paper No. 20060614

U.S. Patent and Trademark Office
PTOL-2072 (5/04)

| *OFFICE ACTION IN* **INTER PARTES** *REEXAMINATION* | Control No. 95/000,145 | Patent Under Reexamination 6501966 | |
|---|---|---|---|
| | Examiner Kwang B. Yao | Art Unit 3992 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address.* --

Responsive to the communication(s) filed by:
Patent Owner on _____
Third Party(ies) on <u>24 April 2006</u>

## RESPONSE TIMES ARE SET TO EXPIRE AS FOLLOWS:

*For Patent Owner's Response:*
    <u>2</u> MONTH(S) from the mailing date of this action. 37 CFR 1.945. EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.956.
*For Third Party Requester's Comments on the Patent Owner Response:*
    30 DAYS from the date of service of any patent owner's response. 37 CFR 1.947. NO EXTENSIONS OF TIME ARE PERMITTED. 35 U.S.C. 314(b)(2).

**All correspondence** relating to this inter partes reexamination proceeding should be directed to the **Central Reexamination Unit** at the mail, FAX, or hand-carry addresses given at the end of this Office action.

This action is not an Action Closing Prosecution under 37 CFR 1.949, nor is it a Right of Appeal Notice under 37 CFR 1.953.

## PART I. THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1.☐ Notice of References Cited by Examiner, PTO-892
2.☐ Information Disclosure Citation, PTO-1449 or PTO/SB/08
3.☐ _____

## PART II. SUMMARY OF ACTION:

1a.☒ Claims <u>1-6</u> are subject to reexamination.
1b.☒ Claims <u>7-30</u> are not subject to reexamination.
2. ☐ Claims _____ have been canceled.
3. ☐ Claims _____ are confirmed. [Unamended patent claims]
4. ☐ Claims _____ are patentable. [Amended or new claims]
5. ☒ Claims <u>1-6</u> are rejected.
6. ☐ Claims _____ are objected to.
7. ☐ The drawings filed on _____     ☐ are acceptable     ☐ are not acceptable.
8. ☐ The drawing correction request filed on _____ is:   ☐ approved.   ☐ disapproved.
9. ☐ Acknowledgment is made of the claim for priority under 35 U.S.C. 119 (a)-(d). The certified copy has:
    ☐ been received.   ☐ not been received.   ☐ been filed in Application/Control No _____.
10.☐ Other _____

Application/Control Number: 95/000,145                                    Page 2
Art Unit: 3992

# *INTER PARTES* REEXAMINATION INITIAL OFFICE ACTION

## *Summary*

1.     This first Office action on the merits is being mailed together with the order granting

reexamination. 37 CFR 1.935.

2.     The Requester asserts that claims 1-6 of the '966 patent are either anticipated under 35

USC 102 or obvious under 35 USC 103 of the following patents and publications:

(a)     Thomas Schalk, "Voice Recognition in Cellular Mobile Telephones," *Speech*

        *Technology*, Sept./Oct. 1986 (the Schalk article, hereafter).

(b)     R. Eugene Helms, "Voice Control of Mobile Telephones" *Speech-Tech '86*

        *Conference Proceedings*, pp. 126-130, 1986 (the Helms article, hereafter).

(c)     Uniden Corp., "VoiceDial Operating Guide - America's First Speaker Independent

        Voice Command System for Cellular Telephones," copyright 1989 (the Uniden

        Guide, hereafter).

(d)     B. I. Pawate & P. Ehlig, "Dialing a Phone by Voice," *Machine Design*, January

        10, 1991 (the Pawate article, hereafter).

(e)     "Voice Dialer for Cellular Telephone," *AVIOS '87 Conference Proceedings*, pp.

        19-26, Oct. 6, 1987 (the Viglione article, hereafter).

(f)     US Patent No. 4,737,976 to Borth et al. (Motorola '976 patent, hereafter).