# Exhibit A

# Part 2

Application/Control Number: 95/000,145

Page 3

Art Unit: 3992

(g)    US Patent No. 4,870,686 to Gerson et al. (Motorola '686 patent, hereafter).

3.    **Adopted Grounds of Rejections as Proposed in Request are as follows:**

(i)    *Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Schalk article.*

(ii)    *Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Helms article.*

(iii)    *Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Uniden Guide.*

(iv)    *Claims 1-4 are rejected under 35 U.S.C. 102(b) as being anticipated by the Pawate article.*

(v)    *Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Viglione article.*

**The above five grounds of rejections are adopted essentially as proposed in the request.**

4.    **Not adopted Grounds of Rejections as Proposed in Request are as follows:**

(i)    *Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as being anticipated by Motorola '686 patent.*

(ii)    *Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as being anticipated by Motorola '976 patent.*

Application/Control Number: 95/000,145                                    Page 4

Art Unit: 3992

    (iii)    *Claims 1 and 3-6 are rejected under 35 U.S.C. 103(a) as being unpatentable*

            *over Motorola '686 patent in view of Motorola '976 patent.*

    (iv)    *Claims 1 and 3-6 are rejected under 35 U.S.C. 103(a) as being unpatentable*

            *over Motorola '976 patent in view of Motorola '686 patent.*

**The above four grounds of rejections are not adopted because of the reasons stated below.**

### *Relevant Statute*

5.    The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the

basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of application for patent in the United States.

6.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 95/000,145           Page 5

Art Unit: 3992

### *Adopted Grounds of Rejections*

7.      Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Schalk article.

The Schalk article discloses a voice recognition system comprising the following features.

Regarding claim 1,

> *A speech recognition method for a mobile telecommunication system which includes a*
>
> *voice recognizer capable of recognizing commands and characters received from a*
>
> *mobile telecommunication user, the method comprising the steps of:*

The Schalk article describes that ""A speaker independent voice recognition system for cellular

phones has been developed" (see page 24). Moreover, The Schalk articles states that "The voice-

dialing mobile cellular telephones is one of the most exciting and promising applications of

speech recognition in telephony" (see page 24).

> *receiving a command from the mobile telecommunication user;*

The Schalk article describes that "The functional operation of the voice unit centers around

syntactically structured voice commands from the user.... The command syntax structure is

illustrated in Fig. 3." (see page 27); and "The voice control unit recognizes voice commands

given to the phone and then issues appropriate commands to operate the telephone." (see page

27).

> *determining whether the command is a first or second command type;*

Application/Control Number: 95/000,145                                    Page 6

Art Unit: 3992

The Schalk article states that the voice recognition system operates in response to commands

(i.e., that it performs more than one function), and that it is able to distinguish between

commands: "The voice control unit recognizes voice commands given to the phone and then

issues appropriate commands to operate the telephone." (see page 27). The commands required

to operate the system are contained in what the Schalk article refers to as a "top-node vocabulary

(dial, recall, speed-dial)." (see page 27). Depending on the command spoken, the system applies

sub-node vocabularies (see Fig. 3). Two available commands are "dial" and "speed dial" (see

page 26). "To dial phone numbers, the user simply says 'dial' .... Speed-dialing is achieved by

simply picking up the handset and saying 'speed dial' ...." (see page 27). Fig. 3 shows how the

logic of the system branches depending on whether the command is of a first type (i.e., dial) or

second type (i.e., speed dial).

> *if the command is the first command type, collecting digits representing a telephone*
>
> *number to be dialed received from the mobile telecommunication user; and*

The Schalk article describes a system designed to receive digits from a user: "The most stringent

performance requirement for the cellular application is reliable digit recognition." (see page 24).

In the Schalk system, a user instructed the system to receive digits by speaking a first command

type, "dial": "To dial phone numbers, the user simply says 'dial' followed by a string of digits."

(see page 27). Fig. 3 of the Schalk article illustrates that the system listens for the words zero (or

"oh") through nine following receipt of a "dial" command.

Application/Control Number: 95/000,145                    Page 7
Art Unit: 3992

> *if the command is the second command type, determining whether a previously stored*
>
> *telephone number is associated with a keyword received from the mobile*
>
> *telecommunication user.*

The Schalk Article also describes a second function of the voice recognition system, to dial a cellular telephone based on a spoken keyword:

"Speed-dialing is achieved by simply picking up the handset and saying 'speed-dial' followed by one of the ten destination descriptors such as 'home,' 'office,' 'friend,' etc. The recognized words are then repeated and the user can activate the call by saying 'send.'" (see page 27). The system thereby recognizes that a spoken utterance is one of a set of pre-defined keywords. The article describes the use of user-independent keywords such as: spouse, home, friend, work, office, school, service, information, airline, and emergency (see page 26). The "speed-dial" function is similar to the "recall" function described in the Schalk article, which enables a user to dial by speaking a one- or two-digit sequence corresponding to a "preprogrammed" number. When a recognized sequence (or keyword) is spoken, "the corresponding phone number in memory is dialed if the word 'send' is spoken and recognized." (see page 27).

Regarding claim 2,

> *wherein the keyword is a name.*

The Schalk article expressly teaches a modification to the example system so as to enable names to be used as keywords:"[A] speaker-dependent capability would be useful because it offers vocabulary flexibility. This would allow the user to create custom vocabularies that include people's names to facilitate speed dialing. For example, a person could simply pickup the

Application/Control Number: 95/000,145

Page 8

Art Unit: 3992

handset and say "speed-dial Bob Smith" and the preprogrammed phone number for Bob Smith

would be dialed automatically." (see page 24).

Regarding claim 3,

> *wherein the keyword is a location or relationship modifier.*

The Schalk article describes the use of user-independent keywords such as: spouse, home, friend,

work, office, school, service, information, airline, and emergency (see page 26). Keywords such

as "home" or "office" are location modifiers, and keywords such as "spouse" or "friend" are

relationship modifiers.

Regarding claim 4,

> *wherein the location modifier is home, work or office.*

The article describes the use of user-independent keywords such as: spouse, home,-friend, work,

office, school, service, information, airline, and emergency (see page 26). Therefore, the Schalk

article teaches the use of the location modifiers "home," "work," and "office."

Regarding claim 5,

> *the steps of verifying the command*

By behaving consistently with the command that the user gave, the system provides the user with

verification that it understood the command correctly. Additionally, the Schalk article teaches a

step whereby the user-spoken input (either a digit sequence or keyword) is synthesized back to

the user for validation. See Figure 3.

Application/Control Number: 95/000,145                                    Page 9
Art Unit: 3992

> *and initiating a telecommunication call with the mobile telecommunication system.*

The Schalk article teaches that, after speaking a number to be dialed or a keyword, "the user can

activate the call by saying 'send'" (see page 27). Figure 3 depicts a step whereby the system will

"Dial Phone" to initiate a call.

Regarding claim 6,

> *the step of prompting the mobile telecommunication user to enter information needed for*
>
> *the first or the second command type.*

The system described in the Schalk article prompts users to enter the necessary information using

a short "beep-tone": "Each voice command to the phone is acknowledged by the voice control

unit through an aural response. If the command is recognized, then a short beep-tone signifies to

the user that the voice control unit has recognized the command and is ready for the next one."

(see page 27).

8.      Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Helms article.

The Helms article discloses a voice control system comprising the following features.

Regarding claim 1,

Application/Control Number: 95/000,145

Art Unit: 3992

*A speech recognition method for a mobile telecommunication system which includes a voice recognizer capable of recognizing commands and characters received from a mobile telecommunication user, the method comprising the steps of:*

"The premier voice-controlled cellular telephone product, offered by FCA telecom, Ltd., is described in this paper." See page 126.

*receiving a command from the mobile telecommunication user;*

"The function operation of the voice control unit centers around syntactically-structured voice commands from the user and voice responses from the voice control unit." See page 129.

"The voice control unit recognizes voice commands given to the phone and then issues appropriate commands to operate the telephone." See page 129.

The command syntax of the system described in the Helm article is illustrated in the Figure 4 on page 129.

*determining whether the command is a first or second command type;*

To decide whether to listen for keywords or digits, the Helms article's system distinguishes among "Dial," "Recall," and "Speed-Dial" commands. See page 129.

*if the command is the first command type, collecting digits representing a telephone number to be dialed received from the mobile telecommunication user; and*

"The DIAL command is followed by a sequence of discrete digits. . . ." See page 129.

Application/Control Number: 95/000,145                                    Page 11
Art Unit: 3992

> *if the command is the second command type, determining whether a previously stored*
>
> *telephone number is associated with a keyword received from the mobile*
>
> *telecommunication user.*

"The command SPEED-DIAL is followed by one of a set of call destination descriptors such as

HOME, OFFICE, SCHOOL, etc. Each of these descriptors is associated with a unique memory

location." See page 129.


Regarding claim 2,

> *wherein the keyword is a name.*

The Helms article describes systems that have enough flexibility to include user defined

vocabulary elements such as "names": "The inherent advantage in speaker dependent systems

relates to the flexibility that the user has with respect the vocabulary elements. It is up to the

users of such systems to define the vocabulary elements and then enroll their patterns.... This

contrasts with speaker-independent systems where the vocabulary typically is fixed by the

system vendor." See page 127.


Regarding claim 3,

> *wherein the keyword is a location or relationship modifier.*

"The command SPEED-DIAL is followed by one of a set of call destination descriptors such as

HOME, OFFICE, SCHOOL, etc. Each of these descriptors is associated with a unique memory

location." See page 129. The keywords HOME, OFFICE, and SCHOOL are location modifiers.

Application/Control Number: 95/000,145        Page 12

Art Unit: 3992

Regarding claim 4,

> *wherein the location modifier is home, work or office.*

"The command SPEED-DIAL is followed by one of a set of call destination descriptors such as HOME, OFFICE, SCHOOL, etc. Each of these descriptors is associated with a unique memory location." See page 129.

Regarding claim 5,

> *the steps of verifying the command*

By behaving consistently with the command that the user gave, the system provides the user with verification that it understood the command correctly. Additionally, the Helms article teaches a step whereby the user-spoken input (either a digit sequence or keyword) is synthesized back to the user for validation. See Figure 4.

> *and initiating a telecommunication call with the mobile telecommunication system.*

"If the user wants a call to then be placed, he says "SEND." (see page 129) The system described in the article prompts users to enter the necessary information using a short "beep-tone": "If the command is recognized, then a short beep-tone signifies to the user that the voice control unit has recognized the command and is ready for the next one." See page 129.

Regarding claim 6,

> *the step of prompting the mobile telecommunication user to enter information needed for*
> *the first or the second command type.*

Application/Control Number: 95/000,145                                  Page 13

Art Unit: 3992

"If the command is accepted, a short beep-tone signifies to the user that the voice control unit has

recognized the command and is ready for the next command to be input". See page 129.

9.      Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Uniden

Guide.

The Uniden Guide discloses a voice command system for cellular telephones comprising the

following features.

Regarding claim 1,

> *A speech recognition method for a mobile telecommunication system which includes a*
>
> *voice recognizer capable of recognizing commands and characters received from a*
>
> *mobile telecommunication user, the method comprising the steps of:*

The guide is entitled "VoiceDial Operating Guide - America's First Speaker Independent Voice

Command System For Cellular Telephones." See cover page.

> *receiving a command from the mobile telecommunication user;*

"You can voice command your phone in a number of ways ...." See page 1. The Figure in page

12 of the Uniden Guide depicts the receipt of spoken commands, and the subsequent system

responses.

> *determining whether the command is a first or second command type;*

Application/Control Number: 95/000,145                    Page 14

Art Unit: 3992

VoiceDial allows a user to "Dial By Dictating Digits" (see page 4) or to "Dial by

Descriptive Words" (see page 10). To dial by dictating digits, a user speaks the command

"dial." See page 4. To dial using descriptive words, the user speaks the command "call."

See page 10. The system responds to each command accordingly. See pages 4 and 10.


> *if the command is the first command type, collecting digits representing a telephone*
>
> *number to be dialed received from the mobile telecommunication user; and*

When dialing by dictating digits, the user says "the phone number, speaking one digit at a time."

The manual instructs users to "say the first digit and pause until you hear a beep, then proceed to

the next digit .... After speaking the last digit and hearing a beep you must say 'End.' This tells

VoiceDial that you have finished-speaking the digits." See page 4. As the digits are spoken,

they appear on the screen of the cellular phone system. See page 4.


> *if the command is the second command type, determining whether a previously stored*
>
> *telephone number is associated with a keyword received from the mobile*
>
> *telecommunication user.*

When dialing by descriptive words, the user is instructed to say call, and when prompted by the

system, to say one of ten descriptive words, including home, office, secretary, information,

emergency, service, friend, broker, work, and bank. See page 10. The guide also instructs users

follow a procedure to store telephone numbers to each of the descriptive words before using that

feature. See page 10.

Application/Control Number: 95/000,145                    Page 15
Art Unit: 3992

When the system recognizes an utterance as a spoken keyword, the system retrieves a previously

stored number from memory or, informs the user that no number is stored in the specified

location: " 'Memory error' occurs if you ask VoiceDial to recover a telephone number from an

empty memory location." See page 14.


Regarding claim 3,

 *wherein the keyword is a location or relationship modifier.*

When dialing by descriptive words, the user is instructed to say, Call, and, when prompted by the

system, to say one of ten descriptive words, including home, office, secretary, information,

emergency, service, friend, broker, work, and bank. See page 10.


Regarding claim 4,

 *wherein the location modifier is home, work or office.*

When dialing by descriptive words, the user is instructed to say "Call," and, when prompted by

the system, to say one of ten descriptive words, including home, office, secretary, information,

emergency, service, friend, broker, work, and bank. See page 10.


Regarding claim 5,

 *the steps of verifying the command*

The system responds to a command (that signifies whether the destination will be given in

keywords or digits) by emitting a command-specific prompt (see pages 4 and 10) from which the

user can infer which command the system thought it heard, and it then affords the user the

Application/Control Number: 95/000,145                                    Page 16
Art Unit: 3992

opportunity to say, "Clear" in response to tell the system that it got the command wrong. See

page 15. The system determines from that entry whether it understood the command correctly,

and it chooses its subsequent behavior in accordance with that determination. Additionally, the

Uniden Guide teaches a step whereby the user-spoken input (either a digit sequence or keyword)

is synthesized back to the user for validation. See Figure in page 12 of the Uniden Guide.

*and initiating a telecommunication call with the mobile telecommunication system.*

The Uniden Guide teaches that, after speaking a number to be dialed, the user can activate the

call by saying "send." In response, VoiceDial activates the call by saying "Dialing" and dialing

the number. See page 4.


Regarding claim 6,

*the step of prompting the mobile telecommunication user to enter information needed for*

*the first or the second command type.*

When a user issues the command "dial," the system responds with "number please," prompting

the user to state the digits of the number to be called. See page 4.



10.    Claims 1-4 are rejected under 35 U.S.C. 102(b) as being anticipated by the Pawate article.

The Pawate article discloses a system for dialing a phone by voice comprising the following

features.


Regarding claim 1,

Application/Control Number: 95/000,145                                    Page 17

Art Unit: 3992

> *A speech recognition method for a mobile telecommunication system which includes a*
>
> *voice recognizer capable of recognizing commands and characters received from a*
>
> *mobile telecommunication user, the method comprising the steps of:*

"One application getting a lot of attention today is a speech recognition voice dialer for cellular

car phones. Voice-activated telephone dialing allows the driver to keep his eyes on the road."

"The voice-dialer recognizes both male and female voices." See page 95.

> *receiving a command from the mobile telecommunication user;*

"either a man or a woman can speak to a car telephone and say 'Call office' or 'Call home.'"

See page 96. "After the grammar is loaded, the voice dialer recognizes the following sequence of

commands spoken in any order; call office, call home, or number (digits)." See page 97.

> *determining whether the command is a first or second command type;*

The system is able to distinguish between a "number" command, which is followed by a string of

digits, and a "call" command. which is followed by a descriptive identifier. See page 97.

Further, an illustration in the Pawate article, Grammar flow chart on page 97, depicts the logic

flow associated with recognizing at lest two types of commands, "number" and "call".

> *if the command is the first command type, collecting digits representing a telephone*
>
> *number to be dialed received from the mobile telecommunication user; and*

Application/Control Number: 95/000,145                    Page 18
Art Unit: 3992

One acceptable command is "number" followed by a series of digits. See page 97. For example, the Pawate article provides: "[A user] can also state the number to be called, using the words zero through nine for digits or the word 'oh' for zero." See page 96.

> *if the command is the second command type, determining whether a previously stored telephone number is associated with a keyword received from the mobile telecommunication user.*

The Pawate Article also describes a second function of the voice recognition system, to dial a cellular telephone based on a spoken keyword.

A second command type recognized by the Pawate system is "Call." The command call instructs the system to recognize a spoken keyword, as in "Call Home" or "Call Office". See page 97. For example, the Pawate article provides: "either a man or a woman can speak to a car telephone and say 'Call office' or 'Call home.'" See page 96.

Regarding claim 2,

> *wherein the keyword is a name.*

In addition to the grammar structure illustrated in Grammar flow chart on page 97,, the Pawate article teaches that: "The user can also define a repertory name, for example, 'Call Harvey.'" See page 96. Further, the article states: "An application may, for example, require that the speech recognition system recognize names and the word call as in the command call John Jones." See page 97.

Application/Control Number: 95/000,145                    Page 19
Art Unit: 3992

Regarding claim 3,

> *wherein the keyword is a location or relationship modifier.*

The Pawate article provides: "either a man or a woman can speak to a car telephone and say 'Call office' or 'Call home.'" See page 96.  Keywords such as "home" or "office" are location modifiers.


Regarding claim 4,

> *wherein the location modifier is home, work or office.*

The Pawate article provides; "either a man or a woman can speak to a car telephone and say 'Call office' or 'Call home.'" See page 96.



11.    Claims 1-6 are rejected under 35 U.S.C. 102(b) as being anticipated by the Viglione article.

The Viglione article discloses voice dialer for cellular telephone comprising the following features.

Regarding claim 1,

> *A speech recognition method for a mobile telecommunication system which includes a*
> *voice recognizer capable of recognizing commands and characters received from a*
> *mobile telecommunication user, the method comprising the steps of:*

"voice recognition and response systems are the natural marriage to the cellular telephone to provide the user with what he really needs, the convenience of a mobile communication system,

Application/Control Number: 95/000,145                                    Page 20
Art Unit: 3992

with the utility provided by a voice system." See page 20. "Interstate's VocaLink VCM allows

you to dial your cellular phone by saying the name associated with the number you're calling, by

speaking the digits, or by calling the location of the number stored in your cellular phone

memory." See page 20.

*receiving a command from the mobile telecommunication user;*

The article provides; "Table I summarizes the commands and the functions associated with each

command." See page 23. Commands include the "ENTER" command, which enables digit

dialing, and the "Call" command, which enables keyword dialing. Table II of the Viglione

article illustrates the commands and associated system responses for the digit dialing and

keyword dialing modes. See page 25.

*determining whether the command is a first or second command type;*

The system recognizes the "ENTER" command, which enables digit dialing, and the "RECALL"

command, which enables keyword dialing, and branches accordingly. See page 23. See also

Table II, page 25.

*if the command is the first command type, collecting digits representing a telephone*

*number to be dialed received from the mobile telecommunication user; and*

Table II, at page 25 of the Viglione article (far right column), illustrates the input sequence for

collecting digits in response to a first command type, "ENTER."

> *if the command is the second command type, determining whether a previously stored*
>
> *telephone number is associated with a keyword received from the mobile*
>
> *telecommunication user.*

Table II, at page 25 of the Viglione article (far left column), also illustrates the input sequence

for receiving a keyword in response to a second command type, "RECALL,", and subsequently

retrieving a previously stored telephone number from memory.


Regarding claim 2,

> *wherein the keyword is a name.*

The article provides that a user can store up to 40 numbers associated with user provided name-

tags, which could be names, such as John Jones; "it permits the user to store as many as 40

phone numbers in the VCM"s RAM memory, and associates each number with a voiced name-

tag for subsequent voice dialing." See page 23.


Regarding claim 3,

> *wherein the keyword is a location or relationship modifier.*

Table II, at page 25 of the Viglione article (far left column), illustrates that one of the available

keywords is "HOME," which is a location modifier.


Regarding claim 4,

> *wherein the location modifier is home, work or office.*

Application/Control Number: 95/000,145

Page 22

Art Unit: 3992

Table II, at page 25 of the Viglione article (far left column), illustrates that one of the available keywords is "HOME."

Regarding claim 5,

> the steps of verifying the command and initiating a telecommunication call with the
> mobile telecommunication system.

When an initial RECALL or ENTER command is received by the Viglione system, the system repeats the command to the user for verification. See Table II. Table II also provides that, at any time, the user can say "clear" to erase the previous input if it was recognized incorrectly.

> and initiating a telecommunication call with the mobile telecommunication system.

As shown in Table II on page 25, in either the ENTER or RECALL functions, the user says "Dial" to instruct the system to initiate a telephone call.

Regarding claim 6,

> the step of prompting the mobile telecommunication user to enter information needed for
> the first or the second command type.

When an initial RECALL or ENTER command is received by the Viglione system, the system repeats the command, thereby prompting the user to speak the digit sequence to be dialed, or a keyword associated with a previously-stored number. See Table II, page 25.

Application/Control Number: 95/000,145                    Page 23

Art Unit: 3992

## *Not Adopted Grounds of Rejections*

12.    The Requester proposes that Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as

being anticipated by Motorola '686 patent. This rejection is **NOT ADOPTED** for the following

reasons.


Regarding independent claim 1, the Request states on page 17,

> "**the method that one of them discloses may anticipate that subject matter**
>
> **completely by itself**. Those patents, namely, U.S. Pat. No. 4,737,976 (issued April 12,
>
> 1988) ("the Motorola '976 patent") (attached hereto as Tab 16), and U.S. Pat. No.
>
> 4,870,686 (issued September 26, 1989) ("the Motorola '686 patent") (attached hereto as
>
> Exhibit 17) were assigned to Motorola, Inc., and share a common inventor, Ira A. Gerson.
>
> The Motorola patents present a substantial new question of patentability because neither
>
> was before the examiner during the '966 application's prosecution, and the patents teach
>
> the method recited in claim 1." (Emphasis added).

The Request further states on pages 19-20,

> "The Motorola '686 patent's background states that it is directed to a "hands-free voice
>
> command automatic dialing system" (col. 1. lines 8-10), and it states that in some such
>
> systems used for cellular-telephone applications "the user can verbally enter telephone
>
> digits or verbally recall prestored numbers with predefined keywords" (col. 1, lines 65-
>
> 66). **That is, it specifically mentions keyword dialing in the type of system to which**
>
> **the patent is directed**." (Emphasis added).

According to the preceding arguments and Exhibit 18 of the Request, it appears that the

Requester proposes that keyword dialing descried in Motorola '686 patent can be read on the

claimed limitations of "*receiving a command from the mobile telecommunication user*", and "*if*

*the command is the second command type, determining whether a previously stored telephone*

*number is associated with a keyword received from the mobile telecommunication user*".

(Emphasis added).  Examiner respectfully disagrees with these proposed arguments.  It is noted

that the "keyword dialing" in Motorola '686 patent does not need the command.  Nowhere in

Motorola '686 patent states that there is a command for "keyword dialing".  Only one location in

Motorola '686 patent describes the "keyword dialing" method at column 1, lines 64-66,

> "the user can verbally enter telephone digits or verbally recall prestored numbers with
>
> **predefined keywords**". (Emphasis added).

It is clearly seen that the user only use the **predefined keywords** to dial a phone, rather than

using **the command plus the keyword** as recited in claim 1 of the '966 patent.  (Emphasis

added).


On page 20 of the Request, it states,

> "As mentioned above, moreover, the passage that begins at column 7's line 3 shows that
>
> the user has to enter a command to "direct the command control system to a *digit entry*
>
> *mode*." (Emphasis supplied).  A reader would understand from that passage that there is
>
> another, presumably keyword-entry, mode, that the user must use some other command
>
> to enter—like the **"recall"** command used for that purpose in the previous, Motorola '976
>
> patent, which the Motorola '686 patent cites.  So **one of ordinary skill in the art would**

> **likely understand** that the system described is one that provides not only digit dialing
>
> but also keyword dialing and that a user chooses between those modes by using
>
> respective commands, as the '966 patent's claim 1 specifies." (Emphasis added).

Examiner respectfully disagrees with these arguments. Nowhere in Motorola '686 patent

describes **the keyword-entry mode, that the user must use some other command, such as**

**"recall" command**. (Emphasis added). Without any logical rationale and evidence, it appears

that using "recall" command in Motorola '686 patent is a conclusory observation.


Thus, the Request fails to provide rationale or evidence to show Motorola '686 patent including

the claimed elements of *"receiving a **command** from the mobile telecommunication user"*, and

*"if the **command** is the second command type, determining whether a previously stored*

*telephone number is associated with a **keyword** received from the mobile telecommunication*

*user"*. (Emphasis added).  In this regard, MPEP 2131 states,

> "A claim is anticipated only if each and every element as set forth in the claim is found,
>
> either expressly or inherently described, in a single prior art reference." Verdegaal Bros.
>
> v. Union Oil Co. of California, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir.
>
> 1987).

Examiner respectfully submitted that Motorola '686 patent fails to anticipate the claim 1.  Since

claims 3-6 depend on claim 1, therefore, Motorola '686 patent also fails to anticipate claims 3-6

of the '966 patent, at least because each and every element is not expressly or inherently

described.

Application/Control Number: 95/000,145                                  Page 26

Art Unit: 3992

13.    The Requester proposes that Claims 1 and 3-6 are rejected under 35 U.S.C. 102(b) as

being anticipated by Motorola '976 patent. This rejection is **NOT ADOPTED** for the following

reasons.


Regarding independent claim 1, the Request states on page 17,

> **"the method that one of them discloses may anticipate that subject matter**
>
> **completely by itself.** Those patents, namely, U.S. Pat. No. 4,737,976 (issued April 12,
>
> 1988) ("the Motorola '976 patent") (attached hereto as Tab 16), and U.S. Pat. No.
>
> 4,870,686 (issued September 26, 1989) ("the Motorola '686 patent") (attached hereto as
>
> Exhibit 17) were assigned to Motorola, Inc., and share a common inventor, Ira A. Gerson.
>
> The Motorola patents present a substantial new question of patentability because neither
>
> was before the examiner during the '966 application's prosecution, and the patents teach
>
> the method recited in claim 1." (Emphasis added).


It appears that the Request proposes that claim 1 is anticipated by Motorola '976 patent.

Examiner respectfully disagrees with these proposed arguments.  It is noted that the Request fails

to provide a detailed explanation of how Motorola '976 patent is applied to each and every

claimed element.  As shown in the Exhibit 18, it fails to describe how Motorola '976 patent is

applied to the claimed element of *"if the command is the first command type, collecting digits*

*representing a telephone number to be dialed received from the mobile telecommunication user"*.

Moreover, Examiner notes that the Motorola '976 patent describes the operation of a control

system; the user of the control system speaks a verbal command and a keyword for phone dialing

Application/Control Number: 95/000,145                                    Page 27
Art Unit: 3992

(see Motorola '976 patent, Abstract and Summary of the Invention). In other words, Motorola

'976 patent teaches the keyword dialing features, but does not teach the features of digit dialing

as recited in the '966 patent.


Thus, the Request fails to provide rationale or evidence to show Motorola '976 patent including

the claimed elements of "*if the command is the first command type, collecting digits

representing a telephone number to be dialed received from the mobile telecommunication user*".

In this regard, MPEP 2131 states,

> "A claim is anticipated only if each and every element as set forth in the claim is found,
>
> either expressly or inherently described, in a single prior art reference." Verdegaal Bros.
>
> v. Union Oil Co. of California, 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed. Cir.
>
> 1987).

Examiner respectfully submitted that Motorola '976 patent fails to anticipate claim 1. Since

claims 3-6 depend on claim 1, Motorola '976 patent also fails to anticipate claims 3-6 of the '966

patent, at least because each and every element is not expressly or inherently described.



14.    The Requester proposes that Claims 1 and 3-6 are rejected under 35 U.S.C. 103(a) as

being unpatentable over Motorola '686 patent in view of Motorola '976 patent. This rejection is

**NOT ADOPTED** for the following reasons.


On page 19, Request states,

"Moreover, the Motorola '686 patent discloses that remaining step in a way that would motivate one of skill in the art to combine it with the second command type disclosed in the Motorola '976 patent; that is, it renders claim 1's subject matter obvious—if, indeed, the Motorola '686 patent does not completely anticipate it. The Motorola '686 patent's background states that it is directed to a "hands-free voice command automatic dialing system" (col. 1. lines 8-10), and it states that in some such systems used for cellular-telephone applications "the user can verbally enter telephone digits or verbally recall prestored numbers with predefined keywords" (col. 1, lines 65-66). That is, **it specifically mentions keyword dialing in the type of system to which the patent is directed**."

(Emphasis added).

Examiner respectfully disagrees with the above proposed statements.  It is noted that the "keyword dialing" in Motorola '686 patent does not need the command.  Nowhere in Motorola '686 patent states that there is a command for "keyword dialing".  Only one location in Motorola '686 patent describes a "keyword dialing" method at column 1, lines 64-66,

"the user can verbally enter telephone digits or verbally recall prestored numbers with **predefined keywords**". (Emphasis added).

It is clearly seen that the user only use the **predefined keywords** to dial a phone, rather than using **the command plus the keyword** as recited in claim 1 of the '966 patent.  (Emphasis added).

On page 20, first paragraph, the Request states,

"And the specification's detailed-description section not only describes spoken-digit entry but at column 5's lines 29 and 30 also mentions the illustrated embodiment's capability of listing a correspondence between "names" (i.e., keywords) such as "Office" and telephone numbers, e.g., "555-1234." **This can only mean that the user can specify destinations not only by spoken digits but also by spoken keywords.**" (Emphasis added).

Examiner respectfully disagrees with the above proposed statements. It appears that the Requester misinterprets the Motorola '686 patent. Motorola '686 patent does not disclose that the user can specify destinations by speaking "Office". As described on column 5, lines 29-30 of Motorola '686 patent, the keyword such as "Office" is a reply to the user by speech synthesizer 130. The keyword "Office", described on column 5, lines 29-30, is not spoken by the user such that the phone can be dialed. Without any logical rationale or evidence as to alleged spoken keywords by the user, Requester's proposed statement is a conclusory observation. Moreover, as described on column 1, lines 64-66 of Motorola '686 patent,

"the user can verbally enter telephone digits or verbally recall prestored numbers with **predefined keywords**". (Emphasis added).

It is clearly seen that the user only use the **predefined keywords** to dial a phone, rather than using **the command plus the keyword** as recited in claim 1 of the '966 patent. (Emphasis added).

On pages 20-21, the Request further states,

Application/Control Number: 95/000,145
Art Unit: 3992

"As mentioned above, moreover, the passage that begins at column 7's line 3 shows that the user has to enter a command to "direct the command control system to a digit entry mode." (Emphasis supplied). A reader would understand from that passage that there is another, presumably keyword-entry, mode, that the user must use some other command to enter—like the **"recall" command** used for that purpose in the previous, Motorola '976 patent, which the Motorola '686 patent cites. So one of ordinary skill in the art would likely understand that the system described is one that provides not only digit dialing but also keyword dialing and that a user chooses between those modes by using respective commands, as the '966 patent's claim 1 specifies.

Similarly, the Motorola '976 patent also provides motivation for one of skill in the art to combine its keyword-dialing disclosure with the digit dialing disclosure in the Motorola '686 patent. The Motorola '976 patent teaches that the system performs the keyword-dialing function only in response to an initial command such as "recall," suggesting that the system is also capable of other dialing modes, such as digit dialing. Further, the background section of the Motorola '976 patent teaches that the invention is directed to speech-recognition systems identical to those described in the Motorola '686 patent "

(Emphasis added).

Examiner respectfully disagrees with the above proposed statements.  As stated above, nowhere in Motorola '686 patent discloses the claimed features of using **the command (such as the "recall command" as suggested in the Request) plus the keyword** as recited in claim 1 of the '966 patent. (Emphasis added).  The Request incorrectly assumes that the user must use a command for keyword dialing mode in the Motorola '686 patent.  Again, without any logical

rationale or evidence as to alleged "recall command" by the user for keyword dialing,

Requester's proposed statement is a conclusory observation. As clearly shown in Motorola '686

patent, a command is not needed for keyword dialing (see Motorola '686 patent, column 1, lines

64-66). In this regard, MPEP 2143 section entitled "Basic Requirements of a Prima Facie Case

of Obviousness" states,

> "To establish a prima facie case of obviousness, three basic criteria must be met. First,
> there must be some suggestion or motivation, either in the references themselves or in the
> knowledge generally available to one of ordinary skill in the art, to modify the reference
> or to combine reference teachings. Second, there must be a reasonable expectation of
> success. Finally, the prior art reference (or references when combined) **must teach or
> suggest all the claim limitations.**" (Emphasis added).

Examiner respectfully submits that that the Request fails to meet the three basic criteria using

Motorola '686 patent with Motorola '976 patent at least because all features are not taught or

suggested. In other words, it is not enough to allege that a feature is obvious; instead, there must

be evidence. The Request, by contrast, provides only allegation and assumption.

In addition to the failure of the Request to indicate that each of the features is taught in Motorola

'686 patent combined with Motorola '976 patent, the Request also fails to point out how there

would be a reasonable expectation of success. In this regard, MPEP 2141[R-3] (II) states,

> "When applying 35 U.S.C. 103, the following tenets of patent law must be adhered to:
>
> > (A) The claimed invention must be considered as a whole;
> >
> > (B) The references must be considered as a whole and must suggest the
> > desirability and thus the obviousness of making the combination;

Application/Control Number: 95/000,145                    Page 32

Art Unit: 3992

> (C) The references must be viewed without the benefit of impermissible
>
> hindsight vision afforded by the claimed invention; and
>
> (D) **Reasonable expectation of success is the standard with which obviousness**
>
> **is determined.**

Hodosh v. Block Drug Co., Inc., 786 F.2d 1136, 1143 n.5, 229 USPQ 182, 187 n.5

(Fed. Cir. 1986)."

It is clear that Motorola '686 patent does not require a command for keyword dialing, while

Motorola '976 patent discloses that the user can dial the phone by both spoken command and

keyword.  By combining Motorola '686 patent with Motorola '976 patent, the processing time to

dial a phone would be lengthened because the command is required in addition to original simple

keyword only dialing step taught by the Motorola '686 patent.  The Request fails to provide any

reasonable expectation of success.  Also, it appears that there is unreasonable expectation of

success by lengthening the dialing process in modifying Motorola '686 patent with Motorola

'976 patent.

15.    The Requester proposes that Claims 1 and 3-6 are rejected under 35 U.S.C. 103(a) as

being unpatentable over Motorola '976 patent in view of Motorola '686 patent.  This rejection is

**NOT ADOPTED** for the following reasons.

On pages 18-19, the Request states,

> "The use of the command type "recall" to initiate the keyword-dialing function (as
>
> opposed to the digit-dialing function) implies that the system recognizes at least one other

command type, associated with another (e.g., digit-dialing) mode. Therefore, the

Motorola '976 patent teaches the claim-1 steps of (1) "receiving a command" (i.e., "re-

call") and (2) **determining whether the command is of a "first command type" or a**

**"second command type."** (The Motorola '976 patent's discussion of the "recall" function

corresponds to the second command type recited in claim 1.) Moreover, since the

Motorola system responds to a second command type (i.e., "recall") by collecting a

spoken utterance and determining whether it matches a keyword associated with a

previously stored telephone number, the Motorola '976 patent also discloses claim 1's

fourth step: "if the command is the second command type, determining whether a

previously stored telephone number is associated with a keyword received from the

mobile telecommunication user." (Emphasis added).

On page 19, the Request further states,

"The second Motorola patent (the '686 patent) discloses the sole remaining step: digit

dialing in response to a first command type. The Motorola '686 patent's specification

provides that the digit-dialing function is initiated by the first command type, "EN-TER":

"The user would first direct the control system to a digit entry mode with a verbal

command such as `ENTER' .... [The] controller dialing sequence starts with step 202

upon recognition of the command word `ENTER.'" Col. 7, lines 10-12; col. 8, lines 3-5.

After the "ENTER" command is recognized, the "system then replies with a synthesized

response such as the word `DIGITS.' Col. 7, lines 12-14. The user would then speak the

digit sequence to be dialed. Col. 7, lines 15-68. Therefore, the Motorola '686 patent

supplies the remaining step of collecting digits in response to a first command: "if the

Application/Control Number: 95/000,145                    Page 34
Art Unit: 3992

> command is the first command type, collecting digits representing a telephone number to
>
> be dialed received from the mobile telecommunication user.""

Examiner respectfully disagrees with the above proposed statements. Nowhere in Motorola '976

patent disclose the step of determining whether the command is of a "first command type" or a

"second command type." Motorola '976 patent merely discloses the key word with command

dialing method, or the claimed second command type dialing. The user command described on

column 4, lines 61-64 only refers to the one for keyword dialing. Motorola '976 patent does not

disclose any command for digit dialing. Thus the feature of distinguishing between a digital

dialing command and a keyword dialing command is not existed in the Motorola '976 patent,

since there isn't any command of digit dialing for the system of the Motorola '976 patent to

determine. In other words, Motorola '976 patent fails to disclose or suggest the '966 patent

claimed limitation of "*determining whether the command is a first or second command type*".

Moreover, Motorola '686 patent does not disclose or suggest the claimed limitation of

"*determining whether the command is a first or second command type*" either. As descried on

only one location in Motorola '686 patent, column 1, lines 64-66,

> "the user can verbally enter telephone digits or verbally recall prestored numbers with
>
> **predefined keywords**". (Emphasis added).

It is clearly seen that the user only use the **predefined keywords** to dial a phone, rather than

using **the command plus the keyword** as recited in claim 1 of the '966 patent. (Emphasis

added). There are no second command in Motorola '686 patent. Only keyword is required for

dialing. Thus, the system of Motorola '686 patent does not receive a second command and then

determine its type. Therefore, it is respectfully submitted that Motorola '686 patent does not

disclose the features of *"receiving a command from the mobile telecommunication user"*, and

*"**determining** whether the command is a first or **second command type**"*.  (Emphasis added).

In this regard, MPEP 2143 section entitled "Basic Requirements of a Prima Facie Case of

Obviousness" states,

> "To establish a prima facie case of obviousness, three basic criteria must be met. First,
>
> there must be some suggestion or motivation, either in the references themselves or in the
>
> knowledge generally available to one of ordinary skill in the art, to modify the reference
>
> or to combine reference teachings. Second, there must be a reasonable expectation of
>
> success. Finally, the prior art reference (or references when combined) **must teach or**
>
> **suggest all the claim limitations**."  (Emphasis added).

Examiner respectfully submits that that the Request fails to meet the three basic criteria using

Motorola '976 patent with Motorola '686 patent at least because all features are not taught or

suggested.

### *Conclusion*

16.    In order to ensure full consideration of any amendments, affidavits or declarations, or

other documents as evidence of patentability, such documents must be submitted in response to

this Office action. Submissions after the next Office action, which is intended to be an Action

Closing Prosecution (ACP), will be governed by 37 CFR 1.1 16(b) and (d), which will be strictly

enforced.

17.    Extensions of time under 37 CFR 1.136(a) will not be permitted in inter partes

reexamination proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant"

and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 314(c) requires that

inter partes reexamination proceedings "will be conducted with special dispatch" (37 CFR

1.937). Patent owner extensions of time in inter partes reexamination proceedings are provided

for in 37 CFR 1.956. Extensions of time are not available for third party requester comments,

because a comment period of 30 days from service of patent owners response is set by statute. 35

U.S.C. 314(b)(3).

18.    The patent owner is reminded of the continuing responsibility under 37 CFR 1.985(a), to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 6,501,966 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP 2686 and

2686.04.

Application/Control Number: 95/000,145    Page 38
Art Unit: 3992

Customer Service Window

Attn: Central Reexamination Unit Randolph Building, Lobby Level 401 Dulany Street

Alexandria, VA 22314


25.    Information regarding the status of an application may be obtained from the Patent

Application Information Retrieval (PAIR) system. Status information for published applications

may be obtained from either Private PAIR or Public PAIR. Status information for unpublished

applications is available through Private PAIR only. For more information about the PAIR

system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR

system, contact the Electronic Business Center (EBC) at 866-217-9197 (toil free).


Kwang B. Yao
Primary Examiner
(571) 272-3182

MARK J. REINHART
SPRE-AU 3992
CENTRAL REEXAMINATION UNIT

Conferee


Conferee